JACK P. DICANIO (SBN 138782)
MICHAEL C. MINAHAN (SBN 311873)
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
525 University Avenue
Palo Alto, CA 94301
Telephone: (650) 470-4500
Facsimile: (650) 470-4570
Jack.DiCanio@skadden.com
Michael.Minahan@skadden.com

STEVEN C. SUNSHINE (*Pro Hac Vice*)
TARA L. REINHART (*Pro Hac Vice*)
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
1440 New York Avenue N.W.
Washington, DC 20005
Telephone: (202) 371-7000
Facsimile: (202) 661-8301
Steve.Sunshine@skadden.com
Tara.Reinhart@skadden.com

*Attorneys for Defendant*
JUNIPER NETWORKS, INC.

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 5:25-cv-00951-PCP |
| Plaintiff, | **DEFENDANT JUNIPER NETWORKS, INC.'S ANSWER TO COMPLAINT** |
| v. | |
| HEWLETT PACKARD ENTERPRISE CO. and JUNIPER NETWORKS, INC., | Judge:          P. Casey Pitts<br>Action Filed:   January 30, 2025 |
| Defendants. | |

1        <u>**ANSWER OF DEFENDANT JUNIPER NETWORKS, INC.**</u>

2        Defendant Juniper Networks, Inc. ("Juniper") by and through its undersigned counsel,

3   answers as follows the allegations of the Complaint filed on January 30, 2025 (the "Complaint"),

4   by the United States ("Plaintiff").  Except for those allegations expressly admitted herein, Juniper

5   denies each and every allegation in the Complaint.  Except as noted herein, Juniper lacks

6   knowledge or information sufficient to form a belief as to the truth of the allegations regarding

7   statements made in internal documents by Hewlett Packard Enterprise Co. ("HPE"), or any other

8   allegations regarding non-public statements, commercial plans, or intentions of companies other

9   than Juniper.  Juniper expressly denies that Plaintiff is entitled to the relief requested or any other

10  relief.  Juniper reserves the right to amend this Answer.

11                          <u>**PRELIMINARY STATEMENT**</u>

12       Plaintiff's Complaint fundamentally mischaracterizes Defendants' strategic rationale for the

13  deal and mischaracterizes the overall market dynamics for the supply of WLAN solutions.  HPE's

14  acquisition of Juniper is pro-competitive and will benefit customers.  It will allow the combined

15  company to offer a scaled and comprehensive product portfolio that better meets the networking

16  needs of its customers across a range of product categories.  It will accelerate innovation by pooling

17  the research and development talent and resources of both companies to drive innovation in a highly

18  competitive and global marketplace that features numerous prominent providers.  The combined

19  company will provide customers with innovative solutions across the entire networking stack to

20  better meet competition from a growing number of alternative providers.  Finally, the transaction

21  will stimulate competition for WLAN solutions with Cisco, a decades-long entrenched incumbent.

22  Defendants' objective is not to eliminate competition, but to *increase* it, a fact recognized by more

23  than 13 competition regulators worldwide, including the European Commission and the U.K.

24  Competition and Markets Authority, that unconditionally approved or cleared the transaction months

25  ago.

26       Contrary to Plaintiff's assertions, WLAN is not a material motivation for this transaction.

27  Defendants are large companies that offer a wide array of information technology solutions,

28  including networking, storage and compute solutions, with WLAN comprising only a small part of

                                    2

each company's business (for Juniper, only approximately 11 percent of revenue). Because WLAN is such a small part of the companies' business, the transaction is highly complementary, not harmful to competition. The acquisition combines Juniper's routing, data center switching, firewall and services businesses with HPE's compute and storage solutions (where Juniper has no presence). Combining these important lines of business is good for customers and good for competition.

And, as many industry analysts agree, the Complaint does not reflect the fundamental competitive dynamics of the Plaintiff's alleged market for enterprise-grade WLAN solutions. The objective market realities demonstrate that competition in the WLAN space is robust and that the transaction will not substantially lessen competition.

*First*, today there are more than *eight* companies besides the Defendants that provide enterprise-grade WLAN solutions in the United States, including Arista, Cisco, Extreme, Fortinet, Nile, Meter, Ruckus, and Ubiquiti. Most of them already have established networking footprints with enterprise customers of all sizes, including small- and medium-sized businesses, via other products they sell to the customers, with revenues exceeding that of Defendants'. Most are well-capitalized, with the market capitalization for some of these competitors eclipsing that of both HPE and Juniper *combined*. All of them compete aggressively, not only to supply WLAN solutions, but across the entire range of campus and branch solutions. And nearly all of these competitors have secured large U.S. customer wins in critical areas like retail, hospital or higher education – customers that the Complaint alleges rely heavily on wireless infrastructure and have complex needs and are therefore supposedly particularly harmed by this transaction.

