1  JUSTINA K. SESSIONS (Bar No. 270914)
   FRESHFIELDS US LLP
2  855 Main St
   Redwood City, CA 94063
3  Telephone: (650) 618-9250
   justina.sessions@freshfields.com
4

5  JULIE S. ELMER (*pro hac vice*)
   ERIC MAHR (*pro hac vice*)
6  JENN MELLOTT (*pro hac vice*)
   FRESHFIELDS US LLP
7  700 13th St NW
   Washington, DC 20005
8  Telephone: (202) 777-4500
   julie.elmer@freshfields.com
9  eric.mahr@freshfields.com
   jennifer.mellott@freshfields.com
10

11 *Attorneys for Defendant*
   HEWLETT PACKARD ENTERPRISE CO.
12
   [Additional counsel listed on signature page]
13

   JACK P. DICANIO (SBN 138782)
   MICHAEL C. MINAHAN (SBN 311873)
   SKADDEN, ARPS, SLATE, MEAGHER &
   FLOM LLP
   525 University Avenue
   Palo Alto, CA 94301
   Telephone: (650) 470-4500
   Facsimile: (650) 470-4570
   Jack.DiCanio@skadden.com
   Michael.Minahan@skadden.com

   STEVEN C. SUNSHINE (*pro hac vice*)
   TARA L. REINHART (*pro hac vice*)
   SKADDEN, ARPS, SLATE, MEAGHER &
   FLOM LLP
   1440 New York Avenue N.W.
   Washington, DC 20005
   Telephone: (202) 371-7000
   Facsimile: (202) 661-8301
   Steve.Sunshine@skadden.com
   Tara.Reinhart@skadden.com

   *Attorneys for Defendant*
   JUNIPER NETWORKS, INC.

14

15                    **UNITED STATES DISTRICT COURT**
                      **NORTHERN DISTRICT OF CALIFORNIA**
16                          **SAN JOSE DIVISION**

17

18  UNITED STATES OF AMERICA,                    CASE NO. 5:25-cv-00951-PCP

19                       Plaintiff,              **DEFENDANTS' ADMINISTRATIVE**
                                                 **MOTION FOR AN EXPEDITED CASE**
20          v.                                   **MANAGEMENT CONFERENCE**

21  HEWLETT PACKARD ENTERPRISE CO.               Judge:          P. Casey Pitts
    and JUNIPER NETWORKS, INC.,                  Action Filed:   January 30, 2025
22
                         Defendants.
23

24

25

26

27

28

1    Pursuant to Civil Local Rule 7-11, the Hewlett Packard Enterprises Company ("HPE") and

2  Juniper Networks, Inc. ("Juniper") (collectively, "Defendants") respectfully request that the Court

3  convene a case management conference this week or at the Court's earliest opportunity to address

4  the trial schedule.  The Antitrust Division of the United States Department of Justice ("DOJ") is

5  seeking to block HPE's acquisition of Juniper, a deal that was signed in January 2024, and that

6  DOJ investigated for over 12 months before filing this lawsuit.

7    Litigations challenging mergers and acquisitions typically unfold on an expedited schedule

8  compared with other federal civil actions, *see, e.g*., 15 U.S.C. § 25 (providing that in an injunctive

9  action under Section 7 of the Clayton Act, "the court shall proceed, as soon as may be, to the

10  hearing and determination of the case"), because the intervening time pending a court decision can

11  cause significant disruption and financial uncertainty for the merging companies.  The Parties are

12  at impasse over the schedule in this case, which is driven by the proposed trial date.  The clerk has

13  set an initial case management conference for May 1, 2025.  (Dkt. 28.)  Defendants, however, seek

14  a case management conference as soon as possible so that the Court may order a schedule

15  consistent with past merger litigation timelines.  Defendants requested that DOJ join a motion for

16  an expedited case management conference, but DOJ did not join, describing it as "premature."

17    The Parties have vastly different views regarding the time needed to prepare for trial in this

18  matter and the exigencies facing the companies resulting from continued delay of their merger.

19  Consistent with traditional expedited schedules followed in other merger challenges, Defendants

20  have proposed a June 16, 2025 trial date.  DOJ, on the other hand, seeks to delay the trial and

21  initially proposed an October 27, 2025 trial date, three weeks *after* the companies' January 2024

22  merger agreement is set to terminate.  In other words, DOJ chose a start date knowing that the

23  merits of DOJ's case could not be heard and this Court could not render a decision before the

24  merger agreement ends.  After Defendants objected and reminded DOJ of the exigencies associated

25  with closing the transaction and the difficulties of re-negotiating a $14 billion transaction, DOJ

26  proposed a trial date of September 8, 2025. Such a prolonged case schedule is unnecessary and is

27  out of the norm for merger litigations, and it would needlessly push the parties and the Court

28  against the termination date in the agreement.  DOJ's apparent strategy is to delay trial as long as

2

1    possible in the hopes that Defendants will abandon their deal.  Accordingly, Defendants request

2    that the Court promptly set a case management conference to address the trial schedule.

