# **EXHIBIT A**

| | |
|---|---|
| **From:** | MELLOTT, Jenn (JEM) |
| **Sent:** | Friday, January 31, 2025 9:57 PM |
| **To:** | michael.freeman@usdoj.gov; Jeremy Goldstein (Jeremy.Goldstein@usdoj.gov) |
| **Cc:** | ELMER, Julie (JSE); steve.sunshine@skadden.com; Tara Reinhart; Ryan Travers |
| **Subject:** | US v. HPE/Juniper |
| **Attachments:** | 2025.01.31 Letter to Freeman and Goldstein.pdf; 2025.01.31 HPE-Juniper - Proposed Joint Case Management Statement - Draft.docx; 2025.01.31 HPE-Juniper - Proposed Protective Order and Order Governing Production of Investigation Materials - Draft.docx |

Mike and Jeremy –

Please see the attached correspondence.

Best,
Jenn

**Jenn Mellott**
Partner, DC and Brussels

**Freshfields US LLP**
700 13th Street NW
Washington, DC 20001
**T** +1 (202) 777-4568 | **M** +1 (571) 327-4723
jennifer.mellott@freshfields.com

# FRESHFIELDS

Washington, DC
700 13th Street, NW, 10th Floor
Washington, DC 20005
**Jenn Mellott**
**T** +1 (202) 777-4500

**T** +1 (202) 777-4568 (direct)
**E** jennifer.mellott@freshfields.com

freshfields.us

<u>By Email</u>

January 31, 2025

Michael J. Freeman
U.S. Department of Justice, Antitrust Division
450 Fifth Street NW
Washington, DC 20530
Michael.Freeman@usdoj.gov
Craig.Conrath@usdoj.gov

Jeremy Goldstein
U.S. Department of Justice, Antitrust Division
450 Golden Gate Ave., Room 10-0101
San Francisco, CA 94102
Jeremy.Goldstein@usdoj.gov

**<u>Re: United States v. Hewlett Packard Enterprise Co. and Juniper Networks, Inc.</u>**
**<u>Civil Action No. 4:25-cv-00951-DMR (N.D. Cal. Jan. 30, 2025)</u>**

Dear Counsel,

Please find attached Defendants' proposed Stipulated Protective Order and Order Governing Production of Investigation Materials and Joint Case Management Statement & Proposed Order. We look forward to discussing these drafts with you at your earliest convenience.

As you heard from Juniper's counsel on yesterday morning's call, it is important that the Division immediately notify all third parties who provided information or testimony to the Division during its investigation that such information and testimony will be produced to the Parties in this litigation on an outside counsel only basis. Nothing precludes the Division from beginning this outreach immediately.

Sincerely,
Jenn Mellott

CC:    Julie Elmer (julie.elmer@freshfields.com)
       Steve Sunshine (steve.sunshine@skadden.com)
       Tara Reinhart (tara.reinhart@skadden.com)
       Ryan Travers (ryan.travers@skadden.com)

[To Add Counsel for Plaintiff and Defendants]

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>HEWLETT PACKARD ENTERPRISE CO. and JUNIPER NETWORKS, INC.<br><br>Defendants. | Case No. 4:25-cv-00951-DMR<br><br>**JOINT CASE MANAGEMENT STATEMENT & [PROPOSED] ORDER** |

The Parties to the above-entitled action jointly submit this JOINT CASE MANAGEMENT STATEMENT & PROPOSED ORDER pursuant to the Standing Order for All Judges of the Northern District of California and Civil Local Rule 16-9.

**1. Jurisdiction & Service**

Defendants consent to personal jurisdiction and venue in this Court. Counsel for Defendants, acting on behalf of Defendants, have accepted service of the Complaint and have waived formal service of a summons.

**2. Facts**

[HPE/Juniper to follow up with a proposal.]

**3. Legal Issues**

1

The primary legal issues in dispute are as follows:

- Whether HPE's acquisition of Juniper would violate Section 7 of the Clayton Act, 15 U.S.C. § 18, because the effect of it may be to substantially lessen competition in interstate trade and commerce in the market for enterprise-grade WLAN solutions in the United States.

- Whether enterprise-grade WLAN solutions is a relevant product market.

- Whether the United States is the appropriate geographic market.

- Whether HPE's proposed acquisition of Juniper may result in anticompetitive effects.

- Whether entry, expansion, and repositioning of other firms would be timely, likely, and sufficient in  magnitude, character, and scope to deter or counteract the anticompetitive effects alleged in the Complaint.

