# EXHIBIT B

| | |
|---|---|
| **From:** | Freeman, Michael (ATR) <Michael.J.Freeman@usdoj.gov> |
| **Sent:** | Monday, February 3, 2025 9:39 PM |
| **To:** | ELMER, Julie (JSE); MELLOTT, Jenn (JEM); Goldstein, Jeremy (ATR) |
| **Cc:** | steve.sunshine@skadden.com; Tara Reinhart; Ryan Travers |
| **Subject:** | RE: US v. HPE/Juniper |
| **Attachments:** | 2025.02.03 HPE-Juniper PO.docx; 2025.02.03 HPE-Juniper CMO.docx |

Hi Julie,

First, attached are our proposed protective order and case management order for your review. I had represented to Steve and Jenn last week that I would provide our drafts by today. As such, I thought it would be best to share these documents so you could see our positions to have a constructive meet and confer. We are still absorbing your drafts from Friday, but an initial review seems like we are in the same ballpark on most issues.

Second, we are looking into N.D. Cal's local practice on ESI and are working on a draft now that I hope to get to you this week.

Lastly, given our drafts, I suggest meeting on Wednesday. I am open in the afternoon (eastern time). Let me know what works best on your end.

Thanks.


**Michael J. Freeman**
Senior Litigation Counsel
U.S. Department of Justice | Antitrust Division
450 Fifth Street NW, Washington, DC, 20530
Michael.Freeman@usdoj.gov


**From:** ELMER, Julie (JSE) <Julie.Elmer@freshfields.com>
**Sent:** Monday, February 3, 2025 6:03 PM
**To:** MELLOTT, Jenn (JEM) <jennifer.mellott@freshfields.com>; Freeman, Michael (ATR) <Michael.J.Freeman@usdoj.gov>; Goldstein, Jeremy (ATR) <Jeremy.Goldstein@usdoj.gov>
**Cc:** steve.sunshine@skadden.com; Tara Reinhart <tara.reinhart@skadden.com>; Ryan Travers <ryan.travers@skadden.com>
**Subject:** [EXTERNAL] RE: US v. HPE/Juniper

Mike and Jeremy,

Let us know your availability for a call tomorrow to discuss the draft protective order and draft joint case management statement Jenn shared with you on Friday.

Best,
Julie

**Julie Elmer**

**Freshfields US LLP**
**T** +1 (202) 777-4587 | **M** +1 (202) 420-1788

---

**From:** MELLOTT, Jenn (JEM) <jennifer.mellott@freshfields.com>
**Sent:** Friday, January 31, 2025 9:57 PM
**To:** michael.freeman@usdoj.gov; Jeremy Goldstein (Jeremy.Goldstein@usdoj.gov) <Jeremy.Goldstein@usdoj.gov>
**Cc:** ELMER, Julie (JSE) <Julie.Elmer@freshfields.com>; steve.sunshine@skadden.com; Tara Reinhart <tara.reinhart@skadden.com>; Ryan Travers <ryan.travers@skadden.com>
**Subject:** US v. HPE/Juniper

Mike and Jeremy –

Please see the attached correspondence.

Best,
Jenn

**Jenn Mellott**
Partner, DC and Brussels

**Freshfields US LLP**
700 13th Street NW
Washington, DC 20001
**T** +1 (202) 777-4568 | **M** +1 (571) 327-4723
jennifer.mellott@freshfields.com

This email (and any attachments) is confidential and may well also be legally privileged. If you have received it in error, please notify the sender immediately (by telephone or by email) and delete all copies of this email (and any attachments) from your system. Do not copy it, use it for any purpose or disclose its contents to any other person.

Freshfields US LLP is a limited liability partnership organized under the laws of the State of New York. For further regulatory information please see this Legal Notice.

For information about how Freshfields processes personal data please refer to this Privacy notice. For further information about Freshfields Bruckhaus Deringer, please refer to our website at www.freshfields.com.

Any reference to a partner means a member, or a consultant or employee with equivalent standing and qualifications, of Freshfields US LLP or any associated firms or entities.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>*Plaintiff*<br>v.<br><br>HEWLETT PACKARD ENTERPRISE CO. and<br>JUNIPER NETWORKS, INC.,<br><br>*Defendants*. | Case No. 25-cv-00951<br><br>**JOINT CASE MANAGEMENT STATEMENT & [PROPOSED] ORDER** |

Plaintiff United States of America and Defendants Hewlett Packard Enterprise Co. ("HPE") and Juniper Networks, Inc. ("Juniper") jointly submit this Joint Case Management Statement & Proposed Order pursuant to the Standing Order for All Judges of the Northern District of California and Civil Local Rule 16-9.

**I.      Jurisdiction & Service**

This Court has subject matter jurisdiction over this action under Section 15 of the Clayton Act, 15 U.S.C. § 25, as amended, to prevent and restrain Defendants from violating Section 7 of

1    the Clayton Act, 15 U.S.C. § 18.  This Court has personal jurisdiction over each Defendant.

