# **EXHIBIT F**

| | |
|---|---|
| **From:** | Freeman, Michael (ATR) <Michael.J.Freeman@usdoj.gov> |
| **Sent:** | Monday, February 10, 2025 9:47 PM |
| **To:** | ELMER, Julie (JSE); MELLOTT, Jenn (JEM); Goldstein, Jeremy (ATR) |
| **Cc:** | steve.sunshine@skadden.com; Tara Reinhart; Ryan Travers; SALEM, Sara; LIN, Daphne; FORKNER, Constance |
| **Subject:** | RE: US v. HPE/Juniper |
| **Attachments:** | 2025.02.10 HPE-Juniper - DOJ Redline of Defs Feb 7 Draft CMS.docx |

Julie,

In response to your email from Friday, attached is the DOJ's redline of your latest CMO proposal. As you will see, in an effort of compromise, we have trimmed a significant amount of time from our original proposal, now suggesting trial begin on September 8. This date is more than a month before the Defendants' self-imposed walk away date.

Regarding your statement that you are filing a motion tomorrow, it is not clear what motion you are filing and what you are requesting. If you can provide clarity, we would be able to make an informed decision of whether to join the motion. Is the filing just a request for an earlier case management conference and, if so, when are you requesting one? We believe one should be held earlier than May 1, but that the most efficient use of the Court's resources would be a single case management conference to handle all impasses related to the CMO, PO, and ESI Protocol. As of now, we do not know where you stand related to our new proposal and other line edits for these documents.

We are willing to meet and confer tomorrow. Please let us know what time works best.

Mike


**Michael J. Freeman**
Senior Litigation Counsel
U.S. Department of Justice | Antitrust Division
450 Fifth Street NW, Washington, DC, 20530
Michael.Freeman@usdoj.gov


**From:** ELMER, Julie (JSE) <Julie.Elmer@freshfields.com>
**Sent:** Monday, February 10, 2025 6:15 PM
**To:** Freeman, Michael (ATR) <Michael.J.Freeman@usdoj.gov>; MELLOTT, Jenn (JEM) <jennifer.mellott@freshfields.com>; Goldstein, Jeremy (ATR) <Jeremy.Goldstein@usdoj.gov>
**Cc:** steve.sunshine@skadden.com; Tara Reinhart <tara.reinhart@skadden.com>; Ryan Travers <ryan.travers@skadden.com>; SALEM, Sara <Sara.Salem@freshfields.com>; LIN, Daphne <Daphne.Lin@freshfields.com>; FORKNER, Constance <Constance.Forkner@freshfields.com>
**Subject:** [EXTERNAL] RE: US v. HPE/Juniper

Mike,

Given that Defendants have been asking for a trial date that accommodates the termination date in their merger agreement since the day you filed the complaint, you should be able to tell us by now what alternative date you are proposing. On January 31, we offered a date reasonably calculated to get everything done before the termination

date.  During our February 7 meet and confer, Steve and I repeatedly asked for the government's position on the trial date – which you refused to give – and we made clear that without a realistic trial date we would be moving for a scheduling conference today, jointly or without you.  Your email at 4:21 pm ET today with no proposed date does nothing to relieve the impasse.

We will be filing our motion tomorrow morning. Let us know if you will be joining the motion.

Julie

**Julie Elmer**
Partner

**Freshfields US LLP**
700 13th Street NW
Washington DC 20005
**T** +1 (202) 777-4587 **| M** +1 (202) 420-1788

---

**From:** Freeman, Michael (ATR) <Michael.J.Freeman@usdoj.gov>
**Sent:** Monday, February 10, 2025 4:21 PM
**To:** ELMER, Julie (JSE) <Julie.Elmer@freshfields.com>; MELLOTT, Jenn (JEM) <jennifer.mellott@freshfields.com>; Goldstein, Jeremy (ATR) <Jeremy.Goldstein@usdoj.gov>
**Cc:** steve.sunshine@skadden.com; Tara Reinhart <tara.reinhart@skadden.com>; Ryan Travers <ryan.travers@skadden.com>; SALEM, Sara <Sara.Salem@freshfields.com>; LIN, Daphne <Daphne.Lin@freshfields.com>; FORKNER, Constance <Constance.Forkner@freshfields.com>
**Subject:** RE: US v. HPE/Juniper

Julie,

Thanks for the redline back on the protective order. We will take a look and get back in short order.

Regarding the case management order, we are finalizing our redline and will get that to you likely today, or at the latest, tomorrow morning. We will be proposing an alternative trial date.

After you receive our edits and new proposal, let us know if you would like to meet and confer to discuss moving forward, including requesting an expedited case management conference.

Thanks.

Mike

**Michael J. Freeman**
Senior Litigation Counsel
U.S. Department of Justice | Antitrust Division
450 Fifth Street NW, Washington, DC, 20530
Michael.Freeman@usdoj.gov

---

**From:** ELMER, Julie (JSE) <Julie.Elmer@freshfields.com>
**Sent:** Monday, February 10, 2025 3:54 PM
**To:** Freeman, Michael (ATR) <Michael.J.Freeman@usdoj.gov>; MELLOTT, Jenn (JEM)

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 25-cv-00951 |
| *Plaintiff* | |
| v. | **JOINT CASE MANAGEMENT STATEMENT & [PROPOSED] ORDER** |
| HEWLETT PACKARD ENTERPRISE CO. and JUNIPER NETWORKS, INC., | |
| *Defendants.* | |

Plaintiff United States of America and Defendants Hewlett Packard Enterprise Co. ("HPE") and Juniper Networks, Inc. ("Juniper") jointly submit this Joint Case Management Statement & Proposed Order pursuant to the Standing Order for All Judges of the Northern District of California and Civil Local Rule 16-9.

