Laura Lin (Bar No. 281542)
Laura.Lin@stblaw.com
SIMPSON THACHER & BARTLETT LLP
2475 Hanover Street
Palo Alto, California 94304
Telephone: (650) 251-5000
Facsimile: (650) 251-5002

*Attorneys for Non-Party Ubiquiti Inc.*

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                  Plaintiff,<br><br>v.<br><br>HEWLETT PACKARD ENTERPRISE CO. and JUNIPER NETWORKS, INC.,<br><br>                  Defendants. | Case No. 5:25-cv-00951-PCP<br><br>**NON-PARTY UBIQUITI INC.'S MOTION TO MODIFY PROTECTIVE ORDER**<br><br>Hon. P. Casey Pitts |

Pursuant to Paragraph 22 of the operative Modified Protective Order in this case, ECF No. 50, (the "Protective Order"), non-Party Ubiquiti Inc. ("Ubiquiti") respectfully moves to request limited modifications to the Protective Order in order to protect the confidentiality of its sensitive commercial information that Ubiquiti has been told will be produced by the United States to the Defendants in this action.[1] Starting in May 2024, in connection with the United States' investigation that culminated in this action, Ubiquiti was required to produce a range of business information to the United States (the "Ubiquiti Productions"). In total, Ubiquiti produced thousands of documents to the United States, which included Ubiquiti's sensitive commercial information. As a result, Ubiquiti proposes limited modifications to the Protective Order in order to strengthen the protections provided by the Protective Order to Ubiquiti and other non-Parties, and in order to avoid inadvertent disclosure of their sensitive commercial information.

**RELEVANT TERMS OF THE PROTECTIVE ORDER**

On February 13, 2025, this Court entered the Protective Order. Paragraph 22 of the Protective Order provides that:

> If a non-Party Protected Person determines that this Order does not adequately protect its Confidential Information or Highly Confidential Information, it may, within five (5) business days after receiving notice of this Order pursuant to Paragraph 20 or Paragraph 21, file a motion seeking additional protection from the Court for its Confidential Information or Highly Confidential Information. If a non-Party Protected Person timely files such a motion, the information for which additional protection has been sought may not be disclosed until the Court has rendered a decision on the motion, unless the movant and the Parties reach an agreement that permits disclosure of the Confidential Information or Highly Confidential Information while the motion is pending.

Under the definitions of the Protective Order, a "**Protected Person**" is "any Person, including any Party or non-Party, that provided Investigation Materials or provides Litigation Materials." Protective Order ¶ 17. "**Investigation Materials**" is "non-privileged documents, data, communications, transcripts of testimony, or other materials relating to the Investigation that were created on or prior to January 30, 2025, including

---

[1] Capitalized terms not defined herein share the same meaning as in the Protective Order.

but not limited to those provided pursuant to the Antitrust Civil Process Act, 15 U.S.C. §§ 1311-1314, or the Hart-Scott-Rodino Antitrust Improvements Act, 15 U.S.C. § 18a, that (a) any non-Party provided to any Party; (b) any Party provided to any non-Party; or (c) any Party provided to any opposing Party. Investigation Materials does not include communications between Plaintiff and Defendants; or with potential experts, the treatment of which is addressed in the Parties' proposed Case Management Order." *Id.* ¶ 8.

The Ubiquiti Productions contained Investigation Materials as defined by Paragraph 17. Accordingly, Ubiquiti is a non-Party Protected Person under the Protective Order.

### PROPOSED MODIFICATIONS TO THE PROTECTIVE ORDER

To properly protect Ubiquiti's sensitive commercial information contained within the Ubiquiti Productions, Ubiquiti proposes the following limited modifications to the Protective Order, none of which would prejudice the ability of either the United States or Defendants to zealously litigate this case.

1. **Paragraph 6** of the Protective Order provides the following exception to the definition of "Highly Confidential Information": that "any portion of any Investigation Materials or Litigation Materials, except for PII, that has been published or otherwise made publicly available is not Highly Confidential Information." Ubiquiti requests that this exception be qualified as follows: "any portion of any Investigation Materials or Litigation Materials, except for PII, that has been published or otherwise made publicly available is not Highly Confidential Information, **except where such public disclosure was in breach of a duty of confidentiality or the provisions of this Order**."

2. Ubiquiti requests that **Paragraph 8** be revised to state that "Investigation Materials" includes "transcripts of testimony **prepared by or for the Parties, even if not 'provided' by a Party to a non-Party (or vice-versa)** . . ."

