MICHAEL J. FREEMAN (OH No. 086797)
U.S. DEPARTMENT OF JUSTICE
ANTITRUST DIVISION
450 Fifth Street, NW, Suite 4000
Washington, DC 20530
Telephone: (212) 213-2774
Fax: (202) 514-5847
Michael.Freeman@usdoj.gov

*Attorney for Plaintiff*
UNITED STATES OF AMERICA

JACK P. DICANIO (CA Bar. No 138782)
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
525 University Avenue
Palo Alto, CA 94301
(650) 470-4500
jack.dicanio@skadden.com

*Attorneys for Defendant*
JUNIPER NETWORKS, INC

JULIE ELMER (*pro hac vice*)
JENNIFER MELLOTT (*pro hac vice*)
FRESHFIELDS US LLP
700 13th St NW
Washington, DC 20005
(202) 777-4500
julie.elmer@freshfields.com
jennifer.mellott@freshfields.com

SAMUEL G. LIVERSIDGE (CA No. 180578)
GIBSON DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071-3197
(213) 229-7000
sliversidge@gibsondunn.com

*Attorneys for Defendant*
HEWLETT PACKARD ENTERPRISE CO.

[Additional counsel listed on signature page]

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>*Plaintiff*<br>v.<br><br>HEWLETT PACKARD ENTERPRISE CO. and JUNIPER NETWORKS, INC.,<br><br>*Defendants*. | CASE NO. 5:25-cv-00951-PCP<br><br>**JOINT STATUS REPORT REGARDING CASE MANAGEMENT STATEMENT**<br><br>Judge:       P. Casey Pitts<br>Action Filed:   January 30, 2025 |

Pursuant to the Court's February 14, 2025 Order, Plaintiff United States of America, Defendant Hewlett Packard Enterprise Co. ("HPE"), and Defendant Juniper Networks, Inc. ("Juniper"), hereinafter jointly referred to as the Parties, submit this joint status report regarding the Joint Case Management Statement and Proposed Order, ECF No. 80. *See* Minute Entry, ECF No. 55. The Parties provide a status update below and then address two issues below: the trial schedule and a modification to their agreement as to who may be called as a witness at trial.

## I.  Status

The Parties have continued to meet and confer on a range of case management issues following the February 14, 2025 status conference. On February 21, 2025, the Parties filed a Joint Case Management Statement, pursuant to the Court's February 14, 2025 Order. ECF No. 80. The same day, the Parties filed a proposed stipulated order governing discovery of electronically stored information ("ESI Protocol"). ECF No. 79. The Court entered the ESI Protocol on February 24, 2025. ECF No. 81.

The Parties have begun issuing discovery requests. On February 14, 2025, the Parties served their First Requests for Production of Documents. On February 18, 2025, Defendants served their Second Requests for Production of Documents and First Set of Interrogatories. On February 21 and February 25, 2025, Plaintiff served their Second and Third Requests for Production of Documents. On February 26, 2025, the Parties served their Responses and Objections to each other's First Requests for Production of Documents.

Following entry of a Stipulated Protective Order, ECF No. 49, Plaintiff produced a copy of its investigation file to Defendants on February 20, 2025.

## II.  Trial Schedule

Since the filing of the Complaint in this case, Parties have collaborated and reached agreement on many preliminary matters, including the terms of the Protective Order and ESI Protocol, but continue to disagree on an appropriate trial schedule. Plaintiff originally proposed trial commence on October 27 and Defendants originally proposed trial commence on June 16, 2025. ECF No 47, Ex. C. Plaintiff then offered a compromise September 8, 2025, trial date, which Defendants rejected. ECF No. 51, Ex. D. Defendants rejected that proposal. *Id*. Defendants then offered a compromise July 14, 2025 trial date, which Plaintiffs

rejected. ECF No. 80 at 21. At an impasse, the Parties submitted the Joint Case Management Statement detailing Plaintiff's September trial schedule and Defendants' June trial schedule and the reasons for such proposals. ECF No. 80. Since that submission, Defendants provided a more detailed outline of their July 14 proposal. Plaintiffs reject that proposal.

Exhibit A captures the trial schedule negotiations, with corresponding dates for the Court's consideration. Below the Parties provide brief position statements.

### A. Plaintiff's Position Statement

Defendants' new trial proposal continues to leave insufficient time for fact and expert discovery. Even in merger cases, "litigation takes a certain amount of time" and self-imposed option dates do not justify unrealistic schedules. *See U.S. v. UnitedHealth Group, Inc.*, No. 24-3267 (D. Md. Feb. 20, 2025) ("Litigation takes a certain amount of time and I'm not going to put a schedule in place that is unrealistic, doesn't accommodate the Court's other scheduling need and so forth just because I've been advised about that December 31 [option] date."); see also ECF No. 51 (citing transcripts from *United States v. Aetna* and *United States v. AT&T*). Throughout the Parties' negotiations, Defendants refused to provide information showing that the option date is immoveable. They stated, summarily, that renegotiating the option date would "prolong uncertainty" and "risk financing," but have not submitted affidavits from executives or financial institutions stating that financing would be unavailable after October 9 or providing any other concrete reason why October 9 is the final date to consummate the merger. As such, the needs of the case should drive the schedule, not the option date.

