# Exhibit B

JULIE ELMER (*pro hac vice*)
JENNIFER MELLOTT (*pro hac vice*)
FRESHFIELDS US LLP
700 13th St NW
Washington, DC 20005
(202) 777-4500
julie.elmer@freshfields.com
jennifer.mellott@freshfields.com

SAMUEL G. LIVERSIDGE (CA No. 180578)
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071-3197
(213) 229-7000
sliversidge@gibsondunn.com

[Additional counsel listed on signature page]

*Attorneys for Defendant*
HEWLETT PACKARD ENTERPRISE CO.

[Additional counsel listed on signature page]

JACK P. DICANIO (CA Bar. No 138782)
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM LLP
525 University Avenue
Palo Alto, CA 94301
(650) 470-4500
jack.dicanio@skadden.com

*Attorneys for Defendant*
JUNIPER NETWORKS, INC

MICHAEL J. FREEMAN (OH No. 086797)
U.S. DEPARTMENT OF JUSTICE
ANTITRUST DIVISION
450 Fifth Street, NW, Suite 4000
Washington, DC 20530
Telephone: (212) 213-2774
Fax: (202) 514-5847
Michael.Freeman@usdoj.gov

*Attorney for Plaintiff*
UNITED STATES OF AMERICA

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>_Plaintiff_<br>v.<br><br>HEWLETT PACKARD ENTERPRISE CO.<br>and JUNIPER NETWORKS, INC.,<br><br>_Defendants_. | Case No. 25-cv-00951-PCP<br><br>**JOINT CASE MANAGEMENT STATEMENT & [PROPOSED] ORDER** |

Plaintiff United States of America and Defendants Hewlett Packard Enterprise Co. ("HPE") and Juniper Networks, Inc. ("Juniper"), jointly submit this Joint Case Management Statement & Proposed Order pursuant to the Standing Order for All Judges of the Northern District of California and Civil Local Rule 16-9.

## I.    Jurisdiction & Service

This Court has subject matter jurisdiction over this action under Section 15 of the Clayton Act, 15 U.S.C. § 25, as amended, to prevent and restrain Defendants from violating Section 7 of the Clayton Act, 15 U.S.C. § 18.  Defendants consent to personal jurisdiction and venue in this Court.  Counsel for Defendants, acting on behalf of Defendants, have accepted service of the Complaint and have waived formal service of a summons.

## II.    Facts

The Complaint makes the following factual allegations.  The United States brings this civil action to prevent HPE from acquiring its competitor, Juniper.  The United States alleges that HPE and Juniper are the second and third largest providers of commercial or "enterprise" wireless networking solutions in the United States.  The United States contends that the acquisition, if consummated, would result in two companies—Cisco Systems, Inc. ("Cisco") and HPE—controlling over 70% of the U.S. market and eliminate fierce head-to-head competition between Defendants, who offer enterprise-grade wireless networking solutions ("enterprise-grade WLAN solutions") under the HPE Aruba and Juniper Mist brands.  According to the United States, if consummated, the merger would extinguish head-to-head competition that has lowered prices and driven investment in innovative network management software in violation of Section 7 of the Clayton Act, 15 U.S.C. § 18.

Defendants contend that Plaintiff's Complaint ignores that the WLAN space is highly competitive, and is characterized by innovation and low entry barriers, with at least seven other credible competitors with comparable offerings and capabilities to the parties. According to

-2-

1  Defendants, Plaintiff's assertion that the transaction is motivated by a desire to consolidate the

2  WLAN segment is entirely unsupported and inconsistent with the fact that WLAN is only a

3  small part of the Defendants' respective overall businesses.  Defendants argue that the

4  Transaction is motivated by a desire to combine two complementary businesses to enable the

5  combined firm to bring new, more innovative, and more secure networking products to public

6  and private sector customers in the U.S. and worldwide.  Defendants assert that Plaintiff's

7  Complaint ignores these benefits that will result from the transaction as well as critical facts

8  regarding the nature and extent of competition in the wireless networking space. Defendants

9  contend that enjoining the transaction will reinforce the status quo across the networking space,

10  which has been dominated by Cisco for decades, and will deprive consumers and businesses of

11  the benefits of a combined company.

