1           UNITED STATES DISTRICT COURT

2          NORTHERN DISTRICT OF CALIFORNIA

3               SAN JOSE DIVISION

4

5    UNITED STATES OF AMERICA,        )  C-25-00951 PCP
                                      )
6                  PLAINTIFF,         )  SAN JOSE, CALIFORNIA
                                      )
7              VS.                    )  FEBRUARY 28, 2025
                                      )
8    HEWLETT PACKARD ENTERPRISE CO.   )  PAGES 1-20*
     AND JUNIPER NETWORKS, INC.,      )
9                                     )
                   DEFENDANTS.        )
10   _____ )

11

12           TRANSCRIPT OF ZOOM PROCEEDINGS
            BEFORE THE HONORABLE P. CASEY PITTS
13             UNITED STATES DISTRICT JUDGE

14   A P P E A R A N C E S:

15   FOR THE PLAINTIFF:    UNITED STATES DEPARTMENT OF JUSTICE
                           ANTITRUST DIVISION
16                         BY:  MICHAEL J. FREEMAN
                                JEREMY M. GOLDSTEIN
17                              CRAIG CONRATH
                           450 FIFTH STREET, NW, SUITE 4000
18                         WASHINGTON, D.C.  20530

19                         BY:  MICHAEL MIKAWA
                           450 GOLDEN GAVE AVENUE, SUITE 10-0101
20                         SAN FRANCISCO, CALIFORNIA  94102

21

22        APPEARANCES CONTINUED ON THE NEXT PAGE

23   OFFICIAL COURT REPORTER:    LEE-ANNE SHORTRIDGE, CSR, CRR
                                 CERTIFICATE NUMBER 9595
24

25        PROCEEDINGS RECORDED BY MECHANICAL STENOGRAPHY
            TRANSCRIPT PRODUCED WITH COMPUTER

```
 1

 2        APPEARANCES (CONTINUED)

 3

 4     FOR DEFENDANT          FRESHFIELDS US LLP
       HEWLETT PACKARD:       BY:  JULIE S. ELMER
 5                            700 13TH STREET NW
                              WASHINGTON, D.C.  20005
 6

 7                            WILKINSON STEKLOFF LLP
                              BY:  BETH A. WILKINSON
 8                                 ROXANA C. GUIDERO
                                   KOSTA S. STOJILKOVIC
 9                            2001 M STREET NW, 10TH FLOOR
                              WASHINGTON, D.C.  20036
10

11                            GIBSON DUNN & CRUTCHER
                              BY:  SAMUEL G. LIVERSIDGE
12                            333 SOUTH GRAND AVENUE
                              LOS ANGELES, CALIFORNIA  90071
13

14     FOR DEFENDANT          SKADDEN, ARPS, SLATE,
       JUNIPER:               MEAGHER & FLOM LLP
15                            BY:  STEVEN C. SUNSHINE
                                   TARA REINHART
16                            1440 NEW YORK AVENUE N.W.
                              WASHINGTON, D.C.  20005
17

18

19

20

21

22

23

24

25
```

```
 1        SAN JOSE, CALIFORNIA                    FEBRUARY 28, 2025

 2                        P R O C E E D I N G S

 3            (ZOOM PROCEEDINGS CONVENED AT 2:04 P.M.)

 4                THE COURT:  OKAY.  AT THE START, I JUST WANTED TO

 5        THANK EVERYONE FOR THEIR PATIENCE.  AS -- I'M NOT SURE IF IT

 6        WAS EXPLAINED TO YOU, BUT I HAVE A JURY THAT IS DELIBERATING

 7        RIGHT NOW AND WE HAD A QUESTION FROM THE JURY THAT WE NEEDED TO

 8        RESOLVE, SO I HAD TO TAKE A LITTLE TIME TO DO THAT.

 9                SO DO YOU WANT TO CALL THE CASE.

10                THE CLERK:  YES.

11            CALLING CASE NUMBER 25-CV-951, UNITED STATES VERSUS

12        HEWLETT PACKARD, ET AL., ON TODAY FOR THE CASE MANAGEMENT

13        CONFERENCE.

14            WILL THE PARTIES PLEASE APPROACH AND STATE YOUR

15        APPEARANCES FOR THE RECORD, BEGINNING WITH PLAINTIFF'S COUNSEL.

16                MR. FREEMAN:  GOOD AFTERNOON, YOUR HONOR.

17            MICHAEL FREEMAN ON BEHALF OF THE UNITED STATES.  WITH ME

18        TODAY I HAVE CRAIG CONRATH, JEREMY GOLDSTEIN, AND

19        MICHAEL MIKAWA.

20                THE COURT:  GOOD AFTERNOON.

21                MS. WILKINSON:  GOOD AFTERNOON, YOUR HONOR.

22            I'M BETH WILKINSON ON BEHALF OF H.P.

23                THE COURT:  GOOD AFTERNOON.

24                MR. SUNSHINE:  GOOD AFTERNOON, YOUR HONOR.

25            STEVE SUNSHINE ON BEHALF OF JUNIPER NETWORKINGS.  MY
```

```
1           PARTNER, TARA REINHART, IS WITH ME AS WELL.

2                    THE COURT:  OKAY.  GOOD AFTERNOON.

3                    MS. WILKINSON:  SORRY I DIDN'T INTRODUCE MY

4      COLLEAGUES, YOUR HONOR.

5                    THE COURT:  MAKE SURE YOU SPEAK INTO THE MIC IN CASE

6      ANYONE IS LISTENING.

7                    MS. WILKINSON:  I APOLOGIZE, YOUR HONOR.  I DIDN'T

8      INTRODUCE MY COLLEAGUES.

9           I HAVE KOSTA STOJILKOVIC HERE AND ROXANA GUIDERO, AND

10     JULIE ELMER ALSO.

11                   THE COURT:  OKAY.  THANK YOU.

12                   MS. WILKINSON:  THANK YOU.

13                   THE COURT:  ARE THERE ANY OTHER APPEARANCES?

14                   MS. WILKINSON:  OH, SORRY, SAM.

15                   MR. LIVERSIDGE:  GOOD AFTERNOON.

16          SAM LIVERSIDGE FOR HEWLETT PACKARD ENTERPRISE.

17                   THE COURT:  OKAY.  GOOD AFTERNOON.

18          SO WE ARE HERE FOR THE CASE MANAGEMENT CONFERENCE.

19     OBVIOUSLY THE BIGGEST ISSUE THAT WE'RE FACING, AS I UNDERSTAND

20     IT, IS CHOOSING A TRIAL DATE, AND THERE ARE VERY -- SOMEWHAT

21     DIFFERENT -- VERY DIFFERENT, IN THE CONTEXT OF THIS CASE,

22     PROPOSALS FROM THE TWO SIDES.

23          LET ME ASK SORT OF A PRELIMINARY QUESTION.  AS I WAS

24     THINKING ABOUT THE SCHEDULING OF THE TRIAL IN THIS MATTER,

25     THE -- I SAW THAT YOU'VE SUGGESTED WE NEED TO SET ASIDE TEN
```

