1  BETH A. WILKINSON (*pro hac vice*)
2  WILKINSON STEKLOFF LLP
   2001 M Street NW, 10th Floor
3  Washington, DC 20036
   (202) 847-4010
4  bwilkinson@wilkinsonstekloff.com

5  JULIE ELMER (*pro hac vice*)
   JENNIFER MELLOTT (*pro hac vice*)
6  FRESHFIELDS US LLP
   700 13th St NW
7  Washington, DC 20005
   (202) 777-4500
8  julie.elmer@freshfields.com
   jennifer.mellott@freshfields.com
9
   SAMUEL G. LIVERSIDGE (CA No. 180578)
10 GIBSON, DUNN & CRUTCHER LLP
   333 South Grand Avenue
11 Los Angeles, CA 90071-3197
   (213) 229-7000
12 sliversidge@gibsondunn.com

13

14 *Attorneys for Defendant*
   HEWLETT PACKARD ENTERPRISE CO.

JACK P. DICANIO (CA Bar. No 138782)
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM LLP
525 University Avenue
Palo Alto, CA 94301
(650) 470-4500
jack.dicanio@skadden.com

*Attorneys for Defendant*
JUNIPER NETWORKS, INC

MICHAEL J. FREEMAN (OH No. 086797)
U.S. DEPARTMENT OF JUSTICE
ANTITRUST DIVISION
450 Fifth Street, NW, Suite 4000
Washington, DC 20530
Telephone: (212) 213-2774
Fax: (202) 514-5847
Michael.Freeman@usdoj.gov

*Attorney for Plaintiff*
UNITED STATES OF AMERICA

[Additional counsel listed on signature page]

15

16                UNITED STATES DISTRICT COURT

17               NORTHERN DISTRICT OF CALIFORNIA

18

19  UNITED STATES OF AMERICA,

20                      *Plaintiff*
                 v.
21

22  HEWLETT PACKARD ENTERPRISE CO.
    and JUNIPER NETWORKS, INC.,
23
                       *Defendants*.
24

Case No. 25-cv-00951-PCP

**[~~JOINT PROPOSED~~] CASE
MANAGEMENT PLAN**

25

Plaintiff United States of America and Defendants Hewlett Packard Enterprise Co. ("HPE") and Juniper Networks, Inc. ("Juniper"), jointly submit this Joint Proposed Case Management Plan pursuant to the Standing Order for All Judges of the Northern District of California and Civil Local Rule 16-9, and the Court's order at the Case Management Conference on February 28, 2025.

## I.    Disclosures

The Parties agree to waive the exchange of initial disclosures under Federal Rule of Civil Procedure 26(a)(1) and instead will exchange preliminary trial fact witness lists as provided in the schedule entered by the Court.

## II.    Proposed Discovery Plan

The Parties agree on the following proposed discovery plan:

### A.    Definitions

For the purpose of this Order, "Party" means the Antitrust Division of the U.S. Department of Justice, HPE, and Juniper.

### B.    Discovery of Confidential or Highly Confidential Information

Discovery and production of Confidential or Highly Confidential information will be governed by the Protective Order entered by the Court in this action. When sending discovery requests, notices, and subpoenas to non-parties, the Parties must include copies of any Protective Orders then in effect.

### C.    Timely Service of Fact Discovery

All discovery, including discovery served on non-parties, must be served in time to permit completion of responses by the close of fact discovery.

### D.    Subpoenas to Non-Parties

The Parties will in good faith cooperate with each other with regard to any discovery to non-parties in an effort to minimize the burden on non-parties. Each Party must serve a copy of

any subpoena to a non-party on the other Parties at or before the time the subpoena is served on the non-party. The Parties agree to accept electronic service (by email) of a notice and copy of the subpoena. Every subpoena to a non-party shall include a cover letter requesting that: (a) the non-party stamp each document with a production number prior to producing it; (b) the non-party stamp any applicable confidentiality designation prior to producing it; and (c) the non-party provide to the other Parties copies of all productions at the same time as they are produced to the requesting Party. To facilitate cooperation, a requesting Party will produce to all other Parties a written record of any oral modifications to the subpoena and (unless already copied) all substantive written communications concerning non-party subpoenas within 5 business days of the oral or written communication, including objections, responses, agreements on extensions or limitations, and accounts of productions received from non-parties.

