# Exhibit 1

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Northern District of California

| | |
|---|---|
| United States of America, ) | |
| *Plaintiff* ) | |
| v. ) | Civil Action No. 5:25-cv-00951-PCP |
| Hewlett Packard Enterprise Co. and Juniper Networks, Inc. ) | |
| *Defendant* ) | |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To: Gartner, Inc. c/o Andrew Black
Baker & McKenzie LLP, 15 Connecticut Avenue, N.W., Washington, District of Columbia 20006

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:
Described in Schedule A, attached hereto.

| Place: United States Department of Justice, Antitrust Division<br>450 5th St, NW,<br>Washington, DC 20530 | Date and Time:<br>04/11/2025 9:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 03/27/2025

*CLERK OF COURT*
OR
                                                                              /s/ Jack G. Lerner
*Signature of Clerk or Deputy Clerk*                        *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* United States of America, who issues or requests this subpoena, are:

Jack G. Lerner, U.S. DOJ, 450 5th St, NW, Washington, DC 20530, jack.lerner@usdoj.gov 202-227-9295

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 5:25-cv-00951-PCP

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

Case 5:25-cv-00951-PCP    Document 116-1    Filed 05/23/25    Page 4 of 9

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

### Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
    **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# SCHEDULE A

# RULE 45 SUBPOENA FOR THE PRODUCTION OF DOCUMENTS

# DEFINITIONS

1.  The terms defined below and used in each of the topics should be construed broadly, to the fullest extent of their meaning in a good-faith effort to comply with the Federal Rules of Civil Procedure. These definitions are provided solely for the purpose of the specifications in this subpoena.

2.  The terms "you," "your," and "the Company" mean your Company, its domestic and foreign parents, predecessors, divisions, subsidiaries, affiliates, partnerships and joint ventures, and all directors, officers, employees, agents, and representatives of the foregoing. The terms "parent," "subsidiary," "affiliate," and "joint venture" refer to any person in which there is partial (25 percent or more) or total ownership or control between Defendant and any other person.

3.  The terms "Hewlett Packard Enterprise Co." and "HPE" mean Hewlett Packard Enterprise Co., its domestic and foreign parents, predecessors, divisions, subsidiaries, affiliates, partnerships and joint ventures, and all directors, officers, employees, agents, and representatives of the foregoing.

4.  The terms "Juniper Networks, Inc.," "Juniper Networks," or "Juniper" mean Juniper Networks, Inc., its domestic and foreign parents, predecessors, divisions, subsidiaries, affiliates, partnerships and joint ventures, and all directors, officers, employees, agents, and representatives of the foregoing.

5.  The terms "Cisco Systems, Inc." and "Cisco" mean Cisco Systems, Inc, it domestic and foreign parents, predecessors, divisions, subsidiaries, affiliates, partnerships and joint ventures, and all directors, officers, employees, agents, and representatives of the foregoing.

6.  The terms "and" and "or" have both conjunctive and disjunctive meanings.

7.  The term "any" means each and every.

8.  This "Action" refers to *United States v. Hewlett Packard Enterprise Co.*, 25-cv-0951.

9.  The term "documents" is defined to be synonymous in meaning and equal in scope to the usage of the phrase "documents or electronically stored information" in Rule 34(a)(1)(A) of the Federal

1

Rules of Civil Procedure and includes electronically stored information ("ESI") of any kind in the possession, custody, or control of the company.

10. The term "including" means including but not limited to.

11. The term "Investigation" means Plaintiff's pre-complaint investigation into the Transaction.

12. The term "person" includes the company and means any natural person, corporate entity, partnership, association, joint venture, government entity, or trust.

13. The term "Relevant Product" or "WLAN" means enterprise-grade wireless networking solutions, including wireless access points; the separate hardware or advanced software systems to monitor and manage them; and related logistical support, including security updates and patches.

14. The term "Transaction" refers to HPE's proposed acquisition of Juniper Networks, announced January 9, 2024.

15. The singular includes the plural and vice versa.

16. The "Elements of Compensation Value" are defined to mean the following:

    Element 1: Payments for subscriptions;

    Element 2: Payments for reprints;

    Element 3: Payments for consultation services and costs;

    Element 4: Payments for conference fees and costs;

    Element 5: Payments for in-person or virtual meetings and presentations;

    Element 6: Payments for gifts, including gifts of seats or tables at events for business, charity, entertainment or any other purpose; and

    Element 7: All other compensation of any kind not included in Elements 1 through 6 above, whether by the receipt of monetary payment or in-kind delivery of goods and services of monetary value.

