# Exhibit 2

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 5:25-cv-00951 (PCP) |
| Plaintiff, | |
| v. | |
| HEWLETT PACKARD ENTERPRISE CO. and JUNIPER NETWORKS, INC., | |
| Defendants. | Judge:       P. Casey Pitts<br>Action Filed:   January 30, 2025 |

## GARTNER, INC.'S OBJECTIONS AND RESPONSES TO THE UNITED STATES' SUBPOENA FOR THE PRODUCTION OF DOCUMENTS

Pursuant to Federal Rules of Civil Procedure 45(d)(2)(B), and the Local Rules of the United States District Court for the Northern District of California (the "Local Rules"), Gartner, Inc. ("Gartner"), by and through its attorneys, submits the following Objections and Responses (the "Responses") to the United States' Subpoena for the production of documents, dated March 27, 2025 (the "Subpoena").

## GENERAL OBJECTIONS

Gartner makes the following General Objections to the Subpoena, including each Request for Production therein (each, a "Request" and collectively, the "Requests"). These General Objections apply to, and are incorporated by reference in, each Response. Gartner's specific objections to any enumerated topic are not intended to preclude, override, or withdraw any of the General Objections to that enumerated topic. The assertion of the same, similar, or additional objections in response to a specific Request does not waive any of Gartner's General Objections.

1.      Gartner objects to any instruction, definition, or direction in the Subpoena to the extent it differs from or alters the definitions under the Federal Rules of Civil Procedure, Federal Rules of Evidence, or the Local Rules of the Court where the above-captioned action is pending or the Court in which compliance with the Subpoena is required, or to the extent it seeks to impose obligations on Gartner that exceed those set forth in Federal Rules of Civil Procedure, Federal Rules of Evidence, or the applicable Local Rules.

2.      Gartner objects to each Request, including the Definitions and Instructions provided therein, to the extent that it calls for the production of documents or information that relate to matters not raised by the pleadings, to the extent that they are not material and necessary to the prosecution or defense of this action, and to the extent that they are not reasonably calculated to lead to the discovery of admissible evidence.

3.      Gartner objects to each Request, including the Definitions and Instructions provided therein, to the extent it calls for information that is not proportional to the needs of the case.

4.      Gartner objects to each Request, including the Definitions and Instructions provided therein, as unduly burdensome to the extent it calls for information equally available from HPE and Juniper, parties to this litigation.

5.      Gartner objects to each Request, including the Definitions and Instructions provided therein, to the extent it requires that Gartner create documents not already in existence, or purports to impose other obligations beyond, or inconsistent with, those imposed by the Federal Rules, the applicable Local Rules, the applicable Court's individual rules or orders, or any other applicable statute, regulation, rule, or court order.

6.     Gartner objects to each Request, including the Definitions and Instructions provided therein, to the extent that it is vague, ambiguous, overly broad, unduly burdensome, or harassing.

7.     Gartner objects to each Request, including the Definitions and Instructions provided therein, to the extent that it is duplicative and, thus, overly burdensome.

8.     Gartner objects to each Request, including the Definitions and Instructions provided therein, to the extent it seeks expert work product from a non-party in violation of Federal Rules of Civil Procedure 26(a)(2)(B) and 26(b)(4) as well as Federal Rule of Evidence 702.

9.     Gartner objects to each Request, including the Definitions and Instructions provided therein, to the extent it seeks documents prepared in anticipation of litigation or otherwise protected from disclosure by the attorney-client privilege, the work product doctrine, or any other applicable privilege, protection, immunity, or rule ("Privileged Information").  Gartner will not disclose any Privileged Information in response to any Request.  Gartner does not waive, and intends to preserve, any applicable privilege.  Any production of such documents shall have been inadvertent, and shall not constitute waiver of the attorney-client privilege, the work product doctrine, or any other applicable privilege or immunity from disclosure.  To the extent any of the Requests can be interpreted in some form or manner to seek Privileged Information, Gartner objects to the Requests and will not produce the requested information.

10.     Gartner objects to each Request, including the Definitions and Instructions provided therein, to the extent it assumes disputed facts or legal conclusions in defining the documents, data, or communications requested.  Gartner denies any such disputed facts or legal conclusions to the extent assumed by the Requests.  Any response or objection by Gartner to any such Request is without prejudice to this objection.

