# Exhibit 3

**EXHIBIT 3**
**CHART OF DISPUTED REQUESTS FOR PRODUCTION**

| Spec. No. | Specification (Disputed Material) | Gartner Response | DOJ's Proposal | Gartner's Proposal | Court's Decision |
|---|---|---|---|---|---|
| 1. | Documents sufficient to show each of the Elements of Compensation Value,[1] separately and in the aggregate, received each calendar year for the period 2019 through 2024 from or on behalf of HPE. | Gartner objected to the request on, among other grounds, that it is "overly broad and unduly burdensome"; its time period is "arbitrary, excessive, and overbroad"; and it is "unreasonably cumulative and duplicative of discovery already sought and/or obtained in this case." Subject to those objections, "Gartner [was] willing to meet and confer on this Request." | The United States informed Gartner that it would accept a more limited time period (e.g. 2022 to the Present) if it would resolve the impasse. Gartner has not represented that it would be feasible to limit its response to services related to WLAN, but the United States would also accept that limitation. | Gartner's position is that this information is irrelevant and the burden to Gartner of producing this information far exceeds the benefit to the government. Further, this information, to the extent that it is necessary, should be sought from the parties. | |

---

[1] The Subpoena defines "Elements of Compensation Value" as (1) "Payments for subscriptions"; (2) "Payments for reprints"; (3) "Payments for consultation services and costs"; (4) "Payments for conference fees and costs"; (5) "Payments for in-person or virtual meetings and presentations"; (6) "Payments for gifts, including gifts of seats or tables at events for business, charity, entertainment or any other purpose"; and (7) "All other compensation of any kind not included in Elements 1 through 6 above, whether by the receipt of monetary payment or in-kind delivery of goods and services of monetary value."

| | | | | | |
|---|---|---|---|---|---|
| 2. | Documents sufficient to show each of the Elements of Compensation Value, separately and in the aggregate, received each calendar year for the period 2019 through 2024 from or on behalf of Juniper. | Gartner objected to the request on, among other grounds, that it is "overly broad and unduly burdensome"; its time period is "arbitrary, excessive, and overbroad"; and it is "unreasonably cumulative and duplicative of discovery already sought and/or obtained in this case." Subject to those objections, "Gartner [was] willing to meet and confer on this Request." | The United States informed Gartner that it would accept a more limited time period (e.g. 2022 to the Present) if it would resolve the impasse. Gartner has not represented that it would be feasible to limit its response to services related to WLAN, but the United States would also accept that limitation. | Gartner's position is that this information is irrelevant and the burden to Gartner of producing this information far exceeds the benefit to the government. Further, this information, to the extent that it is necessary, should be sought from the parties. | |
| 3. | Documents sufficient to show each of the Elements of Compensation Value, separately and in the aggregate, received each calendar year for the period 2019 through 2024 from or on behalf of Cisco. | Gartner objected to the request on, among other grounds, that it is "overly broad and unduly burdensome"; its time period is "arbitrary, excessive, and overbroad"; and it is "unreasonably cumulative and duplicative of discovery already sought and/or obtained in this case." Subject to those objections, "Gartner [was] willing to meet and confer on this Request." | The United States informed Gartner that it would accept a more limited time period (e.g. 2022 to the Present) if it would resolve the impasse. Gartner has not represented that it would be feasible to limit its response to services related to WLAN, but the United States would also accept that limitation. | Gartner's position is that this information is irrelevant and the burden to Gartner of producing this information far exceeds the benefit to the government. | |

| | | | | | |
|---|---|---|---|---|---|
| 4. | Documents sufficient to show each of the elements of Compensation Value, separately and in the aggregate, received each calendar year for the period 2019 through 2024 from or on behalf of in the aggregate, all firms that sell wireless local area networking hardware, software, and any Relevant Product. Each such firm includes for the purpose of this Specification the firm's domestic and foreign parents, predecessors, divisions, subsidiaries, affiliates, partnerships and joint ventures, and all directors, officers, employees, agents, and representatives of the foregoing. The terms "parent," "subsidiary," "affiliate," and "joint venture" refer to any person in which there is partial (25 percent or more) or total ownership or control between such firm and any other person. | Gartner objected to the request on, among other grounds, that it is "duplicative, overly broad and unduly burdensome"; it is irrelevant; its time period is "arbitrary, excessive, and overbroad"; and it is "cumulative and duplicative of discovery already sought and/or obtained in this case." Subject to those objections, "Gartner [was] willing to meet and confer on this Request." | The United States informed Gartner that it would accept a more limited time period (e.g. 2022 to the Present) if it would resolve the impasse and would limited the vendors covered by the request to Defendants and six other WLAN vendors (Arista, Cisco, CommScope, Extreme, Fortinet, and Ubiquiti). Gartner has not represented that it would be feasible to limit its response to services related to WLAN, but the United States would also accept that limitation. | Gartner's position is that this information is irrelevant and the burden to Gartner of producing this information far exceeds the benefit to the government. | |

| | | | | | |
|---|---|---|---|---|---|
| 5. | Documents sufficient to show each of the Elements of Compensation Value, separately and in the aggregate, received each calendar year for the period 2019 through 2024 from or on behalf of Hewlett or Juniper in connection with work performed by Timothy ("Tim") Zimmerman, who serves, or has served, as an officer, employee or other representative of your Company in connection with your Company's dealings with firms engaged in WLAN, network infrastructure and related businesses. | Gartner objected to the request on, among other grounds, that it is "duplicative, overly broad and unduly burdensome"; it is irrelevant; its time period is "arbitrary, excessive, and overbroad"; and it is "cumulative and duplicative of discovery already sought and/or obtained in this case." Subject to those objections, "Gartner [was] willing to meet and confer on this Request." | The United States informed Gartner that it would accept a more limited time period (e.g. 2022 to the Present) if it would resolve the impasses. Gartner has not represented that it would be feasible to limit its response to services related to WLAN, but the United States would also accept that limitation. | Gartner's position is that this information is irrelevant and the burden to Gartner of producing this information far exceeds the benefit to the government. Further, this information is duplicative and cumulative of requests 1 and 2. | |