UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>HEWLETT PACKARD ENTERPRISE CO., et al.,<br><br>Defendants. | Case No. 25-cv-00951-PCP (SVK)<br><br>**ORDER RE JOINT DISCOVERY STATEMENT OF PLAINTIFF AND THIRD-PARTY GARTNER, INC.**<br><br>Re: Dkt. No. 116 |

Before the Court is a discovery dispute between Plaintiff and third-party Gartner, Inc. ("Garnter"). Dkt. 116 ("Joint Submission"). This case is essentially at the close of fact discovery (May 28, 2025) with an impending trial date of July 9, 2025. Dkt. 104 at 3. The Court has considered the Parties' submission and the relevant guidance of Rules of Federal Civil Procedure 26(b)(1) and 45 and determines that this matter can be resolved without oral argument. Civ. L.R. 7-1(b).

Plaintiff has served a wide-ranging document subpoena on Garner, seeking information regarding payments received by Gartner from Defendants Hewlett Packard Enterprise Co. and Jupiter Networks, Inc. ("Defendants") as well as payments received from "all firms that sell wireless local area networking hard, software, and any Relevant Product." Dkt. 116-1. Plaintiff argues that the information is necessary to show bias on behalf of a Gartner witness, Timothy Zimmerman, who appears on Defendants' trial witness list. Dkt. 116 at 4. Gartner objects, asserting an overarching objection of undue burden and arguing specifically that information regarding payments by Defendants should be sought from Defendants; payments received from other WLAN providers is confidential and proprietary; and specific payments tied to Mr. Zimmerman is not information kept in the ordinary course of business. Dkt. 116, 6-9.

Having carefully considered the relevancy and proportionality of Plaintiffs' requests, as well as the burden as articulated by Gartner, the Court **GRANTS-IN-PART** and **DENIES-IN-PART** Plaintiffs' requests for the following reasons:

- Requests 1 and 2 seek payment information made to Gartner by either of Defendants. Plaintiff does not respond to Gartner's objection that the information should be obtained in the first instance from Defendants, other than to make a general statement that "seeking payment from Gartner is the most direct, convenient, and least burdensome way to obtain the needed information." Dkt. 116 at 5. Plaintiff does not offer any facts as to how this statement would apply to payment information about Defendants. Accordingly, Plaintiff's request as to categories 1 and 2 is **DENIED**. Fed. R. Civ. P. 26(b)(2)(C)(i), (ii).

- Requests 3 and 4 seek payment information made to Gartner by other WLAN service providers. This request is overbroad and unduly burdensome in light of the wide-ranging definition of "Compensation Value" (Dkt. 116-3 at 2 n.1) and the essentially unbounded definition of WLAN service provider in request no. 4. Dkt. 116-1. Plaintiff's offer of compromise narrowing the request to six WLAN providers does not sufficiently lighten the burden. Further, these requests do not solicit information directly related to potential bias of the Gartner witness towards Defendants and as such is not proportional to the needs of the case. The sensitive, competitive, non-party nature of the information sought by these requests further reduces its proportionality to the needs of the litigation. For these reasons, Plaintiff's request as to categories 3 and 4 is **DENIED**. Fed. R. Civ. P. 26(b)(1); 45(d)(3)(B)(i)

- Request no. 5 is directed to payments to Gartner from Defendants specifically "in connection with work performed" by Zimmerman. Unlike request nos. 1 and 2, it is likely this level of specificity is maintained, if at all, only by Gartner. Unlike request nos. 3 and 4, this request is directly related to the issue of bias and, if the records exist, proportional to the needs of the case. It is more narrowly drawn than the earlier requests, and the Government has further narrowed its request to data from 2022 to present and limited the scope of services to those related to WLAN, further enhancing its proportionality. Dkt.

2

116-3. Gartner suggests that such information is not maintained in the ordinary course of business, which may be the case, but the request is deserving of a reasonable and diligent search. Accordingly, Plaintiff's request as to request no. 5, as narrowed by the Government, is **GRANTED** to the extent such records exist in the ordinary course of business and can be located following a reasonable and diligent search. Fed. R. Civ. P. 26(b)1. In its Proposed Order, Plaintiff requests a **production date of June 23, 2025**, and the Court adopts that date. Gartner is to commence its search immediately and keep the Plaintiff informed of its progress.

**SO ORDERED.**

Dated: May 27, 2025

*[signature: Susan van Keulen]*

SUSAN VAN KEULEN
United States Magistrate Judge

3