1  BETH A. WILKINSON (*pro hac vice*)
   KOSTA S. STOJILKOVIC (*pro hac vice*)
2  **WILKINSON STEKLOFF LLP**
   2001 M Street NW, 10th Floor
3  Washington, DC 20036
4  Telephone: (202) 847-4010
   bwilkinson@wilkinsonstekloff.com
5  kstojilkovic@wilkinsonstekloff.com

6  JULIE S. ELMER (*pro hac vice*)
   JENNIFER MELLOTT (*pro hac vice*)
7  **FRESHFIELDS US LLP**
8  700 13th St NW
   Washington, DC 20005
9  Telephone: (202) 777-4500
   julie.elmer@freshfields.com
10 jennifer.mellott@freshfields.com

11
   SAMUEL G. LIVERSIDGE (Bar No. 180578)
12 **GIBSON, DUNN & CRUTCHER LLP**
   333 South Grand Avenue
13 Los Angeles, California 90071
   Telephone: (213) 229-7000
14 SLiversidge@gibsondunn.com

15
   *Attorneys for Defendant*
16 HEWLETT PACKARD ENTERPRISE CO.

17 [Additional counsel listed on signature page]

18
19                     **UNITED STATES DISTRICT COURT**
                       **NORTHERN DISTRICT OF CALIFORNIA**
20                           **SAN JOSE DIVISION**

21 | | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 5:25-cv-00951-PCP |
| *Plaintiff*, | **HEWLETT PACKARD ENTERPRISE CO.'S ADMINISTRATIVE MOTION SEEKING *IN CAMERA* TREATMENT OF SELECT PORTIONS OF CERTAIN EXHIBITS AND DEPOSITION TESTIMONY PURSUANT TO CIVIL L.R. 7-11 AND 79-5** |
| v. | |
| HEWLETT PACKARD ENTERPRISE CO. and JUNIPER NETWORKS, INC., | |
| *Defendants*. | Judge:           P. Casey Pitts |
| | Action Filed:  January 30, 2025 |

Pursuant to Civil Local Rules 7-11 and 79-5 and Your Honor's Individual Practices, Defendant Hewlett Packard Enterprise Co. ("HPE") respectfully moves this Court to seal from public disclosure and permit *in camera* treatment of certain portions of HPE documents that appear on the Department of Justice's ("DOJ") and Defendants' (collectively, the "Parties") exhibit lists, as well as deposition testimony of HPE witnesses designated by both parties.

## BACKGROUND AND LEGAL STANDARD

On March 10, 2025, the Court entered the Joint Stipulation and Amended Protective Order directing the Parties to file a motion seeking to seal "Confidential Information or Highly Confidential Information contained in a trial exhibit or designated deposition testimony" "no later than fourteen (14) days before the Final Pretrial Conference in this Action." ECF No. 107, at ¶ 49. On June 2, 2025, the Parties exchanged their respective exhibit lists, and on June 4 and June 11, the Parties exchanged affirmative and counter designations to deposition testimony. Some of the exhibits and deposition testimony reveal competitively sensitive and proprietary business information that could be used to injure HPE if made publicly available. On June 10, 13, and 16, 2025, the Parties met and conferred to discuss HPE's proposed confidentiality treatment for certain exhibits and deposition testimony. HPE now files this Motion, along with a Declaration from Robert Particelli, Deputy General Counsel, Litigation and Human Resources Legal, at HPE ("Decl."), to provide the Court with the necessary support of sealing as required by Local Rule 79-5.

In Appendix A, HPE identifies highly confidential material found in the exhibits and testimony identified in the Parties' respective exhibit lists and deposition designations exchanged thus far, along with the specific bases for sealing required under Local Rule 79-5.[1] Of the 1,119 HPE documents across both DOJ and Defendants' exhibit lists, HPE moves to seal select portions of only 224 documents. HPE further seeks to seal only a narrow set of lines in seven deposition transcripts. HPE's Motion reflects its good-faith effort to seal only very specific competitively-sensitive information, the disclosure of which

---

[1] The parties agreed that on June 18 they may exchange a narrow set of additional counter designations in response to the June 11 exchange. As this date falls after the deadline for this motion to seal pursuant to the scheduling order, HPE may seek leave from the Court to request *in camera* treatment for a very limited set of additional deposition testimony, should any highly confidential material be included in those counter-designations.

would harm HPE's competitive position.

While courts in the Ninth Circuit recognize a "strong presumption in favor of access to court records," *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003), a court may seal records where "a compelling reason" justifies doing so. *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016) (quoting *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006)). The court must balance "the competing interests of the public and the party who seeks to keep certain judicial records secret." *Id.* at 1097 (quoting *Foltz*, 331 F.3d at 1135).

