MICHAEL J. FREEMAN (OH BAR # 0086797)
Senior Litigation Counsel
United States Department of Justice, Antitrust Division
450 Fifth Street, NW, Suite 4000
Washington, DC 20530
Telephone: (212) 213-2774
Fax: (202) 514-5847
Email: Michael.Freeman@usdoj.gov

[Additional counsel listed on signature page]

Attorney for Plaintiff
United States of America

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        *Plaintiff,*<br><br>    v.<br><br>HEWLETT PACKARD ENTERPRISE CO. and JUNIPER NETWORKS, INC.<br><br>        *Defendants.* | CASE NO. 5:25-CV-00951-PCP<br><br>JUDGE: Hon. P. Casey Pitts<br>MAGISTRATE JUDGE: Hon. Susan van Keulen<br><br>**DECLARATION OF MICHAEL J. FREEMAN IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION REGARDING TRIAL LOGISTICS** |

1

Declaration Of Michael J. Freeman Iso Plaintiff's Opposition to Defendants' Motion Regarding Trial Logistics
Case No. 5:25-cv-00951-PCP

I, Michael J. Freeman, pursuant to 28 U.S.C. § 1746, hereby declare as follows:

1. I am over 18 years of age, of sound mind, and otherwise competent to make this Declaration. The evidence set forth in this Declaration is based on my personal knowledge.

2. I am an attorney with the United States Department of Justice, Antitrust Division. I represent the United States, Plaintiff in the above-captioned Action.

3. I submit this Declaration in support of the United States' Opposition to Defendants' Motion Regarding Trial Logistics, ECF No. 126.

4. On January 30, 2025, the United States filed a Complaint against Hewlett Packard Enterprise Co. and Juniper Networks, Inc. (collectively, "Defendants"), alleging that their proposed merger would substantially increase concentration in the market for enterprise-grade wireless local area networking ("WLAN") solutions in the United States and substantially lessen competition in violation of Section 7 of the Clayton Act. ECF No. 1.

5. The United States makes the following allegations: First, Defendants are the second- and third-largest providers of enterprise-grade WLAN solutions in the United States. *Id.* ¶ 1. Second, the WLAN market is highly concentrated and likely to become more so as a result of the merger. *Id.* ¶ 26. Third, Defendants compete fiercely for customers today and the loss of head-to-head competition between them is likely to reduce discounting and the combined firm's incentive to invest in new product features. *Id.* ¶ 44. Fourth, the proposed merger is presumptively unlawful under the Merger Guidelines issued by the Department of Justice and the Federal Trade Commission on December 18, 2023 ("Merger Guidelines").

6. On February 28, 2025, the Court held a case management conference in during which it set trial dates and addressed other matters raised by the Parties. ECF No. 93. Those matters included the form in which designated deposition testimony would be presented during trial. The Court instructed the Parties to submit deposition designations, rather than play them during trial, so long as the Court could understand them adequately on its own:

> FREEMAN: [A]ny other guidance you have about your trial routine and protocol would be helpful for planning purposes, just in terms of, like, deposition designations, do you like videos played during the trial or submission or things along that line? . . .

2

Declaration Of Michael J. Freeman Iso Plaintiff's Opposition to Defendants' Motion Regarding Trial Logistics
Case No. 5:25-cv-00951-PCP

> COURT: . . . As a bench trial, I probably don't need every deposition that you're putting in as a factual matter to be played for me. . . . If there are areas where you think there are going to be important questions of credibility, then I think it is helpful for me to view that video. But if I feel that – I will sort of let you know – I will leave it to you if you think it's important to play that and use that time, that you can do so. But if you think that I can understand adequately reading the deposition transcript – I've read many in my life – then I'm happy to do that work on my own and use the time in here more productively.

Feb. 28, 2025 Hr'g Tr. 19:08–20:04, ECF No. 98.

7. On March 6, 2025, the Court entered a Case Management Plan negotiated by the Parties. ECF No. 103. The Case Management Plan provided for the exchange of each Party's exhibit list and deposition designations, along with deadlines for objecting to each. The Case Management Plan has no provisions requiring deposition designations to be played live in court; limiting in any fashion the number of deposition designation submitted by each Party; or precluding the Parties from admitting into evidence exhibits without a sponsoring witness. Defendants did not negotiate with the United States for those provisions.

8. In March, April, and May 2025, the Parties engaged in extensive fact discovery on an expedited basis. The Parties collectively served nine requests for production of documents and data, over 200 third-party subpoenas, and three rounds of interrogatories. The United States noticed 25 depositions of fact witnesses (including two 30(b)(6) depositions) and will take 23 before the start of trial. Defendants noticed 24 depositions and will take 22 by the start of trial. The Parties also served reports from five experts and deposed three experts.

