# Exhibit D

```
              IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF COLUMBIA


UNITED STATES OF AMERICA, ET AL.,  )
                                   )
          Plaintiffs,              )
                                   )   CV No. 20-3010
       vs.                         )   Washington, D.C.
                                   )   April 10, 2025
GOOGLE LLC,                        )   10:00 a.m.
                                   )
          Defendant.               )
_____)


          TRANSCRIPT OF PRETRIAL CONFERENCE PROCEEDINGS
             BEFORE THE HONORABLE AMIT P. MEHTA
                UNITED STATES DISTRICT JUDGE
```

2

APPEARANCES:

For DOJ Plaintiffs:          David E. Dahlquist
                             UNITED STATES
                             DEPARTMENT OF JUSTICE
                             Antitrust Division
                             209 South LaSalle Street
                             Suite 600
                             Chicago, IL 60604
                             (202) 805-8563
                             Email:
                             david.dahlquist@usdoj.gov

                             Michael Glenn McLellan
                             John J. Hogan
                             U.S. DEPARTMENT OF JUSTICE
                             450 5th Street NW
                             Suite 7616
                             Washington, D.C. 20530
                             (202) 271-8638
                             Email:
                             michael.mclellan@usdoj.gov
                             Email: john.hogan2@usdoj.gov

For Plaintiff
State Colorado:              Jonathan Bruce Sallet
                             COLORADO DEPARTMENT OF LAW
                             Consumer Protection Section,
                             Antitrust Unit
                             Ralph L. Carr Colorado
                             Judicial Center
                             1300 Broadway
                             Suite 7th Floor
                             Denver, CO 80203
                             (720) 508-6000
                             Email: jon.sallet@coag.gov

```
APPEARANCES CONTINUED:

For Defendant Google:          John E. Schmidtlein
                               WILLIAMS & CONNOLLY LLP
                               725 12th St., NW
                               Washington, D.C. 20005
                               (202) 434-5000
                               Email: jschmidtlein@wc.com


For Movant
New York Times Company:        Timothy Tai
                               THE NEW YORK TIMES COMPANY
                               620 8th Avenue
                               New York, NY 10018
                               212-556-1244
                               Email: timothy.tai@nytimes.com

Court Reporter:                William P. Zaremba
                               Registered Merit Reporter
                               Certified Realtime Reporter
                               Official Court Reporter
                               E. Barrett Prettyman CH
                               333 Constitution Avenue, NW
                               Washington, D.C. 20001
                               (202) 354-3249


Proceedings recorded by mechanical stenography; transcript
produced by computer-aided transcription
```

4

```
 1              P R O C E E D I N G S
 2              COURTROOM DEPUTY:  Good morning.  The Court is now
 3   in session; the Honorable Amit P. Mehta now presiding.
 4              THE COURT:  Good morning, everyone.  Please be
 5   seated.
 6              COURTROOM DEPUTY:  Your Honor, we're now calling
 7   for the record Civil Action 20-3010, United States of
 8   America, et al., versus Google LLC.
 9              For the plaintiffs, Jonathan Sallet and
10   David Dahlquist.
11              For the defendant, John Schmidtlein.
12              And present remotely for *The New York Times* is
13   Timothy Tai.
14              THE COURT:  Okay.  Good morning, everybody;
15   good to see everybody.
16              Okay.  So might as well just jump right into it
17   unless there's anything preliminarily anybody needs to
18   raise.
19              All right.  Terrific.
20              I want to just -- let me just preview what I hope
21   to cover today; hopefully this won't take terribly long.
22              I just want to talk about the issues that you all
23   raised in the Pretrial -- Joint Pretrial Statement, hearing
24   timing, exhibits, then talk about *The New York Times'* motion
25   and then just talk about general logistics.  So we'll sort
```

1   conclusions of law, look, let me reiterate what I've said in

2   the past and make that clear once more, which is that, what

3   is going to carry the greatest weight with me is what you

4   present during the live testimony itself.

5           And so I think both sides understand at this point

6   that if you've got some document that you think is

7   important, don't bury it in something you want to push in

8   that's not going to be helpful.  And ultimately I'm not

9   going to give it the weight, because, I think, as Google

10  rightly points out, that document has not been subject to

11  both direct and cross-examination.

12          We can, it seems to me, do something that we

13  didn't do last time, which is that, if either side cites a

14  document that's been pushed in and not subject to

15  examination, to identify that document with an asterisk or

16  in some way in your proposed findings of fact and

17  conclusions of law.

18          That'll both alert the other party that that

19  exhibit that otherwise hasn't been discussed during the

20  trial -- and I should caveat that, at trial or with a

21  deponent, you know.

22          So obviously if you're going to use an exhibit

23  with a deposition that's being pushed in, that would not --

24  that also would be not subject to this kind of

25  identification, which is, again, if you cited something

8

1    that -- it's been pushed in, hasn't been assessed by any

2    witness, to identify with an asterisk or some other

3    designation.

4              That way, both Google or the other side, the

5    plaintiffs, if Google does it, will be on notice that this,

6    in fact, is an exhibit that hasn't been presented to a

7    witness and that you can then do whatever you need to do to

8    gather the facts to respond to it.

9              It will also put me on alert that this was an

10   exhibit not actually shown to a witness during trial, and as

11   I said, I'm likely to give it less weight than I would if it

12   was actually presented to somebody and discussed, okay?

13             Is that acceptable to everybody?

14             Mr. Schmidtlein.

15             MR. SCHMIDTLEIN:  Thank you, Your Honor.

16             Again, I just want to emphasize, this was a

17   problem during the liability phase.

18             The plaintiffs pushed in or got admitted 2,500

19   exhibits between both groups of plaintiffs.  2,000, over

20   2,000 were never used at trial.  450 exhibits were cited in

21   the findings of fact were never used at trial.

22             And, you know, we are concerned, given the time

23   crunch here, that they will just bypass using these exhibits

24   and then they'll just try to argue off of them or sort of

25   use them.