DANA M. SILVA (BAR NO. 271920)
dana.silva@saul.com
SAUL EWING LLP
1888 Century Park East, Suite 1500
Los Angeles, California 90067
Telephone: (310) 255-6100
Facsimile: (310) 255-6200

Attorneys for Third Party
THE PENNSYLVANIA STATE UNIVERSITY

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>HEWLETT PACKARD ENTERPRISE CO. and JUNIPER NETWORKS, INC.,<br><br>    Defendants. | Case No. 5:25-cv-00951-PCP<br><br>**THIRD PARTY THE PENNSYLVANIA STATE UNIVERSITY'S NOTICE OF AND ADMINISTRATIVE MOTION TO SEAL TRIAL EXHIBITS AND TRIAL TESTIMONY**<br><br>**[L.R. 7-11, 79-5]**<br><br>[*Filed concurrently with Declaration of Mark Campbell In Support of Motion to Seal and [Proposed] Order*]<br><br>Judge:   P. Casey Pitts |

**TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that, pursuant to United States District Court Northern District of California Civil Local Rules 7-11 and 79-5(c), Third Party The Pennsylvania State University ("PSU") hereby moves the court for an order sealing from the public record the following material set to be used in the upcoming July 9, 2025 trial:

1. Four documents listed below, produced by PSU in discovery, and designated by the U.S. Department of Justice ("DOJ") as trial exhibits:

    PSU-DOJ-00000199-202

    PSU-DOJ-00000215-219

    PSU-DOJ-00000301-302

    PSU-DOJ-00000343-344

2. Portions of the deposition testimony of PSU's employee, Mark Campbell, designated by the DOJ and Defendant Hewlett Packard Enterprises Co. ("HPE") to be read at trial in lieu of live testimony, identified by the page and line number of the deposition transcript as follows: 24:7-10; 30:2-15; 84:11-14; 88:10-17; 93:7-95:20; 106:6-107:9; 107:16-18; 108:7-9; 108:13-23; 111:4-24; 124:10-14; 125:2-126:12; 127:22-129:8; 194:1-25; 195:24-196:15; and 203:24-205:15.

The four Trial Exhibits that PSU is seeking to seal are concurrently filed herewith under seal as **Exhibits 3-6**. The portions of Mr. Campbell's deposition transcript that PSU seeks to seal are identified in the excerpt of the transcript concurrently filed herewith under seal as **Exhibit 7**.[1]

The basis for PSU's Motion is that the above materials constitute PSU's highly confidential information in the form of documents and testimony regarding three proposals that PSU received from its vendors in response to a Request for Proposal and PSU's internal business considerations and ranking of the proposals. **This information is not available to the public**. If

---

[1] The portions of testimony designated by the DOJ that are subject to this Motion are highlighted in Exhibit 7 in yellow. (HPE has also designated some of this same testimony as part of their deposition designation.) The portions of testimony designated solely by HPE as counter-designations that are subject to this Motion are highlighted in Exhibit 7 in blue.

disclosed, the material will jeopardize PSU's ongoing relationships with its vendors, put PSU at a competitive disadvantage, as well harm fair competition. In addition, other areas of testimony about PSU's relationship with vendors and use of products not at issue in this Litigation also constitute PSU's confidential information. If disclosed, this material will harm PSU's ongoing relationship with its vendors and potentially risk public safety. *See* Declaration of Mark Campbell.

This motion is based on this Notice of Motion, the attached Memorandum of Points and Authorities, the Declaration of Mark Campbell, and on the pleadings filed in this action.

Counsel for the DOJ is indicated that they do not oppose the relief sought in this Motion to Seal. Counsel for HPE has stated that they do not agree with PSU's request to seal the portion of Mr. Campbell's testimony found on page 203:24 through 205:15. Counsel for PSU and HPE met and conferred, but were unable to come to any resolution. Counsel for Defendant Juniper Networks, Inc. did not respond to PSU's inquiry.

DATED: June 17, 2025                          SAUL EWING LLP


                                              By:  _____/s/ Dana M. Silva_____
                                                   DANA M. SILVA
                                                   Attorneys for Third Party
                                                   THE PENNSYLVANIA STATE UNIVERSITY

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Third Party The Pennsylvania State University ("PSU") seeks an order sealing from the public record certain Trial Exhibits and designated deposition testimony that will be used at the upcoming July 9, 2025 trial. As explained in the concurrently filed Declaration of Mark Campbell, the basis for PSU's request is that the information to be sealed constitutes PSU's confidential and highly confidential information arising from PSU's relationships with its vendors, including, but not limited to, pricing and discounts that were offered to PSU by its vendors and internal business decision processes. PSU also seeks to seal highly confidential information relating to vendors and products that have nothing to do with the current antitrust litigation. This information is not public and would not be subject to any public requests request made under Pennsylvania's Right-to-Know Law.[2] If disclosed, the information will also disrupt PSU's ongoing relationship with its vendors, will place PSU at a competitive disadvantage, and stifle legitimate competition. These reasons constitute a compelling reason for the Court to grant PSU's request. PSU has also narrowly tailored its request. It is asking the Court to seal only a few Trial Exhibits and a handful of the over 100 deposition designations noticed by the U.S. Department of Justice ("DOJ") and Defendant Hewlett Packard Enterprise Co. ("HPE") to be used at trial.[3]

PSU is one of thousands of consumers of HPE and Juniper products. Yet, it has fully cooperated in this litigation, produced hundreds of pages of documents in discovery, and produced its employee to appear for deposition. PSU does not object to the use of the material in question at trial. Rather, as a third party, PSU seeks only to seal a limited amount of exhibits and testimony from the public record that will directly affect its business and financial interests.

