1  DANA M. SILVA (BAR NO. 271920)
   dana.silva@saul.com
2  SAUL EWING LLP
   1888 Century Park East, Suite 1500
3  Los Angeles, California 90067
   Telephone: (310) 255-6100
4  Facsimile: (310) 255-6200

5  Attorneys for Third Party
   THE PENNSYLVANIA STATE UNIVERSITY

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>HEWLETT PACKARD ENTERPRISE CO. and JUNIPER NETWORKS, INC.,<br><br>Defendants. | Case No. 5:25-cv-00951-PCP<br><br>**DECLARATION OF MARK CAMPBELL IN SUPPORT OF THIRD PARTY THE PENNSYLVANIA STATE UNIVERSITY'S ADMINISTRATIVE MOTION TO SEAL TRIAL EXHIBITS AND TRIAL TESTIMONY**<br><br>**[L.R. 7-11, 79-5]**<br><br>[*Filed concurrently with Third Party The Pennsylvania State University's Administrative Motion to Seal*]<br><br>Judge: P. Casey Pitts |

# DECLARATION OF MARK CAMPBELL

I, Mark Campbell, declare as follows:

1. I am the associate vice president of IT Infrastructure for Third Party The Pennsylvania State University ("PSU") and have held this position since 2022. I have personal knowledge of the facts set forth in this Declaration and, if called as a witness, could and would competently testify to such facts under oath. I make this declaration in support of PSU's Administrative Motion To Seal Trial Exhibits And Trial Testimony.

2. In my role, I am familiar with the PSU's wireless network needs and solutions. Penn State has used both HPE's product (Aruba) and Juniper's product (Juniper MIST) for its enterprise wireless networking solutions.

3. Between March and April 2024, PSU was deciding whether to move its enterprise wireless solutions business from HPE's Aruba product to Juniper's product. I was involved in this decision making process in my role as PSU's associate vice president of IT Infrastructure.

4. As part of its decision making process, PSU generated a Request for Proposal or a "RFP," listing PSU's anticipated needs for an enterprise wireless networking solution, specifically for access points and wireless network management software. The RFP was made available to various Value Added Resellers or "VARs," for the VARs to decide whether they want to bid on the RFP and make a proposal to PSU. (A "VAR" is an authorized reseller of the product that can also provide support for the product making a continued relationship between PSU and the vendor.) Generally, once PSU has received all of the proposals, it will discuss them internally before making a decision on which proposal to accept. To assist its decision, PSU creates a "scorecard," an internal document reflecting PSU's business decision process that ranks the different proposals according to an internal criteria. Neither the proposals received by PSU nor PSU's internal scorecard are publicly shared documents.

5. In this case, PSU provided its RFP to VARs of both Aruba and Juniper products. In response, PSU received proposals from ePlus, ThunderCat, and Optiv. In accordance with its practice, PSU then created a scorecard evaluating and ranking these three proposals before ultimately awarding the bid to one of the VARs.

1  6. On March 28, 2025, PSU received a subpoena from the United States Department of Justice ("DOJ") in the matter of *United States of America v. Hewlett Packard Enterprise Co. and Juniper Networks, Inc.*, Case No. 5:25-CV-00951-PCP (the "Litigation"). Hewlett Packard Enterprise Co. ("HBE") issued a similar subpoena on April 5, 2025. I assisted in gathering and preparing responsive documents in response to the subpoenas. PSU produced over 400 pages of documents on April 11, 2025. As part of its production, PSU produced the proposals that it received from ePlus, ThunderCat, and Optiv, as well as the PSU scorecard evaluating the three proposals. These documents were produced as "CONFIDENTIAL."

7. On April 30, 2025, I also appeared for a deposition in the Litigation. The deposition transcript was marked as HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY.

8. I am informed and believe that the DOJ has identified the three proposals as Trial Exhibits in the upcoming July 9, 2025 trial. I discuss each of these documents below:

    a. **ePlus Proposal**, Bates numbered PSU-DOJ-00000199-202 and marked as Exhibit 3 to the Campbell deposition. This is a 4-page proposal from ePlus dated April 17, 2024, that was provided to PSU in response to the RFP. ePlus provided a quote to PSU for the Juniper MIST product. I am informed and believe that a true and correct copy of the ePlus proposal received by PSU and produced in the Litigation is filed concurrently herewith under seal as **Exhibit 3**.

    b. **Optiv Proposal**, Bates numbered PSU-DOJ-00000301-302 and marked as Exhibit 4 to the Campbell deposition. This is a 2-page proposal from Optiv dated April 15, 2024, that was provided to PSU in response to the RFP. Optiv provided a quote to PSU for the HPE/Aruba package. I am informed and believe that a true and correct copy of the Optiv proposal received by PSU and produced in the Litigation is filed concurrently herewith under seal as **Exhibit 4**.

    c. **ThunderCat Proposal**, Bates numbered PSU-DOJ-00000343-344 and marked as Exhibit 5 to the Campbell deposition. This is a 2-page proposal from ThunderCat dated April 16, 2024, that was provided to PSU in response to the RFP. ThunderCat provided a quote to PSU for the Juniper MIST product. I am informed

SAUL EWING LLP
1888 CENTURY PARK EAST, SUITE 1500
LOS ANGELES, CALIFORNIA 90067
(310) 255-6100

1  and believe that a true and correct copy of the ThunderCat proposal received by
2  PSU and produced in the Litigation is filed concurrently herewith under seal as
3  **Exhibit 5**.

