1  MARK W. POE (BAR NO. 223714)
    mpoe@gawpoe.com
2  RANDOLPH GAW (BAR NO. 223718)
    rgaw@gawpoe.com
3  GAW | POE LLP
   One Embarcadero, Suite 1200
4  San Francisco, CA  94111
   Telephone:    415-766-7451
5
6  *Counsel for third-party Palo Alto Networks, Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 25-cv-00951-PCP |
| Plaintiff, | **THIRD PARTY PALO ALTO NETWORKS, INC.'S ADMINISTRATIVE MOTION TO SEAL PARAGRAPH 3 OF THE DECLARATION OF YOGESH RANADE** |
| v. | |
| HEWLETT PACKARD ENTERPRISE CO. and JUNIPER NETWORKS, INC., | |
| Defendants. | **[L.R. 7-11, 79-5]** |
| | Judge:  Hon. P. Casey Pitts |

**INTRODUCTION**

Third-party Palo Alto Networks, Inc. (hereafter, "PAN") respectfully moves to seal paragraph 3 of the May 28, 2025 Declaration of Yogesh Ranade, which PAN produced to both parties in response to subpoenas they had served upon it. Paragraph 3 of that declaration contains highly sensitive and competitively valuable commercial information as to PAN's current and future business strategies. As explained with specific examples in the accompanying Declaration of Mayuri Kulkarni, public disclosure of this information would cause substantial harm to Palo Alto Networks by providing an unfair advantage to its competitors in bidding for the business of overlapping customers.

**ARGUMENT**

**I.   LEGAL STANDARD**

The Ninth Circuit recognizes a strong presumption of public access to judicial records. However, that presumption may be overcome by showing "compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure." *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006). This standard applies to documents submitted at trial. *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1098-99 (9th Cir. 2016).

While courts give careful scrutiny to requests to seal trial materials, the Supreme Court has recognized that "the common-law right of inspection has bowed before the power of a court to insure that its records" do not "serve as . . . sources of business information that might harm a litigant's competitive standing." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978); *see also Ctr. For Auto Safety*, 447 F.3d at 1097 (quoting same). Significantly, PAN itself is not a voluntary "litigant" in these proceedings, *id.*, but is instead a stranger to this dispute, who has been forced to share its current and future business strategies with these litigants solely because they deem it relevant to the disagreement between themselves.

## II. COMPELLING REASONS EXIST TO SEAL PARAGRAPH 3 OF THE RANADE DECLARATION.

Paragraph 3 of the Ranade Declaration contains confidential commercial information related to PAN's current and future strategies concerning the WLAN market. As described in more detail in the accompanying Kulkarni Declaration, if those strategies were to be publicly revealed during the trial in this matter, PAN's competitors could potentially use that information to undermine PAN's bids and marketing strategies in seeking to make sales to the shared customers of PAN and such competitors. *See* Kulkarni Decl. ¶¶ 3-5.[1] The information set forth in paragraph 3 of the Ranade Declaration is not otherwise public, as evidenced by the fact that sophisticated entities like Hewlett Packard and the DOJ only became aware of it by virtue of the subpoenas they served upon PAN.

Such information is precisely the kind courts in the Ninth Circuit have found deserving of protection, particularly in the context of confidential information belonging to third parties. *See, e.g.*, *Brady v. Delta Energy & Commc'ns, Inc.*, 2024 WL 4869169, at *2 (C.D. Cal. Feb. 12, 2024) ("the court finds compelling reasons to seal because each exhibit contains confidential financial information pertaining to non-parties to this suit."); *Meghinasso v. Mercedes-Benz USA*, 2022 WL 392928, at *5 (W.D. Wash. Feb. 9, 2022) ("The Court finds compelling reasons to maintain the declaration under seal because it discusses and includes detailed product development and testing information that is sensitive to a non-party because it could harm its competitive interests."); *Cox v. Roadrunner Intermodal Servs., LLC*, 2019 WL 2546538, at *2 (E.D. Cal. June 20, 2019) (finding compelling reasons to seal third parties' "private information of competitive value").

Finally, in making this motion PAN has taken care to request sealing (by redaction) solely of the single paragraph in the Ranade Declaration that contains the confidential information.

Counsel for PAN has conferred with counsel for the United States and Hewlett Packard Enterprise Co., both of whom advised that their client does not oppose this motion.

---

[1] When filing, PAN assigned the "sealed" indicator to the Kulkarni Declaration as well. *See* https://cand.uscourts.gov/cases-e-filing/cm-ecf/e-filing-my-documents/e-filing-under-seal/ ("You may also restrict access to the declaration if it is impossible to avoid specific reference to the confidential information therein.").

**CONCLUSION-**

For the foregoing reasons, Palo Alto Networks respectfully requests that the Court issue an order sealing paragraph 3 of the Declaration of Yogesh Ranade throughout the course of all trial and post-trial proceedings.

Dated:  June 23, 2025                    GAW | POE LLP

                                        By:    s/ *Mark Poe*
                                               Mark Poe
                                               Attorneys for Palo Alto Networks, Inc.