MARK W. POE (BAR NO. 223714)
 mpoe@gawpoe.com
RANDOLPH GAW (BAR NO. 223718)
 rgaw@gawpoe.com
GAW | POE LLP
One Embarcadero, Suite 1200
San Francisco, CA  94111
Telephone:    415-766-7451

*Counsel for third-party Palo Alto Networks, Inc.*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>HEWLETT PACKARD ENTERPRISE CO. and JUNIPER NETWORKS, INC.,<br><br>Defendants. | Case No. 25-cv-00951-PCP<br><br>**[PROPOSED] ORDER RE: THIRD PARTY PALO ALTO NETWORKS, INC.'S ADMINISTRATIVE MOTION TO SEAL PARAGRAPH 3 OF THE DECLARATION OF YOGESH RANADE** |

[PROPOSED] ORDER
NO. 25-CV-00951-PCP

1  A sealing order may issue only upon a request that establishes that the document, or portions thereof, are privileged, protectable as a trade secret, or otherwise entitled to protection under the law. L.R. 79-5(b). The request must be narrowly tailored to seek sealing only of sealable material. *Id.*

Presently before the Court is Third Party Palo Alto Networks, Inc.'s Administrative Motion to Seal Paragraph 3 of the Declaration of Yogesh Ranade. Sealing of trial materials is permitted where there exist "compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure." *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006). The Supreme Court has recognized that "the common-law right of inspection has bowed before the power of a court to insure that its records" do not "serve as . . . sources of business information that might harm a litigant's competitive standing." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978).

Here, compelling reasons exist to seal Paragraph 3 of the Declaration of Yogesh Ranade. The information contained in that paragraph consists of non-public commercial information related to PAN's current and future strategies concerning the WLAN market. The Court is persuaded that if those strategies were to be publicly revealed during the trial in this matter, PAN's competitors could potentially use that information to undermine PAN's bids and marketing strategies in seeking to make sales to the shared customers of PAN and such competitors. In addition, in making its motion, PAN has taken care to seal (via redaction) the minimal amount of information in the Ranade Declaration that is necessary to protect its competitive interests.

Having considered PAN's motion and all other papers filed in connection thereto, it is hereby ORDERED that the motion is hereby **GRANTED** as follows:

| Document | Portion to Be Sealed |
| --- | --- |
| Declaration of Yogesh Ranade (dated May 28, 2025) | Paragraph 3 |

- 1 -

[PROPOSED] ORDER
NO. 25-CV-00951-PCP

Dated: _____

                                                  Hon. P. Casey Pitts
                                     United States District Court Judge

- 2 -

[PROPOSED] ORDER
NO. 25-CV-00951-PCP