IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CV-25-00951-PCP |
| | ) | |
| PLAINTIFF, | ) | SAN JOSE, CALIFORNIA |
| | ) | |
| VS. | ) | JUNE 18, 2025 |
| | ) | |
| HEWLETT PACKARD ENTERPRISE CO., | ) | PAGES 1-38 |
| ET AL, | ) | |
| | ) | |
| DEFENDANTS. | ) | |
| | ) | |

_____

TRANSCRIPT OF PROCEEDINGS
BEFORE THE HONORABLE P. CASEY PITTS
UNITED STATES DISTRICT JUDGE

A P P E A R A N C E S:

FOR THE PLAINTIFF:      UNITED STATES DEPARTMENT OF JUSTICE
                        ANTITRUST DIVISION
                        450 FIFTH STREET, NW, STE 4000
                        WASHINGTON, DC 20530
                   BY:  **MICHAEL JOSEPH FREEMAN**


FOR THE PLAINTIFF:      UNITED STATES DEPARTMENT OF JUSTICE
                        ANTITRUST DIVISION
                        450 GOLDEN GATE AVENUE, ROOM 10-101
                        SAN FRANCISCO, CA 94102
                   BY:  **JEREMY MICHAEL PURKEY GOLDSTEIN**


APPEARANCES CONTINUED ON THE NEXT PAGE

OFFICIAL COURT REPORTER:      SUMMER FISHER, CSR, CRR
                              CERTIFICATE NUMBER 13185


PROCEEDINGS RECORDED BY MECHANICAL STENOGRAPHY
TRANSCRIPT PRODUCED WITH COMPUTER

APPEARANCES CONTINUED:

FOR THE PLAINTIFF:        KING AND SPALDING LLP
                          1180 PEACHTREE STREET
                          ATLANTA, GA 30309
                     BY:  **BRIAN AVERY WHITE**


FOR THE DEFENDANT:        WILKINSON STEKLOFF, LLP
                          2001 M STREET, NW, 10TH FLOOR
                          WASHINGTON, D.C., 20036
                     BY:  **KOSTA STANKO STOJILKOVIC**
                          **BETH WILKINSON**


FOR THE DEFENDANT:        GIBSON DUNN & CRUTCHER LLP
                          333 SOUTH GRAND AVENUE
                          LOS ANGELES, CA 90071
                     BY:  **SAMUEL LIVERSIDGE**


FOR THE DEFENDANT:        SKADDEN, ARPS, SLATE, MEAGHER & FLOM
JUNIPER                   LLP
                          1440 NEW YORK AVENUE N.W.
                          WASHINGTON, D.C. 20005
                     BY:  **STEVEN C. SUNSHINE**
                          **TARA REINHART**

SAN JOSE, CALIFORNIA                    JUNE 18, 2025

P R O C E E D I N G S

(COURT CONVENED AT 2:07 P.M.)

THE CLERK:  CALLING CASE NUMBER 25-CV-951.  UNITED STATES V. HEWLETT PACKARD, ET AL., ON TODAY FOR THE MOTION FOR THE EVEN ALLOTMENT OF TRIAL AND TO PRECLUDE TRIAL BY SUBMISSION.

WILL THE PARTIES PLEASE STATE YOUR APPEARANCES FOR THE RECORD BEGINNING WITH PLAINTIFF'S COUNSEL?

MR. FREEMAN:  YES.

GOOD AFTERNOON, YOUR HONOR.  MICHAEL FREEMAN ON BEHALF OF THE UNITED STATES.

MR. STOJILKOVIC:  GOOD AFTERNOON, YOUR HONOR.

KOSTA STOJILKOVIC.  I REPRESENT HEWLETT PACKARD, BUT I WILL BE ARGUING FOR BOTH OF THE DEFENDANTS.

I HAVE ON WITH ME BETH WILKINSON AND SAM LIVERSIDGE WHO ARE ALSO COUNSEL FOR HPE, AND STEVE SUNSHINE AND TARA REINHART WHO ARE COUNSEL FOR JUNIPER.

THE CLERK:  YOU ARE ON MUTE, YOUR HONOR.

THE COURT:  APOLOGIES FOR THAT.  GOOD AFTERNOON.

ANY OTHER APPEARANCES FOR THE RECORD THAT NEED TO BE MADE?

MR. WHITE:  YES, YOUR HONOR.

I'M BRIAN WHITE.  I'M WITH PLAINTIFF, UNITED STATES OF AMERICA.

MR. GOLDSTEIN:  THIS IS JEREMY GOLDSTEIN, ALSO WITH

PLAINTIFF UNITED STATES.

THE COURT:  OKAY.  GOOD AFTERNOON.

SO I APPRECIATE EVERYONE GETTING ON ON SHORT NOTICE.  I APOLOGIZE FOR THE SLIGHT DELAY IN GETTING STARTED.  AS YOU PROBABLY NOTICED, WE HAD A CLASS CERTIFICATION HEARING THAT WAS SCHEDULED AT 1 THAT TOOK THE FULL HOUR AND A LITTLE BIT OF TIME.

AND BEFORE WE GET STARTED ADDRESSING THE ISSUES THAT HAVE BEEN RAISED, I JUST WANTED TO, AS A HOUSEKEEPING MATTER ACTUALLY, I WOULD LIKE TO REQUEST GOING FORWARD THAT THE PARTIES PROVIDE TO CHAMBER, TWO CHAMBERS COPIES OF ALL FILINGS.

I KNOW I GENERALLY DON'T REQUIRE THAT BUT -- AND STARTING WITH THE MOTIONS TO SEAL, I DON'T NEED THE FILING -- THE CHAMBERS COPIES OF THE MATTER WE ARE DEALING WITH TODAY, BUT THE OTHER RECENTLY FILED MATTERS GOING FORWARD, IT WILL BE HELPFUL IN WORKING THROUGH THIS TO GET CHAMBERS COPIES OF THAT.

WILL THAT BE A PROBLEM FOR ANYONE?

MR. STOJILKOVIC:  NOT A PROBLEM, YOUR HONOR.

MR. FREEMAN:  NO, YOUR HONOR.

THE COURT:  OKAY.  GREAT.  THANK YOU.  I WILL TRY TO REMEMBER TO PUT THAT IN A WRITTEN ORDER AT SOME POINT, BUT SINCE EVERYONE IS HERE, HOPEFULLY YOU WILL UNDERSTAND THAT GOING FORWARD.

SO WITH RESPECT TO THE ISSUES THAT YOU PRESENTED, OBVIOUSLY THERE ARE THREE DISTINCT ISSUES.  OBVIOUSLY WE WILL

START WITH THE QUESTION OF TRIAL TIME.  AND I GUESS MY QUESTION IS, AS YOU PROBABLY SAW -- MAYBE I WILL START BY ASKING, DO THE PARTIES AGREE THAT WE SHOULD ADD THREE ADDITIONAL DAYS TO THE TRIAL CALENDAR?

MR. STOJILKOVIC:  YOUR HONOR, IF I MAY BE HEARD ON THAT.

ON BEHALF OF DEFENDANTS, WE DO THINK IT IS AN IMPOSITION AND A SIGNIFICANT IMPOSITION, AND I WANT TO EXPLAIN WHY, BUT I ALSO DON'T WANT TO LOSE SIGHT OF THE IMPORTANCE OF THE RELIEF WE ARE SEEKING IN OUR MOTION.

SO TO US THEY ARE A LITTLE BIT RELATED.  THE RELIEF WE ARE SEEKING IS VERY IMPORTANT TO US, AND IF YOU ASK ME IF THE PRICE I HAVE TO PAY TO GET THAT RELIEF IS TO GET THOSE THREE DAYS ADDED THEN WE WILL PAY THAT PRICE.

BUT I DO WANT TO STATE BECAUSE IT IS IMPORTANT FOR US, ON THE RECORD, IT WOULD BE A LARGE IMPOSITION.  WE ARE TALKING ABOUT THE TRIAL GOING ON FOR TWO MORE WEEKS, IN TERMS OF THE ACTUAL CALENDAR DAYS THAT WE HAVE TO BE OUT THERE, THAT OUR CLIENTS ARE OUT THERE, BOTH OF OUR CEO'S ARE OUT THERE, OUR EXPERTS ARE OUT THERE WAITING TO BE CALLED.

AND BECAUSE WE GO AFTER THE DEPARTMENT, THEY PUT ON THEIR CASE FIRST, WE GO SECOND, I THINK THEY WOULD GET SUCCESSIVE DAYS TO PUT ON THEIR CASE AND WE WILL HAVE STARTS AND STOPS AND HAVE TO NEGOTIATE THAT.

BUT THE BIGGEST CONCERN, FRANKLY FOR US YOUR HONOR, IS TO

LEAVE YOUR HONOR WITH ENOUGH TIME TO WRITE AN OPINION THAT WILL BE ISSUED BEFORE NOT ONLY BEFORE THE OCTOBER 9TH DROP DEAD DATE, BUT IN SUFFICIENT ADVANCE THAT IF WE WIN, AS WE ARE HOPING WE WILL, AND IF THE DOJ DECIDES TO SEEK SOME KIND OF STAY, THAT WE HAVE TIME TO LITIGATE A STAY AS WELL.

SO FOR ALL OF THOSE REASONS WE WOULD RATHER NOT ADD IT. WE WERE HERE IN FEBRUARY AND 8 DAYS WORKED, BUT I DON'T WANT TO LOSE THE FORCE THROUGH THE TREES.  THE RELIEF WE ARE SEEKING IS REALLY IMPORTANT AND IF YOUR HONOR TELLS ME THE ONLY WAY WE WILL GET THAT RELIEF IS BY GETTING THOSE DAYS ADDED THEN WE WILL TAKE THEM.

AND THE DEPARTMENT OF JUSTICE, WOULD YOU PREFER THAT I ADD THOSE DAYS?

MR. FREEMAN:  YES, YOUR HONOR.

