Laura Lin (Bar No. 281542)
Laura.Lin@stblaw.com
SIMPSON THACHER & BARTLETT LLP
2475 Hanover Street
Palo Alto, California 94304
Telephone: (650) 251-5000
Facsimile: (650) 251-5002

*Attorneys for Non-Party Ubiquiti Inc.*

**UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>v.<br><br>HEWLETT PACKARD ENTERPRISE CO. and JUNIPER NETWORKS, INC.,<br><br>                Defendants. | Case No. 5:25-cv-00951-PCP<br><br>**NON-PARTY UBIQUITI INC.'S MOTION TO SEAL**<br><br>Hon. P. Casey Pitts |

1   Pursuant to Paragraph 49 of the operative Amended Protective Order in this action, ECF
2   No. 107 (the "Protective Order"), non-Party Ubiquiti Inc. ("Ubiquiti") respectfully moves to seal
3   certain Highly Confidential Information from Ubiquiti that has been designated by the Parties for
4   use at Trial.[1]

## BACKGROUND

Paragraph 49 of the Protective Order provides in relevant part that "Non-Party Protected Person that seeks to prevent its Confidential Information or Highly Confidential Information contained in a trial exhibit or designated deposition testimony from being disclosed on the public record at Trial must file a motion with the Court seeking to seal such information at Trial by following the procedures set forth in the Local Rules of this District."

Non-Party Ubiquiti produced thousands of pages of internal documents in response to discovery requests from the United States and Defendants. Further, in response to a notice of deposition and deposition subpoena from the Parties, Ubiquiti made available for testimony its Vice President of Sales, Mr. Safi Mojaddidi, whose deposition the parties conducted on May 28, 2025. On May 13, 2025, counsel for the Parties agreed that a deposition of Mr. Safi Mojaddidi would satisfy their subpoenas to testify at a deposition in a civil action.

In a series of communications beginning on June 5 and continuing through June 18, 2025, counsel for the Parties designated an increasing number of portions of Mr. Mojaddidi's deposition transcript (the "Mojaddidi Transcript," Exhibit 1) for use at Trial. On June 5, 2025, counsel for the United States also notified Ubiquiti that the United States intended to use at Trial certain Ubiquiti Litigation Materials consisting of Board of Directors documents, bearing the Bates stamps UI-DOJ-0000282 - UI-DOJ-0000388 (the "Board Documents").[2] *See* Exhibit 2.

Paragraph 6 of the Protective Order states, in relevant part, that "'Highly Confidential Information' means the portion of any Investigation Materials or Litigation Materials that

---

[1] Capitalized terms not defined herein share the same meaning as in the Protective Order.

[2] The Board Documents are comprised of a single board "packet" of ten documents bearing Bates numbers UI-DOJ-0000282 – UI-DOJ-0000388. These documents have been consolidated into a single Exhibit for ease of reference.

1  contains information that is so confidential and/or sensitive in nature that the Producing Party
2  reasonably believes the disclosure of it is likely to cause economic harm or competitive
3  disadvantage to the Producing Party."
4      In accordance with Paragraph 27 of the Protective Order, Ubiquiti designated the Board
5  Documents Highly Confidential Information at the time of production to the Parties.  In
6  accordance with Paragraph 29 of the Protective Order, Ubiquiti designated certain portions of the
7  Mojaddidi Transcript as Highly Confidential Information (together with the Board Documents,
8  the "Relevant Ubiquiti Materials") in correspondence to the Parties dated June 23.  *See* Exhibit 3.
9      In a June 5, 2025 correspondence and subsequent June 10 objection letter, counsel for
10 Ubiquiti informed the Parties about their violations of Paragraph 29 of the Protective Order,
11 which provides, in relevant part, that "[w]ithin three (3) business days of receipt of the final
12 transcript, the Party who noticed the deposition must ensure that the final transcript has been
13 provided to the deponent (or the deponent's counsel, if applicable)."  Counsel for Defendants
14 acknowledged that, although a final copy of the Mojaddidi Transcript was available to
15 Freshfields on May 29, 2025, neither the United States nor Freshfields bothered to provide a
16 copy to Ubiquiti by the Court-ordered three-business day deadline, *i.e.*, June 3, 2025.  As
17 described in the June 5 correspondence and June 10 letter, Ubiquiti was not provided with a copy
18 of the Mojaddidi Transcript until June 5, 2025.  This violated Paragraph 29 of the Protective
19 Order.
20     On June 10, 2025, Ubiquiti met and conferred with the Parties regarding their intended
21 use of the Mojaddidi Transcript and Board Documents, as well as their violations of the
22 Protective Order.  On June 11, 2025, in its continuing effort to be cooperative and efficient with
23 the parties, Ubiquiti made a proposal to the Parties intended to address its concerns about the
24 treatment of its Highly Confidential Information, which concerns are especially acute
25 considering the violations of the Protective Order.  This proposal included a request that the
26 Parties agree to not oppose a motion to seal the Board Documents and Mr. Mojaddidi's
27 testimony.  Counsel for Defendants rejected the proposal on June 17, 2025.  The United States
28 has not responded to the proposal.

1    Although Ubiquiti has been eager to avoid judicial intervention throughout its
2 involvement in this matter, the inability to reach a resolution with the Parties after meeting and
3 conferring in good faith necessitates the filing of this motion to seal in accordance with
4 Paragraph 49 of the Protective Order.

