BETH A. WILKINSON (*pro hac vice*)
KOSTA S. STOJILKOVIC
**WILKINSON STEKLOFF LLP**
2001 M Street NW, 10th Floor
Washington, DC 20036
(202) 847-4010
bwilkinson@wilkinsonstekloff.com
kstojilkovic@wilkinsonstekloff.com

JULIE ELMER (*pro hac vice*)
JENNIFER MELLOTT (*pro hac vice*)
**FRESHFIELDS US LLP**
700 13th St NW
Washington, DC 20005
(202) 777-4500
julie.elmer@freshfields.com
jennifer.mellott@freshfields.com

SAMUEL G. LIVERSIDGE (CA No. 180578)
**GIBSON, DUNN & CRUTCHER LLP**
333 South Grand Avenue
Los Angeles, CA 90071-3197
(213) 229-7000
sliversidge@gibsondunn.com

*Attorneys for Defendant*
HEWLETT PACKARD ENTERPRISE CO.

STEVEN C. SUNSHINE
TARA REINHART
**SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP**
1440 New York Avenue, NW
Washington, DC 20005
(202) 371-7000
steve.sunshine@skadden.com
tara.reinhart@skadden.com

JACK P. DICANIO (CA Bar. No 138782)
**SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP**
525 University Avenue
Palo Alto, CA 94301
(650) 470-4500
jack.dicanio@skadden.com

*Attorneys for Defendant*
JUNIPER NETWORKS, INC

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>*Plaintiff,*<br><br>v.<br><br>HEWLETT PACKARD ENTERPRISE CO. and JUNIPER NETWORKS, INC,<br><br>*Defendants.* | Case No. 25-cv-00951-PCP<br><br>**DEFENDANTS' RESPONSE IN OPPOSITION TO NON-PARTY DUQUESNE UNIVERSITY'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL AND SEAL DOCUMENTS AT TRIAL** |

1

Pursuant to Civil Local Rules 7-11 and 79-5, Defendants Hewlett Packard Enterprise Co. and Juniper Networks ("Defendants") file this Response in Opposition to Non-Party Duquesne University's ("Duquesne") Administrative Motion to File Under Seal and Seal Documents At Trial, ECF No. 182 ("Motion to Seal"). Duquesne filed its Motion to Seal in connection with the parties' use at trial of exhibits and deposition testimony that Duquesne designated as "Confidential" or "Highly Confidential" (collectively, "Non-Party Confidential Material") under the Joint Stipulation and Amended Protective Order, ECF No. 107 ("Protective Order"). Specifically, Defendants oppose Duquesne's request to seal the portion of Mr. Dugas' testimony found on the following pages.

- 19:5 - 21:18
- 22:7 - 30:2
- 34:4-16
- 41:18-25
- 44:6-7
- 46:7-9
- 49:6-17
- 50:7-11
- 50:23 – 51:4
- 52:5 – 13
- 54:13-17
- 56:20 – 57:3
- 57:8-12
- 61:10-13
- 65:6-9
- 67:2 – 17
- 79:15-18
- 86:2-4
- 89:18-90:7
- 90:19 – 91:5
- 99:7-20

In accordance with the Scheduling Order, ECF No. 104, and the Protective Order, on June 5, and 13, 2025, Defendants provided notice to Duquesne via email of all Non-Party Confidential Material identified by Defendants at that time for use at trial. Duquesne notified Defendants of its intent to seal a subset of the Non-Party Confidential Material identified by Defendants for use at trial.

2

DEFENDANTS' RESPONSE IN OPPOSITION TO NON-PARTY DUQUESNE UNIVERSITY'S
ADMINISTRATIVE MOTION TO FILE UNDER SEAL AND SEAL DOCUMENTS AT TRIAL
Case No. 5:25-cv-00951-PCP

Defendants and Duquesne have met and conferred in an effort to limit any disagreements as to the scope of material to be sealed at trial. Defendants object to the portions of testimony referenced above. On June 27, Duquesne informed Defendants that it agreed to unseal the above-referenced portions of Mr. Dugas's testimony and intend to file an amended Exhibit with the Court in advance of July 3, in accordance with the July 25, 2025 Order Granting the Parties' Stipulation (ECF 195).

## ARGUMENT

A party seeking to seal evidence at trial must articulate "compelling reasons" in favor of sealing in order to overcome this strong presumption. *See Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006); *Sumotext Corp. v. Zoove, Inc.*, 2020 WL 836737, at *1 (N.D. Cal. 2020) (applying the compelling reasons standard to a motion to seal regarding parties' exhibit lists); *Bois v. Levi Strauss & Co.*, 2024 WL 4004045, at *2 (N.D. Cal. Feb. 22, 2024) (applying the compelling reasons standard to deposition testimony and noting that there is a "strong presumption in favor of public access as it relates to deposition testimony"). The compelling reason standard applies to non-parties as well as parties. *See, e.g.*, *France Telecom S.A. v. Marvell Semiconductor Inc.*, 2014 WL 4965995, at *3 (N.D. Cal. Oct. 3, 2014) (applying the compelling reason standard to non-party materials to be used at trial); *In Re: Da Vinci Surgical Robot Antitrust Litigation*, 2024 WL 1687645 (N.D. Cal. Apr 17, 2024) (applying the compelling reason standard to assess confidentiality claims by non-parties).

Defendants appreciate the imposition placed upon non-parties whose material they seek to use at trial and have been working in good faith to narrow the scope of any disputes over the sealing of any such material. Defendants oppose the sealing of a small portion of the information Duquesne seeks to seal—Mr. Dugas' testimony found on the aforementioned pages. Defendants do not otherwise oppose Duquesne's sealing requests. Duquesne has informed Defendants that it agreed to

3

DEFENDANTS' RESPONSE IN OPPOSITION TO NON-PARTY DUQUESNE UNIVERSITY'S
ADMINISTRATIVE MOTION TO FILE UNDER SEAL AND SEAL DOCUMENTS AT TRIAL
Case No. 5:25-cv-00951-PCP

unseal the above-referenced portions of Mr. Dugas's testimony and intend to file an amended Exhibit with the Court in advance of July 3.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court deny the relief requested in Duquesne's Motion to Seal with respect to the portion of Mr. Dugas's testimony found on the aforementioned pages.

Dated: June 27, 2025

/s/ *Julie S. Elmer*

Julie S. Elmer
Jenn Mellott
Freshfields US LLP
700 13th Street, NW
10th Floor
Washington, DC 20005
julie.elmer@freshfields.com
jennifer.mellott@freshfields.com
(202) 777-4500

*Attorneys for Defendant Hewlett Packard Enterprise Co.*

4

DEFENDANTS' RESPONSE IN OPPOSITION TO NON-PARTY DUQUESNE UNIVERSITY'S
ADMINISTRATIVE MOTION TO FILE UNDER SEAL AND SEAL DOCUMENTS AT TRIAL
Case No. 5:25-cv-00951-PCP