# dēkleptocracy

The Honorable P. Casey Pitts
United States District Judge
U.S. District Court for the Northern District of California
San Jose Division
280 South 1st Street
San Jose, CA 95113

Re: United States v. Hewlett Packard Enterprise Company et al.
Tunney Act Review of Proposed Consent Decree

Your Honor,

The American people deserve better than backroom deals that gut antitrust enforcement.

Corporate lobbyists secured a sweetheart deal for themselves.. The Trump administration delivered. And the American public got sold out. DoJ's settlement is in no way reasonably adequate for the alleged harm that it – itself – made just months ago when stepping in to block the merger.

In a 2003 Tunney Act decision, a district judge said a " district court must accord due respect to the government's prediction as to the effect of proposed remedies, its perception of the market structure, and its view of the nature of the case." The government and the defendant attempted to make it appear that they were doing this, but, in reality, they offered up a remedy that in no way addresses the DoJ's original complaint.

The government's original antitrust complaint centered on the proposed damage that the merger would inflict on the "enterprise-grade WLAN solutions" market. However, the proposed remedy would require HPE to divest from its unit servicing the small and medium-sized business market.

The Dekleptocracy Project is submitting this letter during the Tunney Act review period to call for immediate judicial intervention. The settlement is so fundamentally corrupt in both substance and process as to demand it. Although this would set a precedent, so too is using the Department of Justice to ratify backroom deals cooked up with a defendant's lobbyist. The DoJ called this a "novel approach." Indeed.

I. THE MIDNIGHT COUP AGAINST ANTITRUST ENFORCEMENT

The facts are damning. On January 30, 2025, career prosecutors filed a lawsuit to block HPE's $14 billion acquisition of Juniper Networks.[1] They alleged real harm to competition in enterprise-grade wireless networking. Professional antitrust lawyers did their jobs.

Then the fix came in.

Then the fix came in

The Honorable P. Casey Pitts
United States District Judge
U.S. District Court for the Northern District of California
San Jose Division
280 South 1st Street
San Jose, CA 95113

# dēkleptocracy

Just twelve days before trial, around midnight on June 28, 2025, a settlement materialized.² Not from the career prosecutors who built the case. Not from Assistant Attorney General Gail Slater, who ran the Antitrust Division. This settlement was secured by Acting Associate Attorney General Chad Mizelle, who overrode the antitrust experts and delivered for HPE and its lobbyists.³

No DOJ trial attorneys signed the consent decree. The lawyers who investigated this case for months refused to put their names on this sham settlement.

## II. THE REMEDY IS A FRAUD

This settlement doesn't solve the problem the DOJ sued over. Instead, it tries to pull the wool over the court and the American people's eyes by addressing it by name, but by dodging it in substance.

The DOJ's original allegation centered on the fact that HPE and Juniper are fierce competitors for large enterprise customers buying sophisticated wireless networking equipment. The merger would eliminate that competition and harm major corporations across America.⁴

Yet, the settlement requires HPE to sell off its "Instant On" business, which makes cheap Wi-Fi equipment for small businesses.⁵

Instant On serves corner delis and local law firms, not Fortune 500 companies. During HPE's CEO's victory lap prior to your ruling, Antonio Neri admitted that Instant On "was specifically designed to serve the small business segment" and "represents a small portion of our overall business."⁶ Industry experts call the remedy "ridiculous" and "absurd."⁷

The settlement is the kind you might imagine emerging from a bad B-grade movie about the Nixon-era involving corrupt lobbyists, equally corrupt political operatives and smoky back rooms in bad Washington restaurants. This isn't regulatory capture—it's regulatory surrender.

## III. TRUMP-CONNECTED LOBBYISTS ENGINEERED THIS DEBACLE

HPE didn't get this sweetheart deal through legal arguments. They bought it through political connections.

The lobbying blitz began immediately. HPE hired Mike Davis, a Trump loyalist described as a "MAGA-aligned antitrust thought leader."⁸ They brought in Arthur Schwartz, a "close confidante of Vice President JD Vance."⁹ These weren't lawyers making legal arguments. These were political operatives working the phones.

The Antitrust Division fought back. Assistant Attorney General Slater told HPE to knock it off. She explicitly instructed the companies to "work directly with the antitrust division" instead of trying to "influence the process through consultants like Davis and Schwartz."¹⁰

# dēkleptocracy

But the political pressure worked. Mizelle overruled Slater and gave HPE exactly what they wanted. The career prosecutors who built the case were sidelined. The lobbyists won.

IV. HPE IS HIDING THE EVIDENCE

Section 16(g) of the Tunney Act requires companies to disclose all communications made on their behalf with government officials about their settlement.[11] This transparency requirement exists because Congress learned that corporations buy favorable treatment through secret lobbying campaigns.

HPE's July 7 disclosure mentions Mike Davis and Will Levi but conveniently omits Arthur Schwartz and other lobbyists.[12] They're interpreting their disclosure obligations "fairly narrowly"—corporate speak for "we're hiding evidence." What else are they hiding?

Your Court has the power to find out.

