PHILIP J. WEISER
Attorney General
ARTHUR BILLER*
Senior Assistant Attorney General
BRYN A. WILLIAMS
First Assistant Attorney General (SBN 301699)
1300 Broadway, 10th Floor
Denver, CO 80203
Telephone: (720)508-6000
Email: Arthur.Biller@coag.gov
      Bryn.Williams@coag.gov
*Pro hac vice application forthcoming

Attorneys for Movants

[Additional counsel listed on signature page]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 5:25-cv-00951-PCP |
| Plaintiff, | **MOTION FOR RELIEF FROM STAY TO FILE MOTION FOR HOLD SEPARATE ORDER** |
| vs. | |
| HEWLETT PACKARD ENTERPRISE CO. and JUNIPER NETWORKS, INC. | Judge: P. Casey Pitts<br>Action Filed: January 30, 2025<br>Hearing Requested: TBD |
| Defendants. | |

    Proposed Intervenors, the Attorneys General for the States of Colorado, California, Connecticut, Hawaii, Illinois, Massachusetts, Minnesota, North Carolina, New York, Oregon, Washington, Wisconsin, and the District of Columbia (the "States") hereby move the Court for relief from its October 15, 2025, Order partially granting the parties' request for a stay due to the federal government shutdown. Dkt. No. 237. That Order excepted the States' Motion to Intervene, Dkt. No. 236, from the stay and set it for hearing on November 18, 2025. *Id.* It also stayed this case until the federal government attorneys "can resume their civil litigation functions

*or further order of the court."* Id. (*emphasis supplied*). The States' Motion seeks such a further order of the Court solely for the purpose of allowing their Motion for Hold Separate Order, filed herewith, to be considered with their Motion to Intervene. As fully explained in the Motion for Hold Separate Order, the Court should grant the requested relief from stay to prevent the merger from becoming "a *fait accompli*" while the Court awaits the United States' response to the public comments on the parties' proposed settlement and the Court thereafter performs its Tunney Act review function. *See United States v. BNS Inc.*, 858 F.2d 456, 461–62 (9th Cir. 1988).

The States have conferred with the parties on this Motion. The United States takes no position on the Motion at this time. Defendants oppose the Motion and do not consent to its filing.

## BACKGROUND

The United States filed its Complaint on January 30, 2025, seeking to block outright the merger between Hewlett Packard Enterprise Co. ("HPE") and Juniper Networks, Inc. ("Juniper") as a violation of Section 7 of the Clayton Act, 15 U.S. C. § 18. Dkt. No. 1. In the months that followed, the United States vigorously litigated the case, conducting fact and expert discovery, and readying the case for trial in early July, including filing a pretrial brief in late June. Dkt. Nos. 104, 221.

The parties did not proceed with the scheduled trial set for early July and instead filed proposed settlement documents for the Court's approval on June 27, 2025. Dkt. Nos. 217, 271-1, 217-2. The States thereafter submitted a Tunney Act public comment opposing that settlement. Dkt. No. 236-2. No response to that comment has been filed on the docket as of the date of this motion.

The United States Department of Justice ("DOJ") published a FY 2026 Contingency Plan on its website on September 29, 2025. U.S. Department of Justice FY 2026 Contingency Plan (Sept. 29, 2025), https://www.justice.gov/jmd/media/1377216/dl. That Contingency Plan states that while its civil "[l]itigators will approach the courts and request that active cases . . . be postponed . . . If a court denies such a request and orders a case to continue, the Government will comply with the court's order, which would constitute express legal authorization for the activity

to continue." *Id.* at 3.

The Contingency Plan expressly provides as follows with respect to the DOJ's Antitrust Division:

> The work conducted by the [Antitrust] Division is funded from no-year appropriations, as are the employees. As a result, these activities may continue during a lapse as long as sufficient carryover funds remain and based upon input from Department leadership regarding mission requirements. However, for the sake of the FY 2026 contingency exercise, the Division is reflecting the level of personnel that would be needed if they had to reduce the personnel to only those most critical during a shutdown, 457 positions (60% of the total 761 positions on board)[.]

