SAMUEL G. LIVERSIDGE (Bar No. 180578)
ERIC VANDEVELDE (Bar No. 240699)
DANIEL NOWICKI (Bar No. 304716)
**GIBSON, DUNN & CRUTCHER LLP**
333 South Grand Avenue
Los Angeles, California 90071
Telephone: (213) 229-7000
SLiversidge@gibsondunn.com
EVandevelde@gibsondunn.com
DNowicki@gibsondunn.com


JULIE S. ELMER (*pro hac vice*)
JENNIFER MELLOTT (*pro hac vice*)
**FRESHFIELDS US LLP**
700 13th St NW
Washington, DC 20005
Telephone: (202) 777-4500
julie.elmer@freshfields.com
jennifer.mellott@freshfields.com

*Attorneys for Defendant*
HEWLETT PACKARD ENTERPRISE CO.

[Additional counsel listed on signature page]

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>*Plaintiff*,<br><br>v.<br><br>HEWLETT PACKARD ENTERPRISE CO. and JUNIPER NETWORKS, INC.,<br><br>*Defendants.* | CASE NO. 5:25-cv-00951-PCP<br><br>**HEWLETT PACKARD ENTERPRISE CO.'S OPPOSITION TO MOTION TO SHORTEN TIME**<br><br>Judge:        P. Casey Pitts<br>Action Filed: January 30, 2025 |

Last week, the nonparty States and District of Columbia (the "nonparties") moved to intervene in this case. *See* Dkt. 236. Although that motion to intervene has not been fully briefed, let alone decided, they now have filed two more motions and say they intend to file a third: (1) a motion to lift the Court's stay order; (2) a motion to shorten time to hear their lift-stay motion; and (3) a not-yet-filed motion to seek an injunction that they call a "hold separate" order. *See* Dkts. 256, 257, 256-2. This Court should summarily deny the nonparties' motion to shorten time (Dkt. 257), because they lack standing to file their motion, and they have not shown that they have any cause to seek an expedited schedule—especially given their material delay in filing their motions in this case—even if they had standing to file.

HPE will address in due course the nonparties' motion to intervene, which seeks rights of participation in this case that go beyond what any Court has allowed in any Tunney Act proceeding. But their motion to shorten time to be heard on a motion to lift the Court's stay order (so they can file a motion for injunctive relief) should be denied. As of now, the nonparties have no standing to do anything (other than move to intervene), and the Court has not determined that they can participate in this case in any fashion—much less lift the Court's stay order and move for injunctive relief. HPE should not be forced to respond to a motion that the nonparties have no power to file—and may never have the power to file, if the Court agrees with HPE that they do not have the right to participate (or, at a minimum, limits their right to participate to filing a brief with their objections). Nor have the nonparties demonstrated any urgency in coming to the Court on these issues such that expedited treatment of their motion is required. Indeed, the nonparties waited for *months*—after the settlement was disclosed, the merger was closed, and they knew the bases of their objections—to file this flurry of motions they have no standing to file.

The nonparties' motion to shorten should be rejected, and their motion to lift the stay should be struck or held in abeyance until after the Court has ruled on the pending motion to intervene.

***

The nonparties' request to shorten time to be heard on a motion to lift the Court's stay order should be denied in the first instance because, as nonparties who have not been granted any right to participate in this case, they have no standing to bring any motion in the first place. *See, e.g.*, *Citibank*

2

*Int'l v. Collier–Traino. Inc.*, 809 F.2d 1438, 1440 (9th Cir. 1987) ("we conclude that the district court properly refused to consider Umma's motion to vacate because the motion was filed by a nonparty"); *Greenbaum v. Islamic Republic of Iran*, 2008 WL 11336781, at *1–2 (C.D. Cal. July 7, 2008) ("If a party does not formally intervene, it does not have the right to be heard."); *see also Massachusetts Sch. of L. at Andover, Inc. v. United States*, 118 F.3d 776, 783 (D.C. Cir. 1997) ("intervention [is] a prerequisite for challenging a district court's approval of a consent decree" under the Tunney Act). As the Eleventh Circuit explained in similar circumstances in *E.E.O.C. v. E. Airlines, Inc.*, 736 F.2d 635 (11th Cir. 1984)—where a nonparty simultaneously moved to intervene *and* moved to vacate a consent decree, before being granted intervenor status—a "non-party ... lack[s] standing to move to vacate the consent decree, *or to make any other motion*" unless and until it is granted intervention. *Id.* at 637 (emphasis added). They thus have no standing to move to lift the stay—and even if the stay were not in place, they would have no standing to move for an injunction stopping the already closed merger. As the Supreme Court held just last term, courts do not "grant relief to nonparties" given "the party-specific principles that permeate our understanding of equity." *Trump v. CASA, Inc.*, 606 U.S. 831, 844 (2025) ("It is an elementary principle that a court cannot adjudicate directly upon a person's right without having him either actually or constructively before it. This principle is fundamental." (quoting *Gregory v. Stetson*, 133 U.S. 579, 586 (1890)).

      Despite their nonparty status, the States and District of Columbia do not state in their motion papers the grounds on which they claim to have standing to file the motions for expedited briefing or lift the stay. To the extent they assume that filing a motion to intervene provides standing to bring additional motions, including ancillary motions to their threatened motion for injunctive relief, that is incorrect. The well settled caselaw described above makes clear that standing to file additional motions comes only if and when the Court has granted nonparties the right to participate in the case.

      The Court will hear the nonparties' motion to intervene on November 18, 2025, and can determine what rights, if any, they may have in this proceeding. Unless and until the Court decides

the nonparties can participate—and decides what rights they should have[1]—HPE should not be forced to respond to any of their other motions.

