# Exhibit A-4

| | |
|---|---|
| **From:** | |
| **To:** | ATR-Public-Comments-Tunney-Act-MB |
| **Subject:** | [EXTERNAL] Public Comment Submission for United States v. Hewlett Packard Enterprise Co. |
| **Date:** | Friday, July 25, 2025 4:10:39 PM |

To Whom It May Concern,

I am writing to express my dissatisfaction with the Department's Proposed Final Judgement in the case of *United States v. Hewlett Packard Enterprise Co*. I reject the Department's assertion that the Proposed Final Judgement is in the public interest and offer the following reasons to the Court as it considers the Proposed Final Judgement:

1. The HPE Divestiture Assets are not a <u>reasonably adequate</u> remedy for the alleged anticompetitive violation of the Clayton Act and will not "preserve competition for the development and sale of enterprise-grade WLAN solutions in the United States"

    a. In an article[1] published on July 24, 2025 in the Capitol Forum, multiple industry participants expressed their belief that the HPE Divestiture Assets "[are] targeted at small and medium-sized businesses (SMB) and isn't an option for the large, "enterprise-grade WLAN solutions" customers DOJ's complaint alleged the merger would harm"

    b. The Defendant's own Chief Executive Officer made a concurring statement[2] on an investor call on July 10, saying the HPE Divestiture Assets are "a **distinct offering** (emphasis added) separate from the traditional HPE Aruba platform and Aruba Central. It was specifically designed to serve the small business segment, ***particularly the S in SMB*** (emphasis added) and represents a small portion of our overall business."

2. The Defendant's disclosures about its communications with officers or employees of the United States were likely inadequate and if accepted, set a dangerous precedent that incentivizes future violations of the Antitrust Procedures and Penalties Act

    a. In an affidavit[3] dated January 22, 2002, Former Senator John Tunney attested that the Congressional intent of the Antitrust and Penalty Act, 15 U.S.C. §16(g) was to include "members of the Executive, Legislative, and Judicial branches of government".

    b. In the aforementioned reporting by the Capitol Forum, it is claimed that HPE hired consultants with access to the Executive Branch with the intention of influencing the outcome of the case

        i. The Court should make it a priority to determine whether this assertion is true, ignoring the Defendant's determination of what constitutes a "relevant" disclosure

After considering these reasons, I believe the Court should conduct appropriate hearings to determine the factual accuracy of the substantive claims made by the Department and the potential for procedural violations committed by the Defendants.

Respectfully Submitted,
Connor Lundrigan

1. https://thecapitolforum.com/hpe-juniper-as-fight-between-doj-leadership-and-antitrust-division-broils/
2. https://investors.hpe.com/~/media/Files/H/HP-Enterprise-IR/documents/07-10-2025-hpe-closes-juniper-networks-acquisition-transcript.pdf
3. https://www.justice.gov/atr/microsoft-tunney-act-comment-honorable-john-v-tunney-former-us-senator

---

s://thecapitolforum.com/hpe-juniper-as-fight-between-doj-leadership-and-antitrust-division-broils/

s://investors.hpe.com/~/media/Files/H/HP-Enterprise-IR/documents/07-10-2025-hpe-closes-juniper-ks-acquisition-transcript.pdf

s://www.justice.gov/atr/microsoft-tunney-act-comment-honorable-john-v-tunney-former-us-senator