SAMUEL G. LIVERSIDGE (Bar No. 180578)
ERIC VANDEVELDE (Bar No. 240699)
DANIEL NOWICKI (Bar No. 304716)
**GIBSON, DUNN & CRUTCHER LLP**
333 South Grand Avenue
Los Angeles, California 90071
Telephone: (213) 229-7000
SLiversidge@gibsondunn.com
EVandevelde@gibsondunn.com
DNowicki@gibsondunn.com


JULIE S. ELMER (*pro hac vice*)
JENNIFER MELLOTT (*pro hac vice*)
**FRESHFIELDS US LLP**
700 13th St NW
Washington, DC 20005
Telephone: (202) 777-4500
julie.elmer@freshfields.com
jennifer.mellott@freshfields.com


*Attorneys for Defendant*
HEWLETT PACKARD ENTERPRISE CO.

[Additional counsel listed on signature page]

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 5:25-cv-00951-PCP |
| *Plaintiff*, | |
| v. | **HEWLETT PACKARD ENTERPRISE CO.'S MOTION FOR CLARIFICATION** |
| HEWLETT PACKARD ENTERPRISE CO. and JUNIPER NETWORKS, INC., | |
| *Defendants.* | Judge:         P. Casey Pitts <br> Action Filed:   January 30, 2025 |

1    Defendant Hewlett Packard Enterprise Co. ("HPE") respectfully submits this motion seeking

2 clarification regarding the scope of the Court's Order on the Motion for Intervention ("Motion") filed

3 by the Attorneys General for the States of Colorado, California, Connecticut, Hawaii, Illinois,

4 Massachusetts, Minnesota, North Carolina, New York, Oregon, Washington, Wisconsin, and the

5 District of Columbia (the "States") (ECF No. 314).

6    HPE understands that the Court granted the States the right to intervene as a party for

7 purposes of the Court's review of the settlement agreement under the Tunney Act.  This

8 understanding is based on the States' own characterization of the relief they sought in their Motion

9 for Intervention and the States' argument at the hearing, and is also consistent with the Court's

10 comments at the November 18 hearing on that Motion.  In its Motion, the States sought leave to

11 "participate in the Court's review of a settlement under the Tunney Act that was reportedly the

12 product of undue influence by well-connected lobbyists."  Mot. at 1; *see also* Nov. 18, 2025 Hr'g Tr.

13 ("Tr.") at 29:15–19  ("[W]e would urge the Court to allow intervention *because the States can aid*

14 *the Court in making its public interest evaluation*; finding out what happened; get to the bottom of

15 it, *and make a thorough inquiry as to whether this settlement is in the public interest*.") (emphasis

16 added).

17    Moreover, at the November 18 hearing, the Court explained that it was granting the States'

18 Motion to act as participants in the Tunney Act proceeding, *not* as plaintiffs litigating their own

19 claims.  The Court explained that it believed it would be "helpful to have the States present the

20 arguments as to what -- the substance of the proposed settlement and then for us to figure out the

21 extent to which -- the process through which the settlement was achieved should also be part of my

22 analysis here."  Tr. at 63:13–18; *see also id*. at 62:8-11 ("And I do think that the policies of the

23 Tunney Act and of the Federal Rules themselves with respect to intervention are promoted by

24 allowing the States to participate *in this proceeding* as parties." (emphasis added)).  Importantly, the

25 Court *specifically rejected* the notion that the States could come into this case "to keep litigating the

26 merits of this merger":

27    [The States] could have said, No, we are going to keep going before you, Your
   Honor.  We are going to keep litigating the merits of this merger. **That, they**
28 **cannot do.** They have limited -- at this point, you know, we are in the context of

2

the parties that filed this case has entered into a settlement; and the question before me is whether it is in the public interest to approve that settlement.  So, they have already -- by virtue of waiting, you know, **they have limited the scope of their power as parties to the proceeding**.

Tr. at 36:13-22 (emphasis added).

However, since the November 18 hearing, the States have proceeded as though the Court granted the States the right to intervene as full litigants in this case—and to pursue claims outside of the Tunney Act process.  On November 19, 2025, the States asked HPE and the Government to produce discovery of expert reports, exhibits, and sealed documents *about the merits* of the merger (without the remedies agreed to in the settlement).  Liversidge Decl. ¶ 2.  HPE and the Government met and conferred with the States and objected to this merits discovery as inappropriate in the Tunney Act process.  Liversidge Decl. ¶ 3; *see also United States v. Bechtel Corp*., 648 F.2d 660, 666 (9th Cir. 1981) (holding that the district court properly "refused to consider ... the merits of the underlying claims and defenses" in the Tunney Act context).  While the States responded that they believed merits discovery could be relevant to the Tunney Act, they also argued that the discovery was relevant and appropriate because the States were "parties" with full rights to litigate in this case (separate and apart from the Tunney Act process).  Liversidge Decl. ¶ 3.  At a later meet and confer, when HPE and the Government asked the States whether they believed they had a role in this case outside of the Tunney Act process, the States insisted that they did and suggested they might continue to litigate claims in this case separate and apart from participating in the Tunney Act review.  Liversidge Decl. ¶ 4.

