HENRY C. SU (CA Bar # 211202)
Senior Litigation Counsel
U.S. Department of Justice, Antitrust Division
450 Fifth Street, NW, Suite 4000
Washington, DC 20530
Telephone: (202) 705-6338
Henry.Su@usdoj.gov

JEREMY M. GOLDSTEIN (CA Bar # 324422)
MICHAEL G. LEPAGE (DC Bar # 1618918)
Trial Attorneys
U.S. Department of Justice, Antitrust Division
450 Golden Gate Ave, Room 10-0101
San Francisco, CA 94102
Telephone: (415) 934-5300
Jeremy.Goldstein@usdoj.gov

*Attorneys for Plaintiff
United States of America*

[Additional counsel listed on signature page]

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 5:25-CV-00951-PCP |
| *Plaintiff,* | JUDGE: Hon. P. Casey Pitts |
| STATES OF COLORADO, CALIFORNIA, CONNECTICUT, HAWAII, ILLINOIS, MINNESOTA, NORTH CAROLINA, NEW YORK, OREGON, WASHINGTON, and WISCONSIN, COMMONWEALTH OF MASSACHUSETTS, and the DISTRICT OF COLUMBIA, | MAGISTRATE JUDGE: Hon. Susan van Keulen  **PLAINTIFF UNITED STATES' JOINDER IN HEWLETT PACKARD ENTERPRISE CO.'S MOTION FOR CLARIFICATION** |
| *Intervenors-Plaintiffs,* | |
| v. | |
| HEWLETT PACKARD ENTERPRISE CO. and JUNIPER NETWORKS, INC., | |
| *Defendants.* | |

Plaintiff United States of America respectfully joins Defendant Hewlett Packard Enterprise Co.'s ("HPE") Motion for Clarification. Dkt. No. 327.

As stated in their motion, the Attorneys General for the States of Colorado, California, Connecticut, Hawaii, Illinois, Massachusetts, Minnesota, North Carolina, New York, Oregon, Washington, Wisconsin, and the District of Columbia ("Intervenors") sought intervention "to participate in the Court's review of a settlement under the Tunney Act." Dkt. No. 236, at 1. *See also* Dkt. No. 303 (Reply Br.), at 5 (arguing "[t]here is no prejudice in the Court granting intervention to assist it in what it must do regardless—determine whether the Settlement is in the public interest"). Like HPE, the United States understood the Court, in ruling from the bench on November 18, 2025, as allowing Intervenors, based on "*the policies of the Tunney Act* and of the Federal Rules themselves with respect to intervention … *to participate in this proceeding* as parties." Nov. 18, 2025 Hearing Tr. ("Tr.") at 62:8–11 (emphases added). At this juncture, the only proceeding pending before the Court is the public interest determination under the Tunney Act.

Intervenors appear to have a different understanding about the scope of their intervention, however. Intervenors seek discovery directed to relitigating the underlying case. *See* Motion for Clarification, Dkt. No. 327, at 3. Intervenors also added the following statement to their notice adopting the allegations in the United States' complaint: "The States . . . reserve the right to amend the allegations if necessary following discovery and further proceedings in this action." Dkt. No. 322, at 2. The misalignment concerning the scope of intervention is affecting the Parties' discussions of paths for completing the pending Tunney Act proceeding and diverting attention to irrelevant issues. *See* Dkt. No. 327 at 3.

The only proceeding pending before the Court is the public interest determination under the Tunney Act, and such a proceeding does not contemplate discovery for the purpose of relitigating the underlying case. *See United States v. Int'l Bus. Mach. Corp.*, No. 72-344, 1995 WL 366383, at *6 (S.D.N.Y. June 19, 1995) (denying intervention because the proposed intervenors sought "authority to conduct discovery, present evidence, introduce new issues, and otherwise influence the pace and direction of the proceedings," which had "the potential … to delay this action and prejudice the public's

interest in an orderly and expeditious resolution of this matter"). If Intervenors' true intent is to bring their own action now challenging the merger (which they have always had the ability to do since the merger was announced in January 2024), then their expression of that intent should be unambiguous.

The United States opposed Intervenors' motion in part because intervention would "impose a substantial unnecessary burden on the United States, as well as on Defendants and non-parties." Pl.'s Opp'n to Mot. for Intervention, Dkt. No. 299, at 23. Although the Court has granted Intervenors' motion, continuing ambiguity about the nature and scope of their intervention will undoubtedly lead to disputes about the preparation required for any hearing the Court may hold with respect to its public interest determination under the Tunney Act. Ambiguity also continues to fuel the United States' concerns about the potential delay and prejudice. Those delays could ultimately jeopardize or undermine the consummation of the settlement negotiated by the United States and HPE if third-party interest in the assets to be divested and licensed wanes over time.

For those reasons, the United States joins HPE's request for clarity on the nature and scope of Intervenors' intervention in this case.

Dated: December 1, 2025

ELIZABETH S. JENSEN (CA Bar # 302355)
Assistant Civil Chief
San Francisco Office

*/s/ Henry C. Su*
HENRY C. SU (CA Bar # 211202)
Senior Litigation Counsel
U.S. Department of Justice, Antitrust Division
450 Fifth Street, NW, Suite 4000
Washington, DC 20530
Telephone: (202) 615-2165
Email: Henry.Su@usdoj.gov

JEREMY M. GOLDSTEIN (CA Bar # 324422)
MICHAEL G. LEPAGE (DC Bar # 1618918)
U.S. Department of Justice, Antitrust Division
450 Golden Gate Ave, Room 10-0101
San Francisco, CA 94102
Telephone: (415) 934-5300
Email: Jeremy.Goldstein@usdoj.gov

*Attorneys for Plaintiff United States of America*