PHILIP J. WEISER
Attorney General
ARTHUR BILLER (*pro hac vice*)
Senior Assistant Attorney General
BRYN A. WILLIAMS
First Assistant Attorney General (SBN 301699)
1300 Broadway, 10th Floor
Denver, CO 80203
Telephone: (720)508-6000
Email: Arthur.Biller@coag.gov
         Bryn.Williams@coag.gov

*Attorneys for Intervenors*

[Additional counsel listed on signature page]

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 5:25-cv-00951-PCP |
| *Plaintiff,* | **INTERVENORS' RESPONSE TO HEWLETT PACKARD ENTERPRISE CO.'S MOTION FOR CLARIFICATION** |
| vs. | |
| HEWLETT PACKARD ENTERPRISE CO. and JUNIPER NETWORKS, INC. | Judge: P. Casey Pitts
Action Filed: January 30, 2025 |
| *Defendants.* | |

Intervenors, the Attorneys General for the States of Colorado, California, Connecticut, Hawaii, Illinois, Massachusetts, Minnesota, North Carolina, New York, Oregon, Washington, Wisconsin, and the District of Columbia (the "States") hereby respond to Defendant Hewlett Packard Enterprise Co.'s ("HPE") "Motion for Clarification" (Dkt. No. 327) (the "Motion"). HPE's Motion does not seek to "clarify" the Court's oral ruling at the November 18, 2025 hearing (the "Intervention Hearing"), but instead seeks to improperly relitigate it.

At the conclusion of the Intervention Hearing, the Court granted the States' Motion for Intervention, and explained: "I will grant them intervention at the very least under Rule 24(b)(1) as a form of permissive intervention . . . ." Intervention Hearing Tr. at 62:12-13. The Court then

- 2 -

unambiguously stated that "the States will be entitled to intervene **as parties**." *Id.* at 62:17 (emphasis added). The States understand that to mean that they are now parties. HPE apparently thinks it means the States are *not* parties, and is now weaponizing that misunderstanding to obstruct the States from accessing fundamental documents in the existing case record. Indeed, after the Court's oral ruling, the States sought to move forward expeditiously and efficiently. But HPE has stonewalled the States' efforts to receive basic documents from the existing case record—such as trial exhibits and deposition transcripts—and instead seeks to inject further delay by asking the Court to revisit the motion for intervention.

There is no ambiguity in the Court's ruling, but HPE cherry picks from questions posed by the Court and certain responses to try to manufacture ambiguity. But questions posed are not part of the Court's ruling, and the Court did not state in its oral ruling that it was limiting the States' intervention to a review of the settlement under the Tunney Act.

HPE then argues it had no idea the States were seeking to intervene as parties, and asks for an "opportunity to brief the appropriateness of that participation." Motion at 4-5. This is a disingenuous and meritless attempt to get a second bite at the apple on intervention. First, the States' motion was clear that they sought intervention not only for the purpose of participating in a Tunney Act proceeding, but also to "pursue a claim for relief to block Defendants' merger." Motion for Intervention (Dkt. No. 236) at 6-7; *see also id.* at 2-3 ("Intervention would also give the States an efficient path forward to challenge the merger, should it be necessary."). The States also argued that they "have an interest in blocking anticompetitive mergers, which harm their citizens." *Id.* at 7; *see also id.* at 10 (discussing States' standing to seek injunction against the merger). In fact, the States' proposed order plainly stated their request: that the States be "granted party status as intervenors." [Proposed] Order Granting Intervention (Dkt. No. 236-3) at 1.

Second, HPE fully understood the States were seeking party status and vigorously argued against it. HPE decried that the States "do not say they will limit their participation to addressing whether the proposed consent decree responds to the harm alleged in the Complaint," and acknowledged that the States "ask to be admitted as parties." (Dkt. No. 298) at 1, 12; *see also id.* at 2 (States "demand the ability to serve as 'parties' with full discovery rights"). HPE's Opposition to

Motion to Shorten Time also shows HPE understood the States' request: "Their motion to intervene says they want to participate as 'parties' (i.e., as plaintiffs)."[1] Dkt. No. 280 at 4 n.1.

HPE likewise argued against granting the States party status at the Intervention Hearing, saying that HPE would not object to the States filing a brief about the Settlement, but that it objected to "intervention as a party with full party rights as though they are prosecuting claims in the case." Intervention Hearing at 50:23-51:15; *see also id.* at 47:25-48:2 ("I don't know that the statute or anything else envisions giving . . . states the right to come in and start conducting discovery").

