The Hon. P. Casey Pitts
280 South 1st Street
Courtroom 8 – 4th Floor
San Jose, CA 95113

December 22, 2025

**RE:** *United States v. Hewlett Packard Enterprise Co., et al.*, No. 5:25-cv-00951-PCP (N.D. Cal.): Joint Letter Regarding Protective Order Dispute

Dear Judge Pitts:

Plaintiff United States of America, Defendant Hewlett Packard Enterprise Co. ("HPE"), and Intervenors Colorado, California, Connecticut, Hawaii, Illinois, Massachusetts, Minnesota, North Carolina, New York, Oregon, Washington, Wisconsin, and the District of Columbia (collectively, the "States"), respectfully submit this Joint Letter Regarding Protective Order Dispute pursuant to the Court's instructions delivered at the hearing on December 16, 2025. *See* Transcript of 12/16/25 Hearing at 27:9-25. The Parties have met and conferred and reached agreement on most of the changes needed to the existing Joint Stipulation and Amended Protective Order (Dkt. No. 107) (the "Protective Order"). However, the Parties were not able to resolve disagreements as to two provisions relating to paragraphs 34 and 39(e) of the redline submitted herewith. The Parties set forth their positions below.

Exhibit 1 hereto is a redline of the United States' and HPE's proposed order against the States' proposed order. Exhibit 2 is a clean version of the United States' and HPE's proposed order. Exhibit 3 is a clean version of the States' proposed order.

**THE UNITED STATES' POSITION**

Section V of the Protective Order limits the use and disclosure of Confidential Information and Highly Confidential Information produced by a Party or a non-Party Protected Person as part of this Action, except as otherwise provided.[1] The Intervenors propose adding themselves to an exception in Paragraph 39(e) that permits only the United States to retain, use, or disclose Confidential Information or Highly Confidential Information "outside the context of this Action

---

[1] All capitalized terms are as defined in the Protective Order.

1

(i) to the extent permitted or required by law, court order, or regulation; (ii) for law enforcement purposes; or (iii) for the purpose of securing compliance with a Final Judgment in this Action." For the reasons explained below, the United States opposes the addition of Intervenors to Paragraph 39(e) at this juncture and supports, instead, Hewlett Packard Enterprise Co.'s (HPE) addition of a sentence to Paragraph 34 clarifying that the Intervenors are being given access to Confidential Information and Highly Confidential Information "solely for the purpose of participating in the Court's Tunney Act review proceedings."

The competing amendments highlight an inconsistency between the narrow role that the Court has given the Intervenors in this Action and a broader role that the Intervenors apparently envision for themselves. The Order Granting Motion for Intervention only allows the Intervenors to participate as parties in the Court's Tunney Act review proceedings. Dkt. 332, at 3:13–15, 11:26–28, & 12:3–4. Accordingly, HPE's proposed amendment to the Protective Order makes clear that the Intervenors are being given access to Confidential Information and Highly Confidential Information solely for this stated purpose. The Intervenors' proposed amendment, however, is one that might have been presented and negotiated had the Intervenors joined the United States' Complaint at the outset, seeking to challenge the merger. But that is not the current procedural posture of the Action or the intervention—"in moving to intervene [the States] have stated a desire solely to participa[te] in the Court's Tunney Act proceedings, rather than to pursue their own independent challenge to the merger in this Court." *Id.* at 7:23–25.

In summary, the Intervenors' proposed amendment to Paragraph 39(e) of the Protective Order seems incongruous with their narrow role as participants in the Court's Tunney Act review proceedings, in which the only question before the Court is whether entry of the amended proposed Final Judgment is in the public interest. If the Intervenors intend to assume a broader role as putative law enforcers with respect to this acquisition, then they should make that clear at the outset to all Protected Persons and utilize other process, e.g., subpoenas, to obtain copies of any Investigation Materials and Litigation Materials needed for their own litigation. *See United States v. Alex. Brown & Sons, Inc.*, 169 F.R.D. 532, 542 (S.D.N.Y. 1996) (holding that "the Tunney Act's

purpose is to expose consent decrees to greater public scrutiny, not to facilitate discovery in private antitrust suits").

**HEWLETT-PACKARD ENTERPRISE CO.'S POSITION**

The States have continued to demonstrate that they seek to interpret the Court's intervention order to extend well beyond the scope of the Tunney Act. Given the States' overreach, HPE and the States are at an impasse as to HPE's proposed additions to Paragraph 34 and the States' proposed addition to Paragraph 39(e). *See* Ex. 1 ¶ 34.

