**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>HEWLETT PACKARD ENTERPRISE CO.<br>and JUNIPER NETWORKS, INC.,<br><br>Defendants. | CASE NO. 5:25-cv-00951-PCP<br><br>**JOINT STIPULATION AND [PROPOSED] SECOND AMENDED PROTECTIVE ORDER**<br><br>Judge:          P. Casey Pitts<br>Action Filed:   January 30, 2025 |

To ensure the efficient and prompt resolution of this Action, facilitate discovery by the Parties litigating this Action, and protect Confidential Information and Highly Confidential Information from improper disclosure or use, the Parties have stipulated to the provisions set forth below. The Court, upon good cause shown and according to Federal Rule of Civil Procedure 26(c)(1) and all applicable Local Rules, ORDERS as follows:

**GENERAL PROVISIONS**

**I.      Definitions**

1.      "Action" means the above-captioned action pending in this Court, including any related discovery, pretrial, trial, post-trial, or appellate proceedings.

2.      "Confidential Information" means the portion of any Investigation Materials or Litigation Materials that contains (a) Personally Identifiable Information (PII) or (b) trade secrets or other confidential research, development, or commercial information as such terms are used in Federal Rule of Civil Procedure 26(c)(1)(G). Provided, however, that any portion of any Investigation Materials or Litigation Materials, except for PII, that has been published or otherwise made publicly available is not Confidential Information.

1

3.    "Defendants" means Hewlett Packard Enterprise Co. and Juniper Networks, Inc., their successors and assigns, and their subsidiaries, divisions, groups, affiliates, partnerships, and joint ventures, and their directors, officers, managers, agents, and employees.

4.    "Disclosed" means shown, divulged, revealed, produced, described, transmitted, or otherwise communicated, in whole or in part.

5.    "Document" means any document, data, or electronically stored information as such term is used in Federal Rule of Civil Procedure 34(a).

6.    "Highly Confidential Information" means the portion of any Investigation Materials or Litigation Materials that contains information that is so confidential and/or sensitive in nature that the Producing Party reasonably believes the disclosure of it is likely to cause economic harm or competitive disadvantage to the Producing Party. Provided, however, that any portion of any Investigation Materials or Litigation Materials, except for PII, that has been published or otherwise made publicly available is not Highly Confidential Information except where such public disclosure was in breach of the provisions of this Order.

7.    "Intervenors" means the Attorneys General for the States of Colorado, California, Connecticut, Hawaii, Illinois, Massachusetts, Minnesota, North Carolina, New York, Oregon, Washington, Wisconsin, and the District of Columbia, who were granted intervention by Court Order on November 18, 2025, for the purpose set forth in the Court's subsequent written Order dated December 1, 2025.

8.    "Investigation" means any pre-Complaint review, assessment, or investigation by any Party of the Proposed Transaction.

9.    "Investigation Materials" means non-privileged documents, data, communications, transcripts of testimony, or other materials relating to the Investigation that were created on or prior to January 30, 2025, including but not limited to those provided pursuant to the Antitrust Civil Process Act, 15 U.S.C. §§ 1311-1314, or the Hart-Scott-Rodino Antitrust Improvements Act, 15 U.S.C. § 18a, that (a) any non-Party and their vendors provided to any Party; (b) any Party and their vendors provided to any non-Party; or (c) any Party and their vendors provided to any opposing Party. Investigation Materials does not include communications between Plaintiff and

2

Defendants; or with potential experts, the treatment of which is addressed in the Parties' proposed Case Management Order.

10. "Litigation Materials" means non-privileged documents, data, communications, transcripts of testimony, or other materials relating to this Action that are not Investigation Materials and that: (a) any non-Party provides to any Party; (b) any Party provides to any non-Party; (c) any Party provides to any opposing Party. Provided, however, that any written comment relating to a proposed consent judgment in this Action that is submitted pursuant to the Antitrust Procedures and Penalties Act (Tunney Act), 15 U.S.C. § 16(b)–(h), is not Litigation Materials.

