HENRY C. SU (CA Bar 211202)
JEREMY M. GOLDSTEIN (CA Bar 324422)
MICHAEL G. LEPAGE (DC Bar 1618918)
U.S. DEPARTMENT OF JUSTICE
ANTITRUST DIVISION
450 Golden Gate Ave, Room 10-0101
San Francisco, CA 94102
henry.su@usdoj.gov
jeremy.goldstein@usdoj.gov
michael.lepage@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

[Additional counsel listed on signature page]

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>*Plaintiff*<br><br>v.<br><br>HEWLETT PACKARD ENTERPRISE CO. and JUNIPER NETWORKS, INC.,<br><br>*Defendants*. | Case No. 5:25-cv-00951-PCP<br><br>**PLAINTIFF'S RESPONSES AND OBJECTIONS TO INTERVENORS' FIRST SET OF REQUESTS FOR PRODUCTION**<br><br>Judge:    P. Casey Pitts<br>Action Filed:    January 30, 2025 |

1

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Plaintiff United States of America hereby responds and objects to Intervenors' First Set of Requests for Production (the "Requests").

**OBJECTIONS TO THE DEFINITIONS AND INSTRUCTIONS**

1. Plaintiff objects to the definition of "You," "Your," and the "United States" (Definition 1) as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it refers to individuals or entities other than the U.S. Department of Justice's Antitrust Division and Office of the Associate Attorney General. In civil cases brought by the United States acting as plaintiff prosecutor, materials in the possession, custody, or control of the United States are limited to the prosecution team and any agencies that jointly participated in, or significantly contributed to, the case. *See United States v. Xlear Inc.*, 2022 WL 5246717, at *2 (D. Utah Oct. 6, 2022); *Deane v. Dynasplint Sys., Inc.*, 2015 WL 1638022, at *4 (E.D. La. Apr. 13, 2015). No other agencies besides the Antitrust Division and Office of the Associate Attorney General meet this description. Plaintiff will respond to these Requests on behalf of the Antitrust Division and Office of the Associate Attorney General only.

2. Plaintiff objects to the definition of "Communication" (Definition 5) to the extent it includes internal notes or memoranda. These notes or memoranda are attorney work product protected from production. *See Hickman v. Taylor*, 329 U.S. 495, 507 (1947); *Upjohn Co. v. United States*, 449 U.S. 383, 401 (1981); *United States v. Deloitte LLP*, 610 F.3d 129, 135 (D.C. Cir. 2010).

3. Plaintiff objects to the definition of "Document" (Definition 7) as overly broad, unduly burdensome, not relevant to any party's claims or defenses or the Court's Tunney Act's proceedings, and not proportional to the needs of the case. Plaintiff will conduct a reasonable search for documents in the places most likely to contain responsive documents and produce non-privileged, responsive documents that are reasonably accessible, maintained in the ordinary course of business, and sufficient to show the requested information.

4. Plaintiff objects to the definition of "Person" (Definition 10) to the extent it includes any natural person or legal entity from whom documents and ESI need not be preserved

and/or produced under the Joint Case Management Statement Order ("CMO") (ECF 103) or Stipulated Order Re: Discovery of Electronically Stored Information ("ESI Protocol") (ECF No. 81). Plaintiff further objects to the definition of "Person" to the extent it seeks production of documents and ESI from experts that exceed the requirements of the CMO. Such documents and ESI are outside the scope of discovery.

5. Plaintiff objects to the Definitions and Instructions to the extent they impose any requirement or obligation greater than or different than those under the Federal Rules of Civil Procedure, CMO, ESI Protocol, and Second Stipulated Protective Order, once entered.

6. Plaintiff objects to the Instructions as overbroad, unduly burdensome, not relevant to any party's claims or defenses or the Court's Tunney Act proceedings, and not proportional to the needs of the case. Specifically, Plaintiff objects to Instructions 1, 4, and 8 on those grounds as they call for the production of "all responsive documents" and "all forms of electronic data collection" from "January 9, 2024, to the present." The specified time period is plainly overbroad given that the United States did not file this action until January 30, 2025, and did not reach a settlement until June 27, 2025. Plaintiff will conduct a reasonable search for documents in the places and time periods most likely to contain responsive documents and produce non-privileged, responsive documents that are reasonably accessible, maintained in the ordinary course of business, and sufficient to show the requested information.

