HENRY C. SU (CA Bar 211202)
JEREMY M. GOLDSTEIN (CA Bar 324422)
MICHAEL G. LEPAGE (DC Bar 1618918)
U.S. DEPARTMENT OF JUSTICE
ANTITRUST DIVISION
450 Golden Gate Ave, Room 10-0101
San Francisco, CA 94102
henry.su@usdoj.gov
jeremy.goldstein@usdoj.gov
michael.lepage@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

[Additional counsel listed on signature page]

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>*Plaintiff*<br><br>v.<br><br>HEWLETT PACKARD ENTERPRISE CO. and JUNIPER NETWORKS, INC.,<br><br>*Defendants*. | Case No. 5:25-cv-00951-PCP<br><br>**PLAINTIFF'S RESPONSES AND OBJECTIONS TO INTERVENORS' FIRST SET OF INTERROGATORIES**<br><br>Judge:    P. Casey Pitts<br>Action Filed:    January 30, 2025 |

1

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Plaintiff United States of America hereby responds and objects to Intervenors' First Set of Interrogatories (the "Interrogatories").

**OBJECTIONS TO THE DEFINITIONS AND INSTRUCTIONS**

1. Plaintiff objects to the definition of "You," "Your," and the "United States" (Definition 1) as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it refers to individuals or entities other than the U.S. Department of Justice's Antitrust Division and Office of the Associate Attorney General. In civil cases brought by the United States acting as plaintiff prosecutor, materials in the possession, custody, or control of the United States are limited to the prosecution team and any agencies that jointly participated in, or significantly contributed to, the case. *See United States v. Xlear Inc.*, 2022 WL 5246717, at *2 (D. Utah Oct. 6, 2022); *Deane v. Dynasplint Sys., Inc.*, 2015 WL 1638022, at *4 (E.D. La. Apr. 13, 2015). No other agencies besides the Antitrust Division and Office of the Associate Attorney General meet this description. Plaintiff will respond to these Interrogatories on behalf of the Antitrust Division and Office of the Associate Attorney General only.

2. Plaintiff objects to the definition of "Communication" (Definition 5) to the extent it includes notes or memoranda of interviews with non-parties. These notes or memoranda are attorney work product protected from disclosure. *See Hickman v. Taylor*, 329 U.S. 495, 507 (1947); *Upjohn Co. v. United States*, 449 U.S. 383, 401 (1981); *United States v. Deloitte LLP*, 610 F.3d 129, 135 (D.C. Cir. 2010).

3. Plaintiff objects to the definition of "Person" (Definition 14) to the extent it includes any natural person or legal entity from whom information need not be preserved and/or produced under the CMO or ESI Protocol. Plaintiff further objects to the definition of "Person" to the extent it seeks information from experts that exceed the requirements of the CMO. Such information is outside the scope of discovery.

4. Plaintiff objects to the Definitions and Instructions of Intervenors' First Set of Interrogatories to the extent that they seek to impose any requirement or obligation greater than or different than those under the Federal Rules of Civil Procedure, the Local Rules of the

1  Northern District of California, the Stipulated Order Regarding Discovery of Electronically
2  Stored Information ("ESI Protocol") (ECF No. 81), the Joint Case Management Statement &
3  [Proposed] Order ("CMO") (ECF No. 103), and the Second Stipulated Protective Order, once
4  entered.

5       5.    Plaintiff objects to the Instructions to the extent they attempt to impose any
6  requirement or obligation to provide information not reasonably available to the Antitrust
7  Division.

## GENERAL OBJECTIONS TO INTERROGATORIES

9       1.    Specific objections ("Specific Objections") to each Interrogatory are made in
10 Plaintiffs' responses below. In addition to the Specific Objections, Plaintiff also makes certain
11 general objections ("General Objections") to the Interrogatories. These General Objections are
12 hereby incorporated by reference into the response made to each Interrogatory, and Plaintiff
13 intends them to apply globally to these Interrogatories. Further, Plaintiff's responses to these
14 Interrogatories are submitted without prejudice to, and without in any respect, waiving any
15 Specific or General Objections not expressly set forth in that response.

