**PHIL WEISER**
Attorney General

**NATALIE HANLON LEH**
Chief Deputy Attorney General

**SHANNON STEVENSON**
Solicitor General

**TANJA WHEELER**
Associate Chief Deputy Attorney General



# STATE OF COLORADO
## DEPARTMENT OF LAW

**RALPH L. CARR**
**COLORADO JUDICIAL CENTER**
1300 Broadway, 10th Floor
Denver, Colorado 80203
Phone (720) 508-6000

Consumer Protection Section

January 05, 2026

Henry Su
U.S Department of Justice
Antitrust Division
Liberty Square Building
450 5th Street, N.W.
Washington, DC 20530

RE:   *United States of America v. Hewlett Packard Enterprise Co., et al.*, No. 5:25-cv-00951-PCP

Dear Henry:

We write in response to your letter dated December 23, 2025, regarding subpoenas directed to former Deputy Assistant Attorney General William J. Rinner, former Principal Deputy Assistant Attorney General Roger P. Alford, and former Chief of Staff to the Attorney General Chad R. Mizelle.  We disagree with your assertion that the "subpoenas must conform to the Department's *Touhy* regulations," and disagree that any affidavit or written statement summarizing the testimony sought is required.

The Ninth Circuit squarely held that "district courts should apply the federal rules of discovery when deciding on discovery requests made against government agencies." *Exxon Shipping Co. v. U.S. Dep't of Interior*, 34 F.3d 774, 780 (9th Cir. 1994).  In doing so, the court confirmed that 5 U.S.C. § 301, the statute authorizing *Touhy* regulations, is merely a housekeeping statute and does not authorize withholding information.  *Id*. at 777–78; *see also Chrysler Corp. v. Brown*, 441 U.S. 281, 310 (1979).  The Ninth Circuit further rejected sovereign immunity as a basis to avoid compliance, emphasizing that such limits apply only to state court subpoenas, not federal court subpoenas, and warned that allowing agencies to disregard federal court subpoenas would raise serious separation-of-powers concerns.  *Id*. at 778.  As the Ninth Circuit made clear: "we decline to hold that federal courts cannot compel federal officers to give factual testimony."  *Id*. at 778–79.

Nevertheless, in an effort to resolve a potential dispute regarding these subpoenas, the following is a summary of deposition testimony sought from each witness.  The terms used in the summaries below have the same meaning ascribed to them in the Intervenors' First Set of Requests for Production to Plaintiff United States of America, dated December 22, 2025.

Roger Alford:

1) Communications, and documents exchanged, between the United States and HPE or Juniper concerning the initiation, continuation, or discontinuation of any court action concerning the merger of HPE and Juniper, the Settlement or any other potential resolution of a claim or potential claim by the United States concerning the merger of HPE and Juniper, including negotiations of such Settlement or resolution. This includes communications conducted, and documents exchanged, with HPE's or Juniper's counsel, lobbyists, advisors, or other of HPE's or Juniper's representatives.
2) Alternative remedies actually considered by the United States and the anticipated effects thereof.
3) Communications, and documents exchanged, between the United States and Michael Davis, MRD Law, Arthur Schwartz, Axium Advisors, William Levi, or Sidley Austin LLP relating to the merger of HPE and Juniper.
4) As to each witness, any documents produced to the States that were either (a) from that witness's custodial files; (b) sent or received by that witness; (c) possessed by that witness; or (d) that circumstances suggest the witness had knowledge of.
5) The decision to resolve the claim in this action on the material terms reflected in the Proposed Final Judgment filed in this action (Dkt. No. 217-1)
6) Any order, instruction, or directive from Chad Mizelle or Stanley Woodward to the Antitrust Division to resolve the claim in this action.
7) The Settlement or any other potential resolution of a claim or potential claim by the United States concerning the merger of HPE and Juniper, including negotiations of such Settlement or resolution.
8) The divestiture of HPE's Instant On business line as proposed in the Settlement.
9) The license of AI Ops for Mist Source Code as proposed in the Settlement.
10) Mr. Alford's speech on August 18, 2025, at the Tech Policy Institute Aspen Forum entitled "The Rule of Law Versus the Rule of Lobbyists," and all matters alleged therein.
11) Mr. Alford's testimony before the Committee of the Judiciary, Subcommittee on the Administrative State, Regulatory Reform, and Antitrust, on December 16, 2025, and all matters alleged therein concerning the merger of HPE and Juniper and the Settlement.

