PHILIP J. WEISER
Attorney General
ARTHUR BILLER (*pro hac vice*)
Senior Assistant Attorney General
BRYN A. WILLIAMS
First Assistant Attorney General (SBN 301699)
1300 Broadway, 10th Floor
Denver, CO 80203
Telephone: (720)508-6000
Email: Arthur.Biller@coag.gov
          Bryn.Williams@coag.gov

*Attorneys for Intervenors*

[Additional counsel listed on signature page]

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 5:25-cv-00951-PCP |
| *Plaintiff*, | **INTERVENORS' FIRST SET OF REQUESTS FOR PRODUCTION TO DEFENDANT HEWLETT PACKARD ENTERPRISE CO.** |
| vs. | |
| HEWLETT PACKARD ENTERPRISE CO. and JUNIPER NETWORKS, INC. | Judge: P. Casey Pitts |
| *Defendants*. | Action Filed: January 30, 2025 |

The States submit this First Set of Requests for Production to Defendant Hewlett Packard Enterprise Co., pursuant to Federal Rule of Civil Procedure 34.

**DEFINITIONS**

1. The terms "You," "Your," and "HPE" mean Defendant Hewlett Packard Enterprise Co., its parents, predecessors, divisions, subsidiaries, affiliates, partnerships, and joint ventures, and all directors, officers, employees, agents, attorneys, lobbyists, and representatives of the foregoing.

2. "Juniper" means Juniper Networks, Inc., its parents, predecessors, divisions, subsidiaries, affiliates, partnerships, and joint ventures, and all directors, officers, employees, agents, attorneys, lobbyists, and representatives of the foregoing.

3. The terms "and" and "or" have both conjunctive and disjunctive meanings as necessary to bring within the scope of this request anything that might otherwise be outside its scope. The terms "each," "any," and "all" mean "each and every." The singular form of a noun or pronoun includes its plural form, and vice versa; and the present tense of any word includes the past tense, and vice versa.

4. The term "Communication" means any transmittal of information by, between, or among any person(s) and/or entit(ies), whether written, oral, or electronic, and includes any Document containing or reflecting Communications.

5. The terms "concerning" or "related to" mean in whole or in part addressing, analyzing, constituting, containing, describing, discussing, identifying, mentioning, reflecting, referring to, dealing with, pertaining to, reporting on, stating, or in any way logically or factually connected with the matter.

6. The term "document" shall be given the broadest meaning pursuant to Federal Rule of Civil Procedure 34, and includes all written, printed, handwritten, recorded, electronic or graphic material of any kind, however produced or reproduced, and regardless of where located, including all electronically stored information such as emails, text messages, chats, messaging applications, collaboration programs or tools (such as Microsoft Teams or Slack), conferencing applications, voicemail, social media accounts, letters, logs, drafts, messages, records, spreadsheets, summaries, calendar or diary entries, notes, minutes, working papers, agendas, recordings, facsimile transmissions, metadata, embedded data, databases, images, audio, video, and all other tangible preservations of information.

7. "Computer Files" includes information stored in, or accessible through, computer or other information retrieval systems. Thus, the Company should produce documents that exist in machine-readable form, including documents stored in personal computers, portable computers, workstations, minicomputers, mobile devices, mainframes, servers, backup disks and tapes, archive disks and tapes, and other forms of offline storage, whether on or off Company premises.

8. "Electronically Stored Information" or "ESI" refers to any information, document, or data found on a computer or other device capable of storing electronic data, where such data is

capable of being manipulated as an entry. "Electronically stored information" also includes all non-public information that can be accessed using any hyperlink that appears in any document submitted in response to this subpoena, if the information that can be accessed using the hyperlink is in Your possession, custody, or control. Devices capable of storing Electronically Stored Information include, but are not limited to: servers, desktop computers, portable computers, handheld computers, flash memory devices, wireless communication devices, pagers, workstations, minicomputers, mainframes, and any other forms of online or offline storage, whether on or off company premises.

