AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Northern District of California

| | |
|---|---|
| UNITED STATES OF AMERICA<br>*Plaintiff*<br>v.<br>HEWLETT PACKARD ENTERPRISE CO. and JUNIPER NETWORKS, INC.<br>*Defendant* | )<br>)<br>)  Civil Action No. 5:25-CV-0951-PCP<br>)<br>)<br>) |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To:  Michael Davis
801 N Pennsylvania St. #206, Denver, CO  80203

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: **See Attachment A.**

| Place: Colorado Department of Law<br>Ralph L. Carr Colorado Judicial Center 1300, Broadway #10th, Denver, CO  80203, or another place mutually agreed upon | Date and Time:<br>01/12/2026 1:00 pm,<br>or another date and time mutually agreed upon |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 12/22/2025

*CLERK OF COURT*

                                 OR

_____        /s/ Amy N. L. Hanson
*Signature of Clerk or Deputy Clerk*        *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Intervenor State of Washington, who issues or requests this subpoena, are:
Amy N. L. Hanson, 800 Fifth Ave., Suite 2000, Seattle, WA  98104, Amy.Hanson@atg.wa.gov, (206) 464-5419

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 5:25-CV-0951-PCP

# PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

### Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
       **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
       **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**ATTACHMENT A TO INTERVENORS' SUBPOENA TO**

**<u>MICHAEL DAVIS</u>**

**MATERIALS SUBPOENAED**

1. All Documents relating to Your retention and scope of work as "HPE advisor" as referenced in HPE and Juniper's § 16(g) Tunney Act Filing.

2. All Documents relating to Communications between You and any other Person relating to the Settlement, or any other potential resolution of a claim or potential claim by the United States relating to the merger of HPE and Juniper, including negotiations of such Settlement or resolution.

3. All Documents relating to Communications between You and the United States relating to the Settlement, or any other potential resolution of a claim or potential claim by the United States relating to the merger of HPE and Juniper, including negotiations of such Settlement or resolution.

4. All Documents exchanged between You and the United States relating to the Settlement, or any other potential resolution of a claim or potential claim by the United States relating to the merger of HPE and Juniper, including negotiations of such Settlement or resolution.

5. All Documents relating to in-person meetings, videoconferences, telephone calls, and written Communications with the United States relating to national security interests and the Settlement, or any other potential resolution of a claim or potential claim by the United States relating to the merger of HPE and Juniper, including negotiations of such Settlement or resolution, including, but not limited to, those relating to in-person meetings on April 3, April 15, April 30, June 5, and June 18, 2025 as referenced in HPE and Juniper's § 16(g) Tunney Act Filing.

6. All additional Documents relating to in-person meetings, videoconferences, telephone calls, and written Communications with the United States relating to the Settlement, or any other potential resolution of a claim or potential claim by the United States relating to the merger of HPE and Juniper, including negotiations of such Settlement or resolution, including, but not limited to, those relating to in-person meetings on April 3, April 15, April 30, June 5, and June 18, 2025 as referenced in HPE and Juniper's § 16(g) Tunney Act Filing.

7. All Documents relating to Communications between You and Arthur Schwartz or his firm, Axium Advisors LLC, relating to the Settlement, or any other potential resolution of a claim or potential claim by the United States relating to the merger of HPE and Juniper, including negotiations of such Settlement or resolution.

8. All Documents exchanged between You and Arthur Schwartz or his firm, Axium Advisors LLC, relating to the Settlement, or any other potential resolution of a claim or potential claim by the United States relating to the merger of HPE and Juniper, including negotiations of such Settlement or resolution.

9. All Documents relating to Communications between You and William Levi or his firm, Sidley Austin LLP, relating to the Settlement, or any other potential resolution of a claim or potential claim by the United States relating to the merger of HPE and Juniper, including negotiations of such Settlement or resolution.

10. All Documents exchanged between You and William Levi or his firm, Sidley Austin LLP, relating to the Settlement, or any other potential resolution of a claim or potential claim by the United States relating to the merger of HPE and Juniper, including negotiations of such Settlement or resolution.

11. All Documents relating to any testimony, declarations or affidavits You provided or may provide relating to the Settlement, or any other potential resolution of a claim or potential claim by the United States relating to the merger of HPE and Juniper, including negotiations of such Settlement or resolution.

12. Documents sufficient to show all steps that You have taken to preserve the ESI on all Your Devices You have used for Communication or to create, store, transmit, receive, or otherwise share Documents responsive to the Materials Subpoenaed.

13. All Document and Communication retention policies applicable to You.

## DEFINITIONS

1. "§ 16(g) Tunney Act Filing" means the filing required by Section 2(g) of the Antitrust Procedures and Penalties Act (the "Tunney Act"), 15 U.S.C. § 16(g).

