SAMUEL G. LIVERSIDGE (Bar No. 180578)
ERIC VANDEVELDE (Bar No. 240699)
DANIEL NOWICKI (Bar No. 304716)
**GIBSON, DUNN & CRUTCHER LLP**
333 South Grand Avenue
Los Angeles, California 90071
Telephone: (213) 229-7000
SLiversidge@gibsondunn.com
EVandevelde@gibsondunn.com
DNowicki@gibsondunn.com

JULIE S. ELMER (*pro hac vice*)
JENNIFER MELLOTT (*pro hac vice*)
**FRESHFIELDS US LLP**
700 13th St NW
Washington, DC 20005
Telephone: (202) 777-4500
julie.elmer@freshfields.com
jennifer.mellott@freshfields.com

*Attorneys for Defendant*
HEWLETT PACKARD ENTERPRISE CO.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>*Plaintiff,*<br><br>v.<br><br>HEWLETT PACKARD ENTERPRISE CO. and<br><br>JUNIPER NETWORKS, INC,<br><br>*Defendants.* | Case No. 5:25-cv-00951-PCP<br><br>**ADMINISTRATIVE MOTION TO SEAL CERTAIN MATERIALS SUBMITTED WITH HPE's BRIEF IN SUPPORT OF PROPOSED FINAL JUDGMENT**<br><br>Judge:  P. Casey Pitts<br>Action Filed:  January 30, 2025 |

1

In accordance with N.D. Cal. Civil L.R. 7-11 and Civil L.R. 79-5, Defendant Hewlett-Packard Enterprise Co. ("HPE") files this Administrative Motion to Seal Certain Materials Submitted with HPE's Brief in Support of Proposed Final Judgment. The specific information that HPE seeks to seal include Exhibits B and D to Defendant's Brief in Support of Proposed Final Judgment, which are also attached as Exhibits B and D to this motion. HPE also submits the Declaration of Robert Particelli ("Particelli Declaration") with this Motion that supports its sealing requests. HPE also seeks to seal certain portions of the Brief in Support of Proposed Final Judgment, as those portions reference material that have previously been filed under seal in this case.

## BACKGROUND

On June 27, 2025, HPE, Juniper Networks, Inc. ("Juniper"), and Plaintiff United States of America (the "United States") entered into a settlement agreement, *see* Proposed Final Judgment, ECF No. 217-1, and moved for entry of the Asset Preservation and Hold Separate Stipulation and Order, ECF No. 217, which the Court entered on June 30, 2025, ECF No. 220. On July 2, 2025, HPE closed its acquisition of Juniper. On October 14, 2025, several States and the District of Columbia filed a Motion to Intervene, ECF No. 236, which the Court granted, ECF No. 332.

On November 14, 2025, the United States filed its Response to Public Comments, ECF No. 311, and the Amended Proposed Final Judgment, ECF No. 311-2. On January 5, 2026, the United States filed a Motion for Entry of Final Judgment. ECF No. 351. Contemporaneously with the present Motion, HPE has filed a Brief in Support of the United States' Motion for Entry of Final Judgment ("Brief"). In support of that Brief, HPE has submitted various materials that contain confidential, competitively sensitive business information, as well as sensitive settlement negotiation information.[1]

## LEGAL STANDARD

A party moving to seal must provide "a specific statement of the applicable legal standard and the reasons for keeping a document under seal." L.R. 79-5(c)(1); *see Nautilus Biotechnology, Inc v.*

---

[1] HPE has also cited throughout its Brief various materials that the Court has previously sealed, *see* ECF No. 224, and which do not require a subsequent motion to seal, *see* L.R. 79-5(b) ("A party need not file a motion to seal if a federal statute or a prior court order in the same case expressly authorizes the party to file certain documents (or portions of documents) under seal").

2

ADMINISTRATIVE MOTION TO SEAL CERTAIN MATERIALS SUBMITTED WITH HPE'S BRIEF IN SUPPORT OF PROPOSED FINAL JUDGMENT, Case No. 5:25-cv-00951-PCP

*SomaLogic, Inc.*, No. 23-cv-06440-BLF, 2024 WL 4894852, at *2 (N.D. Cal. Nov. 26, 2024) (outlining Local Rule 79-5(c)'s requirements). Because HPE's Brief relates to the merits of this Tunney Act (§ 15 U.S.C. 16) proceeding, the "compelling reasons" standard applies to this Motion. *Center for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016) (quotation omitted). In applying the "compelling reasons" standard, courts balance "the competing interests of the public and the party who seeks to keep certain judicial records secret." *Id.* (quotation omitted).

