Laura Lin (Bar No. 281542)
Laura.Lin@stblaw.com
SIMPSON THACHER & BARTLETT LLP
2475 Hanover Street
Palo Alto, California 94304
Telephone: (650) 251-5000
Facsimile: (650) 251-5002

*Attorneys for Non-Party Ubiquiti Inc.*

**UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>HEWLETT PACKARD ENTERPRISE CO. and JUNIPER NETWORKS, INC.,<br><br>　　　　　　Defendants. | Case No. 5:25-cv-00951-PCP<br><br>**DECLARATION OF HARTLEY NISENBAUM REGARDING HEWLETT PACKARD ENTERPRISE CO.'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED**<br><br>Hon. P. Casey Pitts |

# DECLARATION

I, Hartley Nisenbaum, hereby declare and state as follows:

1. I am General Counsel and Corporate Secretary at non-party Ubiquiti Inc. ("Ubiquiti"), a wireless networking equipment and software company based in New York, New York.

2. I make this declaration in connection with Defendant Hewlett Packard Enterprise Co.'s ("HPE"'s) Administrative Motion to Consider Whether Another Party's Material Should Be Sealed [ECF No. 371]. For the reasons described in this declaration, it is appropriate to seal portions of HPE's Statement in Support of the Motion for Entry of Final Judgment [ECF No. 369] (the "HPE Statement") containing Ubiquiti's commercially sensitive business information.

3. I have personal knowledge of the matters stated herein and, if called upon to do so, I could and would competently testify hereto.

4. In connection with this litigation, Ubiquiti produced thousands of pages of internal documents in response to discovery requests from the United States and Defendants. Further, in response to a notice of deposition and deposition subpoena from the parties, Ubiquiti made available for testimony its Vice President of Sales, Mr. Safi Mojaddidi, whose deposition the parties conducted on May 28, 2025.

5. On February 3, 2026, Ubiquiti was informed by counsel for HPE that the HPE Statement contained a single question and answer at 53:8-10 from Mr. Mojaddidi's deposition testimony (the "Mojaddidi Testimony"), and that HPE had filed the cover page and a two-page excerpt from the deposition transcript as Exhibit E to the HPE Statement (the "Mojaddidi Transcript Excerpt" and together with the Mojaddidi Testimony, the "Mojaddidi Materials"). In light of Ubiquiti's prior request to designate Mr. Mojaddidi's deposition transcript Highly Confidential under the operative Amended Protective Order, HPE provisionally filed the Mojaddidi Materials under seal.

6. Ubiquiti respectfully requests that the Court allow the Mojaddidi Materials to remain under seal. To that end, and pursuant to Civil Local Rule 79-5(f)(3), Ubiquiti submits this declaration providing "a specific statement of the applicable legal standard and the

1  reasons for keeping a document under seal, including an explanation of: (i) the legitimate private
2  or public interests that warrant sealing; (ii) the injury that will result if sealing is denied; and
3  (iii) why a less restrictive alternative to sealing is not sufficient."

4      7.    Ubiquiti has a private interest in preventing the disclosure of commercially
5  sensitive business information, such as the information in the Mojaddidi Materials. The
6  questions put to Mr. Mojaddidi—a senior Ubiquiti employee with sales responsibilities—in the
7  Mojaddidi Materials focused on Mr. Mojaddidi's knowledge of the products of other market
8  participants and his subjective view of whether a specific product competes with a particular
9  Ubiquiti product. Mr. Mojaddidi's answer reflected his non-public and commercially sensitive
10 opinion regarding these topics. Ubiquiti has a private interest in preventing the disclosure of
11 testimony of its senior Sales executives regarding Ubiquiti's and other firms' products.

12     8.    There is also a public interest in preventing the disclosure of this information, as
13 sealing the Mojaddidi Testimony and Mojaddidi Transcript Excerpt will encourage thorough and
14 candid testimony by witnesses regarding competitively sensitive matters.

15     9.    Sealing the testimony will prevent a cognizable injury to Ubiquiti. If the
16 Mojaddidi Materials are unsealed, Mr. Mojaddidi's views about Ubiquiti and other firms'
17 products would be available to the public, including to Ubiquiti's competitors, and would place
18 Ubiquiti at a competitive disadvantage in the marketplace.

19     10.    Sealing the Mojaddidi Materials is consistent with precedent recognizing that
20 commercially sensitive business information may satisfy the standard for sealing materials. *See*
21 *Pac. Steel Grp. v. Commer. Metals Co.*, 2025 U.S. Dist. LEXIS 43179, at *4, 6 (N.D. Cal. Mar.
22 10, 2025); *see also Baird v. BlackRock Institutional Tr., N.A.*, 403 F. Supp. 3d 765, 792 (N.D.
23 Cal. 2019); *In re Qualcomm Litig.*, 2017 U.S. Dist. LEXIS 185481, at *10 (S.D. Cal. Nov. 8,
24 2017); *Finisar Corp. v. Nistica, Inc.*, 2015 WL 3988132, at *4 (N.D. Cal. June 30, 2015).

25     11.    The relief sought is already very limited and narrow given the brevity of the
26 Mojaddidi Materials. A less restrictive alternative to sealing the Mojaddidi Materials is not
27 available, as the succinct passage quoted in the HPE Statement cannot be disentangled from the
28 commercially sensitive business information at issue.

NISENBAUM DECLARATION                                                    CASE NO. 5:25-CV-00951-PCP

12. Moreover, it is not necessary to unseal the Mojaddidi Transcript Excerpt, given the Mojaddidi Testimony as cited in the HPE Statement consists of a self-contained question and answer.

13. Ubiquiti therefore respectfully requests that the Court grant this narrowly tailored relief and permit the Relevant Mojaddidi Testimony in the HPE Statement and the Mojaddidi Transcript Excerpt in Exhibit E to the HPE Statement to remain under seal.

14. I declare under penalty of perjury that the foregoing is true and correct.

Executed on:

February 9, 2026

_____
Hartley Nisenbaum

Respectfully submitted,

        SIMPSON THACHER & BARTLETT LLP

By  */s/ Laura Lin*

    Laura Lin (Bar No. 281542)
    laura.lin@stblaw.com
    2475 Hanover Street
    Palo Alto, California 94304
    Telephone: (650) 251-5000
    Facsimile: (650) 251-5002