UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>HEWLETT PACKARD ENTERPRISE CO., et al.,<br><br>Defendants. | Case No. 25-cv-00951-PCP<br><br>**ORDER REGARDING DISCOVERY DISPUTES**<br><br>Re: Dkt. Nos. 362, 363 |

On February 2, 2026, the Court heard several discovery disputes that have arisen between intervenors the states of Colorado, California, Connecticut, Hawai'i, Illinois, Massachusetts, Minnesota, North Carolina, New York, Oregon, Washington, Wisconsin, and the District of Columbia (collectively "states"), on the one hand, and the United States and Hewlett Packard Enterprise Co. (HPE), on the other. Dkt. Nos. 362, 363. At the hearing, the Court ruled as follows:

1. HPE objects to the states' RFP No. 1 requesting "All engagement agreements, contracts, and scope of work documents between the following Persons or their firms: (i) Michael Davis or MRD Law; (ii) Arthur Schwartz or Axium Advisors; and (iii) William Levi or Sidley Austin LLP"; to Interrogatory No. 1 requesting that HPE "[s]tate the amount of money or any other consideration paid by You and/or Juniper to each of the following Persons or their firms concerning the merger between You and Juniper: (i) Michael Davis or MRD Law; (ii) Arthur Schwartz or Axium Advisors; and (iii) William Levi or Sidley Austin LLP"; to a 30(b)(6) deposition requesting, in topic 1, information on HPE's "engagement of, including the scope of work, the following Persons or their firms, regarding the merger of You and Juniper Networks, Inc.: (i) Michael Davis or MRD Law; (ii) Arthur Schwartz or Axium Advisors; and (iii) William Levi or Sidley Austin LLP"; and to proposed subpoenae duces tecum and deposition subpoenas

requesting "All Documents relating to Your retention and scope of work as 'HPE advisor' as referenced in HPE and Juniper's § 16(g) Tunney Act Filing" or "All engagement agreements, contracts, and scope of work Documents between HPE and You or Your firm, Axium Advisors, relating to the Settlement, or any other potential resolution of a claim or potential claim by the United States relating to the merger of HPE and Juniper, including negotiations of such Settlement or resolution."

For the reasons set forth on the record, the Court sustains HPE's objections to RFP No. 1 and Interrogatory No. 1 and sustains in part HPE's objections to the 30(b)(6) deposition notices and subpoenae duces tecum and deposition subpoenas. As to the objections sustained in part, the states may not seek communications, documents, testimony, or other evidence regarding interactions occurring solely between HPE and the three individuals but may pursue discovery regarding the three individuals' conduct with others on behalf of HPE, including regarding their communications with the United States or other entities.

2. The United States objects to the states' RFPs Nos. 1, 2, and 4, and Interrogatories Nos. 1 and 3. RFP No. 1 asks for "All communications between You and HPE or Juniper concerning the Settlement or any other potential resolution of a claim or potential claim by the United States concerning the merger of HPE and Juniper, including negotiations of such Settlement or resolution. Your response should include communications conducted with HPE's or Juniper's counsel, lobbyists, advisors, or other of HPE's or Juniper's representatives." Exh. 1, Dkt 362-1, at 5. RFP No. 2 asks for "All documents exchanged between You and HPE or Juniper concerning the Settlement or any other potential resolution of a claim or potential claim by the United States concerning the merger of HPE and Juniper, including negotiations of such Settlement or resolution. Your response should include documents exchanged with HPE's or Juniper's counsel, lobbyists, advisors, or other of HPE's or Juniper's representatives." Exh. 1, Dkt. 362-1, at 5. RFP No. 4 asks for "All documents concerning Your communications with Michael Davis, MRD Law, Arthur Schwartz, Axium Advisors, William Levi, or Sidley Austin LLP relating to the merger of HPE and Juniper." Exh. 1, Dkt. 362-1, at 5. Interrogatory No. 1 asks the United States to "Identify all Persons who communicated with the You on behalf of HPE or

Juniper concerning the Settlement or any other potential resolution of a claim or potential claim by the United States concerning the merger of HPE and Juniper, including negotiations of such Settlement or resolution, excluding HPE's outside counsel who entered an appearance in this action, and excluding Juniper's outside counsel who entered an appearance in this action." Exh. 2, Dkt. 362-3, at 5. And Interrogatory No. 3 asks the United States to "Identify all individuals who were involved in negotiating the Settlement and state what their role was in doing so." Exh. 2, Dkt. 362-3, at 5.

For the reasons stated on the record, the Court overrules the United States's objection to these RFPs and Interrogatories.

3. The United States objects to the states' Interrogatory No. 4 requiring it to "State the alternative remedies actually considered by You and the anticipated effects thereof, and identify all documents related to such alternative remedies" and to its RFP No. 3 requesting "All documents concerning alternative remedies actually considered by You and the anticipated effects thereof."

For the reasons set forth on the record, the Court overrules the United States's objections to these requests. The Court's ruling, however, is without prejudice to the United States's assertion of any potentially applicable privilege, including the deliberative process privilege, the attorney-client privilege, and the attorney work-product doctrine. If the United States chooses to withhold documents in response to this or any other request, the United States shall prepare a privilege log that identifies the specific document withheld, the privilege being asserted, and the basis for that privilege.[1]

4. The United States next objects to RFPs Nos. 4–7, which request "All documents concerning Your communications with Michael Davis, MRD Law, Arthur Schwartz, Axium Advisors, William Levi, or Sidley Austin LLP relating to the merger of HPE and Juniper," "All documents from the custodial files of Chad Mizelle, Stanley Woodward, Roger Alford, or William Rinner concerning the Settlement or any other potential resolution of a claim or potential claim by

---

[1] HPE shall do the same should it assert that any otherwise responsive material is privileged.

the United States regarding the merger of HPE and Juniper, including negotiations of such Settlement or resolution," "All documents concerning Your decision to resolve the claim in this action on the material terms reflected in the Proposed Final Judgment filed in this action," and "All documents concerning any order, instruction, or directive from Chad Mizelle or Stanley Woodward to Your Antitrust Division to resolve the claim in this action." The United States also objects to the states' attempt to pursue deposition testimony on these issues.

For the reasons stated on the record, the Court overrules the United States's objection to RFP No. 4 and to the related request for deposition testimony. The Court's ruling is without prejudice to the United States's potential assertion of the deliberative process privilege or any other privilege.

For the reasons set forth on the records, the Court sustains the United States's objection to RFPs Nos. 5–7. This ruling is without prejudice to the states' ability to seek such evidence where it is encompassed within a different discovery request to which the Court has not sustained an objection.

5. Finally, the United States objects to the states' proposed deposition subpoenas for former DOJ officials Roger Alford, William Rinner, and Chad Mizelle. For the reasons set forth on the record, the Court overrules the United States's objection to those depositions. This ruling is without prejudice to the United States's assertion of the deliberative process privilege or other potentially applicable privileges with respect to any specific subject of their testimony.

**IT IS SO ORDERED.**

Dated: February 10, 2026

P. Casey Pitts
United States District Judge