PHILIP J. WEISER
Attorney General
ARTHUR BILLER (*pro hac vice*)
Senior Assistant Attorney General
BRYN A. WILLIAMS
First Assistant Attorney General (SBN 301699)
1300 Broadway, 10th Floor
Denver, CO 80203
Telephone: (720)508-6000
Email: Arthur.Biller@coag.gov
       Bryn.Williams@coag.gov

*Attorneys for Movants*

[Additional counsel listed on signature page]

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 5:25-cv-00951-PCP |
| *Plaintiff,* | **ADMINISTRATIVE MOTION TO MODIFY SCHEDULE AND REQUEST STATUS CONFERENCE** |
| vs. | |
| HEWLETT PACKARD ENTERPRISE CO. and JUNIPER NETWORKS, INC. | Judge: P. Casey Pitts |
| *Defendants.* | Action Filed: January 30, 2025 |

Intervenors, the Attorneys General for the States of Colorado, California, Connecticut, Hawaii, Illinois, Massachusetts, Minnesota, North Carolina, New York, Oregon, Washington, Wisconsin, and the District of Columbia (the "States") hereby file this Administrative Motion to Modify Schedule and Request Status Conference. It has become clear that the discovery necessary for these proceedings, and which the Court has already ordered may proceed, cannot be completed in time for the States to file a brief opposing entry of the proposed final judgment by March 2nd as previously directed by the Court.

The States are encountering the following delays. First, the Court ordered at the February 2, 2026 hearing, and by written Order Regarding Discovery Disputes on February 10, 2026, that

depositions of former DOJ officials William Rinner and Chad Mizelle may proceed. Despite the Court's Order, on February 11, 2026, the DOJ—which represents Mr. Rinner and Mr. Mizelle—served the States with objections to the deposition subpoenas directed to Mr. Rinner and Mr. Mizelle, and stated that:

> "Rinner is unwilling to attend a deposition without an order issued by a court in the jurisdiction in which he resides. Moreover, in the event that he is ordered to comply with the Deposition Subpoena, Rinner will provide testimony only to the extent such testimony is authorized in writing by the U.S. Department of Justice, under the conditions set forth in the Department's *Touhy* letter. In the event that he is ordered to provide testimony, Rinner intends to comply with the Department's written authorization and with any oral instructions from counsel during the deposition."

Ex. 1 at 10 (Rinner R&Os). Mr. Mizelle's objections contained an identical statement as to him. *See* Ex. 2 (Mizelle R&Os) at 11.

The practical effect of this is that the States must now move to compel Mr. Rinner's and Mr. Mizelle's attendance at their depositions, in other federal district courts where those individuals can be compelled. The States will move expeditiously, but the likely outcome is that it may take several weeks for the matter to be briefed and the courts to issue rulings, and for the depositions to then finally take place. The depositions are necessary because the documentary evidence that the States have received thus far shows that Mr. Rinner was the main point of contact at the Antitrust Division regarding negotiation of a potential settlement—before the process was corrupted—and has knowledge of the alternative remedies actually considered. Mr. Mizelle, for his part, had communications, calls, and in-person meetings that led to the Settlement that was adopted. Both are key percipient witnesses.

Second, and continuing the theme of ignoring this Court's orders, the DOJ sent a letter to the States on February 11, 2026, purporting to limit the deposition testimony that Mr. Rinner, Mr. Mizelle, and Mr. Alford would be permitted to give pursuant to the DOJ's internal *Touhy* regulations. *See* Ex. 3. But the Court has already determined that the DOJ's *Touhy* regulations "do not provide a basis here for quashing the deposition requests on their own." 2/2/26 Tr. at 39:12-19.

1  The Court was clear that the DOJ could make privilege objections at the depositions, but nothing in
2  the *Touhy* regulations themselves create a privilege against testimony.

