

U.S. Department of Justice

Antitrust Division

---

Abigail Slater
Assistant Attorney General

Main Justice Building
950 Pennsylvania Avenue, N.W.
Washington, D.C. 20530-0001

February 11, 2026

**VIA EMAIL**

Arthur Biller, Esq.
(Arthur.Biller@coag.gov)
Senior Assistant Attorney General
Office of the Attorney General
State of Colorado
1300 Broadway, 10th Floor
Denver, CO 80203

      Re:    *United States of America v. Hewlett Packard Enterprise Co., et al.*,
             No. 5:25-cv-00951-PCP (N.D. Cal. filed on Jan. 30, 2025)

Dear Mr. Biller:

This letter responds to your January 5, 2026 Letter regarding the Intervenor States' ("States") Subpoenas to Testify at a Deposition in a Civil Action directed to former Principal Deputy Assistant Attorney General Roger P. Alford, former Chief of Staff to the Attorney General Chad R. Mizelle, and former Deputy Assistant Attorney General William J. Rinner. In response to the Department's request that you provide an affidavit or statement setting forth a summary of the testimony sought from each former Department personnel, you have provided a list of eleven topics for each individual, which we address below.

I.

The States' request for testimony is governed by the Department's regulations set forth at 28 C.F.R. §§ 16.21 *et seq.*, commonly known as "*Touhy*" regulations. *See United States ex rel. Touhy v. Ragen*, 340 U.S. 462 (1951). Pursuant to those regulations, upon receipt of a *Touhy* request for testimony, the appropriate Department official is required to make a determination regarding the requesting party's demand based on the considerations set forth at 28 C.F.R. §§ 16.23, 16.24, 16.25, and 16.26. Those considerations include, *inter alia*, "[w]hether such disclosure is appropriate under the rules of procedure governing the case or matter in which the demand arose," 28 C.F.R. § 16.26(a)(1), and "[w]hether disclosure is appropriate under the relevant substantive law concerning privilege,"

Arthur Biller, Esq.<br>
February 11, 2026<br>
Page 2

28 C.F.R. § 16.26(a)(2). Department personnel, current and former, are not authorized to testify about any topic concerning which they have not received express authorization to testify. Should Department personnel be questioned about any unauthorized topic, they are directed to state that they are not authorized to testify on that topic.

II.

After careful consideration of the topics, which are quite broad and vague, the Department has determined that Mr. Alford, Mr. Mizelle, and Mr. Rinner are authorized to testify as to facts relating to the following topics, to the extent they have any personal knowledge and recollection:

(1) Communications, and documents exchanged, between the United States and HPE or Juniper concerning the initiation, continuation, or discontinuation of any court action concerning the merger of HPE and Juniper, the Settlement or any other potential resolution of a claim or potential claim by the United States concerning the merger of HPE and Juniper, including negotiations of such Settlement or resolution.

(2) Communications, and documents exchanged, between the United States and Michael Davis, MRD Law, Arthur Schwartz, Axium Advisors, William Levi, or Sidley Austin LLP relating to the merger of HPE and Juniper.

(3) The divestiture of HPE's Instant On business line as proposed in the Settlement.

(4) The license of AI Ops for Mist Source Code as proposed in the Settlement.

(5) As to each witness, any documents produced to the States that were either (a) from that witness's custodial files; (b) sent or received by that witness; (c) possessed by that witness; or (d) that circumstances suggest the witness had knowledge of.

In testifying about facts relating to any of the above five topics, Mr. Alford, Mr. Mizelle, and Mr. Rinner are not authorized to disclose any of the following:

(1) Information protected by privilege, such as the deliberative process privilege and work product doctrine, including any analysis of evidence or argument, personal beliefs, and mental impressions;

(2) Disclosures that would violate a statute or a rule of procedure (e.g., the grand jury secrecy under Fed. R. Crim. P. 6(e));

(3) Classified information, unless appropriately declassified by the originating agency;

(4) Disclosures that would reveal a confidential source or informant, unless the investigative agency and the source or informant have no objection;

(5) Disclosures that would reveal investigatory records compiled for law enforcement purposes, and would interfere with enforcement proceedings;

(6) Disclosures that would improperly reveal trade secrets without the owner's consent; and

(7) As to any document produced to the States, any material or content that has been withheld or redacted based on one or more claims of privilege.

### III.

Mr. Alford, Mr. Mizelle, and Mr. Rinner are not authorized to testify about any other Department information. The Department does not authorize Mr. Alford, Mr. Mizelle, and Mr. Rinner to testify on any of the following topics:

(1) Alternative remedies actually considered by the United States and the anticipated effects thereof;

(2) The decision to resolve the claim in this action on the material terms reflected in the Proposed Final Judgment filed in this action (Dkt. No. 217-1);

(3) Any order, instruction, or directive from Chad Mizelle or Stanley Woodward to the Antitrust Division to resolve the claim in this action; and

(4) The Settlement or any other potential resolution of a claim or potential claim by the United States concerning the merger of HPE and Juniper, including negotiations of such Settlement or resolution.

