SAMUEL G. LIVERSIDGE (Bar No. 180578)
ERIC VANDEVELDE (Bar No. 240699)
DANIEL NOWICKI (Bar No. 304716)
**GIBSON, DUNN & CRUTCHER LLP**
333 South Grand Avenue
Los Angeles, California 90071
Telephone: (213) 229-7000
SLiversidge@gibsondunn.com
EVandevelde@gibsondunn.com
DNowicki@gibsondunn.com

JULIE S. ELMER (*pro hac vice*)
JENNIFER MELLOTT (*pro hac vice*)
**FRESHFIELDS US LLP**
700 13th St NW
Washington, DC 20005
Telephone: (202) 777-4500
julie.elmer@freshfields.com
jennifer.mellott@freshfields.com

*Attorneys for Defendant*
HEWLETT PACKARD ENTERPRISE CO.

[Additional counsel listed on signature page]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>*Plaintiff*,<br><br>v.<br><br>HEWLETT PACKARD ENTERPRISE CO. and JUNIPER NETWORKS, INC.,<br><br>*Defendants*. | CASE NO. 5:25-cv-00951-PCP<br><br>**HEWLETT PACKARD ENTERPRISE CO.'S OPPOSITION TO MOTION TO EXTEND THE SCHEDULE**<br><br>Judge:         P. Casey Pitts<br>Action Filed: January 30, 2025 |

It has been *over two years* since the HPE-Juniper merger was announced. The settlement of this action was announced in late June 2025, and the merger was completed over seven months ago. Extending this already-prolonged process serves no public interest, but will only exacerbate the harm to HPE, its employees, its customers, and national security. It is time for this proceeding to reach its conclusion.

HPE has done everything it has been asked to do—producing thousands of pages of discovery and arranging for the deposition of both a 30(b)(6) witness and three of its own representatives, something that has never been previously allowed in a Tunney Act proceeding. The States claim that HPE has not completed its document production (ECF No. 381 ("Mot.") at 4), but that is not accurate. Except for the redaction of the names of the bidders and bid amounts as part of the auction process (an issue the Court is set to resolve), HPE has fully completed its document production. The States also complain that several witnesses are set to be deposed the week of February 23, and suggest this does not give them enough time to draft their brief. Mot. at 4. Yet those dates were negotiated with the States, and they did not complain. The States themselves noticed Mr. Alford's deposition for that week. And this proceeding is meant to be narrow and compressed; it is not intended to be a full-blown litigation. The States here include the offices of the Attorneys General of thirteen different states. They are in no position to complain about limited resources or short timeframes, particularly when this entire proceeding is of their own making. HPE is willing to extend the States' time to file their brief by a few days or a week if that would aid them in completing their filing (even though the States did not ask for such an extension). But they do not need multiple months to incorporate deposition testimony and documents (which they already have) into their briefing.

The States are causing real harm, not just on HPE, but on employees, networking customers, the networking market, and national security. As HPE has repeatedly explained at length, this merger is procompetitive, designed to break the monopolistic grip that Cisco has on the networking business. *See, e.g.*, ECF No. 370-3 (Statement in Support of Final Judgment) at 1-2, 3-5, 11-12. And, on the national security side of the ledger, the merger empowers HPE to provide superior products to its intelligence and defense customers, while also providing an alternative to Huawei (which is compromised by the Chinese government) to international customers. ECF No. 370-3 at 1-2, 11-12,

1

21-22. These national security issues are extremely significant—according to recent reporting, the Director of the CIA, John Ratcliffe, supported the merger because of its national security benefits. *See* MSN article, available at https://www.msn.com/en-us/news/politics/trump-doj-purge-antitrust-chief-gail-slater-forced-out/ar-AA1WeqJI ("CIA Director John Ratcliffe later indicated that halting the merger could, in fact, present national security risks and questioned why his agency had not been consulted"). By prolonging this proceeding, the States are providing Cisco with ammunition to keep its grip on the networking market, and Huawei with ammunition to keep control over the compromised datacenters of America's international partners—by allowing them to point to the continued pendency of the action to create uncertainty regarding HPE's ability to provide competing solutions.

Further, continuing to push this process out threatens the integrity and efficacy of the auction process required by the settlement. After the settlement, HPE worked diligently and swiftly to create a robust auction process to sell the Instant On assets and license the AI Ops for Mist source code—and bidders put in their bids with the expectation that they would shortly be able to acquire and use the assets in the market. As in *any* asset acquisition process, bidders value assets based on their expectation that the acquisition can close—and the bidder can use the assets—in a relatively short time frame. But Bidders have now had to wait for months on end as this process is continuously prolonged by the States' involvement. Prolonging this process even longer raises the risk of bidders walking away from what has already been an extraordinarily overlong bidding period. And employees who are set to move as a result of the license and divestiture have been forced to work under a cloud of uncertainty as they continue to wait to find out where they will go. In short, by seeking this extension, the States are undermining the bidding process and the remedies agreed in the settlement.

The States have not provided any justification to continue this harm to competition and national security for several more months. They say that DOJ objections necessitate giving them more time to compel depositions of three former DOJ officials. Mot. at 2-3. But it is unclear how these depositions could provide any relevant, non-cumulative testimony. HPE and the DOJ have produced their documents regarding the back-and-forth settlement negotiations. The States can ask

2

*four* different deponents (an HPE 30(b)(6) witness and three representatives of HPE) about the settlement negotiations.

