1  HENRY C. SU (CA Bar 211202)
2  JEREMY M. GOLDSTEIN (CA Bar 324422)
   MICHAEL G. LEPAGE (DC Bar 1618918)
3  U.S. DEPARTMENT OF JUSTICE
   ANTITRUST DIVISION
4  450 Golden Gate Ave, Room 10-0101
   San Francisco, CA 94102
5  henry.su@usdoj.gov
6  jeremy.goldstein@usdoj.gov
   michael.lepage@usdoj.gov
7
8  Attorneys for Plaintiff UNITED STATES OF AMERICA
9  [Additional counsel listed on signature page]
10
11            **UNITED STATES DISTRICT COURT**
12          **NORTHERN DISTRICT OF CALIFORNIA**
                  **SAN JOSE DIVISION**
13
14  UNITED STATES OF AMERICA,              Case No. 5:25-cv-00951-PCP
15                    *Plaintiff*
                                           **PLAINTIFF'S OPPOSITION TO**
16          v.                             **INTERVENORS'**
                                           **ADMINISTRATIVE MOTION TO**
17                                         **MODIFY SCHEDULE**
18  HEWLETT PACKARD ENTERPRISE CO. and
    JUNIPER NETWORKS, INC.,                Judge:       P. Casey Pitts
19                                         Action Filed:  January 30, 2025
                      *Defendants*.
20
21
22
23
24
25
26
27
28

1      The Court has already held a hearing on the very issue presented in the States' motion. It

2   should not countenance a do-over. At the December 16, 2025 hearing, the Court rejected the

3   States' proposal for a protracted schedule to accommodate "substantial briefing over the scope of

4   appropriate discovery, including (i) the extent to which the public interest standard in the Tunney

5   Act permits discovery into the process that led to the Settlement, and (ii) the extent to which the

6   United States can shield discovery pursuant to the deliberative process privilege and the attorney

7   work product doctrine." Jt. Case Mgmt. Stmt. § III.A., ECF 337, at 20. The Court instead

8   instructed the States, in its December 31, 2025 Order ("Tunney Review Order"), that "[a]ny

9   discovery … *must … be targeted* to the issues that are pending before the Court," and made clear

10  that "the *sole issue* … at this time is whether entry of the proposed final judgment is in the public

11  interest as that term is used in the Tunney Act." ECF 350, at 3 (emphases added). The Court

12  dismissed the States' suggestion that "the Tunney Act's public interest standard permits this

13  Court to deny final approval *solely* on the basis of concerns about the process that led to the

14  parties' settlement *without any consideration of the proposed judgment's adequacy or

15  competitive effect*." *Id.* at 4 (second emphasis added).

16      The States have disregarded the Court's guidance. Plaintiff has already produced a

17  "pretrial record" numbering some 27,000 pages, as well as over a thousand pages of settlement

18  communications with HPE's counsel involving more than a dozen custodians, and Plaintiff plans

19  to provide a related privilege log by the end of this week. The States nevertheless press forward

20  with overly broad discovery requests that were issued *prior* to the Tunney Review Order,

21  including multiple party and non-party deposition subpoenas. With respect to the non-party

22  subpoenas to William Rinner and Chad Mizelle, the States fail to articulate any connection

23  between the proposed Final Judgment's adequacy and competitive effect and the involvement of

24  these individuals in the settlement process. Asserting that both Rinner and Mizelle are

25  "percipient witnesses" about the settlement process in which each played a role is not enough.

26  Any civil antitrust settlement subject to the Tunney Act typically involves one or more

27  Department of Justice employees serving as a "main point of contact at the Antitrust Division" or

28

having "communications, calls, and in-person meetings" leading to the settlement that is adopted. There is nothing unique about what Rinner and Mizelle did in their former capacities as Department officials with respect to the settlement of this action.

