Honorable P. Casey Pitts
United States District Judge, U.S. District Court for the Northern District of California
280 South First Street, Courtroom 8 – 4th Floor
San Jose, CA 95113

February 19, 2026

       **RE: *United States v. Hewlett Packard Enterprise Co., et al.*, No. 5:25-cv-00951-PCP (N.D. Cal.): Letter Regarding Discovery Dispute Between Non-Party Roger P. Alford and HPE**

Dear Judge Pitts:

       Non-Party Roger P. Alford respectfully submits this Discovery Letter regarding a discovery dispute with Defendant Hewlett Packard Enterprise Co. ("HPE"). Counsel have met and conferred concerning the issues below but have been unable to reach agreement. Mr. Alford requested HPE's position in time to file this letter today in light of the need to have this dispute addressed prior to the noticed deposition date of February 23. HPE was unable to do so. We expect that HPE will file its position in due course.

**I.    Non-Party Roger P. Alford's Position**

      **A.  Background**

       In December 2025, the States issued document and deposition subpoenas to Mr. Alford. Mr. Alford responded that he had no responsive materials to the document request because his files were returned to the DOJ at the conclusion of his employment in July 2025. Mr. Alford then agreed to be deposed on February 23, 2026.

       After resisting third-party discovery, on February 9, 2026, HPE emailed Mr. Alford its own deposition and document subpoenas. Exs. 1–2. Mr. Alford's counsel received the subpoenas on February 10 and accepted service on February 11. HPE's document subpoena seeks, among other requests: (a) "All Documents and Communications concerning Your testimony to the United States Congress on December 16, 2025"; and (b) "All Documents and Communications concerning Your August 18, 2025 speech at the Technology Policy Institute Aspen Forum." Ex. 2 at 4 (Topics 3 and 4). The DOJ also sent a letter to the States on February 11 purporting to limit the deposition testimony that Mr. Alford, Mr. Rinner, and Mr. Mizelle would be permitted to give pursuant to the DOJ's internal *Touhy* regulations, and presumptively asserting deliberative process privilege over entire topics of potential testimony. ECF No. 381-4.

       On February 12, 2026, Mr. Alford's counsel had an introductory call with HPE's counsel. Mr. Alford's counsel noted that Mr. Alford's communications—including those related to his public speech and congressional testimony—post-dating his tenure at the DOJ are not relevant to this Tunney Act proceeding. On the evening of February 13, 2026, HPE's counsel stated that it disagreed, declared the parties "at an impasse," and stated that "we will prepare our portion of

the letter briefing for the Court regarding those topics." Ex. 3.  However, HPE did not send its portion of a letter brief.  On February 16, Mr. Alford's counsel asked when to expect HPE's portion of a letter brief, and reserved rights to seek a protective order, stating that they would seek guidance from the Court at the February 17, 2026 status conference. *Id.*  However, Mr. Alford's counsel was not "promoted" into the conference and therefore did not have the opportunity to raise any issues with the Court at the February 17 conference.

Following the February 17 conference, Mr. Alford's counsel requested that the deposition be moved to March 16, 2026 in light of the parties' disputes and the need to seek guidance from the Court concerning the proper scope of testimony.  Mr. Alford's counsel explained that Mr. Alford is travelling internationally between February 25, 2026 and March 12, 2026.  HPE stated that it would not agree to move the deposition.  The States did not object to the change in date.

## B.  Argument

The Court may "issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense," including "forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters."  Fed. R. Civ. P. 26(c)(1).  "Overbroad subpoenas seeking irrelevant information may be quashed or modified" (*Gonzales v. Google, Inc.*, 234 F.R.D. 674, 680 (N.D. Cal. 2006)), and the Court must quash or modify a subpoena that subjects a person to undue burden.  Fed. R. Civ. P. 45(d)(3).

HPE's subpoena requests on topics that pertain to events *after* Mr. Alford was no longer at the DOJ are irrelevant and outside the scope of discovery permitted by the Court. Mr. Alford's relevant knowledge consists solely of facts that he may be able to provide from the time that he was working at the DOJ and before he was placed on leave.  Mr. Alford's public comments after he was no longer working for the agency—including his August 18, 2025 public speech and his December 16, 2025 testimony—are not relevant, and discovery directed at such post-departure activities or communications  represents an effort to "annoy[], embarrass[], oppress[], or [impose] undue burden or expense" on Mr. Alford.  Fed. R. Civ. P. 26(c)(1).

The Court noted that any discovery must be "targeted to the issues that are pending before the Court" and that "*the sole issue* before the Court at this time is whether entry of the proposed final judgment is in the public interest as that term is used in the Tunney Act."  ECF No. 350 at 3 (emphasis added).  Mr. Alford was put on leave and then terminated as a government employee in July 2025.  Communications or documents concerning his subsequent, publicly available speech and congressional testimony are simply not relevant.  A protective order preventing inquiry into these topics at deposition, and modifying HPE's document subpoena to quash these topics, is therefore warranted.  *See, e.g.*, *Bickley v. Schneider Nat., Inc.*, No. C 08-5806 JSW JL, 2011 WL 1344195, at *3–4 (N.D. Cal. Apr. 8, 2011) (quashing subpoena where "it could reasonably be inferred that Defendant's subpoenas were intended to harass" and due to the "the irrelevance of the discovery sought" and "chilling effect" that could result); *Huynh v. Wal-Mart Assocs., Inc.*, No. 18-CV-01631-VC (SK), 2019 WL 13221170, at *2 (N.D.

Cal. Aug. 1, 2019) (quashing subpoenas where "the burdens they would impose heavily outweigh the value of the information"); *Degon v. Williams*, No. 2:22-CV-00142-SAB, 2024 WL 5357161, at *2 (E.D. Wash. Aug. 19, 2024) (quashing subpoenas issued to non-party that were "not proportionate to the proceeding").

HPE and the DOJ have already conceded that Mr. Alford's post-departure statements have no relevance here. HPE "believes that Mr. Alford's statements . . . are not relevant to the Tunney Act analysis." Ex. 3. The DOJ likewise stated in February 11, 2026 correspondence that these topics "do not appear to pertain to either the United States' complaint challenging the merger of HPE and Juniper Networks or the Department's handling of the litigation and settlement." ECF No. 381-4 at 4. Instead, HPE has argued that it is entitled to seek discovery on "the credibility of [Mr. Alford's] accusations and his bias." Ex. 3. This appears to be nothing more than an effort to expose Mr. Alford to opprobrium or impugn his motives; HPE seemingly wants to paint him as a disgruntled ex-employee. Such deposition examination is far afield from the Court's Tunney Act analysis and should not be permitted.

HPE also argues that Mr. Alford's public speech is somehow relevant because the States quoted one of Mr. Alford's statements in their motion to intervene. *See* Ex. 3. However, the only relevant knowledge that Mr. Alford possesses is his personal knowledge from his time working at the DOJ, and the parties should question him directly about that knowledge. That Mr. Alford *later* gave certain opinions concerning the HPE-Juniper merger does not make post-departure comments or personal opinions and communications relevant to the Court's review. The topics in HPE's subpoena regarding Mr. Alford's congressional testimony and Aspen Forum speech are also facially overbroad because they largely concern topics other than the HPE-Juniper merger.

