UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>HEWLETT PACKARD ENTERPRISE CO., et al.,<br><br>Defendants. | Case No. 25-cv-00951-PCP<br><br>**ORDER REGARDING DISCOVERY DISPUTES, MODIFYING SCHEDULE**<br><br>Re: Dkt. Nos. 380, 381, 395, 398 |

On February 17, 2026, the Court held a hearing regarding certain discovery disputes that have arisen between intervenors the states of Colorado, California, Connecticut, Hawaiʻi, Illinois, Massachusetts, Minnesota, North Carolina, New York, Oregon, Washington, Wisconsin, and the District of Columbia (collectively "states") and Hewlett Packard Enterprise Co. (HPE). Dkt. No. 380. The Court also heard the states' administrative motion to modify the briefing and hearing schedule on the United States's motion for entry of final judgment. Dkt. No. 381.

On February 20, 2026, the Court held a hearing regarding certain discovery disputes between non-party Roger P. Alford and HPE. Dkt. Nos. 395, 398. At the hearing, the Court ruled as follows:

1. HPE objects to RFP Nos. 4 and 5 and Interrogatory Nos. 3 and 4 served by the states. RFP No. 4 requests "All documents concerning inquiries or interest in the HPE Divestiture Assets of the AI Ops for Mist Source Code License." RFP No. 5 requests "All documents concerning Your efforts to market, sell, or advertise the HPE Divestiture Assets or the AI Ops for Mist Source Code License." Interrogatory No. 3 asks HPE to "Identify all Persons who have indicated interest to You in the HPE Divestiture Assets." Interrogatory No. 4 asks HPE to "Identify all Persons who have indicated interest to You in the AI Ops for Mist Source Code License."

1     For the reasons set forth on the record, the Court overruled the objections to RFP Nos. 4 and 5 and Interrogatory Nos. 3 and 4 addressed at the hearing. The Court noted, however, that any discovery request served on a third-party bidder whose identify is revealed in HPE's responses to those requests would be presumptively disproportionate to the issues currently pending before the Court. If the states conclude that they have a need to direct discovery to those bidders, the states must seek leave of the Court before doing so.

2. The states request moving the date on which the Court will hear the United States's motion for entry of final judgment from March 23, 2026, to a date in May. The states also request that the deadline for the states' brief be moved to three weeks before that date and that any replies be due one week after that.

The Court declined to change the hearing date but amended the briefing schedule as follows: the states' deadline to file any opposition to the United States's motion for entry of final judgment is moved from March 2, 2026, to **March 9, 2026**. The deadline for any response to the states' opposition is moved from March 9, 2026, to **March 16, 2026**. The states may file a sur-reply to any such response by **March 22, 2026**. The hearing on the motion for entry of final judgment will remain on **March 23, 2026**. After the filing of the states' opposition, the Court will determine whether a hearing on the motion for entry of final judgment is necessary. The United States and HPE may file a short brief of no longer than three pages addressing that issue within 48 hours of the states' filing of their opposition.

3. Non-party Roger P. Alford objects to HPE's subpoena for material relating to four topics: 1) the HPE-Juniper Networks merger and the settlement of the United States's challenge to that merger, 2) Alford's communications with the states, 3) Alford's congressional testimony on December 16, 2025, and 4) his speech at the Technology Policy Institute Aspen Forum on August 18, 2025.

For the reasons set forth on the record, the Court sustained Alford's objections to categories 3) and 4) and overruled his objections to categories 1) and 2). The material responsive to categories 1) and 2) is not limited to materials created on or before Alford's departure from the Department of Justice or in the Department of Justice's possession. If Alford concludes that the

production of any particular item would significantly intrude on his privacy rights and that the intrusion outweighs the minimal evidentiary value of that item, he may object on that basis. Any item withheld on this basis must be identified in a privilege log containing information sufficient for the parties to evaluate his privacy claim. If the parties cannot resolve any dispute relating to such an item, the Court will conduct an *in camera* review of the item to determine whether it must be produced.

4. Alford also requests moving the date of his scheduled deposition from February 23, 2026, to March 13 or 16, 2026. For the reasons set forth on the record, the Court declined to move the date of Alford's deposition.

**IT IS SO ORDERED.**

Dated: February 23, 2026

_____
P. Casey Pitts
United States District Judge