HENRY C. SU (CA BAR 221202)
JEREMY M. GOLDSTEIN (CA Bar 324422)
MICHAEL G. LEPAGE (DC Bar 1618918)
United States Department of Justice, Antitrust Division
450 Golden Gate Ave., Room 10-0101
San Francisco, CA 94102
henry.su@usdoj.gov
jeremy.goldstein@usdoj.gov
michael.lepage@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　*Plaintiff,*<br><br>　　　v.<br><br>HEWLETT PACKARD ENTERPRISE CO.<br>and JUNIPER NETWORKS, INC.<br><br>　　　　　　　*Defendants*. | CASE NO. 5:25-CV-00951-PCP<br><br>**UNITED STATES' STATEMENT OPPOSING STATES' REQUEST FOR EVIDENTIARY HEARING**<br><br>JUDGE: Hon. P. Casey Pitts |

The Intervening States submitted 50 pages of briefing, over 75 pages of expert reports, and voluminous exhibits. The Court has ample material to conduct a public interest determination under the Antitrust Procedures and Penalties Act, 15 U.S.C. § 16(b)–(h) (the "Tunney Act"). The States have identified no issue material to the narrow Tunney Act questions for which live witness testimony would benefit the Court. Indeed, the States claim that the existing record is sufficient, even as they tepidly suggest that the Court "may benefit from hearing from" three witnesses. Intervenors' Opp'n to Mot. for Entry of Final J., Dkt. 417, at 50. Accordingly, the United States respectfully requests that the Court deny the States' perfunctory request for an evidentiary hearing and limit the March 23, 2026 hearing to oral argument by counsel.

The Ninth Circuit provides guidance on when live testimony is appropriate: "Where factual questions not readily ascertainable from the declarations of witnesses or questions of credibility predominate, the district court should hear oral testimony." *United Commercial Ins. Service, Inc. v.*

*Paymaster Corp.*, 962 F.2d 853, 858 (9th Cir. 1992). Neither circumstance is present here.

First, there are no "factual questions not readily ascertainable from the declarations of witnesses" and other evidence that the parties and the States are submitting. *United Commercial Ins. Service*, 962 F.2d at 858. The record before the Court is voluminous and provides a more than adequate basis for the Court to make its narrow Tunney Act determination. In considering whether entry of the amended Proposed Final Judgment is in the public interest, the Court has the benefit of, among other filings: (1) the original complaint (Dkt. 1); (2) the competitive impact statement (Dkt. 217-2); (3) 12 public comments comprising 131 pages (Dkt. 311, Attachments 5-15); (4) the United States' response to those public comments (Dkt. 311); and (5) the parties' filings on the Motion for Entry of Final Judgment, including the States' 50-page opposition brief with nearly 200 accompanying declarations and exhibits (Dkt. 417, 424, 425, 426), the forthcoming reply briefs from the United States and HPE, and the States' sur-reply.

Second, this is not a matter on which "questions of credibility predominate." *United Commercial Ins. Service*, 962 F.2d at 858. The States' opposition brief does not mention witness credibility even once. Although the United States does not agree with all factual statements in the States' brief, and will rebut them as necessary in its forthcoming reply, the ultimate question of whether the proposed judgment is in the public interest does not turn significantly on the credibility of any witness, and certainly not that of the States' proposed witnesses.

The States suggest live witness testimony from three witnesses. None has merit. Two of the proposed witnesses are putative expert witnesses: Carl Shapiro and Aanjhan Ranganathan. The States fail to identify *any* specific factual issues or conclusions that are not ascertainable from their written declarations. Accordingly, there are no grounds to seek oral testimony from either of them. *See Miles v. Dep't of Army*, 881 F.2d 777, 784 (9th Cir. 1989) (oral testimony not necessary when written declaration provides "adequate information" to the court).

The third witness from whom the States suggest live testimony is Roger Alford, a former DOJ Antitrust Division official. This request is particularly misplaced. The States' brief makes clear that the focus of any live testimony from Mr. Alford would be on the process by which the settlement was

negotiated. But as the Court recognized, process issues are tangential to this proceeding, which focuses "primarily on the proposed judgment's competitive effect." Order re: Tunney Act Review Process, Dkt. 350, at 3–4 (holding that the Court's public interest determination turns on "whether the proposed judgment adequately addresses the concerns about lessening of competition that gave rise to the United States's lawsuit and whether it will have other effects on competition resulting in harm or benefit to specific individuals or entities or to the public generally"). Thus, even if the Court were to accept as true any factual testimony that Mr. Alford might provide, the States still would fail to establish that the proposed settlement should be rejected under the Tunney Act.

Moreover, further testimony from Mr. Alford would implicate deliberative process or other privilege assertions that should not be addressed for the first time in open court. The States deposed Mr. Alford on February 24. While deliberative process and other privilege assertions were made at Mr. Alford's deposition, the States have not sought to meet and confer or otherwise push for any additional deposition testimony from Mr. Alford. Nor did the States challenge deliberative process or other privilege assertions in their opposition brief. Instead, the States have submitted numerous excerpts of Mr. Alford's deposition. The Court may consider those excerpts to the extent that Court finds them helpful. Additional testimony by Mr. Alford is not needed for this Court to complete the Tunney Act's public interest analysis.

As the United States observed in its Opposition to the States' Motion to Intervene, the "Tunney Act adds to antitrust settlements a layer of judicial review, not political theater." Dkt. 299, at 11. The United States is concerned that the States' request for an evidentiary hearing is designed to foster political theater, not to support judicial review. The United States's concern is underscored by the States' recent violation of the Second Amended Protective Order. On March 9, the States filed 119 exhibits, comprising over 3,000 pages of material, that contained party and third parties' confidential and highly confidential information, on the public docket. These confidential materials were available to the public for at least 10 hours, until the Court's Case Systems Administrator could confirm that the improperly filed exhibits had been sealed. Enough is enough. The Court should decline the States' request to hold an evidentiary hearing.

Dated: March 11, 2026

/s/ Henry C. Su
HENRY C. SU (CA Bar # 211202)
Senior Litigation Counsel
U.S. Department of Justice, Antitrust Division
450 Fifth Street, NW, Suite 4000
Washington, DC 20530
Telephone: (202) 705-6338
Email: henry.su@usdoj.gov

ELIZABETH S. JENSEN (CA Bar # 302355)
Assistant Civil Chief, San Francisco Office

JEREMY M. GOLDSTEIN (CA Bar # 324422)
MICHAEL G. LEPAGE (DC Bar # 1618918)
Trial Attorneys
U.S. Department of Justice, Antitrust Division
450 Golden Gate Ave, Room 10-0101
San Francisco, CA 94102
Telephone: (415) 229-2934
Email: jeremy.goldstein@usdoj.gov

*Attorneys for Plaintiff*
UNITED STATES OF AMERICA

## **ATTESTATION**

Pursuant to N.D. Cal. Local Rule 5-1(i)(3), I attest that each of the other signatories have concurred in the filing of this document.

Dated: March 11, 2026

By:   /s/ Michael G. Lepage
Michael G. Lepage
U.S. Department of Justice, Antitrust Division
San Francisco Office
450 Golden Gate Ave., Room 10-0101
San Francisco, CA 94102-3478
Telephone: (415) 519-7866
Michael.Lepage@usdoj.gov

*Counsel for Plaintiff United States of America*