SAMUEL G. LIVERSIDGE (Bar No. 180578)
ERIC VANDEVELDE (Bar No. 240699)
DANIEL NOWICKI (Bar No. 304716)
**GIBSON, DUNN & CRUTCHER LLP**
333 South Grand Avenue
Los Angeles, California 90071
Telephone: (213) 229-7000
SLiversidge@gibsondunn.com
EVandevelde@gibsondunn.com
DNowicki@gibsondunn.com

JULIE ELMER (*pro hac vice*)
JENNIFER MELLOTT (*pro hac vice*)
**FRESHFIELDS US LLP**
700 13th St NW
Washington, DC 20005
Telephone: (202) 777-4500
julie.elmer@freshfields.com
jennifer.mellott@freshfields.com

*Attorneys for Defendant*
HEWLETT PACKARD ENTERPRISE CO.

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>*Plaintiff,*<br><br>v.<br><br>HEWLETT PACKARD ENTERPRISE CO. and<br><br>JUNIPER NETWORKS, INC,<br><br>*Defendants.* | Case No. 5:25-cv-00951-PCP<br><br>**DECLARATION OF ROBERT PARTICELLI**<br><br><br>Judge:        P. Casey Pitts<br>Action Filed:  January 30, 2025 |

DECLARATION OF ROBERT PARTICELLI, Case No. 5:25-cv-00951-PCP

I, Robert Particelli, declare as follows:

1.    I am currently employed by Hewlett Packard Enterprise Company ("HPE"). My title is Deputy General Counsel, Litigation and Human Resources Legal. I am a member in good standing of the bar of the State of Pennsylvania. I have personal knowledge of the facts set forth below, and, if called as a witness, I could and would testify to each of them under oath.

2.    I make this Declaration in support of the Administrative Motion to File Under Seal Certain Tunney Act Briefing Materials, filed pursuant to the Joint Stipulation Regarding Modification of Civil Local Rule 79-5 for Tunney Act Briefing, as Modified, ECF No. 415.

3.    Portions of the declarations and exhibits identified in Appendix A disclose confidential, competitively sensitive, and proprietary information relating to HPE's pricing and discounting, forward-looking strategic planning and analyses, product development plans, and ongoing, highly confidential bidding processes for the sale of the HPE Divestiture Assets and AI Ops for Mist Source Code Auction (the "Bidding Processes"). *See* Amended Proposed Final Judgment ("APFJ") at 3–4, ECF No. 311-2.

4.    All such competitively sensitive and proprietary information is maintained by HPE as confidential and secret and is not disclosed to the public or third parties (with the exception of limited information shared with distribution partners) during HPE's ordinary course of business.

5.    Public disclosure of the competitively sensitive information identified in Appendix A would cause HPE to suffer clearly defined, substantial, and specific harms, including but not limited to financial damage, damage to business relationships, damage to commercial standing, and/or irreparable harm.

6.    Specifically, disclosure of HPE's pricing and discounting strategy and metrics would provide HPE's competitors with unfair insight into HPE's business.

7.    Networking vendors like HPE compete to win customers based on a variety of factors, including price. Among other reasons, if HPE's competitors were to obtain insight into HPE's pricing strategy, they could unfairly use it to disadvantage HPE when bidding on future opportunities.

8.      The networking industry is also characterized by discounting, as each opportunity is individually negotiated; the disclosure of HPE's discounts and discounting strategy could similarly disadvantage the company.

9.      Materials that HPE seeks to seal contain HPE pricing and discounting information; even if the pricing for any one given opportunity is of limited broader use, the systematic disclosure of these documents across numerous opportunities would provide detailed insight into HPE's pricing and discounting strategy. If competitors could study HPE's discounting strategy and discounts offered on individual opportunities, they could use that information to undercut HPE in similar live or future opportunities.

10.     Disclosure of forward-looking strategic business plans and analyses would similarly disadvantage HPE by providing HPE's competitors unfair insight into HPE's ongoing and future competitive strategy with respect to pricing, technical innovation, marketing, future positioning for the combined HPE and Juniper, and strategy regarding its larger networking portfolio (including products not at issue in this litigation).

11.     These forward-looking plans effectively would provide competitors a roadmap for how HPE plans to compete in the future. With knowledge regarding how HPE plans to develop, market, and sell its products, HPE's competitors could refocus their efforts to duplicate plans or create similar analyses utilizing HPE's data that would provide valuable information, or undercut HPE's planning and analyses by preemptively marketing against it.

12.     Disclosure of information about HPE's future business plans would similarly unfairly disadvantage HPE with respect to competitors and customers. If competitors were to gain a preview of HPE's integration and go-to-market strategies, they would have lead time to plan their own strategies in response. Disclosure of this information would also cause uncertainty and confusion among customers. This could result in customers demanding additional concessions from HPE or switching away from HPE products.

13.     Among other factors, networking vendors, including HPE, compete based on the innovations they can bring to market, including new products, features, and capabilities.

14.     The networking industry is highly dynamic, and while competitors are generally influenced by macro-trends in the market, each vendor is competing to be the first to bring new innovation to the market and at the lowest cost possible.

15.     Disclosure of HPE's product development plans, including the timeline for product development, would allow HPE's competitors to unfairly refocus their own research and development efforts to duplicate or otherwise counter HPE's innovation, including by pricing against it. Competitors could also unfairly preempt and market against HPE's innovation efforts.

16.     Even if any given product development plan concerns a limited piece of technology, the systematic disclosure of this information would similarly give competitors a roadmap for how HPE plans to compete in the future, both in the near and long-term.

17.     Portions of the declarations and exhibits identified in Appendix A also disclose confidential and competitively sensitive information relating to the ongoing, confidential Bidding Processes.

18.     HPE has strictly maintained, and actively seeks to maintain, the confidentiality of information relating to the Bidding Processes in order to solicit the most competitive possible bids and maximize the effectiveness of the APFJ in promoting the public interest.

19.     Public disclosure of the identities of and other details regarding participants in the respective Bidding Processes while those processes are ongoing risks undermining progress made to date in soliciting bids and finalizing negotiations and damaging HPE's relationships with actual and potential bidders.  Such public disclosure not only violates the terms of non-disclosure agreements between HPE and the participants in the Bidding Processes, but it also jeopardizes the competitiveness and effectiveness of the Bidding Processes.

20.     For example, public disclosure of the identities of and other details regarding participants in the respective Bidding Processes while those processes are ongoing risks severely undermining the competitiveness of the respective Bidding Processes by permitting bidders and potential bidders unfair insight into the confidential bids of others.

DECLARATION OF ROBERT PARTICELLI, Case No. 5:25-cv-00951-PCP

21.    Public disclosure of details regarding the ongoing Bidding Processes may also deter bidders and potential bidders from participation in the Bidding Process, potentially undermining the effectiveness of the remedy set forth in the APFJ.

22.    I declare under penalty of perjury that the foregoing is true and correct.

Dated: March 19, 2026

_____
Robert Particelli

DECLARATION OF ROBERT PARTICELLI, Case No. 5:25-cv-00951-PCP