HENRY C. SU (CA BAR 221202)
JEREMY M. GOLDSTEIN (CA Bar 324422)
MICHAEL G. LEPAGE (DC Bar 1618918)
United States Department of Justice, Antitrust Division
450 Golden Gate Ave., Room 10-0101
San Francisco, CA 94102
henry.su@usdoj.gov
jeremy.goldstein@usdoj.gov
michael.lepage@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN JOSE DIVISION

UNITED STATES OF AMERICA,

                        *Plaintiff,*

            v.

HEWLETT PACKARD ENTERPRISE CO.
and JUNIPER NETWORKS, INC.

                        *Defendants.*

CASE NO.  5:25-CV-00951-PCP

JUDGE: Hon. P. Casey Pitts
MAGISTRATE JUDGE: Hon. Susan van Keulen

**DECLARATION OF HENRY C. SU IN SUPPORT OF SEALING PLAINTIFF UNITED STATES' MATERIALS IN THE PARTIES' CONSOLIDATED SEALING MOTION**

I, Henry C. Su, pursuant to 28 U.S.C. § 1746, hereby declare as follows:

1.    I am over 18 years of age, of sound mind, and otherwise competent to make this Declaration.  The evidence set forth in this Declaration is based on my personal knowledge.

2.    I am an attorney with the United States Department of Justice, Antitrust Division. I represent the United States, the Plaintiff, in the above-captioned Action.

3.    I submit this Declaration in support of sealing Plaintiff's materials in the Parties' Consolidated Sealing Motion filed in connection with the Intervenors' Opposition to the United States' Entry of the Final Judgment, HPE's Reply in Further Support of the United States' Entry of the Final Judgment, and the United States' Reply in Further Support of Entry of the Final Judgment and accompanying declarations and exhibits (collectively "Tunney Act Briefing").

4.    I have reviewed the materials the United States seeks to seal, and I can affirm that public disclosure of the competitively sensitive information contained in these exhibits would cause significant competitive harm to third parties who have participated or chosen not to participate in the ongoing divestiture auctions, and institutional harm to the United States' future ability to engage in settlement negotiations with defendants and in overseeing antitrust remedies set forth in proposed final judgments.

5.    In accordance with the amended proposed Final Judgment, the United States has been entrusted to monitor HPE's divesture of the Instant On and the Juniper Mist AI source code through a divestiture auction.

6.    The United States seeks to seal information relating to the HPE divestiture auctions. This information includes bidder identities, their current business plans, the final number of bidders, identities of companies that chose not to bid, bid amounts, and future-looking business strategies of both bidders and non-bidders.

7.    The HPE divestitures involve a sealed competitive auction process, where it is fundamental that the identities, bid amounts, and information relating to the competing bidders remain confidential. This auction is ongoing and the bids are non-binding. Bidders can adjust or withdraw their bids, and new bidders can still enter the auction. The United States has actively and diligently sought to maintain the confidentiality of this auction throughout these proceedings.

Declaration of Henry C. Su in Support of Sealing Plaintiff United States' Materials in the Parties'
Consolidated Sealing Motion
CASE NO. 5:25-CV-00951-PCP

8.    To accomplish its role in overseeing the divestiture auction, the United States is evaluating the auction bidders to ensure that they have both the intent and capability to compete effectively with the HPE Instant On divestiture assets or the Mist AIOps source code in the United States market for enterprise-grade WLAN solutions. As part of this process, the United States has conducted numerous confidential interviews with bidders, non-bidders, and customers.  The United States has evaluated business plans from both bidders and non-bidders, who discussed their future plans as part of the auction in the context of the United States' due diligence investigation.

9.    Disclosure of this auction information would damage the competitive auction process. After seeing other bidders' bids, bidders could adjust their own bids accordingly. Revealing this information could also harm bidders' future competitive strategy and business plans. It would damage the trust third parties place in the confidentiality of the United States' oversight abilities and in their investigations generally.

10.    The United States also seeks to seal certain confidential settlement communications, including negotiations and draft settlement terms exchanged with the Defendants in this matter.

11.    Confidentiality is essential to encouraging parties in a litigation to pursue settlements. The information the United States seeks to seal includes draft terms that were exchanged and considered but never accepted and implemented. These proposals were exchanged with the understanding that the settlement process is confidential, and that the parties could develop and convey their bargaining positions freely and frankly. The United States seeks to preserve the confidentiality of its settlement communications and negotiations with the Defendants in order to protect the integrity of this process and to ensure that antitrust settlements remain a viable enforcement tool. Revealing confidential settlement communications would discourage other antitrust defendants from engaging in the settlement process with the United States. Public disclosure would also impact the United States' ability to negotiate candidly during future settlement discussions.

12.    There is also a very real risk that statements made by the United States or the Defendants in negotiations could be quoted out of context and misconstrued for improper purposes such as to foment public scandal. The possibility that such statements may have some relevance to this judicial

3

Declaration of Henry C. Su in Support of Sealing Plaintiff United States' Materials in the Parties'
Consolidated Sealing Motion
CASE NO. 5:25-CV-00951-PCP

proceeding under the Tunney Act should not expose it to use by the public for purposes unrelated to this proceeding.

Executed in Washington, DC, on March 19, 2026

> /s/ Henry C. Su
> HENRY C. SU (CA Bar # 211202)
> Senior Litigation Counsel
> U.S. Department of Justice, Antitrust Division
> 450 Fifth Street, NW, Suite 4000
> Washington, DC 20530
> Telephone: (202) 705-6338
> Email: henry.su@usdoj.gov
>
> *Attorney for Plaintiff United States of America*

4

Declaration of Henry C. Su in Support of Sealing Plaintiff United States' Materials in the Parties' Consolidated Sealing Motion
CASE NO. 5:25-CV-00951-PCP