NICHOLAS W. BROWN
Attorney General of Washington
JONATHAN A. MARK *(Admitted Pro Hac Vice)*
Antitrust Division Chief
AMY N.L. HANSON *(Admitted Pro Hac Vice)*
Senior Managing Assistant Attorney General
Antitrust Division
Washington State Office of the Attorney General
800 Fifth Avenue, Suite 2000
Seattle, WA  98104
Email: jonathan.mark@atg.wa.gov
Email: amy.hanson@atg.wa.gov
Tel: 206-389-3806 (Mark)
Tel: 206-464-5419 (Hanson)

*Attorneys for Intervenors*

[Additional counsel listed on signature page]

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

|  |  |
|---|---|
| UNITED STATES OF AMERICA,<br><br>     *Plaintiff,*<br><br>  vs.<br><br>HEWLETT PACKARD ENTERPRISE CO.<br>and JUNIPER NETWORKS, INC.<br><br>     *Defendants.* | CASE NO. 5:25-cv-00951-PCP<br><br>**INTERVENOR STATES' OPPOSITION TO ADMINISTRATIVE MOTION TO FILE UNDER SEAL CERTAIN TUNNEY ACT BRIEFING MATERIALS**<br><br>Judge: P. Casey Pitts<br>Action Filed: January 30, 2025<br>Hearing: March 23, 2026, at 10:00 am |

Pursuant to Civil Local Rules 7-11 and 79-5(f)(4) and the Court's Standing Order for Civil Cases, the Intervenor States respectfully submit this opposition to the Parties' Administrative Motion to File Under Seal Certain Tunney Act Briefing Materials, Dkt. No. 444, which seeks to keep from the public information in certain judicial records that were provisionally filed under seal under the Joint Stipulation Regarding Modification of Civil Local Rule 79-5 For Tunney Act Briefing, As Modified, Dkt. No. 415. The Court should deny that motion because it is overbroad and fails to provide the court with evidence of compelling reasons to keep information under seal that outweigh the strong presumption favoring public access to the records submitted on the pending motion for entry of final judgment seal regarding: (1) settlement negotiations and process information; (2) pretrial record documents; (3) expert information; and (4) auction information. Judge P. Casey Pitts, Standing Order for Civil Cases at 3 (Aug. 2024) ("Standing Order for Civil Cases") ("Frivolous, overbroad, or inadequate sealing motions risk denial, publication without further notice, or sanctions."). Any interest that the Parties have in keeping their settlement negotiations and process information confidential is not compelling given the Tunney Act's goal to ensure transparency in antitrust settlements. The pretrial record information that is relied upon is now either stale or the Parties have failed to support their sealing requests with evidence demonstrating compelling reasons for keeping it from the public. The aggregated data and other expert information that the Parties seek to seal similarly does not warrant sealing because it does not itself reveal any competitively sensitive information. Finally, while the Intervenors agree that the identities of the bidders and other interested parties in the assets proposed to be sold at auction and the amounts of each bid should be redacted, the bidders' criticisms, and criticisms of those who passed, should be open to the public.

## ARGUMENT

A party seeking to seal a document filed with a court in this District "must (1) comply with Civil Local Rule 79–5; and (2) rebut the 'a strong presumption in favor of access' that applies to all documents other than grand jury transcripts or pre-indictment warrant materials." *Keirsey v. eBay, Inc,* No. 12-CV-01200-JST, 2013 WL 5609318, at *1 (N.D. Cal. Oct. 11, 2013) (quoting *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006)). "The public has a right to access the Court's files" and requires a party to "explore all reasonable alternatives to filing documents under seal, minimize the number of documents filed under seal, and avoid wherever

possible sealing entire documents (as opposed to merely redacting the truly sensitive information in a document)" under Civil Local Rule 79-5(a). Additionally, the party seeking to seal must provide a "specific statement" of the reasons for doing so explaining the "interests that warrant sealing" and the injury that will otherwise result, which is supported by "evidentiary support from declarations," and "a proposed order that is narrowly tailored to seal only the sealable material" under Civil Local Rule 79-5(c).

