# EXHIBIT 1

HENRY C. SU (CA BAR 221202)
JEREMY M. GOLDSTEIN (CA Bar 324422)
MICHAEL G. LEPAGE (DC Bar 1618918)
United States Department of Justice, Antitrust Division
450 Golden Gate Ave., Room 10-0101
San Francisco, CA 94102
henry.su@usdoj.gov
jeremy.goldstein@usdoj.gov
michael.lepage@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

### UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF CALIFORNIA
### SAN JOSE DIVISION

UNITED STATES OF AMERICA,

*Plaintiff,*

v.

HEWLETT PACKARD ENTERPRISE CO.
and JUNIPER NETWORKS, INC.

*Defendants*.

CASE NO.  5:25-CV-00951-PCP

JUDGE: Hon. P. Casey Pitts

**PLAINTIFF'S FIRST SET OF INTERROGATORIES TO INTERVENORS**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Plaintiff United States of America requests that Intervenors answer the following interrogatories separately and fully in writing and under oath in accordance with the Case Management Plan (ECF No. 103).

### DEFINITIONS

1.      "Action" refers to the above-captioned litigation, *United States of America v. Hewlett Packard Enterprise Co. et al.*, No. 5:25-cv-00951 (N.D. Cal.).

2.      "Intervenors" means the Attorneys General for the States of Colorado, California, Connecticut, Hawaii, Illinois, Massachusetts, Minnesota, North Carolina, New York, Oregon, Washington, Wisconsin, and the District of Columbia, who were granted intervention by Court Order on November 18, 2025, for the purpose set forth in the Court's subsequent written Order dated December 1, 2025.

1

3.	The term "Expert Witness" means a person presenting evidence in written or testimonial form consistent with Federal Rules of Evidence 702, 703, or 705.

4.	The term "Subject Matter" takes the same definition as used in Federal Rule of Civil Procedure 26(a)(2)(C)(i).

5.	The term "Summary of the Facts and Opinions" takes the same definition as used in Federal Rule of Civil Procedure 26(a)(2)(C)(ii).

6.	The terms "and" and "or" have both conjunctive and disjunctive meanings.

7.	The term "any" means each and every.

8.	The term "including" means including, but not limited to.

## INSTRUCTIONS

1.	The terms defined above and used in each of the topics should be construed broadly to the fullest extent of their meaning in a good-faith effort to comply with the Federal Rules of Civil Procedure. These definitions are provided solely for the purpose of these Interrogatories.

2.	The definitions provided herein shall apply to the terms defined regardless of capitalization.

3.	The singular includes the plural and vice versa.

4.	Unless otherwise specified, the relevant time for all interrogatories is from (and including) June 27, 2025, through the present.

5.	These Interrogatories require You to produce all responsive information in Your possession, custody, or control and are continuing in nature. Under Rule 26(e) of the Federal Rules of Civil Procedure, You are required to supplement Your response if You have or receive additional or different information. With respect to any request to identify documents, You are required to identify in a supplemental response any document that You determine is responsive to the request after the date of Your initial response.

6.	To the extent that an interrogatory calls for information in more detail than is currently available, respond to such interrogatory by providing all information responsive thereto, in whatever detail is available. If any interrogatory cannot be answered in full, answer to the extent possible and

provide an explanation of why any portion of any interrogatory cannot be answered, including information relating to any person who may have knowledge of or further information relating to the subject matter of the interrogatory.

7.    If You object to a portion of any interrogatory and refuse to answer, answer the remaining parts of the interrogatory to which you do not object to answering.

8.    If You object to all or part of any interrogatory, or otherwise withhold responsive information because of a claim of privilege, work product, or other grounds: (a) identify the interrogatory or part thereof on which the objection or claim of privilege is made; (b) state whether the information is found in a document, oral communication, or some other form; (c) identify all grounds for the objection or assertion of privilege, and set forth the factual basis for assertion of the objection or claim of privilege; (d) identify the information withheld by description of the topic or subject matter, the date of the communication, and the participants; and (e) identify all persons having knowledge of any facts relating to your claim of privilege.

## **INTERROGATORIES**

1.  Identify any Expert Witness that the Intervenors expect to use or call to present evidence under Federal Rules of Evidence 702, 703, or 705 in this Action.

2.  Identify the Subject Matter on which any Expert Witness identified in Interrogatory No.1 is expected to present evidence.

3.  Provide a Summary of the Facts and Opinions to which any Expert Witness identified in Interrogatory No. 1 is expected to testify.

Dated: February 9, 2026

/s/ Henry C. Su
HENRY C. SU (CA Bar # 211202)
Senior Litigation Counsel
U.S. Department of Justice, Antitrust Division
450 Fifth Street, NW, Suite 4000
Washington, DC 20530
Telephone: (212) 213-2774
Fax: (202) 514-5847
henry.su@usdoj.gov

ELIZABETH S. JENSEN (CA Bar # 302355)
Assistant Civil Chief, San Francisco Office

JEREMY M. GOLDSTEIN (CA Bar # 324422)
MICHAEL G. LEPAGE (DC Bar # 1618918)
Trial Attorneys
U.S. Department of Justice, Antitrust Division
450 Golden Gate Ave, Room 10-0101
San Francisco, CA 94102
Telephone: (415) 229-2934
Email: Jeremy.Goldstein@usdoj.gov

*Attorney for Plaintiff*
UNITED STATES OF AMERICA

PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO HEWLETT PACKARD ENTERPRISE CO.
CASE NO. 5:25-CV-00951-PCP

## CERTIFICATE OF SERVICE

I certify that on February 9, 2026, I served a true and correct copy of the foregoing document upon all counsel of record via electronic email.

Dated: February 9, 2026

By:    */s/ Michael G. Lepage*
Michael G. Lepage
U.S. Department of Justice, Antitrust Division
San Francisco Office
450 Golden Gate Ave., Room 10-0101
San Francisco, CA 94102-3478
Telephone: (415) 519-7866
Michael.Lepage@usdoj.gov

*Counsel for Plaintiff United States of America*

PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO HEWLETT PACKARD ENTERPRISE CO.
CASE NO. 5:25-cv-00951-PCP