# EXHIBIT 3

PHILIP J. WEISER
Attorney General
ARTHUR BILLER (*pro hac vice*)
Senior Assistant Attorney General
BRYN A. WILLIAMS
First Assistant Attorney General (SBN 301699)
1300 Broadway, 10th Floor
Denver, CO 80203
Telephone: (720)508-6000
Email: Arthur.Biller@coag.gov
          Bryn.Williams@coag.gov

*Attorneys for Intervenors*

[Additional counsel listed on signature page]

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 5:25-cv-00951-PCP |
| *Plaintiff,* | **INTERVENORS' SUPPLEMENTAL RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES** |
| vs. | |
| HEWLETT PACKARD ENTERPRISE CO. and JUNIPER NETWORKS, INC. | Judge: P. Casey Pitts |
| *Defendants.* | Action Filed: January 30, 2025 |

Pursuant to Fed. R. Civ. P. 26 and 33, Intervenors Colorado, California, Connecticut, Hawaii, Illinois, Massachusetts, Minnesota, North Carolina, New York, Oregon, Washington, Wisconsin, and the District of Columbia (the "States") provide the following supplemental responses and objections to Plaintiff United States of America's ("Plaintiff") First Set of Interrogatories to Intervenors (the "Interrogatories").

## GENERAL OBJECTIONS

1.      The States object to the Interrogatories because it seeks discovery from the States, and it is beyond the scope of discovery permitted by the Court pursuant to its order dated December 31, 2025, which "addresses the proper scope of discovery in connection with the Tunney Act review

- 1 -

process." *See* ECF No. 350, Order re: Tunney Act Review dated December 31, 2025 ("the Court's Order re: Tunney Act Review"), at 2. That order limits the scope of discovery in the Court's Tunney Act review process in this Settlement to specific categories of discovery that *the States* may seek from HPE and the U.S. Department of Justice ("DOJ"). *See id.* at 6 ("Beyond addressing these specific categories, the Court will not at this time attempt to define the universe of discoverable information that the *states* may request in connection with the Court's Tunney Act reviewing proceedings.") (emphasis added). Accordingly, the order sets forth a procedure for raising discovery disputes regarding *states'* discovery requests in connection with the Tunney Act review process, and not for any discovery requests by HPE or DOJ. *Id.* at 7-8 ("To the extent the parties cannot resolve any disputes that arise regarding the propriety of the *states'* discovery requests, the Court will resolve those disputes pursuant to. . . .").

2.      The States object to the Interrogatories because the Court declined to impose typical expert discovery in this case and, to the extent any party uses expert testimony, it is to be disclosed in that party's brief(s) addressing entry of final judgment. *See* 12/16 Hr'g Tr. 36:25-37:3 ("I think if any of the parties want to rely upon expert testimony in support of their submissions, you know, I think they can do so with their filings with the Court."); Court's Order re: Tunney Act Review at 2–3 (no expert disclosure deadline).

3.      The States object to the Interrogatories to the extent they seek to have the States disclose information relied upon in the States' response to the United States' motion for entry of final judgment that is due on March 9, 2026, and any surrebuttal that the States may file, pursuant to the Court's orders dated February 17, 2026 and February 23, 2026 (ECF No. 403), before those respective deadlines.

4.      The States object to the Interrogatories, including the Definitions incorporated therein, to the extent they appear calculated to harass and burden the States.

5.      The States object to the Interrogatories, including the Definitions incorporated therein, to the extent they are improper, unduly burdensome, oppressive, and disproportional to the needs of the Court's Tunney Act Review, as articulated in the Court's Order re: Tunney Act Review (ECF No. 350).

6.      The States object to the Interrogatories, including the Definitions incorporated therein, to the extent they seek information reflecting mental impressions of counsel or information protected by the attorney client privilege, the attorney work product doctrine, the deliberative process privilege, the government informant privilege, the law enforcement investigative privilege, the common interest doctrine, joint prosecution privilege, or any other applicable privilege, right, immunity, or exemption from discovery.

7.      The States object to the Interrogatories, including the Definitions incorporated therein, to the extent they seek information that is confidential or proprietary, or subject to a constitutional, statutory, or common law right of privacy of the United States, or any applicable jurisdiction of the United States. To the extent the States respond to the Topics, production of any such information shall be governed by the applicable terms provided for by the Protective Order that governs this litigation.

8.      The States object to the Interrogatories, including the Definitions incorporated therein, to the extent they seek to impose obligations greater than or different than those under the Federal Rules of Civil Procedure or any case management order, discovery plan, protective order, or order regarding electronically stored information in this litigation.

