Catherine T. Zeng (State Bar No. 251231)
JONES DAY
1755 Embarcadero Road
Palo Alto, California 94303
Telephone:    +1.650.739.3939
Facsimile:    +1.650.739.3900
Email:   czeng@jonesday.com

Attorneys for Third-Party
Arista Networks, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 5:25-CV-00951-PCP |
| Plaintiff, | **ARISTA NETWORKS, INC.'S SUPPLEMENTAL ADMINISTRATIVE MOTION TO SEAL** |
| v. | |
| HEWLETT PACKARD ENTERPRISE CO., and JUNIPER NETWORKS, INC., | |
| Defendants. | |

## I.    MEMORANDUM OF POINTS AND AUTHORITIES

### A.    INTRODUCTION

Pursuant to the Joint Stipulation Regarding Modification of Civil Local Rule 79-5 for Tunney Act Briefing, As Modified (Dkt. 415) and in accordance with Civil L.R. 7-11 and Civil L.R. 79-5, non-party Arista Networks, Inc. ("Arista") hereby submits this Supplemental Administrative Motion to Seal. In connection with the Tunney Act briefing, both Intervenors and Hewlett Packard Enterprise Co. ("Hewlett Packard") informed Arista that each had included Arista's confidential information in their filings, including material this Court has already sealed. For the reasons described herein and in the accompanying declaration of Kenneth R. Kiser, Arista requests that the Court seal the portions of those filings listed below.

Arista is a computer networking company that sells a variety of networking solutions for large AI, data center, campus, and routing environments.  In connection with the underlying action, Arista produced data and documents in a variety of categories, including highly confidential documents related to Arista's competitive intelligence, competitor overviews, product roadmaps, and product feature comparisons. Arista was also asked to produce its highly sensitive sales opportunity and revenue-related data for its wireless networking solutions at the individual sale and opportunity level.  Documents and data that Arista produced in response to these requests, including documents that contain Arista's confidential and trade secret sales strategies against competitors like Hewlett Packard Enterprise Company and Juniper Networks, Inc., and Arista's sensitive line-item sales information, are the subject of this motion to seal.

Kenneth R. Kiser, a Vice President at Arista who runs a large portion of Arista's sales team, was also deposed in this matter. During his deposition, Mr. Kiser was asked extensively about Arista's confidential sales and product strategies.  He was also asked about how Arista identifies specific customer opportunities and its sales and product strategies – information that Arista competitors would find highly valuable and could use to undermine Arista sales.

For the reasons set forth below, Arista requests the Court seal the material outlined in the below charts.

ARISTA'S ADMIN MOTION TO SEAL
Case No. 5:25-CV-00951-PCP

**1. Material Filed by Intervenors in connection with Intervenors Opposition to Motion for Entry of Final Judgment (Dkt. 417-426)[1]**

| Filed Document | Arista Confidential Material Sought to Be Sealed | Basis for Sealing |
|---|---|---|
| Corrected Expert Report of Marc Rener, dated May 12, 2025 | The following pages include Arista's confidential bookings data produced as ARISTA_NATIVE_000007<br>• Page 15: Fig. II.3 & Ftnt 36<br>• Page 75: Fig. V.1.& Ftnt 260<br>• Page 77: Fig. V.2 & Ftnt 267<br>• Page 111: Fig. VI.2 & Ftnt 405<br>• Page B-13<br>• Page D-7: Para. 11<br>• Page D-9: Appendix Fig. D.1 | The Court has already sealed ARISTA_NATIVE_000007. *See* July 2, 2025 Order (Dkt. 224) granting Arista's June 23, 2025 Admin Mtn. to Seal at Ex. S (Dkt. 168) |
| Expert Reply Report of Marc Remer, dated June 4, 2025 | The following pages include Arista's confidential bookings data produced as ARISTA_NATIVE_000007<br>• Page 19: Fig. III.2<br>• Page 31: Para. 70<br>• Page 32: Fig. III.5<br>• Page 62: Ftnt 271<br>• Page 63: Fig. III.12 & Ftnt 272<br>• Page 102: Fig. V.6 & Ftnt 424<br>• Page A-8<br>• Page B-7: App. Fig. B.5<br>• Page B-8: App. Fig. B.6<br>• Page D-1: App. Fig. D.1 & Ftnt 450 | The Court has already sealed ARISTA_NATIVE_000007. *See* July 2, 2025 Order (Dkt. 224) granting Arista's June 23, 2025 Admin Mtn. to Seal at Ex. S (Dkt. 168) |
| | The following pages include Arista's confidential sales data produced as ARISTA_NATIVE_000005<br>• Page 99: Fig. V.3 & Ftnt 418<br>• Page 100: Fig. V.4 & Ftnt 419<br>• Page B-6: App. Fig. B.4 & Ftnt 434<br>• Page B-9: App. Fig. B.7 & Ftnt 439 | Decl. of Ken Kiser at ¶¶ 3-4 |
| | The following pages include confidential deposition testimony from Arista employee Ken Kiser<br>• Page 20: Para. 47, Ftnt 87 & 88<br>• Page 59: Para. 134, Ftnts 256-260 | Decl. of Ken Kiser at ¶¶ 5-7 |

