LEWIS & LLEWELLYN LLP
Marc R. Lewis (Bar No. 233306)
mlewis@lewisllewellyn.com
Daniel Jordan (Bar No. 313543)
djordan@lewisllewellyn.com
601 Montgomery Street, Suite 2000
San Francisco, California 94111
Telephone: (415) 800-0590

Attorneys for Non-Party
EXTREME NETWORKS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>HEWLETT PACKARD ENTERPRISE CO. and JUNIPER NETWORKS, INC.,<br><br>Defendants. | Case No. 5:25-cv-00951-PCP<br><br>**NON-PARTY EXTREME NETWORKS, INC.'S ADMINISTRATIVE MOTION TO SEAL OPPOSITION TO MOTION FOR ENTRY OF FINAL JUDGMENT** |

Pursuant to Civil Local Rules 7-11 and 79-5, the Second Amended Protective Order (Dkt. 354), and the Joint Stipulation Regarding Modification of Civil Local Rule 79-5 for Tuney Act Briefing, as Modified (Dkt. 415), non-party Extreme Networks, Inc. ("Extreme") respectfully files this Administrative Motion requesting to seal certain confidential information in Extreme documents that the Attorneys General for the States of Colorado, California, Connecticut, Hawaii, Illinois, Massachusetts, Minnesota, North Carolina, New York, Oregon, Washington, Wisconsin, and the District of Columbia (the "States") cited in certain materials for their Opposition to Motion for Entry of Final Judgment in this matter, filed on March 9, 2026 (the "Opposition").[1]

Specifically, Extreme requests to seal the following portions of the following Confidential Documents:

| Document | Portions Sought to Be Sealed | Designating Non-Party | Justification |
|---|---|---|---|
| Deposition of Stan Kovler (dated October 15, 2024) | Lines 28:7-18 (quoted in n.107 of Marc Remer's Corrected Expert Report, dated May 12, 2025 (the "May 12 Report")) | Extreme | The portions of this deposition contain confidential Extreme sales information related to the proportion of its sales derived from new logos. Publishing that information would put Extreme at a competitive disadvantage. |
| EN 3P CID HP-JUNIPER – 00001144 | The portions quoted in n.480 of the May 12 Report | Extreme | The quoted portions of this document contain a detailed competitive analysis for one of Extreme's competitors, including Extreme's marketing and sales strategies for competing with that competitor. Publishing that information would put Extreme at a competitive disadvantage. |

[1] Extreme was not provided, and thus does not possess, unredacted copies of the Opposition or its supporting materials. Accordingly, Extreme is unable to provide specific citations to those materials that it seeks to redact/seal. As a result, in this motion, Extreme identifies the information it seeks to seal as best it can based on the limited information it was provided in the March 10, 2026 notification letter from the States (Exhibit A to the supporting Declaration of Daniel Jordan ("Jordan Declaration")) and follow-up correspondence between Extreme's counsel and counsel for the States.

| Document | Portions Sought to Be Sealed | Designating Non-Party | Justification |
|---|---|---|---|
| EN 3P CID HP-JUNIPER – 00001164 | The portions quoted in n.482 of the May 12 Report | Extreme | The quoted portions of this document contain a detailed competitive analysis for one of Extreme's competitors, including Extreme's marketing and sales strategies for competing with that competitor. Publishing that information would put Extreme at a competitive disadvantage. |
| EXTNET-000001 | The calculations and other portions used/quoted in Figure II.3, n.36, Figure V.1, n.260, Figure V.2, n.267, Figure VI.2, n. 405, a paragraph titled "Extreme Opportunities Data" in Appendix D, and n.442 of the May 12 Report, as well as Figure III.5, n.144, Figure III.12, nn.271-72, Figure V.3, n.418, Figure V.4, n.419, Figure V.6, n.424, Appendix Figure B.4, n.434, Appendix Figure B.5, n.435, Appendix Figure B.7, n.439, Appendix Figure D.1, and n.450 of Mr. Remer's | Extreme | The portions of this document contain confidential Extreme sales information related to the sales, discounts, and profits from specific Extreme customers. Publishing that information would put Extreme at a competitive disadvantage. |

NON-PARTY EXTREME NETWORKS, INC.'S ADMINISTRATIVE MOTION TO SEAL
CASE NO. 5:25-cv-00951-PCP

| Document | Portions Sought to Be Sealed | Designating Non-Party | Justification |
|---|---|---|---|
| | Expert Reply Report, dated June 4, 2025 (the "June 4 Report") | | |
| Extreme Bookings Data | Same as EXTNET-000001 | Extreme | Same as EXTNET-000001 |
| Extreme Opportunities Data | Same as EXTNET-000001 | Extreme | Same as EXTNET-000001 |

"[A] party seeking to seal a judicial record attached to a dispositive motion or presented at trial must articulate 'compelling reasons' in favor of sealing." *Fujitsu Ltd. v. Belkin Int'l, Inc.*, 2012 WL 6019754, at *2 (N.D. Cal. Dec. 3, 2012). "[C]ompelling reasons may exist if sealing is required to prevent judicial documents from being used 'as sources of business information that might harm a litigant's competitive standing.'" *Id.*; *see also Lawson v. Grubhub, Inc.*, 2017 WL 2951608, at *9 (N.D. Cal. July 10, 2017) ("Sources of business information that might harm a litigant's competitive strategy may also give rise to a compelling reason to seal, as may pricing, profit, and customer usage information kept confidential by a company that could be used to the company's competitive disadvantage.") (internal citation omitted); *Algarin v. Maybelline, LLC*, 2014 WL 690410, at *3 (S.D. Cal. Feb. 21, 2014) (finding compelling reasons to seal "confidential business material, marketing strategies, [and] product development plans [that] could result in improper use by business competitors seeking to replicate" those strategies).

As explained in further detail in the supporting Jordan Declaration, Extreme has narrowly tailored its request to seal only that information that would reveal confidential Extreme sales data

4

and marketing strategies. This information is not publicly known and its confidentiality is strictly maintained. Jordan Decl. ¶ 4. Moreover, the public disclosure of this information would reveal confidential sales data, as well as the sales and marketing strategies for how Extreme competes with two of its competitors, both of which could be used by Extreme's competitors to tailor their own sales and marketing strategies to gain an unfair advantage against Extreme. Jordan Decl. ¶¶ 5-8. Courts routinely find compelling reasons to seal such information. *See, e.g.*, *Lucas v. Breg, Inc.*, 2016 WL 5464549, at *1 (S.D. Cal. Sept. 28, 2016) ("[C]ourts have been willing to seal court filings containing confidential business material, 'such as marketing strategies, product development plans, licensing agreements, and profit, cost, and margin data.'"); *In re Adobe Sys. Inc. Sec. Litig.*, 141 F.R.D. 155, 161–62 (N.D. Cal. 1992) ("Protective orders and filings under seal are the primary means by which the courts ensure full disclosure of relevant information, while still preserving the parties' (and third parties') legitimate expectation that confidential business information, proprietary technology and trade secrets will not be publicly disseminated.").

Thus, Extreme respectfully asks the Court to seal the redacted portions of the Confidential Documents at trial pursuant to Local Rule 79-5 and the Joint Stipulation Regarding Modification of Civil Local Rule 79-5 for Tuney Act Briefing in this case.

Dated: March 27, 2026      Respectfully submitted,

LEWIS & LLEWELLYN LLP


By: */s/ Daniel Jordan*
    Marc R. Lewis
    Daniel Jordan

    *Attorneys for Non-Party*
    *Extreme Networks, Inc.*