William Devaney (*Pro Hac Vice*)
BAKER MCKENZIE LLP
452 Fifth Avenue
New York, NY 10018
Tel: (212) 626 4100
william.devaney@bakermckenzie.com

Andrew L. Black (*Pro Hac Vice*)
BAKER MCKENZIE LLP
815 Connecticut Avenue NW
Washington, DC 20006
Tel: (202) 452-7000
andrew.black@bakermckenzie.com

Byron Tuyay (CA Bar # 308049)
BAKER MCKENZIE LLP
10250 Constellation Boulevard
Suite 1850
Los Angeles, California 90067
Tel: (310) 201-4728
Byron.Tuyay@bakermckenzie.com

*Attorneys for Gartner, Inc.*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN JOSE DIVISION

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO.  5:25-CV-00951-PCP |
| *Plaintiff,* | JUDGE: Hon. P. Casey Pitts<br>MAGISTRATE JUDGE: Susan van Keulen |
| v. | |
| HEWLETT PACKARD ENTERPRISE CO. and JUNIPER NETWORKS, INC. | **ADMINISTRATIVE MOTION TO SEAL CERTAIN HIGHLY CONFIDENTIAL EXHIBITS TO INTERVENORS' OPPOSITION TO MOTION FOR ENTRY OF FINAL JUDGMENT** |
| *Defendants*. | |

## I.    INTRODUCTION

Non-Party Gartner, Inc. ("Gartner") moves pursuant to Civil Local Rules 7-11 and 79-5 and this Court's Joint Stipulation Regarding Modification of Civil Local Rule 79-5 for Tunney Act Briefing, as Modified, dated March 9, 2026 (ECF No. 415) (the "Joint Stipulation"), to seal or partially seal certain Highly Confidential Information that has been provisionally filed under seal by the Intervenors as exhibits to Intervenors' Opposition to Motion for Entry of Final Judgment, dated March 9, 2026 (ECF No. 417) (the "Opposition"). Non-party Gartner met and conferred with all parties (including Intervenors) on March 24, 2026. All parties do not oppose Gartner's motion to seal. This motion is supported by the Declaration of Ira Handa, Director and Legal Counsel at Gartner ("Handa Decl.").

## II.    LEGAL STANDARD

A party seeking to seal a judicial record in the Ninth Circuit must "'articulate compelling reasons supported by specific factual findings' that outweigh the general history of access and the public policies favoring disclosure . . . ." *See Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006) (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). "In turn, the court must 'conscientiously balance the competing interests' of the public and the party who seeks to keep certain judicial records secret." *See id.* at 1179 – 1180 (quoting *Foltz*, 331 F.3d at 1135). Courts have generally granted motions to seal to prevent court filings from becoming "sources of business information that might harm a litigant's competitive standing." *See Nixon v. Warner Commc'ns*, 435 U.S. 589, 598 (1978). As such, "[a] trial court has broad discretion to permit sealing of court documents for, *inter alia*, the protection of a 'trade secret or other confidential research, development, or commercial information.'" *GPNE Corp. v. Apple Inc.*, No. 12-cv-02885-LHK, 2015 WL 4381244, at *1 (N.D. Cal. July 16, 2015) (quoting Fed. R. Civ. P. 26(c)(1)(G)). Because the identified documents are attached to a dispositive motion, the compelling reasons standard applies to this motion to seal. "Under Civil Local Rule 79-5(c)(1) and (f)(3), the party seeking to seal must provide "a specific statement" of the reasons for doing so, explaining the interests that warrant sealing and the injury that will otherwise result." *See Apple Inc. v. Rivos, Inc.*, No. 22-CV-02637-PCP, 2024 WL 748394, at *1 (N.D. Cal. Feb. 23, 2024).

## III.    JUSTIFICATION FOR SEALING AND REDACTING

Gartner seeks to seal five documents filed as exhibits to Intervenors' Opposition.  Three of these exhibits are duplicates of the same document.  These documents include documents that Gartner produced in response to third-party subpoenas received during the discovery period of this action as well as Gartner documents that were produced by HPE or used as deposition exhibits during discovery.  All the documents on which Gartner now moves were marked Highly Confidential in accordance with the Protective Order when originally produced.  The specific exhibits to the Opposition that Gartner moves to seal are:

- Exhibit 110 – Gartner_000001 – Gartner_000033
- Exhibit 109 – Gartner_000034 – Gartner_000068
- Exhibit 61 – HPE-TUNNEY-0000734 (duplicate document of Exhibit 109)
- Exhibit 99 – Wilburn Ex. 12 (duplicate document of Exhibit 109)
- Exhibit 66 – HPE-TUNNEY-0029844 – HPE-TUNNEY-0029877 (originally produced as Gartner_000095 – Gartner_000128)

*See* Handa Decl. at Ex. A to E.

