HENRY C. SU (CA BAR 221202)
JEREMY M. GOLDSTEIN (CA Bar 324422)
MICHAEL G. LEPAGE (DC Bar 1618918)
United States Department of Justice, Antitrust Division
450 Golden Gate Ave., Room 10-0101
San Francisco, CA 94102
henry.su@usdoj.gov
jeremy.goldstein@usdoj.gov
michael.lepage@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>*Plaintiff,*<br><br>v.<br><br>HEWLETT PACKARD ENTERPRISE CO.<br>and JUNIPER NETWORKS, INC.<br><br>*Defendants*. | CASE NO.  5:25-CV-00951-PCP<br><br>JUDGE: Hon. P. Casey Pitts<br>MAGISTRATE JUDGE: Hon. Susan van Keulen<br><br>**DECLARATION OF HENRY C. SU IN SUPPORT OF SEALING PLAINTIFF UNITED STATES' MATERIALS IN THE PARTIES' SECOND CONSOLIDATED SEALING MOTION** |

I, Henry C. Su, pursuant to 28 U.S.C. § 1746, hereby declare as follows:

1.      I am over 18 years of age, of sound mind, and otherwise competent to make this Declaration. The statements set forth in this Declaration are based on my personal knowledge.

2.      I am an attorney with the United States Department of Justice, Antitrust Division. I represent the United States, the Plaintiff, in the above-captioned Action.

3.      I submit this Declaration in support of sealing certain materials described in the Parties' Second Consolidated Sealing Motion that were filed in connection with the Intervenors' Surreply in Opposition to the United States' Motion for Entry of the Final Judgment, Dkt. 450.

4.      I have reviewed the materials the United States seeks to seal, and I can confirm that public disclosure of the competitively sensitive information contained in these exhibits likely would cause significant competitive harm to third parties who have participated or chosen not to participate in the ongoing divestiture auctions, and institutional harm to the Department of Justice's future ability to manage, supervise, and discipline its employees, and to oversee internal decision-making relating to enforcement matters, including antitrust remedies set forth in proposed final judgments.

5.      In accordance with the amended proposed Final Judgment, the United States has been entrusted to monitor HPE's divesture of the Instant On and the Juniper Mist AI source code through a divestiture auction.

6.      The United States seeks to seal information relating to the HPE divestiture auctions. This information includes bidder identities, the numbers of bidders, bid amounts, bidder questions, and bidder identifying information.

7.      The HPE divestiture auctions involve a sealed competitive auction process, where it is fundamental that the identities, bid amounts, and information relating to the competing bidders remain confidential. These auctions are ongoing and the bids are non-binding. Bidders can adjust or withdraw their bids, and new bidders can still enter either or both auctions. The United States has actively and diligently sought to maintain the confidentiality of these auctions throughout these proceedings.

8.      To discharge its role in overseeing the divestiture auctions, the United States is evaluating bidders to ensure that they have both the intent and capability to compete effectively with the HPE

Declaration of Henry C. Su in Support of Sealing Plaintiff United States' Materials in the Parties'
Second Consolidated Sealing Motion
CASE NO. 5:25-CV-00951-PCP

Instant On assets or the Mist AIOps source code in the United States market for enterprise-grade WLAN solutions. As part of this process, the United States has conducted numerous confidential interviews with bidders, non-bidders, and customers. The United States has evaluated business plans from both bidders and non-bidders, who have shared their future plans in confidence as part of the auction and in the context of the United States' due diligence investigation.

9.    Disclosure of this auction information would impair the competitive auction process. After seeing other bidders' bids in both auctions, bidders could adjust their own bids accordingly, in either or both auctions. Revealing this information could harm bidders' future competitive strategies and business plans as well. It would also damage the trust that third parties place in the United States' ability to maintain the confidentiality of its oversight processes and investigations generally.

10.    The United States also seeks to seal certain confidential internal Department of Justice personnel matters and deliberations contained in Roger Alford's document production. Although these documents were not produced by the United States, they contain confidential information in which the United States has a direct interest.

11.    These documents were gathered from Mr. Alford's personal device, and they contain confidential descriptions of the Department of Justice's internal processes for managing, supervising, and disciplining its employees. The redacted information in these documents references private disciplinary issues relating to multiple employees and identifies by name certain employees who either dispensed or received disciplinary measures. The information in these documents characterizes the disciplinary measures in ways that implicate the privacy interests of the affected employees. Even if Mr. Alford himself is not concerned with these matters being made public, he cannot unilaterally make that decision for other employees and for the Department of Justice as an institution.

12.    The United States has a strong interest in diligently protecting the confidentiality of its internal processes for managing, supervising, and disciplining its personnel. The United States has an interest in protecting this information on an institutional level, in order to protect the privacy interests of its employees generally. The United States also has an interest in protecting the privacy interests of the

Declaration of Henry C. Su in Support of Sealing Plaintiff United States' Materials in the Parties' Second Consolidated Sealing Motion
CASE NO. 5:25-CV-00951-PCP

individual employees referenced in these specific filings, who may be subject to harassment or embarrassment if this information is disclosed.

13.    The information the United States seeks to seal also includes confidential internal discussions on why the United States settled the HPE/Juniper case, who the decision-makers were, and when the decisions were made. The information also includes specific references to pre-decisional views held by certain individual employees about the merger. This information would harm the Government's interests if it was disclosed, as releasing such information risks stifling Department of Justice personnel's participation in future decision-making discussions.

14.    Two exhibits the United States seeks to seal apparently involve conversations with reporters. To the best of the United States' knowledge, the information in Exhibit 209 was never published. The information in Exhibit 201 was published; however, this information was improperly disclosed to the public, and further disclosure would compound the harm.

15.    There is also a very real risk that statements made by the United States or the Defendants in negotiations could be quoted out of context and misconstrued for improper purposes such as to foment public scandal. The possibility that such statements may have some relevance to this judicial proceeding under the Tunney Act should not expose the information to use by the public for purposes unrelated to this proceeding.

Executed in Washington, DC, on March 27, 2026

/s/ Henry C. Su
HENRY C. SU (CA Bar # 211202)
Senior Litigation Counsel
U.S. Department of Justice, Antitrust Division
450 Fifth Street, NW, Suite 4000
Washington, DC 20530
Telephone: (202) 705-6338
Email: henry.su@usdoj.gov

*Attorney for Plaintiff United States of America*

Declaration of Henry C. Su in Support of Sealing Plaintiff United States' Materials in the Parties'
Second Consolidated Sealing Motion
CASE NO. 5:25-CV-00951-PCP