# EXHIBIT B

# FRESHFIELDS

<u>**Via Email**</u>

Arthur Biller
Colorado Department of Law
1300 Broadway, 10th Floor
Denver, CO 80203

March 10, 2026

**RE:** *United States v. Hewlett Packard Enterprise Co., et al.*, **No. 5:25-cv-00951-PCP (N.D. Cal.)**

Counsel:

I write regarding the States' egregious violation of the Second Amended Protective Order in this Action, ECF No. 354.

When the States filed their Opposition to Motion for Entry of Final Judgment, supporting declarations, and exhibits,[1] the filing contained confidential and highly confidential information that should have been filed under seal pursuant to the Second Amended Protective Order and the Joint Stipulation Regarding Modification of Civil Local Rule 79-5 for Tunney Act Briefing, as Modified, ECF No. 415 ("Joint Stipulation"). Recognizing that "substantial time is required to carefully and properly redact each Party's and third party's confidential information and thus avoid inadvertent disclosure of confidential information," the Joint Stipulation permitted the States to file the entirety of the filing provisionally under seal.

Instead of provisionally filing under seal in accordance with the Joint Stipulation they themselves proposed, the States filed *119* exhibits on the public docket. These exhibits contained more than *3,000* pages of HPE's, the United States', and third parties' confidential and highly confidential information, as well as the personal cell phone numbers of HPE employees and representatives. These exhibits were available to the public on the docket itself and via third-party services and news entities that provide docket alerts to interested parties and otherwise make docket entries accessible to the public. As a result of the States' careless behavior, this confidential and highly confidential information was available to the public for hours—it took at least 10 hours from the time of the disclosure until the Court's Case Systems Administrator could confirm that the improperly filed exhibits had been sealed.

HPE is particularly alarmed by the States' improper disclosure because many of the exhibits at issue pertain to the ongoing remedy process set forth in the Amended Proposed Final Judgment ("APFJ"), ECF No. 311-2. Specifically, the exhibits contain identities of bidders and potential bidders in a live auction process, and they contain the precise bids submitted. The disclosure of

---

[1] While the States filed their Opposition, supporting declarations, and exhibits on the docket on March 9, 2026, they did not provide HPE with the Opposition or supporting declarations until March 10, 2026. HPE did not receive those documents until over 9 hours after they had been filed.

1

**FRESHFIELDS**

these details regarding the auction participants and their bids while the process is still ongoing threatens the integrity of the auction process by creating transparency among interested parties as to the precise positioning of their rivals. Indeed, HPE expressed its concerns to the Court that the States would not handle this extremely sensitive information with the appropriate care in arguing against providing the identities of bidders and potential bidders to the States in discovery, and instead offering the States anonymized descriptions of the bidders in order to protect the auction process. *See* Joint Letter Regarding Discovery Disputes Between the States and HPE, ECF No. 380. Now, just as HPE feared, the States' recklessness in filing this highly confidential material on the public docket has jeopardized the active auction process and threatens to undermine the very remedy at issue in this proceeding.

In addition to information regarding the ongoing remedy process, the States improperly disclosed HPE's confidential and highly confidential information concerning its business. *See* HPE's Administrative Motion Seeking In Camera Treatment of Select Portions of Exhibits and Deposition Testimony Pursuant to Civil L.R. 7-11 and 79-5, ECF No. 136. As HPE has previously demonstrated, disclosure of such information on the public docket would cause HPE "clearly defined, substantial, and specific harm, including but not limited to financial damage, damage to business relationships, [and] damage to commercial standing." Declaration of Robert Particelli, ECF No. 136-1.

Many of HPE's customers and WLAN competitors are third parties who have appeared in this litigation and therefore likely received docket entries containing the improperly filed exhibits directly in their email inboxes. The States' actions jeopardize HPE's relationships with third parties, to whom HPE gave assurances that their sensitive information would remain confidential under the terms of the Second Amended Protective Order.

The States are responsible for any damages resulting from their reckless disclosure of confidential and highly confidential information in this matter, including any harm to the auction process and HPE's ability to comply with the APFJ. Please confirm that the States will immediately comply with their obligations under Paragraph 40 of the Second Amended Protective Order to (1) notify all affected parties and third parties of the States' disclosure of their confidential and highly confidential information and provide all known relevant information concerning the nature and circumstances of the disclosure, and (2) promptly take all reasonable measures to retrieve the improperly disclosed material and ensure there is no additional unauthorized disclosure or use of the information.

Dated: March 10, 2026

*/s/ Julie S. Elmer*
Julie Elmer
Jennifer Mellott
Freshfields US LLP

2

**FRESHFIELDS**

700 13th Street, NW, 10th Floor
Washington, DC 20005-3960
(202) 777-4500
julie.elmer@freshfields.com
jennifer.mellott@freshfields.com

Samuel G. Liversidge (CA No. 180578)
Gibson Dunn & Crutcher LLP
333 South Grand Avenue
Los Angeles, CA 90071-3197
(213) 229-7000
SLiversidge@gibsondunn.com

*Attorneys for Defendant Hewlett Packard
Enterprise Co.*

3