# EXHIBIT C

# GIBSON DUNN

Samuel Liversidge
Partner
T: +1 213.229.7420
sliversidge@gibsondunn.com

March 19, 2026

**Via Email**
Attorney General Phil Weiser
Office of the Attorney General
1300 Broadway, 10th Floor
Denver, CO 80203
(720) 508-6000
pjweiser@coag.gov

Re:   *United States of America v. Hewlett Packard Enterprise Co. et al.*, **Case No. 5:25-cv-00951-PCP (N.D. Cal.)**

Attorney General Weiser,

We follow up on our March 10 letter regarding the States' egregious violation of the Court's Second Amended Protective Order in this Action, ECF No. 354.  In that letter, we demanded that the States, as *required* under the order, "promptly take all reasonable measures to retrieve the improperly disclosed material and ensure there is no additional unauthorized disclosure or use of the information." *Id.* at 12. The States have failed to respond with any substance to our letter, and media outlets are using the improperly disclosed information to report on this case.

We continue to be extremely concerned with the States' improper disclosure of the many exhibits pertaining to the ongoing remedy process set forth in the Amended Proposed Final Judgment ("APFJ"), ECF No. 311-2. Specifically, the exhibits contain identities of bidders and potential bidders in a live auction process, and they contain the precise bids submitted. The disclosure of these details regarding the auction participants and their bids while the process is still ongoing threatens the integrity of the auction process.  We now have been contacted by a Bloomberg reporter who is preparing to publish a story about the remedies, including naming the different bidders as well as those who expressed interest in the remedies and ultimately decided not to submit a bid.  We understand that the reporter has contacted at least one bidder for comment and perhaps has been contacting other bidders as well.  The impact of these actions to the confidentiality rights of the bidders and the integrity of the auction process cannot be overstated.

We demand that you personally contact Bloomberg immediately to demand they agree not to report on the auction process or the bidders, including the number of bidders or the bidders' identities, and cease contacting any bidders or others who expressed interest in the remedies.  If Bloomberg is unwilling to pull the story, we demand that you and the other State Attorneys General

# GIBSON DUNN

seek appropriate relief from the Court as required by the Protective Order to prevent the further disclosure and use of confidential information.  Please let us know by 3:00 p.m. CDT today whether you have contacted Bloomberg and if so, what response you received.  Also, please let us know by that same time whether the States will be seeking appropriate relief with the Court to prevent further disclosure of confidential information.[1]

We also demand that you and the other States disclose any and all communications you and your offices have had with Bloomberg on this matter.

In addition to the Bloomberg matter, we request that you immediately explain what steps your office, which is indisputably responsible for the violation, has taken and is taking to remedy or mitigate the severe, ongoing damage that the violation has caused and will continue to cause HPE more generally.

Please also immediately provide us with a report on all of your communications with any news outlets about this case since your improper disclosure of confidential information.

---

[1] HPE expressly and repeatedly warned your office about the sensitivity of the auction-related information prior to its production and indeed resisted producing it in the first place (and instead offered to let the Court see it in camera) given the potential damage its release might cause.  ECF No. 380.  Your office purported to scoff at the notion that it would not adhere to the Court's protective order and take the required care to properly seal the information.  Your office's failure to comply with its obligation were, at best extremely reckless, although the fact that your lawyers successfully sealed other information (but not highly confidential auction-related information), raises questions about the circumstances around the filing.  Regardless, these indisputable facts make all the more obvious the need of the States to do everything possible to mitigate the harm they have caused.  The lack of a response from you to our prior letter on this issue and the lack of any obvious action by the States to mitigate the harm is more than troubling.  This is particularly so given what appears to be a media campaign focused on the improperly disclosed documents that we have reason believe is being orchestrated by the States.

**GIBSON DUNN**

March 19, 2026
Page 3

Sincerely,

GIBSON, DUNN & CRUTCHER LLP

/s/ *Samuel Liversidge*
Samuel Liversidge

Cc:  Office of the Attorney General for the State of Colorado; Office of the Attorney General for the State of California; Office of the Attorney General for the State of Connecticut; Office of the Attorney General for the District of Columbia; Office of the Attorney General for the State of Hawaii; Office of the Attorney General for the State of Illinois; Office of the Attorney General for the State of Massachusetts; Office of the Attorney General for the State of Minnesota; Office of the Attorney General for the State of New York; Office of the Attorney General for the State of North Carolina; Office of the Attorney General for the State of Oregon; Office of the Attorney General for the State of Washington; Office of the Attorney General for the State of Wisconsin