# EXHIBIT D



**PHIL WEISER**
Attorney General

**NATALIE HANLON LEH**
Chief Deputy Attorney General

**SHANNON STEVENSON**
Solicitor General

**TANJA WHEELER**
Associate Chief Deputy Attorney
General

**STATE OF COLORADO**
**DEPARTMENT OF LAW**

**RALPH L. CARR**
**COLORADO JUDICIAL CENTER**
1300 Broadway, 10th Floor
Denver, Colorado 80203
Phone (720) 508-6000

**Consumer Protection Section**

March 20, 2026

Samuel Liversidge
333 South Grand Avenue
Los Angeles, CA 90071-3197

RE:    *United States of America v. Hewlett Packard Enterprise Co. et al.*, No. 5:25-cv-00951-PCP (N.D. Cal.)

Dear Sam:

We write in response to your letter dated March 19, 2026, addressed to Attorney General Weiser.  The States have at all times complied with their obligations under the Joint Stipulation and Second Amended Protective Order (the "Protective Order").  We explain here what happened and the steps the States have taken pursuant to paragraph 40 of the Protective Order.

On March 9, 2026, the States filed the Intervenors' Opposition to Motion for Entry of Final Judgment (the "Opposition").  The Opposition included a large volume of exhibits, and when attempting to file the submission in a single docket entry, Pacer returned an error.  We then determined to file the exhibits in a series of docket entries with fewer documents in each entry.  The first of those entries, Dkt. 417, was filed under seal.  However, the next several entries, Dkt. 418 through 423, were mistakenly and inadvertently filed on the public docket instead of under seal.  Your colleague, Mr. Nowicki, alerted us to the issue and we immediately stopped filing and examined the issue.  Those documents were then re-filed under seal, and the rest of the States' Opposition was then also filed under seal.

At the same time, we immediately began sending emails and making phone calls to try to remove the inadvertently filed documents from the public docket.  Emails were sent to the Pacer help desk, Judge Pitts's courtroom deputy, and the San Jose civil docketing clerk, on which counsel for HPE were copied.  We also called the Pacer help desk, but nobody answered and there was no option to leave a voicemail.  We also called both the courtroom deputy and the San Jose civil docketing clerk, and left voicemails with both.  As you know, the inadvertent filing occurred late in the evening, well after business hours.

We understand that the San Jose civil docketing clerk listened to our voicemail the following morning, March 10, 2026, and immediately removed the documents from

Page 2

the public docket and placed them under seal.  The result was that the documents were temporarily publicly available overnight between March 9th and March 10th.

Each document that was temporarily available on the public docket had a cover sheet indicating that it was filed under seal, and notation was made in the docket description that the documents were to be filed under seal as well.  The States' intent to file the documents under seal was therefore clear.

On March 10, 2026, the States, after reviewing the documents that were subject to the filing error, sent notices to all third parties whose Confidential or Highly Confidential Information was impacted.[1]  The States explained what happened and the steps taken to remove the documents from the public docket.  Some of those third parties have followed up with questions, and the States have been engaged with them.

On March 12, 2026, the States also sent notices to all ECF recipients that were listed as having received ECF notices of the inadvertent filing, to notify them of the error and request that they delete and destroy the documents, if they had received or downloaded any of them.

Upon receiving your March 19th letter, we contacted Leah Nylen, the Bloomberg reporter that you referenced in your letter, by email.  We explained the inadvertent filing and asked her, pursuant to paragraph 40 of the Protective Order, to delete and destroy any of the inadvertently filed documents that she may be in possession of.  She responded by referring us to Bloomberg's in-house counsel, and we have followed up with them.

We have taken all necessary and reasonable steps at this point to remediate the inadvertent disclosure, and will continue to do so.  We are available to discuss, and are willing to work with HPE, and any third parties, should any further issues arise, such as with the Bloomberg reporter.

Sincerely,

FOR THE ATTORNEY GENERAL


*s/Arthur Biller*

Arthur Biller
Senior Assistant Attorney General

---

[1] Pursuant to emails exchanged on March 10, 2026, between counsel for the parties, the States did not contact the bidders or potential bidders related to the auction, deferring to HPE to contact those parties.

Page 3

Antitrust Unit
Colorado Department of Law
1300 Broadway, 9th Floor
Denver, CO 80203

Cc: Counsel of Record