The industry's premier market researcher, Gartner, issues an annual "Magic Quadrant for Enterprise Wired and Wireless LAN infrastructure," in which it evaluates vendors across a uniform set of criteria and provides a graphical view of the competitive positioning of each across four quadrants. Its 2024 report notes how crowded this space is. *Eight* players, including Arista, Cisco, Extreme, Fortinet, Juniper, HPE, Huawei, and Ruckus, are identified as either "Leaders" and "Visionaries" competing at the upper end of the spectrum. This is in addition to four "Niche Players" that also supply WLAN solutions and are active in the enterprise space. Merely analyzing the Magic Quadrant demonstrates how Plaintiff's Complaint misses the mark.

3

1    Similarly, the very same third-party reports by the 650 Group that Plaintiff relies on in the

2    Complaint identify each of these eight alternatives (among others) as credible providers of enterprise-

3    grade WLAN solutions, with five of them having single-digit market shares comparable to that of

4    Juniper's and each having significant strengths in the supply of WLAN solutions, as well as in

5    relevant adjacencies.

6    *Second,* the Defendants' business records and bidding data provided to Plaintiff in its

7    investigation reflect that HPE and Juniper compete head-to-head with many other WLAN providers

8    (including Cisco, Arista, Extreme, Fortinet, Nile, Meter, Ruckus, and Ubiquiti) that prompt deep

9    discounting by Defendants to secure a win.  In its Complaint, Plaintiff identified three examples of

10   HPE and Juniper competing for the same WLAN sales opportunity to support the assertion that the

11   Defendants uniquely compete head-to-head.   By no means are Plaintiff's three examples

12   representative of the competitive landscape given that Defendants each compete with many providers

13   for thousands of WLAN opportunities in the U.S. alone in any given year.

14   The nature of the competitive RFP process employed by customers, combined with the fact

15   that there are more than eight other credible enterprise-grade WLAN players besides Defendants

16   with similar features, means that bidding scenarios will continue to be intensely competitive post-

17   transaction.  During RFP processes, customers can and do play multiple competitors off each other.

18   Customers can and do invite multiple WLAN competitors into the process and then narrow the field

19   to a few final options to consider, requiring WLAN vendors to aggressively compete on price and

20   technological features, no matter who the other options may be.  In fact, this transaction will increase

21   competition: because customers always invite multiple vendors to bid, post-transaction there will be

22   more opportunities for other competitors to participate in these bidding markets.

23   *Third,* Plaintiff claims Juniper is a uniquely dynamic competitor and that Juniper's rise in

24   WLAN was "swift"—the company's alleged share grew from 1.7 percent in 2019 to 6.5 percent in

25   2021.  In other words, Juniper started as a single-digit market share competitor and remained a single-

26   digit market share competitor, in a market where there are more than nine other credible enterprise-

27   grade WLAN players.  Although Juniper was an early-mover, along with other competitors, in

28   incorporating AIOps and other innovative features into its WLAN solution, these features are now

offered by all vendors in the enterprise-grade WLAN space. Juniper has grown, but Juniper is one of many players fighting for WLAN customers in a competitive landscape defined by a singularly large competitor (Cisco) and a host of smaller competitors – none of which will be substantially disadvantaged by the consummation of the proposed merger.

Importantly, even if Juniper's WLAN business has grown modestly in recent years, others have done the same. Arista grew its share from nearly 0 percent to almost 2 percent between 2021 and 2023. Fortinet has leveraged its success in security markets to enter the WLAN space. Extreme has been an aggressive competitor in the WLAN space for years and its Chief Executive Officer has publicly stated that it will be the fastest growing networking company in 2025. Ubiquiti focuses primarily on small businesses but is expanding to serve the entire range of enterprise customers, and depending on the year and third-party report relied upon, Ubiquiti's shares in Plaintiff's alleged market are actually *higher* than Juniper's. Nile recently entered the market in 2023 with its disruptive "Networking-as-a-Service" model and has won bids with large marquee customers.

*Fourth,* the transaction will not unduly increase market concentration. Plaintiff claims the transaction is prohibitively market-concentrating while hiding the fact that Cisco commands a dominant share in WLAN and has for years. The Complaint repeatedly claims that Cisco and Defendants' combined market shares are collectively "over 70 percent" as indicative of the transaction's likely competitive harm, but it is devoid of any allegation of Defendants' individual market shares. This is deliberate. Plaintiff wants to downplay Cisco's role as the dominant player whose WLAN shares in the United States have consistently exceeded 50 percent on a standalone basis in each of the *last ten years*. Meanwhile, the Defendants' combined share of Plaintiff's alleged market is less than 25 percent: HPE's share is in the 14 to 17 percent range, and Juniper's share in the 5-7 percent range over the last three years. Moreover, there are five additional WLAN players (Ubiquiti, Ruckus, Extreme, Fortinet and Arista) whose shares are in the same ballpark as Juniper's, approximately in the 2 to 9 percent range.

Under any scenario, Defendants' combined market shares fall well below any measure of market concentration that would entitle Plaintiff to a presumption that the transaction is unlawful, including the threshold in *Philadelphia National Bank,* 374 U.S. 321, 364–65 (1963), or the 2023

Merger Guidelines.  Recognizing this, Plaintiff relies instead on HHI figures based on market shares of wireless access points – a different market than what Plaintiff alleges – to claim entitlement to a presumption under the 2023 Merger Guidelines.  But Plaintiff's concentration thresholds are artificially high due to *Cisco's longstanding and clearly dominant status,* not because the parties have a high market share or that the transaction meaningfully increases concentration in the market.