3                                               **BACKGROUND**

4        HPE and Juniper announced their transaction on January 9, 2024.  The companies began

5    engaging with DOJ that month, including an in-person presentation to DOJ staff.  On March 1,

6    2024, the companies filed the required notification under the Hart-Scott Rodino Act ("HSR Act").

7    On April 1, 2024, DOJ issued a Request for Additional Information, colloquially called a "Second

8    Request," to both companies.  The companies promptly complied with the Second Request by

9    August 1, 2024, collectively producing to DOJ over 1.7 million documents, in addition to large

10   quantities of data and written submissions.  DOJ then took depositions of six executives.

11       The companies also accommodated multiple extensions to facilitate DOJ's investigation.

12   After substantially complying with DOJ's Second Request on August 1, 2024, the companies were

13   subject to a statutory waiting period under the HSR Act that would prohibit them from closing the

14   transaction for 30 days.  The companies agreed to give DOJ 75 days for its investigation, pushing

15   the date by which DOJ would need to sue to block the transaction to October 15, 2024.  At DOJ's

16   request, the companies agreed to further extensions to October 31, November 12, November 21,

17   and finally, January 30, 2025, 151 days after the original deadline by which DOJ would have been

18   required to bring a lawsuit.  On January 30, 2025, after waiting until after the new Administration's

19   acting appointees were installed at the Antitrust Division, DOJ filed this action.

20       Defendants have pushed to accelerate the schedule since they were informed DOJ was

21   filing a complaint.  On January 30, when DOJ informed counsel for the Defendants of the

22   imminent filing of a Complaint, counsel for Defendants emphasized the need to agree to an early

23   trial date and get the schedule adopted by the Court.  Defendants promptly provided a draft

24   protective order and draft case management statement for DOJ's consideration on January 31,

25   2025, the day after the filing of the Complaint.  (Declaration of Julie Elmer in Support of

26   Defendants' Administrative Motion for an Expedited Case Management Conference ("Elmer

27   Decl."), Ex. A.)  Defendants also requested that DOJ begin the process necessary for production of

28   its investigative file (*e.g.*, any document or data productions or depositions of third parties that

3

1    provided information during DOJ's investigation).  Merger litigations unfold asymmetrically:  from

2    day one, DOJ possesses a massive "discovery" record generated during its investigation, while

3    defendants have only their own materials.  Until Defendants receive DOJ's investigation materials

4    received from third parties, Defendants are litigating at a significant disadvantage.

5        On February 3, 2025, DOJ sent its own draft protective order and case management

6    statement.  (Elmer Decl., Ex. B.).  While Defendants proposed that the case proceed to trial on June

7    16, 2025, DOJ proposed a trial date of October 27, 2025.  (Elmer Decl., Exs. A, B and C.)  As DOJ

8    was aware, pursuant to the Defendant's merger agreement, the termination date—the date at which

9    point the merger agreement will terminate if regulatory approvals have not been secured—is

10   October 9, 2025.  DOJ's initial proposed trial date was nearly three weeks after that date.

11       DOJ and counsel for the Defendants have met and conferred three times about a proposed

12   trial date.  Counsel for Defendants have made clear that their proposed trial start date was well-

13   thought-out, noting that the time for pre-trial activities was in line with prior merger litigation

14   schedules and that a June trial enabled sufficient time for the Court to make a decision and issue an

15   opinion before October 9.  On February 7, Defendants informed DOJ that they were prepared to

16   seek an expedited case management conference on February 10, and asked DOJ to join a motion.

17   DOJ said that such motion was "premature."  Later that day, DOJ asked why the October 9 merger

18   agreement termination date is "immovable."  (Elmer Decl., Ex. D.)  Defendants explained that, as

19   the DOJ is well aware, the termination date cannot be easily moved in a heavily negotiated and

20   long-delayed transaction of this magnitude.  (Elmer Decl., Ex. E.)  On February 10, Defendants

21   notified DOJ of their intention to move for an early case management conference and again asked

22   DOJ to join (Elmer Decl., Ex. F).  On February 11, DOJ acknowledged the need for an early case

23   management conference but again said the motion was "premature." (Elmer Decl., Ex. G).

24                                    **ARGUMENT**

25       It is well-established that merger challenges are tried on expedited litigation schedules.  15

26   U.S.C. § 25; *see also United States v. US Airways Grp.*, 979 F. Supp. 2d 33, 35 (D.D.C. 2013)

27   ("[B]ecause of the need for the prompt resolution of this matter, the Court has set an expedited

28   discovery and trial schedule.").  Defendants thus proposed a trial start date of June 16, 2025, 137

                                         4

1  days following the Complaint, consistent with the time from complaint to trial of other recent DOJ

2  merger challenges.  *See, e.g.*, *United States v. AT&T, Inc.*, No. 17-cv-02511-RJL (D.D.C.) (122

3  days); *United States v. United States Sugar Corp.*, No. 21-cv-01644-MN (D. Del.) (146 days).