### 4. Motions

There are no pending motions. Defendants reserve their rights to file dispositive motions.

### 5. Amendment of Pleadings

[DOJ to insert response.] Consistent with the proposed schedule in Paragraph 16, Defendants HPE and Juniper intend to file an Answer to the Complaint filed January 30, 2025, by March 3, 2025.

### 6. Evidence Preservation

[DOJ to insert response.] Defendants HP and Juniper certify that they have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information and have taken reasonable and proportionate steps to preserve evidence relevant to the issues reasonably evident in this action, subject to the agreement in Paragraph 8.

**7. Disclosures**

The Parties agree to waive the exchange of disclosures under Federal Rule of Civil Procedure 26(a)(1), as set forth in the Protective Order.

**8. Discovery**

**a. Discovery Taken to Date**

As of this date, the Plaintiff has taken extensive discovery from Defendants as well as third parties in connection with its pre-suit investigation into HPE's proposed acquisition of Juniper. HPE and Juniper have produced over 1.7 million documents combined and made their employees available for a total of 6 depositions.

**b. Scope of Anticipated Discovery**

The Parties intend to conduct additional party and third-party discovery regarding the potential effects of HPE's acquisition of Juniper consistent with the provisions below.

**c. Proposed Limitations or Modifications to Discovery Rules**

*i.  Discovery of Confidential or Highly Confidential Information*

Discovery and production of Confidential or Highly Confidential Information shall be governed by any Protective Order entered by the Court in this action, and a copy of all such orders then in effect shall be included with any discovery requests, notices, or subpoenas directed to non-parties.

*ii.  Attorney Communications*

The Parties agree that they need not preserve nor produce in discovery the following categories of documents:

Draft from HPE/Juniper - 2025.01.31

- documents or communications sent solely between outside counsel for Defendants (or persons employed by or acting on behalf of such counsel) or solely between counsel for Plaintiffs (or persons employed by the U.S. Department of Justice);

- documents authored by Defendants' outside counsel (or persons employed by or acting on behalf of such counsel) or by counsel for Plaintiffs (or persons employed by or acting on behalf of such counsel), that were not directly or indirectly furnished to any non-party, such as internal memoranda;

- documents or communications sent solely between inside counsel (acting in a purely legal capacity) or between inside counsel (acting in a purely legal capacity) and outside counsel for either Defendant (or persons employed by or acting on behalf of such counsel; and

- documents or communications between: (i) Defendant's outside counsel, or Plaintiff's counsel, and that side's testifying expert, nontestifying expert and/or any staff assisting the testifying expert or nontestifying expert; (ii) a testifying expert or nontestifying expert and other testifying experts and nontestifying experts, as well as any staff assisting such testifying experts or nontestifying experts; and (iii) testifying expert or nontestifying experts and any staff assisting such testifying experts or nontestifying experts.

        *iii.*    *Privilege Claims*

The Parties agree that the following privileged or otherwise protected communications may be excluded from privilege logs:

- documents or communications sent to or from outside counsel for Defendants (or persons employed by or acting on behalf of such counsel);

- documents or communications sent solely between counsel for Plaintiffs (or persons employed by or acting on behalf of the Plaintiffs);

- documents or communications sent solely among inside counsel for a Defendant (acting in a purely legal capacity) or inside (acting in a purely legal capacity) and outside counsel (or persons employed by or acting on behalf of counsel) for either Defendant;

- documents authored by Defendants' outside counsel (or persons employed by or acting on behalf of such counsel) or by counsel for Plaintiffs (or persons employed by or acting on behalf of such counsel), that were not directly or indirectly furnished to any non-party, such as internal memoranda;

- documents or communications between: (i) Defendant's outside counsel, or Plaintiff's counsel, and that side's testifying expert, nontestifying expert and/or any staff assisting the testifying expert or nontestifying expert; (ii) a testifying expert or nontestifying expert and other testifying experts and nontestifying experts, as well as any staff assisting such testifying experts or nontestifying experts; and (iii) testifying expert or nontestifying experts and any staff assisting such testifying experts or nontestifying experts;

- privileged draft contracts;

- privileged draft regulatory filings and draft litigation filings; and

- non-responsive privileged documents attached to responsive documents.

If a Party seeks the return of previously produced documents on the basis of privilege ("Claw-Back"), as permitted by the Protective Order, the disclosing Party must provide written notice and take all reasonable measures to retrieve the improperly disclosed material. The disclosing Party must also provide a privilege log corresponding to the respective Clawed-Back documents, consistent with this Paragraph.