2    HPE and Juniper each transact business within this District.  Aruba Networks, a subsidiary of

3    HPE, is based in Santa Clara, California, and Juniper is headquartered Sunnyvale, California.

4    HPE and Juniper executives responsible for managing their networking businesses live and work

5    in the San Francisco Bay Area.  Venue is proper in this district under Section 12 of the Clayton

6    Act, 15 U.S.C. § 22 and under 28 U.S.C. § 1391(b) and (c).  Defendants consent to personal

7    jurisdiction and venue in this Court.  Counsel for Defendants, acting on behalf of Defendants,

8    have accepted service of the Complaint and have waived formal service of a summons.

9    **II.     Facts**

10          The Complaint makes the following factual allegations.  The United States brings this

11   civil action to prevent HPE from acquiring its competitor, Juniper.  HPE and Juniper are the

12   second- and third-largest providers of commercial or "enterprise" wireless systems in the United

13   States.  The acquisition, if consummated, would result in two companies—Cisco Systems, Inc.

14   ("Cisco") and HPE—controlling over 70% of the U.S. market and eliminate fierce head-to-head

15   competition between Defendants, who offer enterprise-grade wireless networking solutions

16   ("enterprise-grade WLAN solutions") under the HPE Aruba and Juniper Mist brands.

17          Defendants HPE and Juniper are leading providers of enterprise-grade WLAN solutions

18   in the United States. They both offer portfolios of advanced wireless access points and network

19   management systems, and they compete aggressively against each other and Cisco, the market

20   leader, in various customer segments and industries.  Competition between HPE and Juniper has

21   benefited customers of both companies.  For years, pressure from Juniper has forced HPE to

22   discount deeply and invest in developing innovative software products and features as part of a

23   multifaceted campaign to "Beat Mist," Juniper's innovative wireless technology that is optimized

24   for remote cloud management and using artificial intelligence and machine learning tools.

25          Defendants' merger, if consummated, would extinguish head-to-head competition that

26   has lowered prices and driven investment in innovative network management software.  HPE's

27   proposed acquisition of Juniper may substantially lessen competition in violation of Section 7 of

28   the Clayton Act, 15 U.S.C. § 18.

**III.    Legal Issues**

The following legal issues are in dispute:

    A.    Whether HPE's proposed acquisition of Juniper, if allowed to proceed, would violate Section 7 of the Clayton Act, 15 U.S.C. § 18, because the effect of it may be to substantially lessen competition in interstate trade and commerce in the markets for enterprise-grade WLAN solutions in the United States; and

    B.    Whether the Court should preliminarily and permanently enjoin and restrain Defendants and all persons acting on their behalf from consummating HPE's acquisition of Juniper or from entering into or carrying out any other contract, agreement, plan, or understanding, the effect of which would be to combine HPE and Juniper in the United States.

**IV.    Motions**

No motions are presently on file.  Defendants anticipate filing a motion for summary judgment.  The Parties anticipate filing one or more motions *in limine* and may file *Daubert* motions.

**V.    Amendment of Pleadings**

Although the Parties do not intend to amend their pleadings, any amendment must be filed on or before March 4, 2025.

**VI.    Evidence Preservation**

The Parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information and have met and conferred pursuant to Federal Rule of Civil Procedure 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonable evidence in this action.  The Parties agree that the following categories of Electronically Stored Information (ESI) need not be preserved:  documents sent solely between outside counsel for the Parties (or persons employed by or acting on behalf of such counsel) or solely between counsel of the United States (or persons employed by the United States Department of Justice).

**VII.    Disclosures**

The Parties agree to waive the exchange of initial disclosures under Federal Rule of Civil Procedure 26(a)(1) and instead will produce the Investigation Materials[1] seven (7) days after the Court enters a Protective Order.  Plaintiff need not produce to Defendants the Investigation Materials that Plaintiff received from any Defendant, and Defendants need not produce to Plaintiff the Investigation Materials that any Defendant previously produced to Plaintiffs.

**VIII.   Discovery**

**A.     Production of Documents and ESI**

The Parties will produce all documents and ESI in accordance with the Department of Justice's Standard Specifications for Production of ESI, except when producing documents and ESI received from non-parties.  For Linked Files and Collaborative Work environments, A producing party must conduct an automated search of documents to be produced to identify in those documents links to additional documents in any Collaborative Work Environment maintained by the party. For any such documents ("Linked Parents"), the producing party shall use its best efforts using available technical solutions to produce the document corresponding with each identified link ("Linked Attachments"). Should either Party issue any document subpoena on non-parties, the instructions in that subpoena will conform with the Department of Justice's Standard Specifications for Production of ESI.

**B.     Proposed Discovery Plan**

The Parties have met and conferred regarding a proposed discovery plan and agree on the following:

---

[1] "Investigation Materials" means documents, data, communications, transcripts of testimony, or other materials relating to the Investigation that were created on or prior to January 30, 2025, including but not limited to those provided pursuant to the Antitrust Civil Process Act, 15 U.S.C. §§ 1311-1314, or the Hart-Scott-Rodino Antitrust Improvements Act, 15 U.S.C. § 18a, that (a) any non-Party provided to any Party; (b) any Party provided to any non-Party; or (c) any Party provided to any opposing Party. Investigation Materials does not include communications between Plaintiff and Defendants; with potential experts; or with foreign regulators.