## I.      Jurisdiction & Service

This Court has subject matter jurisdiction over this action under Section 15 of the Clayton Act, 15 U.S.C. § 25, as amended, to prevent and restrain Defendants from violating Section 7 of

the Clayton Act, 15 U.S.C. § 18.  Defendants consent to personal jurisdiction and venue in this Court.  Counsel for Defendants, acting on behalf of Defendants, have accepted service of the Complaint and have waived formal service of a summons.

## II.    Facts

The Complaint makes the following factual allegations.  The United States brings this civil action to prevent HPE from acquiring its competitor, Juniper.  The United States alleges that HPE and Juniper are the second and third largest providers of commercial or "enterprise" wireless networking solutions in the United States.  The United States contends that the acquisition, if consummated, would result in two companies—Cisco Systems, Inc. ("Cisco") and HPE—controlling over 70% of the U.S. market and eliminate fierce head-to-head competition between Defendants, who offer enterprise-grade wireless networking solutions ("enterprise-grade WLAN solutions") under the HPE Aruba and Juniper Mist brands.  According to the United States, if consummated, the merger would extinguish head-to-head competition that has lowered prices and driven investment in innovative network management software in violation of Section 7 of the Clayton Act, 15 U.S.C. § 18.

Defendants contend that enjoining the transaction will reinforce the status quo in a segment that has been dominated by Cisco for decades and will deprive consumers and businesses of the benefits of a combined company.  According to Defendants, Plaintiff's assertion that the transaction is motivated by a desire to consolidate the WLAN segment is entirely unsupported and inconsistent with the fact that WLAN is only a small part of the Defendants' respective overall businesses.  Defendants argue that the Transaction is motivated by a desire to combine two complementary businesses to enable the combined firm to bring new, more innovative, and more secure networking products to public and private sector customers in the U.S. and worldwide.  Defendants assert that Plaintiff's Complaint ignores these benefits that will result from the transaction as well as critical facts regarding the nature and extent of competition in the wireless networking space, and claim that Defendants face intense

-2-

competition from not only Cisco–the clear market leader with over 50% market share–but also at least seven other credible competitors with comparable offerings and capabilities in a segment characterized by innovation and low entry barriers.

### III.  Legal Issues

The following legal issues are in dispute:

A.  Whether HPE's proposed acquisition of Juniper, if allowed to proceed, would violate Section 7 of the Clayton Act, 15 U.S.C. § 18, because the effect of it may be to substantially lessen competition in interstate trade and commerce in the market for enterprise-grade WLAN solutions in the United States;

B.  Whether enterprise-grade WLAN solutions is a properly defined relevant product market;

C.  Whether the United States is a properly defined relevant geographic market;

D.  Whether the acquisition will lead to anticompetitive effects in a properly defined market;

E.  Whether entry, expansion, and repositioning of other firms would be timely, likely, and sufficient in magnitude, character, and scope to deter or counteract the alleged anticompetitive effects of the acquisition;

F.  Whether merger-specific efficiencies and synergies sufficiently outweigh the alleged anticompetitive effects of the acquisition; and

G.  Whether the Court should preliminarily and permanently enjoin and restrain Defendants and all persons acting on their behalf from consummating HPE's acquisition of Juniper or from entering into or carrying out any other contract, agreement, plan, or understanding, the effect of which would be to combine HPE and Juniper in the United States.

## IV.    Motions

No motions are presently on file.  Defendants reserve their rights to file dispositive motions.  The Parties anticipate filing one or more motions *in limine* and may file *Daubert* motions.

## V.    Amendment of Pleadings

Although the Parties do not intend to amend their pleadings, any amendment must be filed on or before February 28, 2025. Defendants filed Answers to the Complaint on February 10, 2025.

## VI.    Evidence Preservation

The Parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information and have met and conferred pursuant to Federal Rule of Civil Procedure 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonable evidence in this action.  The Parties acknowledge that they have reviewed the Court's Checklist regarding Electronically Stored Information ("ESI") and confirm that they will meet and confer to address reasonable and proportionate steps, including developing a joint ESI protocol, to preserve evidence relevant to the issues reasonably evident in this action.

## VII.    Disclosures

The Parties agree to waive the exchange of initial disclosures under Federal Rule of Civil Procedure 26(a)(1) and instead will exchange preliminary trial fact witness lists as provided in the proposed schedule in Paragraph XV.

## VIII.    Discovery

### A.    Production of Documents, Data, and ESI

The Parties will meet and confer to address the format and production of documents, data, and ESI, including any timelines regarding such productions, in a separate ESI protocol.    .

### B.    Proposed Discovery Plan

-4-

The Parties have met and conferred regarding a proposed discovery plan and agree on the following:

### 1.     Definitions

For purposes of this Order, "Party" means the Antitrust Division of the U.S. Department of Justice, HPE, and Juniper.

### 2.     Discovery of Confidential or Highly Confidential Information

Discovery and production of Confidential or Highly Confidential information will be governed by the Protective Order entered by the Court in this action. When sending discovery requests, notices, and subpoenas to non-parties, the Parties must include copies of any Protective Orders then in effect.

### 3.     Timely Service of Fact Discovery

All discovery, including discovery served on non-parties, must be served in time to permit completion of responses by the close of fact discovery.