3. For greater clarity and to more clearly distinguish Investigation Materials from Litigation Materials, Ubiquiti requests that **Paragraph 9** be revised to include the

following in the definition of "Litigation Materials" materials: "relating to this Action **provided after commencement of this Action on January 30, 2025** that . . . "

4. So as not to prejudice any efforts by non-Party Protected Persons to discuss and as appropriate protect their rights in connection with the Action, Ubiquiti requests that the definition of "Litigation Materials" in **Paragraph 9** be modified to also include "**or (d) were exchanged between any non-Party Protected Person and another non-Party Protected Person regarding the Action.**"

5. To avoid the inadvertent waiving of the protections of the Protective Order, Ubiquiti requests that **Paragraphs 27 and 28** be revised to allow for substantially similar designations or mechanisms that clearly identify the relevant information as either Confidential Information or Highly Confidential Information.

6. Ubiquiti submits that it would be appropriate for non-Party Protected Persons to receive reasonable notice if and when any Confidential Information or Highly Confidential Information originating from such a non-Party Protected Person is produced in this Action. To this end, Ubiquiti requests that the following sentence be added to the end of **Paragraph 33**: "**Should any Party intend to produce Confidential Information or Highly Confidential Information in this Action which was obtained from a non-Party Protected Person, the Party intending to produce such information shall provide notice of its intended production to the non-Party Protected Person no later than five business days prior to serving such production.**"

7. Highly Confidential Information produced by the United States in this Action will include sensitive commercial information obtained from Ubiquiti (and possibly other non-Parties) that should not be shared with employees or affiliates of Defendants that may be competitors of such non-Parties. Accordingly, Ubiquiti requests that **Paragraph 35(f)** be revised to state: "any **outside** Person retained by a Party to serve as a testifying or consulting expert in this Action …"

8. To further protect non-Party disclosures in this Action, Ubiquiti requests that **Paragraph 35(g)** and **(h)** regarding disclosure to outside vendors, service providers,

1  and trial consultants include the following obligation: "**provided they first execute an**
2  **Agreement Concerning Confidentiality in the form attached as Appendix A**;". And
3  correspondingly, **Paragraph 62** should reference disclosure to "a Person identified to
4  Paragraph 35 subparagraphs (f), **(g), and (h)** . . ."

5      9.    To ensure that the confidentiality obligations under the Protective Order
6  are not limited to individuals, the requirement (including Ubiquiti's proposed
7  modifications) under **Paragraph 35** for testifying or consulting experts, vendors, service
8  providers, and trial consultants to execute an Agreement Concerning Confidentiality
9  should extend to the entity with which the relevant expert, vendor, service provider, or
10 trial consultant is associated. Accordingly, Ubiquiti requests that a new **Paragraph 35(j)**
11 be inserted as follows: "**A Person who signs an Agreement Concerning**
12 **Confidentiality in connection with receiving disclosures made under Paragraph**
13 **35(f), (g), or (h) must have the authority to sign on behalf of any firm to which such**
14 **Person belongs and sign in a capacity binding that firm**."

15     10.    For clarity, Ubiquiti requests that **Paragraph 38(c)(iii)** be revised to read
16 as follows: "that was previously produced, disclosed, or provided to that Party without an
17 obligation of confidentiality and not by inadvertence or mistake, **recognizing that all**
18 **Investigation Materials produced to the parties is subject to an obligation of**
19 **confidentiality**;"

20     11.    Ubiquiti requests that the phrase "permitted or" be struck from **Paragraph**
21 **38(e)(i)**.

22     12.    To further protect non-Party disclosures in this Action, Ubiquiti requests
23 that **Paragraph 38(e)(ii)** be revised to include: "prevents the United States's retention,
24 use, or disclosure of Confidential Information or Highly Confidential Information outside
25 the context of this Action, **with reasonable notice to any non-Party that had produced**
26 **such Confidential Information or Highly Confidential Information** . . .".

27
28

13. To avoid potential inconsistencies between parallel provisions, Ubiquiti requests that **Paragraph 38(g)** be struck, because its apparent purpose is functionally satisfied by **Paragraph 35(e)**.

## CONCLUSION

For the reasons set forth above, Ubiquiti respectfully requests that the Court enter a modified Protective Order containing the revisions proposed by Ubiquiti. Ubiquiti is available to address these proposed revisions to the extent helpful to the Court or the Parties.

February 21, 2025

Respectfully submitted,

SIMPSON THACHER & BARTLETT LLP

By  /s/ Laura Lin

Laura Lin (Bar No. 281542)
laura.lin@stblaw.com
2475 Hanover Street
Palo Alto, California 94304
Telephone: (650) 251-5000
Facsimile: (650) 251-5002

*Attorneys for Non-Party Ubiquiti Inc.*