This case can be litigated on an expeditious schedule, but not one that prejudices Plaintiff's ability to collect the evidence needed to prove its claim. Plaintiff's proposal fits this bill. For instance, Plaintiff proposes a tight but reasonable 98 days to conduct fact discovery. Defendants' new proposal adds nine business days to fact discovery for a total of 68 days—still less than what is needed to complete written and document discovery and conduct up to 50 depositions. Similarly, Plaintiff's proposal allows 21 days between each round of expert reports so Plaintiff has the same amount of time as Defendants to process and analyze backup data and respond to economic analyses. Defendants' new proposal increases

Plaintiff's time to respond to their rebuttal report by a mere two days, from seven to nine, which is insufficient for this critical work. Rushing this schedule will not assist the Court in ruling on this case.

Defendants' time restraints remain unreasonable and unrealistic. Plaintiff respectfully ask the Court to enter its proposed schedule setting trial to begin on September 8, 2025.

**B.  Defendants' Position Statement:**

Defendants have proposed two schedules, each designed to give the Court sufficient time to issue an opinion with the benefit of post-trial briefing prior to the Oct. 9, 2025 merger termination date. Both proposals are in line with normal merger practice and provide the parties adequate time to prepare for trial. ECF No. 80 at 21-22.

For the case to conclude prior to the termination date in the merger agreement, the Court would need to issue an opinion no later than Oct. 3, 2025 because, at DOJ's request, Defendants agreed not to close the transaction until the 5th day following entry of a judgment. ECF 80 at 24. The Parties also agreed to allow ten days for post-trial briefing. *Id.* at 19. Under DOJ's proposals, it is not possible for the Court to issue an opinion aided by post-trial briefing by Oct. 3.

**Days to Issue An Opinion After Post-Trial Briefing**[1]

| Oct. 27 Proposal | Sept. 8 Proposal | June 16 Proposal | July 14 Proposal |
|---|---|---|---|
| 0 | 0 | 81 days | 53 days |

Notably, the investigative file, which was produced on February 20, confirms that DOJ spent approximately 12 months investigating the merger. Despite its head start on discovery, DOJ takes issue with Defendants' trial proposals because of the timeline on which it must conduct the additional discovery it now seeks. But it is well established that merger challenges are tried on an expedited schedule, and parties to merger litigations routinely succeed in taking discovery on schedules like those proposed by Defendants. *Id.* Ex. B. DOJ had the power to compel extensive discovery during its investigation, obtaining 1.7 million documents from Defendants and tens of thousands from third parties, and had ample time to develop its economic analysis.

---

[1] These counts assume a ten day trial, held Monday through Wednesday with half days Friday, ten days for post-trial briefing, and the five day waiting period for Defendants to close.

Defendants are prepared to try this case on its proposed dates, or any such date the Court deems appropriate to provide it with sufficient time to issue an opinion by Oct. 3, 2025.

### III. Trial Witnesses

The Parties agreed in their draft Joint Case Management Statement that "No Party may offer into evidence at trial any portion of a person's deposition testimony unless that person was identified on that Party's final trial witness list. No Party may call a person to testify as a live witness at trial (other than solely for impeachment) unless that person was identified on that Party's final trial witness list." ECF No. 80 at 23. Parties have since agreed to a modification of that paragraph, allowing the Parties to admit into evidence deposition testimony, or call a witness live, listed on either Party's final witness list. The agreed upon language is in the attached proposed order. *See* Exhibit B.

Dated: February 27, 2025

/s/ *Michael J. Freeman*
Michael J. Freeman
Senior Litigation Counsel
U.S. Department of Justice
450 Fifth Street, NW, Suite 4000
Washington, DC 20530
Telephone: (212) 213-2774
Fax: (202) 514-5847
Michael.Freeman@usdoj.gov
*Attorneys for Plaintiff United States*

Dated: February 27, 2025

/s/ *Julie Elmer*
Julie Elmer
Jennifer Mellott
Freshfields US LLP
700 13th Street, NW, 10th Floor
Washington, DC 20005-3960
(202) 777-4500
julie.elmer@freshfields.com
jennifer.mellott@freshfields.com

Beth A. Wilkinson (*pro hac vice*)
Wilkinson Stekloff LLP
2001 M Street NW, 10th Floor
Washington, DC 20036
(202) 847-4010
bwilkinson@wilkinsonstekloff.com

Samuel G. Liversidge (CA No. 180578)
Gibson Dunn & Crutcher LLP
333 South Grand Avenue
Los Angeles, CA 90071-3197
(213) 229-7000
sliversidge@gibsondunn.com
*Attorneys for Defendant Hewlett Packard Enterprise Co.*

| | |
|---|---|
| Dated: February 27, 2025 | /s/ *Steven C. Sunshine*<br>Steven C. Sunshine<br>Tara Reinhart<br>Skadden, Arps, Slate, Meagher & Flom LLP 1440 New York Avenue, NW<br>Washington, DC 20005<br>(202) 371-7000<br>steve.sunshine@skadden.com<br>tara.reinhart@skadden.com<br>*Attorneys for Defendant Juniper Networks, Inc.* |

**ATTORNEY ATTESTATION**

I, Michael J. Freeman, am the ECF user whose identification and password are being used to file the JOINT STATUS REPORT REGARDING CASE MANAGEMENT STATEMENT. In compliance with Local Rule 5-1(i)(3), I hereby attest that all signatories hereto concur in this filing.

/s/ *Michael J. Freeman*
Michael J. Freeman