12  **III.    Legal Issues**

13      The following legal issues are in dispute:

14          **A.**    Whether HPE's proposed acquisition of Juniper, if allowed to proceed, would

15             violate Section 7 of the Clayton Act, 15 U.S.C. § 18, because the effect of it

16             may be to substantially lessen competition in interstate trade and commerce in

17             the market for enterprise-grade WLAN solutions in the United States;

18          **B.**    Whether enterprise-grade WLAN solutions is a properly defined relevant

19             product market;

20          **C.**    Whether the United States is a properly defined relevant geographic market;

21          **D.**    Whether the acquisition will lead to anticompetitive effects in a properly

22             defined market;

23          **E.**    Whether entry, expansion, and repositioning of other firms would be timely,

24             likely, and sufficient in magnitude, character, and scope to deter or counteract

25             the alleged anticompetitive effects of the acquisition;

-3-

**F.**    Whether merger-specific efficiencies and synergies sufficiently outweigh the alleged anticompetitive effects of the acquisition; and

**G.**    Whether the Court should preliminarily and permanently enjoin and restrain Defendants and all persons acting on their behalf from consummating HPE's acquisition of Juniper or from entering into or carrying out any other contract, agreement, plan, or understanding, the effect of which would be to combine HPE and Juniper in the United States.

## IV.    Motions

No motions are presently on file.  Defendants reserve their rights to file dispositive motions.  The Parties anticipate filing one or more motions *in limine* and may file *Daubert* motions.

## V.    Amendment of Pleadings

Although the Parties do not intend to amend their pleadings, any amendment must be filed on or before February 28, 2025.  Defendants filed Answers to the Complaint on February 10, 2025.

## VI.    Evidence Preservation

The Parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information and have met and conferred pursuant to Federal Rule of Civil Procedure 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues in this action.  The Parties acknowledge that they have reviewed the Court's Checklist regarding Electronically Stored Information ("ESI") and confirm that they will meet and confer to address reasonable and proportionate steps, including developing a joint ESI protocol, to preserve evidence relevant to the issues reasonably evident in this action.

**VII.    Disclosures**

The Parties agree to waive the exchange of initial disclosures under Federal Rule of Civil Procedure 26(a)(1) and instead will exchange preliminary trial fact witness lists as provided in the proposed schedule in Paragraph XV.

**VIII.    Discovery**

**A.    Production of Documents, Data, and ESI**

The Parties will meet and confer to address the format and production of documents, data, and ESI, including any timelines regarding such productions, in a separate ESI protocol.

**B.    Proposed Discovery Plan**

The Parties have met and conferred regarding a proposed discovery plan and agree on the following:

**1.    Definitions**

For the purpose of this Order, "Party" means the Antitrust Division of the U.S. Department of Justice, HPE, and Juniper.

**2.    Discovery of Confidential or Highly Confidential Information**

Discovery and production of Confidential or Highly Confidential information will be governed by the Protective Order entered by the Court in this action.  When sending discovery requests, notices, and subpoenas to non-parties, the Parties must include copies of any Protective Orders then in effect.

**3.    Timely Service of Fact Discovery**

All discovery, including discovery served on non-parties, must be served in time to permit completion of responses by the close of fact discovery.

### 4.     Subpoenas to Non-Parties

The Parties will in good faith cooperate with each other with regard to any discovery to non-parties in an effort to minimize the burden on non-parties. Each Party must serve a copy of any subpoena to a non-party on the other Parties at or before the time the subpoena is served on the non-party. The Parties agree to accept electronic service (by email) of a notice and copy of the subpoena. Every subpoena to a non-party shall include a cover letter requesting that: (a) the non-party stamp each document with a production number prior to producing it; (b) the non-party stamp any applicable confidentiality designation prior to producing it; and (c) the non-party provide to the other Parties copies of all productions at the same time as they are produced to the requesting Party. To facilitate cooperation, a requesting Party will produce to all other Parties a written record of any oral modifications to the subpoena and (unless already copied) all substantive written communications concerning non-party subpoenas within 5 business days of the oral or written communication, including objections, responses, agreements on extensions or limitations, and accounts of productions received from non-parties.