1    COURT DAYS FOR THIS MATTER, AND I -- MY UNDERSTANDING IS THAT

2    WAS REFLECTED BASED ON MY TYPICAL TRIAL SCHEDULE OF ESSENTIALLY

3    SIX HOURS OF COURT ON MONDAY, TUESDAY, AND WEDNESDAY, AND THREE

4    HOURS ON FRIDAYS, SO ROUGHLY THE PARTIES WERE THINKING

5    SOMETHING LIKE 54 HOURS OF TRIAL TIME.  IS THAT -- IS THAT

6    ACCURATE?

7              MR. FREEMAN:  YOUR HONOR, I BELIEVE IN THE JOINT

8    STATEMENT THAT THE DEFENDANTS HAVE EIGHT TO TEN TRIAL DAYS, AND

9    THE PLAINTIFFS HAVE TEN TO TWELVE.  SO IT'S SLIGHTLY MORE, BUT

10   YES, YOUR HONOR.

11             THE COURT:  OKAY.  AND SO JUST -- THE REASON I ASK

12   THAT QUESTION IS FOR -- YOU KNOW, THIS -- AS A BENCH TRIAL, I

13   DON'T KNOW THAT WE NEED TO STICK TO THE SAME SCHEDULE THAT I

14   APPLY WHEN I'M IN THE MIDST OF A JURY TRIAL, AND ESSENTIALLY IF

15   WE DO THE -- YOU KNOW, FOR A TRIAL OF THIS LENGTH, YOU KNOW, I

16   WOULD BE WILLING TO GO PROBABLY 9:00 TO 12:30 AND 1:30 TO 5:00

17   MONDAY THROUGH FRIDAY AND JUST CLEAR OUT ANYTHING ELSE THAT IS

18   ON THE CALENDAR, EXCEPT FOR POTENTIALLY IF I HAVE CRIMINAL

19   MATTERS, WHICH I WOULD HANDLE -- I WOULD TRY TO HANDLE AT 8:30

20   ON WEDNESDAY MORNINGS SO THEY WON'T INTERFERE WITH OUR TRIAL

21   TIME SIGNIFICANTLY.

22        SO THAT WOULD GET -- YOU KNOW, THAT ALLOWS US TO, I THINK,

23   BASED ON -- IF I TRY TO SCHEDULE THIS RIGHT IN THE MIDDLE OF

24   WHAT THE PARTIES HAVE PROPOSED, AT THAT TIMEFRAME THAT YOU'VE

25   PROVIDED, I THINK THAT WOULD BASICALLY REQUIRE EIGHT DAYS OF

```
 1    COURT TIME, AND I'M WILLING TO BE HERE LISTENING.  AND, YOU
 2    KNOW, SOME OF THE THINGS THAT YOU HAVE TO DO IN A JURY TRIAL
 3    OUTSIDE THE PRESENCE OF THE JURY, OBVIOUSLY WE AVOID THAT NEED
 4    HERE, SO, YOU KNOW, WE CAN BE A LITTLE BIT MORE EFFICIENT.
 5         SO THAT IS ONE PIECE OF INFORMATION.
 6         THE NEXT PIECE OF INFORMATION, I THINK, THAT'S RELEVANT IS
 7    THAT -- IS MY AVAILABILITY.  WE HAVE OUR CIRCUIT CONFERENCE
 8    JULY 20TH, 21ST, 22ND, AND 23RD, SO THOSE ARE DATES THAT I'M
 9    NOT AVAILABLE, WHICH, YOU KNOW, CREATES A COMPLICATION WITH THE
10    PROPOSED JULY 14TH TRIAL DATE, THE SECOND PROPOSED JULY 14TH
11    TRIAL DATE.
12         SO LET ME TELL YOU -- AND I DO WANT TO GIVE THE PARTIES AN
13    OPPORTUNITY TO TALK WITH ME ABOUT THE PROPOSALS, BUT LET ME
14    TELL YOU KIND OF, AFTER REVIEWING THE PARTIES' PAPERS, WHERE I
15    AM IN TERMS OF HOW THIS WORKS.
16         YOU KNOW, I UNDERSTAND THE GOVERNMENT'S NEED FOR
17    APPROPRIATE TIME FOR DISCOVERY.
18         AND I ALSO KNOW THAT, YOU KNOW, THIS WAS -- THIS MERGER
19    WAS ANNOUNCED ROUGHLY A YEAR BEFORE THE FILING OF THE
20    CHALLENGE, AND SO THAT DOES AFFECT MY THINKING ON HOW QUICKLY
21    OR SLOWLY WE NEED TO MOVE.
22         GIVEN MY UNAVAILABILITY -- YOU KNOW, AND THE OTHER JUST
23    SORT OF FACT OF THE MATTER IS THAT AUGUST AND SEPTEMBER ARE
24    VERY -- AND GOING INTO EARLY OCTOBER -- ARE VERY DIFFICULT
25    TIMES FOR ME, SO IT'S A CHALLENGE TO BE DOING ALL OF THIS WORK
```