If a non-party fails to provide copies of productions to the other side, the requesting Party shall provide copies to the other Party, in the format the productions were received, within 5 business days after receipt of such materials from the non-party. In addition, if a non-party produces documents or electronically stored information that are not Bates-stamped, the Party receiving those materials will Bates-stamp such documents or electronically stored information and produce such Bates-stamped copies to all Parties simultaneously within a timeframe appropriate to the volume and complexity of the materials received. Production of the Bates-stamped copies should not delay production of the non-Bates stamped versions to all Parties as required in the first sentence of this paragraph.

### E.    Written Discovery on Parties

#### 1.    Document Requests

There is no pre-determined limit on the number of requests for the production of documents that may be served by the Parties, but any requests must be proportional to the needs of the case as required by Federal Rule of Civil Procedure 26(b)(1).

The Parties must serve any objections to requests for productions of documents within 7 business days after the requests are served. Within 3 business days of service of any objections, the Parties must meet and confer to attempt to resolve any objections and to agree on search terms and custodians to be searched. The Parties must make good-faith efforts to make rolling productions of responsive documents (to the extent not subject to any objections, search terms negotiations, or custodian issues that have not been resolved), including any portion(s) of responsive productions that are not subject to any objections or negotiations concerning the method of production or custodians, beginning no later than 21 days after service of the request for production. The Parties must make good-faith efforts to substantially complete responsive productions no later than 28 days after service of the request for production. Should any objections or negotiations concerning the method of production or custodians remain unresolved for 14 days or more after service of the request for production, the Parties must make good-faith efforts to complete such remaining responsive productions no later than 14 days after resolution of such objections or negotiations.

### 2. Interrogatories

Interrogatories are limited to 12 (including discrete subparts) to Defendants collectively by the United States and to 12 (including discrete subparts) to the United States collectively by Defendants. The Parties must serve any objections to interrogatories within 7 business days after the interrogatories are served. Within 3 business days of service of any objections, the Parties must meet and confer to attempt to resolve the objections. The Parties must make good-faith efforts to provide complete answers to interrogatories no later than 28 days after service of the interrogatories.

### 3. Requests for Admission

Requests for admission are limited to 20 by the United States to Defendants collectively and to 20 by Defendants collectively to the United States. Unless otherwise agreed, the Parties

1   must make good faith efforts to respond in writing to requests for admissions no later than 28

2   days after service of the requests.

3       **F.      Depositions**

4           The United States is limited to 25 depositions of fact witnesses, and the Defendants

5   collectively are limited to 25 depositions of fact witnesses.  Depositions of a Party or third-party

6   organization may be taken by either Party under Federal Rule of Civil Procedure 30(b)(6) and

7   will count against the 25-deposition maximum.  The United States may issue no more than one

8   (1) deposition notice under Rule 30(b)(6) to each Defendant (two total).  Each seven-hour

9   deposition of a Party taken under Federal Rule of Civil Procedure 30(b)(6) counts as one

10  deposition for purposes of the side's limit, regardless of the number of witnesses produced to

11  testify on the matters for examination in that deposition.  For the avoidance of doubt, every non-

12  party deposition taken under Federal Rule of Civil Procedure 30(b)(6) counts as one deposition

13  for purposes of the side's limit, regardless of whether the full seven hours afforded under Federal

14  Rule of Civil Procedure 30(d)(1) are used.  Where a witness testifying on behalf of a Defendant

15  under Rule 30(b)(6) has also been noticed as a fact witness, the Parties shall confer regarding

16  whether it is reasonable to take both depositions on the same day or on consecutive business