**INSTRUCTIONS**

1. In addition to the specific instructions set forth below, the specifications in this subpoena incorporate the instructions set forth in Rule 45 of the Federal Rules of Civil Procedure, the Local Rules of the U.S. District Court for the Northern District of California, and the operative ESI Order in this case. Subject to a valid claim of privilege, the entire document must be produced if any part of that document is responsive.

2. Unless otherwise specified, these specifications are for all documents in your possession, custody, or control that were created, altered, or received at any time from January 1, 2019, to the present. Unless otherwise stated, these specifications are for all otherwise responsive documents, regardless of where those documents are kept.

3. These demands are continuing in nature, and Plaintiff specifically reserves the right to seek supplementary responses and the additional supplementary production of documents before trial.

4. Where a claim of privilege or other protection from discovery is asserted in objecting to any request or sub-part thereof, and any document is withheld (in whole or in part) on the basis of such assertion, you shall provide a log ("Privilege Log") in accordance with the operative Case Management Order and ESI Order or the operative versions of those orders in place at the time you provide a log.

5. In producing documents, you must produce a legible copy of each document requested together with all non-identical copies and drafts of that document. All metadata of electronic documents must also be produced. You must retain all the original documents for inspection or copying throughout the pendency of the Action, any appeal(s), and any related proceedings.

6. If any portion of any document is responsive to any request, then the entire document must be produced, including all attachments, including linked documents, and enclosures.

7. Pursuant to Federal Rule of Civil Procedure 45(e)(1), documents must be produced either: (a) as they are kept in the usual course of business (in which case, they must be produced in such fashion as to identify the department, branch, or office in whose possession they were located and, where applicable, the natural Person in whose possession they were found or the server or central file in

which they were found); or (b) identified as responsive to a specific request enumerated in these requests, with such specific requests identified.

8. Subject to the ESI Protocol documents and data should be provided in the manner and electronic format to which the Antitrust Division previously agreed and consistent with the Company's prior response to the Civil Investigative Demand, if any, served on your Company during the investigation of this Transaction.

9. In producing data sets, including spreadsheets with variable or field names, produce data samples for sources or databases. Provide data dictionaries or, if not available, sufficient information, documents, or explanation to describe the data and permit the data to be reasonably interpretable and usable for analysis.

10. The fact that a document is in the possession of Plaintiff, or is produced by another Person, does not relieve you of the obligation to produce all your copies of the same document, even if your copies are identical in all respects to a document produced or held by another Person. Any documents you already produced to Plaintiff during the Investigation need not be reproduced unless required to comply with any protocols concerning electronically stored information applicable to this Action.

11. If any document is withheld based on an objection to any request, all documents covered by that request but not subject to the objection must be produced.

## REQUESTS FOR PRODUCTION

1. Documents sufficient to show each of the Elements of Compensation Value, separately and in the aggregate, received each calendar year for the period 2019 through 2024 from or on behalf of HPE.

2. Documents sufficient to show each of the Elements of Compensation Value, separately and in the aggregate, received each calendar year for the period 2019 through 2024 from or on behalf of Juniper.

3. Documents sufficient to show each of the Elements of Compensation Value, separately and in the aggregate, received each calendar year for the period 2019 through 2024 from or on behalf of

Cisco.

4. Documents sufficient to show each of the Elements of Compensation Value, separately and in the aggregate, received each calendar year for the period 2019 through 2024 from or on behalf of in the aggregate, all firms that sell wireless local area networking hardware, software, and any Relevant Product. Each such firm includes for the purpose of this Specification the firm's domestic and foreign parents, predecessors, divisions, subsidiaries, affiliates, partnerships and joint ventures, and all directors, officers, employees, agents, and representatives of the foregoing. The terms "parent," "subsidiary," "affiliate," and "joint venture" refer to any person in which there is partial (25 percent or more) or total ownership or control between such firm and any other person.

5. Documents sufficient to show each of the Elements of Compensation Value, separately and in the aggregate, received each calendar year for the period 2019 through 2024 from or on behalf of Hewlett or Juniper in connection with work performed by Timothy ("Tim") Zimmerman, who serves, or has served, as an officer, employee or other representative of your Company in connection with your Company's dealings with firms engaged in WLAN, network infrastructure and related businesses.

6. Documents sufficient to show the dates on which Mr. Zimmerman met, spoke, or otherwise communicated with directors, officers, employees, agents, or representatives of HPE or Juniper, and any materials, including data and presentations, he shared with any such person.

7. Produce all documents requested by any subpoena issued by HPE or Juniper, and not requested by the United States, in the Action (*United States v. Hewlett Packard Enterprise Co.*, 25-cv-0951). For purposes of this request only, Plaintiff incorporates the definitions set forth in any such subpoena.

5