11.     Gartner objects to each Request, including the Definitions and Instructions provided therein, to the extent it purports to require production of documents, data, or communications that are not within Gartner's possession, custody, or control.  Gartner will only produce responsive documents and communications within its possession, custody, and/or control.

12.     Pursuant to Federal Rule of Civil Procedure 26(b)(2)(B), Gartner objects to each Request, including the Definitions and Instructions provided therein, to the extent it would require Gartner to restore and/or search data sources that are not reasonably accessible or to merge data from multiple sources, as such obligations would subject Gartner to undue burden and expense.

13.     Gartner objects to each Request, including the Definitions and Instructions provided therein, as unduly burdensome to the extent it seeks documents and communications already available to the United States, in the possession, custody, or control of the United States, contained in public records, or otherwise in the public domain and/or accessible to all parties.

14.     Gartner objects to each Request, including the Definitions and Instructions provided therein, to the extent that it seeks the production of documents constituting confidential or non-public information, including proprietary or trade secret information, and such information provided to Gartner by WLAN industry participants and other third parties on a confidential basis. To the extent that any Request seeks such documents, Gartner will, subject to and without waiving its objections, produce them only in accordance with the terms of the Joint Stipulation and Amended Protective Order, ECF No. 107 (the "Protective Order"), or any further orders of the Court governing confidentiality in this litigation.

15.     Gartner objects to each Request, including the Definitions and Instructions provided therein, to the extent it requests "all documents" as ambiguous, overly broad, and unduly burdensome.

16.     Gartner objects to each Request as overly broad and unduly burdensome as to the time period requested.

17.     Gartner objects to each Request, including the Definitions and Instructions provided therein, to the extent it seeks information, the disclosure of which would violate applicable law, including but not limited to, privacy laws.  In providing any responses, Gartner does so only to the extent allowable under applicable law.

18.     Gartner objects to each Request, including the Definitions and Instructions provided therein, to the extent it would require the production of documents located outside of the United States in contravention of any foreign law, applicable international treaty or convention, data privacy law, conflict of law rule, or comity principle.

19.     Gartner objects to each Request, including the Definitions and Instructions provided therein, to the extent that it seeks documents or information, the disclosure of which is prohibited by contractual obligations or agreements between Gartner and third parties.

20.     Gartner objects to each Request and to the Requests as a whole as overly broad, not reasonably calculated to lead to the discovery of admissible evidence, and imposing undue burden and expense on Gartner as a non-party pursuant to Fed. R. Civ. P. 45(d).  Gartner anticipates that complying with the requests would consume extensive financial resources and would require Gartner to expend significant amounts of time and human capital.

21.     Gartner objects to each Request, including the Definitions and Instructions provided therein, to the extent it purports to require the production of electronically stored documents, data, or communications beyond that required by the Federal Rules, the Local Rules, the Protective Order, or the Stipulated Order Regarding Discovery of Electronically Stored

Information, ECF No. 81 (the "ESI Order"), as well as any subsequent protective orders or ESI orders entered in this case.

22.     Gartner objects to each Request, including the Definitions and Instructions provided therein, to the extent it seeks documents and information not relevant to the claim or defense of any party and not relevant to the subject matter involved in this action.

23.     In responding and objecting to these Requests, Gartner does not concede that any of the documents, data, and communications sought or provided are relevant to the claims or defenses of any party, reasonably calculated to lead to the discovery of admissible evidence, or admissible in evidence.

24.     In responding to these Requests, Gartner does not waive any objections Gartner may later assert, including but not limited to, competency, relevance, materiality, and admissibility. Gartner expressly reserves the right to object to the use of any answers below in any subsequent proceedings or any other action.  Gartner further reserves the right to object to additional discovery into the subject matter of the Requests.

25.     A response that Gartner shall disclose the documents, data, or communications responsive to any Request is not, and shall not be construed as, a representation that such documents, data, or communications exist.  Such response indicates only that Gartner will disclose all such non-privileged documents, data, or communications that it locates through good-faith efforts and reasonable diligence, to the extent any such non-privileged documents, data, or communications exist, if there is otherwise no objection to the Request.