Examples of "compelling reasons" include when court records might be used as "sources of business information that might harm a litigants' competitive standing." *Id.* (quoting *Nixon v. Warner Commnc'ns, Inc.*, 435 U.S. 589, 598-99 (1978)); *see also In re Elec. Arts, Inc.*, 298 F. App'x 568, 569 (9th Cir. 2008) (same); *Nautilus Biotechnology, Inc v. SomaLogic, Inc.*, No. 23-cv-06440-BLF, 2024 WL 4894852 (N.D. Cal. Nov. 26, 2024) (finding compelling reasons to seal information that would reveal "unreleased platform information and Defendants' confidential business and financial terms"); *In re Google Location Hist. Litig.*, 514 F. Supp. 3d. 1147, 1162 (N.D. Cal. Jan. 25, 2021) ("Compelling reasons may exist to seal 'trade secrets, marketing strategies, product development plans, detailed product-specific financial information, customer information, internal reports[.]'") (citation omitted).

In addition, in determining whether a document should be filed under seal, courts consider, among other things, the measures taken to guard the information's secrecy and the value of the information to the business or its competitors. *E.g.*, *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1212 (9th Cir. 2002).

**ARGUMENT**

There exist compelling reasons to seal portions of the exhibits and testimony identified in Appendix A. These documents and testimony reflect competitively sensitive HPE information concerning: i) pricing and discounting, ii) forward-looking strategic planning and analyses, and iii) product development plans. As described below and in the attached Declaration of Robert Particelli, disclosure of this information would place HPE at a competitive disadvantage vis-à-vis both its competitors and its customers. HPE has maintained the confidentiality of the information it seeks to

seal, and its requests are narrowly tailored such that there is no less restrictive alternative to redacting the information at issue.

Pricing and Discounting:  139 of the documents identified in Appendix A contain competitively sensitive pricing and discounting information, including customer-specific pricing justifications and detailed financial metrics related to pricing and discounting. Recognizing that the disclosure of such competitively sensitive information can cause a party harm, courts in this District routinely grant motions to seal such information. *See, e.g.*, *Cont'l Auto. Sys. v. Avanci, LLC*, No. 19-cv-02520-LHK, 2019 WL 6612012, at *4 (N.D. Cal. Dec. 5, 2019) ("[C]ourts in our circuit have found sales data and customer identities to be sealable, to the extent that information is kept confidential."); *see also Lawson v. Grubhub, Inc.*, No. 15-CV-05128, 2017 WL 2951608, at *9 (N.D. Cal. July 10, 2017) ("[S]ources of business information that might harm a litigant's competitive strategy may also give rise to a compelling reason to seal, … as may pricing, profit, and customer usage information kept confidential by a company that could be used to the company's competitive disadvantage.") (citation omitted).

As set forth in the attached Declaration, HPE actively seeks to maintain the confidentiality of its pricing and discounting strategy and metrics. Decl. ¶ 4. The disclosure of this highly confidential and sensitive information would cause injury to HPE. *Id.* at ¶¶ 6-9.  Networking vendors, like HPE, compete to win customers based on a variety of factors, including price and discounts. *Id.* at ¶¶ 7-8. The systematic disclosure of HPE's pricing and discounting strategy across numerous opportunities would enable competitors to utilize that information to undercut HPE in existing or future opportunities. *Id.* at ¶ 9. Maintaining the confidentiality of this information cannot be avoided through less restrictive alternatives.

Forward-Looking Strategic Planning and Analyses:  97 of the materials identified in Appendix A contain HPE's confidential forward-looking strategic business plans and analyses, the disclosure of

which would provide HPE's competitors unfair insight into its ongoing and future competitive strategy, including select aspects of its future strategy after the acquisition of Juniper. Courts in this District recognize there exists compelling reasons to seal such information. *See, e.,g.*, *Krieger v. Atheros Commc'ns, Inc.*, No. 11-cv-00640-LHK, 2011 WL 2550831, at *1 (N.D. Cal. June 25, 2011) (sealing a presentation that contained "discussions of business strategy[] and competitive analyses"); *Synchronoss Techs., Inc. v. Dropbox Inc.*, No. 16-cv-00119-HSG, 2018 WL 6002319, at *1 (N.D. Cal. Nov. 15, 2018) (approving the sealing of information that "prevent[s] competitors from gaining insight into the parties' business model and strategy.") (citation omitted); *Ehret v. Uber Techs., Inc.*, No. 14-CV-00113, 2015 WL 12977024, at *3 (N.D. Cal. Dec. 2, 2015) (finding "a good and compelling reason to seal" internal discussions regarding "proprietary business strategy").