9. On May 28, 2025, the United States sent Defendants a list of discussion topics related to trial logistics for discussion on a previously scheduled call between the Parties. The topics included the length of opening and closing arguments; allocation of trial time; use of a chess clock; bulk admission of exhibits; the exchange of demonstrative exhibits; the length of proposed findings of fact and conclusions of law; and the form and substance of the pre-trial brief. The United States proposed requesting a status conference for June 5, 2025. Defendants suggested instead that the Parties continue discussing trial logistics and, if needed, brief areas of impasse at a later date.

10. On May 29 and June 2, 2025, the Parties exchanged final witness lists. The United States identified nine witnesses who may testify live, nine witnesses who may testify by deposition

3

DECLARATION OF MICHAEL J. FREEMAN ISO PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION REGARDING TRIAL LOGISTICS
CASE NO. 5:25-CV-00951-PCP

designations, and seven witnesses who may be called either live or by deposition designations. Defendants identified six witnesses who may testify live, twelve witnesses who may testify by deposition designations, and seven witnesses who may be called either live or by deposition designations. On June 2, 2025, the Parties also exchanged exhibit lists and opening deposition designations. The exchange included designations for any witness who may testify through deposition designations.

11. On June 9, 2025, Defendants informed the United States that they intended to file a motion to resolve the three areas identified in their Motion. In response, the United States identified areas of agreement between the Parties and amended its proposed trial allocation to 30 hours for the United States and 26 hours for Defendants. Defendants filed their Motion on June 10, 2025. The next day, the Parties exchanged objections to each other's exhibit lists and opening deposition designations and exchanged counter designations.

12. Attached hereto as **Exhibit A** is a true and correct copy of the Transcript of Zoom Proceedings Before the Honorable P. Casey Pitts dated February 28, 2025, ECF No. 98, in the above-captioned action.

13. Attached hereto as **Exhibit B** is a true and correct copy of an excerpt of the Transcript of Proceedings dated September 1, 2023, in *United States v. Google LLC*, No. 20-cv-03010-APM (D.D.C.).

14. Attached hereto as **Exhibit C** is a true and correct copy of an excerpt of the Trial Transcript dated September 27, 2023, in *United States v. Google LLC*, No. 20-cv-03010-APM (D.D.C.).

15. Attached hereto as **Exhibit D** is a true and correct copy of an excerpt of the Transcript of Proceedings dated April 10, 2025, in *United States v. Google LLC*, No. 20-cv-03010-APM (D.D.C.).

16. Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

4

DECLARATION OF MICHAEL J. FREEMAN ISO PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION REGARDING TRIAL LOGISTICS
CASE NO. 5:25-CV-00951-PCP

Executed on: June 16, 2025

*/s/ Michael J. Freeman*
MICHAEL J. FREEMAN (OH BAR # 0086797)
U.S. Department of Justice
Antitrust Division
450 Fifth Street NW, Suite 4000
Washington, DC 20530
Telephone: (212) 213-2774
Email:  Michael.Freeman@usdoj.gov

*Attorney for Plaintiff United States of America*

5

DECLARATION OF MICHAEL J. FREEMAN ISO PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION REGARDING TRIAL LOGISTICS
CASE NO. 5:25-cv-00951-PCP

**ATTORNEY ATTESTATION**

I, Jeremy M. Goldstein, am the ECF user whose identification and password are being used to file the DECLARATION OF MICHAEL J. FREEMAN IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION REGARDING TRIAL LOGISTICS. In compliance with Local Rule 5-1(i)(3), I hereby attest that all signatories hereto concur in this filing.

/s/ *Jeremy M. Goldstein*
Jeremy M. Goldstein

6

Declaration Of Michael J. Freeman Iso Plaintiff's Opposition to Defendants' Motion Regarding Trial Logistics
Case No. 5:25-cv-00951-PCP

# CERTIFICATE OF SERVICE

I certify that on June 16, 2025, I served the foregoing on all counsel of record via ECF.

Dated: June 16, 2025

*/s/ Jeremy M. Goldstein*
Jeremy M. Goldstein
U.S. Department of Justice
Antitrust Division
450 Golden Gate Ave., Room 10-0101
San Francisco, CA 94102-3478
Telephone: (415) 818-4752
Email: Jeremy.Goldstein@usdoj.gov

7

DECLARATION OF MICHAEL J. FREEMAN ISO PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION REGARDING TRIAL LOGISTICS
CASE NO. 5:25-CV-00951-PCP