For those reasons, PSU requests that the Court grant its motion to seal in its entirety.

## II. STATEMENT OF FACTS

On January 30, 2025, the DOJ filed a Complaint seeking to prevent HPE from acquiring

---

[2] Pennsylvania's Right-to-Know-Law is equivalent to the California Public Records Act.

[3] PSU did not receive notice from Defendant Juniper Networks, Inc. ("Juniper") that it had designated any portions of Mr. Campbell's deposition transcript for use at trial.

SAUL EWING LLP
1888 CENTURY PARK EAST, SUITE 1500
LOS ANGELES, CALIFORNIA 90067
(310) 255-6100

Juniper ("the Litigation"). [ECF Dkt # 1.] The DOJ alleges that the HPE and Juniper are the second and third largest providers of commercial or "enterprise" wireless networking solutions, respectfully, in the United States, and the acquisition, if permitted, would damage fair competition and violate Section 7 of the Clayton Act, 15 U.S.C. § 18. (*Id*.)

On March 10, 2025, the parties to the Litigation filed a Joint Stipulation and [Proposed] Amended Protective Order (the "Protective Order"). [ECF Dkt # 107.] "Confidential Information" is defined as "the portion of any . . . Litigation Materials that contains. . . trade secrets or other confidential research, development, or commercial information as such terms are used in Federal Rule of Civil Procedure 26(c)(1)(G). (*Id*., ¶ 2.) "Highly Confidential Information" is defined as the "portion of . . . Litigation Materials that contains information that is so confidential and/or sensitive in nature that the Producing Party reasonably believes the disclosure of it is likely to cause economic harm or competitive disadvantage to the Producing Party." (*Id*., ¶ 10.)

Paragraph 48 of the Protected Order outlines the procedure for a motion to seal:

> No later than fourteen (14) days before the Final Pretrial Conference in this Action, any Party or non-Party Protected Person that seeks to prevent its Confidential Information or Highly Confidential Information contained in a trial exhibit or designated deposition testimony from being disclosed on the public record at Trial must file a motion with the Court seeking to seal such information at Trial by following the procedures set forth in the Local Rules of this District. The movant bears the burden of persuading the Court that the material should be sealed at Trial. Any opposition to a motion to seal must be filed within seven (7) days after the motion is filed. Replies to a motion to seal may only be filed with leave of the Court upon a showing of good cause.

*Id*.

On March 28, 2025, PSU received a subpoena from the DOJ in the Litigation. (Declaration of Mark Campbell ("Campbell Del."), ¶ 6.) HPE issued a similar subpoena to PSU on April 5, 2025. In response to the subpoenas, PSU produced over 400 pages of documents. PSU marked some of the documents it produced as "CONFIDENTIAL." (*Id*.)

On April 30, 2025, PSU's associate vice president of IT, Mark Campbell, appeared for deposition. The entire deposition transcript was marked as HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY. (*Id*., ¶ 7.)

The DOJ has marked the following four documents produced by PSU as Trial Exhibits: (1) PSU-DOJ-00000199-202; (2) PSU-DOJ-00000215-219; (3) PSU-DOJ-00000301-302; and (4) PSU-DOJ-00000343-344. For the reasons explained herein and more fully in the accompanying Campbell Decl., PSU seeks an order sealing these documents from the public record. These documents are concurrently-filed under seal as **Exhibits 3-6**.[4]

The DOJ and HPE also notified PSU that they were designating portions of Mr. Campbell's deposition to be read at trial in lieu of live testimony. For the reasons explained herein and more fully in the Campbell Decl., PSU seeks an order sealing portions of the deposition testimony from the public record as follows: 24:7-10; 30:2-15; 84:11-14; 88:10-17; 93:7-95:20; 106:6-107:9; 107:16-18; 108:7-9; 108:13-23; 111:4-24; 124: 10-14; 125:2-126:12; 127:22-129:8; 194:1-25; 195:24-196:15; and 203:24-205:15. The portions of Mr. Campbell's deposition transcript that PSU seeks to seal are identified in the excerpt of the transcript concurrently filed herewith under seal as **Exhibit 7**.