4      d.    **PSU Scorecard**, Bates numbered PSU-DOJ-00000215-219 and
5  marked as Exhibit 6 to the Campbell deposition. This document, entitled "RFP
6  Scorecard Data Sheet," lists the different proposals that PSU received from ePlus,
7  Optiv, and ThunderCat. It also contains PSU's internal evaluation and ranking of
8  the three proposals based on an internal criteria that is unknown to the public. I am
9  informed and believe that a true and correct copy of the PSU scoreboard produced
10 by PSU in the Litigation is filed concurrently herewith under seal as **Exhibit 6**.

11     9.    I am informed that PSU is seeking to seal from the public record the three
12 proposals that it received from ePlus, ThunderCat, and Optiv. The proposals contain highly
13 confidential information relating to PSU, including the **pricing and discounts** that were offered to
14 PSU by its vendors. This is not public information. Further, vendors do not see the other
15 competing proposals. It is imperative to fair competition that the information shared in the bid
16 process is not available for the PSU's vendors to find. Disclosing this information to the public
17 would cause harm in at least two ways. First, if vendors were able to view the proposals and
18 discounts provided by other vendors, PSU's financial interests would greatly suffer as vendors
19 would no longer be incentivized to offer PSU their best rate in the future. Second, such actions
20 could promote collusion among vendors to keep prices high, stifling fair competition and harming
21 the public.

22     10.    Moreover, the proposals contain highly confidential pricing information belonging
23 to PSU's vendors. If released, the financial interests of third parties will likely suffer as their
24 competitors and customers could see the pricing and discounts that the vendor provided to PSU.

25     11.    Similarly, I am informed that PSU is seeking to seal from the public record the
26 internal PSU scorecard created to evaluate the three proposals that reflects PSU's internal business
27 decision process. This is highly confidential information belonging to PSU that is not public
28 knowledge. This information is purposefully not shared with PSU's vendors. If this information

1  was publicly disclosed, it would substantially damage PSU's relationship with its vendors. If could
2  also stifle legitimate competition if some vendors were alerted to PSU's internal evaluation
3  criteria, providing them an unfair advantage.

4     12.     There is no less restrictive alternative than to seal Exhibits 3-6. The documents
5  have no purpose other than to provide PSU their pricing. Similarly, the PSU scorecard has no
6  purpose other than to show PSU's internal ranking of the three proposals and its business decision
7  process. Thus, redacting just the highly confidential information provides no benefit.

8     13.     I am informed that PSU is seeking to seal from the public record portions of my
9  deposition testimony designated by the DOJ where I testify regarding the details of the three
10 proposals that PSU received in April 2024 from ePlus, Optiv, and ThunderCat in response to the
11 RFP. As explained above, this information is not public knowledge and, if disclosed, will cause
12 substantial harm to PSU, its vendors, and the public. The testimony in question is listed below:

13     a.     Page 84, lines 11-14: disclosure of ePlus's discount to PSU.
14     b.     Page 88, lines 10-17: disclosure of Optiv's discount to PSU.
15     c.     Page 93, line 7 through Page 95, line 20: disclosure of ThunderCat's
16 discount to PSU and discussion of how this discount historically compares.
17     d.     Page 108, lines 7-9: disclosure of pricing of the proposals.
18     e.     Page 124: lines 10-14: disclosure of the discounts to PSU.
19     f.     Page 125, line 2 through Page 126, line 12: disclosure and
20 discussion of Penn State's budget to transfer its enterprise wireless solutions
21 business and reference to the discounts to PSU.
22     g.     Page 127, line 22 through Page 128, line 15 and Page 129, lines 1-8:
23 disclosure of the discounts provided to PSU and the impact on PSU and its budget.

24 A true and correct copy of the portions of my deposition transcript that PSU seeks to seal
25 are filed concurrently herewith under seal as **Exhibit 7**.

26     14.     I am informed that PSU is also seeking to seal from the public record portions of
27 my deposition testimony designated by the DOJ where I discuss the PSU scorecard process, PSU's
28 internal evaluation process, including the weight that PSU assigns to different components of the

SAUL EWING LLP
1888 CENTURY PARK EAST, SUITE 1500
LOS ANGELES, CALIFORNIA 90067
(310) 255-6100

1  proposals, and PSU's evaluation of the proposals it received in response to the April 2024 RFP.

2  As explained above, this information is not public knowledge and, if disclosed, will cause

3  substantial harm to PSU and the public. The testimony in question is listed below:

4      a.    Page 106, line 6 through Page 107, line 9: discussing PSU's criteria

5  in evaluating bids.