AND I JUST WANT TO MAKE SURE I'M FOLLOWING THE MATH CORRECTLY.  I BELIEVE AT THE CMO BEFORE YOU, YOU WERE ALLOCATING APPROXIMATELY 56 HOURS OF TRIAL TIME.

I TOOK FROM YOUR ORDER YESTERDAY THAT YOU WERE ALLOCATING 6 HOURS OF TRIAL TESTIMONY PER DAY.  SO EVEN ADDING ON THOSE THREE ADDITIONAL DAYS, IF MY MATH IS CORRECT, THAT WOULD BE A TOTAL OF 66 HOURS TRIAL TIME OR TRIAL TESTIMONY.

THE COURT:  YEAH.  I THINK THAT'S RIGHT.  I MEAN, WE WOULD BE IN COURT FOR 56 HOURS UNDER THE ORIGINAL SCHEDULE, BUT THE COURT REPORTER NEEDS TO TAKE BREAKS JUST TO MAKE SURE HIS OR HER HANDS CONTINUE TO WORK.  SO YOU KNOW, YOU CAN'T DO A

FULL UNBROKEN SCHEDULE FOR THAT TRIAL TIME.  THAT'S WHAT I WAS ACKNOWLEDGING IN MY UPDATED CALCULATIONS.

SO YES, I THINK WE WOULD END UP WITH ROUGHLY 66 HOURS TRIAL TIME.

MR. FREEMAN:  UNDERSTOOD, YOUR HONOR.

SO IF THE MATH IS CORRECT, I GUESS MAYBE WE MISINTERPRETED THE CMO LANGUAGE.  I UNDERSTAND THERE WOULD BE MORNING BREAKS AND AFTERNOON BREAKS AND THE TYPICAL TRIAL BREAKS, WE WOULD STILL HAVE 56 TRIAL HOURS.  AND NOW ADDING UP TO 66 HOURS, THAT'S ONLY AN ADDITIONAL 10 HOURS WORTH OF TRIAL TIME FROM OUR PERSPECTIVE.

MAYBE WE ARE WRONG IN OUR ASSUMPTION OF THE 56 HOURS WILL BE TRIAL TIME, BUT WE ACTUALLY THINK THE THREE DAYS IS NOT AN INCREDIBLE BURDEN ON THE DEFENDANTS, SEEING THAT'S AN ADDITIONAL TEN HOURS FROM THE AMOUNT OF TRIAL TIME THAT WAS ALLOCATED AT THE CMO.

THE COURT:  RIGHT.  I THINK THE BURDEN THEY ARE TALKING ABOUT DON'T GO TO THE TIME SPECIFICALLY, THEY SEEM TO GO TO OTHER ISSUES.  BUT I DO THINK THAT UNDER THE CIRCUMSTANCES AND GIVEN THE CONCERN ABOUT THE TIME AND THE DIFFERING UNDERSTANDINGS FOR THE AMOUNT OF TIME THAT WAS AVAILABLE, I THINK I AM GOING TO ADD THOSE THREE DAYS TO THE CALENDAR.

SO -- AND I UNDERSTAND THE CONCERN ABOUT HAVING TO PERHAPS HAVE A BREAK IN THE TESTIMONY, I THINK THAT'S A LITTLE BIT LESS

OF A CONCERN IN THE CONTEXT OF A BENCH TRIAL THAN IT MIGHT BE IN A JURY TRIAL, I WOULD BE CAREFUL TO KNOW EXACTLY WHERE WE ARE AND WE WILL KEEP GOING.

AND SO -- AND WHO KNOWS, MAYBE WE WILL BE IN REBUTTAL AT THAT POINT, YOU ARE VERY EFFICIENT.  SO I WILL PLAN ON ADDING THOSE, WHICH WILL MEAN THAT WE WILL HAVE ROUGHLY 66 HOURS OF TIME.

SO THEN I GUESS THE QUESTION IS THAT'S ROUGHLY THE AMOUNT OF TIME THE DEPARTMENT OF JUSTICE HAS PROPOSED IN ONE OF ITS ALTERNATIVE PROPOSALS, IT'S CLOSE TO THAT.  SO WHY IS IT NOT APPROPRIATE AT THIS POINT TO EVENLY SPLIT THAT TIME AS BETWEEN THE PARTIES?

MR. FREEMAN:  UNDERSTOOD YOUR HONOR.

OUR ARGUMENT IS TWOFOLD.  FIRST IS WE HAVE THE ULTIMATE BURDEN TO DO, WE HAVE A REBUTTAL CASE TO PUT ON, BUT I THINK THE MORE COMPELLING PORTION OF WHY WE SHOULD BE ALLOCATED EVEN SLIGHTLY MORE TIME, WHAT WE ARE REQUESTING IS FOUR ADDITIONAL HOURS, IS BY VIRTUE OF GOING FIRST, THERE IS SOME BACKGROUND INFORMATION AND TESTIMONY THAT NEEDS TO BE SET THAT DEFENDANTS BENEFIT FROM.

AS YOU WILL HEAR, THERE'S GOING TO BE MANY AREAS THAT ARE NOT IN DISPUTE IN TERMS OF PRODUCT MARKET AND THINGS OF THAT NATURE.  AND SO I THINK IT'S IMPORTANT TO ALLOCATE -- TO ACTUALLY HAVE IT BE EVEN, MEANING THAT WE GET A LITTLE BIT ADDITIONAL TIME BECAUSE OUR TIME IS ACTUALLY BENEFITTING BOTH

PARTIES.

AND SO WE BELIEVE IT'S APPROPRIATE THAT THE FOUR ADDITIONAL HOURS, AS WE HAVE ASKED FOR, IS APPROPRIATE TO MAKE UP FOR THAT TIME, UNDERSTANDING THAT WE ARE KIND OF SETTING THE STAGE THAT THEN BOTH PARTIES WILL BE USING FOR ARGUMENT.

THE COURT:  LET ME HEAR FROM DEFENDANTS.

MR. STOJILKOVIC:  YOUR HONOR, WE RESPECTFULLY ASK IF THERE'S GOING TO BE 66 HOURS, THAT WE GET 33 OF THEM.  AND I JUST WANT TO RESPOND TO THOSE TWO COMMENTS AND ADD A THIRD ONE.

ON THE BURDEN, WE AGREE THE GOVERNMENT HAS THE BURDEN BUT WE THINK THE WAY TO ENSURE THE GOVERNMENT MEETS ITS BURDEN OR TESTS WHETHER THEY CAN DO SO IS TO GIVE US EQUAL TIME AND SEE IF THEY CAN PERSUADE YOU FROM A PLAYING FIELD OF EQUAL TIME.

ON THE IDEA THAT THEY GO FIRST, THEY HAVE TO EXPLAIN THINGS.  WE DO HAVE PRETRIAL BRIEFS, WE DO HAVE OTHER WAYS TO EXPLAIN THINGS, BUT I ALSO WANT TO MAKE CLEAR THAT THE WAY WE ARE GOING TO EXPLAIN THINGS AND THE WAY THE GOVERNMENT IS GOING TO EXPLAIN THINGS, THEY ARE GOING TO BE DIFFERENT IN LIGHT OF THE ADVERSARIAL PROCESS.  THERE IS GOING TO BE A LOT OF DIFFERENCE HERE ABOUT HOW WE DESCRIBE THE MARKET AND HOW THEY DESCRIBE IT, HOW WE DESCRIBE THE DEAL AND HOW THEY DESCRIBE IT.

SO WE DON'T THINK ADVERSARIAL PROCESS LENDS ITSELF TO THE GOVERNMENT BEING A NEUTRAL PRESENTER OF ADDITIONAL FACTS HERE. WE DO HAVE DIFFERENT VIEWS ON IT BUT WE THINK THE FAIR WAY IS TO DO IT THAT WAY.

THE LAST POINT WHICH IS THE ONE I WANTED TO ADD IS WE CITED A NUMBER OF CASES ON PAGE 7 OF OUR BRIEF, ALL OF THEM ARE MERGER CASES WITH EQUAL DIVISION OF TIME.  THE GOVERNMENT CAME BACK AND CITED TWO OUT OF CIRCUIT CASES, PENGUIN SIMON AND SCHUSTER AND AETNA HUMANA.  WHAT THEY DIDN'T MENTION IN BOTH OF THOSE CASES, THE UNEVEN DIVISION, WAS BY AGREEMENT OF DEFENDANTS.  IT WAS NOT OPPOSED.  FOR WHATEVER REASON, THOSE DEFENDANTS CHOSE TO GO THAT WAY.  BUT I AM NOT AWARE OF ANY CASE BEFORE THE COURT OR THE WHERE THE DEFENDANTS HAVE SAID, WE WANT EQUAL TIME AND THE COURT HAS NOT GIVEN IT TO THEM.

THE COURT:  ANYTHING ELSE THE DOJ WOULD LIKE TO OFFER ON THIS?

MR. FREEMAN:  THE ONLY THING THAT I WOULD HIGHLIGHT, EVEN THE CASES WHERE THERE IS EQUAL TIME, TYPICALLY MORE TRIAL TIME WAS ALLOCATED EVEN ABOVE THE 33 HOURS OF TRIAL TIME.  SO IN CASES WHERE THERE HAS BEEN EVEN ALLOCATION, THERE HAD BEEN MORE TRIAL TIME FOR THE PRESENTATION OF EVIDENCE AND THE FOUNDATION FOR THE GOVERNMENT TO PRESENT.

THE COURT:  OKAY.  THANK YOU.

MR. STOJILKOVIC:  I APOLOGIZE.  I WILL BE VERY BRIEF, BUT I JUST WANT TO POINT OUT I WOULDN'T AGREE WITH THAT.

WE CITE A CASE 20 HOURS PER SIDE IN A MERGER, 35 HOURS PER SIDE IN A MERGER, 14 HOURS PER SIDE IN THE MERGER.  I THINK WE ARE IN THE HEARTLAND NOW OF WHAT OTHER COURTS HAVE DONE.