**ARGUMENT**

**I.     The Relevant Ubiquiti Materials Should be Sealed at Trial in Light of their Highly Competitively Sensitive Contents**

Ubiquiti respectfully requests that the Court seal Highly Confidential Information contained in the Relevant Ubiquiti Materials at Trial.  This request is necessary and appropriate to protect Ubiquiti's business interests and commercially sensitive information in public proceedings.  This Motion does not seek to seal *all* Ubiquiti documents that the parties have designated for use at Trial nor the entirety of the Mojaddidi Transcript.  Instead, consistent with Local Rule 79-5(a), this Motion is narrowly tailored to protect only the Highly Confidential portions of the Mojaddidi Transcript and the Board Documents.

Although there is an overarching public interest in access to court proceedings, and courts apply a "compelling reasons" standard when considering a motion to seal, courts also recognize that commercially sensitive and business information may satisfy this standard to justify the sealing of materials.  *See Pac. Steel Grp. v. Commer. Metals Co.*, 2025 U.S. Dist. LEXIS 43179, at *4, 6 (N.D. Cal. Mar. 10, 2025); *see also Baird v. BlackRock Institutional Tr., N.A.*, 403 F.Supp.3d 765, 792 (N.D. Cal. 2019) ("[C]onfidential business information in the form of license agreements, financial terms, details of confidential licensing negotiations, and business strategies satisfies the compelling reasons standard."); *In re Qualcomm Litig.*, 2017 U.S. Dist. LEXIS 185481, at *10 (S.D. Cal. Nov. 8, 2017) (noting that the sealing of confidential business information "prevent[s] competitors from gaining insight into the parties' business model and strategy"); *Finisar Corp. v. Nistica, Inc.*, 2015 WL 3988132, at *4 (N.D. Cal. June 30, 2015) (granting motion to seal portions of employee deposition transcripts which reflected "confidential product and business information . . . not intended for public disclosure").

1    The Highly Confidential Information in the Mojaddidi Transcript is commercially sensitive and meets these standards by any measure. The questions in the transcript put to a senior Ubiquiti employee focused on Ubiquiti's current and future strategy regarding confidential, non-public, commercially and competitively sensitive topics, such as (i) current and future hiring and staffing plans; (ii) sales and markets strategies, goals and progress towards those goals; (iii) product development features, goals, rationales, strategies and timelines; (iv) evaluations of Ubiquiti's products; (v) discussions and negotiations with customers and partners; and (vi) additional discussions that would provide Ubiquiti rivals with insight into the aforementioned topics.

The Board Documents contain competitively sensitive information regarding Ubiquiti revenues, margins, cash flows, inventories, share repurchase plans, audits, and similar financial information, as well as accompanying commentary by Ubiquiti management. Materials presented to the Board of Directors are among the most sensitive materials in any company, as they routinely discuss the most sensitive and strategic company matters. And the Board Documents here raise these very concerns about commercial sensitivity.

The topics raised in the Relevant Ubiquiti Materials involve the heartland of commercially sensitive information for any company, including Ubiquiti, and were not "intended for public disclosure." *Finisar Corp.,* 2015 WL 3988132, at *4. Further, as a non-party, Ubiquiti expects that its confidential and highly sensitive business information being used by the Parties in this action be accorded the highest level of protections. *Cf. Nachison v. Am. Airlines, Inc.*, 2025 WL 346081 at *2 (N.D. Cal. Jan. 30, 2025) ("The Ninth Circuit has long held that nonparties subject to discovery requests deserve extra protection from the courts.").

While courts in this Circuit have found that failures to adhere to the terms of protective orders may be sanctionable, s*ee, e.g.*, *Life Technologies Corp. v. Biosearch Technologies, Inc.*, 2012 WL 1600393 (N.D. Cal. May 7, 2012), Ubiquiti is not seeking sanctions for the violations by the Parties of Protective Order by belatedly providing the Mojaddidi Transcript to Ubiquiti. But these violations do raise concerns about future compliance with the Protective Order as well as protecting the sensitivity of the materials in questions. And these concerns underscore the

1  reasonableness of the requested sealing, especially because Ubiquiti is a non-Party to this

2  litigation that "deserve extra protection from the courts." *Nachison*, 2025 WL 346081 at *2

3  ("The Ninth Circuit has long held that nonparties subject to discovery requests deserve extra

4  protection from the courts.").

5  **II.    The Exhibits Attached to this Motion to Seal Should be Sealed in Light of their**

6  **Highly Competitively Sensitive Contents**

7       Ubiquiti respectfully requests that the Court seal in their entirety Exhibits 1 and 2 to this

8  Motion for the same reasons and to the same extent that the Relevant Ubiquiti Materials should

9  be sealed at Trial, as described above.

10                                   **CONCLUSION**

11      For the reasons set forth above, Ubiquiti respectfully requests that the Court enter

12  Ubiquiti's proposed Order granting its Motion to Seal the Relevant Ubiquiti Materials.

15  June 23, 2025                        Respectfully submitted,

16                                       SIMPSON THACHER & BARTLETT LLP

17                                       By  */s/ Laura Lin*

18                                           Laura Lin (Bar No. 281542)
                                             laura.lin@stblaw.com
19                                           2475 Hanover Street
                                             Palo Alto, California 94304
20                                           Telephone: (650) 251-5000
                                             Facsimile: (650) 251-5002
21