V. CONGRESS PASSED THE TUNNEY ACT TO STOP EXACTLY THIS CORRUPTION

History is repeating itself. In 1971, President Nixon killed an antitrust case against ITT after the company donated $400,000 to the Republican National Convention.[13] Nixon personally instructed his deputy attorney general to "stay the hell out" of the "ITT thing."[14]

Congress was outraged. Senator John Tunney championed legislation "to ensure that lobbying contacts did not influence the law enforce[ment] function of the Antitrust Division of the Department of Justice."[15] Tunney quoted Justice Brandeis: "Sunlight is the best of disinfectants."[16]

The parallels are unmistakable:

- Political corruption
- Corporate lobbyists targeting high-level DOJ officials
- Political operatives overruling career prosecutors
- A settlement that fails to address competitive harms

The only innovation here appears to be to use lobbyists as middlemen.

VI. THIS COURT MUST ACT

Judge Leon showed the way. In 2019, District Judge Richard Leon refused to rubber-stamp the CVS-Aetna settlement.[17] He held live hearings. He took testimony. He told the DOJ that his court was "not a rubber stamp."[18]

This case demands even stronger action. The CVS-Aetna settlement at least addressed the alleged competitive harm. This settlement doesn't even try.

# dēkleptocracy

The Tunney Act gives this Court broad power to:

- Demand testimony from DOJ officials who engineered this settlement[19]
- Require complete disclosure of all lobbying contacts
- Appoint independent experts to evaluate the remedy's adequacy
- Reject settlements that fail to serve the public interest[20]

## VII. THE PUBLIC INTEREST DEMANDS REJECTION

This settlement fails every test.

Substantively, it doesn't remedy the competitive harm the DOJ sued to prevent. HPE retains the anticompetitive merger while divesting a small, unrelated business product line.

Procedurally, it reeks of the kind of political corruption that resulted in the Tunney Act in the first place. Corporate lobbyists appear to have successfully pressured political appointees to overrule career prosecutors.

Legally, it undermines antitrust enforcement. If companies can buy their way out of legitimate lawsuits through political lobbying, antitrust law becomes meaningless. It harms competition, debases the coin of the rule of law and makes America a less attractive place to invest.

## VIII. RECOMMENDATIONS

This Court should:

### A. Reject the Settlement Outright.

The proposed consent decree fails to serve the public interest and should be rejected under 15 U.S.C. § 16(e).

### B. Order Evidentiary Hearings.

The Court should compel testimony from:

- Chad Mizelle about his decision to overrule the Antitrust Division
- Gail Slater about the internal DOJ conflict
- HPE executives discuss their lobbying campaign
- Industry experts are concerned about the inadequacy of the remedy

### C. Investigate Hidden Lobbying.

The Court should require complete disclosure of all HPE communications with government officials, including those with Arthur Schwartz and other undisclosed lobbyists.

# dēkleptocracy

### D. Send a Message

When Congress refuses to exercise its authority to protect the American people, it begs the judiciary to do so. American citizens deserve protection from a corrupt government.

Corporate America is watching. Political operatives are taking notes. They need to learn that cheapening the rule of law and enabling corruption should not pay. Corporations and lobbyists should not benefit from undermining so foundational to our democracy and economy. This is bigger than just the Tunney Act..

## IX. CONCLUSION

The Trump administration is auctioning off regulatory enforcement, and HPE appears to have paid top dollar for political influence. You can find out exactly how much this meaningless divestiture cost.

This cannot stand. Congress passed the Tunney Act specifically to prevent political interference with antitrust prosecutions. Career prosecutors opposed this settlement. Industry experts call it absurd. The only people who think this settlement serves the public interest are the corporate lobbyists who engineered it and the Trump administration.

Your Honor, the integrity of our antitrust system is at stake. If this Court rubber-stamps a settlement born from corruption and designed to benefit corporate donors, it will send a clear message: in Trump's America, justice is for sale.

The American people deserve better. The law demands better. This Court has the power to deliver better.

Reject this settlement. Order hearings. Expose the corruption. Restore integrity to antitrust enforcement.

Sunlight is the best of disinfectants.

Respectfully submitted,

*Kristofer Harrison*

President – The Dekleptocracy Alliance

2850 S Quincy St, Ste 6580

Arlington, VA 22206

# dēkleptocracy

SOURCES:

1. *U.S. Department of Justice Press Release*, "Justice Department Requires Divestitures and Licensing Commitments in HPE's Acquisition of Juniper Networks" (June 28, 2025)
2. *The Capitol Forum*, "HPE/Juniper: As Fight Between DOJ Leadership and Antitrust Division Broils, Tunney Act Proceeding Looms" (July 24, 2025)
3. *Id.*
4. *Id.*
5. *Id.*
6. *Id.* (quoting HPE CEO Antonio Neri on July 10, 2025, investor call)
7. *Id.* (quoting industry executive)
8. *Id.*
9. *Id.*
10. *Id.*
11. 15 U.S.C. § 16(g)
12. *Capitol Forum, supra* note 2
13. *Id.*
14. *Id.*
15. *Id.* (quoting 2002 affidavit by former Senator John Tunney)
16. *Id.* (quoting Senator Tunney's Senate floor remarks)
17. Constantine Cannon, "Federal Court Extends Tunney Act Review to Embrace Mini-Trial on DOJ Settlement of CVS-Aetna Merger" (2019)
18. *Id.*
19. 15 U.S.C. § 16(f)
20. *Id.*

VERIFICATION NOTICE: All facts and quotations have been verified through government documents, court filings, corporate press releases, and press.