*Id.* at 9.  It also indicates that more than 35% of the DOJ's attorneys excepted from furlough are from its Antitrust Division.  *Id.* at 12 (Table 2 indicates that of the 457 excepted Antitrust Division (ATR) employees, 321 of them are attorneys), 13 (Table 3 indicates that a total of 902 DOJ attorneys are excepted from furlough).

Without referencing the DOJ's FY 2026 Contingency Plan, on October 1, 2025, the parties filed a joint stipulation to stay this action.  Dkt. No. 235.  The stipulation represented that funding to the DOJ expired, appropriations had lapsed, and that its attorneys and employees were prohibited from working "except for emergencies involving the safety of human life or the protection of property."  *Id.*  It also stated that the "date when funding will be restored by Congress has not been established," and that the parties were requesting a stay of this case "until Congress has restored appropriations to the Department of Justice and the government shutdown ends."  *Id.*

This Court entered its Order on the parties' joint stipulation to stay on October 15, 2025. It granted the requested stay "until Department of Justice attorneys can resume their civil litigation functions or further order of the court," except with respect to the States' motion for intervention, which it ordered to be briefed under the existing schedule and heard on

November 18, 2025. Dkt. No. 237.

## ARGUMENT

A district court should exercise discretion to grant relief from a stay "if there is even a fair possibility that the stay . . . will work damage to someone else," unless the proponent of the stay satisfies its burden of showing "hardship or inequity." *See Dependable Highway Exp., Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066, 1070 (9th Cir. 2007) (quoting *Landis v. N. Am. Co.,* 299 U.S. 248, 255 (1936)); *see also Clinton v. Jones*, 520 U.S. 681, 707–08 (1997) ("The proponent of a stay bears the burden of establishing its need" and it is abuse of discretion to order lengthy stay when the proponent fails to satisfy its burden of establishing its need for such a stay and without accounting for resulting prejudice from the stay.).

A fair possibility that the stay will work damage to the public is established when a state attorney general brings an enforcement action to protect an important governmental interest. Important governmental interests include challenging consummated acquisitions as a violation of Section 7 of the Clayton Act, 15 U. S. C. § 18, where their effect may be to substantially lessen competition, and seeking injunctive relief against resulting ongoing and future harm. *Lockyer v. Mirant Corp,* 398 F.3d 1098, 1112–13 (9th Cir. 2005) (reversing stay).

On the other hand, the burden on the stay's proponent is high. It is particularly strong where there is "no specific deadline for when the stay will terminate." *Dependable*, 498 F.3d at 1066. It is further heightened in merger cases, for which the property, security, and competitive value of the transactions is high to not only the parties seeking to merge, but also their employees and the public, and which are often set on expedited discovery schedules to secure speedy dispositions. *United States v. US Airways Grp., Inc.*, 979 F. Supp. 2d 33, 35 (D.D.C. 2013). This is equally true in merger cases in which the parties settle a merger challenge and seek an indefinite stay between the time they settle and the conclusion of the Tunney Act proceedings. *United States v. CVS Health Corp.*, No. CV 18-2340 (RJL), 2019 WL 1064308, at *1 (D.D.C. Jan. 11, 2019). In short, as stated in *CVS,* "the Government's internal, political squabble over funding is *NO* reason to postpone the congressionally mandated evaluation of the Government's proposal to remedy the antitrust concerns allegedly raised by the merger's consummation!" *Id.*

(*emphasis in original*).

Relief from the stay here should be granted. As in *Lockyear,* there is a fair possibility that failing to consider the States' hold separate motion due to the stay will work damage to the public by allowing the merger to become "a *fait accompli*" while the Court awaits the DOJ's response to the public comments on the parties' proposed settlement—for which there is currently no anticipated deadline—and the Court thereafter performs its Tunney Act review function. *BNS*, 858 F.2d at 461–62.