The nonparties' request to shorten time should also be rejected because there is no emergency and none has been demonstrated. HPE and Juniper announced their merger over one-and-a-half years ago—in January 2024. If the nonparties wished to challenge the merger, they could have brought suit at any time since then—indeed, they could still bring their own suit *now*, if they actually had a good-faith basis to challenge it. *But see* Dkt. 236 at 14 (nonparties admit they are not prepared to file or adopt any complaint challenging the merger). Yet the nonparties waited over a year to raise any complaints at all (and even now, they still do not challenge the merger itself, *see id.*).

Even setting that aside, the terms of the settlement in this case were filed on June 27 and publicly announced on June 28. *See* Dkts. 217, 218. And on June 30, the Court approved the parties' stipulation allowing for closing of the merger and integration of the companies, while preserving the assets subject to divestiture. *See* Dkt. 220 at 5.[2] Yet the nonparties waited nearly four months to attempt to intervene in any Tunney Act proceeding. Tunney Act review is focused on the terms of the settlement: "'the court is only authorized to review the decree itself,' and not to 'effectively redraft the complaint' and inquire into matters that the United States did not pursue." *United States v. US Airways Grp., Inc.*, 38 F. Supp. 3d 69, 76 (D.D.C. 2014) (quoting *United States v. Microsoft Corp.*, 56 F.3d 1448, 1459 (D.C. Cir. 1995)). If the nonparties thought the settlement was inadequate, they could have intervened shortly after it was announced and they saw its terms.

The nonparties' motion to intervene suggests they could not intervene until they heard the speech of a disgruntled former DOJ attorney, Roger Alford. *See* Dkt. 236 at 1–2 (quoting August

---

[1] The nonparties' filings are internally contradictory about exactly what status they should have in this proceeding. Their motion to intervene says they want to participate as "parties" (i.e., as plaintiffs), but also says they are not filing a complaint and are not even adopting the government's complaint. *See* Dkt. 236 at 2, 14. In other words, the nonparties say they want to be plaintiffs, but not bring any claims. HPE will address this contradiction, and the many other problems with the nonparties' motion to intervene, in its forthcoming opposition.

[2] In this case, as in nearly all cases involving the Tunney Act, the transaction was consummated while the Tunney Act proceedings were pending. "'[N]othing in the Tunney Act' prevents consummation of the merger." *In re: AMR Corp.*, 502 B.R. 23, 42 (Bankr. S.D.N.Y. 2013) (quoting *Edstrom v. Anheuser–Busch InBev SA/NV*, 2013 WL 5124149 at *7 (N.D.Cal. Sept. 13, 2013)).

18, 2025 speech of Roger Alford); Liversidge Decl. Ex. A (full text of speech). The nonparties claim that Mr. Alford's vague opinions and innuendo give them grounds to lift the stay and obtain an injunction against HPE and Juniper combining (even though they have been integrating for months). Setting aside that this allegation is not relevant to the merger, the Tunney Act analysis, or this case, this is not new information—the former DOJ attorney's speech was made in mid-August, and the allegations he repeated (i.e., that higher level DOJ officials had spoken to "lobbyists" and overruled lower level attorneys) were widely reported in July. Liversidge Decl. Exs. B & C. The nonparties themselves raised these same complaints when they submitted comments under the Tunney Act more than a month ago, on September 5. *See* Dkt. 236-2 at 2.

The nonparties have not shown any urgency in coming to the Court or injecting themselves into this proceeding—and they do not show any emergency that would justify shortening time to hear a motion that they have no right to file in the first place. Their motion to shorten time should be denied, and their motion to lift the stay should be struck or held in abeyance pending the Court's decision on the motion to intervene (and if the motion to intervene is granted *and* the nonparties are given the power to bring the motion, it can be deemed filed then).

Dated: October 21, 2025

By: /s/ *Samuel Liversidge*

Samuel G. Liversidge
*Attorney for Defendant*
*HEWLETT PACKARD ENTERPRISE CO.*

Samuel G. Liversidge (Bar No. 180578)
Eric Vandevelde (Bar No. 240699)
Daniel Nowicki (Bar No. 304716)
**GIBSON, DUNN & CRUTCHER LLP**
333 South Grand Avenue
Los Angeles, California 90071
Telephone: (213) 229-7000
SLiversidge@gibsondunn.com
EVandevelde@gibsondunn.com
DNowicki@gibsondunn.com

Stephen Weissman (*pro hac vice*)
Michael J. Perry (Bar No. 255411)
Kristen C. Limarzi (*pro hac vice*)
**GIBSON, DUNN & CRUTCHER LLP**
1700 M Street, N.W.
Washington, D.C. 20036
Telephone: (202) 955-8500
SWeissman@gibsondunn.com
MJPerry@gibsondunn.com
KLimarzi@gibsondunn.com

Julie S. Elmer (*pro hac vice*)
Jennifer Mellott (*pro hac vice*)
**FRESHFIELDS US LLP**
700 13th St NW
Washington, DC 20005
Telephone: (202) 777-4500
julie.elmer@freshfields.com
eric.mahr@freshfields.com
jennifer.mellott@freshfields.com

Justina K. Sessions (Bar No. 270914)
**FRESHFIELDS US LLP**
855 Main St
Redwood City, CA 94063
Telephone: (650) 618-9250
justina.sessions@freshfields.com

*Attorneys for Defendant*
*HEWLETT PACKARD ENTERPRISE CO.*

HEWLETT PACKARD ENTERPRISE CO.'S OPPOSITION TO MOTION TO SHORTEN TIME
CASE NO. 5:25-cv-00951