The States' notice adopting the Government's Complaint is also ambiguous regarding whether they are adopting the Complaint merely to have standing in the Tunney Act process or whether they intend to litigate claims separate and apart from the Tunney Act process.  *See* ECF No. 322.  If the States are adopting the Complaint in order to pursue claims, then HPE would need to respond and/or move to dismiss the Complaint (including because it does not allege facts sufficient to support *parens patriae* standing for the States, given that the alleged anticompetitive conduct does not involve consumer products or otherwise widespread injury to most of the States' citizens).  *See, e.g.*, *Missouri ex rel. Koster v. Harris*, 847 F.3d 646, 651 (9th Cir. 2017) ("States asserting *parens*

1    *patriae* standing must meet both the basic requirements of Article III standing and the unique

2    requirements of that doctrine," which means "more must be alleged than injury to an identifiable

3    group of individual residents."); *id.* at 952 (affirming dismissal of States' *parens patriae* claim where

4    complaint did not allege harm to a substantial number of citizens and there were no "specific

5    allegations about the statewide magnitude of [the alleged harms] or the extent to which they affect

6    more than just an identifiable group of individual" citizens of the States (quotations omitted)).

7          HPE believes the States' suggestion that they can litigate claims rather than simply participate

8    in the Tunney Act process improperly exceeds the role the Court envisioned for them. Moreover,

9    HPE did not have an opportunity to brief or present argument on the impropriety of seeking to

10    intervene to pursue the merits of claims that have already been settled, as that was not the relief

11    sought in the States' Motion. *See* Mot. at 1 (the States "move to intervene in this litigation *to*

12    *participate in the Court's review of a settlement under the Tunney Act*") (emphasis added); *see also*

13    *United States v. State of Or.*, 913 F.2d 576, 588-89 (9th Cir. 1990) ("intervention [to bring claims]

14    on the eve of settlement may be untimely"); *id.* (rejecting motion to intervene on an unlimited basis

15    in a settled case). The States' Motion specifically avoided saying that the States were prepared to

16    bring claims, instead stating that they *might* bring claims after "reasonable discovery to examine the

17    record." Mot. at 14.

18          Given the States have not taken any discovery or conducted any investigation at all, it is

19    unclear how they could have a good faith basis to bring claims at this time. Indeed, the States' Notice

20    adopting the Complaint says that the States are adopting the *entire Complaint* on "information and

21    belief," apparently because they have conducted no investigation to support *any* allegation in the

22    Complaint. ECF No. 322. Given the States' admission in their Motion for Intervention that they

23    have not conducted any investigation to support any claim (notwithstanding the substantial

24    investigative tools available to them, and the fact that the merger was announced nearly two years

25    ago), their use of the "information and belief" artifice "creates a further inference that [they] likely

26    lack[] knowledge of underlying facts to support the assertion, and [are] instead engaging in

27    speculation to an undue degree"—and thus their claims should be dismissed. *Delphix Corp. v. Actifo,*

28    *Inc.*, 2014 WL 4628490, at *2 (N.D. Cal. Mar. 19, 2014) (dismissing claims based on "information

4

and belief" that were not based on any apparent investigation); *Cooper v. Simpson Strong-Tie Co., Inc.*, 460 F. Supp. 3d 894, 907 (N.D. Cal. 2020) (rejecting plaintiffs' reliance on "information and belief" at pleading stage, because "such averments are allowed only when the facts that would support the allegations are solely within the defendant's knowledge or control") (citing *Soo Park v. Thompson*, 851 F.3d 910, 928 (9th Cir. 2017)).

HPE therefore requests that the Court clarify its November 18, 2025 order regarding whether the States are permitted to intervene as parties solely for the Court's Tunney Act review process, and whether HPE is required to respond to the DOJ complaint that the States have adopted and if so, on what schedule.  If the Court is inclined to consider further participation by the States in this Action outside of the Tunney Act proceedings, HPE respectfully requests an opportunity to brief the appropriateness of that participation.

Dated: November 25, 2025

By: */s/ Samuel Liversidge*

Samuel G. Liversidge
*Attorney for Defendant*
*HEWLETT PACKARD ENTERPRISE CO.*

Samuel G. Liversidge (Bar No. 180578)
Eric Vandevelde (Bar No. 240699)
Daniel Nowicki (Bar No. 304716)
**GIBSON, DUNN & CRUTCHER LLP**
333 South Grand Avenue
Los Angeles, California 90071
Telephone: (213) 229-7000
SLiversidge@gibsondunn.com
EVandevelde@gibsondunn.com
DNowicki@gibsondunn.com

Stephen Weissman (*pro hac vice*)
Michael J. Perry (Bar No. 255411)
Kristen C. Limarzi (*pro hac vice*)
**GIBSON, DUNN & CRUTCHER LLP**
1700 M Street, N.W.
Washington, D.C. 20036
Telephone: (202) 955-8500
SWeissman@gibsondunn.com
MJPerry@gibsondunn.com
KLimarzi@gibsondunn.com

Julie S. Elmer (*pro hac vice*)
Jennifer Mellott (*pro hac vice*)
**FRESHFIELDS US LLP**
700 13th St NW
Washington, DC 20005
Telephone: (202) 777-4500
julie.elmer@freshfields.com
eric.mahr@freshfields.com
jennifer.mellott@freshfields.com

Justina K. Sessions (Bar No.  270914)
**FRESHFIELDS US LLP**
855 Main St
Redwood City, CA 94063
Telephone: (650) 618-9250
justina.sessions@freshfields.com

*Attorneys for Defendant*
*HEWLETT PACKARD ENTERPRISE CO.*

6