Third, the States were clear during the Intervention Hearing about their intent to participate as parties. The Court asked whether "**separate and apart from the question of process**, . . . did the States take the position that the proposed merger poses substantial threat to competition set forth in the United States' original complaint in this matter?" Intervention Hearing at 14:6-10 (emphasis added). The States responded, "Yes, Your Honor, it does." *Id.* at 14:11. The Court then asked if the States would adopt the United States' Complaint if required, and the States said they would. *Id.* at 14:22-15:16. The States also argued they "have an interest in protecting our citizens from an unremedied anticompetitive merger." *Id.* at 15:8-11. The States articulated that intervention would promote judicial efficiency because if the Settlement is rejected, then the States would then be able to pursue a claim against the merger by benefitting from the substantial pretrial record in this case, such as trial exhibits, deposition transcripts, and other pretrial disclosures. *Id.* at 57:18-59:6.

There is no question that the States sought intervention as full parties to the case, and that issue was fully briefed, argued, and has been decided. HPE is obviously displeased with the result, but that does not warrant revisiting or relitigating the issue.

Furthermore, to the extent there were any lingering questions, the States have now adopted the allegations in the United States' Complaint and are squarely asserting a Section 7 claim against this merger. *See* Notice of Adoption of United States' Complaint (Dkt. No. 322). HPE makes various arguments about the import of that adoption, but none of that has anything to do with

---

[1] HPE had argued that it was "contradictory" for the States to seek party status without either adopting the United States' Complaint or filing their own complaint. HPE's Opposition to Motion to Shorten Time (Dkt. No. 280) at 4 n.1. But now adopting the Complaint apparently still does not satisfy HPE's ever-shifting arguments about what the States must do to intervene as parties.

"clarifying" the Court's ruling at the Intervention Hearing that the States are parties to this case. HPE's argument that it is "ambiguous" whether the States adopt the Complaint "merely to have standing in the Tunney Act process" or to litigate the Section 7 claim misapprehends (again) the intervention inquiry under Rule 24.  Intervention is into the "main action," which, under Rule 24, "is not the Tunney Act proceeding, but the entire Government action seeking to remedy alleged violations of the antitrust law." *United States v. Alex.Brown & Sons, Inc.*, 169 F.R.D. 532, 538 (S.D.N.Y. 1996).

HPE's arguments about whether the Complaint adequately alleges the States' standing also ignores the law on standing in the intervention context (which has already been argued) that a standing inquiry is unnecessary when the intervenor does not seek different relief from what is in the complaint.  Reply on Motion for Intervention (Dkt. No. 303) at 12-13.  To the extent HPE raises an issue with sufficient allegations to support *parens patriae*, the States have adequately alleged their *parens patriae* authority in their moving papers, which can be considered along with adoption of the Complaint.  *See* Motion for Intervention (Dkt. No. 236) at 14-15.  In any event, HPE already argued the States lack standing in its opposition to intervention—and pressed those arguments at the Intervention Hearing—and these additional points are an improper attempt at reconsideration of the Court's ruling.  See Intervention Hearing Tr. at 54:4-5 ("I do think that we have standing arguments that we think are valid.  We don't think they have standing.")  These points could have been raised in opposition, but HPE chose not to do so.

HPE also seems to take issue with the States having adopted the allegations in the Complaint "upon information and belief."  Motion at 4-5.  There is nothing improper about that, nor would it subject the States's claim to dismissal.  Rather, as the cases cited by HPE hold, pleading on information and belief is appropriate when the facts supporting the allegations are within the defendant's knowledge or control.  *See Cooper v. Simpson Strong-Tie Co., Inc.*, 460 F. Supp. 3d 894, 907 (N.D. Cal. 2020).  Here, HPE and the United States are in possession of the documents and information supporting the allegations in the Complaint, but they refuse to give the States access to those materials.  HPE would require the States to adopt allegations only after obtaining all the underlying evidence, but also says the States are not entitled to any of that evidence.  In any event,

- 4 -

the States can rely in good faith on the allegations made by the United States, which are also supported by its pretrial brief, until the States can access the case record.[2]

Finally, HPE takes issue with a request made by the States for certain materials that are part of the case record, such as proposed trial exhibits, deposition transcripts, expert reports, unredacted pretrial briefs, pretrial proposed findings of fact, and responses to interrogatories and requests for admission. *See* Biller Decl. ¶ 2. The States acknowledge that the Court will determine the scope of proceedings under the Tunney Act after reviewing the parties' submission and the December 16th hearing, but obtaining quick access to these materials could have helped inform the States' views on how the Tunney Act proceeding should be structured and expedited the Tunney Act proceedings.