The Court's December 1 Order granted the States permission "to intervene *for the purpose of* participating in this Court's Tunney Act review proceedings." Dec. 1, 2025 Order at 3, ECF No. 332 ("December 1 Order") (emphasis added). The Court ruled that if "the states wish to pursue an independent challenge to the merger in these proceedings, they must file a separate motion to intervene for that purpose." *Id.* at 12. Thus, the only purpose for which the States may use confidential information is this Court's Tunney Act review proceedings. HPE's proposed addition to Paragraph 34, which expressly provides that confidential or highly confidential information produced in this Action "may be used by Intervenors solely for the purpose of participating in the Court's Tunney Act review proceedings," reflects exactly that.

The States rejected the addition, claiming that they intend to use discovery, and any confidential information they obtain, to assess a potential *merits* claim, and potentially to *amend* the DOJ's complaint that the States adopted. Similarly, with their proposed addition to Paragraph 39(e), the States seek to retain, use, and disclose confidential information for unspecified and unlimited "law enforcement purposes." Ex. 1 ¶ 39(e). But the use of discovery for any purpose other than participating in the Court's Tunney Act review proceedings is both unauthorized and unprecedented, and inconsistent with the Court's December 1 Order.

The States' conduct has made clear that they are attempting to take advantage of the Tunney Act review process to conduct their own belated merits investigation and potentially bring their own independent merits claims. "However, the Tunney Act's purpose is to expose consent decrees to greater public scrutiny, not to facilitate discovery in private antitrust suits." *United*

3

*States v. Alex. Brown & Sons, Inc.*, 169 F.R.D. 532, 542 (S.D.N.Y. 1996). Nothing in the text or legislative history of the Tunney Act authorizes the States to commandeer the review process in this way. *See* H. Rept. No. 93-1463 at 8 ("It is anticipated that the trial judge will adduce the necessary information through the least complicated and least time-consuming means possible. . . . Only where it is imperative that *the court* should resort to calling witnesses for the purpose of eliciting additional facts should it do so.") (emphasis added).

The expansive scope and use of discovery the States propose is likely to be troubling for third parties who previously produced confidential and highly confidential materials. Because the States seek to use these materials not only for the Tunney Act review, but also to potentially bring their own claim in this or another forum, the third parties who produced these materials have no certainty about when or how their materials may be used in the future. The Court should thus adopt HPE's proposed additions to Paragraph 34 and reject the States' proposed addition to Paragraph 39(e).

**THE STATES' POSITION**

The parties have mostly reached agreement on modification of the existing Joint Stipulation and Amended Protective Order (Dkt. No. 107), except for two provisions. First, as reflected in the States' redline of its proposed order attached hereto, the States seek an amendment to paragraph 39(e). That change adds the States to the carveout currently in place for the United States, which would allow both the United States and the States to retain, use, or disclose Confidential Information or Highly Confidential Information "(i) to the extent permitted or required by law, court order, or regulation; (ii) for law enforcement purposes; or (iii) for the purpose of securing compliance with a Final Judgment in this Action."

The States, as enforcers of not just the antitrust laws, but a myriad of state and federal laws, have the same institutional interest in this kind of carveout as the United States does. Unlike private parties, if the States encounter evidence of criminality or civil violations, they have a duty to either pursue those violations or refer them to the appropriate authorities. Although rare, it is conceivable in any case that a document production or deposition testimony could reveal unlawful

conduct, and the States—just like the United States—cannot be hamstrung in taking appropriate action in that circumstance.

The United States routinely recognizes that the States have the same interest as they do in this kind of provision—in multiple prior and ongoing matters in which the United States and States are co-plaintiffs, both the States and United States are included in these kinds of carveouts. *See* Stipulated Protective Order at ¶¶ 1(p), 16(d), *United States v. Google LLC*, No. 1:20-cv-03010-APM (Dkt. No. 98) (provision applies to "Plaintiffs," which includes States); Protective Order at ¶ 18, *United States v. Live Nation Entm't, Inc.*, No. 1:24-cv-03973 (Dkt. No. 213) (same); Discovery Confidentiality Order at ¶ 28(f), *United States v. Apple Inc.*, No. 2:24-cv-04055 (Dkt. No. 235) (provision includes United States and "Plaintiff States").  It is therefore historically inconsistent that the United States opposes addition of the States into the same provision in this case.

HPE, for their part, in conferrals have stated that this edit could cause objection from third parties because some third parties previously objected to this provision with respect to the United States in this case.  That is speculative at this point, but if the third parties eventually became comfortable with such a provision for the United States, there is no reason why they should not for the States.