11. "Outside Counsel of Record" means the law firm(s) representing Defendant(s) in this Action, including any attorneys, paralegals, and other professional personnel (including IT professionals and support staff) employed by such law firm(s) and assigned to this Action.

12. "Party" means the United States, Intervenors, or any Defendant in this Action. "Parties" means collectively the United States, Intervenors, and all Defendants in this Action.

13. "Person" means any natural person, corporate entity, partnership, association, joint venture, governmental entity, or trust.

14. "Personally Identifiable Information" or "PII" means a natural person's (a) Social Security number; (b) driver's license number, or state or federal government identification number, or foreign country equivalent identification number; (c) passport number; (d) financial account number; (e) credit or debit card number; (f) name, address, or phone number in combination with their date of birth; or (g) personal health information.

15. "Plaintiff" means the United States and its employees, agents, and representatives.

16. "Pretrial Period" means the time between the filing of this Action and the first day of any trial of this Action.

17. "Proposed Transaction" means Hewlett Packard Enterprise Co.'s proposed acquisition of Juniper Networks, Inc.

18. "Protected Person" means any Person, including any Party or non-Party, that provided Investigation Materials or provides Litigation Materials.

**II.    Computing Time**

19.     Unless otherwise specified, time will be computed according to Federal Rule of Civil Procedure 6(a).

### III.     Persons Bound by This Order

20.     This Order is binding on the Parties, their attorneys, successors, representatives, administrators, assigns, parents, subsidiaries, divisions, affiliates, employees, agents, contractors, experts, and consultants, all non-Parties providing discovery in this action, and all other interested Persons with actual or constructive notice of this Order.

### IV.     Notice of This Order to Non-Party Protected Persons

21.     Within three (3) business days of the Court's entry of this Order, each Party must send by email, overnight mail, or hand delivery a copy of this Order to each non-Party Protected Person (or, if represented by counsel, the non-Party Protected Person's counsel) that provided Investigation or Litigation Materials to that Party. Provided, however, that a non-Party Protected Person that received a copy of an earlier version of this Order must receive a copy of the Second Amended Protective Order only if the non-Party Protected Person's Investigation Materials or Litigation Materials are sought by Intervenors. No non-Party Protected Person's Investigation Materials or Litigation Materials may be produced to an Intervenor before the expiration of five (5) business days following the non-Party Protected Person's receipt of notice of this Second Amended Protective Order.

22.     Any Party that seeks discovery related to this Action from any non-Party must include a copy of this Order when serving a discovery request or subpoena on the non-Party. If any Party sent a discovery request or subpoena to any non-Party prior to entry of this Order, that Party must send a copy of this Order to the non-Party within two (2) business days of entry of this Order.

### V.     Modifications of This Order

23.     If a non-Party Protected Person determines that this Order does not adequately protect its Confidential Information or Highly Confidential Information, including if a non-Party Protected Person objects to an Intervenor viewing its Confidential Information or Highly Confidential Information, it may, within five (5) business days after receiving notice of this Order

4

pursuant to Paragraph 21 or Paragraph 22, file a motion seeking additional protection from the Court for its Confidential Information or Highly Confidential Information. If a non-Party Protected Person timely files such a motion, the information for which additional protection has been sought may not be disclosed until the Court has rendered a decision on the motion, unless the movant and the Parties reach an agreement that permits disclosure of the Confidential Information or Highly Confidential Information while the motion is pending.

24.    Nothing in this Order limits any Person, including members of the public, a Party, or an interested non-Party, from seeking additional protection or modification of this Order upon a motion duly made according to the Local Rules of this Court, including, without limitation, an order that certain information need not be produced at all or is not admissible evidence in this Action or any other proceeding.

**VI.    Privacy Act**

25.    This Order, and any subsequent order of this Court governing the United States' production of any documents, data, communications, transcripts of testimony, or other materials in this Action, constitutes a court order within the meaning of the Privacy Act, 5 U.S.C. § 552a (b)(11).