7. Plaintiff objects to Instruction 2 to the extent it imposes obligations beyond those required by the Federal Rules of Civil Procedure, CMO, and ESI Protocol entered in this case. Specifically, Plaintiff's obligations regarding the production and handling of Documents and ESI, including the treatment of foreign language documents, are governed by the ESI Order.

8. Plaintiff objects to Instruction 3 to the extent it imposes obligations beyond those required by the Federal Rules of Civil Procedure, CMO, and ESI Protocol entered in this case.

9. Plaintiff objects to Instruction 4 as overbroad, unduly burdensome, and not proportional to the needs of the case. Plaintiff further objects to Instruction 4 to the extent it imposes obligations beyond those required by the Federal Rules of Civil Procedure, CMO, and ESI Protocol entered in this case. Specifically, Plaintiff's obligations regarding the production

and handling of ESI, including the locations that must be searched for responsive Documents and what metadata must be retained, are governed by the ESI Order.

10. Plaintiff objects to Instruction 5 because it seeks to impose obligations regarding the production of a privilege log, which is governed by the ESI Order.

11. Plaintiff objects to Instruction 6 as overbroad, unduly burdensome, and not proportional to the needs of the case. Plaintiff further objects to Instruction 6 to the extent it imposes obligations beyond those required by the Federal Rules of Civil Procedure, CMO, and ESI Protocol entered in this case.

12. Plaintiff objects to Instruction 7 as overbroad, unduly burdensome, and not proportional to the needs of the case. Plaintiff further objects to Instruction 7 to the extent it imposes obligations beyond those required by the Federal Rules of Civil Procedure, CMO, and ESI Protocol entered in this case.

13. Plaintiff objects to Instruction 8 as overbroad, unduly burdensome, and not proportional to the needs of the case. Plaintiff further objects to Instruction 8 to the extent it imposes obligations beyond those required by the Federal Rules of Civil Procedure, CMO, and ESI Protocol entered in this case.

## **GENERAL OBJECTIONS TO REQUESTS**

1. Specific objections ("Specific Objections") to each Request for Production are made in Plaintiff's responses below. In addition to the Specific Objections, Plaintiff also makes certain general objections ("General Objections") to the Requests. These General Objections are hereby incorporated by reference into the response made to each Request, and Plaintiff intends them to apply globally to these Requests. Further, Plaintiff's responses to these Requests are submitted without prejudice to, and without in any respect, waiving any Specific or General Objections not expressly set forth in that response.

2. Plaintiff objects to the Requests as seeking documents or information protected by the attorney-client privilege, the work-product doctrine, the deliberative process privilege, and other applicable privileges, immunities, and restrictions on discovery. Plaintiff will not produce privileged or protected material. Any inadvertent disclosure of privileged or protected

information by Plaintiff in response to the Requests shall not be deemed a waiver of any such privilege or protection, and Plaintiff expressly requests that any party that receives any such inadvertently produced privileged or protected information immediately return and not make use of it.

3. Plaintiff objects to the Requests as seeking documents not relevant to any party's claim or defense or the Court's Tunney Act proceedings. Specifically, instead of addressing the competitive impact of United States' and HPE's settlement, the Requests primarily focus on speculative allegations about the Department of Justice's internal decision-making process and its negotiations with HPE and Juniper relating to the settlement. These matters do not bear upon whether the Settlement's substantive terms adequately protect competition in the market alleged to be harmed by HPE's acquisition of Juniper and therefore fall outside the Tunney Act's purview. Indeed, the Requests are inconsistent with the Court's admonition that, to the extent "the decision-making process that resulted in a proposed final judgment may be relevant," it is only relevant "to the extent that process bears upon the adequacy of the proposed judgment." Order Re: Tunney Act Review, ECF No. 350, Dec. 31, 2025, at 4 ("Tunney Act Review Order"). "[D]iscovery requests that are targeted solely at the Department of Justice's internal decision-making process and that lack any connection to the adequacy of the proposed final judgment" are likely improper. *Id.* at 6. Additionally, although the Intervenors have adopted Plaintiff's claim under Section 7 of the Clayton Act for purposes of intervention, they are not independently litigating that claim. They are participating only in proceedings relating to the Court's approval of the United States' settlement of the claim. Whether a Request is relevant to a party's claim therefore has a narrower meaning in the present context.