16      2.    Plaintiff objects to the Interrogatories as seeking information protected by the
17 attorney-client privilege, the work-product doctrine, the deliberative privilege, and other
18 applicable privileges, immunities, and restrictions on discovery. Plaintiff will not provide
19 privileged or protected information. Any inadvertent disclosure of privileged or protected
20 information by Plaintiff in response to the Interrogatories shall not be deemed a waiver of any
21 such privilege or protection, and Plaintiff expressly requests that any party that receives any such
22 inadvertently produced privileged or protected information not make use of it.

23      3.    Plaintiff objects to the Interrogatories to the extent they seek information not
24 relevant to any party's claim or defense or the Court's Tunney Act proceedings. Specifically,
25 instead of addressing the competitive impact of United States' and HPE's settlement, the
26 Interrogatories primarily focus on speculative allegations about the Department of Justice's
27 internal decision-making process and its negotiations with HPE and Juniper relating to the
28 settlement. These matters do not bear upon whether the Settlement's substantive terms

1  adequately protect competition in the market alleged to be harmed by HPE's acquisition of
2  Juniper and therefore fall outside the Tunney Act's purview. Indeed, the Interrogatories are
3  inconsistent with the Court's admonition that, to the extent "the decision-making process that
4  resulted in a proposed final judgment may be relevant," it is only relevant "to the extent that
5  process bears upon the adequacy of the proposed judgment." Order Re: Tunney Act Review,
6  ECF No. 350, Dec. 31, 2025, at 4 ("Tunney Act Review Order"). "[D]iscovery requests that are
7  targeted solely at the Department of Justice's internal decision-making process and that lack any
8  connection to the adequacy of the proposed final judgment" are likely improper. *Id.* at 6.
9  Additionally, although the Intervenors have adopted Plaintiff's claim under Section 7 of the
10 Clayton Act for purposes of intervention, they are not independently litigating that claim. They
11 are participating only in proceedings relating to the Court's approval of the United States'
12 settlement of the claim. Whether an Interrogatory is relevant to a party's claim therefore has a
13 narrower meaning in the present context.

14      4.     Plaintiff objects to the Interrogatories as unduly burdensome because they have
15 little importance in resolving the remaining issues in this case. Specifically, instead of addressing
16 the competitive impact of United States' and HPE's settlement, the Interrogatories primarily
17 focus on speculative allegations about the Department of Justice's internal decision-making
18 process and its negotiations with HPE and Juniper relating to the settlement. These matters do
19 not bear upon whether the Settlement's substantive terms adequately protect competition in the
20 market alleged to be harmed by HPE's acquisition of Juniper. The burden and expense of the
21 proposed discovery therefore outweigh its likely benefit. The Interrogatories therefore fail the
22 proportionality analysis under Rule 26 of the Federal Rules of Civil Procedure and the Court's
23 order directing discovery to be "focused on the issues pending before the Court." *See* Tunney
24 Act Review Order at 6.

25      5.     Plaintiff objects to the Interrogatories to the extent they seek information related
26 to settlement negotiations or conduct or statements made during settlement negotiations, as such
27 factual details are inadmissible under Federal Rule of Evidence 408 and protected by the pro-
28 settlement policy embodied by the Rule. *See United States v. Alex. Brown & Sons, Inc.*,

169 F.R.D. 532, 544 (S.D.N.Y. 1996) (recognizing and applying a "pro-settlement policy embodied in Fed. R. Evid. 408, which renders statements made in the course of settlement negotiations inadmissible" to a settlement memorandum that the plaintiffs in a private action sought disclosure).

6. Plaintiff objects to the Interrogatories to the extent they purport to impose greater obligations than those imposed by the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the Northern District of California, this Court's orders, or any other applicable law. Plaintiff will construe and respond to the Interrogatories in accordance with the requirements of the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the Northern District of California, this Court's orders, or any other applicable law.

7. Plaintiff objects to the Interrogatories to the extent they purport to require Plaintiff to search for or provide information not within its possession, custody, or control, or that cannot be found through a reasonable search. Plaintiff will only search for and provide information within its possession, custody, or control.