William Rinner:

1) Communications, and documents exchanged, between the United States and HPE or Juniper concerning the initiation, continuation, or discontinuation of any court action concerning the merger of HPE and Juniper, the Settlement or any other potential resolution of a claim or potential claim by the United States

    concerning the merger of HPE and Juniper, including negotiations of such Settlement or resolution. This includes communications conducted, and documents exchanged, with HPE's or Juniper's counsel, lobbyists, advisors, or other of HPE's or Juniper's representatives.

2) Alternative remedies actually considered by the United States and the anticipated effects thereof.
3) Communications, and documents exchanged, between the United States and Michael Davis, MRD Law, Arthur Schwartz, Axium Advisors, William Levi, or Sidley Austin LLP relating to the merger of HPE and Juniper.
4) As to each witness, any documents produced to the States that were either (a) from that witness's custodial files; (b) sent or received by that witness; (c) possessed by that witness; or (d) that circumstances suggest the witness had knowledge of.
5) The decision to resolve the claim in this action on the material terms reflected in the Proposed Final Judgment filed in this action (Dkt. No. 217-1)
6) Any order, instruction, or directive from Chad Mizelle or Stanley Woodward to the Antitrust Division to resolve the claim in this action.
7) The Settlement or any other potential resolution of a claim or potential claim by the United States concerning the merger of HPE and Juniper, including negotiations of such Settlement or resolution.
8) The divestiture of HPE's Instant On business line as proposed in the Settlement.
9) The license of AI Ops for Mist Source Code as proposed in the Settlement.
10) Mr. Alford's speech on August 18, 2025, at the Tech Policy Institute Aspen Forum entitled "The Rule of Law Versus the Rule of Lobbyists," and all matters alleged therein.
11) Mr. Alford's testimony before the Committee of the Judiciary, Subcommittee on the Administrative State, Regulatory Reform, and Antitrust, on December 16, 2025, and all matters alleged therein concerning the merger of HPE and Juniper and the Settlement.

Chad Mizelle:

1) Communications, and documents exchanged, between the United States and HPE or Juniper concerning the initiation, continuation, or discontinuation of any court action concerning the merger of HPE and Juniper, the Settlement or any other potential resolution of a claim or potential claim by the United States concerning the merger of HPE and Juniper, including negotiations of such Settlement or resolution. This includes communications conducted, and documents exchanged, with HPE's or Juniper's counsel, lobbyists, advisors, or other of HPE's or Juniper's representatives.
2) Alternative remedies actually considered by the United States and the anticipated effects thereof.

3) Communications, and documents exchanged, between the United States and Michael Davis, MRD Law, Arthur Schwartz, Axium Advisors, William Levi, or Sidley Austin LLP relating to the merger of HPE and Juniper.
4) As to each witness, any documents produced to the States that were either (a) from that witness's custodial files; (b) sent or received by that witness; (c) possessed by that witness; or (d) that circumstances suggest the witness had knowledge of.
5) The decision to resolve the claim in this action on the material terms reflected in the Proposed Final Judgment filed in this action (Dkt. No. 217-1)
6) Any order, instruction, or directive from Chad Mizelle or Stanley Woodward to the Antitrust Division to resolve the claim in this action.
7) The Settlement or any other potential resolution of a claim or potential claim by the United States concerning the merger of HPE and Juniper, including negotiations of such Settlement or resolution.
8) The divestiture of HPE's Instant On business line as proposed in the Settlement.
9) The license of AI Ops for Mist Source Code as proposed in the Settlement.
10) Mr. Alford's speech on August 18, 2025, at the Tech Policy Institute Aspen Forum entitled "The Rule of Law Versus the Rule of Lobbyists," and all matters alleged therein.
11) Mr. Alford's testimony before the Committee of the Judiciary, Subcommittee on the Administrative State, Regulatory Reform, and Antitrust, on December 16, 2025, and all matters alleged therein concerning the merger of HPE and Juniper and the Settlement.

Finally, please let us know whether the Department of Justice is representing any of these witnesses regarding their subpoenas, and if so, whether you are authorized to accept service of the subpoenas on their behalf.

If you have any questions or would like to discuss, please let us know.

Sincerely,

FOR THE ATTORNEY GENERAL

*Arthur Biller*

Page 5

                                              Senior Assistant Attorney General
Antitrust Unit
Consumer Protection Section
Colorado Department of Law
1300 Broadway, 9th Floor
Denver, CO 80203
(720)508-6228
Arthur.Biller@coag.gov

Cc:    Jeremy Goldstein
       Michael Lepage
       Samuel Liversidge
       Julie Elmer
       Jennifer Mellott