9. "Person" means any natural person, proprietorship, corporation, company, partnership, trust, joint venture, group, association, organization, government entity, legal entity, or other entity.

10. "Settlement" means any agreement between You and the United States to resolve the claim brought by the United States against You in the Complaint in this action (Dkt. No. 1). The term Settlement includes the Proposed Final Judgment filed in this action (Dkt. No. 217-1), and the Amended Proposed Final Judgment filed in this action (Dkt. No. 311-2).

**INSTRUCTIONS**

1. This Request for Production calls for the production of all responsive documents in Your possession, custody, or control, including documents that are available to You from any source, including Your affiliates, officers, directors, partners, members, employees, agents, representatives, or attorneys.

2. Documents provided shall be complete and unredacted, submitted as found in the company's files (e.g., documents that in their original condition were stapled, clipped or otherwise fastened together or maintained in separate file folders shall be produced in such form). Those documents written in a language other than English are to be translated into English; submit the foreign language document with the English language translation attached thereto.

3. You are instructed to produce documents either as they are kept in the usual course of business or organized and labeled to respond to the categories in this Request for Production.

4. The scope of Your search for ESI that is responsive to any document request shall include all forms of electronic data collection, preservation, transmission, communication, and

- 3 -

Intervenors' First Set of Requests for Production to Defendant Hewlett Packard Enterprise Co. –
Case No. 5:25-cv-00951-PCP

storage, including but not limited to all data generated and maintained in the ordinary course of business by You on or in the following:

    a.    Local and network computers and storage devices;

    b.    Distributed, removable, or portable data, i.e., information that resides on portable media and non-local devices, including home computers, laptops, DVDs, solid-state and flash memory drives, cloud storage or other internet repositories (such as email hosted by web services such as Gmail), and handheld storage devices such as smartphones and tablets;

    c.    Voicemail and email systems, alternative communication and messaging systems (such as instant messaging or chat systems like Teams, Telegram, WhatsApp, or Slack), text messaging systems, file and print servers, and fax servers;

    d.    Legacy data, i.e., retained data that has been created or stored by the use of software or hardware that has been rendered outmoded or obsolete; and

    e.    Metadata, i.e., information regarding a particular data set which describes how, when, and by whom it was collected, created, accessed, and modified, and how it is formatted.

5.    If all or any part of any discovery request is objected to as seeking privileged information, for each such objection provide the following information:

    a.    the nature of the privilege asserted (*i.e.* attorney-client, work product);

    b.    the type of Document or Communication (*e.g.*, letter, email, memorandum, notes of meeting, conversations, etc.) and its title (if any);

    c.    the date said Document or Communication was created or occurred;

    d.    the length of the Document or Communication (in pages);

    e.    the author or speaker;

    f.    the job title and business address of the author and all recipients; and

    g.    the subject matter of the Document or Communication.

6.    In addition to original and final versions of documents, all drafts, alterations, modifications, changes, and amendments of documents should be produced, as well as copies non-

- 4 -

Intervenors' First Set of Requests for Production to Defendant Hewlett Packard Enterprise Co. –
Case No. 5:25-cv-00951-PCP

identical to the original in any respect, including any copy bearing non-identical markings or notations of any kind.

7.  If Documents responsive to a particular document request no longer exist, but are known to have been in existence, state the circumstances under which they were lost or destroyed, describe the Documents to the fullest extent possible, state the document request(s) to which they are responsive, and identify persons having knowledge of the content of such Documents. If any responsive Documents are not in Your possession, custody, or control, identify the precise location of such responsive Documents.

8.  Unless otherwise noted, the time period covered by this Request for Production is January 9, 2024 to the present.

**REQUESTS**

1.  All engagement agreements, contracts, and scope of work documents between You and the following Persons or their firms: (i) Michael Davis or MRD Law; (ii) Arthur Schwartz or Axium Advisors; and (iii) William Levi or Sidley Austin LLP.