2. "Affiliate," "Subsidiary," and "Joint Venture," when used in reference to any Entity, refer to any Person in which the Entity has partial (10 percent or more) or total ownership or control.

3. "Communication" means any transmittal of information by, between, or among any person(s) and/or entit(ies), whether written, oral, or electronic, and includes any Document containing or reflecting Communications.

4. "Document" means the broadest meaning pursuant to Federal Rule of Civil Procedure 34, and includes all written, printed, handwritten, recorded, electronic or graphic material of any kind, however produced or reproduced, and regardless of where located, including all electronically stored information such as emails, text messages, chats, messaging applications, collaboration programs or tools (such as Microsoft Teams or Slack), conferencing applications, voicemail, social media accounts, letters, logs, drafts, messages, records, spreadsheets, summaries, calendar or diary entries, notes, minutes, working papers, agendas, recordings, facsimile transmissions, metadata, embedded data, databases, images, audio, video, and all other tangible preservations of information.

5. "Device" means any computer, phone, tablet, server, flash memory storage, wireless Communication devices, pagers, workstations, mainframes, and any other forms of online or offline storage You have used for Communication or to create, store, transmit, receive, or otherwise share Documents.

6. "Entity" means any Person, corporation, company, partnership, joint venture, association, joint-stock company, trust, estate of a deceased natural person, foundation, fund, institution, facility, division, department, unit, society, union, or club, whether incorporated or not, wherever located and of whatever citizenship, or any receiver, trustee in bankruptcy or similar official or any liquidating agent for any of the foregoing, in his or her capacity as such.

7. "Electronically Stored Information" or "ESI" refers to any information, Document, or data found on a computer or other Device capable of storing electronic data, where such data is capable of being manipulated as an entry.  ESI also includes all non-public information that can be accessed using any hyperlink that appears in any Document submitted in response to this subpoena, if the information that can be accessed using the hyperlink is in Your possession, custody, or control.

8. "HPE" means Hewlett Packard Enterprise Co, its parents, predecessors, divisions, subsidiaries, Affiliates, partnerships, and joint ventures, and all directors, officers, employees, agents, outside counsel, and representatives of the foregoing.

9. "HPE and Juniper's § 16(g) Tunney Act Filing" means the Document filed as Dkt. No. 228 in this Litigation, which is attached hereto.

10. "Intervening States" means the States of Colorado, California, Connecticut, Hawaii, Illinois, Massachusetts, Minnesota, North Carolina, New York, Oregon, Washington, Wisconsin, and the District of Columbia, by and through their respective Attorneys General.

11. "Juniper" means Juniper Networks, Inc., its parents, predecessors, divisions, subsidiaries, Affiliates, partnerships, and joint ventures, and all directors, officers, employees, agents, outside counsel, and representatives of the foregoing.

12. "Litigation" means the case *United States of America v. Hewlett Packard Enterprise Co. and Juniper Networks, Inc.,* No. 5:25-cv-00951-PCP (N.D. Cal.).

13. "Person" means any natural person, proprietorship, corporation, company, partnership, trust, joint venture, group, association, organization, government Entity, legal Entity, other Entity.

14. The phrase "relating to" means in whole or in part addressing, analyzing, concerning, constituting, containing, dealing with, describing, discussing, identifying, mentioning, pertaining to, referring to, reflecting, reporting on, stating, or in any way logically or factually connected with the matter.

15. "Settlement" means any agreement to resolve the claim brought by the United States against HPE and Juniper in the Complaint in this Litigation (Dkt. No. 1) and includes the Proposed Final Judgment (Dkt. No. 217-1), and the Amended Proposed Final Judgment filed in this Litigation (Dkt. No. 311-2).

16. "United States" means any agency, department, division, council, commission, committee, unit, or similar designation of the United States of America, including but not limited to Persons appointed, employed, or elected to serve it, including but not limited to officials, officers, and staff of its Department of Justice, Committee on Foreign Investment in the United States, Central Intelligence Agency, the Pentagon, the National Security Agency, and the National Security Council.

17. "You" and "Your" means Michael Davis and Your firm, MRD Legal, as well as any Persons under Your supervision, direction, or control relating to Your retention, work, or payment as an "HPE advisor" as referenced in HPE and Juniper's § 16(g) Tunney Act Filing.

## INSTRUCTIONS

1. In addition to the specific instructions set forth below, the specifications in this subpoena incorporate the instructions set forth in Rule 45 of the Federal Rules of Civil Procedure and the Local Rules of the U.S. District Court for the Northern District of California.