Courts may seal confidential business information under the "compelling reasons" standard when disclosure of such information "might harm a litigant's competitive standing." *Id.* (quoting *Nixon v. Warner Commnc'ns, Inc.*, 435 U.S. 589, 598 (1978)); *see Nautilus Biotechnology*, 2024 WL 4894852, at *2. Sealable business information includes "trade secrets, marketing strategies, product development plans, detailed product-specific financial information, customer information, internal reports and other" similar materials. *In re Apple Inc. Device Performance Litig.*, No. 5:18-MD-02827-EJD, 2019 WL 1767158, at *2 (N.D. Cal. Apr. 22, 2019). Further, "[n]umerous courts in this district have recognized the importance of protecting confidential settlement communications and materials in order to promote settlement and have concluded that this general policy satisfies" the "compelling reasons" standard. *Milliner v. Mut. Sec., Inc.*, No. 15-CV-03354-DMR, 2021 WL 2645794, at *5 (N.D. Cal. June 28, 2021) (quotation omitted) (collecting cases).

## ARGUMENT

There exist compelling reasons to seal the excerpts of Ash Chowdappa's CID deposition, *see* Ex. D, which contain competitively sensitive business and product strategy that HPE maintains as confidential. Recognizing that the disclosure of such competitively sensitive information can cause a party harm, courts in this District routinely grant motions to seal such information. *See, e.g.*, *Nicolosi Distrib., Inc. v. Finishmaster, Inc.*, No. 18-CV-03587-BLF, 2018 WL 3932554 at *3 (N.D. Cal. Aug. 16, 2018) (concluding that "business strategies and negotiations" contained in deposition testimony "reveal[ed] important information to competitors who could use it to undercut" the defendant); *Krieger v. Atheros Commc'ns, Inc.*, No. 11-cv-00640-LHK, 2011 WL 2550831, at *1 (N.D. Cal. June 25, 2011) (sealing a presentation that contained "discussions of business strategy[] and competitive analyses").

3

ADMINISTRATIVE MOTION TO SEAL CERTAIN MATERIALS SUBMITTED WITH HPE'S BRIEF IN SUPPORT OF PROPOSED FINAL JUDGMENT, Case No. 5:25-cv-00951-PCP

As set forth in the attached Particelli Declaration, HPE maintains the information contained in the excerpts of Ash Chowdappa's CID deposition, attached as Exhibit D, as confidential and secret and does not disclose it to the public or third parties (with the exception of limited information shared with distribution partners) in the ordinary course of HPE's business. Particelli Decl. ¶ 3. The disclosure of this confidential and sensitive information would cause injury to HPE. *Id.* at ¶ 4. Disclosure of confidential business and product strategy concerning both its Instant On and Aruba-branded WLAN offerings would provide HPE's competitors with unfair insight into HPE's business that they could use to unfairly disadvantage HPE when bidding on future customer opportunities. *Id*. Further, public disclosure of the competitively sensitive information contained in Exhibit D could unfairly affect the pending bidding process for the HPE Divestiture Assets. *Id*.

There likewise exist compelling reasons to seal the Declaration of John Schultz, attached as Exhibit B, and several documents submitted with that Declaration. Those documents contain confidential, highly sensitive information relating to HPE's negotiations with the United States government prior to and during this Action. *Id.* ¶ 5. Courts in this District recognize that, given the public policy in favor of settlement, communications relating to settlement negotiations generally meet the "compelling reasons" standard. *See Milliner*, 2021 WL 2645794, at *5 (collecting cases); *Celgard, LLC v. Targray Tech. Int'l Inc.*, No. 19-CV-02401-VKD, 2019 WL 3841997, at *2−3 (N.D. Cal. Aug. 15, 2019) (sealing portions of records "that reveal the parties' confidential settlement communications," even though the parties "did not enter into a formal confidentiality agreement with respect to their communications").