3  Nevertheless, the DOJ now purports to prohibit the former DOJ officials from testifying
4  about "[a]lternative remedies actually considered by the United States and the anticipated effects
5  thereof" and "[t]he Settlement or any other potential resolution of a claim or potential claim by the
6  United States concerning the merger of HPE and Juniper, including negotiations of such Settlement
7  or resolution." *See* Ex. 3 at 3.  This is contrary to the Court's December 31, 2026 Order, the Court's
8  rulings at the February 2, 2026 hearing, and the February 10, 2026 Order, which explicitly held that
9  the States may take discovery of alternative remedies and anticipated effects thereof.  Dkt. 350 at 6;
10 2/2/26 Tr. at 32:23-34:11; Dkt. 378 at 3.  And the DOJ determination to block testimony about "the
11 Settlement . . . including negotiations of such Settlement" is also contrary to the Court's orders.[1]

12 The DOJ's *Touhy* regulations are not a free pass for the DOJ to openly flout Court orders
13 and obstruct the pursuit of relevant, non-privileged deposition testimony.  To the contrary, the Ninth
14 Circuit has made clear that *Touhy* regulations do not authorize the federal government "to refuse to
15 comply with proper discovery requests. . . . Rather, district courts should apply the federal rules of
16 discovery when deciding on discovery requests made against government agencies, whether or not
17 the United States is a party to the underlying action." *Exxon Shipping Co. v. U.S. Dep't of Interior*,
18 34 F.3d 774, 780 (9th Cir. 1994).

19 Two Court orders apparently are not sufficient for the DOJ to get the message that they, and
20 their former officials, do not get to pick and choose which rules they get to follow.

21 Third, both HPE and DOJ still have yet to complete their document productions.  The DOJ
22 has committed to produce their outstanding documents by February 13, 2026.  However, the States
23 have no confidence that the United States will make a full production of the documents that this
24 Court has ordered them to produce in light of the fact that they are refusing to provide testimony
25 that the Court has ordered.  If that is the case, that will lead to further delay.  And as to HPE, the

---

[1] It is also confusing and internally inconsistent with another section of the letter stating that the officials can testify about communications and documents exchanged between the United States and HPE about the Settlement.  *See* Ex. 3 at 2.  Either way, this issue needs to be resolved to avoid needless objections and wasted time at the depositions.

States and HPE filed a joint discovery dispute letter on February 11, 2026, regarding a dispute over the identities of parties that have expressed interest in the proposed remedies in the Settlement. These discovery disputes are also resulting in delay of completion of HPE's document production.

Fourth, HPE is attempting to jam all depositions into the last 10 days before the States' brief is due, including several depositions the week of February 23rd. That includes lobbyist depositions and a 30(b)(6) deposition of HPE. It is not reasonable to expect the States to take all those depositions within that short of a timeframe and then incorporate the testimony into its brief just days later. That task becomes even more complicated due to the fact that HPE and the United States have not completed their document productions.

Finally, there remains the issue of the extent to which the United States can assert privileges in relation to the Settlement, particularly at depositions. The Court's rulings during the February 2, 2026, hearing were without prejudice to the States making a stronger evidentiary showing later that the deliberative process privilege should not apply, or that it has been overcome. The States intend to raise this issue again soon. Documents produced thus far on the Settlement do provide a stronger evidentiary basis; the States plan to review the upcoming production from the United States so that they may present a more complete documentary record to show the Court why the deliberative process privilege does not apply to the States' targeted discovery in this case. A ruling on this issue prior to depositions is necessary so that time is not wasted on arguing privilege objections and to minimize the chance that witnesses will have to be recalled. Relatedly, the States and the United States may also have disputes over documents on the United States' privilege log that would require Court resolution.

The Court recognized that revisiting the privilege issue may require a change to the schedule. 2/2/26 Tr. at 50:25-51:8. This is an important issue and it will shape the boundaries of deposition testimony. The Court will need, and should take, time before depositions to consider the additional documentary evidence and provide the Parties with guidance, based on the documents, about the scope of permissible questioning, so that witnesses do not have to be potentially recalled later.