The deliberative process privilege and/or work product doctrine protect their evaluations, analyses, and decision-making with respect to any potential, proposed, or finalized settlement or resolution of the United States' complaint challenging the merger of HPE and Juniper, including their internal conversations and discussions with other Department personnel and consultants, personal beliefs, and mental impressions.

Moreover, any deposition testimony on the above four topics would be irrelevant and not proportional to needs of the case, which at this juncture relate solely to the Court's public interest determination under the Antitrust Procedures and Penalties Act, 15 U.S.C. §§ 16(b–h). The public interest factors that the Court "shall consider" are expressly set forth in 15 U.S.C. § 16(e)(1). None of them authorizes an inquiry into the Department's internal decision-making regarding the settlement of this action, including its evaluations and analyses of any proposal to resolve the matter. As the Ninth Circuit held in *United States v. Bechtel Corp.*, "[t]he balancing of competing social and political interests

affected by a proposed antitrust consent decree must be left, in the first instance, to the discretion of the Attorney General." 648 F.2d 660, 666 (9th Cir. 1981). Probing the Department's exercise of its prosecutorial discretion to settle this action instead of proceeding to trial would therefore amount to "an unrestricted evaluation of what relief would best serve the public." *Id.* The Court's public interest determination instead must focus on "whether the relief provided for in the proposed judgment was adequate to remedy the antitrust violations alleged in the complaint," and is thus "within the reaches of the public interest." *Id.* at 665 & 666.

IV.

The following two topics that you have identified do not appear to pertain to either the United States' complaint challenging the merger of HPE and Juniper Networks or the Department's handling of the litigation and settlement:

(1) Mr. Alford's speech on August 18, 2025, at the Tech Policy Institute Aspen Forum entitled "The Rule of Law Versus the Rule of Lobbyists."

(2) Mr. Alford's testimony before the Committee of the Judiciary, Subcommittee on the Administrative State, Regulatory Reform, and Antitrust, on December 16, 2025.

Rather, the topics seem to relate to a speech and some testimony that Mr. Alford gave after leaving the Department. Moreover, it is not apparent that Mr. Mizelle and Mr. Rinner would have any knowledge of Mr. Alford's speech and testimony. That said, to the extent there are any questions for any witness about Mr. Alford's speech and testimony, including any references made therein to the litigation or settlement of the HPE/Juniper matter, the Department does not authorize Mr. Alford, Mr. Mizelle, and Mr. Rinner to reveal any nonpublic Department communications, information, or materials in their answers. They also are not authorized to reveal any Department information protected by privilege, such as the deliberative process privilege and work product doctrine, including any analysis of evidence or argument, personal beliefs, and mental impressions.

V.

Lastly, because Mr. Alford, Mr. Mizelle, and Mr. Rinner are former Department personnel, and they each are outside the Court's subpoena power,[1] the Department cannot compel their appearance for deposition. The States will have to obtain each individual's voluntary cooperation. As you know, the Department is representing Mr. Mizelle and Mr.

---

[1] Not only are Mr. Alford, Mr. Mizelle, and Mr. Rinner, to the best of the Department's knowledge, not within the jurisdictional reach of the United States District Court for the Northern District of California, but the subpoenas also nominally call for their compliance in Denver, Colorado, within the District of Colorado, which contravenes Fed. R. Civ. P. 45(c)(1).

Rinner in their capacity as former Department officials, and while we will communicate on their behalf regarding the subpoenas, the decision to appear is ultimately theirs. If they choose to appear, the Department authorizes their testimony to the extent set forth above. It is the Department's current understanding that Mr. Mizelle and Mr. Rinner will not voluntarily appear for their depositions, and that a court order from the judicial district where each of them resides compelling their appearance will be necessary.

Should you have any questions regarding any part of this *Touhy* authorization letter, we are available to meet and confer with you.

                                            Sincerely,

                                            /s/ Abigail Slater

                                            Abigail Slater
                                            Assistant Attorney General
                                            Antitrust Division

cc:      Bryn A. Williams (Bryn.Williams@coag.gov)
          Jonathan Sallet (Jon.Sallet@coag.gov)
          Samuel G. Liversidge (sliversidge@gibsondunn.com)
          Julie Elmer (julie.elmer@freshfields.com)
          Jennifer Mellott (jennifer.mellott@freshfields.com)
          Sarmad M. Khojasteh (sarmad.khojasteh@usdoj.gov)
          Jacqueline Coleman Snead (jacqueline.snead@usdoj.gov)
          Henry C. Su (henry.su@usdoj.gov)
          Rachel Cotton (rachel.cotton@arnoldporter.com)