The only non-cumulative testimony the States could possibly elicit from the three former DOJ officials is testimony regarding (1) intra-DOJ disputes regarding the lawsuit, or (2) in the case of Mr. Alford, testimony about the speech that he gave last year, which forms the entire basis for the States' intervention motion. But the first topic is covered by, at a minimum, the deliberative process privilege, as the Court explained at the last hearing. 2/2/26 Tr. at 50:16-52:20. And the States do not explain how or why they could possibly pierce that privilege. The States claim (without explanation) that they could somehow use the documents HPE and the DOJ have produced to overcome the privilege (Mot. at 4), but those documents confirm that the settlement negotiations proceeded exactly as HPE said they have: first, HPE agreed to the terms suggested by the DOJ official who brought this case (ECF No. 370-4 (Schultz Decl.) ¶¶ 12-14); then, without explanation, other DOJ officials demanded something different (*id.* ¶¶ 15-17); and finally, after HPE repeatedly explained the impossibility and inappropriateness of these new demands—and nevertheless *improved* its offer to add a divestiture—the senior DOJ officials in charge of the Antitrust Division approved final settlement terms, which included *more* extensive remedies than the settlement terms proposed by the **very DOJ official who brought this case**. *Id.* ¶¶ 20-26. The States do not explain how or why this back-and-forth gives them any grounds to overcome the deliberative process privilege, because it does not. And the States' vague assertion that they "intend to raise this again soon" (Mot. at 4) is not grounds to extend the schedule for months.

Moreover, the States have never explained—and still do not explain—why it is relevant to the Tunney Act process to explore internal DOJ disagreements about the lawsuit. The States are apparently taking the position that HPE could not agree to the terms negotiated with the DOJ officials who oversee the Antitrust Division—which, again, involved more extensive remedies than the terms proposed by the DOJ official who brought this case—because some *other* DOJ official proposed different terms. This claim is not only nonsensical and arbitrary, but it would eliminate the incentive of antitrust defendants to negotiate a consent decree. In any event, the States have the parties' communications about all the various settlement proposals and can make whatever argument they

3

wish regarding those proposals (*and* ask HPE's deponents about them). The States' only apparent purpose in taking these depositions is to embarrass the DOJ (which is staffed by the States' political rivals) by exploring the personal disputes between various DOJ officials. *See* MSN article, available at https://www.msn.com/en-us/news/politics/trump-doj-purge-antitrust-chief-gail-slater-forced-out/ar-AA1WeqJI (discussing disputes between a DOJ official and the Attorney General).

As for the second topic, the States could have asked Mr. Alford for any information related to his speech and presented it to the Court at any time. But they did not do so. Rather, it is *HPE* that has sought discovery about the speech; discovery which, thus far, Mr. Alford has refused to produce.[1] The States rightly do not suggest they need more time to seek discovery from Mr. Alford, who is aligned with them.

***

At bottom, the issue is simple. The States have been allowed more leeway to involve themselves in this proceeding than any intervenor in the history of the Tunney Act. HPE has given them extensive discovery, and they will depose at least four witnesses about HPE's negotiations. There is no basis to prolong this proceeding, particularly when the States have never even explained what it is they intend to discover. The States rely entirely on the fact-free assertions of Mr. Alford, but have never presented any evidence of anything improper—or even made specific factual *allegations* of impropriety. Their only apparent purpose in prolonging this proceeding is to attempt to embarrass the DOJ, the States' political rivals. That is not a valid basis for continuing to harm competition in the networking business, national security, and the public interest. The States' motion should be denied.

---

[1] According to Mr. Alford, he has no documents regarding the settlement, because they all reside with the DOJ. And according to Mr. Alford's counsel, Mr. Alford does not believe he is required to produce *any* discovery regarding his speech or recent Congressional testimony, where he repeated the accusations in his speech. In other words, Mr. Alford has taken the position that despite his bald, unexplained accusations of impropriety in his speech—and despite expressly demanding in his speech that his accusations somehow be used in a Tunney Act proceeding—HPE is not entitled to discovery regarding that speech. Mr. Alford's counsel has also indicated he does not believe he is required to participate in the discovery letter-briefing process. HPE will be raising these issues with Mr. Alford's response to its subpoena shortly.

Dated: February 16, 2026

By: */s/ Samuel Liversidge*

Samuel G. Liversidge
*Attorney for Defendant*
*HEWLETT PACKARD ENTERPRISE CO.*

Samuel G. Liversidge (Bar No. 180578)
Eric Vandevelde (Bar No. 240699)
Daniel Nowicki (Bar No. 304716)
**GIBSON, DUNN & CRUTCHER LLP**
333 South Grand Avenue
Los Angeles, California 90071
Telephone: (213) 229-7000
SLiversidge@gibsondunn.com
EVandevelde@gibsondunn.com
DNowicki@gibsondunn.com

Stephen Weissman (*pro hac vice*)
Michael J. Perry (Bar No. 255411)
Kristen C. Limarzi (*pro hac vice*)
**GIBSON, DUNN & CRUTCHER LLP**
1700 M Street, N.W.
Washington, D.C. 20036
Telephone: (202) 955-8500
SWeissman@gibsondunn.com
MJPerry@gibsondunn.com
KLimarzi@gibsondunn.com

Julie S. Elmer (*pro hac vice*)
Jennifer Mellott (*pro hac vice*)
**FRESHFIELDS US LLP**
700 13th St NW
Washington, DC 20005
Telephone: (202) 777-4500
julie.elmer@freshfields.com
eric.mahr@freshfields.com
jennifer.mellott@freshfields.com

Justina K. Sessions (Bar No. 270914)
**FRESHFIELDS US LLP**
855 Main St
Redwood City, CA 94063
Telephone: (650) 618-9250
justina.sessions@freshfields.com

*Attorneys for Defendant*
*HEWLETT PACKARD ENTERPRISE CO.*

5