Nor does the States' bald assertion that the settlement process was somehow "corrupted" provide a connection between the proposed Final Judgment's competitive effect and the settlement process. As the Court has indicated, "[w]hile there is no doubt that preventing corruption or improper influence-peddling from influencing the government's decision-making undoubtedly serves the public interest by promoting good government, fairness, and equity, those concerns appear to fall largely outside the scope of the Tunney Act." ECF 350, at 5. Even though they now have settlement communications between Defendant Hewlett Packard Enterprise Co. ("HPE") and the Department, the States have yet to articulate a clear and cogent theory of how the negotiations here have led to a settlement that is *not* "within the reaches of the public interest." *United States v. Bechtel Corp.*, 648 F.2d 660, 666 (9th Cir. 1991). They instead recycle the same vague allegations made in their September 2025 public comments, which have been addressed in Plaintiff's response. *See* Response to Public Comments, ECF 311, at 4.

The voluminous document productions that Plaintiff and HPE have already made to the States, and the remaining production and deposition testimony that the States will obtain over the next two weeks, are more than sufficient for the States to prepare and file their opposition to Plaintiff's motion for entry of final judgment as this Court directed on March 2, 2026. The subpoenas for the depositions of Rinner and Mizelle that are at the heart of the States' motion are unlikely to yield any relevant nonprivileged information that would not be cumulative and duplicative of whatever the States have and will obtain from other sources. Moreover, although the Department is representing Rinner and Mizelle in their capacities as former officials, Rinner and Mizelle remain non-parties who are entitled to Rule 45's protections from undue burden associated with having to prepare and sit for a deposition outside the venue in which each resides. Even in active merger litigation, parties must satisfy a high burden to show that a non-party witness has "unique knowledge that it cannot obtain elsewhere." *Cf.* Order Quashing Non-Party Deposition Subpoena, *In re: Subpoena of Glen Hauenstein*, 22-CV-01654 (N.D. Ga. May

– 2 –

20, 2022), ECF No. 12 (quashing non-party deposition subpoena in government merger litigation where testimony would be duplicative and not unique to non-party deponent). The States' continuing desire to pursue subpoenas to Rinner and Mizelle does not justify a schedule extension, especially when they issued these subpoenas fully aware of Rinner and Mizelle's status as former Department officials and non-parties who reside neither in the Northern District of California nor in the District of Colorado, where compliance is sought.

Nor can the States justify their requested modification based on the Department's *Touhy* authorization letter regarding the deposition subpoenas to Roger Alford, Rinner, and Mizelle. (*See* Biller Decl. Ex. 3.) The letter comports with the Department's regulations, which allow the head of the Antitrust Division to determine whether to authorize the testimony of a current or former Department official after considering, *inter alia*, "[w]hether disclosure is appropriate *under the relevant substantive law concerning privilege*." 28 C.F.R. § 16.26(a)(2) (emphasis added). The letter also comports with Rule 45(c)(3)(A)(iii), which permits the court for the district where compliance is required to quash or modify a subpoena that "requires disclosure of privileged or other protected matter, if no exception or waiver applies." Fed. R. Civ. P. 45(c)(3)(A)(iii). Lastly, the letter comports with the Court's rulings during the February 2, 2026 hearing. *See* Hearing Tr. at 52:8–9 ("At this time, the Government will be entitled to assert the deliberative process privilege."). In asserting deliberative process privilege over the Department's consideration of "alternative remedies" proposed during settlement negotiations, Plaintiff has acted within the bounds of the Court's orders and applicable case law. *See, e.g.*, *Ecological Rights Found. v. EPA*, 607 F. Supp. 3d 979, 1000 (N.D. Cal. 2022) (agreeing that "draft materials and back-and-forth discussions concerning proposed settlement terms in specific ongoing litigation" are covered by the deliberative process privilege).

The States' continuing reliance on *Exxon Shipping Co. v. U.S. Dep't of Interior*, 34 F.3d 774 (9th Cir. 1994), is misplaced. That case merely held that an agency may not rely on the Federal Housekeeping Statute, 5 U.S.C. § 301, to "create *an independent privilege* to withhold government information or shield federal employees from valid subpoenas." *Id.* at 780 (emphasis added). The Ninth Circuit noted, however, that the Government may look to the

— 3 —

Federal Rules, which "recognize and protect privileged information," *id.* at 779 (citing Fed. R. Civ. P. 45), and also "raise any possible claims of privilege from testimonial compulsion that may rightly be available to it, *id.* at 780 (citing Fed. R. Evid. 501). Here, the Department's *Touhy* authorization letter does exactly that, by determining "[w]hether disclosure is appropriate under the relevant substantive law concerning privilege," 28 C.F.R. § 16.26(a)(2), such as the deliberative process privilege recognized by the Ninth Circuit. *See FTC v. Warner Commc'ns Inc.*, 742 F.2d 1156, 1161 (9th Cir. 1984).