To the extent the DOJ intends to question Mr. Alford on his public statements, this Court should be especially concerned because the DOJ has already initiated a bar complaint against Mr. Alford—seeking *permanent disbarment*, no less—simply for having spoken publicly in general terms about the HPE-Juniper merger process. The Court should not permit the DOJ to use these proceedings as fodder for its bar complaint against Mr. Alford, and should therefore set clear guardrails limiting the scope of discovery to Mr. Alford's time working on the merger at the DOJ. *See, e.g.*, *Moon v. SCP Pool Corp.*, 232 F.R.D. 633, 637 (C.D. Cal. 2005) (noting that courts must consider "the time period covered by [the subpoena]" and quashing overbroad subpoena); *Duval v. Physicians Med. Ctr., LLC*, No. CV 22-2286, 2024 WL 3463366, at *4–5 (E.D. La. Feb. 21, 2024) (quashing overbroad subpoenas that were not temporally limited to whistleblower's period of employment); *Hawaii Reg'l Council of Carpenters v. Yoshimura*, No. CV 16-00198 ACK-KSC, 2017 WL 738554, at *3 (D. Haw. Feb. 17, 2017) (modifying subpoena to request only information prior to the defendant's employment termination date "after balancing the relevance of the discovery sought").

While Mr. Alford's deposition was originally set by agreement for February 23, 2026, the foregoing events make that date unworkable. The States have agreed to move the deposition to

March 16, yet HPE now refuses to modify the date.  Mr. Alford is a non-party.  As the record stands, clarity about the scope of his deposition is necessary to ensure that it will be productive and non-harassing and, importantly, that he not have to sit a second time.  Significant uncertainty exists not only concerning the scope of testimony and document discovery, as discussed above, but also concerning: (1) the status of the DOJ's document production, its privilege log, and its assertions of the deliberative process privilege; (2) the dispute between the DOJ and the States regarding the extent to which DOJ can separately object to testimony under *Touhy*; and (3) DOJ's recent correspondence to the States purporting to limit the permissible scope of testimony under its *Touhy* regulations.  In light of this, it makes no sense for Mr. Alford to sit for a deposition on Monday.  Mr. Alford is on pre-planned international travel between February 25 and March 12.  As a result, March 16 is the earliest realistic date for his deposition.  To the extent that this date requires a different briefing schedule, Mr. Alford defers to the Court and the parties.

Dated:  February 19, 2026

ARNOLD & PORTER KAYE SCHOLER LLP

*/s/ Sean M. Callagy*

Sean M. Callagy (Bar No. 255230)
ARNOLD & PORTER KAYE SCHOLER LLP
Three Embarcadero Center, Tenth Floor
San Francisco, California 94111
Phone: (415) 471-3107
Sean.Callagy@arnoldporter.com

Rachel Cotton (admitted *pro hac vice*)
ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Ave., NW
Washington, DC 20001
Phone: (202) 942-6363
Rachel.Cotton@arnoldporter.com

*Attorneys for Non-Party Roger P. Alford*

# EXHIBIT 1

AO 88A  (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Northern District of California

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| *Plaintiff* | ) |
| v. | )     Civil Action No.   5:25-cv-0951-PCP |
| HEWLETT PACKARD ENTERPRISE CO. and JUNIPER NETWORKS, INC. | ) |
| *Defendant* | ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:                               Roger P. Alford
                          1126 Burns Ave., South Bend, IN 46617
*(Name of person to whom this subpoena is directed)*

☑ Testimony:  YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters:

| Place: 191 North Wacker Drive<br>Suite 3000<br>Chicago, IL  60606<br>or another place mutually agreed upon | Date and Time:<br><br>    02/23/2026 9:00 am<br>or another date mutually agreed upon |
|---|---|

The deposition will be recorded by this method:    Video, Audio, and Stenographic

☑ *Production:*  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material: All documents, electronically sotred information, or objects responsive to the Subpoena to Produce Documents, Information, or Objects or Permit Insepection of Premises in a Civil Action to you in this matter that you have not yet produced, including, but not limited to all such materials created, or coming into your possession, custody, or control after Febuary 5, 2026.

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:     02/06/2026

               *CLERK OF COURT*

                                OR

                                               /s/ Samuel G. Liversidge

        *Signature of Clerk or Deputy Clerk*                              *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* DEFENDANT HEWLETT PACKARD ENTERPRISE CO.                 , who issues or requests this subpoena, are:

Samuel G. Liversidge, 333 South Grand Avenue, Los Angeles, California 90071, SLiversidge@gibsondunn.com, (213) 229-7420

## Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A  (Rev.  12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.    5:25-cv-0951-PCP

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named individual as follows: _____

_____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $     0.00     .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88A  (Rev.  12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2) *For Other Discovery.*** A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2) *Command to Produce Materials or Permit Inspection.***
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3) *Quashing or Modifying a Subpoena.***

   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2) *Claiming Privilege or Protection.***
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# EXHIBIT 2

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

### for the

Northern District of California

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.   5:25-cv-0951-PCP |
| HEWLETT PACKARD ENTERPRISE CO. and | ) | |
| JUNIPER NETWORKS, INC. | ) | |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:                                    Roger P. Alford
                            1126 Burns Ave., South Bend, IN 46617

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Attachment A.

| Place: 191 North Wacker Drive | Date and Time: |
|---|---|
| Suite 3000 | |
| Chicago, IL  60606 | 02/16/2026 9:00 am |
| or another place mutually agreed upon | or at another date and time mutually agreed upon |

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    02/06/2026

| *CLERK OF COURT* | | |
|---|---|---|
| | OR | |
| | | /s/ Samuel G. Liversidge |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*
DEFENDANT HEWLETT PACKARD ENTERPRISE CO.                        , who issues or requests this subpoena, are:

Samuel G. Liversidge, 333 South Grand Avenue, Los Angeles, California 90071, SLiversidge@gibsondunn.com
                                                                                                (213) 229-7420
**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.   5:25-cv-0951-PCP

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❒  I served the subpoena by delivering a copy to the named person as follows: _____

_____          on *(date)* _____ ; or

❒  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $      0.00      .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1) For a Trial, Hearing, or Deposition.** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2) For Other Discovery.** A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1) Avoiding Undue Burden or Expense; Sanctions.** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2) Command to Produce Materials or Permit Inspection.**
   **(A)** Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3) Quashing or Modifying a Subpoena.**
   **(A)** When Required. On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
   **(B)** When Permitted. To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** Specifying Conditions as an Alternative. In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1) Producing Documents or Electronically Stored Information.** These procedures apply to producing documents or electronically stored information:
   **(A)** Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.
   **(D)** Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2) Claiming Privilege or Protection.**
   **(A)** Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**ATTACHMENT A TO HEWLETT PACKARD ENTERPRISE CO.'S SUBPOENA TO**

**ROGER ALFORD**

## MATERIALS SUBPOENAED

1. All Documents and Communications concerning the merger of HPE and Juniper Networks and the Settlement or any other potential resolution of a claim or potential claim by the United States regarding the Litigation.
2. All Communications with the State Intervenors concerning the merger of HPE and Juniper Networks and the Settlement or any other potential resolution of a claim or potential claim by the United States regarding the Litigation.
3. All Documents and Communications concerning Your testimony to the United States Congress on December 16, 2025.
4. All Documents and Communications concerning Your August 18, 2025 speech at the Technology Policy Institute Aspen Forum.