In addition to the requirements of Civil Local Rule 79-5, where a party seeks to file materials in connection with a dispositive motion, the strong presumption of access can be overcome only if the party presents "compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure[.]" *Kamakana,* 447 F.3d at 1178–79 (cleaned up). Under this stringent standard, a court may seal records only when it finds "a compelling reason and articulate[s] the factual basis for its ruling, without relying on hypothesis or conjecture." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096-97 (9th Cir. 2016). Doing so bolsters the public's "understanding of the judicial process" and "confidence in the administration of justice," because it provides a "measure of accountability" for courts. *Id.* at 1096-98. There is no dispute here that the compelling reasons standard applies here because the information sought to be kept from the public was relied upon by the Parties and the Intervenors in their briefing on United States of America's dispositive motion for entry of final judgment.

## I.    The Parties fail to show their interest in maintaining the seal on settlement negotiations and process information outweighs the public's interest in accessing it.

"With respect to settlement terms, negotiations, and strategies, the public interest in such materials—in the context of a case about whether the relevant settlements were anticompetitive—far outweighs the ambiguous concern that bad actors might misuse the data." *In re Xyrem Antitrust Litig.,* 789 F. Supp. 3d 760, 770 (N.D. Cal. 2025) (denying sealing of settlement negotiations). When a "case is ultimately about whether the settlements that ended that litigation were anticompetitive" it "risks misuse of judicial proceedings" to file "play-by-play deposition testimony about how settlement was reached (and to what extent such settlement was influenced by privileged advice)" and then keep it secret. *Id.* at 772–73.

Intervenor States' Opposition to Administrative Motion to File Under Seal Certain Tunney Act Briefing Materials –
Case No. 5:25-cv-00951-PCP

Notably, HPE does not seek to keep its settlement negotiations with United States executive officials sealed here, and the DOJ's attempt to do so runs contrary to the Tunney Act's mandate that "the court shall consider . . . alternative remedies considered" as part of its "public interest determination." 15 U.S.C. § 16(e)(1)(A). Indeed, Senator Tunney quoted Justice Brandeis' words in describing the Tunney Act's purpose, stating that "'Sunlight is the best of disinfectants.' It is more sunlight that we are seeking to shed *on the methods and manner* by which we settle complex and costly antitrust suits through the consent decree process." 93 Cong. Rec. 24599 (July 18, 1973), https://www.justice.gov/sites/default/files/jmd/legacy/2013/12/31/cr-24596-606-1973.pdf (emphasis added).

## II. The Parties fail to show their interest in maintaining the seal on pretrial record documents outweighs the public's interest in accessing it.

When a litigant presents evidence that the release of trade secrets could harm its competitive standing, courts first consider whether the information sought to be sealed "resemble[s] 'any formula, pattern, device, or compilation of information which is used in one's business, and which gives [one] and opportunity to obtain an advantage over competitors who do not know or use it'" in assessing whether publicly revealing information would harm a party's competitive standing. *Xyrem*, 789 F. Supp. 3d at 765; *see also In re Electronic Arts,* 298 Fed. App'x 568, 569-70 (9th Cir. 2008). (quoting *Restatement of Torts* § 757, cmt. b).