9.      The States object to the definition of "Expert Witness" to the extent it suggests the Federal Rules of Evidence 702, 703, or 705 apply to and control expert opinion or testimony in this Tunney Act proceeding.

10.     The States object to the definition of "Subject Matter" to the extent it suggests the Federal Rules of Evidence 702, 703, or 705 apply to and control expert opinion or testimony in this Tunney Act proceeding.

11.     The States object to the definition of "Summary of the Facts and Opinions" to the extent it suggests the requirements of Federal Rules of Evidence 26(a)(2)(C)(ii) apply to and control (a) expert opinion or testimony in this Tunney Act proceeding generally, or (b) the specific expert opinion or testimony that the States may offer.

12.     By making these objections, the States do not waive, and hereby expressly reserve, their right to assert any and all objections to the admissibility of such responses or documents into

evidence in this action or in any other proceeding.

**SPECIFIC OBJECTIONS**

The States incorporate their general objections described above into the objections to each specific Request below.

**Interrogatory 1**: Identify any Expert Witness that the Intervenors expect to use or call to present evidence under Federal Rules of Evidence 702, 703, or 705 in this Action.

**Response:** The States object to this Interrogatory as premature, given that there is no requirement in this Action that any party disclose any expert, or his or her opinion or testimony, before filing its respective brief concerning entry of final judgment. *See* 12/16 Hr'g Tr. 36:25-37:3 ("I think if any of the parties want to rely upon expert testimony in support of their submissions, you know, I think they can do so with their filings with the Court."); Court's Order re: Tunney Act Review at 2-3 (ECF No. 350) (no expert disclosure deadline). Accordingly, the States further object to this Interrogatory because any response at this juncture necessarily implicates the mental impressions of counsel or information protected by attorney-client privilege, as well as the attorney work product doctrine. Subject to the foregoing objections, to the extent the States rely on any expert opinion or testimony in their response and surrebuttal, if any, those submissions will contain responsive information and the States will supplement this response.

**March 11, 2026 Supplemental Response:** Subject to the foregoing objections, the States respond that the Court has yet to determine whether an evidentiary hearing will be held, and if so, what the scope of such a hearing would be. However, subject to the scope of an evidentiary hearing to be determined by the Court, and subject to additional discovery the States may obtain before such hearing, the States may use or call one or more of the following expert witnesses to provide live testimony at a hearing: Carl Shapiro, Aanjhan Ranganathan, and William Baer.

To the extent this interrogatory also seeks identification of written expert testimony that the States may use in a hearing, then pursuant to Fed. R. Civ. P. 33(d), the States identify the Declaration of Carl Shapiro, dated March 6, 2026; the Declaration of William Baer in Support of Intervenors' Opposition to Motion for Entry of Final Judgment, dated March 7, 2026; and the Declaration of Aanjhan Ranganathan, dated March 8, 2026.

- 4 -

**Interrogatory 2:** Identify the Subject Matter on which any Expert Witness identified in Interrogatory No.1 is expected to present evidence.

**Response:** The States object to this Interrogatory as premature, given that there is no requirement in this Action that any party disclose any expert opinion or testimony before filing its respective brief concerning entry of final judgment. *See* 12/16 Hr'g Tr. 36:25-37:3 ("I think if any of the parties want to rely upon expert testimony in support of their submissions, you know, I think they can do so with their filings with the Court."); Court's Order re: Tunney Act Review at 2-3 (ECF No. 350) (no expert disclosure deadline). Accordingly, the States further object to this Interrogatory because any response at this juncture necessarily implicates the mental impressions of counsel or information protected by attorney-client privilege, as well as the attorney work product doctrine. Subject to the foregoing objections, to the extent the States rely on any expert opinion or testimony in their response and surrebuttal, if any, those submissions will contain responsive information and the States will supplement this response.

**March 11, 2026 Supplemental Response:** Subject to the foregoing objections, and pursuant to Fed. R. Civ. P. 33(d), the States identify the Declaration of Carl Shapiro, dated March 6, 2026; the Declaration of William Baer in Support of Intervenors' Opposition to Motion for Entry of Final Judgment, dated March 7, 2026; and the Declaration of Aanjhan Ranganathan, dated March 8, 2026. This identification includes all exhibits referenced in these declarations, which are attached to the Declaration of Arthur Biller in Support of Intervenors' Opposition to Motion for Entry of Final Judgment, dated March 9, 2026, as well as scholarly articles and other cited materials therein.