[1] While Intervenors and Hewlett Packard provided Arista with detailed descriptions of the Arista materials that were filed provisionally under seal, with the exception of ARISTA_0184298, Arista was not provided with the filed documents themselves or the docket numbers of those filings.

ARISTA'S ADMIN MOTION TO SEAL
Case No. 5:25-CV-00951-PCP

| | | |
|---|---|---|
| | • Page 87: Para. 198 & Ftnt 367<br>• Page A-5 | |
| Expert Report of Nicholas Hill, dated May 19, 2025 | The following pages include Arista's confidential bookings data produced as ARISTA_NATIVE_000007<br>• Page 52: Fig. 15<br>• Page 121<br>• Page 135: Fig. C.2 | The Court has already sealed ARISTA_NATIVE_000007. *See* July 2, 2025 Order (Dkt. 224) granting Arista's June 23, 2025 Admin Mtn. to Seal at Ex. S (Dkt. 168) |
| | The following pages include confidential deposition testimony from Arista employee Ken Kiser<br>• Page 24: Para. 50 & Ftnt 64<br>• Page 93: Para. 215 & Ftnt 263<br>• Page 125<br>• Page 144: Para. 232 & Ftnt 297 | Decl. of Ken Kiser at ¶¶ 5-7 |
| | The following pages include Arista's confidential sales data produced as ARISTA-0194794 and ARISTA-0194795<br>• Page 93: Para. 215 & Ftnt 263 | Decl. of Ken Kiser at ¶¶ 3-4 |
| Expert Report of Elizabeth Bailey, dated May 19, 2025 | The following pages include confidential deposition testimony from Arista employee Ken Kiser<br>• Page 33: Para. 49 & Ftnts 85-88<br>• Page 41: Para. 57 & Ftnt 107<br>• Page 60: Para. 78 & Ftnts 142-143<br>• Page 92: Para. 106 & Ftnt 226<br>• Page 101: Para. 112 & Ftnt 260<br>• Page 131 | Decl. of Ken Kiser at ¶¶ 5-7 |
| | The following pages include Arista's confidential sales data produced as ARISTA_NATIVE_000005<br>• Page 114 | Decl. of Ken Kiser at ¶¶ 3-4 |
| | The following pages include Arista's confidential sales data produced as ARISTA_0184298<br>• Page 114 | The Court has already sealed this material. *See* July 2, 2025 Order (Dkt. 224) granting Arista's June 23, 2025 Admin Mtn. to Seal at Ex. B (Dkt. 168) |

//

ARISTA'S ADMIN MOTION TO SEAL
Case No. 5:25-CV-00951-PCP

**2.  Material Filed by Hewlett Packard in connection with Hewlett Packard's Reply In Support of Motion for Entry of Final Judgment (Dkt. 436)**

| Filed Document | Arista Confidential Material Sought to Be Sealed | Basis for Sealing |
|---|---|---|
| Exhibit 26 | ARISTA_0184298 | The Court has already sealed this material.  *See* July 2, 2025 Order (Dkt. 224) granting Arista's June 23, 2025 Admin Mtn. to Seal at Ex. B, ARISTA_0184298 (Dkt. 168) |
| Portions of the Deposition of Ken Kiser | The following pages of Arista's confidential deposition testimony from Arista employee Ken Kiser<br>40:5–40:11<br>149:16-150:17<br>152:3-8,<br>152:9-12<br>152:17-153:6 | Decl. of Ken Kiser at ¶¶ 5-7 |

Courts routinely seal the types of commercially sensitive information that is the subject of this Motion. Public dissemination of Arista's trade secret and commercially sensitive information would harm Arista, because it would give competitors an unfair advantage over Arista and interfere with Arista's ability to effectively compete in the marketplace.