As explained in detail below, the public disclosure of these documents would cause competitive and financial harm to Gartner.  Gartner is moving to seal only the most sensitive documents and information attached to the Opposition and has not moved to seal other exhibits pulled from its production or related deposition testimony from the witness it produced during discovery. Accordingly, we respectfully request these five exhibits be sealed.  There are no less restrictive means that would afford Gartner sufficient protection.

### A.  Sealing The Exhibits Is Necessary to Protect Gartner from Competitive Harm

As a cornerstone of its business, Gartner produces industry-leading business and technology insights for clients in the form of publications and reports across multiple markets, including the Enterprise WLAN, that are accessible only to paid subscribers (the "Insights Business").  Gartner_000001 – Gartner_000033 (Ex. 100), Gartner_000034 – Gartner_000068 (Exs. 109, 61, and 99), HPE-TUNNEY-0029844 – HPE-TUNNEY-0029877 (Ex. 66) are Magic Quadrant reports published as part of Gartner's Insights Business that contain valuable work product and are accessible only behind a paywall for Gartner's paid subscribers.

These Magic Quadrants represent the product of hundreds of hours of Gartner analysts' research, insights, and analysis that form the key offerings to Gartner's paying clients. Gartner has invested significant funds and resources over the years in achieving the market leading position for such insights. As such, allowing these documents to become publicly available would cause Gartner competitive and financial harm.  If they become publicly available, Gartner's competitors and potential clients could access these Magic Quadrants that provide confidential insights that would otherwise only be available to Gartner's clients who have paid for the materials.  Gartner relies on these publications (and ones like them) for its revenue.  Allowing them to become publicly available would be tantamount to giving away Gartner's product. Further, if these Magic Quadrants were to become publicly available, Gartner's competitors would have the ability to easily access the documents and gain insights into Gartner's strategic thinking and advice to clients that would provide these competitors with a strategic edge when competing with Gartner for business.

Public disclosure of documents such as these that would harm a company financially and undercut its ability to compete in the market are precisely the types of documents that the Ninth Circuit has identified as appropriate for sealing.  *See, e.g.*, *Ctr. for Auto Safety v. Chrysler Group, LLC.*, 809 F.3d 1092, 1097 (9th Cir. 2016) (holding that "compelling reasons" exist for sealing court records when the records might be used "as sources of business information that might harm a litigant's competitive standing" (quoting *Nixon v. Warner Commc'ns*, 435 U.S. 589, 598–99 (1978))); *Kamakana*, 447 F.3d at 1179 (holding that compelling reasons exist to justify sealing to protect trade secrets).

Courts routinely grant motions to seal confidential business information.  *See, e.g.*, *Calhoun v. Google LLC*, No. 20CV05146YGRSVK, 2022 WL 3348583, at *1 (N.D. Cal. Aug. 12, 2022) (granting motion to seal "confidential and proprietary information" which revealed the defendant's "internal strategies, system designs, and business practices for operating and maintaining many of its services."); *Lyft, Inc. v. AGIS Software Dev. LLC*, No. 21-CV-04653-BLF, 2022 WL 2135757, at *2 (N.D. Cal. May 2, 2022) ("The Court finds that AGIS Software has shown good cause to file under seal the documents and portions of documents containing AGIS Software's confidential information given the sensitive financial and business information they contain.").  Here, the information identified to be sealed is confidential business information that reveals Gartner's competitive insights and strategic analysis in its industry that

if public would allow Gartner's competitors to exploit the information and leverage it to obtain a competitive advantage. It would also allow Gartner customers and potential customers to obtain, without charge, information and insights for which Gartner typically receives substantial payment.

For all the reasons stated above, non-party Gartner respectfully requests that its motion to seal be granted in its entirety.

Dated: March 27, 2026

/s/  William Devaney
William Devaney (*Pro Hac Vice*)
BAKER MCKENZIE LLP
452 Fifth Avenue
New York, NY 10018
Tel: (212) 626 4100
william.devaney@bakermckenzie.com

Andrew L. Black (*Pro Hac Vice*)
BAKER MCKENZIE LLP
815 Connecticut Avenue NW
Washington, DC 20006
Tel: (202) 452-7000
andrew.black@bakermckenzie.com

Byron Tuyay (CA Bar # 308049)
BAKER MCKENZIE LLP
10250 Constellation Boulevard, Suite 1850
Los Angeles, California 90067
Tel: (310) 201-4728
Byron.Tuyay@bakermckenzie.com

*Attorneys for Gartner, Inc.*

NON-PARTY GARTNER'S ADMINISTRATIVE MOTION TO SEAL
CASE NO. 5:25-CV-00951-PCP