If Plaintiff's claims were to be sustained, it would have the perverse effect of further protecting the dominant incumbent.  Contrary to Plaintiff's assertions, the transaction actually *increases* competition by creating a more formidable player with the requisite breadth and scale to go toe-to-toe more effectively against Cisco.  If Plaintiff's lawsuit were to succeed, the true beneficiary would not be the customers, who will lose the benefits of a combined company, but Cisco, which will continue to have the scale needed to preserve its controlling share.

In sum, the Plaintiff's depiction of the competitive dynamics in the WLAN space does not reflect market realities, a view shared by networking industry analysts:

- "I find it vexing that the product area which is the focus of the DOJ's suit – Wireless Local Area Network (WLAN) - is intensely competitive and diverse.  The acquisition should prevail as I find this a most slender reed to oppose the completion of the deal." – **Ron Westfall, Futurum Group**.  Ron Westfall, "DOJ Blocks HPE's $14 billion Juniper Deal - A Competitive Setback or Market Win," *Futurum* (Feb. 4, 2025), https://futurumgroup.com/insights/doj-blocks-hpes-14-billion-juniper-deal-a-competitive-setback-or-market-win/.

- "The DoJ is not doing itself any favors … I could not disagree more.  I think this creates a solid and healthy dynamic between the number one company and what will be the number two company, and open doors for other networking equipment providers to get added to short lists for RFPs." – **Jim Frey, ESG.** Jim Frey, *LinkedIn* (Jan. 30, 2025), https://www.linkedin.com/posts/jimfrey1_justice-department-sues-to-block-hewlett-activity-7290847097900150785-nTfb/.

- "The DOJ complaint ignores all other aspects of this deal, including data center switching, routing, firewalls, SD-WAN, network automation.  It doesn't even mention Junos, which execs from both companies call 'the crown jewel' of Juniper.  The press release calls Juniper a 'wireless LAN vendor.'  Hilarious." – **Shamus McGillicuddy, EMA.**  Shamus McGillicuddy, *LinkedIn* (Jan. 30, 2025), https://www.linkedin.com/in/shamus-mcgillicuddy/recent-activity/comments/; *see also* Shamus McGillicuddy, "Analysis of DOJ's Opposition to HPE-Juniper Merger," *LinkedIn* (Jan. 30, 2025), https://www.linkedin.com/pulse/analysis-dojs-opposition-hpe-juniper-merger-shamus-mcgillicuddy-sx9rc/.

DEFENDANT'S ANSWER TO COMPLAINT
CASE NO. 5:25-cv-00951

- "My analysis of the market is that the DOJ's concerns about the HPE-Juniper merger are unfounded … The acquisition would bring together two players in HPE and Juniper but would not significantly reduce choice or lead to price appreciation in the market." – **Steven Dickens, HYPERframe.** Steven Dickens, "The DOJ Takes Aim at HPE's Juniper Acquisition: A Threat to Cisco's Dominance?" *HyperFrame Research*, https://hyperframeresearch.com/2025/01/31/the-doj-takes-aim-at-hpes-juniper-acquisition-a-threat-to-ciscos-dominance/ (last visited Feb. 4, 2025).

- "The DOJ missed the boat here … If HPE is able to acquire Juniper Networks, it would drive more innovation and force Cisco to stay up to date and current with regard to AI enabled networking.  I believe the HPE-Juniper deal would actually have created more competition in the networking market …"— **Patrick Shelley, CTO PKA Technologies,** Steve Burke & Gina Narcisi, "'Shocked' Partners: DOJ Lawsuit to Block HPE-Juniper Deal Boosts Cisco," *CRN* (Jan. 30, 2025), https://www.crn.com/news/networking/2025/shocked-partners-doj-lawsuit-to-block-hpe-juniper-deal-boosts-cisco.

For these reasons and others described below and to be presented at trial, Plaintiff's claims are without merit.

## SPECIFIC RESPONSES TO PLAINTIFF'S ALLEGATIONS

1.  Juniper admits that the United States of America brought this civil action to prevent HPE from acquiring Juniper.  Juniper lacks knowledge or information sufficient to form a belief as to what constitutes a "smaller, but innovative rival," and therefore denies the allegations.  Juniper admits that it offers wireless networking solutions under the Juniper Mist brand and HPE offers wireless networking solutions under the HPE Aruba brand.  Paragraph No. 1 contains legal arguments and conclusions to which no response is required.  To the extent a response is required, Juniper denies the allegations in Paragraph No. 1.

2.  Paragraph No. 2 contains legal arguments and conclusions to which no response is required.  To the extent a response is required, Juniper denies the allegations.  Juniper admits that HPE seeks to acquire Juniper for $14 billion but otherwise lacks information sufficient to form a belief as to the remaining allegations in the third sentence of Paragraph No. 2, and therefore denies the allegations.  Juniper lacks knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph No. 2, and therefore denies the allegations.