4  Indeed, Defendants' proposed schedule is *longer* than prior DOJ merger litigations schedules.  *See,*

5  *e.g., United States v. Oracle Corp.,* No. 04-cv-00807 (N.D. Cal.) (102 days).  Parties to merger

6  challenges undertake fact and expert discovery and provide pre-trial briefing in a period of months,

7  shortening the default federal rules intervals for various pre-trial activities and foregoing other

8  activities (e.g., motions practice).  Countless companies have embraced these expedited schedules,

9  even though DOJ enjoys a significant litigation advantage due to its pre-complaint discovery.

10      DOJ's proposal ignored its own past schedules and disregarded the termination date under

11  the parties' merger agreement.  But courts in this circuit have previously expedited case schedules

12  to accommodate termination dates "[b]ecause undue delay could force the parties to abandon the

13  proposed merger." *Fed. Trade Comm'nv. Warner Commc'ns Inc.*, 742 F.2d 1156, 1165 (9th Cir.

14  1984); *see also Fed. Trade Comm'n v. Microsoft Corp.*, 681 F.Supp.3d 1069, 1083 (N.D. Cal.

15  2023) (noting "action proceeded on an expedited basis given the Agreement's impending

16  termination date.").  DOJ's new offer of a September 8 trial date remains untenable because it

17  continues to unnecessarily run up against the termination date.  It would also force the Court to

18  decide the fate of this $14 billion merger in under three weeks, which is unnecessary when the

19  schedule can be expedited to provide the Court with sufficient time for its decision.

20      DOJ's delay is harming Defendants and the marketplace.  The uncertainty that hangs over

21  transactions during a merger challenge threatens the loss of employees and customer contracts.  It

22  also adds unnecessary costs, and the merger parties are unable to realize the synergies and

23  efficiencies that caused them to merge in the first place.  Similarly, the marketplace is being

24  deprived of the procompetitive benefits of this merger: here, a stronger rival better positioned to

25  drive innovation and challenge Cisco's entrenched position and to compete globally with Huawei.

26      Accordingly, Defendants respectfully request that the Court convene a case management

27  conference at the earliest possible date to address the trial schedule.

28

ADMINISTRATIVE MOTION FOR EXPEDITED CASE MANAGEMENT CONFERENCE
CASE NO. 5:25-cv-00951

1

DATED:  February 11, 2025

2

By: */s/ Julie S. Elmer*                          By: */s/ Jack P. DiCanio*
Julie S. Elmer                                           Jack P. DiCanio

3

*Attorney for Defendant*                        *Attorney for Defendant*
HEWLETT PACKARD ENTERPRISE CO.    JUNIPER NETWORKS, INC.

4

5

JULIE S. ELMER (*pro hac vice*)            JACK P. DICANIO (SBN 138782)
ERIC MAHR (*pro hac vice*)                   MICHAEL C. MINAHAN (SBN 311873)

6

JENN MELLOTT (*pro hac vice*)            SKADDEN, ARPS, SLATE, MEAGHER &
FRESHFIELDS US LLP                            FLOM LLP

7

700 13th St NW                                       525 University Avenue
Washington, DC 20005                            Palo Alto, CA 94301

8

Telephone: (202) 777-4500                      Telephone: (650) 470-4500
julie.elmer@freshfields.com                      Facsimile: (650) 470-4570

9

eric.mahr@freshfields.com                        Jack.DiCanio@skadden.com
jennifer.mellott@freshfields.com              Michael.Minahan@skadden.com

10

11

JUSTINA K. SESSIONS (Bar No. 270914)    STEVEN C. SUNSHINE (*pro hac vice*)
FRESHFIELDS US LLP                            TARA L. REINHART (*pro hac vice)*

12

855 Main St                                             SKADDEN, ARPS, SLATE, MEAGHER &
Redwood City, CA 94063                        FLOM LLP

13

Telephone: (650) 618-9250                      1440 New York Avenue N.W.
justina.sessions@freshfields.com              Washington, DC 20005

14

Telephone: (202) 371-7000
Facsimile: (202) 661-8301
Steve.Sunshine@skadden.com

15

*Attorneys for Defendant*                        Tara.Reinhart@skadden.com
HEWLETT PACKARD ENTERPRISE CO.

16

*Attorneys for Defendant*
JUNIPER NETWORKS, INC.

17

18

19

20

21

22

23

24

25

26

27

28

6

1

**ATTESTATION PURSUANT TO CIVIL LOCAL RULE 5-1(i)(3)**

2        I, Julie S. Elmer, am the ECF user whose identification and password are being used to

3  file Defendants' Administrative Motion for an Expedited Case Management Conference. In

4  compliance with Local Rule 5-1(i)(3), I hereby attest that all signatories hereto concur in this

5  filing.

6                                */s/ Julie S. Elmer*

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28