    *iv.*   *Timely Service of Fact Discovery*

All discovery, including discovery served on non-parties, must be served in time to permit completion of responses by the close of fact discovery.

###### v.    Supplemental Discovery

Notwithstanding any other provision of this Order, each Party may issue supplemental discovery requests, including document requests for custodial files and deposition notices, related to any person (including discovery on entities related to any such person) identified on a Party's final fact witness list who was not identified on that Party's preliminary fact witness list within 7 days of receipt of the final fact witness list; provided, however, that (i) no additional depositions may be sought from any person who was previously deposed during this Action and (ii) no additional document requests may be served on any person that was previously a custodian.

Notwithstanding any other deadlines in this Order, a Party may take limited discovery related to the authenticity of any document on that Party's exhibit list to which the opposing side objects on the ground that such document is inauthentic.

###### vi.    ESI Specifications

The Parties shall produce all documents and ESI in accordance with the Department of Justice's Standard Specifications for Production of ESI, except when producing documents and ESI received from non-parties. With regard to productions by Defendants to Plaintiff, the modifications to the DOJ's production specifications memorialized in the May 17, 2024 and June 4, 2024 letters from the DOJ to the Parties will remain in effect.

###### vii.    Electronic Documents Excluded from Production

The Parties agree that none of the Parties must preserve or produce in discovery the following categories of electronically stored information for this matter:

- voicemail messages, except in the case where they are contained within the Parties' email systems;

- e-mail or other electronic messages sent to or from a personal digital assistant or smartphone (e.g., iPhone handheld), provided that a copy of such e-mail or message is routinely saved and preserved elsewhere for potential production in discovery;

- other electronic data stored on a personal digital assistant or smartphone, such as calendar or contact data or notes, provided that a copy of such information is routinely saved and preserved elsewhere for potential production in discovery;

- temporary or cache files, including Internet history, web browser cache, and cookie files, wherever located;

- information or data stored in Confluence; and

- server, system, or network logs.

        *viii.*    *Number of Requests for Production*

There is no limit on the number of requests for production of documents that may be served by the Parties pursuant to Federal Rule of Civil Procedure 34.

        *ix.*    *Objections to Requests for Documents*

The Parties must serve any objections to requests for production of documents within 7 business days after the requests are served. Within 3 business days of service of any objections, the Parties must meet and confer to attempt to resolve in good faith any objections and to agree on custodians to be searched.

        *x.*    *Rolling Productions*

The Parties must make good-faith efforts to make rolling productions of responsive documents (to the extent not subject to any objections or custodian issues that have not been

resolved), including any portion(s) of responsive productions that are not subject to any objections or custodian issues beginning no later than 21 days after service of the request for production.

### xi.    Completion of Productions

The Parties must make good-faith efforts to substantially complete responsive productions no later than 28 days after service of the request for production.

Notwithstanding any other part of this Paragraph, including Paragraph 8.c.ix, in responding to requests for production of documents that are part of Supplemental Discovery, the Parties must (i) serve any objections to such requests for production of documents within 4 business days after the requests are served; (ii) produce responsive documents (that are not subject to objections) no later than 7 days after the requests are served; and (iii) produce documents that were subject to objections no later than 7 days after resolution of objections.

### xii.    Interrogatories

Interrogatories are limited to 10 (including discrete subparts) by Plaintiff to each Defendant, and to 20 (including discrete subparts) by Defendants collectively to Plaintiff. The Parties must serve any objections to interrogatories within 7 business days after the interrogatories are served. Within 3 business days of service of any objections, the Parties must meet and confer to attempt to resolve the objections. The Parties must make good-faith efforts to provide complete answers to interrogatories no later than 21 days after service of the interrogatories.

### xiii.    Requests for Admission

Plaintiff may serve up to 10 requests for admission on each Defendant and Defendants collectively may serve up to 20 requests for admission on Plaintiff. The Parties must serve any objections to requests for admission within 7 business days after the requests for admission are served. Within 3 business days of service of any objections, the Parties must meet and confer to

attempt to resolve the objections. The Parties must make good-faith efforts to provide complete responses to requests for admission no later than 21 days after service of the requests for admission.

### xiv.    Document Subpoenas to Non-Parties

The Parties will in good faith cooperate with each other with regard to any discovery to non-parties in an effort to minimize the burden on non-parties. Each Party must serve a copy of any subpoena to a non-party on the other Parties at or before the time the subpoena is served on the non-party.