1    **1.    Definitions**

2         For purposes of this Order, "Party" means the Antitrust Division of the U.S. Department

3    of Justice, HPE, and Juniper.

4    **2.    Discovery of Confidential Information**

5         Discovery and production of confidential information will be governed by the Protective

6    Order entered by the Court in this action.  When sending discovery requests, notices, and

7    subpoenas to non-parties, the Parties must include copies of any Protective Orders then in effect.

8    **3.    Timely Service of Fact Discovery**

9         All discovery, including discovery served on non-parties, must be served in time to

10   permit completion of responses by the close of fact discovery.

11   **4.    Subpoenas**

12        The Parties will in good faith cooperate with each other with regard to any discovery to

13   non-parties in an effort to minimize the burden on non-parties.  A Party may serve a subpoena of

14   the type described in Federal Rule of Civil Procedure 45(a)(4) upon serving the other Parties a

15   notice and a copy of the subpoena.  The Parties agree to accept electronic service (by email) of a

16   notice and copy of the subpoena.  Every subpoena to a non-party shall include a cover letter

17   requesting that: (a) the non-party stamp each document with a production number; (b) the non-

18   party stamp any applicable confidentiality designation prior to producing it; and (c) the non-party

19   provide to the other Parties copies of all productions at the same time as they are produced to the

20   requesting party.  To facilitate cooperation, a requesting party will produce to all other Parties

21   (unless already copied) all substantive written communications concerning non-party subpoenas

22   within one (1) day, including objections, responses, agreements on extensions or limitations, and

23   accounts of productions received from non-parties.

24        If a non-party fails to provide copies of productions to the other side, the requesting Party

25   shall provide copies to the other Party, in the format the productions were received, within 5

26   business days after receipt of such materials from the non-party.  In addition, if a non-party

27   produces documents or electronically stored information that are not Bates-stamped, the Party

28

1   receiving those materials must produce to the other Parties a copy of such materials with Bates

2   stamps within a timeframe appropriate to the volume and complexity of the materials received.

3           **5.        Written Discovery on Parties**

4                   **a.        Document Requests**

5           There is no pre-determined limit on the number of requests for the production of

6   documents that may be served by the Parties, but any requests must be proportional to the needs

7   of the case as required by Federal Rule of Civil Procedure 26(b)(1).  Parties serving requests for

8   production of documents may identify search terms and custodians with service of the requests.

9   The Parties will meet and confer over a party's intent to use technology assisted review ("TAR").

10  The Parties must serve hit reports for the identified search terms at the search-phrase and search-

11  term level, and counter proposals for custodians and search terms (including hit reports at the

12  search-phrase and search-term level) within 10 days after the requests are served.  Hit reports

13  will be de-duplicated across documents in other searches and searches within one document.

14          The Parties must serve any objections to requests for productions of documents within 7

15  business days after the requests are served.  Within 3 business days of service of any objections,

16  the Parties must meet and confer to attempt to resolve any objections and to agree on custodians

17  to be searched.  Responsive productions (subject to any objections or custodian issues that have

18  not been resolved) must be made on a rolling basis and must begin no later than 21 days after

19  service of the request for production.  The Parties must make good-faith efforts to complete

20  responsive productions no later than 28 days after service of the request for production.  Should

21  any objections or custodian issues remain unresolved for 14 days or more after service of the

22  request for production, the Parties must make good-faith efforts to complete such remaining

23  responsive productions no later than 14 days after resolution of such objections or custodian

24  issues.

25                  **b.        Data Requests**

26          The Parties will meet and confer in good faith regarding any requests for production of

27  data or data compilations, will produce data samples and data dictionaries (including information

28  sufficient to allow reasonable use of the database) for all sources of structured data or data

compilations requested no later than 14 days after service of the requests, will substantially complete production of data or data compilations no later than 28 days after service of the requests, and will finally complete production of data or data compilations no later than 35 days after service of the requests.

### c.    Interrogatories

Interrogatories are limited to 10 (including discrete subparts) by the United States to each Defendant and to 10 (including discrete subparts) by Defendants collectively to the United States.  The Parties must serve any objections to interrogatories within 7 business days after the interrogatories are served.  Within 3 business days of service of any objections, the Parties must meet and confer to attempt to resolve the objections.  The Parties must make good-faith efforts to provide complete answers to interrogatories no later than 28 days after service of the interrogatories.

### d.    Requests for Admission

Requests for admission are limited to 15 by the United States to each Defendant and to 15 by Defendants collectively to the United States.  Requests for admission relating solely to the authorship, authentication, or admissibility of documents, data, or other evidence (which are issues that the Parties must attempt to resolve initially through negotiation) do not count against these limits.  Unless otherwise agreed, the Parties must respond in writing to requests for admissions no later than 28 days after service of the requests.

### e.    Internal Memoranda

The Parties agree that neither the Defendants nor the United States must preserve or produce in discovery internal memoranda that were not directly or indirectly furnished to any non-Party authored by Defendants' outside counsel (or persons employed by or acting on behalf of such counsel) or by counsel for the United States (or persons employed by the United States Department of Justice).  The Parties will neither request, nor seek to compel, production of any interview notes, interview memoranda, or a recitation of information contained in such notes or memoranda, except for such material relied upon by a testifying expert and not produced in compliance with Section X.B.11.