### 4.     Subpoenas to Non-Parties

The Parties will in good faith cooperate with each other with regard to any discovery to non-parties in an effort to minimize the burden on non-parties. Each Party must serve a copy of any subpoena to a non-party on the other Parties at or before the time the subpoena is served on the non-party. The Parties agree to accept electronic service (by email) of a notice and copy of the subpoena. Every subpoena to a non-party shall include a cover letter requesting that: (a) the non-party stamp each document with a production number prior to producing it; (b) the non-party stamp any applicable confidentiality designation prior to producing it; and (c) the non-party provide to the other Parties copies of all productions at the same time as they are produced to the requesting party. To facilitate cooperation, a requesting party will produce to all other Parties a written record of any oral modifications to the subpoena and (unless already copied) all substantive written communications concerning non-party subpoenas within five (5) business

days of the oral or written communication, including objections, responses, agreements on extensions or limitations, and accounts of productions received from non-parties.

If a non-party fails to provide copies of productions to the other side, the requesting Party shall provide copies to the other Party, in the format the productions were received, within 5 business days after receipt of such materials from the non-party.  In addition, if a non-party produces documents or electronically stored information that are not Bates-stamped, the Party receiving those materials will Bates-stamp such documents or electronically stored information and produce such Bates-stamped copies to all Parties simultaneously within a timeframe appropriate to the volume and complexity of the materials received.  Production of the Bates-stamped copies should not delay production of the non-Bates stamped versions to all Parties as required in the first sentence of this paragraph.

###### 5.    Written Discovery on Parties

###### a.    Document Requests

There is no pre-determined limit on the number of requests for the production of documents that may be served by the Parties, but any requests must be proportional to the needs of the case as required by Federal Rule of Civil Procedure 26(b)(1).  The Parties must serve hit reports for the identified search terms at the search-phrase and search-term level, and counter proposals for custodians and search terms (including hit reports at the search-phrase and search-term level) within 10 days after the requests are served.

The Parties must serve any objections to requests for productions of documents within 7 business days after the requests are served.  Within 3 business days of service of any objections, the Parties must meet and confer to attempt to resolve any objections and to agree on search terms and custodians to be searched.  The Parties must make good-faith efforts to make rolling productions of responsive documents (to the extent not subject to any objections, search terms negotiations, or custodian issues that have not been resolved), including any portion(s) of responsive productions that are not subject to any objections, search term negotiations, or custodian issues, beginning no later than 21 days after service of the request for production.

The Parties must make good-faith efforts to substantially complete responsive productions no later than 28 days after service of the request for production.  Should any objections, search term disputes, or custodian issues remain unresolved for 14 days or more after service of the request for production, the Parties must make good-faith efforts to complete such remaining responsive productions no later than 14 days after resolution of such objections, search term negotiations, or custodian issues.

### b.    Data Requests

The Parties will meet and confer in good faith regarding any requests for production of data or data compilations, will produce data samples and data dictionaries (including information sufficient to allow reasonable use of the database) for all sources of structured data or data compilations requested no later than 14 days after service of the requests, will substantially complete production of data or data compilations no later than 28 days after service of the requests, and will finally complete production of data or data compilations no later than 35 days after service of the requests

### c.    Interrogatories

Interrogatories are limited to 10 (including discrete subparts) to Defendants collectively by the United States and to 10 (including discrete subparts) to the United States collectively by Defendants.  The Parties must serve any objections to interrogatories within 7 business days after the interrogatories are served.  Within 3 business days of service of any objections, the Parties must meet and confer to attempt to resolve the objections.  The Parties must make good-faith efforts to provide complete answers to interrogatories no later than 28 days after service of the interrogatories.

### d.    Requests for Admission

Requests for admission are limited to 20 by the United States to  Defendants collectively and to 20 by Defendants collectively to the United States.  Requests for admission relating solely

to the authorship, authentication, or admissibility of documents, data, or other evidence (which are issues that the Parties must attempt to resolve initially through negotiation) do not count against these limits.  Unless otherwise agreed, the Parties must make good faith efforts to respond in writing to requests for admissions no later than 28 days after service of the requests.

### e.    **Internal Memoranda**

The Parties agree that neither the Defendants nor the United States must preserve or produce in discovery internal memoranda that were not directly or indirectly furnished to any non-Party authored by Defendants' outside counsel (or persons employed by or acting on behalf of such counsel) or by counsel for the United States (or persons employed by the United States Department of Justice).  The Parties will neither request, nor seek to compel, production of any interview notes, interview memoranda, or a recitation of information contained in such notes or memoranda, except for such material relied upon by a testifying expert and not produced in compliance with Section X.B.11.

### 6.    **Depositions**

The United States is limited to 25 depositions of fact witnesses, and the Defendants collectively are limited to 25 depositions of fact witnesses. Depositions of a Party or third-party organization may be taken by either party under Federal Rule of Civil Procedure 30(b)(6) and will count against the 25-deposition maximum. The United States may issue no more than two (2) deposition notice under Rule 30(b)(6) to each Defendant (four total).  Each deposition of a Party to be taken under Federal Rule of Civil Procedure 30(b)(6) counts as one deposition, regardless of the number of witnesses produced to testify on the matters for examination in that deposition. Where a witness testifying on behalf of a Defendant under Rule 30(b)(6) has also been noticed as a fact witness, the Parties shall confer regarding whether it is reasonable to take both depositions on the same day or on consecutive business days.  The following depositions do not count against the deposition caps imposed in this Paragraph:  (a) depositions of any persons identified on a Party's final fact witness list who were not identified on that Party's preliminary fact witness list; (b) depositions of the Parties' designated expert witnesses; (c) depositions taken