If a non-party fails to provide copies of productions to the other side, the requesting Party shall provide copies to the other Party, in the format the productions were received, within 5 business days after receipt of such materials from the non-party. In addition, if a non-party produces documents or electronically stored information that are not Bates-stamped, the Party receiving those materials will Bates-stamp such documents or electronically stored information and produce such Bates-stamped copies to all Parties simultaneously within a timeframe appropriate to the volume and complexity of the materials received. Production of the Bates-stamped copies should not delay production of the non-Bates stamped versions to all Parties as required in the first sentence of this paragraph.

1    **5.     Written Discovery on Parties**

2         **a.     Document Requests**

3         There is no pre-determined limit on the number of requests for the production of

4    documents that may be served by the Parties, but any requests must be proportional to the needs

5    of the case as required by Federal Rule of Civil Procedure 26(b)(1).

6         The Parties must serve any objections to requests for productions of documents within 7

7    business days after the requests are served.  Within 3 business days of service of any objections,

8    the Parties must meet and confer to attempt to resolve any objections and to agree on search

9    terms and custodians to be searched.  The Parties must make good-faith efforts to make rolling

10   productions of responsive documents (to the extent not subject to any objections, search terms

11   negotiations, or custodian issues that have not been resolved), including any portion(s) of

12   responsive productions that are not subject to any objections or negotiations concerning the

13   method of production or custodians, beginning no later than 21 days after service of the request

14   for production.  The Parties must make good-faith efforts to substantially complete responsive

15   productions no later than 28 days after service of the request for production.  Should any

16   objections or negotiations concerning the method of production or custodians remain unresolved

17   for 14 days or more after service of the request for production, the Parties must make good-faith

18   efforts to complete such remaining responsive productions no later than 14 days after resolution

19   of such objections or negotiations.

20        **b.     Interrogatories**

21        Interrogatories are limited to 12 (including discrete subparts) to Defendants collectively

22   by the United States and to 12 (including discrete subparts) to the United States collectively by

23   Defendants.  The Parties must serve any objections to interrogatories within 7 business days after

24   the interrogatories are served.  Within 3 business days of service of any objections, the Parties

25   must meet and confer to attempt to resolve the objections.  The Parties must make good-faith

1    efforts to provide complete answers to interrogatories no later than 28 days after service of the

2    interrogatories.

3            c.    **Requests for Admission**

4            Requests for admission are limited to 20 by the United States to Defendants collectively

5    and to 20 by Defendants collectively to the United States.  Unless otherwise agreed, the Parties

6    must make good faith efforts to respond in writing to requests for admissions no later than 28

7    days after service of the requests.

8        **6.    Depositions**

9            The United States is limited to 25 depositions of fact witnesses, and the Defendants

10   collectively are limited to 25 depositions of fact witnesses.  Depositions of a Party or third-party

11   organization may be taken by either Party under Federal Rule of Civil Procedure 30(b)(6) and

12   will count against the 25-deposition maximum.  The United States may issue no more than one

13   (1) deposition notice under Rule 30(b)(6) to each Defendant (two total).  Each seven-hour

14   deposition of a Party taken under Federal Rule of Civil Procedure 30(b)(6) counts as one

15   deposition for purposes of the side's limit, regardless of the number of witnesses produced to

16   testify on the matters for examination in that deposition.  For the avoidance of doubt, every non-

17   party deposition taken under Federal Rule of Civil Procedure 30(b)(6) counts as one deposition

18   for purposes of the side's limit, regardless of whether the full seven hours afforded under Federal

19   Rule of Civil Procedure 30(d)(1) are used.  Where a witness testifying on behalf of a Defendant

20   under Rule 30(b)(6) has also been noticed as a fact witness, the Parties shall confer regarding

21   whether it is reasonable to take both depositions on the same day or on consecutive business

22   days.  The following depositions do not count against the deposition caps imposed in this

23   Paragraph:  (a) depositions of any persons identified on a Party's final fact witness list who were

24   not identified on that Party's preliminary fact witness list; (b) depositions of the Parties'

25   designated expert witnesses; (c) depositions taken in response to Civil Investigative Demands

1  prior to January 30, 2025; (d) the 2-hours of deposition time afforded to non-noticing Parties in