1    IN THAT TIMEFRAME.

2         SO MY INCLINATION IS TO SET THE MATTER TO START ON

3    WEDNESDAY, JULY 9TH, AND RUN IT FOR THOSE THREE DAYS, AND THEN

4    THE FOLLOWING WEEK, AND THEN WE'LL -- BECAUSE I'M GOING TO BE

5    OUT AFTER THAT, WE'LL NEED TO MAKE SURE WE'RE DONE BY THAT

6    FOLLOWING FRIDAY.

7         I UNDERSTAND -- YOU KNOW, THE MAJOR CONCERN THAT I

8    UNDERSTOOD FROM THE -- ONE OF THE MAJOR CONCERNS THE GOVERNMENT

9    HAS RAISED, AS I UNDERSTAND IT, IS THE TIME TO COMPLETE ALL OF

10   THE DEPOSITIONS THAT WOULD NEED TO BE TAKEN IN ROUGHLY TWO

11   MONTHS, WHICH I THINK, UNDER THE ALTERNATIVE PROPOSAL, IS WHAT

12   WOULD BE AVAILABLE FOR THOSE DEPOSITIONS.

13        AND ONE QUESTION IS WHETHER IT WOULD BE FEASIBLE -- YOU

14   KNOW, I UNDERSTAND THAT GENERALLY THE PARTIES PREFER TO HAVE A

15   NICE, CLEAN PROCESS WHERE ALL THE FACT DISCOVERY IS DONE AND

16   CLOSED UP AND YOU DON'T HAVE TO THINK ABOUT IT, AND THEN YOU DO

17   ALL YOUR EXPERT DISCOVERY AND THERE'S NO POSSIBILITY OF

18   SOMETHING COMING OUT, YOU KNOW, AFTER YOUR INITIAL EXPERT

19   REPORT HAS BEEN PROVIDED.

20        BUT GIVEN THE COMPRESSED TIMEFRAME WE'RE OPERATING ON, IF

21   IT'S POSSIBLE TO MAKE WHAT IS NOW THE SUPPLEMENTAL FACT

22   DISCOVERY DEADLINE A GENERAL DEADLINE FOR THE CONDUCTING OF

23   DEPOSITIONS, AND TO HAVE OTHER, ALL OTHER FACT DISCOVERY CLOSE

24   ON THE PROPOSED FACT DISCOVERY DEADLINE IN A MANNER THAT

25   WOULD -- YOU KNOW, PRESUMABLY THE PARTIES WILL TRY TO TAKE THE

1    DEPOSITIONS THAT THEY NEED AND WILL WORK TOGETHER TO MAKE SURE

2    THAT ALL THE PARTIES ARE ABLE TO TAKE THE DEPOSITIONS THEY

3    TRULY NEED TO PREPARE THEIR EXPERT WORK IN ADVANCE OF THE

4    BEGINNING OF THE EXPERT DISCLOSURE DEADLINES, BUT WITH AN

5    UNDERSTANDING THAT IF THERE ARE SOME TRAILING FOLKS, THAT THOSE

6    PEOPLE COULD BE PUSHED A LITTLE PAST WHAT IS RIGHT NOW THE FACT

7    DISCOVERY DEADLINE IN A WAY THAT -- YOU KNOW, THAT WAY THE --

8    IT COULD BE -- IT MAY NOT BE QUITE AS COMPRESSED A DEADLINE FOR

9    GETTING ALL OF THESE DEPOSITIONS DONE.

10        SO THAT WAS -- TO ME, THAT STRUCK ME AS A POTENTIAL WAY OF

11    TRYING TO PUT A LITTLE MORE SPACE IN THE SCHEDULE FOR THAT, FOR

12    THE FACT DISCOVERY DEPOSITIONS WHILE, WHILE MOVING QUICKLY

13    TOWARDS TRIAL.

14        THE OTHER THING, KIND OF FOR SIMILAR REASONS BASED ON THE

15    TIMING OF, IF WE GO FORWARD THEN, WHEN WE WOULD BE DOING THIS,

16    I WOULD LIKE TO HAVE -- AND ESPECIALLY BECAUSE WE ARE GOING TO

17    HAVE, YOU KNOW, TRIAL BRIEFS AND PROPOSED FINDINGS OF FACT AND

18    CONCLUSIONS OF LAW IN ADVANCE OF THE TRIAL, I WOULD LIKE TO GET

19    THOSE A WEEK AFTER WE CLOSE SO THAT I CAN BEGIN WORKING RIGHT

20    AWAY AND NOT -- YOU KNOW, EVEN THOSE THREE DAYS ARE DAYS THAT

21    I'D LIKE TO BE WORKING.

22        SO THAT -- SO LET ME SAY, THAT'S MY -- THAT'S WHERE I AM

23    RIGHT NOW.  I THINK THAT IS CLOSER TO WHAT THE DEFENDANTS HAVE

24    ASKED FOR THAN WHAT THE GOVERNMENT HAS ASKED FOR, SO MAYBE I'LL