17  days.  The following depositions do not count against the deposition caps imposed in this

18  Paragraph:  (a) depositions of any persons identified on a Party's final fact witness list who were

19  not identified on that Party's preliminary fact witness list; (b) depositions of the Parties'

20  designated expert witnesses; (c) depositions taken in response to Civil Investigative Demands

21  prior to January 30, 2025; (d) the 2-hours of deposition time afforded to non-noticing Parties in

22  non-party depositions; (e) depositions taken for the sole purpose of establishing the location,

23  authenticity, or admissibility of documents produced by any Party or non-party, provided that

24  such depositions may be noticed only after the Party taking the deposition has taken reasonable

25  steps to establish location, authenticity, or admissibility through other means, and further

1    provided that such depositions must be designated at the time that they are noticed as being taken

2    for the sole purpose of establishing the location, authenticity, or admissibility of documents; or

3    (f) depositions of a non-party (including an employee of a non-party) to or with which a

4    Defendant has made an offer, commitment, or agreement (including an agreement to divest or

5    license assets) to attempt to address the United States' concerns about the Planned Transaction.

6         The Parties will use reasonable efforts to reduce the burden on witnesses (including

7    experts) noticed for depositions and to accommodate the witnesses' schedules. Absent

8    extraordinary circumstances, the Parties and non-parties will consult in advance to schedule

9    depositions at mutually convenient times and places. Parties will make reasonable efforts to

10   make witnesses (including experts) available for deposition promptly upon notice. The Parties

11   will meet and confer in good faith regarding whether a deposition will be conducted virtually or

12   in-person. Depositions that are conducted in-person will take place in the locations where

13   witnesses reside or are employed, unless the noticing Party or Parties and the witness mutually

14   agree otherwise, subject to Paragraph III.E of this Order. For any Party or non-party deposition

15   conducted virtually by agreement of the Parties or Court order, the deposition will take place by

16   videoconference. The court reporter will swear in the witness remotely by means of the

17   videoconference. No participants other than the court reporter, and videographer if applicable,

18   will record the deposition.

19        If a Party serves on a non-party a subpoena for production of documents or electronically

20   stored information and a subpoena commanding attendance at a deposition, the Party serving

21   those subpoenas must schedule the deposition for a date at least 7 business days after the return

22   date for the document subpoena, unless all other Parties consent to fewer than 7 business days.

23   In the event the Party serving the subpoenas agrees to extend the date of production for the

24   document subpoena in a way that would result in fewer than 7 business days between the

25   extended production date and the date scheduled for that non-party's deposition, the date

scheduled for the deposition must be postponed to be at least 7 business days following the extended production date, unless all other Parties consent to fewer than 7 business days. In the event that an opposing Party serves a separate subpoena on the same non-party and causes the date of production for that second document subpoena to result in fewer than 3 business days between that production date and the date scheduled for that non-party's deposition, the originally noticing Party may at its sole discretion postpone the date scheduled for the deposition for up to 3 business days following the second production date.

Depositions of fact witnesses are limited to no more than one (7-hour) day unless otherwise stipulated. A Defendant noticing a deposition may cede some or all of its examination time to another Defendant. During non-party depositions, the non-noticing side will receive at least two hours of examination time. If a non-party deposition is noticed by both sides, then time will be divided equally between the sides (i.e., 3.5 hours to Plaintiff and 3.5 hours collectively to Defendants). Any time allotted to one side not used by that side in a non-party deposition may not be used by the other side absent agreement from both sides.

Any Party may further depose any person whose deposition was taken pursuant to a Civil Investigative Demand, and the fact that such person's deposition was taken pursuant to a Civil Investigative Demand may not be used as a basis for any Party to object to that person's deposition. Depositions taken of non-party witnesses pursuant to Civil Investigative Demands may not be used at trial except for impeachment subject to the Federal Rules of Civil Procedure and Federal Rules of Evidence.

Any objection made by any Party in a deposition preserves that objection for every Party.