26.     Gartner reserves the right to supplement, alter, or amend these objections and responses if necessary or appropriate.

## OBJECTIONS TO DEFINITIONS

1.     Gartner objects to all definitions to the extent they purport to impose a greater burden on Gartner than is otherwise permissible under the law, including without limitation the Federal Rules of Civil Procedure and the Local Rules, or to the extent that they are outside the scope of the Protective Order, the ESI Order, or any other order or opinion of this Court.

2.     Gartner objects to the definitions to the extent they purport to seek ESI that is not in the possession, custody, or control of Gartner.

3.     Gartner objects to the definitions of "you" and "your" and "the Company" as vague, ambiguous, overly broad, and unduly burdensome.  Gartner further objects to these definitions because the incorporation of "its domestic and foreign parents, predecessors, divisions, subsidiaries, affiliates, partnerships and joint ventures, and all directors, officers, employees, agents, and representatives of the foregoing" into the definitions renders each Request incorporating any of the defined terms overly broad and unduly burdensome, as they call for information that is not relevant to the claim or defense of any party, not relevant to the subject matter involved in this action and not reasonably calculated to lead to the discovery of admissible evidence, and they improperly purport to seek information from distinct persons not controlled by Gartner.  In responding to the Requests, Gartner will interpret "you," "your," or "the Company" to refer to Gartner.  Gartner responds only for Gartner, Inc., and no other entity or individual, including any affiliates, unless otherwise specified.

4.     Gartner objects to the definitions of "Hewlett Packard Enterprise Co." and "HPE" as vague, ambiguous, overly broad, and unduly burdensome.  Gartner further objects to these definitions because the incorporation of "domestic and foreign parents, predecessors, divisions, subsidiaries, affiliates, partnerships and joint ventures, and all directors, officers, employees,

agents, and representatives of the foregoing" into the definitions renders each Request incorporating any of the defined terms overly broad and unduly burdensome, as they call for information that is unknown to Gartner, not relevant to the claim or defense of any party, not relevant to the subject matter involved in this action and not reasonably calculated to lead to the discovery of admissible evidence. In responding to the Requests, Gartner will interpret "Hewlett Packard Enterprise Co." and "HPE" to refer to Hewlett Packard Enterprise Co.

5.      Gartner objects to the definitions of "Juniper Networks, Inc.," "Juniper Networks," and "Juniper" as vague, ambiguous, overly broad, and unduly burdensome. Gartner further objects to these definitions because the incorporation of "domestic and foreign parents, predecessors, divisions, subsidiaries, affiliates, partnerships and joint ventures, and all directors, officers, employees, agents, and representatives of the foregoing" into the definitions renders each Request incorporating any of the defined terms overly broad and unduly burdensome, as they call for information that is unknown to Gartner, not relevant to the claim or defense of any party, not relevant to the subject matter involved in this action and not reasonably calculated to lead to the discovery of admissible evidence. In responding to the Requests, Gartner will interpret "Juniper Networks, Inc.," "Juniper Networks," and "Juniper" to refer to Juniper Networks, Inc.

6.      Gartner objects to the definitions of "Cisco Systems, Inc." and "Cisco" as vague, ambiguous, overly broad, and unduly burdensome. Gartner further objects to these definitions because the incorporation of "domestic and foreign parents, predecessors, divisions, subsidiaries, affiliates, partnerships and joint ventures, and all directors, officers, employees, agents, and representatives of the foregoing" into the definitions renders each Request incorporating any of the defined terms overly broad and unduly burdensome, as they call for information that is unknown to Gartner, not relevant to the claim or defense of any party, not relevant to the subject

matter involved in this action and not reasonably calculated to lead to the discovery of admissible evidence.  In responding to the Requests, Gartner will interpret "Cisco Systems, Inc." and "Cisco" to refer to Cisco Systems, Inc.

7.    Gartner objects to the definition of "Investigation" because it is vague, ambiguous, and overly broad.

8.    Gartner objects to the definition of "Relevant Product" because it is vague, ambiguous, overly broad, and unduly burdensome.  Gartner further objects to these definitions because the incorporation of "including wireless access points; the separate hardware or advanced software systems to monitor and manage them; related logistical support, including security updates and patches; and all hardware and software relating to wireless local area networking" into the definition renders each Request incorporating the defined term vague, ambiguous, overly broad and unduly burdensome.