As reflected in the attached Declaration, HPE actively seeks to maintain the confidentiality of its forward-looking strategy. Decl. ¶ 4. Disclosure of forward-looking strategic business planning and analyses also would effectively provide HPE's competitors a roadmap for how HPE plans to compete in the future with respect to technical innovations, marketing, and its larger networking portfolio (including products not at issue in the litigation). *Id.* at ¶ 10. Such disclosure would also permit competitors to develop business strategies to duplicate, undercut, or otherwise counter HPE's commercial performance. *Id.* at ¶¶ 11-14. Maintaining the confidentiality of this information cannot be avoided through less restrictive alternatives.

Product Development Plans: 20 of the materials identified in Appendix A contain HPE's confidential forward-looking product development plans. Courts in this District recognize that there exists compelling reasons to prevent the disclosure of product development plans and technical details related to products that are not yet introduced, or released, to the public. *See In re Google Location Hist. Litig.*, 514 F. Supp. 3d. at 1162 ("Compelling reasons may exist to seal 'trade secrets, marketing strategies, product development plans, detailed product-specific information, customer information,

internal reports[.]'") (citation omitted); *Nautilus*, 2024 WL 4894852 at *2 (finding compelling reasons to seal information that would reveal "technical features, components, and design of [party's] unreleased platform").

As set forth in the attached Declaration, HPE actively seeks to maintain the confidentiality of its product development plans. Decl. ¶ 4. Networking vendors compete based on, *inter alia*, the innovations they seek to bring to market. *Id.* at ¶¶ 15-16. Disclosure of HPE's product development plans, including the timeline for product development, would allow HPE's competitors to refocus their own research and development efforts to duplicate, undercut, or otherwise counter HPE's innovation. *Id.* at ¶ 17. Even if any given product development plan concerns a limited piece of technology, the systematic disclosure of this information would similarly give competitors a roadmap for how HPE plans to compete in the future, both in the near and long-term. *Id.* at ¶ 18.

## **CONCLUSION**

For the foregoing reasons, as well as those set forth in the attached Declaration, HPE respectfully requests that the Court grant the relief requested in this Administrative Motion.

Dated: June 16, 2025

Respectfully Submitted,

By: */s/ Julie S. Elmer*
Julie S. Elmer (*pro hac vice*)
*Attorney for Defendant*
*HEWLETT PACKARD ENTERPRISE CO.*

Beth A. Wilkinson (*pro hac vice*)
Kosta S. Stojilkovic (*pro hac vice*)
Jennifer Pavelec (*pro hac vice*)
Kellen M. McCoy (*pro hac vice*)
**WILKINSON STEKLOFF LLP**
2001 M Street NW, 10th Floor
Washington, DC 20036
Telephone: (202) 847-4010
bwilkinson@wilkinsonstekloff.com
kstojilkovic@wilkinsonstekloff.com
jpavelec@wilkinsonstekloff.com
kmccoy@wilkinsonstekloff.com

Owen W. Gallogly (*pro hac vice*)
**WILKINSON STEKLOFF LLP**
130 W 42nd Street, 24th Floor
New York, NY 10036
Telephone: (212) 294-8910
ogallogly@wilkinsonstekloff.com

Julie S. Elmer (*pro hac vice*)
Eric Mahr (*pro hac vice*)
Jennifer Mellott (*pro hac vice*)
**FRESHFIELDS US LLP**
700 13th St NW
Washington, DC 20005
Telephone: (202) 777-4500
julie.elmer@freshfields.com
eric.mahr@freshfields.com
jennifer.mellott@freshfields.com

Justina K. Sessions (Bar No. 270914)
**FRESHFIELDS US LLP**
855 Main St
Redwood City, CA 94063
Telephone: (650) 618-9250
justina.sessions@freshfields.com

Samuel G. Liversidge (Bar No. 180578)
Daniel Nowicki (Bar No. 304716)
**GIBSON, DUNN & CRUTCHER LLP**
333 South Grand Avenue
Los Angeles, California 90071
Telephone: (213) 229-7000
SLiversidge@gibsondunn.com
DNowicki@gibsondunn.com

Stephen Weissman (*pro hac vice*)
Michael J. Perry (Bar No. 255411)
Kristen C. Limarzi (*pro hac vice*)
**GIBSON, DUNN & CRUTCHER LLP**
1700 M Street, N.W.
Washington, D.C. 20036
Telephone: (202) 955-8500
SWeissman@gibsondunn.com
MJPerry@gibsondunn.com
KLimarzi@gibsondunn.com

*Attorneys for Defendant*
*HEWLETT PACKARD ENTERPRISE CO.*