### III.    ARGUMENT

Local Rule 79-5(c) states in pertinent part:

> **Contents of Motion to Seal**. Reference to a stipulation or protective order that allows a party to designate certain documents as confidential is not sufficient to establish that a document, or portions thereof, are sealable. A motion to seal a party's own document (as opposed to a document designated as confidential by another party, as discussed in subsection (f)) must be filed as an Administrative Motion to File Under Seal in conformance with Civil L.R. 7-11. This requirement applies even if the motion is joined by the opposing party. The motion must include the following:
>
> (1) a specific statement of the applicable legal standard and the reasons for keeping a document under seal, including an explanation of:
>
> > (i) the legitimate private or public interests that warrant sealing;
> >
> > (ii) the injury that will result if sealing is denied; and

---

[4] These documents were also identified as Exhibits 3-6 in the Campbell deposition. Thus, PSU has used the same numbering in its motion.

                (iii) why a less restrictive alternative to sealing is not sufficient;

To overcome the strong presumption in favor of public access to court records, a party who wishes to seal a court record must articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure. *Apple Inc. v. Rivos, Inc.*, 2024 WL 748394, at *1 (N.D. Cal. Feb. 23, 2024) (quoting *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006)). What constitutes a "compelling reason" is best left to the sound discretion of the trial court. *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016) Examples include when a court record might gratify private spite or promote public scandal, circulate libelous statements, or as sources of business information that might harm a litigant's competitive standing. *Id*. A company's confidential profit, cost, and pricing information that if disclosed could put the company at competitive disadvantage may also constitute a compelling reason to seal records. *Apple Inc. v. Samsung Elecs. Co.*, 727 F.3d 1214, 1225 (Fed. Cir. 2013). Under this stringent standard, the Court must conscientiously balance the competing interests of the public and the party who seeks to seal. *Id*. at 1096–9.

Although the "compelling reasons" standard presumptively applies to requests to seal, a lower "good cause" standard applies to discovery material included with motions that are only "tangentially related to the underlying cause of action." *Apple Inc*., 2024 WL 748394, at *1.

Courts in the Northern District have found that a request to seal documents containing a company's costs and pricing practices not generally known to the public was a compelling reason to seal the information. *See e.g.*, *Primus Grp., Inc. v. Inst. for Env't Health, Inc.*, 395 F. Supp. 3d 1243, 1267 (N.D. Cal. 2019); *Price v. Synapse Grp., Inc.,* 2018 WL 9521253, at *2 (S.D. Cal. Oct. 1, 2018); *see also Schneider v. Chipotle Mexican Grill, Inc*., 2018 WL 4510731 (N.D. Cal. Sept. 18, 2018) (granting motions to seal documents with pricing information).

In this case, Exhibits 3-6 and the corresponding testimony contain highly confidential pricing information that PSU received from different vendors. This information is not shared with the public and is not shared with the competing vendors. PSU has presented compelling reasons to seal these Trial Exhibits. Disclosing this information to the public would cause harm in at least

two ways. First, if vendors were able to view the proposals and discounts provided by other vendors, PSU's financial interests would greatly suffer as vendors would no longer be incentivized to offer PSU their best rate in the future. Second, such actions could promote collusion among vendors to keep their prices artificially high. (Campbell Decl., ¶ 9.)

In addition, information regarding PSU's internal business criteria for evaluating and ranking proposals is also highly confidential. This information is not shared with the public. If this information was publicly disclosed, it would substantially damage PSU's relationship with its vendors. If could also stifle legitimate competition if some vendors were alerted to PSU's internal evaluation criteria, providing them an unfair advantage. (*Id.*, ¶ 11.)

Further, there is no less restrictive alternative than to seal Exhibits 3-6. The documents have no purpose other than to provide the vendors' pricing and PSU's internal evaluation. And PSU has asked to seal only the testimony that discusses these items at length. (*Id.*, ¶ 12.)

PSU is also asking the Court for an Order to seal testimony regarding PSU's relationship with vendors not at issue in the Litigation. This testimony discussed in more detail in Paragraphs 15 and 17 of the accompanying Campbell Decl. is only tangentially related to the underlying cause of action. It does not involve HPE or Juniper, their products, or the issues in the Litigation. And, if disclosed, would damage PSU's ongoing relationship with its vendors. (*Id.*, ¶ 17.) Even under the compelling reason standard, PSU has put forth compelling reasons to seal this testimony. More specifically, disclosure of statements made about PSU's experience with a vendor's products or services could serve as the basis of a lawsuit against PSU. Equally important, disclosure of certain information could pose a risk to public safety. (*Id.*, ¶ 15.)

For the reasons explained in the accompanying Campbell Declaration, PSU is also seeking to seal portions of the deposition testimony regarding information learned in a private membership association. Disclosure could jeopardize PSU's membership standing. (*Id.*, ¶ 16.)

## IV. <u>CONCLUSION</u>

For the foregoing reasons, PSU respectfully requests that the Court grant its motion to seal and file the Trial Exhibits identified here as Exhibit 3-6 under seal, and seal the limited portions of Mr. Campbells' deposition testimony.

1  DATED: June 17, 2025              SAUL EWING LLP

                            By    */s/ Dana M. Silva*
                                  DANA M. SILVA
                                  Attorneys for Third Party
                                  THE PENNSYLVANIA STATE UNIVERSITY