6      b.    Page 107, lines 16-18: discussing PSU's criteria in evaluating bids.

7      c.    Page 108, lines 13-23: PSU's internal score of the three proposals.

8      d.    Page 111, lines 4-24: PSU's internal score of the three proposals.

9      A true and correct copy of the portions of my deposition transcript that PSU seeks to seal

10 are filed concurrently herewith under seal as **Exhibit 7**.

11    15.    I am informed that PSU is seeking to seal from the public record portions of

12 deposition testimony designated by the DOJ regarding PSU's relationship with vendors not at

13 issue in the Litigation, as discussed below:

14      a.    On Page 24, lines 7 -10, I testified about a negative experience that

15  PSU had with a vendor it has used in the past. The vendor is not HPE or Juniper.

16  While I was testifying truthfully regarding PSU's experience with the vendor, I am

17  concerned that the publication of such information could be the basis of a lawsuit

18  by the vendor against PSU. Further, the name of the vendor and PSU's experience

19  with this vendor is not related to the current Litigation at all.

20      b.    On Page 194, lines 1-25, I testified regarding the quality of wireless

21  coverage in a certain location on campus, which is not provided by either HPE or

22  Juniper. Thus, this testimony has little relevance to the Litigation. Further,

23  disclosing the testimony regarding the quality of the wireless coverage in a certain

24  location and the factors affecting the coverage could jeopardize public safety.

25      c.    On Page 195, line 24 through Page 196, line 15, I also testified in

26  response to a question regarding the possibility of PSU changing the vendor for a

27  certain location on campus not served by either HBE or Juniper. This is not public

28  knowledge and is not known to the vendor at this time. This information, if

SAUL EWING LLP
1888 CENTURY PARK EAST, SUITE 1500
LOS ANGELES, CALIFORNIA 90067
(310) 255-6100

55735391.1 369381-00082

6

Case No. 5:25-cv-00951-PCP
DECL. OF MARK CAMPBELL IN SUPPORT OF
ADMINISTRATIVE MOTION TO SEAL

1  revealed, will negatively impact PSU's vendor relationship and financial
2  relationships. While I was testifying truthfully regarding PSU's experience with the
3  vendor, I am concerned that the publication of such information could be the basis
4  of a lawsuit by the vendor against PSU.

5  A true and correct copy of the portions of my deposition transcript that PSU seeks to seal
6  are filed concurrently herewith under seal as **Exhibit 7**.

7  16.  I am informed that PSU is seeking to seal from the public record potions of my
8  deposition testimony designated by the DOJ where I testified about the most common enterprises
9  wireless networking solutions used by other universities. On Page 30, lines 2-15, I spoke of
10 information that I learned from my association with a consortium of senior leaders from various
11 schools across the nation. Members of the consortium meet privately to discuss various challenges
12 and solutions facing their organizations. Privacy as to what is discussed and learned in these
13 meetings is imperative so that members feel they can speak openly about the issues facing their
14 organizations. Disclosing such information could violate PSU's standing in the organization.

15 A true and correct copy of the portions of my deposition transcript that PSU seeks to seal
16 are filed concurrently herewith under seal as **Exhibit 7**.

17 17.  I am also informed that PSU is seeking to seal from the public record portions of
18 my deposition designated *by HPE* where I testified regarding PSU's plans to potentially change its
19 vendor for a certain location on campus (Page 203, line 24 through Page 205, line 25). As
20 explained above, PSU's internal business decisions have little connection to the issues in the
21 Litigation. However, if disclosed, such information would jeopardize PSU's continued
22 relationship with its vendors.

23 A true and correct copy of the portions of my deposition transcript that PSU seeks to seal
24 are filed concurrently herewith under seal as **Exhibit 7**.

25 / / /
26 / / /
27 / / /
28 / / /

SAUL EWING LLP
1888 CENTURY PARK EAST, SUITE 1500
LOS ANGELES, CALIFORNIA 90067
(310) 255-6100

1    I declare under penalty of perjury under the laws of the State of California that the
2    foregoing is true and correct.
3    Executed on this  15th  day of June, 2025, at State College, Pennsylvania.

*DocuSigned by:*

*Mark Campbell*
E204761F058044A...

Mark Campbell

SAUL EWING LLP
1888 CENTURY PARK EAST, SUITE 1500
LOS ANGELES, CALIFORNIA 90067
(310) 255-6100

55735391.1 369381-00082

8

Case No. 5:25-cv-00951-PCP
DECL. OF MARK CAMPBELL IN SUPPORT OF
ADMINISTRATIVE MOTION TO SEAL

# "EXHIBIT 3 FILED UNDER SEAL"

# "EXHIBIT 4 FILED UNDER SEAL"

# "EXHIBIT 5 FILED UNDER SEAL"

**"EXHIBIT 6 FILED UNDER SEAL"**

**"EXHIBIT 7 FILED UNDER SEAL"**