THE COURT:  AND I MEAN, ONE OF THE GOOD PARTS ABOUT

THE DISTRICT POSITION IS I CAN FOLLOW OTHER COURTS OR I CAN CHOOSE NOT TO BASED ON WHAT I THINK IS APPROPRIATE IN ANY PARTICULAR CASE, SO ESPECIALLY ON THESE QUESTIONS OF SCHEDULING AND HOW WE ARE GOING TO APPROACH THESE ISSUES.

AND I SHOULD HAVE SAID THIS AT THE START, I THANK EVERYONE FOR APPEARING ON SHORT NOTICE, I HOPE THAT PEOPLE AGREE WITH MY VIEW THAT IT WAS BETTER TO GET THIS ISSUE RESOLVED NOW WELL IN ADVANCE OF THE PRETRIAL CONFERENCE RATHER THAN TO POSTPONE THE ISSUE ON THAT POINT, SO YOU CAN ALL START CREATING YOUR STRATEGIES ABOUT HOW TO PRESENT THESE ISSUES.

SO WITH RESPECT TO THE TRIAL TIME, I AM GOING TO SPLIT THE TRIAL TIME EQUALLY AS BETWEEN THE PARTIES, SO EACH PARTY WILL BE ENTITLED TO 33 HOURS OF TRIAL TIME.

I UNDERSTAND THE GOVERNMENT'S ARGUMENTS ABOUT HAVING THE BURDEN OF PROOF.  AT THE SAME TIME, OBVIOUSLY THE DEFENDANTS ARE THE ONES SEEKING SORT OF THE POSITION -- ARE FACING THE IMPOSITION OF AN INVOLUNTARY REMEDY AND HAVE DUE PROCESS RIGHTS TO TRY THEIR CASE, AND IN ALL BUT THE MOST UNUSUAL CASES, THE GENERAL RULE IS THAT THE PARTIES HAVE A MATTER OF FAIRNESS AND GIVEN -- ONE PARTY HAS THE BURDEN, THE OTHER PARTY IS FACING THE RISK OF A LOSS AS A DEFENDANT, IT'S APPROPRIATE TO SPLIT TIME EQUALLY.  AND SO I AM NOT SEEING A BASIS FOR DEPARTING FROM THAT RULE HERE.  SO WHAT I WILL PLAN TO DO IS SPLIT THE TIME EQUALLY BETWEEN THE PARTIES AT THE TRIAL.

SO LET'S TURN TO THE ISSUE OF DEPOSITION DESIGNATION.  AND

LET ME SAY KIND OF WHERE I AM AND THEN I WANT TO HEAR FROM THE PARTIES ON THAT.

AS I STATED AT -- I'M NOT GOING TO CHANGE IT, I'M NOT CHANGING EVERYTHING I SAID AT OUR PRIOR MEETING TOGETHER.  AS I STATED AT THE PRIOR GATHERING THAT WE HAD, I AM WILLING TO READ SOME AMOUNT OF DEPOSITION TESTIMONY WITHOUT IT ALL BEING PLAYED DURING THE TIME IN COURT TOGETHER OR NOT BEING PLAYED BUT NONETHELESS COUNTED AGAINST THAT PARTY'S TRIAL TIME.

THAT SAID, YOU KNOW, AT LEAST AS REPRESENTED BY THE DEFENDANTS, THERE HAVE BEEN 25 HOURS OF DEPOSITION TESTIMONY DESIGNATED BY THE GOVERNMENT IS OF CONCERN.  AND I DON'T -- THAT SEEMS TO BE TOO MUCH OF THAT.  NEARLY DOUBLING THE LENGTH OF THE EVIDENTIARY PRESENTATION.

SO MY IMPULSE IS TO ALLOW SOME DEGREE OF THAT TO BE INTRODUCED, JUST TO BE ADMITTED WITHOUT BEING PLAYED AT TRIAL AND COUNTING AGAINST THE PARTY'S TRIAL TIME BUT TO SUBSTANTIALLY LIMIT THE SCOPE OF THAT.

SO I GUESS WE WILL START WITH THE GOVERNMENT SINCE THAT IS A CHANGE FROM THE POSITION THE GOVERNMENT IS PROPOSING.  WHY IS THAT NOT THE APPROPRIATE WAY TO HANDLE THIS?

MR. FREEMAN:  I THINK THERE'S A FEW THINGS THAT WE WOULD LIKE TO ASK.

FIRST IS JUST THE TIMELINESS OF THIS REQUEST FROM DEFENDANTS.  BACK IN FEBRUARY, I SPECIFICALLY ASKED FOR GUIDANCE REGARDING DEPOSITION DESIGNATIONS.  THE COURT'S

GUIDANCE WAS THAT WE COULD SUBMIT THEM AND THERE WAS NO LIMITATION PLACED AT THAT PARTICULAR TIME.

WE THEN RELIED ON THAT GUIDANCE, IN TERMS OF WHO TO CALL LIVE IN OUR DESIGNATION PROCESS AND COUNTER-DESIGNATIONS BACK AND FORTH, AND IT WASN'T UNTIL NOW WHERE WE ARE THREE WEEKS OUT FROM TRIAL THE DEFENDANTS WANT TO RAISE THIS MOTION FOR THE VERY FIRST TIME.

THEY DID NOT OBJECT AT THE FEBRUARY CONFERENCE, THEY DIDN'T OBJECT ANY TIME DURING FEBRUARY OR MARCH OR APRIL OR MAY OR EVEN THE FIRST PART OF JUNE.  SO WE THINK THAT THIS REQUEST IS UNTIMELY AND UNFAIR TO CHANGE THE LANDSCAPE ON THE GOVERNMENT BASED OFF OF THE FACT THAT WE RELIED ON THE FEBRUARY GUIDANCE.

THE SECOND REASON, WE WANT TO TALK ABOUT SCOPE.  I THINK THE BEST PERSPECTIVE OR FRAMEWORK TO LOOK AT THIS IS NOT NECESSARILY IN TERMS OF HOURS BUT IN TERMS OF WITNESSES.

THE PLAINTIFFS HAVE DESIGNATED 14 WITNESSES BY DESIGNATION, DEFENDANTS HAVE 18 WITNESSES BY DESIGNATIONS.  SO THEY ACTUALLY HAVE FOUR ADDITIONAL WITNESSES THEY HAVE DESIGNATED BY IT.  SIX OF THE WITNESSES ARE IN COMMON, MEANING THAT ONLY EIGHT ADDITIONAL WITNESSES DO THE PLAINTIFFS WANT TO SUBMIT THAT DEFENDANTS HAVE NOT ALSO AFFIRMATIVELY DESIGNATED FOR THEIR CASE.

AND SO WHEN YOU LOOK AT THAT PERSPECTIVE, WE ARE TALKING ABOUT EIGHT WITNESSES, AND WHETHER THAT IS KIND OF STANDARD

PRACTICE OR NOT WITHIN MERGER CONTEXT, THEN THE CASE IN THE NORTHERN DISTRICT OF CALIFORNIA, BAZAARVOICE, WHICH WAS A MERGER CHALLENGE IN 2014 BEFORE JUDGE ORRICK, THERE WERE HUNDREDS, PLURAL, DEPOSITION DESIGNATIONS THAT WERE SUBMITTED.

ONE OF THE CASES THAT WAS ALREADY MENTIONED HERE TODAY IN THE ANTHEM CASE, THE DEFENSE COUNSEL MENTIONED, OVER A HUNDRED DESIGNATIONS WERE SUBMITTED.  AND ALL THE PLAINTIFFS ARE ASKING FOR IN THIS PARTICULAR CASE IS FOR EIGHT WITNESSES TO BE SUBMITTED BY DESIGNATION THAT ARE NOT ALSO INCLUDED IN THE DEFENDANT'S LIST.  SO WHEN I THINK YOU LOOK AT THAT IN TERMS OF WITNESSES, IT IS STANDARD PRACTICE.

NOW WHY IS OUR LENGTH DIFFERENT THAN DEFENDANTS, DESPITE THEM HAVING MORE WITNESSES DESIGNATED?  AND THAT'S BECAUSE OF THE NATURE.  DEFENDANTS'S WITNESSES THAT THEY HAVE DESIGNATED ARE TYPICALLY THIRD PARTIES WHO HAVE MORE DISCREET AND LIMITED KNOWLEDGE ABOUT THE FACTS BEFORE THE COURT.

TO THE CONTRARY, PLAINTIFF'S DESIGNATIONS INCLUDE PARTY, PEOPLE WHO HAVE ROLES AND POSITIONS THAT ARE ACUTELY RELEVANT TO THE ISSUES THAT ARE BEFORE THE COURT.  AND SO WHILE WE HAVE LESS IN NUMBER OF WITNESSES, OURS ARE LARGER IN SCOPE, AND THAT MAKES SENSE BECAUSE WE HAVE PARTY WITNESSES THAT WE HAVE TO DESIGNATE, WE CAN'T CALL ALL OF THEM, WHILE THEY ONLY HAVE THIRD PARTIES.

AND SO I THINK IF YOU LOOK AT IT FROM THE CONTEXT THAT THE PLAINTIFFS ARE ONLY REQUESTING EIGHT ADDITIONAL WITNESSES,

UNDERSTANDING THE DIFFERENCE IN WHY PLAINTIFF'S DESIGNATIONS WOULD BE DIFFERENT THAN DEFENDANT'S, WE BELIEVE THOSE EIGHT DESIGNATIONS ARE APPROPRIATE TO BE SUBMITTED.

THE COURT:  LET ME HEAR FROM DEFENSE.

MR. STOJILKOVIC:  THANK YOU, YOUR HONOR.

AND THIS IS AN ISSUE WE CARE ABOUT DEEPLY, WE WOULD NOT BE RAISING IT LIGHTLY, AND SO I JUST HOPE YOU BEAR WITH ME A LITTLE BIT ON THIS.