The parties cannot meet their high burden to show otherwise. Like *Clinton*, *Dependable*, and *CVS*, the current stay has no specific deadline for when it will terminate. Additionally, the Court expressly qualified the stay with the possibility for a further order of the Court. Given that the DOJ's FY 2026 Contingency Plan provides significant resources to continue litigating antitrust cases in the event of a court order, the Court should exercise its discretion to enter such further order to consider the States' Motion for Hold Separate Order. *See also Kornitzky Grp. v. Elwell*, 912 F.3d 637, 638 (D.C. Cir. 2019) (Srinivasan, J., Edwards, J., concurring in the denial of stay during previous government shutdown, noting that the when federal appropriations lapsed in 2013, the court had previously received Government motions to stay in at least sixteen cases, which were all denied, and for which the Government always complied with the court's order because it constituted express legal authorization for the activity to continue within the meaning of § 1342). Moreover, the relief requested in the Motion for Hold Separate Order is directed at the Defendants, rather than at the United States. Any potential burden on the DOJ related to partially lifting the stay to allow that motion to be heard would therefore likely be minimal.

## CONCLUSION

For the foregoing reasons, the States respectfully request that this Court grant their Motion for Relief from Stay.

PHILIP J. WEISER
Attorney General

*/s/ Bryn A. Williams*
BRYN A. WILLIAMS

5
Motion for Relief from Stay to File Motion for Hold Separate Order –
Case No. 5:25-cv-00951-PCP

| | |
|---|---|
| 1 | First Assistant Attorney General (SBN 301699) |
| 2 | ARTHUR BILLER* |
|   | Senior Assistant Attorney General |
| 3 | JONATHAN B. SALLET* |
|   | Special Assistant Attorney General |
| 4 | 1300 Broadway, 10th Floor |
|   | Denver, CO 80203 |
| 5 | Telephone: (720)508-6000 |
| 6 | Email: Arthur.Biller@coag.gov |
|   |        Bryn.Williams@coag.gov |
| 7 |        Jon.Sallet@coag.gov |
|   | *Pro hac vice application forthcoming |
| 8 | |
| 9 | Attorneys for the State of Colorado |
| 10 | |
|   | ROB BONTA |
| 11 | Attorney General of California |
| 12 | /s/ Brian D. Wang |
| 13 | PAULA L. BLIZZARD, Senior Assistant Attorney General (SBN 207920) |
| 14 | MICHAEL W. JORGENSON, Supervising Deputy Attorney General (SBN 201145) |
| 15 | BRIAN D. WANG, Deputy Attorney General (SBN 284490) |
| 16 | Office of the Attorney General |
|   | California Department of Justice |
| 17 | 455 Golden Gate Avenue, Suite 11000 |
| 18 | San Francisco, California 94102 |
|   | (415) 510-4400 |
| 19 | Brian.Wang@doj.ca.gov |
| 20 | Attorneys for the State of California |
| 21 | |
|   | WILLIAM TONG |
| 22 | ATTORNEY GENERAL |
| 23 | /s/ Nicole Demers |
| 24 | Nicole Demers (pro hac vice application forthcoming) |
| 25 | Deputy Associate Attorney General |
|   | Antitrust Section |
| 26 | Connecticut Office of the Attorney General |
| 27 | 165 Capitol Ave. |
|   | Hartford, CT 06106 |
| 28 | |

6
Motion for Relief from Stay to File Motion for Hold Separate Order –
Case No. 5:25-cv-00951-PCP

Tel.: (860) 808-5030
nicole.demers@ct.gov

*Attorneys for the State of Connecticut*

BRIAN SCHWALB
Attorney General of the District of Columbia

*/s/ Coty Montag*
Coty Montag (SBN 255703)
Deputy Attorney General, Public Advocacy Division
Office of the Attorney General for the District of Columbia
400 6th Street NW
Washington, DC 20001
Telephone: (202) 417-5402
Coty.Montag@dc.gov

*Attorneys for the District of Columbia*

ANNE E. LOPEZ
Attorney General

*/s/ Rodney I. Kimura*\*
RODNEY I. KIMURA
Deputy Attorney General
Department of the Attorney General
425 Queen Street
Honolulu, Hawaii. 96813
Telephone:  (808) 586-1180
Email:  Rodney.i.kimura@hawaii.gov
*\*Pro hac vice application forthcoming*