The States also view the requested items as non-controversial, readily available, relevant, and essential to both the Tunney Act proceeding and a Section 7 claim.[3] Further, they are materials that the States are entitled to as parties. The States identified in their Motion for Intervention that they would seek these materials, so the request should have come as no surprise. Motion for Intervention (Dkt. No. 236) at 11 ("The States would issue straightforward initial discovery requests, for, among other things, (i) the unredacted pretrial materials, including filings under seal, deposition transcripts, expert reports exchanged between the parties and documents cited in those materials, and planned trial exhibits."). HPE now seeks "clarification" of the Court's ruling on intervention as a way to block the States from accessing these materials and to delay the proceedings. But again, that has nothing to do with their professed need for "clarification."

HPE's Motion is not for "clarification," but for reconsideration. It is improper. HPE seeks to rehash arguments that it already made, or to make new ones that it could have made but chose not to. The Court should not permit this thinly veiled attempt at reconsideration.

---

[2] The notion that HPE should have a chance to move to dismiss the Complaint is also erroneous. The States have not added any new claims or allegations to the Complaint. HPE has already answered the Complaint, and has therefore waived any motions under Rule 12(b).

[3] The United States' Joinder (Dkt. No. 330) argues the States are not entitled to these materials, or anything else, because the only current proceeding is the Tunney Act review. But that ignores that these materials are relevant to that review. The United States is otherwise wrong that the States' intervention is limited for the same reasons expressed above.

Dated: December 1, 2025

        PHILIP J. WEISER
        Attorney General

        */s/ Arthur Biller*
        ARTHUR BILLER *(Admitted Pro Hac Vice)*
        Senior Assistant Attorney General
        BRYN A. WILLIAMS
        First Assistant Attorney General (SBN 301699)
        JONATHAN B. SALLET *(Admitted Pro Hac Vice)*
        Special Assistant Attorney General
        ROBIN ALEXANDER (*Admitted Pro Hac Vice*)
        Assistant Attorney General
        1300 Broadway, 10th Floor
        Denver, CO 80203
        Telephone: (720)508-6000
        Email: Arthur.Biller@coag.gov
              Bryn.Williams@coag.gov
              Jon.Sallet@coag.gov
              Robin.Alexander@coag.gov

        *Attorneys for the State of Colorado*


        ROB BONTA
        Attorney General of California

        */s/ Brian D. Wang*
        PAULA L. BLIZZARD, Senior Assistant Attorney General (SBN 207920)
        MICHAEL W. JORGENSON, Supervising Deputy Attorney General (SBN 201145)
        BRIAN D. WANG, Deputy Attorney General (SBN 284490)
        Office of the Attorney General
        California Department of Justice
        455 Golden Gate Avenue, Suite 11000
        San Francisco, California 94102
        (415) 510-4400
        Brian.Wang@doj.ca.gov

        *Attorneys for the State of California*


        WILLIAM TONG
        ATTORNEY GENERAL

        */s/ Nicole Demers*
        Nicole Demers (*pro hac vice application forthcoming*)

Deputy Associate Attorney General
Antitrust Section
Connecticut Office of the Attorney General
165 Capitol Ave.
Hartford, CT 06106
Tel.: (860) 808-5030
nicole.demers@ct.gov

*Attorneys for the State of Connecticut*

BRIAN SCHWALB
Attorney General of the District of Columbia

*/s/ Coty Montag*
Coty Montag (SBN 255703)
Deputy Attorney General, Public Advocacy Division
Office of the Attorney General for the District of Columbia
400 6th Street NW
Washington, DC 20001
Telephone: (202) 417-5402
Coty.Montag@dc.gov

*Attorneys for the District of Columbia*

ANNE E. LOPEZ
Attorney General

*/s/ Rodney I. Kimura*
RODNEY I. KIMURA *(Admitted Pro Hac Vice)*
Deputy Attorney General
Department of the Attorney General
425 Queen Street
Honolulu, Hawaii. 96813
Telephone:  (808) 586-1180
Email:  Rodney.i.kimura@hawaii.gov

*Attorneys for State of Hawaii*

KWAME RAOUL
Attorney General of Illinois

*/s/ Paul J. Harper*
*(Admitted Pro Hac Vice)*

Intervenors' Response to Hewlett Packard Enterprise Co.'s Motion for Clarification –
Case No. 5:25-cv-00951-PCP