Second, and similarly, HPE and the United States would add a provision to paragraph 34 that would limit the States' use of Confidential or Highly Confidential Information to the Tunney Act proceedings.  This edit conflicts with the States' requested edit to paragraph 39(e), and should be rejected for the same reasons.

Finally, the United States and HPE proposal would prevent the States from using any Confidential or Highly Confidential Information in a subsequent challenge to the HPE/Juniper merger, whether by intervention here or in a separate proceeding without first attempting to modify the protective order (again), which is inefficient at best. *See Beckman Indus., Inc. v. Internat'l Ins. Co.*, 966 F.2d 470, 475 (9th Cir. 1992) ("Ninth Circuit precedent strongly favors disclosure to meet the needs of parties in pending litigation.")

Dated: December 22, 2025                    /s/ Henry C. Su
                                                                      Henry C. Su
                                                                       Jeremy M. Goldstein
Michael G. Lepage
U.S. Department of Justice
Antitrust Division
450 Golden Gate Ave, Room 10-0101
San Francisco, CA 94102
(415) 934-5300
henry.su@usdoj.gov
jeremy.goldstein@usdoj.gov
michael.lepage@usdoj.gov

*Attorneys for Plaintiff United States*

Dated: December 22, 2025                    /s/ Samuel G. Liversidge
Julie Elmer
Jennifer Mellott
Freshfields US LLP
700 13th Street, NW, 10th Floor
Washington, DC 20005-3960
(202) 777-4500
julie.elmer@freshfields.com
jennifer.mellott@freshfields.com

Samuel G. Liversidge (CA No. 180578)
Gibson Dunn & Crutcher LLP
333 South Grand Avenue
Los Angeles, CA 90071-3197
(213) 229-7000
sliversidge@gibsondunn.com

*Attorneys for Defendant Hewlett Packard Enterprise Co.*

Dated: December 22, 2025

PHILIP J. WEISER
Attorney General

/s/ Arthur Biller
ARTHUR BILLER *(Admitted Pro Hac Vice)*
Senior Assistant Attorney General
BRYN A. WILLIAMS
First Assistant Attorney General (SBN 301699)
JONATHAN B. SALLET *(Admitted Pro Hac Vice)*

6

Special Assistant Attorney General
ROBIN ALEXANDER (*Admitted Pro Hac Vice*)
Assistant Attorney General
1300 Broadway, 10th Floor
Denver, CO 80203
Telephone: (720)508-6000
Email: Arthur.Biller@coag.gov
　　　　Bryn.Williams@coag.gov
　　　　Jon.Sallet@coag.gov
　　　　Robin.Alexander@coag.gov

*Attorneys for the State of Colorado*

ROB BONTA
Attorney General of California

*/s/ Brian D. Wang*
PAULA L. BLIZZARD, Senior Assistant Attorney General (SBN 207920)
MICHAEL W. JORGENSON, Supervising Deputy Attorney General (SBN 201145)
BRIAN D. WANG, Deputy Attorney General (SBN 284490)
Office of the Attorney General
California Department of Justice
455 Golden Gate Avenue, Suite 11000
San Francisco, California 94102
(415) 510-4400
Brian.Wang@doj.ca.gov

*Attorneys for the State of California*

WILLIAM TONG
ATTORNEY GENERAL

*/s/ Nicole Demers*
Nicole Demers (*pro hac vice application forthcoming*)
Deputy Associate Attorney General
Antitrust Section
Connecticut Office of the Attorney General
165 Capitol Ave.
Hartford, CT 06106
Tel.: (860) 808-5030
nicole.demers@ct.gov

7

*Attorneys for the State of Connecticut*


BRIAN SCHWALB
Attorney General of the District of Columbia

*/s/ Coty Montag*
Coty Montag (SBN 255703)
Deputy Attorney General, Public Advocacy Division
Office of the Attorney General for the District of Columbia
400 6th Street NW
Washington, DC 20001
Telephone: (202) 417-5402
Coty.Montag@dc.gov

*Attorneys for the District of Columbia*


ANNE E. LOPEZ
Attorney General

*/s/ Rodney I. Kimura*
RODNEY I. KIMURA *(Admitted Pro Hac Vice)*
Deputy Attorney General
Department of the Attorney General
425 Queen Street
Honolulu, Hawaii. 96813
Telephone:  (808) 586-1180
Email:  Rodney.i.kimura@hawaii.gov