**PROCEDURES FOR DESIGNATING CONFIDENTIAL INFORMATION**

**I.    Designating Confidential Information in Investigation Materials**

26.    All Investigation Materials that were designated confidential or highly confidential by a Party during the Investigation, or for which a Party requested confidential treatment, will be treated as Confidential Information or Highly Confidential Information as previously designated. All Investigation Materials provided by a non-party Protected Person during the Investigation will be treated as Highly Confidential Information.

**II.    Designating Confidential Information or Highly Confidential Information in Litigation Materials**

27.    The following procedures govern the process for Protected Persons (including Parties) to designate Confidential Information or Highly Confidential Information contained in any Litigation Materials. By so designating, the Protected Person (and counsel, if any) represents

5

to the Court that it in good faith believes that the information constitutes Confidential Information as defined in Paragraph 2 or Highly Confidential Information as defined in Paragraph 6 of this Order. Any Litigation Materials not designated in the manner required by this Order will not be treated as Confidential Information or Highly Confidential Information, even if such information was subject to a prior designation of confidentiality.

28.    Documents Produced in Native Format. When a Protected Person produces electronically stored documents in native file format, the Protected Person must designate any Confidential Information or Highly Confidential Information by (a) appending the suffix "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" to the file name or document production number, or (b) including the confidentiality designation in reasonably accessible metadata associated with the file. When documents that were produced in native file format are printed for use during a deposition, for a court proceeding, or for disclosure to any Person described in Paragraph 36, the Party printing the file must affix to the printed version a label containing the production number and the confidentiality designation associated with the document.

29.    Documents and Data Produced in Hard Copy or Non-Native Format. When a Protected Person produces documents in hard copy, image files, or other non-native file formats, the Protected Person must designate Confidential Information by stamping or otherwise marking each page or image that contains Confidential Information with the designation "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" in a manner that will not interfere with legibility.

30.    Testimony. All transcripts of depositions taken in this Action will be treated as Highly Confidential Information in their entirety for twenty-one (21) days after the date when a complete and final copy of the transcript has been made available to the deponent (or the deponent's counsel). Within three (3) business days of receipt of the final transcript, the Party who noticed the deposition must ensure that the final transcript has been provided to the deponent (or the deponent's counsel, if applicable). Within twenty-one (21) days of receiving a final transcript, a

6

Protected Person may designate any portion of a deposition transcript or any portion of a deposition exhibit as containing Confidential Information or Highly Confidential Information by highlighting, stamping, or otherwise clearly marking the information as Confidential or Highly Confidential. Any portion of a transcript or portion of a deposition exhibit not designated in the manner required by this Paragraph 30 will not be treated as Confidential Information or Highly Confidential Information, even if the document(s) that became the deposition exhibit(s) or information that is the subject of the deposition testimony was subject to a prior designation of confidentiality. For avoidance of doubt, a blanket designation that an entire deposition transcript or all exhibits from a deposition are Confidential Information or Highly Confidential Information does not comply with the requirements of this Order.

### III.    Notice of Confidentiality Designations to the Parties

31.    Any designation of Confidential Information or Highly Confidential Information or other written notice to the Parties required by this Order must be provided by email, overnight mail, or hand delivery to the following counsel for the Parties. Information designated as Confidential or Highly Confidential prior to the entry of the Second Amended Protective Order does not need to be re-noticed.

For Plaintiff the United States:
> Jeremy Goldstein (Jeremy.Goldstein@usdoj.gov)
> Elizabeth S. Jensen (Elizabeth.Jensen@usdoj.gov)
> U.S. Department of Justice, Antitrust Division
> 450 Golden Gate Avenue, Suite 10-0101
> San Francisco, CA 94102
> Tel: (415) 934-5300

For Intervenors the States:
> Arthur Biller (Arthur.Biller@coag.gov)
> Bryn Williams (Bryn.Williams@coag.gov)
> Colorado Department of Law
> 1300 Broadway, 10th Floor
> Denver, CO 80203
> Tel: (720) 508-6000

For Defendant Hewlett Packard Enterprise Co.:
> Julie Elmer (julie.elmer@freshfields.com)