4. Plaintiff objects to the Requests as unduly burdensome because they have little importance to resolving the remaining issues in this case. Specifically, instead of addressing the competitive impact of United States' and HPE's settlement, the Requests primarily focus on speculative allegations about the Department of Justice's internal decision-making process and its negotiations with HPE and Juniper relating to the settlement. These matters do not bear upon whether the Settlement's substantive terms adequately protect competition in the market alleged

1  to be harmed by HPE's acquisition of Juniper. The burden and expense of the proposed
2  discovery therefore outweigh its likely benefit. The Requests therefore fail the proportionality
3  analysis under Rule 26 of the Federal Rules of Civil Procedure and the Court's Order directing
4  discovery to be "focused on the issues pending before the Court." *See* Tunney Act Review Order
5  at 6.

6      5.    Plaintiff objects to the Requests to the extent they seek Documents related to settlement negotiations or conduct or statements made during settlement negotiations, as those Documents are inadmissible under Federal Rule of Evidence 408 and protected from disclosure by the pro-settlement policy embodied by the Rule. *See United States v. Alex. Brown & Sons, Inc.*, 169 F.R.D. 532, 544 (S.D.N.Y. 1996) (recognizing and applying a "pro-settlement policy embodied in Fed. R. Evid. 408, which renders statements made in the course of settlement negotiations inadmissible" to a settlement memorandum that the plaintiffs in a private action sought disclosure).

14      6.    Plaintiff objects to the Requests to the extent they purport to impose greater obligations than those imposed by the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the Northern District of California, this Court's orders, or any other applicable law. Plaintiff will construe and respond to the Requests in accordance with the requirements of the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the Northern District of California, this Court's orders, or any other applicable law.

21      7.    Plaintiff objects to the Requests to the extent they purport to require Plaintiff to search for or produce documents not within its possession, custody, or control, or that cannot be found through a reasonable search. Plaintiff will only search for and produce information and materials that are in its possession, custody, or control.

25      8.    Plaintiff objects to making a separate duplicative production of any documents or ESI already produced or expected to be produced by Defendants or any Non-Party. Plaintiff will not be making any separate duplicative productions.

9. Plaintiff reserves the right to amend and/or supplement these objections and responses to the Requests.

## RESPONSES AND OBJECTIONS TO SPECIFIC REQUESTS

**Request 1:** All communications between You and HPE or Juniper concerning the Settlement or any other potential resolution of a claim or potential claim by the United States concerning the merger of HPE and Juniper, including negotiations of such Settlement or resolution. Your response should include communications conducted with HPE's or Juniper's counsel, lobbyists, advisors, or other of HPE's or Juniper's representatives.