8. Plaintiff reserves the right to amend and/or supplement these objections and responses to the Interrogatories.

**RESPONSES AND OBJECTIONS TO SPECIFIC INTERROGATORIES**

**Interrogatory 1:** Identify all Persons who communicated with the [sic] You on behalf of HPE or Juniper concerning the Settlement or any other potential resolution of a claim or potential claim by the United States concerning the merger of HPE and Juniper, including negotiations of such Settlement or resolution, excluding HPE's outside counsel who entered an appearance in this action, and excluding Juniper's outside counsel who entered an appearance in this action.

**Response to Interrogatory 1:** Plaintiff incorporates its Objections to the Definitions and Instructions and General Objections above. Plaintiff objects to this Interrogatory as overbroad, burdensome, and outside the scope of permissible discovery to the extent that it seeks information that does not bear upon whether the Settlement's substantive terms adequately

protect competition and therefore fall outside the Tunney Act's purview. Plaintiff objects to this Interrogatory as overbroad and unduly burdensome because it seeks not only the identification of "all Persons who communicated … concerning the Settlement" but also "all Persons who communicated … concerning … any other potential resolution of a claim or potential claim by the United States concerning the merger of HPE and Juniper," which goes beyond the Settlement that the Court is evaluating and would encompass communications with HPE and Juniper during the United States' investigation and prior to the filing of the complaint. Relatedly, Plaintiff objects to this Interrogatory as vague and ambiguous, as the terms "potential resolution," "potential claim," and "negotiations" are not defined. Plaintiff also objects to this Interrogatory as duplicative of the disclosure required of Defendants under 15 U.S.C. § 16(g). The Tunney Act places on HPE, and not the United States, the responsibility for adequately disclosing "a description of any all written or oral communications" by or on behalf of HPE by the company's officers, directors, employees, or agents "with any officer or employee of the United States" regarding the proposed Final Judgment. *See* 15 U.S.C. § 16(g). Plaintiff responds to this Interrogatory by referring Intervenors to Defendants' Description and Certification of Written or Oral Communications by Hewlett Packard Enterprise Co, and Juniper Networks, Inc. Concerning the Proposed Final Judgment (Dkt. No. 228).

Subject to and without waiving the foregoing objections and the General Objections, and to the extent this Interrogatory is seeking more information than what has already been disclosed by Defendants, Plaintiff is willing to meet and confer with Intervenors regarding the nature and scope of, and the intent behind, this Interrogatory.

**Interrogatory 2:** Identify the "credible defenses that introduced meaningful uncertainty" as You used that phrase in Your Opposition to Motion For Intervention (Dkt. No. 299).

**Response to Interrogatory 2:** Plaintiff incorporates its Objections to the Definitions and Instructions and General Objections above. Plaintiff objects to this Interrogatory as overbroad, burdensome, and outside the scope of permissible discovery to the extent that it seeks information that does not bear upon whether the Settlement's substantive terms adequately protect competition and therefore fall outside the Tunney Act's purview.

As support for the sentence containing the phrase "credible defenses that introduced meaningful certainty" in its Opposition to Motion for Intervention, Plaintiff specifically referenced Defendants' Pretrial Brief and Proposed Findings of Fact and Conclusions of Law (Dkt. Nos. 200 & 201). *See* Pl.'s Opp. to Mot. for Intervention (Dkt. No. 299), at 24:10–12. To the extent that this Interrogatory seeks information underlying the phrase "credible defenses that introduced meaningful uncertainty" beyond that set forth in Defendants' Pretrial Brief and Proposed Findings of Fact and Conclusions of Law, Plaintiff objects on the grounds that the Interrogatory is asking for the mental recollections and impressions of the attorneys representing Plaintiff, or of the staff working under their direction, or for information contained in memoranda and notes prepared by those attorneys and their staff for purposes of the investigation and litigation. If any such information existed and were responsive, it would be protected from disclosure, including by the attorney-client privilege, the deliberative process privilege, the attorney work product doctrine, the law enforcement investigatory files privilege, and other applicable privileges, immunities, and restrictions on discovery.