2.  All communications between You or Juniper and the United States concerning the Settlement or any other potential resolution of a claim or potential claim by the United States concerning the merger of You and Juniper, including negotiations of such Settlement or resolution. Your response should include communications conducted by Your counsel, lobbyists, advisors, or other of Your representatives.

3.  All documents exchanged between You or Juniper and the United States concerning the Settlement or any other potential resolution of a claim or potential claim by the United States concerning the merger of You and Juniper Networks, Inc., including negotiations of such Settlement or resolution. Your response should include documents exchanged by Your counsel, lobbyists, or other of Your representatives.

Dated: December 22, 2025

PHILIP J. WEISER
Attorney General

*/s/ Arthur Biller*
ARTHUR BILLER *(Admitted Pro Hac Vice)*
Senior Assistant Attorney General
BRYN A. WILLIAMS
First Assistant Attorney General (SBN 301699)
JONATHAN B. SALLET *(Admitted Pro Hac Vice)*
Special Assistant Attorney General
ROBIN ALEXANDER (*pro hac vice application pending*)
Assistant Attorney General
1300 Broadway, 10th Floor
Denver, CO 80203
Telephone: (720)508-6000
Email: Arthur.Biller@coag.gov
       Bryn.Williams@coag.gov
       Jon.Sallet@coag.gov
       Robin.Alexander@coag.gov

*Attorneys for the State of Colorado*

ROB BONTA
Attorney General of California

*/s/ Brian D. Wang*
PAULA L. BLIZZARD, Senior Assistant Attorney General (SBN 207920)
MICHAEL W. JORGENSON, Supervising Deputy Attorney General (SBN 201145)
BRIAN D. WANG, Deputy Attorney General (SBN 284490)
Office of the Attorney General
California Department of Justice
455 Golden Gate Avenue, Suite 11000
San Francisco, California 94102
(415) 510-4400
Brian.Wang@doj.ca.gov

*Attorneys for the State of California*

WILLIAM TONG
ATTORNEY GENERAL

*/s/ Nicole Demers*

- 6 -

Nicole Demers (*pro hac vice application forthcoming*)
Deputy Associate Attorney General
Antitrust Section
Connecticut Office of the Attorney General
165 Capitol Ave.
Hartford, CT 06106
Tel.: (860) 808-5030
nicole.demers@ct.gov

*Attorneys for the State of Connecticut*

BRIAN SCHWALB
Attorney General of the District of Columbia

*/s/ Coty Montag*
Coty Montag (SBN 255703)
Deputy Attorney General, Public Advocacy Division
Office of the Attorney General for the District of Columbia
400 6th Street NW
Washington, DC 20001
Telephone: (202) 417-5402
Coty.Montag@dc.gov

*Attorneys for the District of Columbia*

ANNE E. LOPEZ
Attorney General

*/s/ Rodney I. Kimura*
RODNEY I. KIMURA *(Admitted Pro Hac Vice)*
Deputy Attorney General
Department of the Attorney General
425 Queen Street
Honolulu, Hawaii. 96813
Telephone:  (808) 586-1180
Email:  Rodney.i.kimura@hawaii.gov

*Attorneys for State of Hawaii*

KWAME RAOUL
Attorney General of Illinois

*/s/ Paul J. Harper*
*(Admitted Pro Hac Vice)*

ELIZABETH L. MAXEINER
*(Admitted Pro Hac Vice)*
Chief, Antitrust Bureau
PAUL J. HARPER
Assistant Attorney General, Antitrust Bureau
Office of the Illinois Attorney General
115 S. LaSalle Street, 35th Floor
Chicago, Illinois 60603
773-590-7935 | elizabeth.maxeiner@ilag.gov
773-590-6837 | paul.harper@ilag.gov

*Attorneys for State of Illinois*


COMMONWEALTH OF MASSACHUSETTS
ANDREA JOY CAMPBELL
Attorney General

*/s/ Anthony W. Mariano*
Anthony W. Mariano *(Admitted Pro Hac Vice)*
Chief, Antitrust Division
Office of the Massachusetts Attorney General
One Ashburton Place, 20th Floor
Boston, MA 02108
(781) 835-7990
Anthony.Mariano@mass.gov