2. Unless otherwise specified, these specifications are for all Documents in your possession, custody, or control, regardless of where those Documents are kept, including Documents that are available to Your from any source, including Your affiliates, officers, directors, partners, members, employees, agents, representatives, or attorneys that were created, altered, or received at any time from January 9, 2024 through such time as the Tunney Act proceedings conclude in this matter.

3. These demands are continuing in nature, and the Intervening States specifically reserve the right to seek supplementary responses and the additional supplementary production of Documents before the Tunney Act proceedings in this matter conclude.

4. The singular form of a noun or pronoun includes its plural form, and vice versa; and the present tense of any word includes the past tense, and vice versa.

5. The terms "and" and "or" have both conjunctive and disjunctive meanings as necessary to bring within the scope of this request anything that might otherwise be outside its scope.

6. The terms "each," "any," and "all" mean "each and every."

7. Any word You consider vague or insufficient defined has the meaning most frequently assigned to it by You in Your ordinary course of business.

8. In producing Documents, you must produce a legible copy of each Document requested together with all non-identical copies and drafts of that Document. All metadata of electronic Documents must also be produced. You must retain all the original Documents for inspection or copying throughout the pendency of the Litigation.

9. If any portion of any Document is responsive to any request, then the entire Document must be produced, including all attachments, including linked Documents, and enclosures.

10. Pursuant to Federal Rule of Civil Procedure 45(e)(1), Documents must be produced either: (a) as they are kept in the usual course of business (in which case, they must be produced in such fashion as to identify the department, branch, or office in whose possession they were located and, where applicable, the natural Person in whose possession they were found or the server or central file in which they were found); or (b) identified as responsive to a specific request enumerated in these requests, with such specific requests identified.

11. In producing data sets, including spreadsheets with variable or field names, produce data samples for sources or databases. Provide data dictionaries or, if not available, sufficient information, Documents, or explanation to describe the data and permit the data to be reasonably interpretable and usable for analysis.

12. Where a claim of privilege or other protection from discovery is asserted in objecting to any request or sub-part thereof, and any Document is withheld (in whole or in part) on the basis of such assertion, you shall provide a log ("Privilege Log") that contains sufficient information to determine the applicability of the asserted privilege or other protection, together with responsive materials to the Subpoena at the time, date, and place set forth in the Subpoena.

| | |
|---|---|
| JENNIFER MELLOTT (*pro hac vice*) <br> MARY LEHNER <br> **FRESHFIELDS US LLP** <br> 700 13th St NW <br> Washington, DC 20005 <br> (202) 777-4500 <br> jennifer.mellott@freshfields.com <br> mary.lehner@freshfields.com <br><br> JUSTINA K. SESSIONS (CA Bar No. 270914) <br> **FRESHFIELDS US LLP** <br> 855 Main Street <br> Redwood City, CA 94063 <br> (650) 618-9250 <br> justina.sessions@freshfields.com <br><br> *Attorneys for Defendant* <br> HEWLETT PACKARD ENTERPRISE CO. | STEVEN. C. SUNSHINE (*pro hac vice*) <br> JOSEPH M. RANCOUR (*pro hac vice*) <br> **SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP** <br> 1440 New York Avenue, NW <br> Washington, DC 20005 <br> (202) 371-7000 <br> steve.sunshine@skadden.com <br> joseph.rancour@skadden.com <br><br> JACK P. DICANIO (CA Bar No. 138782) <br> **SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP** <br> 525 University Avenue <br> Palo Alto, CA 94301 <br> (650) 470-4500 <br> jack.dicanio@skadden.com <br><br> *Attorneys for Defendant* <br> JUNIPER NETWORKS, INC. |

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> *Plaintiff,* <br><br> v. <br><br> HEWLETT PACKARD ENTERPRISE CO. <br> and JUNIPER NETWORKS, INC., <br><br> *Defendants.* | Case No. 5:25-cv-00951-PCP <br><br> Hon. P. Casey Pitts <br><br> **DESCRIPTION AND CERTIFICATION OF WRITTEN OR ORAL COMMUNICATIONS BY HEWLETT PACKARD ENTERPRISE CO. AND JUNIPER NETWORKS, INC. CONCERNING THE PROPOSED FINAL JUDGMENT** |

DEFENDANTS' DESCRIPTION AND CERTIFICATION OF WRITTEN OR ORAL COMMUNICATIONS

1

Pursuant to Section 2(g) of the Antitrust Procedures and Penalties Act (the "Tunney Act"), 15 U.S.C. § 16(g), Defendants Hewlett Packard Enterprise Co. ("HPE") and Juniper Networks, Inc. ("Juniper") by and through their undersigned counsel, submit the following description and certification of all written and oral communications by, or on behalf of, HPE and Juniper with any officer or employee of the Executive Branch of the United States concerning or relevant to the Proposed Final Judgment filed in this action on June 27, 2025. In accordance with Section 2(g), the description excludes any communications "made by counsel of record alone with the Attorney General or the employees of the Department of Justice alone," and is limited to communications concerning or relevant to the Proposed Final Judgment.