Additionally, the Schultz Declaration and accompanying exhibits contain confidential and highly sensitive information relating to HPE's relationships with federal government customers. Particelli Decl. ¶ 6. Information that might harm a party's standing with specific customers often qualifies as sealable under the compelling reasons standard. *See, e.g., Cont'l Auto. Sys. v. Avanci, LLC*, No. 19-cv-02520-LHK, 2019 WL 6612012, at *4 (N.D. Cal. Dec. 5, 2019) ("[C]ourts in our circuit have found sales data and customer identities to be sealable, to the extent that information is kept confidential." (collecting cases)); *Johnstech Int'l Corp. v. JF Microtechnology SDN BHD*, No. 14-CV-02864-JD, 2016 WL 4091388, at *3 (N.D. Cal. Aug. 2, 2016) (finding compelling reasons to seal

4

ADMINISTRATIVE MOTION TO SEAL CERTAIN MATERIALS SUBMITTED WITH HPE'S BRIEF IN
SUPPORT OF PROPOSED FINAL JUDGMENT, Case No. 5:25-cv-00951-PCP

"specific customer names and the percentage of business to those customers"); *see also Lawson v. Grubhub, Inc.*, No. 15-CV-05128, 2017 WL 2951608, at *9 (N.D. Cal. July 10, 2017) ("[S]ources of business information that might harm a litigant's competitive strategy may also give rise to a compelling reason to seal, . . . as may pricing, profit, and customer usage information kept confidential by a company that could be used to the company's competitive disadvantage[.]" (quotations omitted)).

Public disclosure of highly sensitive information relating to HPE's communications with the United States government contained in the Schultz Declaration and accompanying exhibits—which HPE maintains as confidential—would harm HPE. Particelli Decl. at ¶¶ 6-7. Public disclosure of information relating to HPE's communications with the United States government, including relating to the pre-litigation investigation and settlement of this Action, would compromise HPE's ability to and incentive to negotiate with the United States and other governments in the future. *Id.* at ¶ 7. Public disclosure of this information would accordingly undermine the traditional and long-recognized public interest in favor of settlements. *See Milliner*, 2021 WL 2645794, at *5 (collecting cases); *Celgard*, 2019 WL 3841997, at *2. Public disclosure of HPE's communications with the government would likewise negatively impact HPE's ability to discuss national security issues with its government customers.

Maintaining the confidentiality of the information in Exhibits B and D and the documents accompanying Exhibit B cannot be avoided through less restrictive alternatives than sealing. So, HPE's request is narrowly tailored. *See* L.R. 79-5(c).

## CONCLUSION

For the foregoing reasons, Defendant respectfully requests that the Court grant this Administrative Motion to Seal.

5

ADMINISTRATIVE MOTION TO SEAL CERTAIN MATERIALS SUBMITTED WITH HPE'S BRIEF IN SUPPORT OF PROPOSED FINAL JUDGMENT, Case No. 5:25-cv-00951-PCP

Dated: February 2, 2026

By: */s/ Samuel G. Liversidge*
Samuel G. Liversidge
*Attorney for Defendant*
*HEWLETT PACKARD ENTERPRISE CO.*

Samuel G. Liversidge (Bar No. 180578)
Eric Vandevelde (Bar No. 240699)
Daniel Nowicki (Bar No. 304716)
**GIBSON, DUNN & CRUTCHER LLP**
333 South Grand Avenue
Los Angeles, California 90071
Telephone: (213) 229-7000
SLiversidge@gibsondunn.com
EVandevelde@gibsondunn.com
DNowicki@gibsondunn.com

Julie S. Elmer (*pro hac vice*)
Jennifer Mellott (*pro hac vice*)
**FRESHFIELDS US LLP**
700 13th St NW
Washington, DC 20005
Telephone: (202) 777-4500
julie.elmer@freshfields.com
jennifer.mellott@freshfields.com

*Attorneys for Defendant*
*HEWLETT PACKARD ENTERPRISE CO.*

6

ADMINISTRATIVE MOTION TO SEAL CERTAIN MATERIALS SUBMITTED WITH HPE'S BRIEF IN SUPPORT OF PROPOSED FINAL JUDGMENT, Case No. 5:25-cv-00951-PCP