The States request that the Court hold a remote status conference the week of February 16th, if possible, so that the schedule can be modified and to provide instruction on the issues raised here.

1  The States would suggest that, subject to the Court's availability, the hearing currently scheduled
2  for March 23, 2026, be moved to a date in May; that the deadline for the States' brief be moved to
3  three weeks before such hearing date; and that any replies to the States' brief be due one week after
4  the States' brief.
5       The States have conferred with the United States and HPE about this administrative motion,
6  and understand that the United States and HPE oppose the relief requested herein.

Dated: February 12, 2026

PHILIP J. WEISER
Attorney General

*/s/ Arthur Biller*
ARTHUR BILLER *(Admitted Pro Hac Vice)*
Senior Assistant Attorney General
BRYN A. WILLIAMS
First Assistant Attorney General (SBN 301699)
JONATHAN B. SALLET *(Admitted Pro Hac Vice)*
Special Assistant Attorney General
ROBIN ALEXANDER *(Admitted Pro Hac Vice)*
Assistant Attorney General
1300 Broadway, 10th Floor
Denver, CO 80203
Telephone: (720)508-6000
Email: Arthur.Biller@coag.gov
      Bryn.Williams@coag.gov
      Jon.Sallet@coag.gov
      Robin.Alexander@coag.gov

*Attorneys for the State of Colorado*


ROB BONTA
Attorney General of California

*/s/ Brian D. Wang*
PAULA L. BLIZZARD, Senior Assistant Attorney
General (SBN 207920)
MICHAEL W. JORGENSON, Supervising Deputy
Attorney General (SBN 201145)
BRIAN D. WANG, Deputy Attorney General (SBN 284490)
Office of the Attorney General

- 5 -
Administrative Motion to Modify Case Schedule and Request Status Conference – Case No. 5:25-cv-00951-PCP

California Department of Justice
455 Golden Gate Avenue, Suite 11000
San Francisco, California 94102
(415) 510-4400
Brian.Wang@doj.ca.gov

*Attorneys for the State of California*


WILLIAM TONG
ATTORNEY GENERAL

*/s/ Nicole Demers*
Nicole Demers (*pro hac vice application forthcoming*)
Deputy Associate Attorney General
Antitrust Section
Connecticut Office of the Attorney General
165 Capitol Ave.
Hartford, CT 06106
Tel.: (860) 808-5030
nicole.demers@ct.gov

*Attorneys for the State of Connecticut*


BRIAN SCHWALB
Attorney General of the District of Columbia

*/s/ Coty Montag*
Coty Montag (SBN 255703)
Deputy Attorney General, Public Advocacy Division
Office of the Attorney General for the District of Columbia
400 6th Street NW
Washington, DC 20001
Telephone: (202) 417-5402
Coty.Montag@dc.gov

*Attorneys for the District of Columbia*


ANNE E. LOPEZ
Attorney General

*/s/ Rodney I. Kimura*
RODNEY I. KIMURA *(Admitted Pro Hac Vice)*
Deputy Attorney General
Department of the Attorney General

- 6 -
Administrative Motion to Modify Case Schedule and Request Status Conference – Case No. 5:25-cv-00951-PCP

425 Queen Street
Honolulu, Hawaii. 96813
Telephone:  (808) 586-1180
Email:  Rodney.i.kimura@hawaii.gov

*Attorneys for State of Hawaii*


KWAME RAOUL
Attorney General of Illinois

*/s/ Paul J. Harper*
*(Admitted Pro Hac Vice)*

ELIZABETH L. MAXEINER
*(Admitted Pro Hac Vice)*
Chief, Antitrust Bureau
PAUL J. HARPER
Assistant Attorney General, Antitrust Bureau
Office of the Illinois Attorney General
115 S. LaSalle Street, 35th Floor
Chicago, Illinois 60603
773-590-7935 | elizabeth.maxeiner@ilag.gov
773-590-6837 | paul.harper@ilag.gov