Finally, the States put the cart before the horse in asking for a modification of the schedule based merely on their expressed intent to challenge—again—Plaintiff's valid claims of privilege. *Cf.* ECF 337, at 20. During the February 2, 2026 hearing, the Court agreed with Plaintiff that "the States haven't made a showing that the deliberative process privilege wouldn't apply to the kind of internal documents that are being sought here." Hearing Tr. at 50:16–20. The Court indicated that it would revisit the issue "to the extent that there is further document discovery and testimony that's taken and there is a stronger evidentiary basis for concluding that the deliberative process privilege shouldn't apply." *Id.* at 50:25–51:4. Only then would the Court consider changing the schedule. *Id.* at 51:5–8.

Rather than extending the present timeline for the public interest determination, the States should proceed, as the Court has instructed, with the document review and depositions that can be accomplished over the next two weeks. As Plaintiff explained above and during the February 2, 2026 hearing, the States already have ample discovery to prepare and file their opposition to Plaintiff's motion for entry of final judgment on March 2, 2026.

Plaintiff understands that the States have retained an expert to assist with their analysis of the expert reports produced by Plaintiff and HPE to the States as part of the "pretrial record." If the States wish the Court to hear live testimony from their retained expert, they may move under the Tunney Act for an evidentiary hearing on that basis.[1] *See* 15 U.S.C. § 16(f)(1) (providing that

---

[1] Anticipating that the States may rely on an expert, Plaintiff has served interrogatories seeking the identity of any such expert, the subject matter on which the witness is expected to present evidence, and a summary of the witness's facts and opinions.

– 4 –

1    the court may "take testimony of … such other expert witnesses, upon motion of any party …, as

2    the court may deem appropriate"). Similarly, to the extent that the States have identified any

3    competitor or customer in the relevant market to enterprise-grade WLAN who wishes to share its

4    views with the Court about the proposed Final Judgment, or who is otherwise within the Court's

5    subpoena power, they may ask the Court to allow their "examination of [such] witnesses or

6    documentary materials." *See id.* § 16(f)(3).

7         None of the discovery issues that the States described in their motion prevent them from

8    making such requests of the Court when they file their opposition on March 2, 2026. Extending

9    the Tunney Act review period is contrary to this Court's previous order, would unnecessarily

10   extend the review of a proposed settlement, and would unfairly benefit the States by granting

11   more time for them to respond to papers already filed by the United States and HPE. The States'

12   motion to modify the current schedule, which already exceeds the timeline that the Court allotted

13   for the merger challenge, should therefore be denied.

14

15   Dated: February 16, 2026                    */s/ Henry C. Su*
                                                  HENRY C. SU (CA BAR # 211202)
16                                                Senior Litigation Counsel
                                                  U.S. Department of Justice, Antitrust Division
17                                                450 5th Street, N.W.
                                                  Washington, DC 20530
18                                                henry.su@usdoj.gov
19
                                                  ELIZABETH S. JENSEN (CA Bar # 302355)
20                                                Assistant Civil Chief, San Francisco Office
21                                                JEREMY M. GOLDSTEIN (CA Bar
22                                                # 324422)
                                                  MICHAEL G. LEPAGE (DC Bar # 1618918)
23                                                Trial Attorneys
                                                  U.S. Department of Justice, Antitrust Division
24                                                450 Golden Gate Ave, Room 10-0101
                                                  San Francisco, CA 94102
25                                                Telephone: (415) 229-2934
                                                  jeremy.goldstein@usdoj.gov
26                                                michael.lepage@usdoj.gov
27                                                *Attorneys for Plaintiff* UNITED STATES
28                                                OF AMERICA