## DEFINITIONS

1. The terms "You" and "Your" means Roger Alford.

2. The terms "and" and "or" have both conjunctive and disjunctive meanings as necessary to bring within the scope of this request anything that might otherwise be outside its scope. The terms "each," "any," and "all" mean "each and every." The singular form of a noun or pronoun includes its plural form, and vice versa; and the present tense of any word includes the past tense, and vice versa.

3. The term "Communication" means any transmittal of information by, between, or among any person(s) and/or entit(ies), whether written, oral, or electronic, and includes any Document containing or reflecting Communications.

4. The terms "concerning" or "related to" mean in whole or in part addressing, analyzing, constituting, containing, describing, discussing, identifying, mentioning, reflecting, referring to, dealing with, pertaining to, reporting on, stating, or in any way logically or factually connected with the matter.

5. The term "Document" shall be given the broadest meaning pursuant to Federal Rule of Civil Procedure 34, and includes all written, printed, handwritten, recorded, electronic or graphic material of any kind, however produced or reproduced, and regardless of where located, including all electronically stored information such as emails, text messages, chats, messaging applications, collaboration programs or tools (such as Microsoft Teams or Slack), conferencing applications, voicemail, social media accounts, letters, logs, drafts,

messages, records, spreadsheets, summaries, calendar or diary entries, notes, minutes, working papers, agendas, recordings, facsimile transmissions, metadata, embedded data, databases, images, audio, video, and all other tangible preservations of information.

6. "HPE" means Hewlett Packard Enterprise Co., its parents, predecessors, divisions, subsidiaries, affiliates, partnerships, and joint ventures, and all directors, officers, employees, agents, outside counsel, and representatives of the foregoing.

7. "Juniper Networks" means Juniper Networks, Inc., its parents, predecessors, divisions, subsidiaries, affiliates, partnerships, and joint ventures, and all directors, officers, employees, agents, attorneys, lobbyists, and representatives of the foregoing.

8. "Litigation" means the case *United States of America v. Hewlett Packard Enterprise Co. and Juniper Networks, Inc.*, No. 5:25-cv-00951-PCP (N.D. Cal.).

9. "Person" means any natural person, proprietorship, corporation, company, partnership, trust, joint venture, group, association, organization, government entity, legal entity, or other entity.

10. "Settlement" means any agreement to resolve the claim brought by the United States against HPE and Juniper in the Complaint in this Litigation (Dkt. No. 1). The term Settlement includes the Proposed Final Judgment (Dkt. No. 217-1), the Asset Preservation and Hold Separate Stipulation and Order (Dkt. No. 217), and the Amended Proposed Final Judgment filed in this Litigation (Dkt. No. 311-2).

11. "State Intervenors" means the offices of the attorneys general for Attorneys General for the States of Colorado, California, Connecticut, Hawaii, Illinois, Massachusetts, Minnesota, North Carolina, New York, Oregon, Washington, Wisconsin, and the District of Columbia.

12. "United States" means any agency, department, division, council, commission, committee, unit, or similar designation of the United States of America, including but not limited to Persons appointed, employed, or elected to serve it, including but not limited to officials, officers, and staff of its Department of Justice, Committee on Foreign Investment in the United States, Central Intelligence Agency, the Pentagon, the National Security Agency, and the National Security Council.

## INSTRUCTIONS

1. In addition to the specific instructions set forth below, the specifications in this subpoena incorporate the instructions set forth in Rule 45 of the Federal Rules of Civil Procedure and the Local Rules of the U.S. District Court for the Northern District of California.

2. Unless otherwise specified, these specifications are for all Documents in your possession, custody, or control, regardless of where those Documents are kept, including Documents

that are available to Your from any source, including Your affiliates, officers, directors, partners, members, employees, agents, representatives, or attorneys that were created, altered, or received at any time from January 1, 2019 through such time as the Tunney Act proceedings conclude in this matter.

3. These demands are continuing in nature, and Defendant Hewlett Packard Enterprise Co specifically reserves the right to seek supplementary responses and the additional supplementary production of Documents before the Tunney Act proceedings in this matter conclude.

4. The singular form of a noun or pronoun includes its plural form, and vice versa; and the present tense of any word includes the past tense, and vice versa.

5. The terms "and" and "or" have both conjunctive and disjunctive meanings as necessary to bring within the scope of this request anything that might otherwise be outside its scope.

6. The terms "concerning" or "related to" mean in whole or in part addressing, analyzing, constituting, containing, describing, discussing, identifying, mentioning, reflecting, referring to, dealing with, pertaining to, reporting on, stating, or in any way logically or factually connected with the matter.

7. The terms "each," "any," and "all" mean "each and every."

8. Any word You consider vague or insufficient defined has the meaning most frequently assigned to it by You in Your ordinary course of business.

9. In producing Documents, you must produce a legible copy of each Document requested together with all non-identical copies and drafts of that Document. All metadata of electronic Documents must also be produced. You must retain all the original Documents for inspection or copying throughout the pendency of the Action, any appeal(s), and any related proceedings.

10. If any portion of any Document is responsive to any request, then the entire Document must be produced, including all attachments, including linked Documents, and enclosures.

11. Pursuant to Federal Rule of Civil Procedure 45(e)(1), Documents must be produced either: (a) as they are kept in the usual course of business (in which case, they must be produced in such fashion as to identify the department, branch, or office in whose possession they were located and, where applicable, the natural Person in whose possession they were found or the server or central file in which they were found); or (b) identified as responsive to a specific request enumerated in these requests, with such specific requests identified.

12. In producing data sets, including spreadsheets with variable or field names, produce data samples for sources or databases. Provide data dictionaries or, if not available, sufficient

information, Documents, or explanation to describe the data and permit the data to be reasonably interpretable and usable for analysis.

13. Where a claim of privilege or other protection from discovery is asserted in objecting to any request or sub-part thereof, and any Document is withheld (in whole or in part) on the basis of such assertion, you shall provide a log ("Privilege Log") that contains sufficient information to determine the applicability of the asserted privilege or other protection, together with responsive materials to the Subpoena at the time, date, and place set forth in the Subpoena.

# EXHIBIT 3

| | |
|---|---|
| **From:** | Callagy, Sean M. |
| **To:** | Nowicki, Daniel; Cotton, Rachel |
| **Cc:** | Vandevelde, Eric D.; Spears, Courtney L.; Fosburgh, Elizabeth; Hannemann, Andrew; arthur.biller@coag.gov; Jon.Sallet@coag.gov; Pareek, Purti; robin.alexander@coag.gov; Bryn Williams; Jeremy Goldstein; Miriam Arghavani; Elizabeth Jensen; Andrew Bai; henry.su@usdoj.gov; Ross SVENSON; Julie ELMER; Jenn MELLOTT; Liversidge, Samuel |
| **Subject:** | Re: HPE Matter |
| **Date:** | Thursday, February 19, 2026 4:53:31 PM |
| **Attachments:** | image001.png |
| | Image.png |

Thank you Daniel. We will file our position now, and we expect that HPE will file its position first thing tomorrow.