The party seeking to seal based on harm to competitive standing must then show how public access to the information will encourage "business competitors seeking to replicate [any party's] business practices and circumvent the considerable time and resources necessary in product and marketing development." *Xyrem,* 789 F. Supp. 3d at 767. "[V]ague references to competitive harms," unsupported with evidence, "provide the Court with an inadequate explanation of how public dissemination of the specific material sought to be sealed will harm the litigants' competitive standing." *In re Meta Pixel Tax Filing Cases*, No. 22-CV-07557-PCP, 2025 WL 1872974, at *3 (N.D. Cal. May 9, 2025); *see also Portable Power, Inc. v. Energizer Holdings, Inc., et al.,* No. 23-CV-02091-PCP, 2025 WL 4110870 at *4 (N.D. Cal. Dec. 29, 2025) (denying motion to seal where only vague and conclusory assertions that the information sought to be redacted would cause

competitive harms or reveal confidential information); *Arrow Elecs. v. Quantum Corp.*, No. 23-CV-03746 NC, 2025 WL 1479659, at *2 (N.D. Cal. Feb. 12, 2025) (conclusory "trade secret" assertion does not overcome the "compelling reasons" standard to validate sealing); Standing Order for Civil Cases at 3 ("Blanket or generic statements like 'competitive harm' are almost never sufficient"). A party's interest in competitive information that has become stale is also insufficient to overcome the public's interest in accessing it. *Williams v. Apple, Inc.,* No. 19-CV-04700-LHK, 2021 WL 2476916, at *4 (N.D. Cal. June 17, 2021) (declining to seal non-public financial data from 2018 or before when the proponent failed to explain why it would harm the litigant's competitive standing in mid-2021); *Kamakana*, 447 F.3d at 1182 (no abuse of discretion in declining to seal deposition testimony on confidential informants and criminal investigations that was "years old"). The Parties here fail to show their interest in maintaining the seal on the pretrial record outweighs the public's interest in accessing it because their vague references to competitive harms fail to show how business competitors seeking to replicate the business practices sought to be sealed will be able to circumvent the considerable time and resources necessary in product and marketing development to replicate them, particularly when much of that pretrial record (which largely includes documents assembled from 2024 and earlier) is now stale.

**III.    The Parties fail to show their interest in maintaining the seal on expert information outweighs the public's interest in accessing it.**

In antitrust cases, parties hire experts to analyze data and reach conclusions for the ultimate purpose of arguing before the fact finder in a trial open to the public. *Xyrem*, 789 F. Supp. 3d at 765. To seal materials from the record that "comprise mere expert opinions about data that is highly relevant to material issues of triable fact—i.e., the extent of competition in the [relevant] market" following the settlement "agreement at the heart of this case" is "antithetical to the exercise of a public judicial system." *Id.* at 765 (denying sealing of lines in the motion that refer to Plaintiffs' expert economist as well as economist's report and deposition transcript). This is particularly true when the proponent of sealing fails to explain "how allowing public access to the expert reports and other materials" would "cause irreversible damage" by allowing business competitors "to replicate [the party's] business practices and circumvent the considerable time and resources necessary in

Intervenor States' Opposition to Administrative Motion to File Under Seal Certain Tunney Act Briefing Materials – Case No. 5:25-cv-00951-PCP

product and marketing development." *Id.* at 767. Even when the proponent of sealing makes such a showing, courts can still deny sealing of entire expert reports as not narrowly tailored. *Id.* For example, it is inappropriate to seal references in expert reports and testimony to aggregated data. *Id.* at 770–71. It is likewise inappropriate to seal expert opinions on the relative negotiating positions of the parties in settling the litigation. *Id.* at 772–73. The Parties here fail to show their interest in maintaining the seal on expert information outweighs the public's interest in accessing it because the expert analyses use aggregated data and their opinions here are highly relevant to the determination of whether the proposed settlement sufficiently remedies the merger's harms.

IV. **The Parties fail to show their interest in maintaining the seal on bidders' criticisms and criticisms of auctioned assets outweighs the public's interest in accessing it.**

"While the parties understandably wish to forestall efforts to undermine the proposed settlement," it does not warrant keeping relevant information from the public. *Xyrem,* 789 F. Supp. 3d at 773. The public should be able to access information when trying to understand a case that would inform a factfinder whether a given fact pattern amounts to an antitrust violation. *Id.* at 768. "That third parties can use information they find in the public records of the judiciary is not, standing alone, a reason to keep that information secret." *Id.* Moreover, the "mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation" does not compel sealing under the compelling reasons standard. *Kamakana*, 447 F.3d at 1178. The Parties here fail to show their interest in maintaining the seal on bidders' criticisms and criticisms of auctioned assets outweighs the public's interest in accessing it because it will aid their understanding of whether the proposed settlement is in the public's interest based upon the sufficiency of its proposed remedies for the merger's elimination of competition.