**Interrogatory 3:** Provide a Summary of the Facts and Opinions to which any Expert Witness identified in Interrogatory No. 1 is expected to testify.

**Response:** The States object to this Interrogatory as premature, given that there is no requirement in this Action that any party disclose any expert opinion or testimony before filing its respective brief concerning entry of final judgment. *See* 12/16 Hr'g Tr. 36:25-37:3 ("I think if any of the parties want to rely upon expert testimony in support of their submissions, you know, I think

- 5 -

they can do so with their filings with the Court."); Court's Order re: Tunney Act Review at 2-3 (ECF No. 350) (no expert disclosure deadline). Accordingly, the States further object to this Interrogatory because any response at this juncture necessarily implicates the mental impressions of counsel or information protected by attorney-client privilege, as well as the attorney work product doctrine. The States further object to this Interrogatory as calling for the States to generate a summary that would reflect the States' attorneys' mental impressions about any anticipated expert opinion or testimony. Subject to the foregoing objections, to the extent the States rely on any expert opinion or testimony in their response and surrebuttal, if any, those submissions will contain responsive information and the States will supplement this response.

**March 11, 2026 Supplemental Response:**  Subject to the foregoing objections, and pursuant to Fed. R. Civ. P. 33(d), the States identify the Declaration of Carl Shapiro, dated March 6, 2026; the Declaration of William Baer in Support of Intervenors' Opposition to Motion for Entry of Final Judgment, dated March 7, 2026; and the Declaration of Aanjhan Ranganathan, dated March 8, 2026.  This identification includes all exhibits referenced in these declarations, which are attached to the Declaration of Arthur Biller in Support of Intervenors' Opposition to Motion for Entry of Final Judgment, dated March 9, 2026, as well as scholarly articles and other cited materials therein.

Dated: March 11, 2026

PHILIP J. WEISER
Attorney General

*/s/ Arthur Biller*
ARTHUR BILLER *(Admitted Pro Hac Vice)*
Senior Assistant Attorney General
BRYN A. WILLIAMS
First Assistant Attorney General (SBN 301699)
JONATHAN B. SALLET *(Admitted Pro Hac Vice)*
Special Assistant Attorney General
ROBIN ALEXANDER (*Admitted Pro Hac Vice*)
Assistant Attorney General
1300 Broadway, 10th Floor
Denver, CO 80203
Telephone: (720)508-6000
Email: Arthur.Biller@coag.gov

- 6 -

Bryn.Williams@coag.gov
Jon.Sallet@coag.gov
Robin.Alexander@coag.gov

*Attorneys for the State of Colorado*

ROB BONTA
Attorney General of California

/s/ Brian D. Wang
PAULA L. BLIZZARD, Senior Assistant Attorney General (SBN 207920)
MICHAEL W. JORGENSON, Supervising Deputy Attorney General (SBN 201145)
BRIAN D. WANG, Deputy Attorney General (SBN 284490)
Office of the Attorney General
California Department of Justice
455 Golden Gate Avenue, Suite 11000
San Francisco, California 94102
(415) 510-4400
Brian.Wang@doj.ca.gov

*Attorneys for the State of California*

WILLIAM TONG
ATTORNEY GENERAL

/s/ Nicole Demers
Nicole Demers (*pro hac vice application forthcoming*)
Deputy Associate Attorney General
Antitrust Section
Connecticut Office of the Attorney General
165 Capitol Ave.
Hartford, CT 06106
Tel.: (860) 808-5030
nicole.demers@ct.gov

*Attorneys for the State of Connecticut*

BRIAN SCHWALB
Attorney General of the District of Columbia

/s/ Coty Montag
Coty Montag (SBN 255703)
Deputy Attorney General, Public Advocacy Division

- 7 -

Office of the Attorney General for the District of Columbia
400 6th Street NW
Washington, DC 20001
Telephone: (202) 417-5402
Coty.Montag@dc.gov

*Attorneys for the District of Columbia*

ANNE E. LOPEZ
Attorney General

*/s/ Rodney I. Kimura*
RODNEY I. KIMURA *(Admitted Pro Hac Vice)*
Deputy Attorney General
Department of the Attorney General
425 Queen Street
Honolulu, Hawaii. 96813
Telephone:  (808) 586-1180
Email:  Rodney.i.kimura@hawaii.gov