**B.  LEGAL STANDARD**

There is a "strong presumption in favor of access" to evidence submitted at trial. *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). The public's right of access to court records is not absolute, however. *Ctr. For Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016); *Foltz v. State Farm Mut. Auto. Ins. Co., 331 F.3d 1122, 1135* (9th Cir. 2003); *San Jose Mercury News, Inc. v. U.S. Dist. Ct.--N. Dist.* (San Jose), 187 F.3d 1096, 1102 (9th Cir. 1999); Civil L.R. 79-5.

Documents containing proprietary or trade secret information may properly be sealed from public disclosure. *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006); see Civil L.R. 79-5(b). In addition to trade secrets, proprietary and confidential business information may be sealed where the information is commercially sensitive and public disclosure

"would interfere with [the litigant's] ability to effectively compete in the marketplace" and thus cause tangible harm. See *Nicolosi Distrib., Inc. v. Finishmaster*, Inc., No. 18-CV-03587-BLF, 2018 WL 3932554 at *3 (N.D. Cal. Aug. 16, 2018).

The party seeking to seal must "articulate compelling reasons supported by specific factual findings." *Id.* (citation omitted; emphasis added). The "compelling reasons" standard can be met only when the document is "privileged, protectable as a trade secret or otherwise entitled to protection under the law." L.R. 79-5(b); see also *Ctr. for Auto Safety*, 809 F.3d at 1097. It is important for the Court to make timely rulings on the sealing of confidential information in trial exhibits because the public will have access to this trial and the trial exhibits.

The "mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Kamakana*, 447 F.3d at 1178-79 (citation omitted).

### C.    ARGUMENT

#### 1.    Legitimate interests warrant sealing and Arista would be harmed by public dissemination of its confidential sales and strategy information.

Arista seeks to seal portions of documents containing competitive sales analyses and sales strategies, confidential information about customer specific sales strategies, pricing, and solutions, research and development product strategies, and confidential sales and revenue data. Compelling reasons exist to seal these documents. Courts have found "compelling reasons" to seal where confidential competitively sensitive information is implicated. *See Ctr. for Auto Safety*, 809 F.3d at 1097 ;*In re Elec. Arts, Inc.*, 298 F. App'x 568, 569 (9th Cir. 2008) (finding compelling reasons exist to seal "business information that might harm a litigant's competitive standing"). Courts also seal confidential business material included in court filings containing confidential business material, "such as marketing strategies [and] product development plans…" *ImprismisRx v. OSRX, Inc.*, 2024 WL 126474, at *2 (S.D. Cal. March 25, 2024). Documents containing sales leads also present compelling reasons to seal in part because it gives competitors an advantage by allowing them to target those customers. *Id*.

//

ARISTA'S ADMIN MOTION TO SEAL
Case No. 5:25-CV-00951-PCP

Moreover, courts routinely seal financial information that is commercially and competitively sensitive. *See, e.g., Hodges v. Apple Inc.*, No. 13-cv-01128-WHO, 2013 WL 6070408, at *2 (N.D. Cal. Nov. 18, 2013) (finding compelling reasons to seal financial information which could be used by competitors); *Day v. GEICO Cas. Co.*, No. 21-cv-02103-BLF, 2022 WL 6584451, at *2 (N.D. Cal. Sept. 28, 2022) (finding compelling reasons to seal non-public and confidential financial information about the defendant); *VLSI Tech. LLC v. Intel Corp.*, No. 17-cv-05671-BLF, 2021 WL 6063965, at *2 (N.D. Cal. Dec. 22, 2021) (finding compelling reasons to seal "sensitive financial and business information" contained in a contract); *Beluca Ventures LLC v. Einride Aktiebolag,* 2023 WL 3149253, at *2 2 (N.D. Cal. Feb. 7, 2023)(finding compelling reasons to seal sensitive financial information).

Arista has invested countless hours and resources into its confidential sales strategies and dissemination of this information would not only harm Arista's sales but lay waste to years of investment. *See e.g.* Kiser Decl. ¶ 3-4. Moreover, Arista's sales data and information includes its confidential negotiated pricing and the specific solutions that satisfied particular customer needs. *Id*. Public dissemination of this information would put Arista at a disadvantage in customer pricing negotiations and would reveal its confidential pricing and solution architecture to competitors, allowing them to potentially steal those customers. *Id*.

The portions of the filings listed above that Arista seeks to seal are narrowly tailored and no less restrictive alternative that would protect Arista's interest in keeping its confidential business information out of competitors' hands.

## II.    **CONCLUSION**

For the reasons set forth above, Arista respectfully requests that the Court grant its Administrative Motion to Seal.

Dated: March 27, 2026                        JONES DAY

By:  /s/ *Catherine T. Zeng*
      Catherine T. Zeng
      Attorney for Arista Networks, Inc..