DEFENDANT'S ANSWER TO COMPLAINT
CASE NO. 5:25-cv-00951

# INTRODUCTION[1]

3.  Juniper denies the allegations in the first sentence of Paragraph No. 3, except Juniper admits that wireless networking technology is used in the modern workplace. Juniper lacks knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph No. 3, and therefore denies the allegations.

4.  Paragraph No. 4 contains subjective opinions and characterizations instead of facts, and Juniper denies the allegations on that basis. Juniper lacks knowledge or information sufficient to form a belief as to what constitutes "big business," and therefore denies the allegations in the first sentence of Paragraph No. 4. Juniper admits the allegations in the second sentence of Paragraph 4. Juniper admits the allegation in the third sentence of Paragraph No. 4 that wireless access points send and receive data via radio signals and are wired to networks through campus switches, but otherwise lacks knowledge or information sufficient to form a belief as to whether wireless networking solutions are "built around wireless access points," and therefore denies the remaining allegations in the third sentence of Paragraph No. 4. Juniper denies the allegations in the fourth, fifth, and sixth sentences of Paragraph No. 4.

5.  Paragraph No. 5 contains subjective opinions and characterizations instead of facts, and Juniper denies the allegations on that basis. Sentences one and two of Paragraph No. 5 contain legal arguments and conclusions to which no response is required. To the extent a response is required, Juniper denies the allegations. Juniper admits that technological advances over the past decade have changed how wireless networks are managed, but lacks knowledge or information sufficient to form a belief as to the remaining allegations in the third and fourth sentences of Paragraph No. 5, including what constitutes "radically" or as to Cisco and HPE's relative positions, and therefore denies the allegations, except that Juniper admits Cisco is the market leader for WLAN solutions. To the extent the third, fourth, fifth and sixth sentences of Paragraph No. 5 purport to paraphrase or refer to documents and/or statements, Juniper

---

[1] For ease of reference, Juniper's Answer replicates headings in the Complaint. Although Juniper believes no response is required to such headings, to the extent a response is required and to the extent those headings and titles could be construed to contain factual allegations, those allegations are denied.

DEFENDANT'S ANSWER TO COMPLAINT
CASE NO. 5:25-cv-00951

respectfully refers the Court to the documents and/or statements cited therein in their entirety for a complete and accurate description of their contents. Juniper denies that other competitors are "distant competitors" and denies the assertion that Juniper has "risen to challenge Cisco and HPE" to the extent the allegations in the fifth sentence of Paragraph No. 5 purport to characterize the actions of the numerous vendors that compete to provide wireless access points today. Juniper admits that it offers a portfolio of wireless access points and network management system, but lacks knowledge or information sufficient to form a belief as to what constitutes "third-largest," "advanced" and "sophisticated," and therefore denies the allegations in the sixth sentence of Paragraph No. 5. Juniper admits it competes against Cisco and HPE, as well as several other vendors, but lacks knowledge or information sufficient to form a belief as to what constitutes "aggressively" or "in several distinct customer segments and industries," and therefore denies the allegation in the final sentence of Paragraph No. 5.

6. Paragraph No. 6 contains subjective opinions and characterizations instead of facts, and Juniper denies the allegations on that basis. Juniper lacks knowledge or information sufficient to form a belief as to what constitutes "swift" and as to the term "enterprise-grade WLAN solutions" which is not a term commonly used in the industry, and therefore denies the first sentence of Paragraph No. 6. Juniper admits the second sentence of Paragraph No. 6. Juniper denies the third and fourth sentences of Paragraph No. 6. To the extent the fifth sentence of Paragraph No. 6 purports to cite or refer to HPE documents and/or statements, Juniper lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding statements made in internal documents by HPE, and therefore denies the allegations. To the extent the sixth sentence of Paragraph No. 6 purports to cite Juniper's documents and/or statements, Juniper respectfully refers the Court to the documents and/or statements in their entirety for a complete and accurate description of their contents.

7. Juniper admits that AIOps tools can include conversational virtual assistants that proactively search for network misconfigurations and other issues before they cause network outages. Juniper lacks knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph No. 7, and therefore denies the allegations.

DEFENDANT'S ANSWER TO COMPLAINT
CASE NO. 5:25-cv-00951

8.  Juniper lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph No. 8, and therefore denies the allegations.  To the extent the second sentence purports to quote or refer to HPE documents and/or statements, Juniper lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding statements made in internal documents by HPE, and therefore denies the allegations.

9.  To the extent the allegations in Paragraph No. 9 purport to quote or refer to HPE documents and/or statements, Juniper lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding statements made in internal documents by HPE, and therefore denies the allegations.  Juniper lacks knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph No. 9, and therefore denies the allegations.

10. To the extent the allegations in Paragraph No. 10 purport to quote or refer to HPE documents and/or statements, Juniper lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding statements made in internal documents by HPE, and therefore denies the allegations.  Juniper lacks knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph No. 10, and therefore denies the allegations.