### xv.    Serving Subpoena on Non-Party

Every subpoena to a non-party shall include a cover letter requesting that (a) the non-party Bates-stamp each document with a production number and any applicable confidentiality designation prior to producing it; and (b) the non-party provide to the other Parties copies of all productions at the same time as they are produced to the requesting Party.

### xvi.    Production of Documents by Non-Parties

If a non-party fails to provide copies of productions to the other Parties, the requesting Party shall provide such copies to the other Parties, in the format the productions were received by the requesting Party, within 3 business days of the requesting Party receiving such materials from the non-party. In addition, if a non-party produces documents or electronically stored information that are not Bates-stamped, the Party receiving those materials shall Bates-stamp such documents or electronically stored information and produce such Bates-stamped copies to all Parties simultaneously. Production of the Bates-stamped copies should not delay production of the non-Bates stamped versions to all Parties as required in the first sentence of this Paragraph.

Each Party must provide the other Parties with (i) a copy of any written communication (including email) with any non-party concerning the non-party's response to or compliance with

any subpoena, including any extensions or postponements, within 5 business days of the communication; and (ii) a written record of any oral or written modifications to the subpoena, within 2 business days of the modification.

xvii.    *Depositions*

The United States is limited to 20 depositions of fact witnesses, and the Defendants collectively are limited to 20 depositions of fact witnesses. The following depositions do not count against the deposition caps imposed above:

- depositions of any persons identified on a Party's final fact witness list who were not identified on that Party's preliminary fact witness list;

- depositions of the Parties' designated expert witnesses;

- the 2 hours of deposition time afforded to non-noticing Parties; and

- depositions taken for the sole purpose of establishing the location, authenticity, or admissibility of documents produced by any Party or non-party, provided that such depositions may be noticed only after the Party taking the deposition has taken reasonable steps to establish location, authenticity, or admissibility through other means, and further provided that such depositions must be designated at the time that they are noticed as being taken for the sole purpose of establishing the location, authenticity, or admissibility of documents.

Parties will make reasonable efforts to make witnesses (including experts) available for deposition promptly upon notice. If a Party serves a non-party a subpoena for the production of documents or electronically stored information and a subpoena commanding attendance at a deposition, the Party serving the subpoenas must schedule the deposition for a date at least 7 business days after the return date for the document subpoena, and if the Party serving the

Draft from HPE/Juniper - 2025.01.31

subpoenas agrees to extend the date of production for the document subpoena in a way that would result in fewer than 7 business days between the extended production date and the date scheduled for that non-party's deposition, the date scheduled for the deposition must be postponed to be at least 7 business days following the extended production date, unless all other Parties consent to fewer than 7 business days.

The Parties shall use reasonable efforts to reduce the burden on witnesses noticed for depositions and to accommodate the witnesses' schedules. The Parties will meet and confer in good faith regarding whether a deposition will be conducted remotely or in-person. Depositions that are conducted in-person will take place in the locations where witnesses reside or are employed, unless the noticing Party or Parties and the witness mutually agree otherwise; provided, however, that any deposition of a witness under the Parties' control must take place in the United States.

For any Party or non-party deposition conducted virtually, the deposition will take place by videoconference. The court reporter will swear in the witness remotely by means of the videoconference. At any time during the deposition, except when a question is pending, the witness may request a break from the videoconference to privately consult with counsel. As is the case for in-person depositions, however, the witness may not otherwise engage in conversations with counsel or third parties during the deposition by instant message, text message, email, or any other means not recorded on the record. No participants other than the court reporter, and videographer if applicable, will record the deposition.

Depositions of fact witnesses are limited to no more than one day of 7 hours on the record unless otherwise stipulated. A Plaintiff noticing a deposition may cede some or all of its examination time to another Plaintiff. A Defendant noticing a deposition may cede some or all of

its examination time to another Defendant. During non-party depositions, the non-noticing side will receive at least 2 hours of examination time on the record. If a non-party deposition is cross-noticed by Plaintiff or one or both Defendants, then time will be divided equally between the sides (e.g. 3.5 hours to Plaintiff and 3.5 hours collectively to Defendants), and the deposition of the non-party will count as one deposition for both sides. Any time allotted to one side but not used by that side in a non-party deposition may not be used by the other side, unless the side that does not use all of its allotted time agrees to allow the other side to use the remaining time. Any objection made by any Party in a deposition preserves that objection for every Party.