6.    **Depositions**

The United States is limited to 30 depositions of fact witnesses, and the Defendants collectively are limited to 30 depositions of fact witnesses. Each deposition of a Party to be taken under Federal Rule of Civil Procedure 30(b)(6) counts as one deposition, regardless of the number of witnesses produced to testify on the matters for examination in that deposition. The following depositions do not count against the deposition caps imposed by the preceding sentence: (a) depositions of any persons identified on a side's preliminary or final trial witness list, if that witness has not already been deposed in this litigation; (b) depositions of the Parties' designated expert witnesses; (c) depositions taken in response to Civil Investigative Demands; (d) depositions taken for the sole purpose of establishing the location, authenticity, or admissibility of documents produced by any Party or non-party, provided that such depositions may be noticed only after the Party taking the deposition has taken reasonable steps to establish location, authenticity, or admissibility through other means, and further provided that such depositions must be designated at the time that they are noticed as being taken for the sole purpose of establishing the location, authenticity, or admissibility of documents; and (e) depositions of a non-party (including an employee of a non-party) to or with which a Defendant has made an offer, commitment, or agreement (including an agreement to divest or license assets) to attempt to address the United States' concerns about the Planned Transaction.

The parties will cooperate in good faith to reduce the burden on witnesses noticed for depositions and to accommodate the witnesses' schedules. Absent extraordinary circumstances, the Parties and non-parties will consult in advance to schedule depositions at mutually convenient times and places. The Parties will make witnesses available for deposition during fact discovery upon 14 days' notice but will in good faith use best efforts to schedule depositions within 7 days after receiving notice. Other than agencies identified on a Party's preliminary trial fact witness list or final trial fact witness list, depositions of the United States (or persons employed by or acting on behalf of the U.S. Department of Justice) are not permitted.

If a Party serves on a non-party a subpoena for production of documents or electronically stored information and a subpoena commanding attendance at a deposition, the Party serving

those subpoenas must schedule the deposition for a date at least 10 business days after the return date for the document subpoena. In the event that an opposing Party serves a separate subpoena on the same non-party and causes the date of production for that second document subpoena to result in fewer than 3 business days between that production date and the date scheduled for that non-party's deposition, the originally noticing Party may at its sole discretion postpone the date scheduled for the deposition for up to 3 business days following the second production date.

Depositions of fact witnesses are limited to no more than one (7-hour) day unless otherwise stipulated. During non-party depositions, the non-noticing side will receive at least two hours of examination time. If a non-party deposition is noticed by both sides, then time will be divided equally between the sides. Any time allotted to one side not used by that side in a non-party deposition may be used by the other side up to a 7-hour maximum for the whole deposition.

Notwithstanding any other provisions in this paragraph, if the United States notices the deposition of a non-party (including an employee of a non-party) to or with which a Defendant has made an offer, commitment, or agreement (including an agreement to divest or license assets) to attempt to address the United States' concerns about the Planned Transaction, then the United States will receive 7 hours of examination time for the deposition.

Any Party may further depose any person whose deposition was taken pursuant to a Civil Investigative Demand, and the fact that such person's deposition was taken pursuant to a Civil Investigative Demand may not be used as a basis for any Party to object to that person's deposition. Depositions taken of Party witnesses pursuant to Civil Investigative Demands will be deemed depositions taken pursuant to the Federal Rules of Civil Procedure for the purposes of use at trial and subject to the same treatment under the Federal Rules of Civil Procedure and Federal Rules of Evidence. Depositions taken of non-Party witnesses pursuant to Civil Investigative Demands may not be used at trial except for impeachment subject to the Federal Rules of Civil Procedure and Federal Rules of Evidence.

Reasonable breaks will be excluded from calculation of deposition time under Rule 30(d)(1) of the Federal Rules of Civil Procedure. Only a reasonable amount of time for a

deponent to review a document tendered for the examination will count against the Rule 30(d)(1) limits, but the parties agree that deponents will be free to review as much as he or she believes is necessary of any exhibit off the clock. If review of any document takes more than 3 minutes, then any counsel may ask for the clock to be stopped, and the witness may continue to review the document.

Any objection made by any party in a deposition preserves that objection for every party. No objections to questions posed at depositions shall be made other than as to lack of foundation, form, or privilege. *See* Fed. R. Civ. P. 32(d)(3)(A). Speaking objections are prohibited. No instruction not to answer shall be given unless a privilege is implicated. When a privilege is claimed, the witness should nevertheless answer questions relevant to the existence, extent or waiver of the privilege. Private conferences between deponents and attorneys about the substance of the testimony while the witness is under oath are prohibited, including on breaks during the deposition, except for the sole purpose of determining whether a privilege should be asserted.

Deponents and their counsel must make a good faith effort to prepare for depositions and to refresh witnesses' memories on important matters in the suit about which the witness reasonably should be expected to have knowledge.