in response to Civil Investigative Demands prior to January 30, 2025; (d) the 2-hours of deposition time afforded to non-noticing Parties in non-party depositions; (e) depositions taken for the sole purpose of establishing the location, authenticity, or admissibility of documents produced by any Party or non-party, provided that such depositions may be noticed only after the Party taking the deposition has taken reasonable steps to establish location, authenticity, or admissibility through other means, and further provided that such depositions must be designated at the time that they are noticed as being taken for the sole purpose of establishing the location, authenticity, or admissibility of documents; or (f) depositions of a non-party (including an employee of a non-party) to or with which a Defendant has made an offer, commitment, or agreement (including an agreement to divest or license assets) to attempt to address the United States' concerns about the Planned Transaction.

The parties will use reasonable efforts to reduce the burden on witnesses (including experts) noticed for depositions and to accommodate the witnesses' schedules. Absent extraordinary circumstances, the Parties and non-parties will consult in advance to schedule depositions at mutually convenient times and places. Parties will make reasonable efforts to make witnesses (including experts) available for deposition promptly upon notice. The Parties will meet and confer in good faith regarding whether a deposition will be conducted virtually or in-person.

For any Party or non-party deposition conducted virtually by agreement of the Parties or Court order, the deposition will take place by videoconference. The court reporter will swear in the witness remotely by means of the videoconference. No participants other than the court reporter, and videographer if applicable, will record the deposition.

If a Party serves on a non-party a subpoena for production of documents or electronically stored information and a subpoena commanding attendance at a deposition, the Party serving those subpoenas must schedule the deposition for a date at least 10 business days after the return date for the document subpoena. In the event the Party serving the subpoenas agrees to extend the date of production for the document subpoena in a way that would result in fewer than 10

business days between the extended production date and the date scheduled for that non-party's

deposition, the date scheduled for the deposition must be postponed to be at least 10 business

days following the extended production date, unless all other Parties consent to fewer than 10

business days.  In the event that an opposing Party serves a separate subpoena on the same non-

party and causes the date of production for that second document subpoena to result in fewer

than 3 business days between that production date and the date scheduled for that non-party's

deposition, the originally noticing Party may at its sole discretion postpone the date scheduled

for the deposition for up to 3 business days following the second production date.

Depositions of fact witnesses are limited to no more than one (7-hour) day unless

otherwise stipulated. During non-party depositions, the non-noticing side will receive at least two

hours of examination time.  If a non-party deposition is noticed by both sides, then time will be

divided equally between the sides (i.e., 3.5 hours to Plaintiff and 3.5 hours collectively to

Defendants).  Any time allotted to one side not used by that side in a non-party deposition may

not be used by the other side absent agreement from both sides.

Any Party may further depose any person whose deposition was taken pursuant to a

Civil Investigative Demand, and the fact that such person's deposition was taken pursuant to a

Civil Investigative Demand may not be used as a basis for any Party to object to that person's

deposition.  Depositions taken of non-party witnesses pursuant to Civil Investigative Demands

may not be used at trial except for impeachment subject to the Federal Rules of Civil Procedure

and Federal Rules of Evidence.

Any objection made by any party in a deposition preserves that objection for every party.

No objections to questions posed at depositions shall be made other than as to lack of foundation,

form, or privilege.  *See* Fed. R. Civ. P. 32(d)(3)(A).  Speaking objections are prohibited.  No

instruction not to answer shall be given unless a privilege is implicated.  When a privilege is

claimed, the witness should nevertheless answer questions relevant to the existence, extent or

waiver of the privilege. Private conferences between deponents and attorneys about the substance of the testimony while the witness is under oath are prohibited, including on breaks during the deposition, except for the sole purpose of determining whether a privilege should be asserted.

Notwithstanding any other part of this Paragraph, the Parties reserve their right to move for a protective order pursuant to Federal Rule of Civil Procedure 26(c)(1). The parties reserve the right to seek from the Court additional deposition time with particular witnesses or a different allocation of time than the allocations that are set forth within this Section.

### 7.    Supplemental Discovery

Notwithstanding any other provision of this Order, each Party may issue supplemental deposition notices or deposition subpoenas, related to any person (including entities related to any such person) identified on a Party's final trial fact witness list who was not identified on that Party's preliminary trial fact witness list within 3 calendar days of receipt of the final fact witness list; provided, however, that no additional depositions may be sought from any person who was previously deposed during this Action.

Notwithstanding any other provision of this Order, depositions related to any person (including entities related to any such person) identified on a Party's final trial fact witness list who was not identified on that Party's preliminary trial fact witness list must be completed by the close of supplemental discovery.

### 8.    Discovery from Agencies Within the Executive Branch

From entry of this Order until the conclusion of trial, Defendants may not submit requests under the Freedom of Information Act to any agency within the executive branch of the federal government other than the Department of Justice for the purpose of assisting the defense of this litigation and may not take any steps to obtain responses to previously submitted requests for the purpose of assisting the defense of this litigation.