2  non-party depositions; (e) depositions taken for the sole purpose of establishing the location,

3  authenticity, or admissibility of documents produced by any Party or non-party, provided that

4  such depositions may be noticed only after the Party taking the deposition has taken reasonable

5  steps to establish location, authenticity, or admissibility through other means, and further

6  provided that such depositions must be designated at the time that they are noticed as being taken

7  for the sole purpose of establishing the location, authenticity, or admissibility of documents; or

8  (f) depositions of a non-party (including an employee of a non-party) to or with which a

9  Defendant has made an offer, commitment, or agreement (including an agreement to divest or

10  license assets) to attempt to address the United States' concerns about the Planned Transaction.

11        The Parties will use reasonable efforts to reduce the burden on witnesses (including

12  experts) noticed for depositions and to accommodate the witnesses' schedules.  Absent

13  extraordinary circumstances, the Parties and non-parties will consult in advance to schedule

14  depositions at mutually convenient times and places.  Parties will make reasonable efforts to

15  make witnesses (including experts) available for deposition promptly upon notice.  The Parties

16  will meet and confer in good faith regarding whether a deposition will be conducted virtually or

17  in-person.  Depositions that are conducted in-person will take place in the locations where

18  witnesses reside or are employed, unless the noticing Party or Parties and the witness mutually

19  agree otherwise, subject to Paragraph XX.E of this Order.  For any Party or non-party deposition

20  conducted virtually by agreement of the Parties or Court order, the deposition will take place by

21  videoconference.  The court reporter will swear in the witness remotely by means of the

22  videoconference.  No participants other than the court reporter, and videographer if applicable,

23  will record the deposition.

24        If a Party serves on a non-party a subpoena for production of documents or electronically

25  stored information and a subpoena commanding attendance at a deposition, the Party serving

those subpoenas must schedule the deposition for a date at least 7 business days after the return date for the document subpoena, unless all other Parties consent to fewer than 7 business days. In the event the Party serving the subpoenas agrees to extend the date of production for the document subpoena in a way that would result in fewer than 7 business days between the extended production date and the date scheduled for that non-party's deposition, the date scheduled for the deposition must be postponed to be at least 7 business days following the extended production date, unless all other Parties consent to fewer than 7 business days.  In the event that an opposing Party serves a separate subpoena on the same non-party and causes the date of production for that second document subpoena to result in fewer than 3 business days between that production date and the date scheduled for that non-party's deposition, the originally noticing Party may at its sole discretion postpone the date scheduled for the deposition for up to 3 business days following the second production date.

Depositions of fact witnesses are limited to no more than one (7-hour) day unless otherwise stipulated.  A Defendant noticing a deposition may cede some or all of its examination time to another Defendant.  During non-party depositions, the non-noticing side will receive at least two hours of examination time.  If a non-party deposition is noticed by both sides, then time will be divided equally between the sides (i.e., 3.5 hours to Plaintiff and 3.5 hours collectively to Defendants).  Any time allotted to one side not used by that side in a non-party deposition may not be used by the other side absent agreement from both sides.

Any Party may further depose any person whose deposition was taken pursuant to a Civil Investigative Demand, and the fact that such person's deposition was taken pursuant to a Civil Investigative Demand may not be used as a basis for any Party to object to that person's deposition.  Depositions taken of non-party witnesses pursuant to Civil Investigative Demands may not be used at trial except for impeachment subject to the Federal Rules of Civil Procedure and Federal Rules of Evidence.

1    Any objection made by any Party in a deposition preserves that objection for every Party.

2    Notwithstanding any other part of this Paragraph, the Parties reserve their right to move

3    for a protective order pursuant to Federal Rule of Civil Procedure 26(c)(1).  The parties reserve

4    the right to seek from the Court additional deposition time with particular witnesses or a different

5    allocation of time than the allocations that are set forth within this Paragraph.

6        **7.    Supplemental Discovery**

7    Notwithstanding any other provision of this Order, each Party may issue supplemental

8    deposition notices or deposition subpoenas, related to any person (including entities related to

9    any such person) identified on a Party's final trial fact witness list who was not identified on that

10   Party's preliminary trial fact witness list within 3 calendar days of receipt of the final fact

11   witness list; provided, however, that no additional depositions may be sought from any person

12   who was previously deposed during this action.