25    ASK THE GOVERNMENT TO, YOU KNOW, EXPLAIN IF YOU CAN MAKE THAT

```
1      WORK OR IF THERE IS, YOU KNOW, A REASON THAT WE CAN'T GO FORTH

2      WITH THAT KIND OF SCHEDULE.

3                MR. FREEMAN:  YEAH, THANK YOU, YOUR HONOR.

4           OBVIOUSLY WE WOULD DO AS NECESSARY, BUT WE DO THINK THAT

5      THE SCHEDULE AS YOU OUTLINED DOES PREJUDICE THE PLAINTIFFS.

6           YOU INDICATED THAT ONE OF THE THINGS THAT WAS DRIVING YOUR

7      DECISION IS THE INVESTIGATION, THE ANNOUNCEMENT OF THE MERGER A

8      YEAR PRIOR.

9           I THINK IT'S IMPORTANT TO KIND OF STEP BACK AND SET FORTH

10     WHAT THAT INVESTIGATION WAS SO YOU HAVE A BETTER UNDERSTANDING

11     OF WHY WE STILL NEED MORE DISCOVERY THAN FROM THE

12     INVESTIGATION.

13                THE INVESTIGATION WAS --

14                THE COURT:  I JUST WANT TO -- I'M LESS -- I'M

15     THINKING ABOUT THIS LESS IN TERMES OF THAT YOU HAVE ALL THE

16     INFORMATION YOU NEED, WHICH I KNOW IS AN ARGUMENT THAT YOU

17     MADE, BUT JUST THAT, YOU KNOW, IT TOOK A YEAR TO DECIDE TO MOVE

18     FORWARD WITH CHALLENGING THIS SO THAT YOU WERE MORE THAN

19     HALFWAY THROUGH THE TIME PERIOD FOR CLOSING THE TRANSACTION

20     BEFORE THE GOVERNMENT DECIDED TO PURSUE A CHALLENGE TO THE

21     MERGER, AND IT'S MORE THAT IT'S SORT OF THE GOVERNMENT PUT

22     ITSELF IN THAT POSITION BY TAKING THAT YEAR TO DO THE

23     INVESTIGATION, AND MAYBE IT WAS IN GOOD FAITH -- I'M SURE IT

24     WAS IN GOOD FAITH.  THEY WERE DOING A GOOD JOB TO MAKE SURE

25     THEY KNEW WHAT THE FACTS WERE FROM THEIR PERSPECTIVE.
```

```
1        BUT IT'S MORE THAT WE'RE KIND OF HERE ON A COMPRESSED

2   SCHEDULE IN PART BECAUSE OF THE TIME IT TOOK THE GOVERNMENT TO

3   MAKE ITS DECISION.

4            MR. FREEMAN:  THAT'S ONLY PARTIALLY CORRECT, YOUR

5    HONOR.

6        THE NOVEMBER 21ST EXTENSION AND AGREEMENT BETWEEN THE

7   PARTIES, ONE OF THE AGREEMENTS PROPOSED BY THE DEFENDANTS WAS

8   THAT FROM NOVEMBER 21ST UNTIL JANUARY THE 29TH, THAT WE COULD

9   NOT SUE THEM DURING THAT TWO MONTH PERIOD.  SO DURING THAT TWO

10  MONTH PERIOD, THERE WAS AN AGREEMENT BETWEEN THE PARTIES THAT

11  THE PLAINTIFFS WOULD NOT SUE DURING THAT TIMEFRAME.

12       SO EVEN RIGHT THEN, WE'RE TALKING ABOUT A TWO MONTH

13  DIFFERENCE THAT WAS AN AGREEMENT BETWEEN THE PARTIES, AND

14  THERE'S BASICALLY ABOUT A TWO MONTH GAP BETWEEN OUR PROPOSALS.

15       SO IT'S NOT ENTIRELY A YEAR FOR US TO MAKE THAT DECISION.

16       BUT MORE SPECIFICALLY TO YOUR QUESTION ABOUT -- YOU'RE

17  TALKING ABOUT FACT DISCOVERY.  WE ALSO HAVE GRAVE CONCERNS

18  ABOUT EXPERT DISCOVERY.

19       UNDER THE PROPOSAL BY THE DEFENDANTS, THEY ALLOWED ONLY

20  NINE DAYS FOR REPLY BRIEFS.  THE MAIN ECONOMIC EXPERT FOR THE

21  DEFENDANTS WILL COME IN THEIR REBUTTAL REPORT, AND SO ONCE WE

22  GET THAT AND THEIR DATA, THE NINE DAYS IS VERY, VERY DIFFICULT

23  TO WORK WITH.  THAT MEANS WE'D HAVE TO DOWNLOAD THE DATA THAT

24  WE HAVE, ANALYZE IT, DIGEST IT, AND WRITE IT.

25       AND SO, YES, FACT DISCOVERY, THE NUMBER OF DEPOSITIONS IS
```