Notwithstanding any other part of this Paragraph, the Parties reserve their right to move for a protective order pursuant to Federal Rule of Civil Procedure 26(c)(1). The parties reserve the right to seek from the Court additional deposition time with particular witnesses or a different allocation of time than the allocations that are set forth within this Paragraph.

**G.      Presumptions of Authenticity**

Documents and data produced by Parties and non-parties from their own files will be presumed to be authentic within the meaning of Federal Rule of Evidence 901.  Any good-faith objection to authenticity must be provided with the exchange of other objections to intended trial exhibits.  If the opposing side serves a specific good-faith written objection to authenticity, the presumption of authenticity will no longer apply and the Parties will promptly meet and confer to attempt to resolve any objection.

Notwithstanding any other deadlines in this Order, a Party may take limited discovery related to the authenticity of any document on that Party's exhibit list to which the opposing side objects on the ground that such document is inauthentic.

**H.      Expert Witness Disclosures and Depositions.**

Expert disclosures, including each side's expert reports, must comply with the requirements of Federal Rule of Civil Procedure 26(a)(2) and 26(b)(4), except as modified by this Paragraph.

1.      Neither side must preserve or disclose, including in expert deposition testimony or at trial, the following documents or information:

   a.      Any form of oral or written communications, correspondence, or work product not relied upon by the expert in forming any opinions in their final report shared between:

      i.      the expert and any persons assisting the expert;

      ii.      any Party's counsel and its expert(s), or between any agent or employee of any Party's counsel and the Party's expert(s);

      iii.      testifying and non-testifying experts and their own staff;

      iv.      non-testifying experts;

      v.      testifying experts; or

-8-

vi.      staff assisting testifying or non-testifying experts on the same side.

b.      The expert's notes, except for notes taken by or reviewed by an expert of an interview upon which the expert relied in forming any opinions in their final report;

c.      Drafts of expert reports, affidavits, or declarations;

d.      Data formulations, data runs, data analyses, or any database-related operations not relied upon by the expert in forming any opinions in their final report; and

e.      Budgets, invoices, bills, receipts, or time records concerning testifying or non-testifying experts, their staff, assistants, colleagues, or associates, or their companies or organizations.  Notwithstanding this provision, any Party may inquire into a testifying expert's compensation in this matter, including the testifying expert's hourly rates as well as the hourly or other rates charged by firms and personnel supporting the expert, the total hours spent by the testifying expert and staff members in connection with this case, and any other payments or consideration received by the testifying expert or any firm or agents supporting the expert relating to work in the case.

Notwithstanding the limitations contained in the paragraph immediately above, an expert may be asked at a deposition or trial: (a) to identify and generally describe what data, facts, algorithms, modeling, regression analyses and source code the expert reviewed, investigated or considered but did not rely on or otherwise use, and (b) to describe the reasons for reviewing—but not using—or relying on—any such data, facts, algorithms, modeling, analyses or source code.

2.    Testifying expert reports and declarations shall be served via email whenever possible.  If the files are too large, the Parties shall serve using a secure file transfer, including ShareFile.  Expert reports will include a list of all documents (by Bates number), deposition testimony, data, articles, websites, and other sources relied upon by the testifying expert(s) in forming any opinions in their final reports, including Bates numbers of documents previously produced.

3.    The Parties agree that the following materials will be disclosed using a secure file transfer, including ShareFile, one calendar day after the reports are served:

a.    Copies of all materials relied upon by the expert in forming any opinions in their report that were not previously produced and that are not readily available publicly;

b.    A list of all publications authored by the expert in the previous 10 years;

c.    Copies of all publications authored by the expert in the previous 10 years that are not readily available publicly;

d.    A list of all other cases in which, during the previous 4 years, the expert testified at trial or by deposition, including tribunal and case number;

e.    For all calculations appearing in the final report(s), all data and programs underlying the calculations, including all programs and codes necessary to replicate the calculations from the initial ("raw") data files, and the intermediate working-data files that are generated from the raw data files and used in performing the calculations appearing in the final report and a written explanation of why any observations in the raw data were either excluded from the calculations or modified when used in the calculations ("Backup Materials").  For clarity, raw data files are data that exist in the

-10-

ordinary course of business, and intermediate working-data files are data

assembled or processed for purposes of litigation; and

      f.     A statement of the compensation to be paid to the testifying expert for

their report and testimony in the case, which statement may appear in the

testifying expert's report.