9.    Gartner objects to the definition of "Elements of Compensation Value" because it is vague, ambiguous, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Gartner further objects to this definition because it seeks documents and information not relevant to the claim or defense of any party and not relevant to the subject matter involved in this action.

## OBJECTIONS TO INSTRUCTIONS

1.    Gartner objects to each Instruction to the extent it requires Gartner to divulge Privileged Information.

2.    Gartner objects to each Instruction to the extent it requires more than is obligated under the Federal Rules of Civil Procedure or this Court's procedures and Local Rules.

3.      Gartner objects to each Instruction to the extent it requires more than is obligated under any order associated with ESI that has been entered in this case, including the ESI Order.

4.      Gartner objects to each Instruction to the extent it requires production of documents not in the possession, custody, or control of Gartner.

5.      Gartner objects to each Instruction to the extent it purports to require Gartner to create documents or data that do not already exist in the ordinary course of business.

6.      Gartner objects to Instructions 1–11 to the extent they impose greater obligations on Gartner than required under the Local Rules, Federal Rules of Civil Procedure, or the Court's orders, including the ESI Order.

7.      Gartner objects to Instruction 2 as overly broad and unduly burdensome as to the time period requested.

8.      Gartner objects to Instruction 9 because it is vague, overly broad, and unduly burdensome.

9.      Gartner objects to Instruction 10 because it is unduly burdensome, unreasonably cumulative, and duplicative of discovery already sought and/or obtained in this case, as it calls for production from Gartner, a non-party, of documents already in the possession of the United States, or already produced in this litigation.

## SPECIFIC RESPONSES AND OBJECTIONS

Subject to and without waiving the above General Objections, Objections to Definitions, and Objections to Instructions, which objections are deemed incorporated into each response as if set forth in full therein, Gartner objects and responds to the specific Requests as follows:

**Request No. 1:**

Documents sufficient to show each of the Elements of Compensation Value, separately and in the aggregate, received each calendar year for the period 2019 through 2024 from or on behalf of HPE.

**Response to Request No. 1:**

Gartner incorporates each and every General Objection, Objection to Definitions, and Objection to Instructions as though each were specifically stated herein. Gartner objects to this Request as overly broad and unduly burdensome, especially given Gartner's status as a non-party to this case. This Request seeks to have Gartner produce payment data for a six-year period for HPE, regardless of whether the engagement with Gartner was related to WLAN, which imposes an undue burden and expense on Gartner, a non-party to this case. Gartner objects to the time period specified in this Request as arbitrary, excessive, and overbroad, and objects to the extent it seeks to impose obligations on a non-party beyond those allowed under the Federal Rules of Civil Procedure, including Rule 45.

Further, Gartner objects to this Request on the basis that it is unreasonably cumulative and duplicative of discovery already sought and/or obtained in this case. Gartner objects to this Request as unduly burdensome because the information requested is equally available from HPE, a party to this litigation. Gartner objects to this Request to the extent that it seeks documents or information that is not within its possession, custody, or control. Gartner further objects to this Request because it includes the defined terms "HPE" and "Elements of Compensation Value," which are vague, ambiguous, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Gartner further objects to this Request because it seeks documents and information not relevant to the claim or defense of any party and not relevant to the subject matter involved in this action.

Gartner objects this Request to the extent that it seeks the production of documents constituting confidential or non-public information, including such information provided to Gartner by WLAN industry participants and other third-parties on a confidential basis.

Subject to and without waiving the foregoing objections, Gartner is willing to meet and confer on this Request.

**Request No. 2:**

Documents sufficient to show each of the Elements of Compensation Value, separately and in the aggregate, received each calendar year for the period 2019 through 2024 from or on behalf of Juniper.

**Response to Request No. 2:**

Gartner incorporates each and every General Objection, Objection to Definitions, and Objection to Instructions as though each were specifically stated herein.  Gartner objects to this Request as overly broad and unduly burdensome, especially given Gartner's status as a non-party to this case.  This Request seeks to have Gartner produce payment data for a six-year period for Juniper, regardless of whether the engagement with Gartner was related to WLAN, which imposes an undue burden and expense on Gartner, a non-party to this case.  Gartner objects to the time period specified in this Request as arbitrary, excessive, and overbroad, and objects to the extent it seeks to impose obligations on a non-party beyond those allowed under the Federal Rules of Civil Procedure, including Rule 45.