ONE, WE ACKNOWLEDGE WHAT YOU SAID AT THE HEARING.  AND SO -- AND WE ACKNOWLEDGED THAT TO THE GOVERNMENT, WE ACKNOWLEDGED IT IN OUR MOTION.  I WILL SAY IT'S NOT SOMETHING THAT WAS BRIEFED, IT WAS NOT SOMETHING THAT WAS PREVIEWED, IT WAS KIND OF THE LAST PAGE OF THE TRANSCRIPT AS WE WERE LEAVING, THE QUESTION WAS POSED, THE ANSWER WAS GIVEN, WE CERTAINLY DIDN'T UNDERSTAND THE IMPLICATIONS OF IT.

AND JUST TO UPDATE ON THE IMPLICATIONS, IT WAS 25 WHEN THEY FILED THEIR BRIEF.  NOW THAT WE HAVE DONE COUNTERS, THE GOVERNMENT IS NOW OVER 32 HOURS OF DEPOSITION DESIGNATIONS AND THEY ARE STILL NOT DONE DESIGNATING.

WHY DOES -- I HAVE A DIFFERENT UNDERSTANDING, RESPECTFULLY, THAN COUNSEL FOR GOVERNMENT FOR WHY THE TIMES ARE DIFFERENT, YOUR HONOR, AND IT'S BECAUSE THEY HAVE NOT DONE THE WORK TO STREAMLINE THESE, TO GO FROM THE BREADTH OF DISCOVERY TO THE ISSUES THAT NEED TO BE PRESENTED AT TRIAL AND PRESENTED EFFICIENTLY.

I KNOW THE GOVERNMENT IS VERY FOCUSED ON HP AND JUNIPER AND THEIR WITNESSES AND THAT'S THEIR RIGHT, BUT I DON'T THINK THEY NEED THOSE KINDS OF HOURS TO PROVE THE UNCONTESTED FACT THAT WE SOMETIMES COMPETE WITH EACH OTHER.

BUT WHAT I ACTUALLY WANT TO COMMENT ON THE MOST AND WHERE I THINK OUR DIFFERENCES ARE THE MOST STARK IS HOW THE GOVERNMENT CHARACTERIZED THE THIRD PARTY WITNESSES AS LESS IMPORTANT.  WE COULD NOT DISAGREE MORE.

YOUR HONOR, WE DON'T THINK YOU ARE GOING TO BE ABLE TO DECIDE THIS CASE JUST BY LOOKING AT WHAT THE MERGING PARTIES SAY OR DO BECAUSE YOU HAVE TO LOOK AT THE WHOLE MARKET, AND THAT MARKET CONTAINS ABOUT EIGHT TO NINE OTHER COMPETITORS, INDUSTRY ANALYSTS, CUSTOMERS, RESELLERS.  THEY ARE CRITICALLY IMPORTANT.

YOUR HONOR, THIS MONDAY I DEPOSED THE CEO OF ONE OF OUR MAJOR COMPETITORS AND HE TESTIFIED THAT THIS DEAL IS PRO-COMPETITIVE AND THAT THE GOVERNMENT DOESN'T UNDERSTAND IT'S GOING TO HELP ALL OF THEM BY GIVING A PATH TO DISLODGE THE DOMINANT COMPETITOR, CISCO.

THAT'S AS IMPORTANT AS ANY TESTIMONY WE ARE GOING TO HAVE IN THIS TRIAL, BUT IT'S GOING TO COME BY DEPOSITION DESIGNATION BECAUSE IT'S HARD TO GET THIRD PARTIES, LET ALONE APEX WITNESSES FROM THIRD PARTIES TO SIT FOR DAYS.

AND ONE OTHER POINT, I THINK BECAUSE THE WAY THESE DESIGNATIONS WORK, IT'S NOT SO SIMPLE, IT'S NOT SO SIMPLE TO

SAY THE GOVERNMENT CAN PLAY SOMEHOW.  I MEAN, EVEN FOR OUR WITNESSES, THEY HAVE COUNTERED THEM AT MUCH GREATER LENGTHS THAN WHAT WE HAVE COUNTERED THE WITNESSES THEY ARE GOING TO CALL, SO IT'S GOING TO BE HARD FOR US TO PRESENT OUR WITNESSES IF WE DESIGNATE HALF AN HOUR TO OFFICIALLY PRESENT IT AT TRIAL AND THE COUNTER COMES IN AT AN HOUR AND A HALF OF THE SAME DEPOSITION.

THE LAST THING I WILL SAY, WE HAVE TALKED ABOUT OTHER CASES, YOU ARE YOUR OWN JUDGE, YOUR HONOR, AND YOU ARE GOING TO DO WHAT YOU THINK IS BEST.  JUDGE CORLEY DID HAVE THEM PLAY LIVE IN MICROSOFT ACTIVISION, AND PART OF THAT WAS A PUBLIC INTEREST COMPONENT.

WE THINK THAT ANYTHING THAT MATTERS IN THIS CASE SHOULD HAPPEN IN TRIAL.  WE WANT YOU TO SEE THESE THIRD PARTIES, WE WANT YOU TO HAVE AS MUCH OF AN IMPRESSION OF THEM AS YOU DO OF THE WITNESSES WHO COME LIVE.  WE ARE MAKING EVERYONE THE GOVERNMENT WANTED TO COME LIVE FOR HP OR JUNIPER COME LIVE, INCLUDING BRINGING SOMEONE OVER FROM FRANCE.

SO RESPECTFULLY, ESPECIALLY NOW THAT YOU HAVE ADDED THE THREE DAYS, I DON'T THINK WE NEED TO ALSO HAVE AN INVITATION TO SUBMIT DEPOSITIONS OUT OF TIME AND IT CERTAINLY SHOULD NOT BE IN A WAY WHERE, AGAIN, THE GOVERNMENT GETS TO EXPAND ITS RECORD BUT WE DON'T, SO THEY GET AN EXTRA EIGHT DEPOSITIONS TO PUT IN OUTSIDE OF TIME.  WE ARE OPPOSED TO THAT.

THE COURT:  ANY FURTHER RESPONSE?

MR. FREEMAN:  YEAH, I HAVE A FEW IN RESPONSE.

ONE, THE PLAINTIFFS ARE NOT SUGGESTING OR TELLING THE DEFENDANTS HOW TO TRY THEIR CASE.  IF THEY WANT TO PLAY DEPOSITIONS IN COURT, THEY CAN PLAY DEPOSITIONS IN COURT.

ALSO, YOU NEED TO -- IN AN ANTITRUST TRIAL, THERE IS NATIONWIDE SUBPOENA POWER THAT THE COURT GRANTED.  IF THEY THINK SOMEONE IS IMPORTANT ENOUGH THAT THEY WANT TO GET IN FRONT OF THE COURT, THEY HAVE THE ABILITY IN THE COURT'S POWER TO DO SO.

IF THEY CHOOSE NOT TO, THEY HAVE THAT RIGHT TO DO IT AND TO PLAY IT TO THE COURT.  I DON'T THINK THEY HAVE THE RIGHT TO TELL THE PLAINTIFFS HOW WE SHOULD TRY OUR CASE.  IF WE BELIEVE SOMEONE IS IMPORTANT TO BE CALLED LIVE, WE WILL CALL THEM LIVE; AND THEREFORE, WE WILL USE AND ARE USING THE NATIONWIDE SUBPOENA POWER TO DO SO.

IN THE INTEREST -- THE PUBLIC INTEREST THING I THINK IS EASILY AND QUICKLY DEALT WITH.  WE ARE NOT SUGGESTING SUBMITTING THE DESIGNATIONS UNDER SEAL, THEY WILL BE FOR PUBLIC VIEW JUST LIKE ANY OTHER PARTICULAR TRANSCRIPT.  SO I DON'T THINK THE DEFENDANTS HAVE THE RIGHT TO TELL THE PLAINTIFFS BASED OFF THE GUIDANCE OF THE COURT HOW WE SHOULD TRY OUR CASE.

AND WE WILL MAKE THE APPROPRIATE CALLS ABOUT WHO TO SUBMIT AND WHO TO CALL LIVE, AND WE BELIEVE THAT THERE IS AN AVENUE AND LANE OF STANDARD PRACTICE OF SUBMITTING A SIGNIFICANT NUMBER IN THIS CASE, A PRETTY MINIMAL NUMBER, THAT BEING EIGHT,

OF DEPO DESIGNATIONS THAT DEFENDANTS DON'T WANT TO.

IF WE HAPPEN TO HAVE MORE, THAT IS THE DEFENDANT'S CHOICE, THEY HAVE THE RIGHT TO DESIGNATE WHOEVER THEY WANTED DURING THIS PROCESS AND THEY HAVE CHOSEN NOT TO.

THE COURT:  OKAY.  THANK YOU.

FOR THE PARTIES ON THIS ISSUE, I THINK I REMAIN IN THE SAME -- OF THE SAME VIEW THAT I EXPRESSED INITIALLY WHICH IS THAT I AM WILLING TO CONSIDER SOME DEGREE OF DEPOSITIONS SUBMITTED FOR MY CONSIDERATION WITHOUT BEING PLAYED AT TRIAL OR COUNTED AGAINST THAT PARTY'S TRIAL TIME, BUT I'M ALSO OF THE VIEW THAT THE PARTIES DO NEED TO PUT SERIOUS EFFORT INTO STREAMLINING THEIR CASE AND FOCUSING THE DEPOSITIONS THAT THEY WANT ME TO CONSIDER IN ADDITION TO THE TRIAL TESTIMONY, FOCUSING THOSE SUBMISSIONS SO THAT THEY ARE FOCUSED ON WHAT REALLY MATTERS AND NOT SORT OF JUST DUMPING MASSIVE TRANSCRIPTS AND HOPING I CAN FIGURE OUT IN THERE WHAT IS IMPORTANT AND WHAT'S NOT IMPORTANT.