*Attorneys for State of Hawaii*

KWAME RAOUL
Attorney General of Illinois

*/s/ Paul J. Harper*

ELIZABETH L. MAXEINER (*pro hac*

*vice application forthcoming*)
Chief, Antitrust Bureau
PAUL J. HARPER (*pro hac vice application forthcoming*)
Assistant Attorney General, Antitrust Bureau
Office of the Illinois Attorney General
115 S. LaSalle Street, 35th Floor
Chicago, Illinois 60603
773-590-7935 | elizabeth.maxeiner@ilag.gov
773-590-6837 | paul.harper@ilag.gov

*Attorneys for State of Illinois*

COMMONWEALTH OF MASSACHUSETTS
ANDREA JOY CAMPBELL
Attorney General

*/s/ Anthony W. Mariano*
Anthony W. Mariano (*Admitted Pro Hac Vice*)
Chief, Antitrust Division
Office of the Massachusetts Attorney General
One Ashburton Place, 20th Floor
Boston, MA 02108
(781) 835-7990
Anthony.Mariano@mass.gov

*Attorneys for
Commonwealth of Massachusetts*

KEITH ELLISON
Attorney General

*/s/ Jon M. Woodruff*

ELIZABETH ODETTE (*pro hac vice forthcoming*)
Manager, Assistant Attorney General
Antitrust Division

JON M. WOODRUFF (*pro hac vice forthcoming*)
Assistant Attorney General
Antitrust Division

Office of the Minnesota Attorney General
445 Minnesota Street, Suite 600

Saint Paul, MN 55101
Telephone: (651) 300-7425
elizabeth.odette@ag.state.mn.us
jon.woodruff@ag.state.mn.us

*Attorneys for State of Minnesota*


LETITIA JAMES
Attorney General of the State of New York

CHRISTOPHER D'ANGELO
Chief Deputy Attorney General
Economic Justice Division

*/s/ Elinor Hoffmann*

ELINOR R. HOFFMANN
(*pro hac vice* forthcoming)
Chief, Antitrust Bureau
AMY McFARLANE
(*pro hac vice* forthcoming)
Deputy Bureau Chief, Antitrust Bureau
MICHAEL SCHWARTZ
(*pro hac vice* forthcoming)
Assistant Attorney General

New York State Office of the Attorney General
28 Liberty Street
New York, NY 10005
Phone: (212) 416-8269
Email: Elinor.Hoffmann@ag.ny.gov

*Attorneys for State of New York*


JEFF JACKSON
Attorney General of North Carolina

*/s/ Kunal J. Choksi*
*(Admitted Pro Hac Vice)*

Kunal Janak Choksi
Senior Deputy Attorney General
North Carolina Department of Justice
114 W. Edenton St.

Raleigh, NC 27603
Telephone: (919) 716-6032
E-Mail: kchoksi@ncdoj.gov

*Attorneys for State of North Carolina*

Dan Rayfield
Attorney General of Oregon

*/s/ Rachel K. Sowray*
Rachel K. Sowray (*Admitted Pro Hac Vice*)
Senior Assistant Attorney General
Timothy D. Smith (*Admitted Pro Hac Vice*)
Attorney-in-Charge
Economic Justice Section
Oregon Department of Justice
100 SW Market St, Portland OR 97201
503.689.0249 | Rachel.Sowray@doj.oregon.gov
503.798.3297 | tim.smith@doj.oregon.gov

*Attorneys for State of Oregon*

NICHOLAS W. BROWN
Attorney General of Washington

*/s/ Amy N. L. Hanson*
*(Admitted Pro Hac Vice)*

JONATHAN A. MARK (*pro hac vice forthcoming*)
Antitrust Division Chief
AMY N.L. HANSON
Senior Managing Assistant Attorney General
Antitrust Division
Washington State Office of the Attorney General
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
Email: jonathan.mark@atg.wa.gov
Email: amy.hanson@atg.wa.gov
Tel: 206-389-3806 (Mark)
Tel: 206-464-5419 (Hanson)

*Attorneys for State of Washington*

JOSHUA L. KAUL
ATTORNEY GENERAL

*/s/Caitlin M. Madden*
Caitlin M. Madden (*Admitted Pro Hac Vice*)
Assistant Attorney General
Wisconsin Department of Justice
17 West Main Street
Post Office Box 7857
Madison, WI 53707-7857
(608) 267-1311
caitlin.madden@wisdoj.gov

*Attorneys for State of Wisconsin*