ELIZABETH L. MAXEINER
*(Admitted Pro Hac Vice)*
Chief, Antitrust Bureau
PAUL J. HARPER
Assistant Attorney General, Antitrust Bureau
Office of the Illinois Attorney General
115 S. LaSalle Street, 35th Floor
Chicago, Illinois 60603
773-590-7935 | elizabeth.maxeiner@ilag.gov
773-590-6837 | paul.harper@ilag.gov

*Attorneys for State of Illinois*


COMMONWEALTH OF MASSACHUSETTS
ANDREA JOY CAMPBELL
Attorney General

*/s/ Anthony W. Mariano*
Anthony W. Mariano *(Admitted Pro Hac Vice)*
Chief, Antitrust Division
Office of the Massachusetts Attorney General
One Ashburton Place, 20th Floor
Boston, MA 02108
(781) 835-7990
Anthony.Mariano@mass.gov

*Attorneys for*
*Commonwealth of Massachusetts*


KEITH ELLISON
Attorney General

*/s/ Jon M. Woodruff*
*(Admitted Pro Hac Vice)*

ELIZABETH ODETTE *(Admitted Pro Hac Vice)*
Manager, Assistant Attorney General
Antitrust Division

JON M. WOODRUFF
Assistant Attorney General
Antitrust Division

Office of the Minnesota Attorney General
445 Minnesota Street, Suite 600
Saint Paul, MN 55101
Telephone: (651) 300-7425

elizabeth.odette@ag.state.mn.us
jon.woodruff@ag.state.mn.us

*Attorneys for State of Minnesota*


LETITIA JAMES
Attorney General of the State of New York

CHRISTOPHER D'ANGELO
Chief Deputy Attorney General
Economic Justice Division

*/s/ Elinor Hoffmann*
*(Admitted Pro Hac Vice)*

ELINOR R. HOFFMANN
Chief, Antitrust Bureau
AMY McFARLANE
*(Admitted Pro Hac Vice)*
Deputy Bureau Chief, Antitrust Bureau
MICHAEL SCHWARTZ
*(Admitted Pro Hac Vice)*
Senior Enforcement Counsel, Antitrust Bureau

New York State Office of the Attorney General
28 Liberty Street
New York, NY 10005
Phone: (212) 416-8269
Email: Elinor.Hoffmann@ag.ny.gov

*Attorneys for State of New York*


JEFF JACKSON
Attorney General of North Carolina

*/s/ Kunal J. Choksi*
*(Admitted Pro Hac Vice)*

Kunal Janak Choksi
Senior Deputy Attorney General
North Carolina Department of Justice
114 W. Edenton St.
Raleigh, NC 27603
Telephone: (919) 716-6032
E-Mail: kchoksi@ncdoj.gov

*Attorneys for State of North Carolina*

Dan Rayfield
Attorney General of Oregon

*/s/ Rachel K. Sowray*
Rachel K. Sowray *(Admitted Pro Hac Vice)*
Senior Assistant Attorney General
Timothy D. Smith *(Admitted Pro Hac Vice)*
Attorney-in-Charge
Economic Justice Section
Oregon Department of Justice
100 SW Market St, Portland OR  97201
503.689.0249 | Rachel.Sowray@doj.oregon.gov
503.798.3297 | tim.smith@doj.oregon.gov

*Attorneys for State of Oregon*


NICHOLAS W. BROWN
Attorney General of Washington

*/s/ Amy N. L. Hanson*
*(Admitted Pro Hac Vice)*

JONATHAN A. MARK *(Admitted Pro Hac Vice)*
Antitrust Division Chief
AMY N.L. HANSON
Senior Managing Assistant Attorney General
Antitrust Division
Washington State Office of the Attorney General
800 Fifth Avenue, Suite 2000
Seattle, WA  98104
Email: jonathan.mark@atg.wa.gov
Email: amy.hanson@atg.wa.gov
Tel: 206-389-3806 (Mark)
Tel: 206-464-5419 (Hanson)

*Attorneys for State of Washington*


JOSHUA L. KAUL
ATTORNEY GENERAL

*/s/Caitlin M. Madden*
Caitlin M. Madden *(Admitted Pro Hac Vice)*

Assistant Attorney General

- 10 -

Intervenors' Response to Hewlett Packard Enterprise Co.'s Motion for Clarification –
Case No. 5:25-cv-00951-PCP

Wisconsin Department of Justice
17 West Main Street
Post Office Box 7857
Madison, WI 53707-7857
(608) 267-1311
caitlin.madden@wisdoj.gov

*Attorneys for State of Wisconsin*