*Attorneys for State of Hawaii*


KWAME RAOUL
Attorney General of Illinois

*/s/ Paul J. Harper*
*(Admitted Pro Hac Vice)*

ELIZABETH L. MAXEINER
*(Admitted Pro Hac Vice)*
Chief, Antitrust Bureau

PAUL J. HARPER
Assistant Attorney General, Antitrust Bureau
Office of the Illinois Attorney General
115 S. LaSalle Street, 35th Floor
Chicago, Illinois 60603
773-590-7935 | elizabeth.maxeiner@ilag.gov
773-590-6837 | paul.harper@ilag.gov

*Attorneys for State of Illinois*


COMMONWEALTH OF MASSACHUSETTS
ANDREA JOY CAMPBELL
Attorney General

*/s/ Anthony W. Mariano*
Anthony W. Mariano *(Admitted Pro Hac Vice)*
Chief, Antitrust Division
Office of the Massachusetts Attorney General
One Ashburton Place, 20th Floor
Boston, MA 02108
(781) 835-7990
Anthony.Mariano@mass.gov

*Attorneys for*
*Commonwealth of Massachusetts*


KEITH ELLISON
Attorney General

*/s/ Jon M. Woodruff*
*(Admitted Pro Hac Vice)*

ELIZABETH ODETTE *(Admitted Pro Hac Vice)*
Manager, Assistant Attorney General
Antitrust Division

JON M. WOODRUFF
Assistant Attorney General
Antitrust Division

Office of the Minnesota Attorney General
445 Minnesota Street, Suite 600
Saint Paul, MN 55101
Telephone: (651) 300-7425

elizabeth.odette@ag.state.mn.us
jon.woodruff@ag.state.mn.us

*Attorneys for State of Minnesota*


LETITIA JAMES
Attorney General of the State of New York

CHRISTOPHER D'ANGELO
Chief Deputy Attorney General
Economic Justice Division

/s/ Elinor Hoffmann
*(Admitted Pro Hac Vice)*

ELINOR R. HOFFMANN
Chief, Antitrust Bureau
AMY McFARLANE
*(Admitted Pro Hac Vice)*
Deputy Bureau Chief, Antitrust Bureau
MICHAEL SCHWARTZ
*(Admitted Pro Hac Vice)*
Senior Enforcement Counsel, Antitrust Bureau

New York State Office of the Attorney General
28 Liberty Street
New York, NY 10005
Phone: (212) 416-8269
Email: Elinor.Hoffmann@ag.ny.gov

*Attorneys for State of New York*


JEFF JACKSON
Attorney General of North Carolina

/s/ Kunal J. Choksi
*(Admitted Pro Hac Vice)*

Kunal Janak Choksi
Senior Deputy Attorney General
North Carolina Department of Justice
114 W. Edenton St.
Raleigh, NC 27603
Telephone: (919) 716-6032

10

E-Mail: kchoksi@ncdoj.gov

*Attorneys for State of North Carolina*


Dan Rayfield
Attorney General of Oregon

*/s/ Rachel K. Sowray*
Rachel K. Sowray *(Admitted Pro Hac Vice)*
Senior Assistant Attorney General
Timothy D. Smith *(Admitted Pro Hac Vice)*
Attorney-in-Charge
Economic Justice Section
Oregon Department of Justice
100 SW Market St, Portland OR 97201
503.689.0249 | Rachel.Sowray@doj.oregon.gov
503.798.3297 | tim.smith@doj.oregon.gov

*Attorneys for State of Oregon*


NICHOLAS W. BROWN
Attorney General of Washington

*/s/ Amy N. L. Hanson*
*(Admitted Pro Hac Vice)*

JONATHAN A. MARK *(Admitted Pro Hac Vice)*
Antitrust Division Chief
AMY N.L. HANSON
Senior Managing Assistant Attorney General
Antitrust Division
Washington State Office of the Attorney General
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
Email: jonathan.mark@atg.wa.gov
Email: amy.hanson@atg.wa.gov
Tel: 206-389-3806 (Mark)
Tel: 206-464-5419 (Hanson)

*Attorneys for State of Washington*


JOSHUA L. KAUL

11

ATTORNEY GENERAL

*/s/Caitlin M. Madden*
Caitlin M. Madden *(Admitted Pro Hac Vice)*

Assistant Attorney General
Wisconsin Department of Justice
17 West Main Street
Post Office Box 7857
Madison, WI 53707-7857
(608) 267-1311
caitlin.madden@wisdoj.gov

*Attorneys for State of Wisconsin*