Ross Svenson(ross.svenson@freshfields.com)
Brendan Clemente (brendan.clemente@freshfields.com)
Freshfields US LLP
700 13th Street, NW, 10th Floor
Washington, DC 20005-3960
Tel: (202) 777-4500

**IV.     Inadvertent Failure to Designate Confidential Information**

32.     A Protected Person that produced Investigation Materials or Litigation Materials prior to receiving a copy of this Order and did not designate such information as Confidential Information or Highly Confidential Information at the time it was produced may subsequently designate such materials as Confidential Information or Highly Confidential Information according to the terms of this Order within seven (7) days following receipt of this Order.

33.     If at any time prior to the trial or hearing regarding this Action a Protected Person realizes that it inadvertently failed to designate Confidential Information or Highly Confidential Information that it previously produced in Investigation Materials or Litigation Materials, it may so designate such information by following the procedures of this Order. The Parties must thereafter treat the information according to the Protected Person's new designation; provided, however, that no prior disclosure of newly designated Confidential Information or Highly Confidential Information violates this Order. The disclosure of any information for which disclosure was proper when made will not be deemed improper regardless of any subsequent confidentiality designation.

**USE AND DISCLOSURE OF CONFIDENTIAL INFORMATION**

**V.     Limited Use and Disclosure of Confidential Information or Highly Confidential Information**

34.     Except as provided by Paragraph 39 of this Order, all Confidential Information or Highly Confidential Information produced by a Party or a non-Party Protected Person as part of this Action may be used solely for the conduct of this Action and must not be used for any business, commercial, competitive, personal, or other purpose. Provided, however, this Order does not preclude another court from finding that Confidential Information or Highly Confidential Information produced in this Action is relevant and subject to disclosure in another case.

8

35.    Any Person that becomes subject to a motion to disclose Confidential Information or Highly Confidential Information protected by this Order in another case must promptly notify the Party or non-Party Protected Person that designated the Confidential Information or Highly Confidential Information of the motion so the Protected Person has an opportunity to appear in the other case and be heard on whether that information should be disclosed.

36.    Except as provided by Paragraph 39 or pursuant to a court order, Confidential Information may be disclosed only to the following persons:

(a)    the Court and all persons assisting the Court in this Action, including magistrates, law clerks, court reporters, and stenographic or clerical personnel;

(b)    any special master, mediator, arbitrator, trustee, or monitor that the Parties engage in this Action or that this Court appoints;

(c)    counsel for Plaintiff, including any attorneys, paralegals, and other professional personnel employed by Plaintiff (including support and IT staff), and any agents or independent contractors retained by Plaintiff whose functions require access to the information;

(d)    counsel for Intervenors, including any attorneys, paralegals, and other professional personnel employed by Intervenors (including support and IT staff), and any agents or independent contractors retained by Intervenors whose functions require access to the information;

(e)    Outside Counsel of Record, including any attorneys, paralegals, and other professional personnel employed by Outside Counsel of Record (including support and IT staff), and any agents or independent contractors retained by Outside Counsel of Record whose functions require access to the information;

(f)    Persons who are the authors, addressees, recipients, or custodians of the Confidential Information and Persons who counsel for Plaintiff, Intervenors, or Defendant believes in good faith previously received or had access to the Confidential Information unless the person indicates that he or she did not have access to the document;

(g)    any outside Person retained by a Party to serve as a testifying or consulting expert in this Action, including employees of the firm with which the expert or consultant is

associated and independent contractors who assist the expert's work in this Action, provided a representative with authority to sign on behalf of such outside Person first executes an Agreement Concerning Confidentiality in the form attached as Appendix A;

(h)   outside vendors or service providers (such as e-discovery vendors, contract attorneys, and printing service providers) retained by a Party to assist that Party in this Action provided a representative with authority to sign on behalf of such outside vendors or service providers first executes an Agreement Concerning Confidentiality in the form attached as Appendix A;