**Response to Request 1:** Plaintiff incorporates its Objections to the Definitions and Instructions and General Objections above. Plaintiff objects to this Request as overbroad, burdensome, and outside the scope of permissible discovery to the extent that it seeks Documents that do not bear upon whether the Settlement's substantive terms adequately protect competition and therefore fall outside the Tunney Act's purview. Plaintiff similarly objects to the Requests as violating the Court's admonition that, to the extent "the decision-making process that resulted in a proposed final judgment may be relevant," it is only relevant "to the extent that process bears upon the adequacy of the proposed judgment." Tunney Act Review Order at 4. Plaintiff objects to this Request as overbroad and unduly burdensome to the extent it calls for "[a]ll communications" when a subset would be sufficient to provide the requested information. Plaintiff objects to this Request as overbroad and unduly burdensome because it seeks not only "[a]ll communications … concerning the Settlement" but also "[a]ll communications … concerning … any other potential resolution of a claim or potential claim by the United States concerning the merger of HPE and Juniper," which go beyond the Settlement that the Court is evaluating and would encompass communications with HPE and Juniper during the United States' investigation and prior to the filing of the complaint. Relatedly, Plaintiff objects to this Request as vague and ambiguous, as the terms "potential resolution," "potential claim," and "negotiations" are not defined. Plaintiff objects to this Request as overbroad, unduly burdensome, and contrary to the intent of the Tunney Act because it seeks a response that includes "communications conducted with HPE's or Juniper's counsel," which would encompass

communications made by HPE's or Juniper's counsel of record alone with employees of the Department of Justice that are expressly excluded from disclosure under 15 U.S.C. § 16(g).

Plaintiff objects to making a separate duplicative production of any documents or ESI already produced or expected to be produced by Defendants or any Non-Party. Plaintiff will not be making any separate duplicative productions.

Subject to and without waiving the foregoing objections and the General Objections, Plaintiff is willing to meet and confer with Intervenors regarding the nature and scope of, and the intent behind, this Request.

**Request 2:** All documents exchanged between You and HPE or Juniper concerning the Settlement or any other potential resolution of a claim or potential claim by the United States concerning the merger of HPE and Juniper, including negotiations of such Settlement or resolution. Your response should include documents exchanged with HPE's or Juniper's counsel, lobbyists, advisors, or other of HPE's or Juniper's representatives.

**Response to Request 2:** Plaintiff incorporates its Objections to the Definitions and Instructions and General Objections above. Plaintiff objects to this Request as overbroad, burdensome, and outside the scope of permissible discovery to the extent that it seeks Documents that do not bear upon whether the Settlement's substantive terms adequately protect competition and therefore fall outside the Tunney Act's purview. Plaintiff similarly objects to the Requests as violating the Court's admonition that, to the extent "the decision-making process that resulted in a proposed final judgment may be relevant," it is only relevant "to the extent that process bears upon the adequacy of the proposed judgment." Tunney Act Review Order at 4. Plaintiff objects to this Request as overbroad and unduly burdensome to the extent it calls for "[a]ll documents" when a subset would be sufficient to provide the requested information. Plaintiff objects to this Request as overbroad and unduly burdensome because it seeks not only "[a]ll documents … concerning the Settlement" but also "[a]ll documents … concerning … any other potential resolution of a claim or potential claim by the United States concerning the merger of HPE and Juniper," which go beyond the Settlement that the Court is evaluating and would encompass documents created during the United States' investigation and prior to the

filing of the complaint. Relatedly, Plaintiff objects to this Request as vague and ambiguous, as the terms "potential resolution," "potential claim," and "negotiations" are not defined. Plaintiff objects to this Request as overbroad, unduly burdensome, and contrary to the intent of the Tunney Act because it seeks a response that includes "documents exchanged with HPE's or Juniper's counsel," which would encompass communications made by HPE's or Juniper's counsel of record alone with employees of the Department of Justice that are expressly excluded from disclosure under 15 U.S.C. § 16(g).

Plaintiff objects to making a separate duplicative production of any documents or ESI already produced or expected to be produced by Defendants or any Non-Party. Plaintiff will not be making any separate duplicative productions.

Subject to and without waiving the foregoing objections and the General Objections, Plaintiff is willing to meet and confer with Intervenors regarding the nature and scope of, and the intent behind, this Request.

**Request 3:** All documents concerning alternative remedies actually considered by You and the anticipated effects thereof.