Subject to the foregoing objections, Plaintiff answers this Interrogatory as follows:

In their Pretrial Brief, Defendants asserted that virtually all industry participants agreed that the merger of HPE and Juniper would not harm competition. Defs.' Pretrial Br. at 1:2. They claimed that competition with respect to enterprise-grade WLAN was dynamic, driven by well-funded, innovative competitors and sophisticated, demanding customers. *Id.* at 1:2–3. They contended that industry participants would describe the combination of HPE and Juniper as "good for competition," because the combined entity would purportedly provide a "much greater competitive threat" to Cisco. *Id.* at 1:4–7. Defendants asserted that few customers had any concerns about the combination of HPE and Juniper. *Id.* at 2:2–4.

Defendants stated that HPE traditionally focused on infrastructure, such as servers and storage devices, while Juniper focused on network routers, firewalls, and data center switches. Defs.' Pretrial Br. at 1:10–12. Defendants alleged that by uniting HPE's and Juniper's complementary portfolios, the merger would deliver a full stack of diverse products and

solutions to customers, drive innovation, and open new opportunities for other competitors to grow and win business. *Id.* at 1:12–14.

Defendants alleged that the market share of HPE and Juniper combined would still be less than half of Cisco's. Defs.' Pretrial Br. at 1:19–20. Defendants contended that the merged entity would have a share of the relevant market below 30%, and they claimed that the market share fell below the legal threshold for a presumption of harm to competition. *Id.* at 1:23–26.

Defendants claimed that at least eight players other than HPE and Juniper routinely competed for, and won, major enterprise WLAN customers in the United States. Defs.' Pretrial Br. at 2:28–3:1. They described these firms as well-capitalized, innovative, and aggressive firms, each bent on taking market share. *Id.* at 3:1–2. Defendants alleged that some of these companies are dominant players in related networking markets and are actively leveraging those strengths to grow in WLAN. *Id.* at 3:2–3. According to them, other players won business by delivering technological breakthroughs or pioneering flexible service-delivery models. *Id.* at 3:3–4. Defendants maintained that all of these players competed fiercely on price, sometimes discounting by more than 80% to win business. *Id.* at 3:4–5. And, they asserted, barriers to entry were low, ensuring a steady flow of newcomers in an already dynamic space. *Id.* at 3:5–6.

Defendants described their own quantitative analyses, which they claimed would show that the transaction presents no real risk of increased prices in the United States via either unilateral or coordinated effects and is unlikely to inhibit the global market for WLAN innovation. Defs.' Pretrial Br. at 3:7–12.

Defendants claimed that numerous third parties, including reputable industry analysts, resellers of WLAN products, WLAN customers, and even Defendants' own competitors, would testify that the market is filled with hungry competitors jockeying for market share. Defs.' Pretrial Br. at 3:13–15. They also asserted that documentary evidence would confirm that existing players and new entrants would prevent any theoretical attempt by the merged entity to raise prices or curtail innovation. *Id.* at 3:16–18.

Defendants stated that, at trial, they would seek to place the Department of Justice's focus on HPE and Juniper's competition in WLAN into a broader, real-world context, and that they would show that the proposed transaction rested on a vision to combine their complementary offerings into a full stack of server, storage, and networking products and solutions that would create a stronger challenger to Cisco across multiple markets. Defs.' Pretrial Br. at 3:19–23.

For additional detail, Plaintiff refers Intervenors to Defendants' Pre-Trial Brief and Proposed Findings of Fact and Conclusions of Law.

**Interrogatory 3:** Identify all individuals who were involved in negotiating the Settlement and state what their role was in doing so.

**Response to Interrogatory 3:** Plaintiff incorporates its Objections to the Definitions and Instructions and General Objections above. Plaintiff objects to this Interrogatory as overbroad, burdensome, and outside the scope of permissible discovery to the extent that it seeks information that does not bear upon whether the Settlement's substantive terms adequately protect competition and therefore fall outside the Tunney Act's purview. Plaintiff objects to this Interrogatory as vague, ambiguous, and hence overbroad because it is not clear whether "all individuals" is limited to Persons within the Antitrust Division, and what is encompassed by the verb "negotiating."