*Attorneys for*
*Commonwealth of Massachusetts*


KEITH ELLISON
Attorney General

*/s/ Jon M. Woodruff*
*(Admitted Pro Hac Vice)*

ELIZABETH ODETTE *(Admitted Pro Hac Vice)*
Manager, Assistant Attorney General
Antitrust Division

JON M. WOODRUFF
Assistant Attorney General
Antitrust Division

Office of the Minnesota Attorney General
445 Minnesota Street, Suite 600
Saint Paul, MN 55101

Telephone: (651) 300-7425
elizabeth.odette@ag.state.mn.us
jon.woodruff@ag.state.mn.us

*Attorneys for State of Minnesota*

LETITIA JAMES
Attorney General of the State of New York

CHRISTOPHER D'ANGELO
Chief Deputy Attorney General
Economic Justice Division

*/s/ Elinor Hoffmann*
*(Admitted Pro Hac Vice)*

ELINOR R. HOFFMANN
Chief, Antitrust Bureau
AMY McFARLANE
*(Admitted Pro Hac Vice)*
Deputy Bureau Chief, Antitrust Bureau
MICHAEL SCHWARTZ
*(Admitted Pro Hac Vice)*
Assistant Attorney General

New York State Office of the Attorney General
28 Liberty Street
New York, NY 10005
Phone: (212) 416-8269
Email: Elinor.Hoffmann@ag.ny.gov

*Attorneys for State of New York*

JEFF JACKSON
Attorney General of North Carolina

*/s/ Kunal J. Choksi*
*(Admitted Pro Hac Vice)*

Kunal Janak Choksi
Senior Deputy Attorney General
North Carolina Department of Justice
114 W. Edenton St.
Raleigh, NC 27603
Telephone: (919) 716-6032
E-Mail: kchoksi@ncdoj.gov

- 9 -
Intervenors' First Set of Requests for Production to Defendant Hewlett Packard Enterprise Co. –
Case No. 5:25-cv-00951-PCP

*Attorneys for State of North Carolina*

Dan Rayfield
Attorney General of Oregon

*/s/ Rachel K. Sowray*
Rachel K. Sowray *(Admitted Pro Hac Vice)*
Senior Assistant Attorney General
Timothy D. Smith *(Admitted Pro Hac Vice)*
Attorney-in-Charge
Economic Justice Section
Oregon Department of Justice
100 SW Market St, Portland OR 97201
503.689.0249 | Rachel.Sowray@doj.oregon.gov
503.798.3297 | tim.smith@doj.oregon.gov

*Attorneys for State of Oregon*

NICHOLAS W. BROWN
Attorney General of Washington

*/s/ Amy N. L. Hanson*
*(Admitted Pro Hac Vice)*

JONATHAN A. MARK *(Admitted Pro Hac Vice)*
Antitrust Division Chief
AMY N.L. HANSON
Senior Managing Assistant Attorney General
Antitrust Division
Washington State Office of the Attorney General
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
Email: jonathan.mark@atg.wa.gov
Email: amy.hanson@atg.wa.gov
Tel: 206-389-3806 (Mark)
Tel: 206-464-5419 (Hanson)

*Attorneys for State of Washington*

JOSHUA L. KAUL
ATTORNEY GENERAL

*/s/Caitlin M. Madden*
Caitlin M. Madden *(Admitted Pro Hac Vice)*

Intervenors' First Set of Requests for Production to Defendant Hewlett Packard Enterprise Co. –
Case No. 5:25-cv-00951-PCP

Assistant Attorney General
Wisconsin Department of Justice
17 West Main Street
Post Office Box 7857
Madison, WI 53707-7857
(608) 267-1311
caitlin.madden@wisdoj.gov

*Attorneys for State of Wisconsin*