**I. Description**

Excluding the communications described above, Defendants and their agents and advisors had communications with officers or employees of the United States about the proposed settlement of this action as described in this section.

Between March 25 and June 27, 2025, Defendants and their agents and advisors had in-person meetings, videoconferences, telephone calls, and written communications with officers and employees of the Department of Justice ("DOJ") relating to the proposed Final Judgment, including communications about the national security interests favoring consensual resolution of the action. These communications included in-person meetings on April 3, April 15, April 30, June 5, and June 18, 2025. Listed below are representatives of Defendants, excluding counsel of record, and officers and employees of the Department of Justice who participated in one or more of these communications.

**Defendants**
John Schultz (HPE Chief Legal and Operating Officer)
Gregg Melinson (HPE Senior Vice President, Corporate Affairs)
David Antczak (HPE Senior Vice President & General Counsel)
Jonathan Sturz (HPE Vice President & Deputy General Counsel)
William Levi (Partner at Sidley Austin LLP, HPE advisor)
Michael Davis (Partner at MRD Law, HPE advisor)

DEFENDANTS' DESCRIPTION AND CERTIFICATION OF WRITTEN OR ORAL COMMUNICATIONS
2

**U.S. Government**
Abigail Slater (Assistant Attorney General, DOJ Antitrust Division)
Roger Alford (Principal Deputy Assistant Attorney General, DOJ Antitrust Division)
William Rinner (Deputy Assistant Attorney General, DOJ Antitrust Division)
Mark Hamer (Deputy Assistant Attorney General, DOJ Antitrust Division)
Chetan Sanghvi (Deputy Assistant Attorney General, DOJ Antitrust Division)
Omeed Assefi (Deputy Assistant Attorney General, DOJ Antitrust Division)
Ryan Danks (Director of Civil Enforcement, DOJ Antitrust Division)
George Nierlich (Deputy Director of Civil Enforcement, DOJ Antitrust Division)
Jacklin Lem (San Francisco Section Chief, DOJ Antitrust Division)
Chad Mizelle (Chief of Staff and Acting Associate Attorney General, DOJ)
Stanley Woodward (Counselor to the Attorney General, DOJ)
Ashleigh Bondoc (Office of the Associate Attorney General and Assistant to Stanley Woodward, DOJ)
Hannah Jahreis (Special Assistant to Chad Mizelle, Chief of Staff and Acting Associate Attorney General, DOJ)

II. **Certification**

To the best of Defendants' knowledge, after appropriate inquiry, there have been no other written or oral communications by or on behalf of Defendants with any officer or employee of the Executive Branch of the United States concerning or relevant to the proposed Final Judgment except for communications between counsel of record for Defendants and the Department of Justice. Defendants therefore certify that they have complied with the requirements of Section 2(g) and that the above description of communications by or on behalf of Defendants as required to be reported under Section 2(g) is true and complete.

Dated: July 7, 2025

*Respectfully submitted,*

By:  */s/ Jennifer Mellott*
Jennifer Mellott (*pro hac vice*)
Mary Lehner
**FRESHFIELDS US LLP**
700 13th St NW
Washington, DC 20005
(202) 777-4500
jennifer.mellott@freshfields.com

Justina K. Sessions (CA Bar No. 270914)

DEFENDANTS' DESCRIPTION AND CERTIFICATION OF WRITTEN OR ORAL COMMUNICATIONS

3

**FRESHFIELDS US LLP**
855 Main Street
Redwood City, CA 94063
(650) 618-9250
justina.sessions@freshfields.com

*Counsel for Defendant Hewlett Packard Enterprise Co.*

*/s/ Steven C. Sunshine*
Steven C. Sunshine (*pro hac vice*)
Joseph M. Rancour (*pro hac vice*)
**SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP**
1440 New York Avenue, NW
Washington, DC 20005
(202) 371-7860
steve.sunshine@skadden.com
joseph.rancour@skadden.com

Jack P. DiCanio (CA Bar No. 138782)
**SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP**
525 University Avenue
Palo Alto, CA 94301
(650) 470-4500
jack.dicanio@skadden.com

*Counsel for Defendant Juniper Networks, Inc.*

DEFENDANTS' DESCRIPTION AND CERTIFICATION OF WRITTEN OR ORAL COMMUNICATIONS

4