*Attorneys for State of Illinois*


COMMONWEALTH OF MASSACHUSETTS
ANDREA JOY CAMPBELL
Attorney General

*/s/ Anthony W. Mariano*
Anthony W. Mariano *(Admitted Pro Hac Vice)*
Chief, Antitrust Division
Office of the Massachusetts Attorney General
One Ashburton Place, 20th Floor
Boston, MA 02108
(781) 835-7990
Anthony.Mariano@mass.gov

*Attorneys for*
*Commonwealth of Massachusetts*


KEITH ELLISON
Attorney General

*/s/ Jon M. Woodruff*

*(Admitted Pro Hac Vice)*

ELIZABETH ODETTE *(Admitted Pro Hac Vice)*
Manager, Assistant Attorney General
Antitrust Division

JON M. WOODRUFF
Assistant Attorney General
Antitrust Division

Office of the Minnesota Attorney General
445 Minnesota Street, Suite 600
Saint Paul, MN 55101
Telephone: (651) 300-7425
elizabeth.odette@ag.state.mn.us
jon.woodruff@ag.state.mn.us

*Attorneys for State of Minnesota*


LETITIA JAMES
Attorney General of the State of New York

CHRISTOPHER D'ANGELO
Chief Deputy Attorney General
Economic Justice Division

*/s/ Elinor Hoffmann*
*(Admitted Pro Hac Vice)*

ELINOR R. HOFFMANN
Chief, Antitrust Bureau
AMY McFARLANE
*(Admitted Pro Hac Vice)*
Deputy Bureau Chief, Antitrust Bureau
MICHAEL SCHWARTZ
*(Admitted Pro Hac Vice)*
Senior Enforcement Counsel, Antitrust Bureau

New York State Office of the Attorney General
28 Liberty Street
New York, NY 10005
Phone: (212) 416-8269
Email: Elinor.Hoffmann@ag.ny.gov

*Attorneys for State of New York*


JEFF JACKSON

Attorney General of North Carolina

*/s/ Kunal J. Choksi*
*(Admitted Pro Hac Vice)*

Kunal Janak Choksi
Senior Deputy Attorney General
North Carolina Department of Justice
114 W. Edenton St.
Raleigh, NC 27603
Telephone: (919) 716-6032
E-Mail: kchoksi@ncdoj.gov

*Attorneys for State of North Carolina*

Dan Rayfield
Attorney General of Oregon

*/s/ Rachel K. Sowray*
Rachel K. Sowray *(Admitted Pro Hac Vice)*
Senior Assistant Attorney General
Timothy D. Smith *(Admitted Pro Hac Vice)*
Attorney-in-Charge
Economic Justice Section
Oregon Department of Justice
100 SW Market St, Portland OR 97201
503.689.0249 | Rachel.Sowray@doj.oregon.gov
503.798.3297 | tim.smith@doj.oregon.gov

*Attorneys for State of Oregon*

NICHOLAS W. BROWN
Attorney General of Washington

*/s/ Amy N. L. Hanson*
*(Admitted Pro Hac Vice)*

JONATHAN A. MARK *(Admitted Pro Hac Vice)*
Antitrust Division Chief
AMY N.L. HANSON
Senior Managing Assistant Attorney General
Antitrust Division
Washington State Office of the Attorney General
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
Email: jonathan.mark@atg.wa.gov

Email: amy.hanson@atg.wa.gov
Tel: 206-389-3806 (Mark)
Tel: 206-464-5419 (Hanson)

*Attorneys for State of Washington*

JOSHUA L. KAUL
ATTORNEY GENERAL

*/s/Caitlin M. Madden*
Caitlin M. Madden *(Admitted Pro Hac Vice)*

Assistant Attorney General
Wisconsin Department of Justice
17 West Main Street
Post Office Box 7857
Madison, WI 53707-7857
(608) 267-1311
caitlin.madden@wisdoj.gov

*Attorneys for State of Wisconsin*