_____
Sean M. Callagy
Partner | Bio

## Arnold&Porter

Three Embarcadero Center | 10th Floor
San Francisco, CA 94111-4024
T: +1 415.471.3107
Sean.Callagy@arnoldporter.com
www.arnoldporter.com | LinkedIn

---

**From:** Nowicki, Daniel <DNowicki@gibsondunn.com>
**Sent:** Thursday, February 19, 2026 4:09:48 PM
**To:** Callagy, Sean M. <Sean.Callagy@arnoldporter.com>; Cotton, Rachel <Rachel.Cotton@arnoldporter.com>
**Cc:** Vandevelde, Eric D. <EVandevelde@gibsondunn.com>; Spears, Courtney L. <CSpears@gibsondunn.com>; Fosburgh, Elizabeth <EFosburgh@gibsondunn.com>; Hannemann, Andrew <Andrew.Hannemann@arnoldporter.com>; arthur.biller@coag.gov <arthur.biller@coag.gov>; Jon.Sallet@coag.gov <Jon.Sallet@coag.gov>; Pareek, Purti <Purti.Pareek@arnoldporter.com>; robin.alexander@coag.gov <robin.alexander@coag.gov>; Bryn Williams <Bryn.Williams@coag.gov>; Jeremy Goldstein <Jeremy.Goldstein@usdoj.gov>; Miriam Arghavani <Miriam.Arghavani@usdoj.gov>; Elizabeth Jensen <Elizabeth.Jensen@usdoj.gov>; Andrew Bai <Andrew.Bai@usdoj.gov>; henry.su@usdoj.gov <henry.su@usdoj.gov>; Ross SVENSON <Ross.Svenson@freshfields.com>; Julie ELMER <Julie.Elmer@freshfields.com>; Jenn MELLOTT <jennifer.mellott@freshfields.com>; Liversidge, Samuel <SLiversidge@gibsondunn.com>
**Subject:** RE: HPE Matter

External E-mail

Thanks Sean,
HPE will be ready to file first thing tomorrow morning.

**Daniel Nowicki**
Partner

T: +1 213.229.7040 | M: +1 510.585.5100
DNowicki@gibsondunn.com

**GIBSON DUNN**
Gibson, Dunn & Crutcher LLP
333 South Grand Avenue, Los Angeles, CA 90071-3197

---

**From:** Callagy, Sean M. <Sean.Callagy@arnoldporter.com>
**Sent:** Thursday, February 19, 2026 3:23 PM
**To:** Nowicki, Daniel <DNowicki@gibsondunn.com>; Cotton, Rachel <Rachel.Cotton@arnoldporter.com>
**Cc:** Vandevelde, Eric D. <EVandevelde@gibsondunn.com>; Spears, Courtney L. <CSpears@gibsondunn.com>; Fosburgh, Elizabeth <EFosburgh@gibsondunn.com>; Hannemann, Andrew <Andrew.Hannemann@arnoldporter.com>; arthur.biller@coag.gov; Jon.Sallet@coag.gov; Pareek, Purti <Purti.Pareek@arnoldporter.com>; robin.alexander@coag.gov; Bryn Williams <Bryn.Williams@coag.gov>; Jeremy Goldstein <Jeremy.Goldstein@usdoj.gov>; Miriam Arghavani <Miriam.Arghavani@usdoj.gov>; Elizabeth Jensen <Elizabeth.Jensen@usdoj.gov>; Andrew Bai <Andrew.Bai@usdoj.gov>; henry.su@usdoj.gov; Ross SVENSON <Ross.Svenson@freshfields.com>; Julie ELMER <Julie.Elmer@freshfields.com>; Jenn MELLOTT <jennifer.mellott@freshfields.com>; Liversidge, Samuel <SLiversidge@gibsondunn.com>
**Subject:** RE: HPE Matter

Daniel,

As you saw, this morning we requested that the Court hear this matter on an emergency basis tomorrow with the expectation that the parties' joint letter brief would be submitted today. Will HPE provide its responsive portions of the letter brief today? If not, we will file our position now and HPE can respond when it is ready.

Thank you,
Sean

---

Sean M. Callagy
Partner | Bio

**Arnold & Porter**
Three Embarcadero Center | 10th Floor
San Francisco, CA 94111-4024
T: +1 415.471.3107
Sean.Callagy@arnoldporter.com
www.arnoldporter.com | LinkedIn

---

**From:** Nowicki, Daniel <DNowicki@gibsondunn.com>
**Sent:** Thursday, February 19, 2026 10:59 AM
**To:** Cotton, Rachel <Rachel.Cotton@arnoldporter.com>

**Cc:** Callagy, Sean M. <Sean.Callagy@arnoldporter.com>; Vandevelde, Eric D.
<EVandevelde@gibsondunn.com>; Spears, Courtney L. <CSpears@gibsondunn.com>; Fosburgh,
Elizabeth <EFosburgh@gibsondunn.com>; Hannemann, Andrew
<Andrew.Hannemann@arnoldporter.com>; arthur.biller@coag.gov; Jon.Sallet@coag.gov; Pareek,
Purti <Purti.Pareek@arnoldporter.com>; robin.alexander@coag.gov; Bryn Williams
<Bryn.Williams@coag.gov>; Jeremy Goldstein <Jeremy.Goldstein@usdoj.gov>; Miriam Arghavani
<Miriam.Arghavani@usdoj.gov>; Elizabeth Jensen <Elizabeth.Jensen@usdoj.gov>; Andrew Bai
<Andrew.Bai@usdoj.gov>; henry.su@usdoj.gov; Ross SVENSON <Ross.Svenson@freshfields.com>;
Julie ELMER <Julie.Elmer@freshfields.com>; Jenn MELLOTT <jennifer.mellott@freshfields.com>;
Liversidge, Samuel <SLiversidge@gibsondunn.com>
**Subject:** Re: HPE Matter

External E-mail

Rachel,
Thank you for the proposal, but that does not alleviate our concerns.  We are willing to take the deposition
remotely on March 4, 5, or 6, and avoid the need for Mr. Alford to come home early.  Or we can take the deposition
before Mr. Alford leaves, as he originally agreed.

**Daniel Nowicki**


GIBSON DUNN

Gibson, Dunn & Crutcher LLP
333 South Grand Avenue, Los Angeles, CA 90071-3197
Tel +1 213.229.7040 • Fax +1 213.229.6040
DNowicki@gibsondunn.com • www.gibsondunn.com

On Feb 19, 2026, at 10:26 AM, Cotton, Rachel <Rachel.Cotton@arnoldporter.com> wrote:


I just spoke with our client.  He is willing to rearrange his travel to come home early from Japan
and sit for a deposition on March 13 in Chicago. Please let us know ASAP if that will work.
Otherwise, we will plan to notify the Court.