**CONCLUSION**

For the foregoing reasons, the Court should deny the Parties Consolidated Sealing Motion.

Dated: March 20, 2026

NICHOLAS W. BROWN
Attorney General of Washington

*/s/ Amy N. L. Hanson*
AMY N.L. HANSON *(Admitted Pro Hac Vice)*
Senior Managing Assistant Attorney General

- 5 -

Antitrust Division
JONATHAN A. MARK *(Admitted Pro Hac Vice)*
Antitrust Division Chief
Washington State Office of the Attorney General
800 Fifth Avenue, Suite 2000
Seattle, WA  98104
Email: amy.hanson@atg.wa.gov
Email: jonathan.mark@atg.wa.gov
Tel: 206-464-5419 (Hanson)
Tel: 206-389-3806 (Mark)

*Attorneys for State of Washington*


ROB BONTA
Attorney General of California

*/s/ Brian D. Wang*
PAULA L. BLIZZARD, Senior Assistant Attorney
General (SBN 207920)
MICHAEL W. JORGENSON, Supervising Deputy
Attorney General (SBN 201145)
BRIAN D. WANG, Deputy Attorney General (SBN
284490)
Office of the Attorney General
California Department of Justice
455 Golden Gate Avenue, Suite 11000
San Francisco, California 94102
(415) 510-4400
Brian.Wang@doj.ca.gov

*Attorneys for the State of California*


PHILIP J. WEISER
Attorney General

*/s/ Arthur Biller*
ARTHUR BILLER *(Admitted Pro Hac Vice)*
Senior Assistant Attorney General
BRYN A. WILLIAMS
First Assistant Attorney General (SBN 301699)
JONATHAN B. SALLET *(Admitted Pro Hac Vice)*
Special Assistant Attorney General
ROBIN ALEXANDER *(Admitted Pro Hac Vice)*
Assistant Attorney General
1300 Broadway, 10th Floor
Denver, CO 80203

- 6 -

Telephone: (720)508-6000
Email: Arthur.Biller@coag.gov
Bryn.Williams@coag.gov
Jon.Sallet@coag.gov
Robin.Alexander@coag.gov

*Attorneys for the State of Colorado*


WILLIAM TONG
ATTORNEY GENERAL

*/s/ Nicole Demers*
Nicole Demers (*pro hac vice application forthcoming*)
Deputy Associate Attorney General
Antitrust Section
Connecticut Office of the Attorney General
165 Capitol Ave.
Hartford, CT 06106
Tel.: (860) 808-5030
nicole.demers@ct.gov

*Attorneys for the State of Connecticut*



BRIAN SCHWALB
Attorney General of the District of Columbia

*/s/ Coty Montag*
Coty Montag (SBN 255703)
Deputy Attorney General, Public Advocacy Division
Office of the Attorney General for the District of
Columbia
400 6th Street NW
Washington, DC 20001
Telephone: (202) 417-5402
Coty.Montag@dc.gov

*Attorneys for the District of Columbia*



ANNE E. LOPEZ
Attorney General

*/s/ Rodney I. Kimura*
RODNEY I. KIMURA (*Admitted Pro Hac Vice*)
Deputy Attorney General
Department of the Attorney General