*Attorneys for State of Hawaii*

KWAME RAOUL
Attorney General of Illinois

*/s/ Paul J. Harper*
*(Admitted Pro Hac Vice)*

ELIZABETH L. MAXEINER
*(Admitted Pro Hac Vice)*
Chief, Antitrust Bureau
PAUL J. HARPER
Assistant Attorney General, Antitrust Bureau
Office of the Illinois Attorney General
115 S. LaSalle Street, 35th Floor
Chicago, Illinois 60603
773-590-7935 | elizabeth.maxeiner@ilag.gov
773-590-6837 | paul.harper@ilag.gov

*Attorneys for State of Illinois*

COMMONWEALTH OF MASSACHUSETTS
ANDREA JOY CAMPBELL
Attorney General

- 8 -

/s/ Anthony W. Mariano
Anthony W. Mariano *(Admitted Pro Hac Vice)*
Chief, Antitrust Division
Office of the Massachusetts Attorney General
One Ashburton Place, 20th Floor
Boston, MA 02108
(781) 835-7990
Anthony.Mariano@mass.gov

*Attorneys for*
*Commonwealth of Massachusetts*


KEITH ELLISON
Attorney General

/s/ Jon M. Woodruff
*(Admitted Pro Hac Vice)*

ELIZABETH ODETTE *(Admitted Pro Hac Vice)*
Manager, Assistant Attorney General
Antitrust Division

JON M. WOODRUFF
Assistant Attorney General
Antitrust Division

Office of the Minnesota Attorney General
445 Minnesota Street, Suite 600
Saint Paul, MN 55101
Telephone: (651) 300-7425
elizabeth.odette@ag.state.mn.us
jon.woodruff@ag.state.mn.us

*Attorneys for State of Minnesota*


LETITIA JAMES
Attorney General of the State of New York

CHRISTOPHER D'ANGELO
Chief Deputy Attorney General
Economic Justice Division

/s/ Elinor Hoffmann
*(Admitted Pro Hac Vice)*

ELINOR R. HOFFMANN
Chief, Antitrust Bureau

- 9 -

AMY McFARLANE
*(Admitted Pro Hac Vice)*
Deputy Bureau Chief, Antitrust Bureau
MICHAEL SCHWARTZ
*(Admitted Pro Hac Vice)*
Senior Enforcement Counsel, Antitrust Bureau

New York State Office of the Attorney General
28 Liberty Street
New York, NY 10005
Phone: (212) 416-8269
Email: Elinor.Hoffmann@ag.ny.gov

*Attorneys for State of New York*


JEFF JACKSON
Attorney General of North Carolina

*/s/ Kunal J. Choksi*
*(Admitted Pro Hac Vice)*

Kunal Janak Choksi
Senior Deputy Attorney General
North Carolina Department of Justice
114 W. Edenton St.
Raleigh, NC 27603
Telephone: (919) 716-6032
E-Mail: kchoksi@ncdoj.gov

*Attorneys for State of North Carolina*



Dan Rayfield
Attorney General of Oregon

*/s/ Rachel K. Sowray*
Rachel K. Sowray *(Admitted Pro Hac Vice)*
Senior Assistant Attorney General
Timothy D. Smith *(Admitted Pro Hac Vice)*
Attorney-in-Charge
Economic Justice Section
Oregon Department of Justice
100 SW Market St, Portland OR  97201
503.689.0249 | Rachel.Sowray@doj.oregon.gov
503.798.3297 | tim.smith@doj.oregon.gov

*Attorneys for State of Oregon*

- 10 -

NICHOLAS W. BROWN
Attorney General of Washington

*/s/ Amy N. L. Hanson*
*(Admitted Pro Hac Vice)*

JONATHAN A. MARK *(Admitted Pro Hac Vice)*
Antitrust Division Chief
AMY N.L. HANSON
Senior Managing Assistant Attorney General
Antitrust Division
Washington State Office of the Attorney General
800 Fifth Avenue, Suite 2000
Seattle, WA  98104
Email: jonathan.mark@atg.wa.gov
Email: amy.hanson@atg.wa.gov
Tel: 206-389-3806 (Mark)
Tel: 206-464-5419 (Hanson)

*Attorneys for State of Washington*


JOSHUA L. KAUL
ATTORNEY GENERAL

*/s/Caitlin M. Madden*
Caitlin M. Madden *(Admitted Pro Hac Vice)*

Assistant Attorney General
Wisconsin Department of Justice
17 West Main Street
Post Office Box 7857
Madison, WI 53707-7857
(608) 267-1311
caitlin.madden@wisdoj.gov

*Attorneys for State of Wisconsin*

- 11 -