11. Juniper denies the first sentence of Paragraph No. 11.  To the extent the second sentence purports to quote or refer to Juniper documents and/or statements, Juniper respectfully refers the Court to the documents and/or statements in their entirety for a complete and accurate description of their contents.  To the extent the third and fourth sentences purport to quote or refer to HPE documents and/or statements, Juniper lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding statements made in internal documents by HPE, and therefore denies the allegations.

12. Paragraph No. 12 contains legal arguments and conclusions to which no response is required.  To the extent a response is required, Juniper denies the allegations.  To the extent the allegations in Paragraph No. 12 purport to quote or refer to HPE documents and/or statements, Juniper lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding statements made in internal documents by HPE, and therefore denies the allegations.  To the extent the third sentence purports to quote or refer to Juniper documents

and/or statements, Juniper respectfully refers the Court to the documents and/or statements in their entirety for a complete and accurate description of their contents.  Juniper denies the remaining allegations.

## BACKGROUND ON WIRELESS LOCAL AREA NETWORKING

**A.  Enterprise Wireless Solutions**

13. Admitted.

14. Juniper admits the first, second and third sentences of Paragraph No. 14.  The fourth sentence of Paragraph No. 14 contains legal arguments and conclusions to which no response is required.  To the extent a response is required, Juniper denies the allegations.

15. Juniper lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph No. 15, and therefore denies the allegations.

16. Juniper admits that the wireless access points in its Mist portfolio are built to be cloud-managed, but lacks knowledge or information sufficient to form a belief as to HPE, and therefore denies the allegation.  Juniper lacks knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph No. 16, and therefore denies the allegations.

17. Juniper admits the fourth sentence of Paragraph 17.  To the extent the fifth sentence of Paragraph No. 17 purports to cite Juniper documents and/or statements, Juniper respectfully refers the Court to the documents and/or statements cited therein in their entirety for a complete and accurate description of their contents.  Juniper lacks knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph No. 17, and therefore denies the allegations.

18. Juniper lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph No. 18, and therefore denies the allegations.

19. Paragraph No. 19 contains subjective opinions and characterizations instead of facts, and Juniper denies the allegations on that basis.  Juniper admits that wireless access point vendors launch new generations of wireless hardware, but otherwise lacks knowledge or information sufficient to form a belief as to what constitutes "more frequently" or the remaining allegations in the first sentence of Paragraph No. 19, and therefore denies the allegations.  Juniper lacks

knowledge or information sufficient to form a belief as to the allegations in the second sentence of Paragraph No. 19, and therefore denies the allegations.  Juniper admits that enterprise customers will solicit quotes from multiple vendors, but otherwise lacks knowledge or information sufficient to form a belief as to the allegations in the third sentence of Paragraph No. 19, and therefore denies the allegations.

20. Juniper lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph No. 20, and therefore denies the allegations, except that Juniper admits that some enterprises use value-added resellers to source networking equipment.

21. Juniper admits that some enterprises issue formal requests for proposals seeking bids from wireless networking vendors.  Juniper lacks knowledge or information sufficient to form a belief as to the second sentence of Paragraph No. 21, and therefore denies the allegations.

22. Juniper lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph No. 22, and therefore denies the allegations.

23. Juniper lacks knowledge or information sufficient to form a belief as to what constitutes "typically" and therefore denies the allegations in the first sentence as it relates to Juniper. Juniper lacks knowledge or information sufficient to form a belief as to HPE or other vendors, and therefore denies the allegation in the first sentence of Paragraph No. 23.  Juniper lacks knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph No. 23, and therefore denies the allegations.

**B.  HPE and Juniper are Leading Providers of Enterprise-Grade WLAN Solutions**

24. Juniper lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph No. 24, and therefore denies the allegations.

25. Juniper admits that it is headquartered in Sunnyvale, California and offers a range of networking products, including wireless access points, wired switches, and network management software under the Mist brand.  Juniper lacks knowledge or information sufficient to form a belief as to what constitutes a "substantial" portion of Juniper's total U.S. campus networking sales, and therefore denies the allegations in the second sentence of Paragraph No. 25. The remaining allegations of Paragraph No. 25 contains legal arguments and conclusions

1  to which no response is required.  To the extent a response is required, Juniper denies the

2  allegations.

3  26. Paragraph No. 26 contains legal arguments and conclusions to which no response is required.

4  To the extent a response is required, Juniper denies the allegations.  Juniper admits that Cisco

5  is by far the largest vendor and is more than twice as large as the next largest competitor.  To

6  the extent the third and fourth sentences of Paragraph No. 26 purport to quote or refer to HPE

7  documents and/or statements, Juniper lacks knowledge or information sufficient to form a

8  belief as to the truth of the allegations regarding statements made in internal documents by

9  HPE, and therefore denies the allegations.  Juniper lacks knowledge or information sufficient

10  to form a belief as to the remaining allegations, and therefore denies the allegations in

11  Paragraph No. 26 on that basis.

12  27. Paragraph No. 27 contains subjective opinions and characterizations instead of facts, and

13  Juniper denies the allegations on that basis.  Juniper admits the second sentence of Paragraph

14  No. 27 as to itself.  Juniper lacks knowledge or information sufficient to form a belief as to

15  what constitutes an "experienced" sales force, a "well developed" distribution channel, or a

16  "track record," and on that basis denies the allegations in the third sentence of Paragraph No.