Notwithstanding any other part of this Paragraph, the Parties reserve their right to move for a protective order pursuant to Federal Rule of Civil Procedure 26(c)(1). The Parties also reserve the right to seek from the Court additional deposition time with particular witnesses or a different allocation of time than the allocations that are set forth herein.

xviii.    <em>Federal Rule of Civil Procedure 30(b)(6) Depositions</em>

Depositions of a Party or third-party organization may be taken by either party under Federal Rule of Civil Procedure 30(b)(6) and will count against the 20-deposition maximum. The United States may issue no more than 1 deposition notice under Rule 30(b)(6) to each Defendant, limited to 7 hours of testimony. Where a witness testifying on behalf of a Defendant under Rule 30(b)(6) has also been noticed as a fact witness, the Parties shall confer regarding whether it is reasonable to take both depositions on the same day or on consecutive business days.

xix.    <em>Expert Witness Disclosures</em>

Expert disclosures, including each side's expert reports, must comply with the requirements of Federal Rule of Civil Procedure 26(a)(2) and 26(b)(4), except as modified by this Paragraph. The Parties agree that the following materials will be disclosed:

- all final reports;

- a list of all documents (by bates number), deposition testimony, data, articles, websites, and other sources relied upon by the testifying expert(s) in forming any opinions in his or her final report(s);

- copies of any materials relied upon by the expert not previously produced that are not readily available publicly;

- a list of all publications authored by the expert in the previous 10 years and copies of all publications authored by the expert in the previous 10 years that are not readily available publicly;

- a list of all other cases in which, during the previous 4 years, the expert testified at trial or by deposition, including tribunal and case number; and

- for all calculations appearing in the final reports, all data and programs underlying the calculations (including all programs and codes necessary to replicate the calculations from the initial ("raw") data files and the intermediate working-data files that are generated from the raw data files and used in performing the calculations appearing in the final report) and a written explanation of why any observations in the raw data were either excluded from the calculations or modified when used in the calculations ("Backup Materials").

Neither side must preserve or disclose, including in expert deposition testimony, the following documents or information:

- any form of oral or written communications, correspondence, or work product not relied upon by the expert in forming any opinions in his or her final report shared:

  - between either side's counsel and that side's testifying or nontestifying expert(s), or such experts' staff;

- ○ between any agent or employee of either side's counsel and that side's own testifying or nontestifying expert(s), or such experts' staff;

- ○ between testifying and nontestifying experts;

- ○ between nontestifying experts;

- ○ between testifying experts;

- ○ between testifying or nontestifying experts and their own staff;

- ○ between testifying or nontestifying experts and staff assisting other testifying or nontestifying experts on the same side; or

- ○ between staff assisting testifying or nontestifying experts on the same side.

- any form of oral or written communication, correspondence, or work product not relied upon by the expert in forming any opinions in his or her final report shared between experts and any persons assisting the expert;

- the expert's notes, except for notes of interviews participated in or conducted by the expert, if the expert relied upon such notes in forming any opinions in his or her final report;

- budgets, invoices, bills, receipts, or time records concerning testifying experts or nontestifying experts, their staff, assistants, colleagues, or associates, or their companies or organizations. Notwithstanding this provision, any Party may inquire into a testifying expert's compensation in this matter, including the testifying expert's hourly rates, the total hours spent by the testifying expert and staff members in connection with this action, and any other payments or consideration received by the testifying expert relating to work in the action.

- drafts of expert reports, affidavits, or declarations; and

● data formulations, data runs, data analyses, or any database-related operations not relied upon by the expert in forming any opinions in his or her final report.

xx.    *Depositions of Experts*

Each expert will be deposed for only one day of 7 hours on the record, with all 7 hours reserved for the side noticing the expert's deposition; provided, however, that counsel for a Party may additionally take reasonable and appropriate redirect examination of that Party's expert(s). Depositions of each side's experts will be conducted only after disclosure of all expert reports and all of the materials identified in Paragraph 8.c.xix of this Order for all of that side's experts.

xxi.    *Preliminary Fact Witness Lists*

Plaintiff is limited to 20 persons (excluding experts) on its preliminary trial fact witness list, and Defendants collectively are limited to 20 persons (excluding experts) on their preliminary trial fact witness list. The preliminary fact witness lists must comply with Federal Rule of Civil Procedure 26(a)(3)(A)(i)–(ii) and include the name, employer, address, and telephone number of each witness, as well as counsel's contact information for third-party witnesses. With respect to third parties for which depositions are not complete, such third parties can be identified in a corporate capacity until the depositions take place.