The parties reserve the right to seek from the Court additional deposition time with particular witnesses or a different allocation of time than the allocations that are set forth within this Section.

### 7.     Discovery from Agencies Within the Executive Branch

Defendants may not seek discovery from any agency within the executive branch of the federal government (including any employee of any such agency), other than the Antitrust Division of the Department of Justice and agencies identified on a Party's preliminary trial fact witness list or final trial fact witness list. From entry of this Order until the conclusion of trial, Defendants may not submit requests under the Freedom of Information Act to any agency within the executive branch of the federal government other than the Department of Justice for the

1    purpose of assisting the defense of this litigation and may not take any steps to obtain responses
2    to previously submitted requests for the purpose of assisting the defense of this litigation.

3          **8.     Privilege Logs**

4          The Parties agree that the following privileged or otherwise protected communications
5    may be excluded from privilege logs:  (1) documents or communications sent solely between
6    outside counsel for the Defendants (or persons employed by or acting on behalf of such counsel);
7    (2) documents or communications sent solely between counsel for the United States (or persons
8    employed by or acting on behalf of the United States Department of Justice); (3) documents or
9    communications sent solely between outside counsel for a Defendant and inside counsel for that
10   Defendant; and (4) privileged documents or communications sent solely between outside or
11   inside counsel for a Defendant (or persons employed by or acting on behalf of such counsel) and
12   employees or agents of that Defendant.

13         A party or non-party asserting a privilege claim must redact only those portions of the
14   document that are protected by the privilege.  If a document contains privileged and non-
15   privileged information, the non-privileged information must be produced.  A party may withhold
16   a document only if the entire document is protected by a privilege.  Redactions shall be narrowly
17   applied so the receiving party has the ability to discern to the maximum extent practicable the
18   privilege assertion within the document and to view all non-privileged communications and
19   material.  Redactions based on relevance, non-responsiveness, or confidentiality are disallowed.
20   On emails, redactions must not obscure the headers (including the sender, the recipients, the
21   subject, and the date) unless the information in the header is itself subject to a privilege.  When a
22   privileged document is withheld in whole from production, the parties will insert a placeholder to
23   indicate that the document has been withheld.  If the withheld privileged document is part of a
24   responsive document family, the parties will insert a placeholder to indicate that the document
25   has been withheld from that family and will produce all non-privileged documents in the family.

26         Each privilege log must include a separate legend containing an alphabetical list (by last
27   name) of each person included on the privilege log, along with the person's title, and the
28   person's company affiliation.  The legend must include all variations of each person's name.

Attorneys who in acted a legal capacity must be marked with the designation ESQ after their last name (include a space before and after "ESQ"). Each privilege log must include a separate legend containing, for each email listserv or group, the names of all members of that email listserv or group. The legend must include columns for last name, first name, and ESQ. For each entry of the privilege log, all attorneys acting in a legal capacity with respect to that particular document or communication will be marked with the designation ESQ after their names.

Documents withheld or redacted but later determined not to be privileged will be produced no later than 7 days after such determination. Documents determined not to be privileged will be marked with "-d" (for deprivileged) after the Bates number on each page of the documents. Upon production of deprivileged documents, the producing party will produce an index mapping the Bates number of each deprivileged document to the control number used to identify that document on the privilege log.

**9.     Inadvertent Production of Privileged or Work-Product Documents or Information**

The disclosure of any document or ESI subject to attorney-client privilege, deliberative process privilege, work-product protection, or other applicable legal or evidentiary privilege ("Privileged Material") is not a waiver in this Action or in any other federal or state proceeding, provided that (a) the disclosure was inadvertent; (b) the Person that disclosed the Privileged Material used reasonable efforts to prevent such disclosure; and (c) the Person that disclosed the Privileged Material promptly took reasonable steps to rectify the error, including following Federal Rule of Civil Procedure 26(b)(5)(B).

The Person asserting the privilege bears the burden of proof with respect to a claim or assertion of privilege. A Person claiming inadvertent production of Privileged Material must first make a good-faith determination that such materials are privileged or otherwise protected from disclosure under applicable law and rules. The Person must then promptly notify all Parties that received the Privileged Material and provide sufficient information for such Parties to assess the claim of privilege, in the form of a privilege log as outlined in Federal Rule of Civil Procedure

26(b)(5).  If a receiving Person discovers a document that it believes to be Privileged Material, the receiving Person must promptly notify the designating Person; provided, however, that no Person will be found to have violated this Order for failing to recognize inadvertently produced Privileged Material.

After discovering or being notified of a claim of inadvertent production of Privileged Material, any receiving Person (a) may not use or disclose the Privileged Material until the claim is resolved, except as permitted by Federal Rule of Civil Procedure 26(b)(5), (b) must return, sequester, or destroy all copies of the Privileged Material in its possession, and (c) must take reasonable steps to retrieve the Privileged Material from any Person(s) to whom the receiving Person disclosed it before being notified of or discovering the inadvertent production.  The designating Person must retain a copy of the Privileged Material until the resolution or termination of this Action.