JOINT CASE MANAGEMENT STATEMENT AND
[PROPOSED] ORDER
Case No. 5:25-cv-00951    -PCP

9.    **Privilege Logs**

The Parties agree that the following privileged or otherwise protected communications may be excluded from privilege logs:  (1) documents or communications sent solely between outside counsel for the Defendants (or persons employed by or acting on behalf of such counsel); (2) documents or communications sent solely between counsel for the United States (or persons employed by or acting on behalf of the United States Department of Justice); (3) documents or communications sent solely between outside counsel for a Defendant and inside counsel for that Defendant; and (4) privileged documents or communications sent solely between outside or inside counsel for a Defendant (or persons employed by or acting on behalf of such counsel) and employees or agents of that Defendant.

A party or non-party asserting a privilege claim must redact only those portions of the document that are protected by the privilege.  If a document contains privileged and non-privileged information, the non-privileged information must be produced.  A party may withhold a document only if the entire document is protected by a privilege.  Redactions shall be narrowly applied so the receiving party has the ability to discern to the maximum extent practicable the privilege assertion within the document and to view all non-privileged communications and material.  Redactions based on relevance, non-responsiveness, or confidentiality are disallowed. On emails, redactions must not obscure the headers (including the sender, the recipients, the subject, and the date) unless the information in the header is itself subject to a privilege.  When a privileged document is withheld in whole from production, the parties will insert a placeholder to indicate that the document has been withheld.  If the withheld privileged document is part of a responsive document family, the parties will insert a placeholder to indicate that the document has been withheld from that family and will produce all non-privileged documents in the family.

Each privilege log must include a separate legend containing an alphabetical list (by last name) of each person included on the privilege log, along with the person's title, and the person's company affiliation.  The legend must include all variations of each person's name. Attorneys who in acted a legal capacity must be marked with the designation ESQ after their last name (include a space before and after "ESQ").  Each privilege log must include a separate

legend containing, for each email listserv or group, the names of all members of that email listserv or group. The legend must include columns for last name, first name, and ESQ. For each entry of the privilege log, all attorneys acting in a legal capacity with respect to that particular document or communication will be marked with the designation ESQ after their names.

Documents withheld or redacted but later determined not to be privileged will be produced no later than 7 days after such determination. Documents determined not to be privileged will be marked with "-d" (for deprivileged) after the Bates number on each page of the documents. Upon production of deprivileged documents, the producing party will produce an index mapping the Bates number of each deprivileged document to the control number used to identify that document on the privilege log

## 10. Presumptions of Authenticity

Documents and data produced by Parties and non-parties from their own files will be presumed to be authentic within the meaning of Federal Rule of Evidence 901. Any good-faith objection to authenticity must be provided with the exchange of other objections to intended trial exhibits. If the opposing side serves a specific good-faith written objection to authenticity, the presumption of authenticity will no longer apply and the Parties will promptly meet and confer to attempt to resolve any objection.

Notwithstanding any other deadlines in this Order, a Party may take limited discovery related to the authenticity of any document on that Party's exhibit list to which the opposing side objects on the ground that such document is inauthentic.

## 11. Expert Witness Disclosures and Depositions.

Expert disclosures, including each side's expert reports, must comply with the requirements of Federal Rule of Civil Procedure 26(a)(2) and 26(b)(4), except as modified by this Paragraph.

1. Neither side must preserve or disclose, including in expert deposition testimony or at trial, the following documents or information:

a.   Any form of oral or written communications, correspondence, or work product not relied upon by the expert in forming any opinions in their final report shared between:

    i.   the expert and any persons assisting the expert;

    ii.   any party's counsel and its expert(s), or between any agent or employee of party's counsel and the party's expert(s);

    iii.   testifying and non-testifying experts and their own staff;

    iv.   non-testifying experts;

    v.   testifying experts; or

    vi.   staff assisting testifying or non-testifying experts on the same side.

b.   The expert's notes, except for notes taken by or reviewed by an expert of an interview upon which the expert relied in forming any opinions in their final report;

c.   Drafts of expert reports, affidavits, or declarations;

d.   Data formulations, data runs, data analyses, or any database-related operations not relied upon by the expert in forming any opinions in their final report; and

e.   Budgets, invoices, bills, receipts, or time records concerning testifying or non-testifying experts, their staff, assistants, colleagues, or associates, or their companies or organizations.  Notwithstanding this provision, any party may inquire into a testifying expert's compensation in this matter, including the testifying expert's hourly rates as well as the hourly or other rates charged by firms and personnel supporting the expert, the total hours spent by the testifying expert and staff members in connection with this case, and any other payments or consideration received by the testifying

expert or any firm or agents supporting the expert relating to work in the case.

2. Notwithstanding the limitations contained in the paragraph immediately above, an expert may be asked at a deposition or trial: (a) to identify and generally describe what data, facts, algorithms, modeling, regression analyses and source code the expert reviewed, investigated or considered but did not rely on or otherwise use, and (b) to describe the reasons for reviewing—but not using or relying on—any such data, facts, algorithms, modeling, analyses or source code.

3. Testifying expert reports and declarations shall be served via email whenever possible. If the files are too large, the Parties shall serve using a secure file transfer, including ShareFile.

4. The parties agree that the following materials will be disclosed using a secure file transfer, including ShareFile, one day after the reports are served:

a. A list of all documents (by Bates number), deposition testimony, data, articles, websites, and other sources relied upon by the testifying expert(s) in forming any opinions in their final reports, including Bates numbers of documents previously produced;

b. Copies of all materials relied upon by the expert in forming any opinions in their report that were not previously produced and that are not readily available publicly;

c. A list of all publications authored by the expert in the previous 10 years;

d. Copies of all publications authored by the expert in the previous 10 years that are not readily available publicly;

e. A list of all other cases in which, during the previous 4 years, the expert testified at trial or by deposition, including tribunal and case number;

f.   For all calculations appearing in the final report(s), all data and programs underlying the calculations, including all programs and codes necessary to replicate the calculations from the initial ("raw") data files, and the intermediate working-data files that are generated from the raw data files and used in performing the calculations appearing in the final report and a written explanation of why any observations in the raw data were either excluded from the calculations or modified when used in the calculations ("Backup Materials").  For clarity, raw data files are data that exist in the ordinary course of business, and intermediate working-data files are data assembled or processed for purposes of litigation; and

g.   A statement of the compensation to be paid to the testifying expert for their report and testimony in the case, which statement may appear in the testifying expert's report.