13   Notwithstanding any other provision of this Order, depositions related to any person

14   (including entities related to any such person) identified on a Party's final trial fact witness list

15   who was not identified on that Party's preliminary trial fact witness list must be completed by the

16   close of supplemental discovery.

17       **8.    Presumptions of Authenticity**

18   Documents and data produced by Parties and non-parties from their own files will be

19   presumed to be authentic within the meaning of Federal Rule of Evidence 901.  Any good-faith

20   objection to authenticity must be provided with the exchange of other objections to intended trial

21   exhibits.  If the opposing side serves a specific good-faith written objection to authenticity, the

22   presumption of authenticity will no longer apply and the Parties will promptly meet and confer to

23   attempt to resolve any objection.

24

25

Notwithstanding any other deadlines in this Order, a Party may take limited discovery related to the authenticity of any document on that Party's exhibit list to which the opposing side objects on the ground that such document is inauthentic.

**9.      Expert Witness Disclosures and Depositions.**

Expert disclosures, including each side's expert reports, must comply with the requirements of Federal Rule of Civil Procedure 26(a)(2) and 26(b)(4), except as modified by this Paragraph.

1.      Neither side must preserve or disclose, including in expert deposition testimony or at trial, the following documents or information:

      a.      Any form of oral or written communications, correspondence, or work product not relied upon by the expert in forming any opinions in their final report shared between:

           i.      the expert and any persons assisting the expert;

           ii.      any Party's counsel and its expert(s), or between any agent or employee of any Party's counsel and the Party's expert(s);

           iii.      testifying and non-testifying experts and their own staff;

           iv.      non-testifying experts;

           v.      testifying experts; or

           vi.      staff assisting testifying or non-testifying experts on the same side.

      b.      The expert's notes, except for notes taken by or reviewed by an expert of an interview upon which the expert relied in forming any opinions in their final report;

      c.      Drafts of expert reports, affidavits, or declarations;

d.     Data formulations, data runs, data analyses, or any database-related operations not relied upon by the expert in forming any opinions in their final report; and

e.     Budgets, invoices, bills, receipts, or time records concerning testifying or non-testifying experts, their staff, assistants, colleagues, or associates, or their companies or organizations.  Notwithstanding this provision, any Party may inquire into a testifying expert's compensation in this matter, including the testifying expert's hourly rates as well as the hourly or other rates charged by firms and personnel supporting the expert, the total hours spent by the testifying expert and staff members in connection with this case, and any other payments or consideration received by the testifying expert or any firm or agents supporting the expert relating to work in the case.

Notwithstanding the limitations contained in the paragraph immediately above, an expert may be asked at a deposition or trial: (a) to identify and generally describe what data, facts, algorithms, modeling, regression analyses and source code the expert reviewed, investigated or considered but did not rely on or otherwise use, and (b) to describe the reasons for reviewing—but not using or relying on—any such data, facts, algorithms, modeling, analyses or source code.

2.     Testifying expert reports and declarations shall be served via email whenever possible.  If the files are too large, the Parties shall serve using a secure file transfer, including ShareFile.  Expert reports will include a list of all documents (by Bates number), deposition testimony, data, articles, websites, and other sources relied upon by the testifying expert(s) in forming any opinions in their final reports, including Bates numbers of documents previously produced.

3.     The Parties agree that the following materials will be disclosed using a secure file transfer, including ShareFile, one calendar day after the reports are served:

     a.     Copies of all materials relied upon by the expert in forming any opinions in their report that were not previously produced and that are not readily available publicly;

     b.     A list of all publications authored by the expert in the previous 10 years;

     c.     Copies of all publications authored by the expert in the previous 10 years that are not readily available publicly;

     d.     A list of all other cases in which, during the previous 4 years, the expert testified at trial or by deposition, including tribunal and case number;

     e.     For all calculations appearing in the final report(s), all data and programs underlying the calculations, including all programs and codes necessary to replicate the calculations from the initial ("raw") data files, and the intermediate working-data files that are generated from the raw data files and used in performing the calculations appearing in the final report and a written explanation of why any observations in the raw data were either excluded from the calculations or modified when used in the calculations ("Backup Materials"). For clarity, raw data files are data that exist in the ordinary course of business, and intermediate working-data files are data assembled or processed for purposes of litigation; and

     f.     A statement of the compensation to be paid to the testifying expert for their report and testimony in the case, which statement may appear in the testifying expert's report.