1       A CONCERN.  EQUAL CONCERN, OR IF NOT MORE CONCERN, IS THE

2       EXPERT DISCOVERY SCHEDULE, BECAUSE OF WE NEED A SUFFICIENT

3       AMOUNT OF BASIS -- OUR PROPOSAL WAS 21 DAYS FROM THE REBUTTAL

4       REPORT TO THE REPLY REPORT, WHICH IS THE EXACT AMOUNT OF TIME

5       FROM THE INITIAL REPORT TO THE REBUTTAL REPORT.

6             SO WE THINK WE ARE ENTITLED TO, OR SHOULD HAVE AT LEAST

7       THE OPPORTUNITY TO HAVE THE SAME AMOUNT OF TIME TO REBUT THEIR

8       ARGUMENTS AS THEY HAVE WITH US.

9             SO IT'S NOT JUST THE FACT DISCOVERY ISSUE.  IT'S ALSO AN

10      EXPERT DISCOVERY ISSUE.

11               THE COURT:  RIGHT.  I MEAN, I GUESS -- IT SEEMS TO ME

12      LIKE THAT SHOULD BE AN ISSUE THAT THE PARTIES SHOULD BE ABLE TO

13      WORK OUT ON THE TIMEFRAME ONCE THEY KNOW THE TRIAL DATE.  YOU

14      KNOW, THAT IS VERY TIGHT.

15            USUALLY -- I'M NOT SURE YOU NEED THE FULL 21 DAYS.  IT

16      MIGHT BE THAT 14 DAYS IS SUFFICIENT UNDER THE CIRCUMSTANCES

17      GIVEN THAT AT LEAST SOME OF IT WILL BE PRESUMABLY RESPONDING TO

18      YOUR EXPERTS', YOU KNOW, OPENING REPORTS SO THAT THAT PORTION

19      SHOULDN'T, YOU KNOW, SHOULDN'T TAKE QUITE AS MUCH TIME TO

20      RESPOND TO.

21            I -- YOU KNOW, SIMILARLY, I'M COMFORTABLE, AS IT STANDS,

22      YOU KNOW, WE'RE -- THERE'S A QUESTION -- I'M NOT SURE, GIVEN

23      THAT THIS IS A BENCH TRIAL, WHETHER WE NEED THE FULL TWO WEEKS

24      BETWEEN THE FINAL PRETRIAL CONFERENCE AND THE BENCH TRIAL

25      ITSELF.  I MEAN, MAYBE YOU WANT THAT TIME TO PLAN, BUT THERE IS

1   SOME PLAY IN THE JOINTS ON THAT FRONT IN TERMS OF -- AGAIN,

2   WE'RE GOING TO WORK THROUGH AS MANY EVIDENTIARY OBJECTIONS AS

3   WE CAN IN ADVANCE, BUT I WILL BE HERE ABLE TO RULE ON THOSE AS

4   THEY COME AS WE'RE GOING FORTH.

5        SO, YOU KNOW, I -- I TAKE YOUR CONCERN.  I JUST -- IS

6   THERE A REASON THAT WE -- THAT IF THE PARTIES HAVE THIS AS THE

7   TRIAL PLAN, THAT YOU CAN'T TRY TO MOVE A FEW OF THE DATES

8   AROUND TO GIVE -- YOU KNOW, IF THERE'S A SPACE YOU CAN CUT A

9   FEW DAYS OUT EARLIER, YOU KNOW, IN THE PROCESS TO ENABLE, YOU

10  KNOW, THE TIME THAT YOU NEED?  IT PROBABLY WON'T BE A FULL

11  THREE WEEKS.  IT IS A REPLY, SO IN SOME WAYS IT IS -- IT SHOULD

12  NOT TAKE AS MUCH TIME AS AN ORIGINAL REPORT.

13       YOU KNOW, AND THEIR 21 DAY TURN AROUND IS GOING TO

14  OBVIOUSLY ITSELF BE A CHALLENGE, PRESUMABLY HAVING NOT HAD

15  QUITE AS MUCH TIME TO PREPARE THAT AS CAME IN, CERTAINLY AT

16  LEAST TO THE EXTENT IT RESPONDS.

17       SO IS THERE A REASON THAT THE PARTIES WOULDN'T BE ABLE TO

18  DO THAT?

19          MR. FREEMAN:  I MEAN, WE CERTAINLY WOULD WORK WITH

20  DEFENSE COUNSEL AND REACH IT.

21       IT JUST BECOMES A POINT WHERE THERE'S NOT ANY MORE JUICE

22  TO SQUEEZE.  WHEN WE'RE TALKING ABOUT DEPOSITIONS OCCURRING

23  AFTER THE SUPPLEMENTAL CLOSE, OR THE NEW DATE OF THE

24  SUPPLEMENTAL CLOSE OF FACT DISCOVERY, THERE'S JUST NOT ENOUGH

25  BUILT IN TIME OR ENOUGH JUICE TO SQUEEZE, LIKE I SAID, IN ORDER

1    TO MAKE THAT WORK.

2         WE OBVIOUSLY WILL ABIDE BY THE COURT AND MAKE IT HAPPEN IF

3    NECESSARY, BUT WE DO FEEL LIKE A JULY 9TH START DATE, AND ALL

4    THE DATES THAT MUST COME BEFORE THAT, PREJUDICE THE PLAINTIFFS.

5         AND I DON'T KNOW IF ONE OF THE REASONS THAT'S EMANATING

6    THE COURT'S DECISION IS THE OPTION DATE THAT THE PARTIES HAVE

7    AGREED TO, AND I THINK THE LANGUAGE IS IMPORTANT.