Each expert will be deposed for only one 7-hour day, with all 7 hours reserved for the side noticing the expert's deposition provided, however, that counsel for a Party may additionally take reasonable and appropriate redirect examination of that Party's expert(s). Depositions of each side's experts will be conducted only after disclosure of all expert reports and all materials identified above for all that side's experts.

The Parties shall not serve subpoenas or discovery requests upon any testifying or non-testifying expert. Instead, the Party proffering such testifying expert will: (a) be responsible for producing all materials and information required under this Order or to the extent not addressed in this Order, under the Federal Rules of Civil Procedure, for the testifying expert, and (b) upon request, make the testifying expert available for deposition at a time mutually agreed to by the Parties and consistent with the Court's scheduling orders.

## III.   Other Matters

### A.  Witness Lists

The United States is limited to 25 persons (excluding experts) on its preliminary trial fact witness list, and the Defendants collectively are limited to 25 persons (excluding experts) on their preliminary trial fact witness list. The preliminary trial fact witness lists must comply with Federal Rule of Civil Procedure 26(a)(3)(A)(i)–(ii) and include the name, employer, address, and telephone number of each witness, as well as counsel's contact information for third-party witnesses. With respect to third parties for which depositions are not complete, such third parties can be identified in a corporate capacity until the depositions take place.

The United States is limited to 25 persons (excluding experts) on its final trial fact witness list, and the Defendants collectively are limited to 25 persons (excluding experts) on their final trial witness list.  Each side's final trial fact witness list may identify no more than 5 fact witnesses that were not identified on that side's preliminary trial fact witness list.  Despite the limitation on the number of depositions that each side may take, each side shall have the right to depose any witness on the opposing side's final fact witness list if that witness has not already been deposed in this litigation, even if the limitation on depositions is exceeded.  The final trial witness lists must comply with Federal Rule of Civil Procedure 26(a)(3)(A)(i)–(ii) and include the name, employer, address, and telephone number of each witness, as well as counsel's contact information for third-party witnesses.

Consistent with the schedule entered by the Court, the Parties will also exchange expert witness lists.  Each side's expert witness list will designate all experts that each side intends to call at trial, along with a brief statement of the subject matter on which the expert will testify.

In preparing preliminary trial fact witness lists, final trial fact witness lists, and expert witness lists the Parties must make good-faith attempts to identify the witnesses whom they expect that they may present as live witnesses at trial (other than solely for impeachment).  No Party may offer into evidence at trial any portion of a person's deposition testimony unless that person was identified on either Party's final trial witness list.  No Party may call a person to testify as a live witness at trial (other than solely for impeachment) unless that person was identified on either Party's final trial witness list.

**B.  Completion of Planned Transaction**

Defendants have agreed that they will not close, consummate, or otherwise complete the Proposed Transaction until 12:01 a.m. on the 5th day following the entry of the judgment by the Court in this matter, and only if the Court enters an appealable order that does not prohibit

1  consummation of the transaction.  For purposes of this Order, "Proposed Transaction" means the

2  proposed acquisition of Juniper by Hewlett-Packard Enterprise Company.

3  ### C.  Nationwide Service of Subpoenas

4  To assist the Parties in planning discovery, and in view of the geographic dispersion of

5  potential witnesses in this action outside this District, the Parties are permitted, under 15 U.S.C.

6  § 23, to issue nationwide discovery and trial subpoenas from this Court.  The availability of

7  nationwide service of process, however, does not make a witness who is otherwise "unavailable"

8  for purposes of Federal Rule of Civil Procedure 32 and Federal Rule of Evidence 804 available

9  under those rules or otherwise affect the admissibility at trial of a deposition of a witness.