Further, Gartner objects to this Request on the basis that it is unreasonably cumulative and duplicative of discovery already sought and/or obtained in this case.  Gartner objects to this Request as unduly burdensome because the information requested is equally available from Juniper, a party to this litigation.  Gartner objects to this Request to the extent that it seeks documents or information that is not within its possession, custody, or control.  Gartner further objects to this Request because it includes the defined terms "Juniper" and "Elements of Compensation Value," which are vague, ambiguous, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Gartner further objects to

this Request because it seeks documents and information not relevant to the claim or defense of any party and not relevant to the subject matter involved in this action.

Gartner objects this Request to the extent that it seeks the production of documents constituting confidential or non-public information, including such information provided to Gartner by WLAN industry participants and other third-parties on a confidential basis.

Subject to and without waiving the foregoing objections, Gartner is willing to meet and confer on this Request.

**Request No. 3:**

Documents sufficient to show each of the Elements of Compensation Value, separately and in the aggregate, received each calendar year for the period 2019 through 2024 from or on behalf of Cisco.

**Response to Request No. 3:**

Gartner incorporates each and every General Objection, Objection to Definitions, and Objection to Instructions as though each were specifically stated herein.  Gartner objects to this Request as overly broad and unduly burdensome, especially given Gartner's status as a non-party to this case.  This Request seeks to have Gartner produce payment data for a six-year period for Cisco, a non-party, regardless of whether the engagement with Gartner was related to WLAN, which imposes an undue burden and expense on Gartner, a non-party to this case.  Gartner objects to the time period specified in this Request as arbitrary, excessive, and overbroad, and objects to the extent it seeks to impose obligations on a non-party beyond those allowed under the Federal Rules of Civil Procedure, including Rule 45.

Gartner objects to this Request to the extent that it seeks documents or information that is not within its possession, custody, or control.  Gartner further objects to this Request because it includes the defined terms "Cisco" and "Elements of Compensation Value," which are vague, ambiguous, overly broad, unduly burdensome, and not reasonably calculated to lead to the

discovery of admissible evidence. Gartner further objects to this Request because it seeks documents and information not relevant to the claim or defense of any party and not relevant to the subject matter involved in this action. Gartner objects this Request to the extent that it seeks the production of documents constituting confidential or non-public information, including such information provided to Gartner by WLAN industry participants and other third-parties on a confidential basis.

Subject to and without waiving the foregoing objections, Gartner is willing to meet and confer on this Request.

**Request No. 4:**

Documents sufficient to show each of the Elements of Compensation Value, separately and in the aggregate, received each calendar year for the period 2019 through 2024 from or on behalf of in the aggregate, all firms that sell wireless local area networking hardware, software, and any Relevant Product. Each such firm includes for the purpose of this Specification the firm's domestic and foreign parents, predecessors, divisions, subsidiaries, affiliates, partnerships and joint ventures, and all directors, officers, employees, agents, and representatives of the foregoing. The terms "parent," "subsidiary," "affiliate," and "joint venture" refer to any person in which there is partial (25 percent or more) or total ownership or control between such firm and any other person.

**Response to Request No. 4:**

Gartner incorporates each and every General Objection, Objection to Definitions, and Objection to Instructions as though each were specifically stated herein. Gartner objects to this Request as duplicative, overly broad and unduly burdensome, especially given Gartner's status as a non-party to this case. This Request seeks to have Gartner produce payment data for a six-year period for any company that sells local area networking hardware, software or any "Relevant Product" along with payment data relating to all parents, subsidiaries, affiliates, and joint-ventures, regardless of whether the putative engagement with Gartner was related to WLAN or whether the parents, subsidiaries, affiliates, and/or joint ventures even participate in the WLAN industry, which

imposes an undue burden and expense on Gartner, a non-party to this case. Gartner objects to the Request because the terms "the firm's domestic and foreign parents, predecessors, divisions, subsidiaries, affiliates, partnerships and joint ventures, and all directors, officers, employees, agents, and representatives of the foregoing" renders the Request vague, ambiguous, overly broad, and unduly burdensome.