SO WHAT I'M GOING TO DO IS ALLOW THE SUBMISSION OF NO MORE THAN TEN HOURS OF ADDITIONAL DEPOSITION TESTIMONY BY -- THROUGH SUBMISSION OF THOSE TRANSCRIPTS AND DESIGNATIONS AND THAT TEN HOURS WILL INCLUDE BOTH A PARTY'S DESIGNATIONS AND ANY COUNTER-DESIGNATIONS THAT THEY MAKE TO THE OTHER PARTIES' DEPOSITION DESIGNATIONS.

DOES EVERYONE UNDERSTAND THAT?

MR. STOJILKOVIC:  UNDERSTOOD, YOUR HONOR.

MR. FREEMAN:  I JUST WANTED CLARIFICATION OF THAT LAST PART IN TERMS OF TIMING.

SO EACH SIDE HAS UP TO TEN HOURS BUT ONLY AFFIRMATIVE DESIGNATIONS OR OUR COUNTER TO THEIR AFFIRMATIVE DESIGNATION WOULD BE COUNTED AGAINST OUR SIDE'S TEN HOURS; IS THAT WHAT YOU ARE SAYING, YOUR HONOR?

THE COURT:  YES, YOUR TEN HOURS WILL INCLUDE THE MATTER YOU AFFIRMATIVELY DESIGNATE AND ANY MATTERS THAT YOU COUNTER-DESIGNATE IN RESPONSE TO THEIR AFFIRMATIVE DESIGNATIONS AND VICE VERSA.

MR. FREEMAN:  UNDERSTOOD, YOUR HONOR.

THE COURT:  AND THAT WILL BE -- AND TO BE CLEAR, THAT'S TEN HOURS PER SIDE, SO OBVIOUSLY THERE ARE TWO PARTIES.

OKAY.  SO LET'S TURN TO THE FINAL QUESTION THAT'S BEEN PRESENTED IS WHETHER EVERY EXHIBIT HAS TO COME IN THROUGH A WITNESS.  AND TO BE FRANK, IT DOES STRIKE ME, AND MAYBE I SAID THIS EARLIER, BUT CERTAINLY IT STRIKES ME THAT THERE ARE GOING TO BE MANY, MANY, MANY EXHIBITS FOR WHICH A SPONSORING WITNESS IS NOT REALLY DOING ANYTHING OTHER THAN SPENDING TRIAL TIME UNNECESSARILY.

SO MY INCLINATION -- AND SO I WILL HEAR FROM DEFENDANT FIRST ON THIS -- IS NOT TO REQUIRE THAT EVERY EXHIBIT COME IN THROUGH A SPONSORING WITNESS.

NOW THE QUESTION OF WHETHER THERE ARE PARTICULAR EXHIBITS AS TO WHICH YOU WOULD SUGGEST THAT I REQUIRE A SPONSORING

WITNESS COULD BE A DIFFERENT QUESTION AND MAYBE WE COULD DISCUSS PROCEDURES FOR ADDRESSING THAT, BUT CERTAINLY MY IMPULSE AT THIS TIME, GIVEN THAT WE HAVE A RELATIVELY COMPRESSED TRIAL SCHEDULE, IS NOT TO SPEND -- HOPE THAT THE PARTIES CAN AGREE ON AUTHENTICITY AND ADMISSIBILITY AS TO MANY EXHIBITS AND IF THERE ARE ONES THAT REALLY DON'T NEED A SPONSORING WITNESS TO EXPLAIN CONTEXT.  SO WHY SHOULDN'T THAT BE THE APPROACH HERE?

MR. STOJILKOVIC:  THANK YOU, YOUR HONOR.

I AM GOING TO TRY YOU MOVE YOU OFF YOUR IMPULSE TO THE BEST OF MY ABILITY.  AND I WILL SAY TO US THIS IS CRITICAL ABOUT WHETHER WE ARE GOING TO HAVE A TRUTH SEEKING FUNCTION AT TRIAL VERSUS TRYING THIS CASE BY SUBMISSIONS AND CHARACTERIZATIONS OF DOCUMENTS BY PEOPLE WHO DON'T KNOW WHAT THEY MEAN.

I WANT TO START WITH THE LEGAL POINT, BECAUSE RESPECTFULLY TO THE GOVERNMENT, THIS IS NOT ABOUT AUTHENTICATION AND IT'S NOT ABOUT HEARSAY, IT'S ABOUT LAYING A FOUNDATION AND THAT IS A DIFFERENT REQUIREMENT.

WE HAVE SEEN THIS AS A RECURRING ISSUE IN THIS CASE.  WE'VE SEEN IT AT DEPOSITIONS, BUT OF COURSE WE HAVE A WITNESS THERE.  THE GOVERNMENT PRESENTS THE WITNESS WITH INTERNAL DOCUMENTS, IT CAN BE AN E-MAIL, IT CAN BE A DOCKET, IT CAN BE ANYTHING.  THE WITNESS CAN SAY THINGS THAT HAVE SAID THINGS LIKE, THIS IS A DRAFT, THIS IS NOT HOW THE FINAL LOOKED.  THE

WITNESS CAN SAY THIS TERMINOLOGY DOESN'T MEAN WHAT YOU THINK IT MEANS.  THE WITNESS CAN SAY THIS WAS FOUR YEARS AGO AND OUR POLICY HAS CHANGED.

ALL OF THAT IS CRITICAL, YOUR HONOR, AND IT'S CRITICAL BECAUSE WITHOUT IT, WE HAVE A FREE FOR ALL.  WHAT WE HAVE IS ATTORNEYS WHO ARE NOT PERCIPIENT WITNESSES, AND POSSIBLY ECONOMIC EXPERTS WHO ARE NOT PERCIPIENT WITNESSES, TELLING YOU WHAT DOCUMENTS MEAN.  AND FOR US THE CONCERN ARISES IN THREE WAYS IN TRIAL AND ONE VERY SIGNIFICANT WAY OUT OUT OF TRIAL.

IN TRIAL, IF THE GOVERNMENT IS ALLOWED TO DO THIS, THEN NOW WE HAVE TO CALL WITNESSES AND SPEND OUR TIME TO EXPLAIN DOCUMENTS THEY PUT IN WITHOUT WITNESSES.

WE THINK THAT'S INAPPROPRIATE AND UNFAIR.  AND OF COURSE THEY HAVE ACCESS TO OUR WITNESSES, LIVE, AND YOU'VE JUST GIVEN THEM THEM UP TO TEN HOURS BY DEPOSITION.

TWO, WITH RESPECT TO THIRD PARTIES.  IF THEY ARE CALLING A THIRD PARTY LIVE AS THEY SAID THEY WOULD OR IF THEY WERE PLAYING A DEPOSITION, THE THIRD PARTY WAS ASKED ABOUT A DOCUMENT.  THAT'S THE RIGHT WAY TO DO IT.  THE WRONG WAY TO DO IT IS TO LET THE THIRD PARTY GET OFF THE WITNESS STAND AND THEN PUT THE DOCUMENT IN.

THREE, THE GOVERNMENT HAS AT LEAST SOUGHT BUSINESS RECORD CERTIFICATIONS FROM TEN THIRD PARTIES WHO WERE NEVER ON ANY WITNESS LIST, NOBODY HAS EVER TRIED TO EVEN DEPOSE THEM.  WHO IS GOING TO EXPLAIN WHAT THOSE DOCUMENTS MEAN?

SO THOSE ARE THE THREE IN-TRIAL CONCERNS.  HERE'S THE POST-TRIAL CONCERN, AND I THINK TO ME IT HIGHLIGHTS WHY IN THIS SETTING IN PARTICULAR IT'S IMPORTANT, WHICH IS THE FOLLOWING:

WE DON'T HAVE TIME TO FIX THIS.  IF THERE'S A MISUNDERSTANDING OF A DOCUMENT, AND I THINK, YOUR HONOR, THERE'S GOING TO BE AND YOU WILL DECIDE WHO IS RIGHT AND WHO IS WRONG, BUT I THINK IT'S MUCH EASIER FOR YOU TO DECIDE HAVING SOMEBODY WHO CAN TELL YOU SOMETHING ABOUT THAT DOCUMENT.

WE DON'T HAVE A PROCESS TO HASH IT OUT AFTERWARDS, WE CAN'T GO GET A DECLARATION AFTERWARDS, WE CAN'T GO HAVE A TWO-MONTH LONG TRIAL AND FIND SOME WITNESS NOT ON THE WITNESS LIST TO EXPLAIN IT.  WE DON'T EVEN HAVE STAGGERED BRIEFING, SO HOW ARE WE GOING TO EXPLAIN TO YOU WE HAVE A DOCUMENT THAT'S MISCHARACTERIZED IN THE POST-TRIAL BRIEF?

AND THE LAST POINT I WANT TO MAYBE MAKE, AND MAYBE IT'S MY STRONGEST ONE, RESPECTFULLY, I THINK YOUR HONOR SHOULD SET THE STANDARD THE OTHER WAY AROUND.  THE GOVERNMENT UNDERSTOOD THIS IS A REQUIREMENT, THAT'S WHY THEY ASKED US, AND YOU WILL SEE THIS IN ATTACHMENT A TO OUR MOTION, WHETHER WE WOULD WAIVE THE RULE, AND WE SAID NO, WE WILL OBJECT.

BUT IF THE QUESTION HERE IS ARE THERE SOME REASONS TO LET DOCUMENTS I?N I WOULD TREAT THE RULE OF FOUNDATION LIKE ANY OTHER RULE OF EVIDENCE OR PROCEDURE, WHICH IS, LET'S APPLY IT UNLESS SOMEBODY GIVES YOU GOOD REASON NOT TO.

SO I WOULD NOT, RESPECTFULLY, PUT THE STANDARD ON US TO

TELL YOU WHICH OF THEIR 888 EXHIBITS SHOULD COME IN WITH A SPONSORING WITNESS.  I WOULD PUT THE STANDARD THE OTHER WAY. IF THEY HAVE SOME SET OF EXHIBITS AND SOME GOOD REASON OR MAYBE WE LOOK AT THEM AND WE ARE LIKE YEAH, THAT THING SPEAKS FOR ITSELF AND WE KIND OF DON'T NEED MORE CONTEXT ON IT, I WOULD MUCH RATHER DO IT THAT WAY, THAT'S THE ONLY WAY I'M AWARE OF IT BEING DONE, YOUR HONOR.