(i)   outside trial consultants (including, but not limited to, graphics consultants and jury consultants) retained by a Party to assist that Party in this Action provided a representative with authority to sign on behalf of such outside trial consultants first executes an Agreement Concerning Confidentiality in the form attached as Appendix A; and

(j)   up to two (2) in-house attorneys for each Defendant, not involved in business decisions, whose names must be disclosed to the United States at least ten (10) business days prior to the effective date of such designation provided that the in-house attorneys shall first execute an Agreement Concerning Confidentiality in the form of Appendix A attached hereto.  For a period of one year following the last occasion on which Confidential Information is disclosed to such in-house attorneys, they must not (a) participate in or advise on business decisions at the Defendant; (b) participate in or advise on business decisions involving a Protected Person whose Confidential Information they accessed during the course of this Action at any employer, or (c) participate in or advise on litigation or other legal actions on behalf of the Defendant or any other employer where a Protected Person is a party and whose Confidential Information the in-house attorneys accessed in the course of this Action, where the Confidential Information accessed is relevant to said litigation or other legal action.  To the extent a Defendant seeks to change the two (2) in-house attorneys that may receive access to Confidential Information, the Defendant must provide notice to Plaintiff at least ten (10) business days prior to the effective date of such change.

37.   Highly Confidential Information may be disclosed only to the persons set forth in Paragraph 36(a)-(i) above.

38.   Each Person identified in Paragraphs 36 or 37 of this Order to whom Confidential

10

Information or Highly Confidential Information is disclosed may not disclose that Confidential Information or Highly Confidential Information to any other Person, except as otherwise provided by this Order.

39.    Nothing in this Order:

(a)  limits a Protected Person's use or disclosure of its own Confidential Information or Highly Confidential Information;

(b)  prevents disclosure of Confidential Information or Highly Confidential Information with the consent of the Protected Person that designated the material;

(c)  prevents disclosure by a Party of Confidential Information or Highly Confidential Information (i) that is or has become publicly known through no fault of that Party; (ii) that was lawfully acquired by or known to that Party independent of receipt during the Investigation or this Action; (iii) that was previously produced, disclosed, or provided to that Party without an obligation of confidentiality and not by inadvertence or mistake (recognizing that Paragraph 26 governs the confidentiality of Investigative Materials); or (iv) pursuant to a court order;

(d)  requires Plaintiff to withdraw or redact the Complaint;

(e)  prevents the United States' and Intervenors' retention, use, or disclosure of Confidential Information or Highly Confidential Information outside the context of this Action (i) to the extent permitted or required by law, court order, or regulation; (ii) for law enforcement purposes; or (iii) for the purpose of securing compliance with a Final Judgment in this Action;

(f)  prevents or otherwise restricts counsel from rendering legal advice to his or her client with respect to this matter or generally referring to or relying upon Confidential Information or Highly Confidential Information in rendering such advice so long as counsel does not disclose in any way the substance of the Confidential or Highly Confidential Information; or

(g)  prevents any Party from disclosing a Protected Person's Confidential Information or Highly Confidential Information to any current employee or corporate representative of that Protected Person.

## VI.    Inadvertent Disclosure of Confidential Information or Highly Confidential Information

40.    In the event Confidential Information or Highly Confidential Information is disclosed to a Person not authorized to receive it under this Order, the Party responsible for the disclosure must promptly notify the Protected Person whose Confidential Information or Highly Confidential Information has been disclosed and provide all known relevant information concerning the nature and circumstances of the disclosure. The Party responsible for the disclosure must also promptly take all reasonable measures to retrieve the improperly disclosed material and ensure there is no additional unauthorized disclosure or use of the information.

41.    Unauthorized or inadvertent disclosure of Confidential Information or Highly Confidential Information does not change the confidential status of any disclosed material or waive the Protected Person's right to maintain the disclosed material as Confidential Information or Highly Confidential Information.