**Response to Request 3:**

Plaintiff incorporates its Objections to the Definitions and Instructions and General Objections above. Plaintiff objects to this Request to the extent it seeks documents or information protected by the attorney-client privilege, the work-product doctrine, the deliberative process privilege, and other applicable privileges, immunities, and restrictions on discovery. As worded, the Request broadly seeks "all documents concerning alternative remedies actually considered by You," which would encompass all manner of materials covered by one or more of these privileges.  Plaintiff similarly objects to the Request to the extent it is "targeted solely at the Department of Justice's internal decision-making process" and "lack[s] any connection to the adequacy of the proposed final judgment." Tunney Act Review Order at 6. Plaintiff will not produce privileged or protected material. Plaintiff objects to this Request as overbroad, burdensome, and outside the scope of permissible discovery to the extent that it seeks Documents that do not bear upon whether the Settlement's substantive terms adequately protect

competition and therefore fall outside the Tunney Act's purview. Plaintiff objects to this Request as overbroad and unduly burdensome to the extent it calls for "[a]ll documents" when a subset would be sufficient to provide the requested information. Plaintiff also objects to the Request as vague and ambiguous, as "alternative remedies" is not defined, to the extent Intervenors are seeking information beyond what the Tunney Act specifies. The United States has addressed this issue in its Competitive Impact Statement. (Dkt. No. 217-2, at 12-13.) Any documents sought by this Request would only be relevant to a reexamination of the United States' prosecutorial discretion to proceed to trial or settle a civil antitrust case that it has brought. *See United States v. Bechtel Corp.*, 648 F.2d 660, 666 (9th Cir. 1981) ("The balancing of competing social and political interests affected by a proposed antitrust consent decree must be left, in the first instance, to the discretion of the Attorney General.").

Subject to and without waiving the foregoing objections and the General Objections, Plaintiff is willing to meet and confer with Intervenors regarding the nature and scope of, and the intent behind, this Request.

**Request 4:** All documents concerning Your communications with Michael Davis, MRD Law, Arthur Schwartz, Axium Advisors, William Levi, or Sidley Austin LLP relating to the merger of HPE and Juniper.

**Response to Request 4:** Plaintiff incorporates its Objections to the Definitions and Instructions and General Objections above. Plaintiff objects to this Request as overbroad, burdensome, and outside the scope of permissible discovery to the extent that it seeks Documents that do not bear upon whether the Settlement's substantive terms adequately protect competition and therefore fall outside the Tunney Act's purview. Plaintiff similarly objects to the Requests as violating the Court's admonition that, to the extent "the decision-making process that resulted in a proposed final judgment may be relevant," it is only relevant "to the extent that process bears upon the adequacy of the proposed judgment." Tunney Act Review Order at 4. Plaintiff objects to this Request as overbroad and unduly burdensome to the extent it calls for "[a]ll documents" when a subset would be sufficient to provide the requested information. Plaintiff also objects to this Request as overbroad and unduly burdensome because it seeks "[a]ll

documents concerning Your communications" with specified individuals "relating to the merger of HPE and Juniper," which goes beyond the Settlement awaiting approval by this Court. Plaintiff also objects to this Request as duplicative of and subsumed by Requests 1 and 2. Plaintiff also objects to this Request as exceeding the scope of Plaintiff's obligations under the Tunney Act, which places on HPE, and not the United States, the responsibility for adequately disclosing "a description of any all written or oral communications" by or on behalf of HPE by the company's officers, directors, employees, or agents "with any officer or employee of the United States" regarding the proposed Final Judgment. *See* 15 U.S.C. § 16(g).

Plaintiff objects to making a separate duplicative production of any documents or ESI already produced or expected to be produced by Defendants or any Non-Party. Plaintiff will not be making any separate duplicative productions.

Subject to and without waiving the foregoing objections and the General Objections, Plaintiff is willing to meet and confer with Intervenors regarding the nature and scope of, and the intent behind, this Request.

**Request 5:** All documents from the custodial files of Chad Mizelle, Stanley Woodward, Roger Alford, or William Rinner concerning the Settlement or any other potential resolution of a claim or potential claim by the United States regarding the merger of HPE and Juniper, including negotiations of such Settlement or resolution.