Plaintiff also objects to this Interrogatory on the grounds that in seeking information regarding the "role" of each individual "involved in negotiating the Settlement," the Interrogatory may be asking for the mental recollections and impressions of the attorneys representing Plaintiff, or of the staff working under their direction, or for information contained in memoranda and notes prepared by those attorneys and their staff for purposes of the investigation and litigation. If any such information existed and were responsive, it would be protected from disclosure, including by the attorney-client privilege, the deliberative process privilege, the attorney work product doctrine, the law enforcement investigatory files privilege, and other applicable privileges, immunities, and restrictions on discovery.

Subject to and without waiving the foregoing objections and the General Objections, Plaintiff is willing to meet and confer with Intervenors regarding the nature and scope of, and the intent behind, this Interrogatory.

**Interrogatory 4:** State the alternative remedies actually considered by You and the anticipated effects thereof, and identify all documents related to such alternative remedies.

**Response to Interrogatory 4:** Plaintiff incorporates its Objections to the Definitions and Instructions and General Objections above. Plaintiff objects to this Request to the extent it seeks information protected by the attorney-client privilege, the work-product doctrine, the deliberative process privilege, and other applicable privileges, immunities, and restrictions on discovery. Plaintiff objects to this Interrogatory as overbroad, burdensome, and outside the scope of permissible discovery to the extent that it seeks information that does not bear upon whether the Settlement's substantive terms adequately protect competition and therefore fall outside the Tunney Act's purview. Plaintiff objects to this Interrogatory as vague and ambiguous, as "alternative remedies" is not defined, to the extent Intervenors are seeking information beyond what the Tunney Act specifies. The United States has addressed this issue in its Competitive Impact Statement. (Dkt. No. 217-2, at 12–13.) Any information sought by this Interrogatory would only be relevant to a reexamination of the United States' prosecutorial discretion to proceed to trial or settle a civil antitrust case that it has brought. *See United States v. Bechtel Corp.*, 648 F.2d 660, 666 (9th Cir. 1981) ("The balancing of competing social and political interests affected by a proposed antitrust consent decree must be left, in the first instance, to the discretion of the Attorney General."). That is not an appropriate line of inquiry under the Tunney Act.

Subject to and without waiving the foregoing objections and the General Objections, Plaintiff is willing to meet and confer with Intervenors regarding the nature and scope of, and the intent behind, this Interrogatory.

Dated: January 5, 2025

*/s/ Henry C. Su*
HENRY C. SU (CA Bar # 211202)
Senior Litigation Counsel
U.S. Department of Justice, Antitrust Division
450 Fifth Street, NW, Suite 4000
Washington, DC 20530
Telephone: (212) 213-2774
Fax: (202) 514-5847
henry.su@usdoj.gov

ELIZABETH S. JENSEN (CA Bar # 302355)
Assistant Civil Chief, San Francisco Office

JEREMY M. GOLDSTEIN (CA Bar # 324422)
MICHAEL G. LEPAGE (DC Bar # 1618918)
Trial Attorneys
U.S. Department of Justice, Antitrust Division
450 Golden Gate Ave, Room 10-0101
San Francisco, CA 94102
Telephone: (415) 229-2934
Email: Jeremy.Goldstein@usdoj.gov

*Attorneys for Plaintiff*
UNITED STATES OF AMERICA

PLAINTIFF'S RESPONSES AND OBJECTIONS TO INTERVENORS' FIRST SET OF INTERROGATORIES
Case No. 5:25-CV-00951-PCP

# CERTIFICATE OF SERVICE

I certify that on January 5, 2025, I served Plaintiff's Responses and Objections to Intervenors' First Set of Interrogatories on counsel for Intervenors listed below via email.

                                              */s/ Jeremy M. Goldstein*
                                              Jeremy M. Goldstein

ARTHUR BILLER
Senior Assistant Attorney General
BRYN A. WILLIAMS
First Assistant Attorney General
JONATHAN B. SALLET
ROBIN ALEXANDER
Assistant Attorney General
1300 Broadway, 10th Floor
Denver, CO 80203
Telephone: (720)508-6000
Email: Arthur.Biller@coag.gov
Bryn.Williams@coag.gov
Jon.Sallet@coag.gov
Robin.Alexander@coag.gov

*Attorneys for the State of Colorado*