———————————
Rachel Cotton
Partner | Bio

<image001.png>

601 Massachusetts Ave., NW
Washington, DC 20001-3743
T: +1 202.942.6363 | M: +1 917.572.9472
Rachel.Cotton@arnoldporter.com
www.arnoldporter.com | LinkedIn

**From:** Nowicki, Daniel <DNowicki@gibsondunn.com>

**Sent:** Thursday, February 19, 2026 1:11 PM
**To:** Cotton, Rachel <Rachel.Cotton@arnoldporter.com>; Callagy, Sean M.
<Sean.Callagy@arnoldporter.com>
**Cc:** Vandevelde, Eric D. <EVandevelde@gibsondunn.com>; Spears, Courtney L.
<CSpears@gibsondunn.com>; Fosburgh, Elizabeth <EFosburgh@gibsondunn.com>; Hannemann,
Andrew <Andrew.Hannemann@arnoldporter.com>; arthur.biller@coag.gov; Jon.Sallet@coag.gov;
Pareek, Purti <Purti.Pareek@arnoldporter.com>; Robin.Alexander@coag.gov; Bryn Williams
<bryn.williams@coag.gov>; Goldstein, Jeremy (ATR) <jeremy.goldstein@usdoj.gov>; Arghavani,
Miriam (ATR) <miriam.arghavani@usdoj.gov>; Jensen, Elizabeth (ATR)
<elizabeth.jensen@usdoj.gov>; Bai, Andrew (ATR) <andrew.bai@usdoj.gov>; Henry.Su@usdoj.gov;
SVENSON, Ross <Ross.Svenson@freshfields.com>; ELMER, Julie (JSE) <Julie.Elmer@freshfields.com>;
MELLOTT, Jenn (JEM) <jennifer.mellott@freshfields.com>; Liversidge, Samuel
<SLiversidge@gibsondunn.com>
**Subject:** RE: HPE Matter

External E-mail

Rachel,

We are not comfortable waiting until March 16 to take Mr. Alford's deposition, nor are we
comfortable filing our brief on March 18.  We are prepared to go forward on February 23, as Mr. Alford
agreed.  If that is unacceptable to you, we are willing to postpone the deposition to March 4, 5, or 6.
We can take the deposition by Zoom, given Mr. Alford's representation that he will be out of the
country.

Alternatively, if the States agree that Mr. Alford's testimony is irrelevant and not needed, then we
would forgo _any_ discovery from and deposition of Mr. Alford.  However, the States have not made any
such commitment and apparently still intend to take his testimony.

If Mr. Alford is agreeable to postponing the deposition to March 4, 5, or 6, let us know what date he
prefers.  If he is not, then we intend to proceed with the deposition on February 23.


**Daniel Nowicki**
Partner

T: +1 213.229.7040 | M: +1 510.585.5100
DNowicki@gibsondunn.com

**GIBSON DUNN**
Gibson, Dunn & Crutcher LLP
333 South Grand Avenue, Los Angeles, CA 90071-3197

---

**From:** Cotton, Rachel <Rachel.Cotton@arnoldporter.com>
**Sent:** Thursday, February 19, 2026 7:47 AM

**To:** Nowicki, Daniel <DNowicki@gibsondunn.com>; Callagy, Sean M.
<Sean.Callagy@arnoldporter.com>
**Cc:** Vandevelde, Eric D. <EVandevelde@gibsondunn.com>; Spears, Courtney L.
<CSpears@gibsondunn.com>; Fosburgh, Elizabeth <EFosburgh@gibsondunn.com>; Hannemann,
Andrew <Andrew.Hannemann@arnoldporter.com>; arthur.biller@coag.gov; Jon.Sallet@coag.gov;
Pareek, Purti <Purti.Pareek@arnoldporter.com>; Robin.Alexander@coag.gov; Bryn Williams
<bryn.williams@coag.gov>; Goldstein, Jeremy (ATR) <jeremy.goldstein@usdoj.gov>; Arghavani,
Miriam (ATR) <miriam.arghavani@usdoj.gov>; Jensen, Elizabeth (ATR)
<elizabeth.jensen@usdoj.gov>; Bai, Andrew (ATR) <andrew.bai@usdoj.gov>; Henry.Su@usdoj.gov;
SVENSON, Ross <Ross.Svenson@freshfields.com>; ELMER, Julie (JSE) <Julie.Elmer@freshfields.com>;
MELLOTT, Jenn (JEM) <jennifer.mellott@freshfields.com>; Liversidge, Samuel
<SLiversidge@gibsondunn.com>
**Subject:** RE: HPE Matter


Daniel,

We have been very clear since our first conversation that we believe that your requests for documents that post-date
the time that Mr. Alford was working at DOJ are improper and irrelevant to this proceeding and so too would be any
deposition testimony on such topics.  We have also noted the pending disputes between the States and DOJ and the
resulting uncertainty about the scope of Mr. Alford's testimony.  For example, we are not aware that there is any
resolution about the States and DOJ's dispute relating to DOJ Tuohy letter and how that impacts the scope of
permissible testimony for Mr. Alford and the other former DOJ officials.

Under these circumstances, it makes little sense to go forward with Monday's deposition until these issues are
raised with the Court for guidance.

As far as I can tell, your only objection to the proposed change of date is that your reply brief is due to the Court on
March 16.  We note that you did not subpoena Mr. Alford until approximately one week after you filed your primary
brief.  However, we spoke to Arthur Biller this morning and he would not oppose a change to the deadline of your
reply brief to March 17 or March 18.  This would allow us to hold Mr. Alford's deposition on March 16.  We recognize
that the Court would have to agree to that modification but if the parties are in agreement, it seems highly likely that it
would.

Under those circumstances, are you willing to agree to a change in deposition date?  Assuming so, we will revise our
portion of the letter brief to so reflect and we can litigate these issues on a non-emergency basis. Please let us know
as soon as possible.  If we are not able to resolve this by 11am PT today, we intend to reach out to the Court to alert it
to our forthcoming letter brief and request that the Court hear the matter tomorrow on an emergency basis.


Rachel
_____
Rachel Cotton
Partner | Bio

<image001.png>

601 Massachusetts Ave., NW
Washington, DC 20001-3743
T: +1 202.942.6363 | M: +1 917.572.9472
Rachel.Cotton@arnoldporter.com

www.arnoldporter.com | LinkedIn

---

**From:** Nowicki, Daniel <DNowicki@gibsondunn.com>
**Sent:** Wednesday, February 18, 2026 10:18 PM
**To:** Cotton, Rachel <Rachel.Cotton@arnoldporter.com>; Callagy, Sean M.
<Sean.Callagy@arnoldporter.com>
**Cc:** Vandevelde, Eric D. <EVandevelde@gibsondunn.com>; Spears, Courtney L.
<CSpears@gibsondunn.com>; Fosburgh, Elizabeth <EFosburgh@gibsondunn.com>; Hannemann,
Andrew <Andrew.Hannemann@arnoldporter.com>; arthur.biller@coag.gov; Jon.Sallet@coag.gov;
Pareek, Purti <Purti.Pareek@arnoldporter.com>; Robin.Alexander@coag.gov; Bryn Williams
<bryn.williams@coag.gov>; Goldstein, Jeremy (ATR) <jeremy.goldstein@usdoj.gov>; Arghavani,
Miriam (ATR) <miriam.arghavani@usdoj.gov>; Jensen, Elizabeth (ATR)
<elizabeth.jensen@usdoj.gov>; Bai, Andrew (ATR) <andrew.bai@usdoj.gov>; Henry.Su@usdoj.gov;
SVENSON, Ross <Ross.Svenson@freshfields.com>; ELMER, Julie (JSE) <Julie.Elmer@freshfields.com>;
MELLOTT, Jenn (JEM) <jennifer.mellott@freshfields.com>; Liversidge, Samuel
<SLiversidge@gibsondunn.com>
**Subject:** RE: HPE Matter

External E-mail

Rachel,
Last night, you objected to all four of HPE's document subpoena requests, despite previously stating
that you only objected to the last two (and might, but might not, object to topic 2). Last night was also
the first time you suggested that Mr. Alford did not wish to appear for his deposition, after you
previously represented that he was planning on attending. And the brief you just sent represents the
first time you have suggested you would move to stop the deposition altogether. As a result, we must
edit our briefing to respond to your new objections. We will revert with our portion when we are able;
we cannot commit to responding to new issues by tomorrow morning. The court set the time to
respond as 48 hours, and we will provide our briefing before that.