- 7 -

425 Queen Street
Honolulu, Hawaii. 96813
Telephone:  (808) 586-1180
Email:  Rodney.i.kimura@hawaii.gov

*Attorneys for State of Hawaii*


KWAME RAOUL
Attorney General of Illinois

*/s/ Paul J. Harper*
*(Admitted Pro Hac Vice)*

ELIZABETH L. MAXEINER
*(Admitted Pro Hac Vice)*
Chief, Antitrust Bureau
PAUL J. HARPER
Assistant Attorney General, Antitrust Bureau
Office of the Illinois Attorney General
115 S. LaSalle Street, 35th Floor
Chicago, Illinois 60603
773-590-7935 | elizabeth.maxeiner@ilag.gov
773-590-6837 | paul.harper@ilag.gov

*Attorneys for State of Illinois*


COMMONWEALTH OF MASSACHUSETTS
ANDREA JOY CAMPBELL
Attorney General

*/s/ Anthony W. Mariano*
Anthony W. Mariano *(Admitted Pro Hac Vice)*
Chief, Antitrust Division
Office of the Massachusetts Attorney General
One Ashburton Place, 20th Floor
Boston, MA 02108
(781) 835-7990
Anthony.Mariano@mass.gov

*Attorneys for*
*Commonwealth of Massachusetts*


KEITH ELLISON
Attorney General

*/s/ Jon M. Woodruff*

- 8 -

*(Admitted Pro Hac Vice)*

ELIZABETH ODETTE *(Admitted Pro Hac Vice)*
Manager, Assistant Attorney General
Antitrust Division

JON M. WOODRUFF
Assistant Attorney General
Antitrust Division

Office of the Minnesota Attorney General
445 Minnesota Street, Suite 600
Saint Paul, MN 55101
Telephone: (651) 300-7425
elizabeth.odette@ag.state.mn.us
jon.woodruff@ag.state.mn.us

*Attorneys for State of Minnesota*


LETITIA JAMES
Attorney General of the State of New York

CHRISTOPHER D'ANGELO
Chief Deputy Attorney General
Economic Justice Division

*/s/ Elinor Hoffmann*
*(Admitted Pro Hac Vice)*

ELINOR R. HOFFMANN
Chief, Antitrust Bureau
AMY McFARLANE
*(Admitted Pro Hac Vice)*
Deputy Bureau Chief, Antitrust Bureau
MICHAEL SCHWARTZ
*(Admitted Pro Hac Vice)*
Senior Enforcement Counsel, Antitrust Bureau

New York State Office of the Attorney General
28 Liberty Street
New York, NY 10005
Phone: (212) 416-8269
Email: Elinor.Hoffmann@ag.ny.gov

*Attorneys for State of New York*

JEFF JACKSON
Attorney General of North Carolina

- 9 -

/s/ Kunal J. Choksi
(Admitted Pro Hac Vice)
 Kunal Janak Choksi
Senior Deputy Attorney General
North Carolina Department of Justice
114 W. Edenton St.
Raleigh, NC 27603
Telephone: (919) 716-6032
E-Mail: kchoksi@ncdoj.gov

Attorneys for State of North Carolina

Dan Rayfield
Attorney General of Oregon

/s/ Rachel K. Sowray
Rachel K. Sowray (Admitted Pro Hac Vice)
Senior Assistant Attorney General
Timothy D. Smith (Admitted Pro Hac Vice)
Attorney-in-Charge
Economic Justice Section
Oregon Department of Justice
100 SW Market St, Portland OR  97201
503.689.0249 | Rachel.Sowray@doj.oregon.gov
503.798.3297 | tim.smith@doj.oregon.gov

Attorneys for State of Oregon

JOSHUA L. KAUL
ATTORNEY GENERAL

/s/Caitlin M. Madden
Caitlin M. Madden (Admitted Pro Hac Vice)
Assistant Attorney General
Wisconsin Department of Justice
17 West Main Street
Post Office Box 7857
Madison, WI 53707-7857
(608) 267-1311
caitlin.madden@wisdoj.gov

Attorneys for State of Wisconsin

- 10 -