17  27 as to itself.  Juniper lacks knowledge or information sufficient to form a belief as to HPE,

18  and therefore denies the allegations in the second and third sentence of Paragraph No. 27 as to

19  HPE.  Juniper denies the remaining allegations.

20  **C.  Some WLAN Vendors Face Headwinds Competing for Large Enterprise Customers**

21  28. Juniper lacks knowledge or information sufficient to form a belief as to the allegations in

22  Paragraph No. 28, and therefore denies the allegations.  Juniper denies the final sentence of

23  Paragraph No. 28.

24  29. Juniper lacks knowledge or information sufficient to form a belief as to the allegations in

25  Paragraph No. 29, and therefore denies the allegations.

26  30. Paragraph No. 30 contains subjective opinions and characterizations instead of facts, and

27  Juniper denies the allegations on that basis.  Juniper denies the first sentence of Paragraph No.

28  30 except that it admits that there are many enterprise-grade WLAN vendors in the market

1    today.  Juniper lacks knowledge or information sufficient to form a belief as to the remaining

2    allegations in Paragraph No. 30, and therefore denies the allegations.

3    **THE RELEVANT MARKET FOR EVALUATING THE PROPOSED MERGER**

4    31. Paragraph No. 31 contains legal arguments and conclusions to which no response is required.

5    To the extent a response is required, Juniper denies the allegations in Paragraph No. 31.

6    32. Paragraph No. 32 contains legal arguments and conclusions to which no response is required.

7    To the extent a response is required, Juniper denies the allegations in Paragraph No. 32.

8    33. Paragraph No. 33 contains legal arguments and conclusions to which no response is required.

9    To the extent a response is required, Juniper denies the allegations in Paragraph No. 33.

10   **D.  Product Market**

11   34. Paragraph No. 34 contains legal arguments and conclusions to which no response is required.

12   To the extent a response is required, Juniper denies the allegations in Paragraph No. 34.

13   35. Paragraph No. 35 contains legal arguments and conclusions to which no response is required.

14   To the extent a response is required, Juniper denies the allegations in Paragraph No. 35.

15   36. Paragraph No. 36 contains legal arguments and conclusions to which no response is required.

16   To the extent a response is required, Juniper denies the allegations in Paragraph No. 36.

17   37. Paragraph No. 37 contains legal arguments and conclusions to which no response is required.

18   To the extent a response is required, Juniper denies the allegations in Paragraph No. 37.

19   38. Paragraph No. 38 contains legal arguments and conclusions to which no response is required.

20   To the extent a response is required, Juniper denies the allegations in Paragraph No. 38.

21   **E.  Geographic Market**

22   39. Paragraph No. 39 contains legal arguments and conclusions to which no response is required.

23   To the extent a response is required, Juniper denies the allegations in Paragraph No. 39. Juniper

24   admits that certain Chinese vendors, including Huawei, have been identified as potential

25   security threats by the U.S. government.  Juniper denies the remaining allegations in Paragraph

26   39.

27   **HPE'S ACQUISITION OF JUNIPER IS PRESUMPTIVELY UNLAWFUL AND
     THREATENS COMPETITION IN VIOLATION OF THE CLAYTON ACT**

28

DEFENDANT'S ANSWER TO COMPLAINT
CASE NO. 5:25-cv-00951

**A.  The Proposed Acquisition is Presumptively Unlawful**

40. Paragraph No. 40 contains legal arguments and conclusions to which no response is required. To the extent a response is required, Juniper denies the allegations in Paragraph No. 40.

41. Paragraph No. 41 contains legal arguments and conclusions to which no response is required. To the extent a response is required, Juniper denies the allegations in Paragraph No. 41.

42. Paragraph No. 42 contains legal arguments and conclusions to which no response is required. To the extent a response is required, Juniper denies the allegations in Paragraph No. 42.

43. Paragraph No. 43 contains legal arguments and conclusions to which no response is required. To the extent a response is required, Juniper denies the allegations in Paragraph No. 43.

**B.  The Merger Threatens Higher Prices and Less Innovation By Eliminating Fierce Head-to-Head Competition Between Defendants**

44. Paragraph No. 44 contains subjective opinions and characterizations instead of facts, and Juniper denies the allegations on that basis.  Juniper lacks knowledge or information sufficient to form a belief as to what "compete fiercely" means, and therefore Juniper denies the allegations in the first sentence of Paragraph No. 44, except Juniper admits that it competes with HPE, among many others, to win business.  To the extent the allegations in Paragraph No. 44 purport to quote or refer to HPE documents and/or statements, Juniper lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding statements made in internal documents by HPE, and therefore denies the allegations.  To the extent Paragraph No. 44 purports to quote or refer to Juniper documents and/or statements, Juniper respectfully refers the Court to the documents and/or statements cited therein in their entirety for a complete and accurate description of their contents.  Juniper lacks knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph No. 44, and therefore denies the allegations.