xxii.    *Final Fact Witness Lists*

Plaintiff is limited to 20 persons (excluding experts) on its final trial fact witness list, and Defendants collectively are limited to 20 persons (excluding experts) on their final trial fact witness list. Each side's final trial fact witness list may identify no more than 5 fact witnesses that were not identified on that side's preliminary trial fact witness list. Supplemental discovery on any such witnesses (included on a party's final fact witness list but not that side's preliminary fact witness list) is governed by Paragraphs 8.c.v, 8.c.xi, and 16, of this Order. The final trial fact

witness lists must comply with Federal Rule of Civil Procedure 26(a)(3)(A)(i)–(ii) and include the name, employer, address, and telephone number of each witness, as well as counsel's contact information for third-party witnesses.

> *xxiii.    General Principles for Witness Lists*

In preparing preliminary trial fact witness lists, final trial fact witness lists, and expert witness lists, the Parties must make good faith attempts to identify the witnesses whom they expect they may present as live witnesses at trial other than solely for impeachment. No Party may call a person to testify as an expert or a fact witness at trial, either live or by deposition designation, unless (a) that person was identified on that Party's expert witness list or identified on that Party's final trial fact witness list; (b) all Parties agree that that Party may call that person to testify; or (c) that Party demonstrates good cause for allowing it to call that person to testify, despite that Party's failure to designate that person on its expert witness list or final trial fact witness list. Witnesses whose testimony will be offered into evidence at trial through designated portions of their deposition testimony shall be identified on the final trial fact witness lists, and those witnesses will count against the limits on the numbers of persons who may be identified on those lists.

> *xxiv.    Calculating Response Times*

For purposes of calculating discovery response times, electronic delivery at the time the email was sent will be treated in the same manner as hand delivery at that time.

> *xxv.    Case Management Conference*

The Parties' prior consultations and submission of this Proposed Order satisfy the Parties' obligations under Federal Rule of Civil Procedure 26(f) and Civil Local Rule 16-3.

## 9.  Class Actions

Plaintiff does not intend to seek to proceed as a class action.

**10. Related Cases**

The Parties are currently unaware of any related cases.

**11. Relief**

[DOJ to insert response.]

**12. Settlement and ADR**

The Parties have engaged in good faith settlement negotiations but despite their efforts, have been unable to settle the matter. The Parties do not believe that this case would benefit from some form of alternative dispute resolution.

**13. Other References**

The Parties do not believe this case is suitable for reference to binding arbitration or a special master.

**14. Narrowing of Issues**

The Parties will consider issues that can be narrowed by agreement or by motion, as well as potential means to expedite the presentation of evidence at trial.

**15. Expedited Trial Procedures**

[DOJ to provide position.] HPE and Juniper believe that this case is not suitable for handling under the Expedited Trial Procedure of General Order No. 64.

**16. Proposed Case Schedule**

The Parties have agreed upon the following proposed case schedule below. Unless otherwise specified, days will be computed according to Federal Rule of Civil

Procedure 6(a).

| Event | Proposed Timing |
|---|---|
| Fact discovery begins | Upon entry of this Order |

| Event | Proposed Timing |
|---|---|
| Plaintiff produces Investigation Materials | 7 days after entry of the Protective Order, with Plaintiff to provide notice to non-parties within 7 days of filing the Complaint |
| Parties exchange preliminary fact witness lists | February 28, 2025 |
| Answers to Complaint due | March 3, 2025 |
| Close of fact discovery | April 11, 2025 |
| Parties to serve any initial expert reports and produce backup materials | April 14, 2025 |
| Parties exchange final fact witness lists | April 18, 2025 |
| Parties exchange exhibit lists (including redacted versions of such exhibits, as set forth in the Protective Order) and opening deposition designations | May 2, 2025 |
| Close of supplemental fact discovery | May 2, 2025 |
| Parties to serve any opposition expert report and produce backup materials | May 5, 2025 |
| Each Party informs each non-party of all documents produced by that non-party that are on the Party's exhibit list and all depositions of that non-party that have been designated by any Party; Parties must inform non-parties that they should provide notice to the Parties, pursuant to Paragraph 30 of the Protective Order, of whether that non-party objects to the potential public disclosure at trial of that non-party's documents and depositions, explain the basis for any such objections, and propose redactions where possible | May 9, 2025 |
| Parties to serve any reply expert reports with backup materials included | May 15, 2025 |
| Exchange of objections to exhibit lists (including redacted versions of any exhibits identified by the opposing Party that contain information the Party previously designated as Confidential or Highly Confidential Information and objections to redactions that were initially exchanged with the exhibit lists, as set forth in the Protective Order), objections to deposition designations, and/or counters to deposition designations | May 16, 2025 |
| Deadline for expert depositions and close of expert discovery | May 26, 2025 |