### 10.     Presumptions of Authenticity

Documents produced by Parties and non-parties from their own files will be presumed to be authentic within the meaning of Federal Rule of Evidence 901.  Any good-faith objection to a document's authenticity must be provided with the exchange of other objections to intended trial exhibits.  If the opposing side serves a specific good-faith written objection to the document's authenticity, the presumption of authenticity will no longer apply to that document and the Parties will promptly meet and confer to attempt to resolve any objection.

### 11.     Expert Witness Disclosures and Depositions.

No expert shall testify at trial as to any opinions or base those opinions on facts not substantially disclosed in their report.  Expert disclosures, including each side's expert reports, must be conducted in accordance with the requirements of Federal Rule of Civil Procedure 26(a)(2) and 26(b)(4), except as modified by this paragraph.

1.     Neither side must preserve or disclose, including in expert deposition testimony, the following documents or information:

a.    Any form of oral or written communications, correspondence, or work product not relied upon by the expert in forming any opinions in their final report shared between:

  i.    the expert and any persons assisting the expert;

  ii.    any party's counsel and its expert(s), or between any agent or employee of party's counsel and the party's expert(s);

  iii.    testifying and non-testifying experts;

  iv.    non-testifying experts; or

  v.    testifying experts;

b.    The expert's notes, except for notes taken by or reviewed by an expert of an interview upon which the expert relied in forming any opinions in their final report;

c.    Drafts of expert reports, affidavits, or declarations;

d.    Data formulations, data runs, data analyses, or any database-related operations not relied upon by the expert in forming any opinions in their final report; and

e.    Budgets, invoices, bills, receipts, or time records concerning testifying or non-testifying experts, their staff, assistants, colleagues, or associates, or their companies or organizations.  Notwithstanding this provision, any party may inquire into a testifying expert's compensation in this matter, including the testifying expert's hourly rates, the total hours spent by the testifying expert and staff members in connection with this case, and any other payments or consideration received by the testifying expert relating to work in the case.

2.    Testifying expert reports and declarations shall be served via email.

3.    The parties agree that the following materials will be disclosed electronically, to the extent possible, three days after each expert report is served:

Draft from DOJ – 2025.02.03

a.   A list by Bates number of all documents relied upon by the testifying expert(s) in forming any opinions in their final reports, including Bates numbers of documents previously produced;

b.   Copies of all materials relied upon by the expert in forming any opinions in their report that were not previously produced and that are not readily available publicly;

c.   A list of all publications authored by the expert in the previous 10 years;

d.   Copies of all publications authored by the expert in the previous 10 years that are not readily available publicly;

e.   A list of all other cases in which, during the previous 4 years, the expert testified at trial or by deposition, including tribunal and case number;

f.   For all calculations appearing in the final report(s), all data and programs underlying the calculations, including all programs and codes necessary to replicate the calculations from the initial ("raw") data files, and the intermediate working-data files that are generated from the raw data files and used in performing the calculations appearing in the report and a written explanation of why any observations in the raw data were either excluded from the calculations or modified when used in the calculations ("Backup Materials"). For clarity, raw data files are data that exist in the ordinary course of business, and intermediate working-data files are data assembled or processed for purposes of litigation; and

g.   A statement of the compensation to be paid to the testifying expert for their report and testimony in the case, which statement may appear in the testifying expert's report.

Each expert will be deposed for only one 7-hour day, with all 7 hours reserved for the side noticing the expert's deposition. Depositions of each side's experts will be conducted only after disclosure of all expert reports and all materials identified in above for all that side's experts.

The parties shall not serve subpoenas or discovery requests upon any testifying or non-testifying expert. Instead, the party proffering such testifying expert will: (a) be responsible for producing all materials and information required under this Order or to the extent not addressed in this Order, under the Federal Rules of Civil Procedure, for the testifying expert, and (b) upon request, make the testifying expert available for deposition at a time mutually agreed to by the parties and consistent with the Court's scheduling orders.

**IX.     Class Actions**

Not applicable.

**X.     Related Cases**

The Parties presently are not aware of any related cases before another judge of this Court, or before another court or administrative body.

**XI.     Relief**

The United States requests that the Court: (a) adjudge and decree that HPE's proposed acquisition of Juniper would be unlawful and violate Section 7 of the Clayton Act, 15 U.S.C. § 18; (b) preliminarily and permanently enjoin and restrain Defendants and all persons acting on their behalf from consummating HPE's acquisition of Juniper or from entering into or carrying out any other contract, agreement, plan, or understanding, the effect of which would be to combine HPE and Juniper in the United States; (c) award the United States the costs of this action; and (d) award the United States other relief that the Court deems just and proper.

**XII.     Settlement and ADR**

The Parties do not believe there is a realistic possibility of settling this case at this time. The Parties will participate in an early settlement conference with a Magistrate Judge (ADR L.R. 7), as ordered by the Court.

**XIII.     Other References**

The Parties do not believe that other references are appropriate at this time.

## XIV.   Narrowing of Issues

The Parties have not identified issues that can be narrowed by agreement or by motion at this time.  The Parties will continue to discuss mechanisms to expedite the presentation of evidence at trial.