Each expert will be deposed for only one 7-hour day, with all 7 hours reserved for the side noticing the expert's deposition provided, however, that counsel for a Party may additionally take reasonable and appropriate redirect examination of that Party's expert(s). Depositions of each side's experts will be conducted only after disclosure of all expert reports and all materials identified in above for all that side's experts.

The parties shall not serve subpoenas or discovery requests upon any testifying or non-testifying expert.  Instead, the party proffering such testifying expert will: (a) be responsible for producing all materials and information required under this Order or to the extent not addressed in this Order, under the Federal Rules of Civil Procedure, for the testifying expert, and (b) upon request, make the testifying expert available for deposition at a time mutually agreed to by the parties and consistent with the Court's scheduling orders.

## IX.    Class Actions

Not applicable.

## X.    Related Cases

The Parties presently are not aware of any related cases before another judge of this Court, or before another court or administrative body.

## XI.    Relief

The United States requests that the Court:  (a) adjudge and decree that HPE's proposed acquisition of Juniper would be unlawful and violate Section 7 of the Clayton Act, 15 U.S.C. § 18; (b) preliminarily  and permanently enjoin and restrain Defendants and all persons acting on their behalf from consummating  HPE's acquisition of Juniper or from entering into or carrying out any other contract, agreement, plan, or understanding, the effect of which would be to combine HPE and Juniper in the United States; (c) award the United States the costs of this action; and (d) award the United States other relief that the Court deems just and proper.

## XII.    Settlement and ADR

The Parties do not believe there is a realistic  possibility of settling this case at this time. The Parties will comply with ADR Local Rule 3-5 and any Orders of the Court setting forth ADR-related deadlines.

## XIII.    Other References

The Parties do not believe that other references are appropriate at this time.

## XIV.    Narrowing of Issues

The Parties have not identified issues that can be narrowed by agreement or by motion at this time.  The Parties will continue to discuss mechanisms to expedite the presentation of evidence at trial.

## XV.    Scheduling

The Parties jointly submit the following schedule.  Unless otherwise specified, days will be computed according to Rule 6(a) of the Federal Rules of Civil Procedure.

| Event | Date |
|---|---|
| Complaint filed | Thursday, January 30, 2025 |
| Plaintiff produces its investigative file to Defendants | Within 7 calendar days of the entry of a Protective Order governing this case. |
| Discovery begins | The earlier of February 28, 2025, or entry of this Order. |
| Any other parties must be joined or the pleadings amended | Friday, February 28, 2025 |
| Parties exchange preliminary trial fact witness lists | Friday, March 14, 2025 |
| Parties exchange designations of all experts they intend to call in their respective case-in-chief and defense case, along with a brief statement of the subject matter on which the experts will testify | May 9, 2025 |
| Close of fact discovery | Friday, May 23, 2025 |
| Parties serve initial expert reports on the issues on which the parties bear the burden | Friday, May 30, 2025 |
| Parties exchange final trial fact witness lists | Friday, May 30, 2025 |
| Parties to serve any rebuttal expert reports to the initial expert reports | Friday, June 20, 2025 |
| Close of supplemental fact discovery | Friday, June 20, 2025 |
| Parties to serve any reply expert reports to the initial expert reports | Friday, July 11, 2025 |
| Parties exchange exhibit lists (including redacted versions of such exhibits, as set forth in the Protective Order) and opening deposition designations | Friday, July 18, 2025 |

JOINT CASE MANAGEMENT STATEMENT AND
[PROPOSED] ORDER
Case No. 5:25-cv-00951     -PCP

| Event | Date |
|---|---|
| Deadline for expert depositions and close of expert discovery | Friday, July 25, 2025 |
| Parties exchange of objections to exhibit lists (including redacted versions of any exhibits identified by the opposing Party that contain information the Party previously designated as Confidential or Highly Confidential Information and objections to redactions that were initially exchanged with the exhibit lists, as set forth in the Protective Order), objections to deposition designations, and/or counters to deposition designations | Friday, July 25, 2025 |
| Each Party informs each non-party of all documents produced by that non-party that are on the Party's exhibit list and all depositions of that non-party that have been designated by any Party; Parties must inform non-parties that they should provide notice to the Parties, pursuant to Paragraph 49 of the Protective Order, of whether that non-party objects to the potential public disclosure at trial of that non-party's documents and depositions, explain the basis for any such objections, and propose redactions where possible | Tuesday, July 29, 2025 |
| Parties serve expert witness lists, including designations of all experts that each intends to call in its respective case, along with a brief statement of the subject matter on which the expert will testify | Friday, August 1, 2025 |
| Each side exchanges its objections to the other side's deposition counter-designations | Friday, August 1, 2025 |