Each expert will be deposed for only one 7-hour day, with all 7 hours reserved for the side noticing the expert's deposition provided, however, that counsel for a Party may

1  additionally take reasonable and appropriate redirect examination of that Party's expert(s).

2  Depositions of each side's experts will be conducted only after disclosure of all expert reports

3  and all materials identified above for all that side's experts.

4         The Parties shall not serve subpoenas or discovery requests upon any testifying or non-

5  testifying expert.  Instead, the Party proffering such testifying expert will:  (a) be responsible for

6  producing all materials and information required under this Order or to the extent not addressed

7  in this Order, under the Federal Rules of Civil Procedure, for the testifying expert, and (b) upon

8  request, make the testifying expert available for deposition at a time mutually agreed to by the

9  Parties and consistent with the Court's scheduling orders.

10  **IX.    Class Actions**

11         Not applicable.

12  **X.    Related Cases**

13         The Parties presently are not aware of any related cases before another judge of this

14  Court, or before another court or administrative body.

15  **XI.    Relief**

16         The United States requests that the Court:  (a) adjudge and decree that HPE's proposed

17  acquisition of Juniper would be unlawful and violate Section 7 of the Clayton Act, 15 U.S.C.

18  § 18; (b) preliminarily and permanently enjoin and restrain Defendants and all persons acting on

19  their behalf from consummating HPE's acquisition of Juniper or from entering into or carrying

20  out any other contract, agreement, plan, or understanding, the effect of which would be to

21  combine HPE and Juniper in the United States; (c) award the United States the costs of this

22  action; and (d) award the United States other relief that the Court deems just and proper.

23

24

25

**XII.     Settlement and ADR**

The Parties do not believe there is a realistic possibility of settling this case at this time. The Parties will comply with ADR Local Rule 3-5 and any Orders of the Court setting forth ADR-related deadlines.

**XIII.   Other References**

The Parties do not believe that other references are appropriate at this time.

**XIV.   Narrowing of Issues**

The Parties have not identified issues that can be narrowed by agreement or by motion at this time.  The Parties will continue to discuss mechanisms to expedite the presentation of evidence at trial.

**XV.     Scheduling**

*Point of Impasse*

The Parties provided their respective trial schedules and positions in the Joint Status Report. A

**XVI.   Expedited Trial Procedures**

The Parties believe that this case is not suitable for handling under the Expedited Trial Procedure of General Order No. 64.

**XVII.  Trial**

This case will be tried to the court.  Plaintiff expects the trial to last ten to twelve trial days.  Defendants expect the trial to last no more than eight to ten trial days.

**XVIII. Disclosure of Non-party Interested Entities or Persons**

The United States is not required to file a Certification of Interested Entities or Persons under Civil Local Rule 3-15.  Pursuant to Civil L.R. 3-15, HPE filed its certification of Interested

Entities or Persons (Dkt. No. 7), which discloses that as of the date of the filing, there is no such

interest to report.  HPE has no parent corporation and no publicly held corporation owns 10% or

more of its stock.  Juniper filed its certification of Interested Entities or Persons (Dkt. No. 15),

which discloses that as of the date of the filing Juniper has no public parent corporation and one

publicly held corporation, The Vanguard Group, owns 10% or more of Juniper's stock.

## XIX.    Professional Conduct

All attorneys of record for the Parties have reviewed the Guidelines for Professional

Conduct for the Northern District of California.

## XX.    Other Matters

### A.  Witness Lists

The United States is limited to 25 persons (excluding experts) on its preliminary trial fact

witness list, and the Defendants collectively are limited to 25 persons (excluding experts) on

their preliminary trial fact witness list.  The preliminary trial fact witness lists must comply with

Federal Rule of Civil Procedure 26(a)(3)(A)(i)–(ii) and include the name, employer, address, and

telephone number of each witness, as well as counsel's contact information for third-party

witnesses.  With respect to third parties for which depositions are not complete, such third parties

can be identified in a corporate capacity until the depositions take place.