8         DEFENDANTS HAVE CHARACTERIZED IT AS A TERMINATION DATE,

9    AND I THINK THAT'S A LITTLE BIT MISLEADING.  THE OCTOBER 9TH

10    DATE IS AN OPTION FOR ONE PARTY TO WALK AWAY.  THEY ALSO HAVE

11    THE SIMILAR OPTION TO CONTINUE TO NEGOTIATE AND EXTEND THAT

12    DATE IF BOTH PARTIES ARE COMMITTED TO THE TRANSACTION.

13         AND, THEREFORE, WE'VE ASKED REPEATEDLY, AS WE PUT IN OUR

14    PAPERS, FOR MORE INFORMATION ABOUT WHY THAT OCTOBER 9TH DATE IS

15    NOT IMMOVABLE.  WE EVENTUALLY GOT NO INFORMATION OTHER THAN THE

16    GENERAL STATEMENTS THAT APPLY TO EVERY MERGER AND EVERY OPTION

17    DATE.

18         THEREFORE, IF THAT IS ONE OF THE EMANATING FACTORS, WE

19    DON'T THINK WE HAVE ENOUGH INFORMATION TO JUSTIFY THEN

20    SQUEEZING IN TRIAL TO BEGIN ON JULY 9TH.

21         THE COURT:  REMIND ME, WHAT DATE WAS THE MERGER

22    ANNOUNCED?

23         MR. FREEMAN:  IT WAS ANNOUNCED ON JANUARY THE 20 --

24    JANUARY 9TH OF 2024.  THEY FILED THEIR HSR FILINGS ON

25    MARCH THE 1ST OF 2024.

1            THE COURT:  OKAY.  I MEAN, AGAIN -- YOU KNOW, I TAKE

2       YOUR POINT ABOUT THE DELAY NEAR THE END, BUT WE ARE STILL IN

3       THE CASE WHERE IT WAS, YOU KNOW, ROUGHLY 11 MONTHS AT THAT TIME

4       PERIOD WHERE THE GOVERNMENT WAS DECIDING WHETHER TO ACT, AND I

5       DON'T THINK IT IS INAPPROPRIATE -- YOU KNOW, FROM MY DAYS AS A

6       LITIGATOR, YOU KNOW, IF I HAD THREE WEEKS TO PUT TOGETHER A

7       CHALLENGE TO SOMETHING, I WOULD DO SO.

8            SO I DON'T -- I DON'T FIND IT PARTICULARLY APPROPRIATE TO

9       SAY, YOU KNOW, THAT -- THE FACTS AND THE DATE, THESE WERE

10      INFORMATION THAT WAS THERE AND THE GOVERNMENT, YOU KNOW, DID A

11      CAREFUL, THOROUGH REVIEW, PRESUMABLY.

12           BUT THAT AT THIS POINT, THAT THE END RESULT IS THAT, YOU

13      KNOW, IT'S REASONABLE TO HOLD THE PARTIES TO THE AGREEMENT THAT

14      THEY REACHED, AND TO -- FOR THEM TO EXPECT A DECISION BEFORE

15      THAT.  I DON'T THINK THAT'S -- I UNDERSTAND IT CAN BE CHANGED

16      AND IT'S NOT DRIVING THE DECISION IN THAT SENSE, BUT I DO THINK

17      IT'S APPROPRIATE TO DO WHAT WE CAN TO MAKE THAT HAPPEN UNDER

18      THESE CIRCUMSTANCES.

19           MR. FREEMAN:  UNDERSTOOD, YOUR HONOR.  THIS WILL BE

20      MY LAST TRY AT IT, UNDERSTANDING AND READING THE ROOM.

21           IN TERMS OF -- THE INVESTIGATION WAS ABOUT THREE DIFFERENT

22      PRODUCT MARKETS, NOT JUST ONE PRODUCT MARKET, SO IT WAS BROADER

23      IN SCOPE.

24           SO WHEN YOU TALK ABOUT THE TIME, IT WAS A BROADER SCOPE

25      INVESTIGATION LOOKING AT MULTIPLE MARKETS THAT ARE NO LONGER

1    THE SUBJECT OF IT.

2          SO THE AMOUNT OF TIME THAT WE TOOK TO INVESTIGATE IS A

3    NORMAL AMOUNT OF TIME FOR A MERGER INVESTIGATION.  SO WAS OUR

4    REQUEST FOR A TRIAL DATE THAT, AS YOU CAN TELL FROM OUR

5    EXHIBIT, WE ARE ACTUALLY AT THE EXACT AVERAGE AMOUNT OF DAYS

6    FROM THE FILING OF THE COMPLAINT FOR IT.

7          BUT I UNDERSTAND THE COURT'S ORDER.

8          THE COURT:  OKAY.  SO THAT'S -- LET ME HEAR FROM THE

9    DEFENDANTS IF THERE ARE CONCERNS ABOUT THE APPROACH THAT I'VE

10   OUTLINED.

11         MS. WILKINSON:  I HOPE IT WON'T SURPRISE YOU, YOUR

12   HONOR, THAT WE'LL BE DELIGHTED TO FOLLOW THE SCHEDULE THAT

13   YOU'VE SET OUT, AND WE WILL BE HAPPY TO WORK WITH THE

14   GOVERNMENT ON MOVING SOME OF THOSE DEADLINES.

15         I TOTALLY UNDERSTAND ABOUT THE DEPOSITIONS, AND IN ALMOST