10  ### D.  Service of Pleadings and Discovery on Other Parties

11  Service of all pleadings, discovery requests (including subpoenas for testimony or

12  documents under Federal Rule of Civil Procedure 45), and delivery of all correspondence in this

13  matter, other than expert backup materials, must be made by ECF or email, except when the

14  volume of attachments requires delivery via secure file transfer, to the following individuals

15  designated by each Party:

16

17  **For Plaintiff the United States:**
18  Michael J. Freeman (Michael.Freeman@usdoj.gov)
   Craig Conrath (Craig.Conrath@usdoj.gov)
   Jeremy Goldstein (Jeremy.Goldstein@usdoj.gov)
19  Elizabeth S. Jensen (Elizabeth.Jensen@usdoj.gov)
   U.S. Department of Justice, Antitrust Division
20  450 Golden Gate Avenue, Suite 10-0101
   San Francisco, CA 94102
21  Tel: (415) 934-5300

22  **For Defendant Hewlett Packard Enterprise Co.:**
   Julie Elmer (julie.elmer@freshfields.com)
23  Jennifer Mellott (jennifer.mellott@freshfields.com)
   Connie Forkner (constance.forkner@freshfields.com)
24  Sara Salem (sara.salem@freshfields.com)
   Lauren Vaca (lauren.vaca@freshfields.com)
25  Freshfields US LLP

-13-

700 13th Street, NW, 10th Floor
Washington, DC 20005-3960
Tel: (202) 777-4500

Beth A. Wilkinson (bwilkinson@wilkinsonstekloff.com)
Kosta Stojilkovic (kstojilkovic@wilkinsonstekloff.com)
Roxana Guidero (rguidero@wilkinsonstekloff.com)
Jenna Pavelec (jpavelec@wilkinsonstekloff.com)
Wilkinson Stekloff LLP
2001 M Street NW, 10th Floor
Washington, DC 20036
Tel: (202) 847-4000

Samuel G. Liversidge (sliversidge@gibsondunn.com)
Michael Perry (mjperry@gibsondunn.com)
Kristen Limarzi (klimarzi@gibsondunn.com)
Jamie France (jfrance@gibsondunn.com)
Thomas Tyson (ttyson@gibsondunn.com)
Kunal Jhaveri (kjhaveri@gibsondunn.com)
Gibson Dunn & Crutcher LLP
333 South Grand Avenue
Los Angeles, CA 90071-3197
Tel: (213) 229-7000

**For Defendant Juniper Networks, Inc.:**
Steven C. Sunshine (steve.sunshine@skadden.com)
Tara Reinhart (tara.reinhart@skadden.com)
Ryan Travers (ryan.travers@skadden.com)
Maria Raptis (maria.raptis@skadden.com)
Joseph M. Rancour (joseph.rancour@skadden.com)
Skadden, Arps, Slate, Meagher & Flom LLP
1440 New York Ave., NW
Washington, DC 20005
Tel: (202) 371-7000

Service of expert backup materials will be made utilizing a secure file transfer system as provided in Paragraph II.H.

This list of designated individuals may be modified by unilateral request of either Party.

For purposes of calculating discovery response times under the Federal Rules of Civil Procedure, electronic delivery at the time the email was sent will be treated in the same manner as hand delivery at that time. However, for any service other than service of court filings, email

-14-

1  service that is delivered after 9:00 p.m. Pacific Time will be treated as if it was served the

2  following business day.