Gartner objects to the time period specified in this Request as arbitrary, excessive, and overbroad, and objects to the extent it seeks to impose obligations on a non-party beyond those allowed under the Federal Rules of Civil Procedure, including Rule 45. Further, Gartner objects to this Request on the basis that it is unreasonably cumulative and duplicative of discovery already sought and/or obtained in this case. Gartner objects to this Request to the extent that it is cumulative and duplicative of Requests No. 1 and 2.

Gartner objects this Request to the extent that it seeks the production of documents constituting confidential or non-public information, including such information provided to Gartner by WLAN industry participants and other third-parties on a confidential basis.

Gartner further objects to this Request because it includes the defined term "Elements of Compensation Value," which is vague, ambiguous, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Gartner further objects to this Request because it seeks documents and information not relevant to the claim or defense of any party and not relevant to the subject matter involved in this action.

Subject to and without waiving the foregoing objections, Gartner is willing to meet and confer on this Request.

**<u>Request No. 5:</u>**

Documents sufficient to show each of the Elements of Compensation Value, separately and in the aggregate, received each calendar year for the period 2019 through 2024 from or on behalf of Hewlett or Juniper in connection with work performed by Timothy

("Tim") Zimmerman, who serves, or has served, as an officer, employee or other representative of your Company in connection with your Company's dealings with firms engaged in WLAN, network infrastructure and related businesses.

**<u>Response to Request No. 5:</u>**

Gartner incorporates each and every General Objection, Objection to Definitions, and Objection to Instructions as though each were specifically stated herein. Gartner objects to this Request as duplicative, overly broad and unduly burdensome, especially given Gartner's status as a non-party to this case. This Request seeks to have Gartner produce payment data for a six-year period for HPE and Juniper, regardless of whether the engagement with Gartner was related to WLAN, which imposes an undue burden and expense on Gartner, a non-party to this case. Gartner objects to the time period specified in this Request as arbitrary, excessive, and overbroad, and objects to the extent it seeks to impose obligations on a non-party beyond those allowed under the Federal Rules of Civil Procedure, including Rule 45.

Further, Gartner objects to this Request on the basis that it is unreasonably cumulative and duplicative of discovery already sought and/or obtained in this case. Gartner objects to this Request to the extent that it is cumulative and duplicative of Requests No. 1 and 2. Gartner objects to this Request as unduly burdensome because the information requested is equally available from HPE and Juniper, parties to this litigation. Gartner objects to this Request to the extent that it seeks documents or information that is not within its possession, custody, or control. Gartner further objects to this Request because it includes the defined terms "Juniper" and "Elements of Compensation Value," which are vague, ambiguous, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Gartner further objects to this Request because it includes the undefined term "Hewlett," which is vague, ambiguous, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Gartner objects to the Request because the terms "in connection with your Company's

dealings with firms engaged in WLAN, network infrastructure and related businesses" renders the Request vague, ambiguous, overly broad, and unduly burdensome.  Gartner further objects to this Request because it seeks documents and information not relevant to the claim or defense of any party and not relevant to the subject matter involved in this action.

Gartner objects this Request to the extent that it seeks the production of documents constituting confidential or non-public information, including such information provided to Gartner by WLAN industry participants and other third-parties on a confidential basis.

Subject to and without waiving the foregoing objections, Gartner is willing to meet and confer on this Request.

**Request No. 6:**

Documents sufficient to show the dates on which Mr. Zimmerman met, spoke, or otherwise communicated with directors, officers, employees, agents, or representatives of HPE or Juniper, and any materials, including data and presentations, he shared with any such person.

**Response to Request No. 6:**

Gartner incorporates each and every General Objection, Objection to Definitions, and Objection to Instructions as though each were specifically stated herein.  Gartner objects to this Request as overly broad and unduly burdensome, especially given Gartner's status as a non-party to this case.  This Request seeks to have Gartner produce communications for a more than six-year period between Tim Zimmerman and HPE or Juniper, as well as any materials shared with HPE and Juniper during that period, which imposes an undue burden and expense on Gartner, a non-party to this case.  Gartner objects to the time period specified in this Request as arbitrary, excessive, and overbroad, and objects to the extent it seeks to impose obligations on a non-party beyond those allowed under the Federal Rules of Civil Procedure, including Rule 45.