A NUMBER OF CASES WE CITED HAVEN'T LET IT HAPPEN AT ALL, BUT THE ONES THAT I CAN THINK OF HAPPENING, THE STANDARD HAS BEEN THE FLIP OF WHAT YOU SUGGESTED WHICH IS PLAINTIFFS WANT TO COME UP AND FIND, OKAY, THEY WANT TO GET 20 DOCUMENTS IN, AND WE TALK ABOUT IT AND WE FIND SOME METHOD TO DOING THAT.

I THINK THAT IS A MUCH BETTER PLACE TO SET THE RULE RATHER THAN HAVE THE RULE BE NO RULE AND WE HAVE TO PERSUADE YOU ON A DOCUMENT-BY-DOCUMENT BASIS, FROM AN 888 EXHIBIT LIST DOCUMENTS, WHICH DOCUMENT SHOULD REQUIRE A FOUNDATION WITH A WITNESS.

THANK YOU.

THE COURT:  I MEAN, I GUESS THAT'S WHAT I'M A LITTLE BIT CONFUSED BY, RIGHT, BECAUSE IF THERE'S NOT A FOUNDATION -- I MEAN, I GUESS THE QUESTION -- AS I UNDERSTAND IT, THE QUESTION IS THIS ONLY APPLIES TO DOCUMENTS WHOSE AUTHENTICITY AND ADMISSIBILITY ARE NOT DISPUTED BY THE PARTIES, CORRECT?

MR. STOJILKOVIC:  YEAH.  WHOSE AUTHENTICITY AND STATUSES OF BUSINESS RECORD, TYPICALLY AS A HEARSAY EXCEPTION, ARE NOT CONTESTED, BUT I WOULD SAY THAT PROBABLY COUNTS TO THE

VAST MAJORITY OF CORPORATE-PRODUCED DOCUMENTS.

THE COURT:  OKAY.  LET ME HEAR FROM THE GOVERNMENT.

MR. FREEMAN:  YEAH.  THANK YOU, YOUR HONOR.

I THINK IT'S IMPORTANT TO GET TO SPECIFIC NUMBERS ABOUT EXHIBITS.

SO THE PLAINTIFFS HAVE 888 EXHIBITS ON THEIR WITNESS LIST. WE HAVE ALREADY EXCHANGED OBJECTIONS TO EXHIBITS AND THERE'S A LATER PROCESS TO MEET AND CONFER AND BRING ANYTHING ELSE BEFORE THE COURT.

DEFENDANTS ONLY OBJECTED TO 150 OF THE 888 EXHIBITS, MEANING THAT 730 OF PLAINTIFF'S EXHIBITS, DEFENDANTS DID NOT OBJECT TO.  THEY DID NOT OBJECT TO ON RELEVANCE GROUNDS, THEY DID NOT OBJECT TO ON CONFUSION GROUNDS, THEY DID NOT OBJECT TO ON HEARSAY GROUNDS.

AND SO I'M PERPLEXED BY THEIR POSITION BECAUSE IF YOU STAND UP AND YOU SEEK TO ADMIT AN EXHIBIT IN WHICH THEY HAVE NO OBJECTION TO, NO RELEVANCY, NO 403 OBJECTION, NO HEARSAY OBJECTION, THAT DOCUMENT IS THEN ADMITTED INTO THE RECORD AND PARTIES ARE FREE TO REFERENCE IT OR ASK QUESTIONS ABOUT IT.

WHAT THEY ARE ASKING IS FOR SOME SORT OF CONTEXT OBJECTION WITHIN THE FEDERAL RULES OF EVIDENCE.  THERE IS NO SUCH THING. IF A DOCUMENT IS RELEVANT, IT IS ADMISSIBLE THROUGH HEARSAY EXEMPTION OR EXCEPTION, THEN IT IS ADMISSIBLE.

WHETHER DEFENDANTS VIEW OUR BELIEF OR OUR PERSPECTIVE OF IT TO BE OUT OF CONTEXT, DEFENDANTS COMPLAINED THAT THEY MIGHT

HAVE TO CALL WITNESSES TO REBUT DOCUMENTS.

THAT'S EXACTLY WHAT TRIAL IS FOR.  IF THEY BELIEVE THAT WE ARE TAKING SOMETHING OUT OF CONTEXT, IF ONE OF OUR ECONOMIC EXPERTS TAKES SOMETHING OUT OF CONTEXT, THEN THEY HAVE THE RIGHT TO CALL SOMEONE IN THEIR CASE IN CHIEF TO SAY IT ISN'T WHAT THE GOVERNMENT PURPORTS IT TO BE.

AND SO WE BELIEVE THAT IT IS APPROPRIATE TO ADMIT DOCUMENTS, PARTICULARLY DOCUMENTS THAT THERE ARE NO OBJECTIONS TO OF ANY KIND, FOR THE REVIEW.

I THINK IT'S IMPORTANT TO PUT INTO CONTEXT WHAT TYPE OF DOCUMENTS ALSO THAT WE MAY BE REFERRING TO.  THE DEFENDANTS HAVE OR HP HAD A LISTSERV CALLED BEATMIST WHICH WAS A HUGE LISTSERV WHERE THERE WAS E-MAILS THAT GO BACK AND FORTH ABOUT HOW TO BEAT JUNIPER MIST IN SALES.

THE VOLUME OF DOCUMENTS MATTERS IN TERMS OF HOW PROLIFIC IT WAS USED AND SHARED WITH THE DEFENDANTS AND THEIR EMPLOYEES. WE CAN GO AND WE WILL GO THROUGH SOME SPECIFIC BEATMIST LISTSERV E-MAILS.  HOWEVER, AT THE END OF IT, WE DO THINK IT'S IMPORTANT TO MOVE SOME OF THEM ABOVE THAT INTO THE EVIDENCE TO SHOW THE COURT THE VOLUME OF WHICH THAT PARTICULAR LISTSERV WAS USED.

WE DON'T THINK IT'S PARTICULARLY USEFUL THEN TO SHOW 20 DOCUMENTS TO A WITNESS AND SAY, DID YOU RECEIVE THIS DOCUMENT? THANK YOU.  WE THINK IT IS APPROPRIATE TO MOVE IN CERTAIN DOCUMENTS WITHOUT A SPONSORING WITNESS, AS THE COURT HAS

ALREADY INDICATED.

MR. STOJILKOVIC:  YOUR HONOR, IF I MAY, A FEW ANSWERS TO THAT.

ONE, I AM FRANKLY A LITTLE SURPRISED ABOUT THE CHARACTERIZATION OF OUR OBJECTIONS AND I WOULD SAY THIS SHOWS THAT NO GOOD DEED GOES UNPUNISHED.

THE GOVERNMENT OBJECTED TO EVERY ONE OF OUR DOCUMENTS ON OUR EXHIBIT LIST, SO I SUPPOSE THEY ARE COVERING THEIR BASES. WE DID NOT ISSUE SPECIFIC OBJECTIONS TO MOST OF THEM BECAUSE WE ARE -- UNDERSTAND THAT THIS IS AN EFFICIENT PROCEEDING. HOWEVER, WE PREFACED OUR SUBMISSION BY SAYING WE OBJECT TO THE ADMISSION OF ANY DOCUMENT WITHOUT A SPONSORING WITNESS, SO WE HAVE CLEARLY LAID THE RECORD AND IT IS IMPORTANT FOR THAT REASON.

AND YOUR HONOR, THE IDEA THAT WE ARE MAKING UP THIS RULE OF EVIDENCE IS JUST NOT TRUE, YOUR HONOR.  I'VE SPENT THE LAST SIX YEARS ON THE FEDERAL RULES COMMITTEE APPROVING EVERY AMENDMENT TO THE FEDERAL RULES OF EVIDENCE IN CRIMINAL AND CIVIL PROCEDURE.

THE RULE OF FOUNDATION IS DIFFERENT, IT'S DIFFERENT THAN THE OTHER RULES, AND IT PLAYS A ROLE.  AND WHAT I WOULD SAY IS WHAT WE HAVE HEARD, WHICH IS WHAT WE FEARED, THE DEFENDANTS WANT TO USE THEIR EXPERT NOT AS AN ECONOMIC ANALYST BUT AS A DOCUMENT DELIVERY DEVICE.

YOU ARE GOING TO HAVE DOCUMENTS EXPLAINED NOT BY WITNESSES

WHO WROTE THEM, READ THEM OR HAD ANY OTHER UNDERSTANDING OF THEM, BY SOMEBODY WHO IS PAID BY THE GOVERNMENT TO HELP THEM WIN THEIR CASE AND WHO HAS NEVER WORKED IN THIS INDUSTRY.

THAT'S PRECISELY WHAT WE WANT TO AVOID.  IT IS REGRETTABLE PRACTICE, IT IS REGRETTABLE WHEN COURTS LET IT HAPPEN.  BECAUSE THERE IS A DIFFERENT ROLE AT TRIAL FOR ATTORNEYS, FOR EXPERTS WHO ARE ANALYZING DATA AND FOR FACT WITNESSES, AND I THINK IT TAKES THE JUDICIAL PROCESS AND THE TRUTH FINDING PROCESS OF TRIAL AWAY FROM WHAT IT OUGHT TO BE.  BECAUSE IF WE CAN DO THIS RULE, WHY EVEN HAVE -- WHY NOT JUST SUBMIT THEM, AND JUST HAVE EXPERTS TESTIFY ABOUT THEM AND WE CAN JUST ARGUE ABOUT WHAT DOCUMENTS MEAN.