## VII.    Motions to Seal Pretrial Court Filings

42.    After the entry of this Order, during the Pretrial Period if any Confidential Information or Highly Confidential Information is included in a pleading, motion, exhibit, or other paper filed with the Court, the filing Party must file such Confidential Information or Highly Confidential Information under seal. The Protected Person that designated the material as Confidential Information or Highly Confidential Information may not oppose the filing of such Confidential Information or Highly Confidential Information under seal and the filing Party need not meet and confer with the Protected Person before filing the Confidential Information or Highly Confidential Information under seal.

43.    Filing another Person's Confidential Information or Highly Confidential Information under seal does not constitute agreement by the filing Party that the information is properly designated, and nothing in this Order should be construed to prevent a Party from later challenging the confidentiality designation of information that was previously filed under seal.

## VIII.    Challenging Confidentiality Designations During the Pretrial Period

12

44.     This Order does not preclude or prejudice a Protected Person or Party from arguing for or against any confidentiality designation, establish any presumption that a particular confidentiality designation is valid, or alter the burden of persuasion that would otherwise apply in a dispute over whether something constitutes Confidential Information or Highly Confidential Information.

45.     During the Pretrial Period, any Party that objects to a designation of Investigation Materials or Litigation Materials as Confidential Information or Highly Confidential Information —including a new confidentiality designation made pursuant to Paragraph 33—may provide written notice to the Protected Person who made the designation and to all Parties identifying the challenged designation and stating with particularity the grounds for its objection. All materials objected to must continue to be treated as Confidential Information or Highly Confidential Information pending resolution of the dispute by agreement between the objecting Party and the Protected Person or by the Court.

46.     If the objecting Party and the Protected Person cannot reach agreement within five (5) days of the Party's written notice, the Parties may present the dispute in accordance with the procedures for resolving discovery disputes set forth in Judge van Keulen's Civil and Discovery Referral Matters Standing Order. The Protected Person bears the burden of persuading the Court that the material is Confidential Information or Highly Confidential Information as defined in Paragraphs 2 or 6 of this Order. If the Protected Person fails to timely address the dispute to the Court in accordance with this Paragraph 46, or if the Court finds the designation inapplicable, the information will no longer be treated as Confidential Information or Highly Confidential Information in this Action.

**USE OF CONFIDENTIAL INFORMATION AT TRIAL, HEARINGS,AND IN POST-TRIAL FILINGS**

**I.      Notice to Non-Party Protected Persons of Confidential Information or Highly Confidential Information to be Used at Trial and Hearings**

47.     Within three (3) business days of the Parties' exchange of their preliminary exhibit lists, the Parties must notify any non-Parties (or the non-Party's counsel, if represented by counsel)

JOINT STIPULATION AND [PROPOSED] SECOND AMENDED PROTECTIVE ORDER
CASE NO. 5:25-cv-00951-PCP

that produced any of the exhibits on their preliminary exhibit lists. The notification must identify the exhibit(s) produced by the non-Party and include a copy of this Order.

48.    Within three (3) business days of the Parties' exchange of their preliminary deposition designations, the Parties must notify any non-Party deponents (or the deponent's counsel, if represented by counsel) whose testimony appears in their preliminary deposition designations. The notification must identify the designated deposition testimony and include a copy of this Order.

## II.    Sealing Confidential Information at Trial and Hearings

49.    The Parties must meet and confer in good faith with each other and with any affected non-Party Protected Person regarding the disclosure and use of Confidential Information or Highly Confidential Information at Trial or at a Hearing before filing any motions with the Court to seal Confidential Information at Trial or at a Hearing.

50.    No later than fourteen (14) days before the Final Pretrial Conference or Final Prehearing Conference in this Action, any Party or non-Party Protected Person that seeks to prevent its Confidential Information or Highly Confidential Information contained in an exhibit or designated deposition testimony from being disclosed on the public record at Trial or a hearing must file a motion with the Court seeking to seal such information at Trial or a hearing by following the procedures set forth in the Local Rules of this District. The movant bears the burden of persuading the Court that the material should be sealed at Trial or at a hearing. Any opposition to a motion to seal must be filed within seven (7) days after the motion is filed. Replies to a motion to seal may only be filed with leave of the Court upon a showing of good cause.