**Response to Request 5:** Plaintiff incorporates its Objections to the Definitions and Instructions and General Objections above. Given the positions within the Department currently or formerly held by each of these individuals and the nature and extent of their involvement with this case, Plaintiff specifically objects to this Request as seeking documents or information protected by the attorney-client privilege, the work-product doctrine, the deliberative process privilege, and other applicable privileges, immunities, and restrictions on discovery. Plaintiff similarly objects to the Request because it is "targeted solely at the Department of Justice's internal decision-making process" and "lack[s] any connection to the adequacy of the proposed final judgment." Tunney Act Review Order at 6. Plaintiff will not produce privileged or protected material. Plaintiff objects to this Request as overbroad, burdensome, and outside the

scope of permissible discovery to the extent that it seeks Documents that do not bear upon whether the Settlement's substantive terms adequately protect competition and therefore fall outside the Tunney Act's purview. Plaintiff objects to this Request as overbroad and unduly burdensome to the extent it calls for "[a]ll documents" when a subset would be sufficient to provide the requested information. Plaintiff objects to this Request as overbroad and unduly burdensome because it seeks not only "[a]ll documents … concerning the Settlement" but also "[a]ll documents … concerning … any other potential resolution of a claim or potential claim by the United States concerning the merger of HPE and Juniper," which go beyond the Settlement that the Court is evaluating and would encompass documents created during the United States' investigation and prior to the filing of the complaint. Relatedly, Plaintiff objects to this Request as vague and ambiguous, as the terms "potential resolution" and "potential claim" are not defined. Plaintiff also objects to this Request as duplicative of and subsumed by Requests 1 and 2.

Subject to and without waiving the foregoing objections and the General Objections, Plaintiff is willing to meet and confer with Intervenors regarding the nature and scope of, and the intent behind, this Request.

**Request 6:** All documents concerning Your decision to resolve the claim in this action on the material terms reflected in the Proposed Final Judgment filed in this action (Dkt. No. 217-1).

**Response to Request 6:** Plaintiff incorporates its Objections to the Definitions and Instructions and General Objections above. Plaintiff specifically objects to this Request as seeking documents or information protected by the attorney-client privilege, the work-product doctrine, the deliberative process privilege, and other applicable privileges, immunities, and restrictions on discovery. As worded, the Request broadly seeks "all documents concerning Your decision to resolve the claim in this action," which would encompass all manner of materials covered by one or more of these privileges. Plaintiff similarly objects to the Request because it is "targeted solely at the Department of Justice's internal decision-making process" and "lack[s] any connection to the adequacy of the proposed final judgment." Tunney Act Review Order at 6. Plaintiff will not produce privileged or protected material. Plaintiff objects to this Request as

overbroad, burdensome, and outside the scope of permissible discovery to the extent that it seeks Documents that do not bear upon whether the Settlement's substantive terms adequately protect competition and therefore fall outside the Tunney Act's purview. Notably, in seeking "[a]ll documents concerning Your decision to resolve the claim in this action," this Request asks for documents that would only be relevant to a reexamination of the United States' prosecutorial discretion to proceed to trial or settle a civil antitrust case that it has brought. *See United States v. Bechtel Corp.*, 648 F.2d 660, 666 (9th Cir. 1981) ("The balancing of competing social and political interests affected by a proposed antitrust consent decree must be left, in the first instance, to the discretion of the Attorney General."). That is not an appropriate topic of inquiry under the Tunney Act. Plaintiff also objects to this Request as overbroad and unduly burdensome to the extent it calls for "[a]ll documents" when a subset would be sufficient to provide the requested information. Plaintiff objects to the Request as vague and ambiguous, as "material terms" is not defined.

Subject to and without waiving the foregoing objections and the General Objections, Plaintiff is willing to meet and confer with Intervenors regarding the nature and scope of, and the intent behind, this Request.

**Request 7:** All documents concerning any order, instruction, or directive from Chad Mizelle or Stanely [sic] Woodward to Your Antitrust Division to resolve the claim in this action.