**Daniel Nowicki**
Partner

T: +1 213.229.7040 | M: +1 510.585.5100
DNowicki@gibsondunn.com

**GIBSON DUNN**
Gibson, Dunn & Crutcher LLP
333 South Grand Avenue, Los Angeles, CA 90071-3197

---

**From:** Cotton, Rachel <Rachel.Cotton@arnoldporter.com>
**Sent:** Wednesday, February 18, 2026 4:33 PM
**To:** Nowicki, Daniel <DNowicki@gibsondunn.com>; Callagy, Sean M.

<Sean.Callagy@arnoldporter.com>
**Cc:** Vandevelde, Eric D. <EVandevelde@gibsondunn.com>; Spears, Courtney L.
<CSpears@gibsondunn.com>; Fosburgh, Elizabeth <EFosburgh@gibsondunn.com>; Hannemann,
Andrew <Andrew.Hannemann@arnoldporter.com>; arthur.biller@coag.gov; Jon.Sallet@coag.gov;
Pareek, Purti <Purti.Pareek@arnoldporter.com>; Robin.Alexander@coag.gov; Bryn Williams
<bryn.williams@coag.gov>; Goldstein, Jeremy (ATR) <jeremy.goldstein@usdoj.gov>; Arghavani,
Miriam (ATR) <miriam.arghavani@usdoj.gov>; Jensen, Elizabeth (ATR)
<elizabeth.jensen@usdoj.gov>; Bai, Andrew (ATR) <andrew.bai@usdoj.gov>; Henry.Su@usdoj.gov>;
SVENSON, Ross <Ross.Svenson@freshfields.com>; ELMER, Julie (JSE) <Julie.Elmer@freshfields.com>;
MELLOTT, Jenn (JEM) <jennifer.mellott@freshfields.com>; Liversidge, Samuel
<SLiversidge@gibsondunn.com>
**Subject:** RE: HPE Matter


Daniel,

We still have not received your portion of a letter brief that you said was coming on February
15. Accordingly, we have drafted the attached. We request your portion by this evening or
tomorrow morning. If that is not possible, please let us know and we will plan to file this as a
motion for a protective order. If we do not hear from you, we will make that filing.

Thanks very much,

Rachel

_____
Rachel Cotton
Partner | Bio

<image001.png>

601 Massachusetts Ave., NW
Washington, DC 20001-3743
T: +1 202.942.6363 | M: +1 917.572.9472
Rachel.Cotton@arnoldporter.com
www.arnoldporter.com | LinkedIn

---

**From:** Nowicki, Daniel <DNowicki@gibsondunn.com>
**Sent:** Wednesday, February 18, 2026 12:01 AM
**To:** Callagy, Sean M. <Sean.Callagy@arnoldporter.com>; Cotton, Rachel
<Rachel.Cotton@arnoldporter.com>
**Cc:** Vandevelde, Eric D. <EVandevelde@gibsondunn.com>; Spears, Courtney L.
<CSpears@gibsondunn.com>; Fosburgh, Elizabeth <EFosburgh@gibsondunn.com>; Hannemann,
Andrew <Andrew.Hannemann@arnoldporter.com>; arthur.biller@coag.gov; Jon.Sallet@coag.gov;
Pareek, Purti <Purti.Pareek@arnoldporter.com>; Robin.Alexander@coag.gov; Bryn Williams
<bryn.williams@coag.gov>; Goldstein, Jeremy (ATR) <jeremy.goldstein@usdoj.gov>; Arghavani,
Miriam (ATR) <miriam.arghavani@usdoj.gov>; Jensen, Elizabeth (ATR)

<elizabeth.jensen@usdoj.gov>; Bai, Andrew (ATR) <andrew.bai@usdoj.gov>; Henry.Su@usdoj.gov;
SVENSON, Ross <Ross.Svenson@freshfields.com>; ELMER, Julie (JSE) <Julie.Elmer@freshfields.com>;
MELLOTT, Jenn (JEM) <jennifer.mellott@freshfields.com>; Liversidge, Samuel
<SLiversidge@gibsondunn.com>
**Subject:** RE: HPE Matter

External E-mail

Sean,

Mr. Alford already agreed with the States to appear on February 23rd in response to the subpoena
served upon him.  HPE similarly served a subpoena noticing Mr. Alford's deposition for February 23.
When we asked your colleague at our meet and confer, she indicated that Mr. Alford would appear on
the 23rd, and simply asked that the location be at your offices.  A deponent cannot unilaterally
choose not to appear at his deposition, nor can he make himself unavailable for an extended period-
of-time.  As our brief to the Court is due March 16, we do not agree to Mr. Alford's proposed change
to the date of his deposition and we are prepared to go forward on the 23rd.

While you refer to the need to resolve disputes regarding the scope of testimony as the basis for
unilaterally rescheduling the deposition, Mr. Alford was obviously prepared to provide testimony to
the States.  Is it now your position that Mr. Alford cannot provide any relevant testimony without
violating the deliberative process privilege?  If that is not your position, please provide in writing a
description of the areas of inquiry that you believe are appropriate and are not covered by privilege.

We will also be sending a discovery letter regarding Mr. Alford's refusal to produce any documents.


**Daniel Nowicki**
Partner

T: +1 213.229.7040 | M: +1 510.585.5100
DNowicki@gibsondunn.com

**GIBSON DUNN**
Gibson, Dunn & Crutcher LLP
333 South Grand Avenue, Los Angeles, CA 90071-3197


**From:** Callagy, Sean M. <Sean.Callagy@arnoldporter.com>
**Sent:** Tuesday, February 17, 2026 4:52 PM
**To:** Cotton, Rachel <Rachel.Cotton@arnoldporter.com>; Nowicki, Daniel
<DNowicki@gibsondunn.com>
**Cc:** Vandevelde, Eric D. <EVandevelde@gibsondunn.com>; Spears, Courtney L.
<CSpears@gibsondunn.com>; Fosburgh, Elizabeth <EFosburgh@gibsondunn.com>; Hannemann,
Andrew <Andrew.Hannemann@arnoldporter.com>; arthur.biller@coag.gov; Jon.Sallet@coag.gov;
Pareek, Purti <Purti.Pareek@arnoldporter.com>; Robin.Alexander@coag.gov; Bryn Williams

<bryn.williams@coag.gov>; Goldstein, Jeremy (ATR) <jeremy.goldstein@usdoj.gov>; Arghavani, Miriam (ATR) <miriam.arghavani@usdoj.gov>; Jensen, Elizabeth (ATR) <elizabeth.jensen@usdoj.gov>; Bai, Andrew (ATR) <andrew.bai@usdoj.gov>; Henry.Su@usdoj.gov; SVENSON, Ross <Ross.Svenson@freshfields.com>; ELMER, Julie (JSE) <Julie.Elmer@freshfields.com>; MELLOTT, Jenn (JEM) <jennifer.mellott@freshfields.com>; Liversidge, Samuel <SLiversidge@gibsondunn.com>
**Subject:** RE: HPE Matter

Counsel: attached are Mr. Alford's objections and responses to HPE's subpoenas. In light of the disputes below and the need to seek the Court's guidance concerning the permissible scope of testimony, we will need to reschedule the deposition. Mr. Alford is traveling internationally for several weeks beginning Feb 25 but is available the week of March 16.