45. To the extent the allegations in Paragraph No. 45 purport to quote or refer to HPE documents and/or statements, Juniper lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding statements made in internal documents by HPE, and therefore

DEFENDANT'S ANSWER TO COMPLAINT
CASE NO. 5:25-cv-00951

1    denies the allegations.  Juniper lacks knowledge or information sufficient to form a belief as

2    to the remaining allegations in Paragraph No. 45, and therefore denies the allegations.

3    46. To the extent the allegations in Paragraph No. 46 purport to quote or refer to HPE documents

4    and/or statements, Juniper lacks knowledge or information sufficient to form a belief as to the

5    truth of the allegations regarding statements made in internal documents by HPE, and therefore

6    denies the allegations.  Juniper lacks knowledge or information sufficient to form a belief as

7    to the remaining allegations in Paragraph No. 46, and therefore denies the allegations.

8    47. Juniper lacks knowledge or information sufficient to form a belief as to the allegations in the

9    first sentence of Paragraph No. 47, and therefore denies the allegations, except that Juniper

10   admits that competitors have innovated their network management software.  To the extent the

11   allegations in Paragraph No. 47 purport to quote or refer to HPE documents and/or statements,

12   Juniper lacks knowledge or information sufficient to form a belief as to the truth of the

13   allegations regarding statements made in internal documents by HPE, and therefore denies the

14   allegations.  Juniper lacks knowledge or information sufficient to form a belief as to the

15   remaining allegations in Paragraph No. 47, and therefore denies the allegations.

16   48. Paragraph No. 48 contains subjective opinions and characterizations instead of facts, and

17   Juniper denies the allegations on that basis.  Juniper lacks knowledge or information sufficient

18   to form a belief as to the allegations in the first sentence of Paragraph No. 48, and therefore

19   denies the allegations.  The second sentence of Paragraph No. 48 contains legal arguments and

20   conclusions to which no response is required.  To the extent a response is required, Juniper

21   lacks knowledge or information sufficient to form a belief as to the allegations in the second

22   sentence of Paragraph No. 48, and therefore denies the allegations.  The third sentence of

23   Paragraph No. 48 contains legal arguments and conclusions to which no response is required.

24   To the extent a response is required, Juniper denies the allegations.

25   **C.  The Proposed Merger Would Facilitate Coordination Among the Remaining
     Enterprise-Grade WLAN Vendors**

26

27   49. Paragraph No. 49 contains legal arguments and conclusions to which no response is required.

28   To the extent a response is required, Juniper denies the allegations.  Juniper lacks knowledge

16

1  or information sufficient to form a belief as to the remaining allegations in Paragraph No. 49,

2  and therefore denies the allegations.

3  50. Paragraph No. 50 contains legal arguments and conclusions to which no response is required.

4  To the extent a response is required, Juniper denies the allegations.  Juniper lacks knowledge

5  or information sufficient to form a belief as to the allegations in the first sentence of Paragraph

6  No. 50, and therefore denies the allegations.  To the extent the allegations in the second and

7  third sentences of Paragraph No. 50 purport to quote or refer to HPE documents and/or

8  statements, Juniper lacks knowledge or information sufficient to form a belief as to the truth

9  of the allegations regarding statements made in internal documents by HPE, and therefore

10  denies the allegations.

11  51. Paragraph No. 51 contains legal arguments and conclusions to which no response is required.

12  To the extent a response is required, Juniper denies the allegations.

13  **<u>NOTHING OFFSETS THE MERGER'S THREATS TO COMPETITION</u>**

14  52. Paragraph No. 52 contains legal arguments and conclusions to which no response is required.

15  To the extent a response is required, Juniper denies the allegations.  Juniper lacks knowledge

16  or information sufficient to form a belief as to the remaining allegations in Paragraph No. 52,

17  and therefore denies the allegations.

18  53. Juniper lacks knowledge or information sufficient to form a belief as to the allegations in the

19  first sentence of Paragraph No. 53, and therefore denies the allegations.  To the extent the

20  second sentence of Paragraph No. 53 purports to quote or refer to documents and/or statements,

21  Juniper respectfully refers the Court to the documents and/or statements cited therein in their

22  entirety for a complete and accurate description of their contents, otherwise Juniper denies that

23  vendors need to build a portfolio of complementary components to compete.  To the extent the

24  allegations in final sentence of Paragraph No. 53 purport to quote or refer to HPE documents

25  and/or statements, Juniper lacks knowledge or information sufficient to form a belief as to the

26  truth of the allegations regarding statements made in internal documents by HPE, and therefore

27  denies the allegations.

28

DEFENDANT'S ANSWER TO COMPLAINT
CASE NO. 5:25-cv-00951

54. Paragraph No. 54 contains legal arguments and conclusions to which no response is required. To the extent a response is required, Juniper denies the allegations. Paragraph No. 54 contains subjective opinions and characterizations instead of facts, and Juniper denies the allegations on that basis.