| Event | Proposed Timing |
|---|---|
| Parties meet and confer regarding disputes about trial exhibits and deposition designations, including confidentiality of any Party and non-party documents or depositions | Week of May 26, 2025 |
| Parties serve expert witness lists, including designations of all experts that each intends to call in its respective case, along with a brief statement of the subject matter on which the expert will testify | May 28, 2025 |
| Non-parties provide notice of any objections to the potential public disclosure at trial of any non-party documents and depositions, including the basis for any such objections, and propose redactions where possible | May 28, 2025 |
| Each side exchanges its objections to the other side's deposition counter-designations | May 28, 2025 |
| Deadline for filing motions *in limine* and *Daubert* motions | June 2, 2025 |
| Pre-trial briefs and proposed findings of fact and conclusions of law to be filed (in a format to be directed by the Court) | June 2, 2025 |
| Joint Party submission to Court regarding disputes about admissibility of trial exhibits, confidentiality issues, and deposition designations | June 6, 2025 |
| Responses to any motions *in limine* or *Daubert* motions | June 9, 2025 |
| Final pre-trial conference | June 9, 2025 |
| Parties submit final trial exhibits to Court (in a format to be directed by the Court) | June 11, 2025 |
| Trial begins | June 16, 2025 |
| Post-trial briefs and proposed findings of fact and conclusions of law to be filed (in a format to be directed by the Court) | 3 weeks after trial concludes |

## 17. Trial

Plaintiff has not demanded a jury trial and is only seeking equitable relief. At this time, before any discovery has taken place, HPE and Juniper estimate that the trial will last 2 weeks. [DOJ to provide their position.]

## 18. Disclosure of Non-Party Interested Entities or Persons

[DOJ to insert response.] Pursuant to Civil L.R. 3-15, HPE filed its certification of Interested Entities or Persons (Dkt. No. 7), which discloses that as of the date of the filing, there is no such interest to report. HPE has no parent corporation and no publicly held corporation owns 10% or more of its stock. [Juniper to provide response.]

## 19. Professional Conduct

All attorneys of record have reviewed the Guidelines for Professional Conduct for the Northern District of California.

## 20. Other Issues: Completion of Proposed Transaction

Defendants have agreed that they will not close, consummate, or otherwise complete the Proposed Transaction until 12:01 a.m. on the 10th day following the entry of the judgment by the Court in this matter, and only if the Court enters an appealable order that does not prohibit consummation of the transaction. For purposes of this Order, "Proposed Transaction" means the proposed acquisition of Juniper by Hewlett-Packard Enterprise Company.

## 21. Other Issues: Pre-Trial Agreements

### a. Presumption of Authenticity

Documents and data produced by Parties and non-parties from their own files will be presumed to be authentic within the meaning of Federal Rule of Evidence 901. Any good-faith objection to a document's authenticity must be provided with the exchange of other objections to intended trial exhibits. If the opposing side serves a specific good faith written objection to the document's authenticity, the presumption of authenticity will no longer apply to that document and the Parties will promptly meet and confer to attempt to resolve any objection. Any objections that are not resolved through this means or the discovery process will be resolved by the Court.

### b. Exhibit Lists

The exhibit lists to be provided to the Court on the date set forth above must identify each exhibit by exhibit number, date, beginning and end Bates number, and either a title or identifying description. Each list must specify any exhibit to where there remains an objection and the grounds for the objection – for example, Federal Rules of Evidence 402, 403, 802, 901. No further explanation is required. Counsel for each Party shall deliver to chambers copies of the exhibits in electronic form on thumb drive or disc and in paper form in a binder (or set of binders) containing copies of all exhibits that the Party will seek to introduce – pre-marked with their exhibit numbers and divided by numbered tabs – with an index or table of contents to the binders. Binders may not be larger than 3 inches. Exhibit binders must be labeled on both the front and the spine of the binder with the name of the Party, volume number, and the numbers of the exhibits found inside. (For example: Defendant's Exhibits Vol. I, Ex. 1 – 27).

### c. Demonstrative Exhibits

At least one month before the start of trial, the Parties agree to meet and confer regarding a protocol for serving demonstrative exhibits on opposing counsel before the start of any trial day where any such exhibit may be introduced (or otherwise used) at trial.