## XV.   Scheduling

The Parties jointly submit the following schedule.  Unless otherwise specified, days will be computed according to Rule 6(a) of the Federal Rules of Civil Procedure.

| Event | Date |
| --- | --- |
| Complaint filed | Thursday, January 30, 2025 |
| Parties exchange Investigation Materials not subject to an objection under the terms of the Protective Order | 7 days after filing of Protective Order |
| Answers to Complaint due | The earlier of March 3, 2025 or 3 days after exchange of Investigation Materials |
| Discovery begins | The earlier of Monday, March 3, 2025 or 1 day after the entry of this Order |
| Any other parties must be joined or the pleadings amended | Thursday, March 6, 2025 |
| Parties exchange preliminary trial fact witness lists | Thursday, April 17, 2025 |
| Parties exchange designations of all experts they intend to call in their respective case-in-chief and defense case, along with a brief statement of the subject matter on which the experts will testify | Thursday, April 17, 2025 |
| Parties exchange final trial fact witness lists | Thursday, May 22, 2025 |
| Parties exchange designations of all experts they intend to call in their respective rebuttals, along with a brief statement of the subject matter on which the experts will testify | Thursday, May 29, 2025 |

Draft from DOJ – 2025.02.03

| Event | Date |
|---|---|
| Close of fact discovery | Thursday, June 26, 2025 |
| Initial expert reports on the issues on which the parties bear the burden | Thursday, July 3, 2025 |
| Rebuttal expert reports to the initial expert reports | Thursday, July 31, 2025 |
| Reply expert reports to the rebuttal expert reports | Thursday, August 28, 2025 |
| Parties exchange exhibit lists and opening deposition designations | Thursday, September 4, 2025 |
| Close of expert discovery | Thursday, September 11, 2025 |
| Each party informs each non-party of all confidential documents produced by that non-party that are on the party's exhibit list and all confidential deposition testimony of that non-party that have been designated by any party | Thursday, September 11, 2025 |
| Parties exchange objections to the other side's exhibits and opening deposition designations and their counter-designations | Monday, September 15, 2025 |
| Parties exchange their objections to the other side's deposition counter-designations and their counter-counter-designations | Wednesday, September 17, 2025 |
| Non-parties provide notice whether they object to the potential public disclosure at trial of any non-party documents and depositions, explain the basis for any such objections, and propose redactions where possible | Friday, September 19, 2025 |
| Parties meet and confer regarding admissibility of trial exhibits and deposition designations | Friday, September 19, 2025 |
| Parties meet and confer regarding disputes about confidentiality of party documents on trial exhibit lists | Friday, September 19, 2025 |

| Event | Date |
|---|---|
| Parties and non-parties meet and confer regarding confidentiality of non-party documents on trial exhibit lists and non-party depositions | Wednesday, September 24, 2025 |
| Motions *in limine* filed | Friday, September 26, 2025 |
| Expert reports with executive summaries filed | Friday, September 26, 2025 |
| Oppositions to motions *in limine* filed | Friday, October 3, 2025 |
| Replies in support of motions *in limine* filed | Wednesday, October 8, 2025 |
| Each side's pretrial brief filed | Friday, October 10, 2025 |
| Joint pretrial statement filed | Friday, October 10, 2025 |
| Final pretrial conference | Monday, October 20, 2025 |
| Trial begins | Monday, October 27, 2025 |

## XVI.   Trial

This case will be tried to the court.  Plaintiffs expect the trial to last no more than twelve (12) days.  Defendants expect the trial to last no more than _____.

## XVII.  Disclosure of Non-party Interested Entities or Persons

The United States is not required to file a Certification of Interested Entities or Persons under Civil Local Rule 3-15.  Defendants _____.

## XVIII. Professional Conduct

All attorneys of record for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

## XIX.   Other Matters

### A.      Witness Lists

The United States is limited to 30 persons on its preliminary trial witness list, and the Defendants collectively are limited to 30 persons on their preliminary trial witness list.  The preliminary witness lists must include fact witnesses, and must provide the address, telephone number, and email address of each witness.  The final witness lists must also include expert

1  witnesses.  The United States is limited to 25 persons on its final trial witness list, and the

2  Defendants collectively are limited to 25 persons on their final trial witness list.

3  Each side's final trial witness list may identify no more than 5 witnesses that were not

4  identified on that side's preliminary trial witness list.  Despite the limitation on the number of

5  depositions that each side may take, each side shall have the right to depose any witness on the

6  opposing side's preliminary or final witness list if that witness has not already been deposed in

7  this litigation, even if the limitation on depositions is exceeded.  The final trial witness lists must

8  comply with Federal Rule of Civil Procedure 26(a)(3)(A)(i)–(ii), include both fact and expert

9  witnesses, and must include a brief summary of the subjects about which any expert witnesses

10  will testify.

11  In preparing preliminary trial witness lists and final trial witness lists, the Parties must

12  make good-faith attempts to identify the witnesses (including expert witnesses) whom they

13  expect that they may present as live witnesses at trial (other than solely for impeachment).  No

14  Party may offer into evidence at trial any portion of a person's deposition testimony unless that

15  person was identified on that Party's final trial witness list.  No Party may call a person to testify

16  as a live witness at trial (other than solely for impeachment) unless that person was identified on

17  that Party's final trial witness list.