JOINT CASE MANAGEMENT STATEMENT AND
[PROPOSED] ORDER
Case No. 5:25-cv-00951    -PCP

| Event | Date |
|---|---|
| Any Party or non-party Protected Person that seeks to prevent its Confidential Information or Highly Confidential Information contained in a trial exhibit or designated deposition testimony from being disclosed on the public record at Trial must file a motion with the Court seeking to seal such information | Tuesday, August 5, 2025 |
| Parties meet and confer regarding disputes about trial exhibits and deposition designations, including confidentiality of any Party and non-party documents or depositions | Wednesday, August 6 through Friday, August 15, 2025 |
| Deadline for filing motions *in limine* and *Daubert* motions | Tuesday, August 12, 2025 |
| Joint Party Submission to Court regarding disputes about admissibility of trial exhibits, confidentiality issues, and deposition designations | Tuesday, August 19, 2025 |
| Pre-trial briefs and proposed findings of fact and conclusions of law to be filed (in a format to be directed by the Court) | Tuesday, August 19, 2025 |
| Responses to any motions *in limine* or *Daubert* motions | Tuesday, August 26, 2025 |
| Final pre-trial conference | Tuesday, September 2, 2025 |
| Parties submit final trial exhibits to Court (in a format to be directed by the Court) | Wednesday, September 3, 2025 |

JOINT CASE MANAGEMENT STATEMENT AND
[PROPOSED] ORDER
Case No. 5:25-cv-00951    -PCP

| Event | Date |
|---|---|
| Trial begins | Monday, September 8, 2025 |
| Post-trial briefs and proposed findings of fact and conclusions of law to be filed (in a format to be directed by the Court) | 10 days after trial concludes |

## XVI.  Expedited Trial Procedures

The Parties believe that this case is not suitable for handling under the Expedited Trial Procedure of General Order No. 64.

## XVII.  Trial

This case will be tried to the court.  The parties expect the trial to last no more than ten (10) days.

## XVIII. Disclosure of Non-party Interested Entities or Persons

The United States is not required to file a Certification of Interested Entities or Persons under Civil Local Rule 3-15.  Pursuant to Civil L.R. 3-15, HPE filed its certification of Interested Entities or Persons (Dkt. No. 7), which discloses that as of the date of the filing, there is no such interest to report. HPE has no parent corporation and no publicly held corporation owns 10% or more of its stock. Juniper filed its certification of Interested Entities or Persons (Dkt. No. 15),

which discloses that as of the date of the filing Juniper has no public parent corporation and one publicly held corporation, The Vanguard Group, owns 10% or more of Juniper's stock.

### XIX. Professional Conduct

All attorneys of record for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

### XX. Other Matters

#### A. Witness Lists

The United States is limited to 25 persons (excluding experts) on its preliminary trial fact witness list, and the Defendants collectively are limited to 25 persons (excluding experts) on their preliminary trial fact witness list. The preliminary trial fact witness lists must comply with Federal Rule of Civil Procedure 26(a)(3)(A)(i)–(ii) and include the name, employer, address, and telephone number of each witness, as well as counsel's contact information for third-party witnesses. With respect to third parties for which depositions are not complete, such third parties can be identified in a corporate capacity until the depositions take place.

The United States is limited to 25 persons (excluding experts) on its final trial fact witness list, and the Defendants collectively are limited to 25 persons (excluding experts) on their final trial witness list. Each side's final trial fact witness list may identify no more than 5 fact witnesses that were not identified on that side's preliminary trial fact witness list. Despite the limitation on the number of depositions that each side may take, each side shall have the right to depose any witness on the opposing side's final fact witness list if that witness has not already been deposed in this litigation, even if the limitation on depositions is exceeded. The final trial witness lists must comply with Federal Rule of Civil Procedure 26(a)(3)(A)(i)–(ii) and include the name, employer, address, and telephone number of each witness, as well as counsel's contact information for third-party witnesses.

Consistent with the schedule proposed in Paragraph XV, the Parties will also exchange expert witness lists. Each side's expert witness list will designate all experts that each side

intends to call at trial, along with a brief statement of the subject matter on which the expert will testify.

In preparing preliminary trial fact witness lists, final trial fact witness lists, and expert witness lists the Parties must make good-faith attempts to identify the witnesses whom they expect that they may present as live witnesses at trial (other than solely for impeachment). No Party may offer into evidence at trial any portion of a person's deposition testimony unless that person was identified on that Party's final trial witness list. No Party may call a person to testify as a live witness at trial (other than solely for impeachment) unless that person was identified on that Party's final trial witness list.

### B.    Completion of Planned Transaction

Defendants have agreed that they will not close, consummate, or otherwise complete the Proposed Transaction until 12:01 a.m. on the 10th day following the entry of the judgment by the Court in this matter, and only if the Court enters an appealable order that does not prohibit consummation of the transaction. For purposes of this Order, "Proposed Transaction" means the proposed acquisition of Juniper by Hewlett-Packard Enterprise Company.

### C.    Nationwide Service of Subpoenas

To assist the Parties in planning discovery, and in view of the geographic dispersion of potential witnesses in this action outside this District, the Parties are permitted, under 15 U.S.C. § 23, to issue nationwide discovery and trial subpoenas from this Court. The availability of nationwide service of process, however, does not make a witness who is otherwise "unavailable" for purposes of Federal Rule of Civil Procedure 32 and Federal Rule of Evidence 804 available under those rules or otherwise affect the admissibility at trial of a deposition of a witness.