The United States is limited to 25 persons (excluding experts) on its final trial fact

witness list, and the Defendants collectively are limited to 25 persons (excluding experts) on

their final trial witness list.  Each side's final trial fact witness list may identify no more than 5

fact witnesses that were not identified on that side's preliminary trial fact witness list.  Despite

the limitation on the number of depositions that each side may take, each side shall have the right

to depose any witness on the opposing side's final fact witness list if that witness has not already

been deposed in this litigation, even if the limitation on depositions is exceeded.  The final trial

witness lists must comply with Federal Rule of Civil Procedure 26(a)(3)(A)(i)–(ii) and include

1   the name, employer, address, and telephone number of each witness, as well as counsel's contact

2   information for third-party witnesses.

3         Consistent with the schedule proposed in Paragraph XV, the Parties will also exchange

4   expert witness lists.  Each side's expert witness list will designate all experts that each side

5   intends to call at trial, along with a brief statement of the subject matter on which the expert will

6   testify.

7         In preparing preliminary trial fact witness lists, final trial fact witness lists, and expert

8   witness lists the Parties must make good-faith attempts to identify the witnesses whom they

9   expect that they may present as live witnesses at trial (other than solely for impeachment).  No

10  Party may offer into evidence at trial any portion of a person's deposition testimony unless that

11  person was identified on eitherParty's final trial witness list.  No Party may call a person to

12  testify as a live witness at trial (other than solely for impeachment) unless that person was

13  identified on either Party's final trial witness list.

## B.  Completion of Planned Transaction

14

15        Defendants have agreed that they will not close, consummate, or otherwise complete the

16  Proposed Transaction until 12:01 a.m. on the 5th day following the entry of the judgment by the

17  Court in this matter, and only if the Court enters an appealable order that does not prohibit

18  consummation of the transaction.  For purposes of this Order, "Proposed Transaction" means the

19  proposed acquisition of Juniper by Hewlett-Packard Enterprise Company.

## C.  Nationwide Service of Subpoenas

20

21        To assist the Parties in planning discovery, and in view of the geographic dispersion of

22  potential witnesses in this action outside this District, the Parties are permitted, under 15 U.S.C.

23  § 23, to issue nationwide discovery and trial subpoenas from this Court.  The availability of

24  nationwide service of process, however, does not make a witness who is otherwise "unavailable"

25

1  for purposes of Federal Rule of Civil Procedure 32 and Federal Rule of Evidence 804 available

2  under those rules or otherwise affect the admissibility at trial of a deposition of a witness.

3  ### D.  Service of Pleadings and Discovery on Other Parties

4      Service of all pleadings, discovery requests (including subpoenas for testimony or

5  documents under Federal Rule of Civil Procedure 45), and delivery of all correspondence in this

6  matter, other than expert backup materials, must be made by ECF or email, except when the

7  volume of attachments requires delivery via secure file transfer, to the following individuals

8  designated by each Party:

9  **For Plaintiff the United States:**
    Michael J. Freeman (Michael.Freeman@usdoj.gov)
10     Craig Conrath (Craig.Conrath@usdoj.gov)
    Jeremy Goldstein (Jeremy.Goldstein@usdoj.gov)
11     Elizabeth S. Jensen (Elizabeth.Jensen@usdoj.gov)
    U.S. Department of Justice, Antitrust Division
12     450 Golden Gate Avenue, Suite 10-0101
    San Francisco, CA 94102
13     Tel: (415) 934-5300

14

15 **For Defendant Hewlett Packard Enterprise Co.:**
    Julie Elmer (julie.elmer@freshfields.com)
16     Jennifer Mellott (jennifer.mellott@freshfields.com)
    Connie Forkner (constance.forkner@freshfields.com)
17     Sara Salem (sara.salem@freshfields.com)
    Lauren Vaca (lauren.vaca@freshfields.com)
18     Freshfields US LLP
    700 13th Street, NW, 10th Floor
19     Washington, DC 20005-3960
    Tel: (202) 777-4500
20