16   ANY CASE WE'RE IN -- I'M SURE IT WAS YOUR EXPERIENCE -- YOU

17   HAVE THOSE DEADLINES, BUT YOU CALL EACH OTHER WHEN SOMEONE

18   CAN'T BE DEPOSED IN THAT TIME AND YOU GO BEYOND IT.

19         SO WE'LL MOVE SOME OF THE DEADLINES WITH THEM AND WE'LL BE

20   FLEXIBLE IN TERMS OF REAL WORLD SCHEDULING.

21         AND THE SAME WITH THE EXPERT DISCOVERY.  I'M SURE WE CAN

22   COME TO A DECISION WHERE WE DON'T HAVE TO COME BACK TO THE

23   COURT.

24         ON THE PRETRIAL CONFERENCE, I THINK THAT'S PROBABLY A GOOD

25   IDEA, DEPENDING ON WHAT YOU WANT TO DO.  WE CAN STILL FILE IN

1    ADVANCE TO GIVE YOU THE INFORMATION, WHICH I WOULD THINK YOU

2    WOULD WANT.

3              THE COURT:  YES.

4              MS. WILKINSON:  BUT IF YOU WANT TO MOVE THAT CLOSER

5    TO THE TRIAL DATE, WE'RE HAPPY TO TALK TO THE GOVERNMENT ABOUT

6    THAT, AND THAT'S FINE, TOO.

7         I DON'T THINK -- I HOPE THERE ARE NOT GOING TO BE MANY

8    OBJECTIONS TO DOCUMENTS OR MOTIONS IN LIMINE OR DAUBERTS

9    BECAUSE IT IS A BENCH TRIAL, AND I'M SURE YOUR HONOR CAN MAKE

10   HIS OWN DECISION ABOUT WHETHER SOMETHING IS RELEVANT OR, YOU

11   KNOW, QUALIFIES.  I CAN'T IMAGINE WE'LL HAVE A DAUBERT MOTION

12   ANYWAY.

13        SO I DON'T THINK WE'LL NEED THOSE EXTRA TWO WEEKS IF YOU

14   WOULD LIKE US TO MOVE THAT, AND IT MIGHT BE BETTER FOR US WITH

15   THE GOVERNMENT ONCE WE TALK TO THEM.

16             THE COURT:  YEAH.  I MEAN, I DO THINK IT'S HELPFUL TO

17   HAVE IT SOME TIME IN ADVANCE.  SO AS WE'RE THINKING, I'M

18   THINKING, NOW THAT I THINK ABOUT IT, IF WE ARE GOING TO START

19   ON A MONDAY, MAYBE WE DO THE FRIDAY A WEEK -- LIKE, TEN DAYS IN

20   ADVANCE.

21             MS. WILKINSON:  SURE.

22             THE COURT:  THAT WAY YOU'LL GET SOME RULINGS

23   PRESUMABLY AT THE TIME.  IF THERE'S ANYTHING ELSE I NEED TO DO

24   OVER THE WEEKEND, I'LL GET YOU SOMETHING ON MONDAY OR OVER THE

25   WEEKEND.  HAVING JUST BEEN IN TRIAL, THERE'S PLENTY OF THINGS I

```
1    GOT OUT OVER THE WEEKEND.

2         AND THAT WAY YOU'LL HAVE ROUGHLY A WEEK AT LEAST TO SORT

3    OF INCORPORATE ANYTHING INTO YOUR TRIAL PLAN FOR THE FOLLOWING

4    WEEK.

5              MS. WILKINSON:  THAT'S FINE WITH US.

6         LAST TIME WE WERE HERE, WE WERE IN FRONT OF JUDGE CORLEY.

7    WE HAD TEN DAYS FROM THE DAY THEY FILED THE COMPLAINT TO TRIAL.

8         SO WE'RE DELIGHTED YOU GAVE US THIS TIME.  THANK YOU.

9              THE COURT:  ANY CONCERNS FROM JUNIPER NETWORKS?

10             MR. SUNSHINE:  NO, YOUR HONOR.  I THINK MS. WILKINSON

11   COVERED IT QUITE WELL.

12             THE COURT:  OKAY.  SO I THINK THAT WE SHOULD MOVE

13   FORWARD WITH THIS.

14        WHAT I WOULD LIKE TO PROPOSE IS THAT THE PARTIES, AGAIN,

15   COME UP WITH -- I THINK IT WOULD BE HELPFUL FOR ME TO HAVE TWO

16   SEPARATE PROPOSED FILINGS, ONE OF WHICH IS A FINALIZED,

17   HOPEFULLY AGREED UPON, CASE SCHEDULE, CASE MANAGEMENT ORDER

18   THAT WILL JUST SET FORTH THE CASE SCHEDULE THAT WILL GOVERN

19   MATTERS GOING FORWARD AFTER YOU'VE HAD A CHANCE TO TALK THROUGH

20   THE LITTLE DETAILS AND THAT WE'LL SET THE 9TH -- I JUST

21   REALIZED, WE AREN'T STARTING ON A MONDAY, WE'RE STARTING ON A

22   WEDNESDAY, SO MAYBE WE CAN DO IT THE MONDAY BEFOREHAND, NINE

23   DAYS IN ADVANCE.

24        YOU CAN TALK ABOUT WHAT YOU THINK, AND IF YOU CAN COME UP

25   WITH A SCHEDULE THAT PUTS IT THE WEEK BEFORE THAT, THAT'S
```