3  **E.  Evidence from a Foreign Country**

4  Before any Party may offer documentary or testimonial evidence from an entity or person

5  located in a foreign country, the other side must be afforded an opportunity by the entity or

6  person (or both, when applicable) to obtain documentary and deposition discovery.  For any non-

7  party witness who resides outside the United States and is included on the witness lists of any

8  Party, any deposition of that witness may be conducted via remote means and any such

9  deposition may be conducted under United States law.  For any Party witness who resides

10  outside the United States, is an executive of a Party, and is included on the witness lists of any

11  Party, that witness will be produced by the Party for a deposition under United States law.

12  Each Party agrees that its litigation counsel in this action will accept service of a

13  deposition notice on behalf of any witness who is an executive of a Party, the Party's subsidiary,

14  or an affiliate of the Party and who resides or is located outside the United States, without

15  requiring additional or different procedures to be followed pursuant to the Hague Evidence

16  Convention, or any other applicable convention, treaty, law, or rule.  In addition, each Party

17  agrees to make each such witness available for either a remote deposition or an in-person

18  deposition in the United States at a location convenient for the individual and as agreed to by the

19  Parties.

20  For the avoidance of doubt, nothing in this provision precludes a Party from moving for a

21  protective order under the Federal Rules of Civil Procedure.

22  **F.  Modification of Joint Case Management Plan**

23  Modifications of the rights and responsibilities of the Parties under this Order may be

24  made by mutual agreement of the Parties, provided any such modification has no effect on the

25

schedule for pretrial filings or trial dates.  Otherwise, any Party may seek modification of this

Order for good cause.


Dated: March 5, 2025                          */s/ Beth A. Wilkinson*
                                              Beth A. Wilkinson (*pro hac vice*)
                                              Wilkinson Stekloff LLP
                                              2001 M Street NW, 10th Floor
                                              Washington, DC 20036
                                              (202) 847-4010
                                              bwilkinson@wilkinsonstekloff.com

                                              Julie Elmer
                                              Jennifer Mellott
                                              Freshfields US LLP
                                              700 13th Street, NW, 10th Floor
                                              Washington, DC 20005-3960
                                              (202) 777-4500
                                              julie.elmer@freshfields.com
                                              jennifer.mellott@freshfields.com

                                              Samuel G. Liversidge (CA No. 180578)
                                              Gibson Dunn & Crutcher LLP
                                              333 South Grand Avenue
                                              Los Angeles, CA 90071-3197
                                              (213) 229-7000
                                              sliversidge@gibsondunn.com
                                              *Attorneys for Defendant Hewlett Packard
                                              Enterprise Co.*

Dated: March 5, 2025                          */s/ Steve C. Sunshine*
                                              Steven. C. Sunshine
                                              Tara Reinhart
                                              Skadden, Arps, Slate, Meagher & Flom LLP
                                              1440 New York Avenue, NW
                                              Washington, DC 20005
                                              (202) 371-7000
                                              steve.sunshine@skadden.com
                                              tara.reinhart@skadden.com
                                              *Attorneys for Defendant Juniper Networks,
                                              Inc.*

1    Dated: March 5, 2025                    */s/ Michael J. Freeman*
                                            Michael J. Freeman
2                                            Senior Litigation Counsel
                                            U.S. Department of Justice
3                                            450 Fifth Street, NW, Suite 4000
                                            Washington, DC 20530
4                                            Telephone: (212) 213-2774
                                            Fax: (202) 514-5847
5                                            Michael.Freeman@usdoj.gov
                                            *Attorneys for Plaintiff United States*
6

7

8

9    PURSUANT TO STIPULATION, IT SO ORDERED.

10

11

   Dated:  March 6, 2025
12                                            HONORABLE P. CASEY PITTS
                                             United States District Judge
13

14

15

16

17

18

19

20

21

22

23

24

25

[JOINT PROPOSED] CASE MANAGEMENT PLAN
Case No. 5:25-cv-00951-PCP

1

**ATTORNEY ATTESTATION**

2          I, Julie Elmer, am the ECF user whose identification and password are being used to file

3   the JOINT PROPOSED CASE MANAGEMENT PLAN.  In compliance with Local Rule 5-

4   1(i)(3), I hereby attest that all signatories hereto concur in this filing.

5

6                                         */s/ Julie Elmer*

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25