Further, Gartner objects to this Request on the basis that it is unreasonably cumulative and duplicative of discovery already sought and/or obtained in this case. Gartner objects to this Request as unduly burdensome because the information requested is equally available from HPE and Juniper, parties to this litigation. Gartner objects to this Request to the extent that it seeks documents or information that is not within its possession, custody, or control. Gartner further objects to this Request because it includes the defined terms "HPE" and "Juniper," which are vague, ambiguous, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Gartner further objects to this Request because it seeks documents and information not relevant to the claim or defense of any party and not relevant to the subject matter involved in this action.

Gartner objects this Request to the extent that it seeks the production of documents constituting confidential or non-public information, including such information provided to Gartner by WLAN industry participants and other third-parties on a confidential basis.

Subject to and without waiving the foregoing objections, Gartner is willing to meet and confer on this Request.

**Request No. 7:**

Produce all documents requested by any subpoena issued by HPE or Juniper, and not requested by the United States, in the Action (*United States v. Hewlett Packard Enterprise Co.*, 25-cv- 0951). For purposes of this request only, Plaintiff incorporates the definitions set forth in any such subpoena.

**Response to Request No. 7:**

Gartner incorporates each and every General Objection, Objection to Definitions, and Objection to Instructions as though each were specifically stated herein. Gartner further incorporates by reference each and every objection to any subpoena issued by HPE or Juniper, in *United States v. Hewlett Packard Enterprise Co.*, 25-cv-0951, that Gartner has made in response

to such subpoena.  Gartner objects to this Request as overly broad and unduly burdensome, especially given Gartner's status as a non-party to this case.  Gartner objects to the time period specified in this Request as arbitrary, excessive, and overbroad, and objects to the extent it seeks to impose obligations on Gartner beyond those allowed under the Federal Rules of Civil Procedure, including Rule 45.

Further, Gartner objects to this Request on the basis that it is unreasonably cumulative and duplicative of discovery already sought and/or obtained in this case.  Gartner objects to this Request because it seeks the production of documents constituting confidential or non-public information, including proprietary and/or trade secret information, relating to third parties with whom Gartner has contractual and non-contractual obligations to protect, and is not reasonably calculated to lead to the discovery of admissible evidence.  Gartner objects to this Request as unduly burdensome because the information requested is equally available from HPE and Juniper, parties to this litigation.  Gartner objects to this Request to the extent that it seeks documents or information that is not within Gartner's possession, custody, or control.  Gartner further objects to this Request because it includes the defined terms "HPE" and "Juniper," which are vague, ambiguous, overly broad, and unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Gartner further objects to this Request because it seeks documents and information not relevant to the claim or defense of any party and not relevant to the subject matter involved in this action.

Subject to and without waiving the foregoing objections, Gartner is willing to meet and confer on this Request.

Dated: April 10, 2025

Respectfully submitted,

*/s/ Andrew L. Black*

Andrew L. Black
BAKER MCKENZIE LLP
815 Connecticut Avenue NW
Washington, DC 20006
Tel: (202) 452-7000
andrew.black@bakermckenzie.com

William Devaney
BAKER MCKENZIE LLP
452 Fifth Avenue
New York, NY 10018
Tel: (212) 626 4100
william.devaney@bakermckenzie.com

*Counsel for Gartner, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 10th day of April 2025, a true and correct copy of the

foregoing was served via email upon the following:

       Jack G. Lerner (jack.lerner@usdoj.gov)
       Noah Sindell (noah.sindell@usdoj.gov)
       U.S. Department of Justice, Antitrust Division
       450 Fifth ST NW
       Washington, DC 20530
       Telephone: (202) 227-9295


*/s/ Andrew L. Black*
Andrew L. Black
BAKER MCKENZIE LLP
815 Connecticut Avenue NW
Washington, DC 20006
Tel: (202) 452-7000
andrew.black@bakermckenzie.com

*Counsel for Gartner, Inc.*