SO FOR THAT I WOULD RESPECTFULLY SAY IF YOU ARE OPEN TO THIS, SET THE STANDARD THE OTHER WAY, LET THE GOVERNMENT IDENTIFY -- YOU KNOW, IF THEY WANT SOME STIPULATION THAT THERE WERE X E-MAILS SENT TO THE BEATMIST LISTSERV, WE CAN WORK THAT OUT, BUT THAT'S DIFFERENT THAN US HAVING TO EXPLAIN TO YOU THE CONTEXT OF 800 DOCUMENTS THAT WE THINK MIGHT BE MISINTERPRETED.

THAT'S WHAT FOUNDATION IS FOR AND IT IS A REAL EVIDENTIARY OBJECTION.

THE COURT:  WELL AS I UNDERSTAND IT, THAT, YOU KNOW -- LET'S PUT IT THIS WAY, THERE IS A DIFFERENCE BETWEEN OBJECTING TO THEIR ABILITY TO LAY A FOUNDATION FOR THE ADMISSION OF A DOCUMENT AND SAYING, WELL WE WANT THAT WITNESS TO BE THERE SO WE, ON CROSS-EXAMINATION, CAN ASK THEM

PARTICULAR QUESTIONS THAT DON'T ACTUALLY GO TO THE ADMISSIBILITY OF THE DOCUMENT BUT SERVE OTHER PURPOSES, CONTEXTUALIZING.

THAT'S SORT OF A DIFFERENT POINT.  IF YOU HAVE A GENUINE OBJECTION TO THEIR ABILITY TO LAY A FOUNDATION FOR AN EXHIBIT'S ADMISSION THEN PRESUMABLY YOU WOULDN'T STIPULATE TO ITS ADMISSIBILITY.

MR. STOJILKOVIC:  WE DIDN'T, YOUR HONOR.  WE DIDN'T STIPULATE TO ITS ADMISSIBILITY.  AND I WOULD JUST SAY THAT LOGIC MEANS THAT THERE IS NO RULE OF SPONSORING WITNESSES, I BELIEVE IT'S A RULE.

THE COURT:  IT'S A RULE, AND THE FACT OF THE MATTER IS IN MODERN TRIAL PRACTICE, THE PARTIES ALMOST ALWAYS AGREE THAT EXHIBITS WHOSE ADMISSIBILITY AND AUTHENTICITY ARE NOT DISPUTED CAN BE ADMITTED WITHOUT A SPONSORING WITNESS.

I MEAN THAT'S --

MR. STOJILKOVIC:  RESPECTFULLY, YOUR HONOR -- I'M SORRY TO INTERRUPT -- RESPECTFULLY, YOUR HONOR, WE HAVE TRIED THE BIGGEST TWO ANTITRUST CASES IN THE COUNTRY THE LAST TWO SUMMERS, WE'VE HELD THIS ISSUE, AND WON ON IT BECAUSE WE DON'T AGREE TO THIS, WE THINK IT IS A REGRETTABLE PRACTICE THAT THINGS HAVE SLIPPED TO IT, BUT IT IS NOT THE WAY THESE CASES ARE TRIED.

MS. WILKINSON:  YOUR HONOR, CAN I MAKE A SUGGESTION?

THE COURT:  PLEASE.

MS. WILKINSON:  WE CAN DO A STIPULATION, WE CAN ALSO DO A 106 EXHIBIT, AS YOU KNOW.

SO IF THERE'S THESE VOLUMES OF DOCUMENTS, THEY JUST WANT TO SHOW THE VOLUME, WE ALL KNOW HOW TO DO THAT, THEY GIVE US THE UNDERLYING EVIDENCE, I DON'T THINK WE WOULD HAVE ANY PROBLEM.

BUT WE DID SEE IN OUR TRIAL, FOR EXAMPLE LAST SUMMER, SOMEONE PUT A DOCUMENT DOWN AND THEY SAID YES, THIS IS A COMPANY DOCUMENT, BUT I'VE NEVER SEEN IT BEFORE, THERE WAS NO AUTHOR ON IT AND THE JUDGE DIDN'T LET THE DOCUMENT IN.

WE WEREN'T DENYING IT WAS IN OUR FILES, WE WEREN'T DENYING IT WAS A BUSINESS RECORD, BUT LITERALLY NOBODY COULD EXPLAIN WHAT THE DOCUMENT MEANT.

AND I THINK THAT'S WHAT WE ARE TRYING TO GET AT.  WE ARE NOT TRYING TO MAKE IT CUMBERSOME.  I HEAR YOU, YOU DON'T WANT US JUST ENGAGING IN THE ROLE FOR THE SAKE OF IT, WE DON'T WANT TO EITHER.  BUT FOR THE GOVERNMENT TO HAVE NO BURDEN TO SAY WHY IT'S BASICALLY -- THERE'S A FOUNDATION THAT ANYONE COULD COMMENT ON IT.  IF IT'S JUST FOR THE SAKE OF IT AND THEY WANT TO SHOW YOU THERE WERE 5,000 E-MAILS ON MIST LISTSERV, WE ARE FINE WITH THAT, IN ANY FASHION THEY WANT TO GIVE IT TO YOU.

BUT IF THEY WANT TO ACTUALLY ARGUE IN A BRIEF AFTER THE CASE IS OVER WHAT THE EVIDENCE SHOWS, I DON'T EVEN KNOW HOW YOU COULD MAKE THAT DECISION WHEN HOW WOULD YOU KNOW THEY KNOW BETTER THAN THE PERSON WHO IS THE -- SHOULD BE THE SPONSORING

WITNESS, OR THAT NOBODY KNOWS ANYTHING ABOUT IT.  IT COULD BE MAYBE YOU WOULD LET THAT IN, THE OTHER JUDGE DIDN'T, I GET THAT, BUT AT LEAST YOU WOULD KNOW THERE WAS NO ONE THAT COULD EXPLAIN IT.  AND INSTEAD YOU ARE GOING TO RELY ON ATTORNEYS WHO WE CANNOT COMBAT AFTER THE TRIAL.

AND THIS IS WHAT WE ARE WORRIED ABOUT IN ANTITRUST TRIALS WHERE YOU SUBMIT ALL THESE FINDINGS OF FACT, YOU KNOW, I THINK WE HAVE AGREED WITH THE GOVERNMENT, 200 PAGES, WHICH I'M SURE DOESN'T MAKE YOU HAPPY, BUT -- SO JUST READING THAT IS CUMBERSOME, AND WE CAN'T ANSWER WHAT THEY SAY ABOUT THE DOCUMENTS.

SO I THINK IF YOU AT LEAST TOLD US TO GO BACK AND TRY TO TELL THE GOVERNMENT TO USE THE RULES TO EXIST TO STREAMLINE THAT AND NOT INTRODUCE DOCUMENTS AFTER THE TRIAL WAS OVER, THAT WOULD GO A LONG WAY TO MAKING THIS A MUCH BETTER PROCESS.

WE ARE NOT TRYING TO JUST SAY THEY HAVE TO BRING EVERY SPONSORING WITNESS JUST FOR THE SAKE OF IT, IT REALLY IS SO THAT THERE IS SOME CONTEXT AND SOME FOUNDATION, AS YOU SAY, THAT IT'S EVEN ADMISSIBLE.

THE COURT:  LET ME HEAR FROM THE DEPARTMENT OF JUSTICE.

MR. FREEMAN:  FIRST OF ALL, WE ARE ARE TALKING ABOUT PRACTICE.  BOTH GOOGLE ANTITRUST TRIALS, BOTH JUDGES IN DIFFERENT JURISDICTIONS ALLOWED FOR THE ADMISSION OF DOCUMENTS WITHOUT A SPONSORING WITNESS.  SO THAT'S FIRST.

THE SECOND, BY DEFENDANT'S STANDARD, LET'S SAY YOU HAD FINANCIAL DOCUMENTS THAT SPOKE FOR THEMSELVES AND YOU HAD A CERTIFICATION THAT IT IS A BUSINESS RECORD FROM A THIRD PARTY. THEY WANT TO FLY SOMEONE OUT TO COURT TO SAY THESE ARE INDEED OUR PROFIT AND LOSSES, AS OPPOSED TO THE ABILITY OF THE PARTIES OR OF THE PLAINTIFFS TO ADMIT THE PROFIT AND LOSSES OF A COMPANY THAT THESE ARE IN FACT BUSINESS RECORDS.

NO ONE IS THERE TO PUT THEM INTO CONTEXT, OR OUR EXPERT MAY PUT THEM INTO CONTEXT OR MAYBE THEIR EXPERT WILL PUT THEM INTO CONTEXT, BUT WE CERTAINLY BELIEVE IT IS APPROPRIATE AND IS COMMON PRACTICE WITHIN ANTITRUST TRIALS, RECENT ANTITRUST TRIALS, TO HAVE A DECENT AMOUNT OF DOCUMENTS THAT ARE ADMITTED WITHOUT A SPONSORING WITNESS, OTHERWISE YOU WOULD BE FILLED -- YOUR TRIAL WOULD BE LONGER AND YOUR TRIAL WOULD BE FILLED WITH WITNESSES UP THERE FOR FIVE MINUTES AND FOR TEN MINUTES TO TRY TO GET DOCUMENTS ADMITTED.

THE COURT:  SO IT SEEMS TO ME THAT BOTH SIDES ARE RAISING VALID CONCERNS HERE.  ON THE ONE HAND I THINK THE GOVERNMENT IS RIGHT THAT IT IS NOT IN ANYONE'S INTEREST TO SPEND A LOT OF TRIAL TIME ON LAYING FOUNDATION THAT THE PARTIES WILL AGREE EXISTS THAT ISN'T NECESSARY FOR ME TO UNDERSTAND THE DOCUMENTS PROPERLY, DIDN'T RAISE THE CONCERNS ABOUT AUTHENTICITY OR JUST PROVIDENCE THAT HAVE BEEN IDENTIFIED, AND I THINK THAT IS THE REASON THAT PARTIES FREQUENTLY STIPULATE BY AGREEMENT TO THE ADMISSION OF EXHIBITS WITHOUT A WITNESS LAYING

A FOUNDATION.