51.    If the Court grants a motion to seal brought pursuant to Paragraph 50, the Confidential Information or Highly Confidential Information that is the subject of the motion must be sealed and not made available on the public record for purposes of all arguments, presentations, and witness examinations at Trial or at a hearing, unless the Court orders otherwise.

52.    Absent a ruling by the Court granting a motion to seal brought pursuant to Paragraph 50, any information previously designated by a Protected Person as Confidential Information or Highly Confidential Information that appears on any Party's final exhibit list or

14

final deposition designations, and that is admitted into evidence, will no longer be treated as Confidential Information or Highly Confidential Information under the terms of this Order, will be disclosed on the public record, and any arguments, presentations, and witness examinations about such information likewise will be disclosed on the public record.

### III.    Sealing Post-trial or Post-hearing Court Filings

53.    If a Party includes in any post-trial motion, post-hearing motion, brief, findings of fact, conclusions of law, or other paper filed with the Court any documents, data, testimony, or other materials or information that were sealed during Trial or at hearing under the terms of this Order or any other Order of the Court, the Party must file such information under seal. The Protected Person that requested sealing of such information during Trial or at hearing may not oppose the motion to file under seal and the filing Party need not meet and confer with the Protected Person before filing the Confidential Information or Highly Confidential Information under seal.

54.    Any information that appears on any Party's final exhibit list or final deposition designations and was admitted into evidence at trial or at hearing that was not sealed during Trial or at hearing under the terms of this Order or any other order of the Court need not be sealed in any post-trial motion, post-hearing motion, brief, findings of fact, conclusions of law, or other paper filed with the Court and may be disclosed on the public record.

### INADVERTENT PRODUCTION OF PRIVILEGED INFORMATION

55.    The disclosure of any Investigation Materials or Litigation Materials subject to attorney-client privilege, deliberative process privilege, work-product protection, or other applicable legal or evidentiary privilege ("Privileged Material"), whether inadvertent or otherwise, is not a waiver in this Action or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). Nothing contained herein is intended to or shall serve to limit a Party's right to conduct a review of Documents, ESI (including metadata), or information for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

15

56.    If the Producing Party becomes aware that it has produced information protected by the attorney-client privilege or any other privilege or immunity, the Producing Party will promptly notify each Receiving Party in writing of the production and the basis of the privilege being asserted. After being notified, a Party must promptly return, sequester,[1] or destroy the specified information and any copies or summaries of the information that it has; must not use or disclose the information until the claim is resolved; must take reasonable step to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim in camera. Any challenge to a claim of privilege contemplated by this Paragraph must be made promptly. The Producing Party must preserve the information until the claim is resolved.

57.    After discovering, becoming aware of, or being notified that a receiving Person is in recipient of information or material that it knows or reasonably should know is privileged, any receiving Person (a) may not use or disclose the Privileged Material until the claim is resolved, except as permitted by Federal Rule of Civil Procedure 26(b)(5), (b) must return, sequester, or destroy all copies of the Privileged Material in its possession, as well as any notes, summaries, or portions thereof, referring or relating to such material, and (c) must take reasonable steps to retrieve the Privileged Material from any Person(s) to whom the receiving Person disclosed it before being notified of or discovering the inadvertent production. The designating Person must retain a copy of the Privileged Material until the resolution or termination of this Action.

## PROCEDURES UPON TERMINATION OF THIS ACTION

58.    The obligations imposed by this Order survive the termination of this Action unless the Court orders otherwise.

59.    Within ninety (90) days after the expiration of the time for appeal of an order, judgment, or decree terminating this Action, all Persons having received Confidential Information or Highly Confidential Information must make a good faith effort to return all copies of such

---

[1] For the avoidance of doubt, sequestration prohibits the Party in possession from further review of the material once a claim of privilege is made except as otherwise provided in this Paragraph.