**Response to Request 7:** Plaintiff incorporates its Objections to the Definitions and Instructions and General Objections above. Given the respective positions within the Department formerly held by Mr. Mizelle and currently held by Mr. Woodward, and the nature and extent of their involvement with this case, Plaintiff specifically objects to this Request as seeking documents or information protected by the attorney-client privilege, the work-product doctrine, the deliberative process privilege, and other applicable privileges, immunities, and restrictions on discovery. Plaintiff similarly objects to the Request because it is "targeted solely at the Department of Justice's internal decision-making process" and "lack[s] any connection to the adequacy of the proposed final judgment." Tunney Act Review Order at 6. Plaintiff will not produce privileged or protected material. Plaintiff objects to this Request as overbroad,

13

burdensome, and outside the scope of permissible discovery to the extent that it seeks Documents that do not bear upon whether the Settlement's substantive terms adequately protect competition and therefore fall outside the Tunney Act's purview. Notably, in seeking "[a]ll documents concerning any order, instruction, or directive … to resolve the claim in this action," this Request asks for documents that would only be relevant to a reexamination of the United States' prosecutorial discretion to proceed to trial or settle a civil antitrust case that it has brought. *See United States v. Bechtel Corp.*, 648 F.2d 660, 666 (9th Cir. 1981) ("The balancing of competing social and political interests affected by a proposed antitrust consent decree must be left, in the first instance, to the discretion of the Attorney General."). That is not an appropriate topic of inquiry under the Tunney Act. Plaintiff also objects to this Request as overbroad and unduly burdensome to the extent it calls for "[a]ll documents" when a subset would be sufficient to provide the requested information. Plaintiff objects to the Request as vague and ambiguous, as "order, instruction, or directive" is not defined. Plaintiff also objects to this Request as duplicative of and subsumed by Requests 5 and 6.

Subject to and without waiving the foregoing objections and the General Objections, Plaintiff responds that, to the extent such documents exist, they are protected by attorney-client privilege, the work-product doctrine, the deliberative process privilege, and other applicable privileges, immunities, and restrictions on discovery.

Dated: January 5, 2025

*/s/ Henry C. Su*
HENRY C. SU (CA Bar # 211202)
Senior Litigation Counsel
U.S. Department of Justice, Antitrust Division
450 Fifth Street, NW, Suite 4000
Washington, DC 20530
Telephone: (212) 213-2774
Fax: (202) 514-5847
henry.su@usdoj.gov

ELIZABETH S. JENSEN (CA Bar # 302355)
Assistant Civil Chief, San Francisco Office

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

JEREMY M. GOLDSTEIN (CA Bar # 324422)
MICHAEL G. LEPAGE (DC Bar # 1618918)
Trial Attorneys
U.S. Department of Justice, Antitrust Division
450 Golden Gate Ave, Room 10-0101
San Francisco, CA 94102
Telephone: (415) 229-2934
Email: Jeremy.Goldstein@usdoj.gov

*Attorneys for Plaintiff*
UNITED STATES OF AMERICA

# CERTIFICATE OF SERVICE

I certify that on January 5, 2025, I served Plaintiff's Responses and Objections to Intervenors' First Set of Requests for Production on counsel for Intervenors listed below via email.

/s/ Jeremy M. Goldstein
Jeremy M. Goldstein

ARTHUR BILLER
Senior Assistant Attorney General
BRYN A. WILLIAMS
First Assistant Attorney General
JONATHAN B. SALLET
ROBIN ALEXANDER
Assistant Attorney General
1300 Broadway, 10th Floor
Denver, CO 80203
Telephone: (720)508-6000
Email: Arthur.Biller@coag.gov
Bryn.Williams@coag.gov
Jon.Sallet@coag.gov
Robin.Alexander@coag.gov

*Attorneys for the State of Colorado*

PLAINTIFF'S RESPONSES AND OBJECTIONS TO INTERVENORS' FIRST SET OF REQUESTS FOR PRODUCTION
Case No. 5:25-CV-00951-PCP