_____

Sean M. Callagy
Partner | Bio

<image001.png>

Three Embarcadero Center | 10th Floor
San Francisco, CA 94111-4024
T: +1 415.471.3107
Sean.Callagy@arnoldporter.com
www.arnoldporter.com | LinkedIn

---

**From:** Cotton, Rachel <Rachel.Cotton@arnoldporter.com>
**Sent:** Monday, February 16, 2026 3:25 PM
**To:** Nowicki, Daniel <DNowicki@gibsondunn.com>
**Cc:** Vandevelde, Eric D. <EVandevelde@gibsondunn.com>; Spears, Courtney L. <CSpears@gibsondunn.com>; Fosburgh, Elizabeth <EFosburgh@gibsondunn.com>; Callagy, Sean M. <Sean.Callagy@arnoldporter.com>; Hannemann, Andrew <Andrew.Hannemann@arnoldporter.com>; arthur.biller@coag.gov; Jon.Sallet@coag.gov; Pareek, Purti <Purti.Pareek@arnoldporter.com>; Robin.Alexander@coag.gov; Bryn Williams <bryn.williams@coag.gov>; Goldstein, Jeremy (ATR) <jeremy.goldstein@usdoj.gov>; Arghavani, Miriam (ATR) <miriam.arghavani@usdoj.gov>; Jensen, Elizabeth (ATR) <elizabeth.jensen@usdoj.gov>; Bai, Andrew (ATR) <andrew.bai@usdoj.gov>; Henry.Su@usdoj.gov; SVENSON, Ross <Ross.Svenson@freshfields.com>; ELMER, Julie (JSE) <Julie.Elmer@freshfields.com>; MELLOTT, Jenn (JEM) <jennifer.mellott@freshfields.com>; Liversidge, Samuel <SLiversidge@gibsondunn.com>
**Subject:** RE: HPE Matter

Daniel:

We disagree with a number of representations in your email, most centrally the notion that you are entitled to discovery into the so-called "biases and motivations" for Mr. Alford's statements, which you characterize as "accusations," by seeking documents and testimony that solely relate to communications about statements that post-date Mr. Alford's employment at DOJ. Such discovery is not within the narrow scope of what Judge Pitts has

ruled relevant to this Tunney Act proceeding; it appears intended to harass and embarrass Mr. Alford; and it runs afoul of and cannot be reconciled with the parameters set forth in DOJ's February 11 *Touhy* letter, which recognizes that Mr. Alford's public speech and testimony "do not appear to pertain to either the United States' complaint challenging the merger of HPE and Juniper Networks or the Department's handling of the litigation and settlement." The same would be equally true of any other statements or communications by Mr. Alford that post-date his employment with DOJ.

Given the exigency (which we note that HPE has exacerbated by waiting to subpoena Mr. Alford until February 10), we are willing to participate in the joint letter process as necessary to bring these issues before Judge Pitts promptly. Any such joint letter must address the scope of all discovery directed at Mr. Alford—both document requests and deposition testimony—including efforts to take discovery of communications and documents that post-date Mr. Alford's government service. Please let us know when we can expect your portion of a discovery letter.

We further reserve the right to seek a protective order, particularly since we continue to be unclear that this letter process is appropriate for third parties to the Tunney Act proceeding. We therefore intend to seek guidance from the Court at tomorrow's status conference.

Rachel

_____
Rachel Cotton
Partner | Bio

<image001.png>

601 Massachusetts Ave., NW
Washington, DC 20001-3743
T: +1 202.942.6363 | M: +1 917.572.9472
Rachel.Cotton@arnoldporter.com
www.arnoldporter.com | LinkedIn

---

**From:** Nowicki, Daniel <DNowicki@gibsondunn.com>
**Sent:** Sunday, February 15, 2026 5:38 PM
**To:** Cotton, Rachel <Rachel.Cotton@arnoldporter.com>
**Cc:** Vandevelde, Eric D. <EVandevelde@gibsondunn.com>; Spears, Courtney L. <CSpears@gibsondunn.com>; Fosburgh, Elizabeth <EFosburgh@gibsondunn.com>; Callagy, Sean M. <Sean.Callagy@arnoldporter.com>; Hannemann, Andrew <Andrew.Hannemann@arnoldporter.com>; arthur.biller@coag.gov; Jon.Sallet@coag.gov; Pareek, Purti <Purti.Pareek@arnoldporter.com>; Robin.Alexander@coag.gov; Bryn Williams <bryn.williams@coag.gov>; Goldstein, Jeremy (ATR) <jeremy.goldstein@usdoj.gov>; Arghavani, Miriam (ATR) <miriam.arghavani@usdoj.gov>; Jensen, Elizabeth (ATR) <elizabeth.jensen@usdoj.gov>; Bai, Andrew (ATR) <andrew.bai@usdoj.gov>; Henry.Su@usdoj.gov; SVENSON, Ross <Ross.Svenson@freshfields.com>; ELMER, Julie (JSE) <Julie.Elmer@freshfields.com>; MELLOTT, Jenn (JEM) <jennifer.mellott@freshfields.com>; Liversidge, Samuel <SLiversidge@gibsondunn.com>
**Subject:** RE: HPE Matter

External E-mail

Rachel,

Mr. Alford's public representations and characterizations about the settlement—all of which he made after he left the DOJ, including in his speech and repeated in his testimony to Congress—are the central basis for the States' objection.  See Mot. to Intervene at 2, ECF No. 236 ("Mr. Alford also characterized the Settlement as a violation of the rule of law in favor of the rule of lobbyists . . ."); States' Public Comment at 2, ECF 236-2 ("Mr. Alford has called the Settlement a 'scandal' and directly accused Mr. Mizelle and Mr. Woodward of perverting justice and violating the rule of law . . ."). We are entitled to discovery on these public representations, including the basis for them, any additional details about them, anything that would bear on their accuracy and veracity, and any documents and communications about them. We are also entitled to any documents, emails and texts that may reveal Mr. Alford's biases and motivations for making such accusations. We have no interest in "character assassination," as you suggest, but we do have the right to defend our client against Mr. Alford's public claims and accusations. We also understand that Mr. Alford has told the States that he is willing to appear for a deposition on February 23 to address his claims. HPE is entitled to test the basis for and credibility of his testimony.

You said you were considering proposing narrowed document requests. We said we could consider anything you sent over, but nothing has been—and time is of the essence to receive relevant documents before his deposition on February 23, a date that Mr. Alford previously agreed to with the States. In any event, based on our meet and confer, as well as your email below, it is clear we are at an impasse.