55. Juniper admits that the proposed acquisition would generate synergies. To the extent that Paragraph No. 55 purports to quote or refer to documents and/or statements, Juniper respectfully refers the Court to the documents and/or statements cited therein in their entirety for a complete and accurate description of their contents. To the extent the allegations in the first or second sentence of Paragraph No. 55 purport to quote or refer to HPE documents and/or statements, Juniper lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding statements made in internal documents by HPE, and therefore denies the allegations. Juniper lacks knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph No. 55, and therefore denies the allegations. The final sentence of Paragraph No. 55 contains legal arguments and conclusions to which no response is required. To the extent a response is required, Juniper denies the allegations.

## JURISDICTION AND VENUE

56. The allegations in Paragraph No. 56 are legal conclusions and therefore do not require a response. However, Juniper does not contest that the Court has subject-matter jurisdiction over this dispute and on that basis admits that the Court has jurisdiction in this matter, but Juniper denies that HPE's acquisition of Juniper violates Section 7 of the Clayton Act.

57. The allegations in the first sentence of Paragraph No. 57 are legal conclusions and therefore do not require a response. Juniper does not contest that the Court has jurisdiction in this matter. Juniper lacks knowledge or information sufficient to form a belief as to what constitutes "enterprise-grade WLAN solutions," and therefore denies the allegations in the second sentence of Paragraph No. 57.

58. The allegations in the first sentence of Paragraph No. 58 are legal conclusions and therefore do not require a response. However, Juniper does not contest that the Court has personal jurisdiction as to Juniper and on that basis admits the allegations in the first sentence of

1  Paragraph No. 58 to the extent they are directed at Juniper. Juniper admits that Juniper
2  transacts business within this district. Juniper admits that Juniper is headquartered in
3  Sunnyvale, California. Juniper admits that many executives responsible for managing
4  Juniper's networking business live and work in the San Francisco Bay Area. Juniper lacks
5  knowledge or information sufficient to form a belief as to the truth of the remaining allegations
6  in Paragraph No. 58, and therefore denies the allegations.

7  59. The allegations in Paragraph No. 59 are legal conclusions and therefore do not require a
8  response. However, Juniper does not contest that venue is proper in this district and on that
9  basis admits the allegations in Paragraph No. 59 to the extent they are directed to Juniper.

10  **DIVISIONAL ASSIGNMENT**

11  60. The allegations in Paragraph No. 60 are legal conclusions and therefore do not require
12  response. However, Juniper does not contest that the current assignment to the San Jose
13  Division is proper.

14  **VIOLATIONS ALLEGED**

15  61. Paragraph No. 61 contains legal arguments and conclusions to which no response is required.
16  To the extent a response is required, Juniper denies the allegations.

17  62. Paragraph No. 62 contains legal arguments and conclusions to which no response is required.
18  To the extent a response is required, Juniper denies the allegations.

19  **REQUEST FOR RELIEF**

20  63. The allegations in Paragraph No. 63 are requests for relief to which no response is required.
21  To the extent that a response is required, Juniper denies these allegations and requests that
22  Juniper be awarded the costs incurred in defending this action, and any and all other relief as
23  the Court may deem just and proper.

24  **DEFENSES**

25  The inclusion of any defense within this section does not constitute an admission that
26  Juniper bears the burden of proof on each or any of the issues, nor does it excuse the DOJ from
27  establishing each element of its purported claims.

28

### First Defense

The Complaint fails to state a claim on which relief can be granted.

### Second Defense

Granting the relief requested in the Complaint is contrary to the public interest.

### Third Defense

The Complaint fails to adequately allege any relevant antitrust product market or relevant antitrust geographic market.

### Fourth Defense

The Complaint fails to allege undue share in any plausibly defined relevant market.

### Fifth Defense

The procompetitive benefits of the transaction substantially outweigh any alleged anticompetitive effects.

### Sixth Defense

Customers have a variety of tools and options to ensure that they receive competitive pricing and terms.

### Seventh Defense

There will be no harm to competition, consumers, or consumer welfare because there is, and will continue to be, entry and expansion by competitors, which is timely, likely, and sufficient.

### Additional Defenses

Juniper reserves the right to assert and rely upon any defenses that may become available or known to Juniper throughout the course of this action, and to amend, or seek to amend, its answer or defenses.

Dated: February 10, 2025        SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

By:                   */s/ Jack P. DiCanio*

JACK P. DICANIO (SBN 138782)
MICHAEL C. MINAHAN (SBN 311873)
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
525 University Avenue
Palo Alto, CA 94301
Telephone:(650) 470-4500
Facsimile: (650) 470-4570
Jack.DiCanio@skadden.com
Michael.Minahan@skadden.com

STEVEN C. SUNSHINE (*Pro Hac Vice*)
TARA L. REINHART (*Pro Hac Vice*)
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
1440 New York Avenue N.W.
Washington, DC 20005
Telephone:(202) 371-7000
Facsimile: (202) 661-8301
Steve.Sunshine@skadden.com
Tara.Reinhart@skadden.com

*Attorneys for Defendant*
JUNIPER NETWORKS, INC.

DEFENDANT'S ANSWER TO COMPLAINT
CASE NO. 5:25-cv-00951