### 22. Other Issues: Service of Pleadings and Discovery on Other Parties

Service of all pleadings, discovery requests (including subpoenas for testimony or documents under Federal Rule of Civil Procedure 45), and delivery of all correspondence in this matter, other than expert backup materials, must be made by email, or by ECF if so required by applicable rule, to the following individuals designated by each Party:

For the United States:

[DOJ to provide response]

For Defendant Hewlett Packard Enterprise Co.:

      Justina K. Sessions
      Freshfields US LLP
      855 Main Street
      Redwood City, California 94063
      justina.sessions@freshfields.com
      (650) 618-9250

      Eric Mahr
      Jennifer Mellott
      Julie S. Elmer
      Freshfields US LLP
      700 13th Street, NW
      10th Floor
      Washington, DC 20005-3960
      eric.mahr@freshfields.com
      jennifer.mellott@freshfields.com
      julie.elmer@freshfields.com
      (202) 777-4500


For Defendant Juniper Networks, Inc.:

      Tara L. Reinhart
      Skadden, Arps, Slate, Meagher & Flom LLP and Affiliates
      1440 New York Ave., NW
      Washington, DC 20005
      tara.reinhart@skadden.com
      (202) 371-7630

      Ryan J. Travers
      Skadden, Arps, Slate, Meagher & Flom LLP and Affiliates
      1440 New York Ave., NW
      Washington, DC 20005
      ryan.travers@skadden.com
      (202) 371-7347

This list of designated individuals may be modified by unilateral request of either party.

Service of expert Backup Materials will be made utilizing a cloud-based file sharing service.

**23. Other Issues: Nationwide Service of Trial Subpoenas**

To assist the Parties in planning discovery, and in view of the geographic dispersion of potential witnesses in this action outside this District, the Parties are permitted, under 15 U.S.C. § 23, to issue trial subpoenas that may run into any other federal district requiring witnesses to attend this Court. The availability of nationwide service of process, however, does not make a witness who is "unavailable" for purposes of Federal Rule of Civil Procedure 32 and Federal Rule of Evidence 804 available under those rules or otherwise affect the admissibility at trial of a deposition of a witness.

**24. Other Issues: Evidence from a Foreign Country**

Before any Party may offer documentary or testimonial evidence from an entity or person located in a foreign country, the other side must be afforded an opportunity by the entity or person (or both, when applicable) to obtain documentary and deposition discovery. For any non-party witness who resides outside the United States and is included on the witness lists of any Party, any deposition of that witness may be conducted via remote means, as described in Paragraph 8.c.xvii of this Order, and any such deposition may be conducted under United States law, unless otherwise agreed. Subject to the Paragraph below, for any Party witness who resides outside the United States and is included on the witness lists of any Party, that witness will be produced by the Party for deposition as described in Paragraph 8.c.xvii of this Order, and under United States law.

Each Party agrees that its litigation counsel in this action will accept service of a deposition notice on behalf of any witness who is an executive of a Party, the Party's subsidiary, or an affiliate of the Party and who resides or is located outside the United States, without requiring additional or different procedures to be followed pursuant to the Hague Evidence Convention, or any other applicable convention, treaty, law, or rule. In addition, each Party agrees to make each such witness

available for depositions in the United States determined by agreement of the Parties or via remote means, as described in Paragraph 8.c.xvii of this Order, and that any such deposition will be conducted under United States law.

Each Party agrees that its litigation counsel in this action will accept service of a trial subpoena on its behalf for any witness who is an executive of a Party and who resides or is located outside the United States, without requiring additional or different procedures to be followed pursuant to the Hague Evidence Convention, or any other applicable convention, treaty, law, or rule. The Parties agree to work in good faith to accommodate reasonable requests to make each such witness available to testify at trial in the appropriate venue.

For the avoidance of doubt, nothing in this provision precludes a Party from moving for a protective order under the Federal Rules of Civil Procedure.

## 25. Other Issues: Modification of Scheduling and Case Management Order

Modifications of the rights and responsibilities of the Parties under this Order may be made by mutual agreement of the Parties, provided any such modification has no effect on the schedule for pretrial filings or trial dates. Otherwise, any Party may seek modification of this Order for good cause.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

**[To add sig block]**

Draft from HPE/Juniper - 2025.01.31

PURSUANT TO STIPULATION, IT IS SO ORDERED.


DATED: _____  _____

                                                        [Name of Judge]
                                                        United States District Judge