18  **B.  Completion of Planned Transaction**

19  Defendants have agreed that they will not close, consummate, or otherwise complete the

20  Planned Transaction prior to 12:01 a.m. Eastern Time on the thirtieth day after the

21  commencement of this action.  For purposes of this Order, "Planned Transaction" means HPE's

22  planned acquisition of Juniper.

23  **C.  Service of Pleadings and Discovery on Other Parties**

24  To assist the parties in planning discovery, and in view of the geographic dispersion of

25  potential witnesses in this action outside this District, the parties are permitted, under 15 U.S.C. §

26  23, to issue nationwide discovery and trial subpoenas from this Court. The availability of

27  nationwide service of process, however, does not make a witness who is otherwise "unavailable"

28

for purposes of Federal Rule of Civil Procedure 32 and Federal Rule of Evidence 804 available under those rules or otherwise affect the admissibility at trial of a deposition of a witness.

### D.     Service of Pleadings and Discovery on Other Parties

Service of all pleadings, discovery requests (including subpoenas for testimony or documents under Federal Rule of Civil Procedure 45), expert disclosures, and delivery of all correspondence in this matter must be made by ECF or email, except when the volume of attachments requires overnight delivery of the attachments or personal delivery, to the following individuals designated by each Party:

**For Plaintiff the United States:**

  Michael J. Freeman (Michael.Freeman@usdoj.gov)
  Craig Conrath (Craig.Conrath@usdoj.gov)
  Jeremy Goldstein (Jeremy.Goldstein@usdoj.gov)
  Elizabeth S. Jensen (Elizabeth.Jensen@usdoj.gov)
  Thomas Greene (Thomas Greene@usdoj.gov)
  Pamela Cole (Pam.Cole@usdoj.gov)
  U.S. Department of Justice, Antitrust Division
  450 Golden Gate Avenue, Suite 10-0101
  San Francisco, CA 94102
  Tel: (415) 934-5300

**For Defendant Hewlett Packard Enterprise Co.:**

  Jennifer Mellott (jennifer.mellott@freshfields.com)
  Mary Lehner (mary.lehner@freshfields.com)
  Freshfields US LLP
  700 13th Street, NW, 10th Floor
  Washington, DC 20005-3960
  Tel: (202) 777-4500

**For Defendant Juniper Networks, Inc.:**

  Steven C. Sunshine (steve.sunshine@skadden.com)
  Maria Raptis (maria.raptis@skadden.com)
  Joseph M. Rancour (joseph.rancour@skadden.com)
  Skadden, Arps, Slate, Meagher & Flom LLP
  1440 New York Ave., NW
  Washington, DC 20005
  Tel.: (202) 371-7000

1  For purposes of calculating discovery response times under the Federal Rules of Civil

2  Procedure, electronic delivery at the time the email was received will be treated in the same

3  manner as hand delivery at that time.  However, for any service other than service of court

4  filings, email service that is delivered after 5:00 p.m. Pacific Time will be treated as if it was

5  served the following business day.

6  **E.    Modification of Discovery Order**

7  Modifications of the rights and responsibilities of the Parties under this Order may be

8  made by mutual agreement of the Parties, provided any such modification has no effect on the

9  schedule for pretrial filings or trial dates.  Otherwise, any Party may seek modification of this

10  Order for good cause.

11

12  Dated: February __, 2025                           _____

13                                                      Michael J. Freeman

14                                                      Trial Attorney
                                                        U.S. Department of Justice, Antitrust Division

15                                                      450 Golden Gate Avenue, Suite 10-0101
                                                        San Francisco, CA 94102

16                                                      Tel: (415) 934-5300
                                                        Email: michael.freeman@usdoj.gov

17                                                      *Attorneys for Plaintiff United States*

18

19  Dated: February __, 2025                           _____

20                                                      Jennifer Mellott
                                                        Freshfields US LLP

21                                                      700 13th Street, NW, 10th Floor
                                                        Washington, DC 20005-3960

22                                                      Tel: (202) 777-4500

23                                                      Email: jennifer.mellott@freshfields.com
                                                        *Attorneys for Hewlett Packard Enterprise Co.*

24

25  Dated: February __, 2025                           _____

26                                                      Steven. C. Sunshine
                                                        Skadden, Arps, Slate, Meagher & Flom LLP

27                                                      1440 New York Avenue, NW
                                                        Washington, DC 20005

28                                                      Tel: (202) 371-7000
                                                        Email: steve.sunshine@skadden.com

Draft from DOJ – 2025.02.03

*Attorneys for Defendant Juniper Networks, Inc.*

IT SO ORDERED.


Dated: _____

_____
HONORABLE P. CASEY PITTS
United States District Judge

Draft from DOJ – 2025.02.03

1

## <u>ATTORNEY ATTESTATION</u>

2        I, _____, am the ECF user whose identification and password are being used to file

3  the JOINT STIPULATION AND [PROPOSED] ORDER.  In compliance with Local Rule 5-

4  1(i)(3), I hereby attest that all signatories hereto concur in this filing.

5                     /s/ _____