### D.    Service of Pleadings and Discovery on Other Parties

Service of all pleadings, discovery requests (including subpoenas for testimony or documents under Federal Rule of Civil Procedure 45), and delivery of all correspondence in this

-23-

matter, other than expert backup materials, must be made by ECF or email, except when the volume of attachments requires delivery via secure file transfer, to the following individuals designated by each Party:

**For Plaintiff the United States:**
Michael J. Freeman (Michael.Freeman@usdoj.gov)
Craig Conrath (Craig.Conrath@usdoj.gov)
Jeremy Goldstein (Jeremy.Goldstein@usdoj.gov)
Elizabeth S. Jensen (Elizabeth.Jensen@usdoj.gov)
U.S. Department of Justice, Antitrust Division
450 Golden Gate Avenue, Suite 10-0101
San Francisco, CA 94102
Tel: (415) 934-5300

**For Defendant Hewlett Packard Enterprise Co.:**
Julie Elmer (julie.elmer@freshfields.com)
Jennifer Mellott (jennifer.mellott@freshfields.com)
Connie Forkner (constance.forkner@freshfields.com)
Sara Salem (sara.salem@freshfields.com)
Lauren Vaca (lauren.vaca@freshfields.com)

Freshfields US LLP
700 13th Street, NW, 10th Floor
Washington, DC 20005-3960
Tel: (202) 777-4500

**For Defendant Juniper Networks, Inc.:**
Steven C. Sunshine (steve.sunshine@skadden.com)
Tara Reinhart (tara.reinhart@skadden.com)
Ryan Travers (ryan.travers@skadden.com)
Maria Raptis (maria.raptis@skadden.com)
Joseph M. Rancour (joseph.rancour@skadden.com)
Skadden, Arps, Slate, Meagher & Flom LLP
1440 New York Ave., NW
Washington, DC 20005
Tel.: (202) 371-7000

Service of expert backup materials will be made utilizing a secure file transfer system as provided in Paragraph 12.

This list of designated individuals may be modified by unilateral request of either party.

For purposes of calculating discovery response times under the Federal Rules of Civil Procedure, electronic delivery at the time the email was sent will be treated in the same manner as hand delivery at that time. However, for any service other than service of court filings, email service that is delivered after 9:00 p.m. Pacific Time will be treated as if it was served the following business day.

### E.    Evidence from a Foreign Country

Before any Party may offer documentary or testimonial evidence from an entity or person located in a foreign country, the other side must be afforded an opportunity by the entity or person (or both, when applicable) to obtain documentary and deposition discovery. For any non-party witness who resides outside the United States and is included on the witness lists of any Party, any deposition of that witness may be conducted via remote means and any such deposition may be conducted under United States law. For any Party witness who resides outside the United States, is an executive of a Party, and is included on the witness lists of any Party, that witness will be produced by the Party for a deposition under United States law.

Each Party agrees that its litigation counsel in this action will accept service of a deposition notice on behalf of any witness who is an executive of a Party, the Party's subsidiary, or an affiliate of the Party and who resides or is located outside the United States, without requiring additional or different procedures to be followed pursuant to the Hague Evidence Convention, or any other applicable convention, treaty, law, or rule. In addition, each Party agrees to make each such witness available for either a remote deposition or an in-person deposition in the United States at a location convenient for the individual and as agreed to by the Parties.

For the avoidance of doubt, nothing in this provision precludes a Party from moving for a protective order under the Federal Rules of Civil Procedure.

### F.    Modification of Discovery Order

JOINT CASE MANAGEMENT STATEMENT AND
[PROPOSED] ORDER
Case No. 5:25-cv-00951    -PCP

Modifications of the rights and responsibilities of the Parties under this Order may be made by mutual agreement of the Parties, provided any such modification has no effect on the schedule for pretrial filings or trial dates.  Otherwise, any Party may seek modification of this Order for good cause.

1    Dated: February __, 2025

2                                          _____
     Michael J. Freeman
3    Trial Attorney
     U.S. Department of Justice, Antitrust Division
4    450 Golden Gate Avenue, Suite 10-0101
     San Francisco, CA 94102
5    Tel: (415) 934-5300
     Email: michael.freeman@usdoj.gov
6    *Attorneys for Plaintiff United States*

7    Dated: February __, 2025
                                           _____
8    Julie Elmer
     Freshfields US LLP
9    700 13th Street, NW, 10th Floor
     Washington, DC 20005-3960
10   Tel: (202) 777-4500
     Email: julie.elmer@freshfields.com
11   *Attorneys for Hewlett Packard Enterprise Co.*

12   Dated: February __, 2025
                                           _____
13   Steven. C. Sunshine
     Skadden, Arps, Slate, Meagher & Flom LLP
14   1440 New York Avenue, NW
     Washington, DC 20005
15   Tel: (202) 371-7000
     Email: steve.sunshine@skadden.com
16   *Attorneys for Defendant Juniper Networks,*
     *Inc.*

17

18

19   IT SO ORDERED.

20

21   Dated: _____
                                           _____
22                                         HONORABLE P. CASEY PITTS
                                           United States District Judge

23

24

25

26

-27-

JOINT CASE MANAGEMENT STATEMENT AND
[PROPOSED] ORDER
Case No. 5:25-cv-00951    -PCP

**ATTORNEY ATTESTATION**

I, _____, am the ECF user whose identification and password are being used to file the JOINT STIPULATION AND [PROPOSED] ORDER.  In compliance with Local Rule 5-1(i)(3), I hereby attest that all signatories hereto concur in this filing.

/s/ _____

JOINT CASE MANAGEMENT STATEMENT AND
[PROPOSED] ORDER
Case No. 5:25-cv-00951    -PCP