21 **For Defendant Juniper Networks, Inc.:**
    Steven C. Sunshine (steve.sunshine@skadden.com)
22     Tara Reinhart (tara.reinhart@skadden.com)
    Ryan Travers (ryan.travers@skadden.com)
    Maria Raptis (maria.raptis@skadden.com)
23     Joseph M. Rancour (joseph.rancour@skadden.com)
    Skadden, Arps, Slate, Meagher & Flom LLP
24     1440 New York Ave., NW
    Washington, DC 20005
25

-19-

Tel.: (202) 371-7000

Service of expert backup materials will be made utilizing a secure file transfer system as provided in Paragraph VIII.9.

This list of designated individuals may be modified by unilateral request of either Party.

For purposes of calculating discovery response times under the Federal Rules of Civil Procedure, electronic delivery at the time the email was sent will be treated in the same manner as hand delivery at that time. However, for any service other than service of court filings, email service that is delivered after 9:00 p.m. Pacific Time will be treated as if it was served the following business day.

### E. Evidence from a Foreign Country

Before any Party may offer documentary or testimonial evidence from an entity or person located in a foreign country, the other side must be afforded an opportunity by the entity or person (or both, when applicable) to obtain documentary and deposition discovery. For any non-party witness who resides outside the United States and is included on the witness lists of any Party, any deposition of that witness may be conducted via remote means and any such deposition may be conducted under United States law. For any Party witness who resides outside the United States, is an executive of a Party, and is included on the witness lists of any Party, that witness will be produced by the Party for a deposition under United States law.

Each Party agrees that its litigation counsel in this action will accept service of a deposition notice on behalf of any witness who is an executive of a Party, the Party's subsidiary, or an affiliate of the Party and who resides or is located outside the United States, without requiring additional or different procedures to be followed pursuant to the Hague Evidence Convention, or any other applicable convention, treaty, law, or rule. In addition, each Party agrees to make each such

witness available for either a remote deposition or an in-person deposition in the United States at a location convenient for the individual and as agreed to by the Parties.

For the avoidance of doubt, nothing in this provision precludes a Party from moving for a protective order under the Federal Rules of Civil Procedure.

### F.  Modification of Discovery Order

Modifications of the rights and responsibilities of the Parties under this Order may be made by mutual agreement of the Parties, provided any such modification has no effect on the schedule for pretrial filings or trial dates.  Otherwise, any Party may seek modification of this Order for good cause.

Dated: February 27, 2025

/s/ Michael J. Freeman
Michael J. Freeman
Senior Litigation Counsel
U.S. Department of Justice
450 Fifth Street, NW, Suite 4000
Washington, DC 20530
Telephone: (212) 213-2774
Fax: (202) 514-5847
Michael.Freeman@usdoj.gov
*Attorneys for Plaintiff United States*

Dated: February 27, 2025

/s/ Julie Elmer
Julie Elmer
Jennifer Mellott
Freshfields US LLP
700 13th Street, NW, 10th Floor
Washington, DC 20005-3960
(202) 777-4500
julie.elmer@freshfields.com
jennifer.mellott@freshfields.com

Beth A. Wilkinson (*pro hac vice*)
Wilkinson Stekloff LLP
2001 M Street NW, 10th Floor
Washington, DC 20036
(202) 847-4010
bwilkinson@wilkinsonstekloff.com

Samuel G. Liversidge (CA No. 180578)
Gibson Dunn & Crutcher LLP
333 South Grand Avenue
Los Angeles, CA 90071-3197
(213) 229-7000
sliversidge@gibsondunn.com
*Attorneys for Defendant Hewlett Packard Enterprise Co.*

Dated: February 27, 2025

/s/ Steve C. Sunshine
Steven. C. Sunshine
Tara Reinhart
Skadden, Arps, Slate, Meagher & Flom LLP
1440 New York Avenue, NW
Washington, DC 20005
(202) 371-7000

-22-

steve.sunshine@skadden.com
tara.reinhart@skadden.com
*Attorneys for Defendant Juniper Networks,
Inc.*

PURSUANT TO STIPULATION, IT SO ORDERED.


Dated: _____          _____
                                 HONORABLE P. CASEY PITTS
                                 United States District Judge