1      GREAT.  THAT GIVES EVERYONE A LITTLE MORE TIME.  BUT I'LL LET

2       YOU THINK ABOUT THAT.  SORRY.

3           IF YOU COULD -- SO I WOULD LIKE ONE FILING THAT WOULD JUST

4      BE THE PARTIES' PROPOSED SCHEDULE THAT I CAN SIGN OFF OF ONCE

5      YOU'VE APPRECIATED AGREEMENT ON THAT.

6           AND THEN GENERALLY I FIND IT A LITTLE AWKWARD TO JUST SIGN

7      JOINT CASE MANAGEMENT STATEMENTS BECAUSE THERE'S A LOT IN THERE

8      THAT I HAVEN'T REVIEWED.  I DON'T KNOW THE FACTS, OR -- THERE'S

9      A LOT THERE.

10          SO IF YOU COULD PREPARE A SEPARATE -- I KNOW THERE IS SOME

11     STUFF IN THERE ABOUT THE WAY THE PARTIES ARE GOING TO PROCEED

12     THAT YOU'D LIKE MY SIGNATURE ON, SO IF YOU COULD JUST PROVIDE A

13     SEPARATE DOCUMENT, YOU KNOW, A PROPOSED CASE MANAGEMENT PLAN,

14     OR SOMETHING ALONG THOSE LINES, THAT HAS THE PORTIONS OF YOUR

15     CASE MANAGEMENT STATEMENT YOU WOULD LIKE ME TO SIGN OFF ON SO

16     THAT YOU HAVE SOME -- YOU KNOW, PRESUMABLY THE PARTIES'

17     AGREEMENT IS MORE THAN ENOUGH TO KEEP EVERYONE TO THAT.

18          BUT IF THERE ARE SOME YOU FEEL YOU NEED A JUDICIAL

19     SIGNATURE ON, IT WOULD JUST BE HELPFUL TO HAVE THAT IN A

20     SEPARATE DOCUMENT.

21          AND I GUESS THE QUESTION IS, WHAT TIMEFRAME IS FEASIBLE TO

22     GET THAT TO ME?

23               MR. FREEMAN:  I WOULD PROPOSE BY TUESDAY OR WEDNESDAY

24      OF THIS FOLLOWING WEEK.

25               MS. WILKINSON:  THAT'S FINE, YOUR HONOR.

```
1              THE COURT:  OKAY.  THEN I'LL GIVE -- I'LL GIVE THE

2     GOVERNMENT A LITTLE EXTRA TIME.  LET'S GO UNTIL WEDNESDAY.

3              MR. FREEMAN:  THANK YOU, YOUR HONOR.  I'VE GOT TO

4     TAKE ONE WIN.

5              THE COURT:  OKAY.  SO THAT'S THE PLAN ON THE CASE

6     MANAGEMENT MATTERS.

7          IS THERE ANYTHING ELSE THAT WE NEED TO ADDRESS RIGHT NOW?

8              MR. FREEMAN:  I'M NOT SURE IT NEEDS TO BE ADDRESSED

9     RIGHT NOW, BUT ANY OTHER GUIDANCE YOU HAVE ABOUT YOUR TRIAL

10    ROUTINE AND PROTOCOL WOULD BE HELPFUL FOR PLANNING PURPOSES,

11    JUST IN TERMS OF, LIKE, DEPOSITION DESIGNATIONS, DO YOU LIKE

12    VIDEOS PLAYED DURING THE TRIAL OR SUBMISSIONS OR THINGS ALONG

13    THAT LINE?

14        I DON'T KNOW IF YOU WANT MORE TIME TO THINK ABOUT THAT.

15    BUT THAT TYPE OF GUIDANCE WOULD BE HELPFUL FOR BOTH PARTIES, I

16    BELIEVE.

17             THE COURT:  YEAH.  I MEAN, I THINK -- I THINK I -- AS

18    A BENCH TRIAL, I PROBABLY DON'T NEED EVERY DEPOSITION THAT

19    YOU'RE PUTTING IN AS A FACTUAL MATTER TO BE PLAYED FOR ME.  IF

20    THERE ARE ONES THAT -- IF THERE ARE AREAS WHERE YOU THINK THERE

21    ARE GOING TO BE IMPORTANT QUESTIONS OF CREDIBILITY, THEN I

22    THINK IT IS HELPFUL FOR ME TO VIEW THAT VIDEO.

23        BUT IF I FEEL THAT -- I WILL SORT OF LET YOU KNOW -- I

24    WILL LEAVE IT TO YOU IF YOU THINK IT'S IMPORTANT TO PLAY THAT

25    AND USE THAT TIME, THAT YOU CAN DO SO.
```

1           BUT IF YOU THINK THAT I CAN UNDERSTAND ADEQUATELY READING

2     THE DEPOSITION TRANSCRIPT -- I'VE READ MANY IN MY LIFE -- THEN

3     I'M HAPPY TO DO THAT WORK ON MY OWN AND USE THE TIME IN HERE

4     MORE PRODUCTIVELY.

5           BUT I WILL FOLLOW UP.  CERTAINLY, YOU KNOW, WELL BEFORE

6     TRIAL I WILL PROVIDE THE PARTIES WITH, YOU KNOW, CLEAR

7     INSTRUCTIONS ON HOW I'M GOING TO WANT -- YOU KNOW, WHAT KIND OF

8     EVIDENCE I'M GOING TO WANT, PAPER VERSUS DIGITAL, AND HOW THAT

9     SHOULD ALL BE PROVIDED TO THE COURT AND HOW WE CAN PLAN ON

10    PROCEEDING.

11          ANYTHING ELSE?

12              MR. FREEMAN:  NO, YOUR HONOR.  THANK YOU.

13              THE COURT:  OKAY.

14              MS. WILKINSON:  NOTHING FROM THE DEFENDANTS.  THANK

15     YOU.

16              MR. SUNSHINE:  NOTHING HERE.  THANK YOU, YOUR HONOR.

17              THE COURT:  OKAY.  THANK YOU.

18          THANK YOU ALL FOR COMING HERE TODAY, AND HAVE A GOOD

19    WEEKEND.

20              THE CLERK:  THANK YOU.  COURT IS CONCLUDED.

21          (THE PROCEEDINGS WERE CONCLUDED AT 2:27 P.M.)

22

23

24

25

1

2

3                    CERTIFICATE OF REPORTER

4

5

6

7        I, THE UNDERSIGNED OFFICIAL COURT REPORTER OF THE UNITED

8    STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA,

9    280 SOUTH FIRST STREET, SAN JOSE, CALIFORNIA, DO HEREBY

10   CERTIFY:

11       THAT THE FOREGOING TRANSCRIPT, CERTIFICATE INCLUSIVE, IS

12   A CORRECT TRANSCRIPT FROM THE RECORD OF PROCEEDINGS IN THE

13   ABOVE-ENTITLED MATTER.

14

15

16   _____
     LEE-ANNE SHORTRIDGE, CSR, CRR
17   CERTIFICATE NUMBER 9595

18            DATED:  FEBRUARY 28, 2025

19

20

21

22

23

24

25