NOW AS I POINTED OUT, THAT IS GENERALLY DONE BY STIPULATION AND AGREEMENT OF THE PARTIES, AND THAT IS NOT SOMETHING DEFENDANTS HERE HAVE AGREED TO STIPULATE TO.

IT'S UNCLEAR TO ME WHETHER I COULD OVERRIDE THEIR FAILURE TO AGREE TO THAT BY JUDICIAL FIAT AS OPPOSED TO HAVING THEM BE ABLE TO INSIST UPON THAT.

I THINK THAT WHAT SEEMS LIKE THE MOST APPROPRIATE TASK HERE IS TO HAVE THE PARTIES FIGURE OUT WHERE IT REALLY MATTERS, TO THE DEFENDANTS IN PARTICULAR, THAT THERE BE A FOUNDATION -- THAT A FOUNDATION BE LAID THROUGH A SPONSORING WITNESS AND TO MEET AND CONFER WITH THE GOVERNMENT OVER THAT AND TO -- AND TO AGREE PRESUMABLY THERE ARE SOME THINGS THAT CAN COME IN WITHOUT A SPONSORING WITNESS.

SO I THINK RATHER THAN RULING ON THAT ISSUE RIGHT NOW, MY INCLINATION IS TO ASK THE PARTIES TO MEET AND CONFER ON THAT ISSUE AND PROVIDE AN UPDATE ON THAT, WHERE THEY ARE ON THIS ISSUE BY NEXT FRIDAY, THE 27TH.  AND TO THE EXTENT WE NEED TO ADDRESS IT FURTHER ON JUNE 30TH AT THE PRETRIAL CONFERENCE, WE CAN DO SO.

WILL THAT WORK FOR THE GOVERNMENT?

MR. FREEMAN:  YES, YOUR HONOR.

THE COURT:  WILL THAT WORK FOR DEFENDANTS?

MR. STOJILKOVIC:  IT WILL, YOUR HONOR.

AND LET ME JUST -- I THINK I SPOKE OVER YOU EARLIER, I

CHALK IT UP TO AN EXCESS OF PASSION OVER WISDOM, BUT YES, WE WILL OF COURSE MAKE THAT WORK.

THE COURT:  THAT'S FINE.  THAT'S FINE.  MY EGO IS JUST FINE WITHOUT WORRYING ABOUT THOSE THINGS TOO MUCH.  IF WE DO IT TOO MUCH AT TRIAL, WE MAY HAVE TO TALK ABOUT IT, BUT I'M NOT WORRIED ABOUT IT RIGHT NOW.

OKAY.  SO I DO REALLY -- IT SEEMS LIKE -- AS I SAID, BOTH PARTIES ARE RAISING VALID CONCERNS, AND AGAIN THE FOCUS -- MY FOCUS IN ALL OF THESE THINGS IS TO REALLY ALLOW THE PARTIES TO FOCUS THEIR ARGUMENTS ON THE MERITS OF THIS DISPUTE AND WHAT REALLY NEEDS TO BE PRESENTED TO ME IN ORDER TO RESOLVE THE CASE.

AND SO HOPEFULLY WITH A LITTLE MORE TIME WORKING TOGETHER, YOU CAN IDENTIFY SOME AGREEMENTS THAT WILL STREAMLINE THE TRIAL AND AVOID UNNECESSARY TESTIMONY BUT ALSO CERTAINLY PROTECT DEFENDANT'S ABILITY TO QUESTION DOCUMENTS WHOSE PROVIDENCE OR OTHER ISSUES ARE REALLY IN DISPUTE AND YOU THINK IT'S IMPORTANT.

MR. STOJILKOVIC:  THANK YOU, YOUR HONOR.  UNDERSTOOD.

THE COURT:  ANYTHING ELSE THAT WE NEED TO ADDRESS TODAY?

MR. STOJILKOVIC:  THERE IS ONE PROCEDURAL THING, AND I'M HAPPY TO REPORT AT LEAST THE SIDES ARE AGREED ON IT, WHETHER YOUR HONOR WOULD AGREE TO IT WILL BE A SEPARATE ISSUE, BUT OUR PRETRIAL BRIEFS ARE DUE NEXT WEDNESDAY, AND WHAT WE

WOULD LIKE TO JOINTLY PROPOSE IS THAT FOR THE PRETRIAL BRIEF ITSELF, WE JUST DO IT UNDER THE LOCAL RULES.  SO WE WILL EACH COME IN AT 25 PAGES OR LESS, ONE PRETRIAL BRIEF FOR BOTH DEFENDANTS COMBINED, ONE FOR DOJ.

AND THEN ALSO DUE NEXT WEDNESDAY ARE THE PRETRIAL PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW.  AS MY COLLEAGUE, MS. WILKINSON, POINTED OUT, THOSE TEND TO BE A BIT LONGER.  WE TALKED WITH THE GOVERNMENT AND WHAT WE WOULD PROPOSE IS THAT THE PRETRIAL VERSIONS, ONE, THAT EACH SIDE SUBMIT A COMBINED -- IT'S BOTH A PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW, FROM THAT SIDE AND THAT THAT BE NO MORE THAN 100 PAGES PER SIDE.  IF WE CAN MAKE IT LESS, WE WILL MAKE IT LESS, BUT THAT WOULD BE OUR PROPOSAL IF IT'S ACCEPTABLE TO THE COURT.

THE COURT:  THE GOVERNMENT IS IN AGREEMENT?

MR. FREEMAN:  THAT IS CORRECT, YOUR HONOR.

THE COURT:  OKAY.  GIVEN THE PARTIES' AGREEMENT ON THAT AND OBVIOUSLY THAT THE ISSUES ARE LIKELY TO BECOME COMPLEX, I WILL AUTHORIZE THOSE FILINGS WITHIN THOSE PAGE LIMITS.  IT'S A LOT, BUT I WOULDN'T BE SURPRISED IF THAT'S WHAT'S NEEDED TO RESOLVE THIS ISSUE.

OKAY.  ANYTHING ELSE FROM THE GOVERNMENT?

MR. FREEMAN:  JUST A POINT OF CLARIFICATION ABOUT THE TRIAL TIME.  IN THAT 66 HOURS, THAT IS INCLUSIVE OF OPENING STATEMENTS; IS THAT CORRECT, YOUR HONOR?

THE COURT:  YES.  IT WILL BE, YEAH.

MR. FREEMAN:  AND THEN ONE ISSUE THAT WE HAVE DISCUSSED WITH DEFENSE COUNSEL AND WOULD APPRECIATE GUIDANCE EITHER TODAY OR AT THE FINAL PRETRIAL CONFERENCE IS WHEN CLOSINGS WILL BE, DO YOU EXPECT IT TO BE THE LAST DAY OF TRIAL THAT YOU HAVE ALLOCATED?  AND THEN JUST IN TERMS OF THE MANNER IN WHICH IT WILL BE AND LENGTH, MANNER BEING I THINK ALL OF US ON THIS CALL HAVE HAD DIFFERENT CLOSING ARGUMENTS, PARTICULARLY BENCH TRIALS, ONE BEING YOU GET THE FLOOR FOR HOWEVER LONG, 60 MINUTES AND IT'S YOUR SHOW TO ASK OR IT'S MORE OF AN ORAL ARGUMENT BACK AND FORTH, AND IF ANY GUIDANCE FROM THE COURT, I THINK BOTH PARTIES WOULD BE APPRECIATIVE OF THAT.

THE COURT:  I THINK IT WILL BE AT THE END.  AND TO THE EXTENT THAT THE PARTIES THINK IT'S IMPORTANT TO DO LIVE ORAL ARGUMENT AS OPPOSED TO SORT OF WRITTEN CLOSING STATEMENTS, WHICH I PRESUME YOU ARE GOING TO WANT TO FILE AS WELL, BUT LET'S DISCUSS THE FORMAT OF THAT ON JUNE 30TH.

I HAVEN'T YET REACHED A FINAL DECISION.  I SUSPECT GIVEN MY IMPULSES THAT I WILL HAVE IT BE MORE LIKE ORAL ARGUMENT BECAUSE THAT TENDS TO BE HOW I DO THINGS, BUT SO MAYBE RUN WITH THAT AS A PRESUMPTION BUT I WILL CONFIRM THAT FOR YOU ON JUNE 30TH.

MR. FREEMAN:  OKAY.

AND YOUR HONOR, JUST ONE OTHER AGREEMENT FROM THE PARTIES.  WE HAVE AGREED TO HAVE OPENING STATEMENTS BE NO MORE THAN 60 MINUTES PER SIDE.

THE COURT:  WELL GOOD.  THANK YOU.

ANYTHING ELSE FROM THE GOVERNMENT?

MR. FREEMAN:  NO, YOUR HONOR.  THANK YOU.

THE COURT:  ANYTHING ELSE FROM THE DEFENDANTS?

MR. STOJILKOVIC:  NO, YOUR HONOR.  AND THANK YOU FOR HEARING US ON SHORT NOTICE.

THE COURT:  OF COURSE.

WELL I WILL SEE EVERYONE ON JUNE 30TH AND HOPEFULLY THERE IS NOT A REASON FOR US TO GET TOGETHER BEFORE THEN, BUT IF NECESSARY, WE CAN DO SO.

MR. STOJILKOVIC:  THANK YOU.

MR. FREEMAN:  HAVE A GOOD DAY.

(THE PROCEEDINGS WERE CONCLUDED AT 2:54 P.M.)

**CERTIFICATE OF REPORTER**

I, THE UNDERSIGNED OFFICIAL COURT REPORTER OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA, 280 SOUTH FIRST STREET, SAN JOSE, CALIFORNIA, DO HEREBY CERTIFY:

THAT THE FOREGOING TRANSCRIPT, CERTIFICATE INCLUSIVE, IS A CORRECT TRANSCRIPT FROM THE RECORD OF PROCEEDINGS IN THE ABOVE-ENTITLED MATTER.

_____
SUMMER A. FISHER, CSR, CRR
CERTIFICATE NUMBER 13185

DATE:  6/23/25

UNITED STATES COURT REPORTERS