JOINT STIPULATION AND [PROPOSED] SECOND AMENDED PROTECTIVE ORDER
CASE NO. 5:25-cv-00951-PCP

Confidential Information or Highly Confidential Information that has not otherwise been made public during this Action to the Protected Person that produced it (or the Protected Person's counsel, if represented by counsel), or to destroy or delete all copies of such Confidential Information or Highly Confidential Information, unless the Confidential Information or Highly Confidential Information may be retained pursuant to Paragraph 39, Paragraph 60, or Paragraph 61. All Confidential Information or Highly Confidential Information returned to the Parties or their counsel by the Court likewise must be disposed of in accordance with this Order.

60.    Within 90 days after the expiration of the time for appeal of an order, judgment, or decree terminating this Action, all Persons having received Confidential Information or Highly Confidential Information must certify compliance with Paragraph 59 of this Order in writing to the Party or Protected Person that produced the Confidential Information or Highly Confidential Information.

61.    Notwithstanding Paragraph 59, Counsel for the Parties will be entitled to retain court papers, deposition, hearing, and trial transcripts and exhibits, and work product, provided that the Parties and their counsel do not disclose the portions of those materials containing Confidential Information or Highly Confidential Information except pursuant to a court order or with the consent of the Protected Person that produced the Confidential Information or Highly Confidential Information or as otherwise permitted herein.

62.    Notwithstanding Paragraph 59, Expert witnesses for the Parties will be entitled to retain their own expert reports, their own deposition and trial transcripts and exhibits, and their own work product, provided such expert witnesses have executed Appendix A to this Order and do not disclose the portions of those materials containing Confidential Information or Highly Confidential Information except pursuant to a court order or with the consent of the Protected Person that produced the Confidential Information or Highly Confidential Information or as otherwise permitted herein.

63.    Counsel for a Party that disclosed Confidential Information or Highly Confidential Information to a Person identified in Paragraph 36 subparagraphs (g), (h), and (i) of this Order

must obtain and retain the signed version of the Agreement Concerning Confidentiality in the form attached as Appendix A for a period of at least one year following the termination of this Action.

64.    This Court retains jurisdiction to resolve any disputes arising out of this Order after termination of this Action.

### PRODUCTION OF INVESTIGATIVE FILE

65.    In accordance with the Parties' agreement dated November 22, 2024, Plaintiff provided its investigative file to the Defendants within 7 calendar days of the entry of the Protective Order in this action.

IT SO ORDERED.

Dated: _____          _____
                                 HONORABLE P. CASEY PITTS
                                 United States District Judge

JOINT STIPULATION AND [PROPOSED] SECOND AMENDED PROTECTIVE ORDER
CASE NO. 5:25-cv-00951-PCP

19

JOINT STIPULATION AND [PROPOSED] SECOND AMENDED PROTECTIVE ORDER
CASE NO. 5:25-cv-00951-PCP

## APPENDIX A

### UNITED STATES DISTRICT COURT

### NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>*Plaintiff*<br>v.<br><br>HEWLETT PACKARD ENTERPRISE CO.<br>and JUNIPER NETWORKS, INC.,<br><br>*Defendants*. | Case No. 5:25-cv-00951-PCP<br><br><br>**AGREEMENT TO BE BOUND BY JOINT STIPULATION AND PROTECTIVE ORDER** |

I, _____, am employed by _____ in the position of _____. I certify as follows.

I have read the Joint Stipulation and Protective Order ("Protective Order") entered in the above-captioned action and understand its terms.

I agree to be bound by the terms of the Protective Order. I agree to use the information provided to me only as explicitly permitted by the Protective Order.

If signing on behalf of a company or organization, I confirm that I have the authority to sign on behalf of that company or organization.

I understand that my failure to abide by the terms of the Protective Order will subject me, without limitation, to civil and criminal penalties for contempt of Court.

I submit to the jurisdiction of this Court solely for the purpose of enforcing the terms of the Protective Order and freely and knowingly waive any right I may otherwise have to object to the jurisdiction of this Court.

Dated: _____    Signed: _____

1

AGREEMENT TO BE BOUND BY JOINT STIPULATION AND PROTECTIVE ORDER
CASE NO. 5:25-cv-00951-PCP