Given the urgency of this matter and schedule set by the Court, the Court instructed that discovery disputes should use the joint letter process laid out in the Court's standing order. Both parties and third parties have followed that instruction, and the Court has resolved other disputes related to third-party subpoenas via the joint letter process (e.g., regarding subpoenas to Messrs. Levi, Davis, and Schwartz). The Court also ordered that responsive portions in the joint letter process be sent within 48-hours, as I explained previously. We will be sending our portion of the discovery letter.

I have also copied in the DOJ and States' counsel and re-attached the subpoena with your office as the deposition location, which I assume has also been communicated to the States.

**Daniel Nowicki**
Partner

T: +1 213.229.7040 | M: +1 510.585.5100
DNowicki@gibsondunn.com

**GIBSON DUNN**
Gibson, Dunn & Crutcher LLP
333 South Grand Avenue, Los Angeles, CA 90071-3197

---

**From:** Cotton, Rachel <Rachel.Cotton@arnoldporter.com>

**Sent:** Saturday, February 14, 2026 2:08 PM
**To:** Nowicki, Daniel <DNowicki@gibsondunn.com>; Pareek, Purti <Purti.Pareek@arnoldporter.com>
**Cc:** Vandevelde, Eric D. <EVandevelde@gibsondunn.com>; Spears, Courtney L.
<CSpears@gibsondunn.com>; Fosburgh, Elizabeth <EFosburgh@gibsondunn.com>; Callagy, Sean M.
<Sean.Callagy@arnoldporter.com>; Hannemann, Andrew
<Andrew.Hannemann@arnoldporter.com>
**Subject:** RE: HPE Matter

Daniel:

We received your email at 11:35pm ET on a Friday night at the start of a three-day weekend, declaring us at an impasse about a subpoena for Mr. Alford that we accepted service of a mere two days prior and still have not had an opportunity to serve objections and responses to. As you know, in our introductory call on Thursday, I requested that you consider whether there was a way to narrow your document requests 3 and 4—apparently you decided not to do so, which is disappointing and not indicative of a good-faith effort to avoid a contested motion, nor in keeping with the rights of third-parties under FRCP 45.

You state in your email of last night that your intent in subpoenaing Mr. Alford is to question "the credibility of his accusations and his bias" through requests for documents and communications related to his publicly available speech and congressional testimony. We strongly disagree that the limited discovery permitted by the Court in this Tunney Act proceeding is intended to encompass such inquiries. Moreover, it appears that your primary purpose in subpoenaing Mr. Alford is to impugn his motives or otherwise engage in character assassination, which is troubling at best but completely irrelevant to the factual basis of his testimony.

As we understand it, the Intervenor States and the Court believe that Mr. Alford possesses information about the negotiation and settlement process, which he acquired during his time as a government employee, that may be relevant to the Court's determination under the Tunney Act as to whether the HPE/Juniper settlement is in the public interest. Mr. Alford ceased to be a government employee in July 2025. Any communications or documents concerning his subsequent publicly available speech and congressional testimony, which post-date his departure from government service, are simply not relevant to that question. Similarly, at Mr. Alford's deposition, there will be no basis for the parties to question Mr. Alford on such subjects, which are not related to what he observed with respect to the HPE-Juniper merger during his tenure at the DOJ.

Indeed, as we understand the proceeding, Mr. Alford's relevance as a third party solely turns on facts that he may be able to provide about his time at DOJ. Any other subjects do not appear to be relevant and may be an improper effort to "annoy[], embarrass[], oppress[], or [impose] undue burden or expense" on Mr. Alford, and to otherwise intimidate fact witnesses from testifying lest their character be called into question. FRCP 26(c)(1).

We therefore disagree with your rush to declare an impasse and reserve Mr. Alford's rights. We also dispute whether the process that you have laid out below is the appropriate one. Judge Pitts' "Standing Order Regarding Discovery Disputes Not Referred to the Magistrate Judge" specifically notes that "[t]he joint discovery letter process does not apply to discovery disputes with third parties."   The transcript citations that you provide below relate to discovery disputes between the parties and do not appear to involve third parties, and certainly cannot waive their rights under FRCP 26 and 45, or impose unreasonable time limits on their ability to respond to subpoenas or related motion practice.

Finally, you asked whether we are objecting to topics 1 or 2 in our document subpoena.  We are still considering the propriety of topic 2 given that it also seeks documents and communications post-dating Mr. Alford's time in government, and that would be in the possession of the Intervenor States.

 Rachel

_____
Rachel Cotton
Partner | Bio

<image001.png>

601 Massachusetts Ave., NW
Washington, DC 20001-3743
T: +1 202.942.6363 | M: +1 917.572.9472
Rachel.Cotton@arnoldporter.com
www.arnoldporter.com | LinkedIn

---

**From:** Nowicki, Daniel <DNowicki@gibsondunn.com>
**Sent:** Friday, February 13, 2026 11:35 PM
**To:** Cotton, Rachel <Rachel.Cotton@arnoldporter.com>; Pareek, Purti <Purti.Pareek@arnoldporter.com>
**Cc:** Vandevelde, Eric D. <EVandevelde@gibsondunn.com>; Spears, Courtney L. <CSpears@gibsondunn.com>; Fosburgh, Elizabeth <EFosburgh@gibsondunn.com>
**Subject:** RE: HPE Matter

External E-mail

Rachel and Purti—

Thanks for conferring yesterday.  Per your request, we are re-serving the subpoena for Mr. Alford's deposition with the deposition location as Arnold & Porter's Chicago office.  With respect to documents—as we discussed, HPE's position is that Mr. Alford's statements regarding the settlement are central to the State's opposition to the settlement, and that communications he had regarding those statements are clearly relevant (including to the credibility of his accusations and his bias).  Of course, HPE believes that Mr. Alford's statements and the negotiation process generally are not relevant to the Tunney Act analysis, but the States have argued vigorously that they are relevant—

and HPE is entitled to discovery regarding those statements so it can respond to the States' claims about those statements.

We thus understand that we are at an impasse on topics 3 and 4 of HPE's document subpoena to Mr. Alford, and we will prepare our portion of the letter briefing for the Court regarding those topics. The Court has directed the use of its letter briefing for responses to subpoenas, and has directed that responses are due 48 hours after briefing is received. *See* 1/8/26 Tr. at 29; 2/2/26 Tr. at 55; https://cand.uscourts.gov/sites/default/files/standing-orders/PCP-Standing-Order-Regarding-Discovery-Disputes-2024-08-23.pdf.

We do not understand you to be objecting to topics 1 and 2 in our document subpoena, but if you are please let us know so we can tee that issue up for the Court as well. Thanks,


**Daniel Nowicki**
Partner

T: +1 213.229.7040 | M: +1 510.585.5100
DNowicki@gibsondunn.com

**GIBSON DUNN**
Gibson, Dunn & Crutcher LLP
333 South Grand Avenue, Los Angeles, CA 90071-3197

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.


This communication may contain information that is legally privileged, confidential or exempt from disclosure. If you are not the intended recipient, please note that any dissemination, distribution, or copying of this communication is strictly prohibited. Anyone who receives this message in error should notify the sender immediately by telephone or by return e-mail and delete it from his or her computer.

For more information about Arnold & Porter, click here:
http://www.arnoldporter.com

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.