

**U.S. Department of Justice**

Antitrust Division

---

*Liberty Square Building*

*450 5th Street, N.W.*
*Washington, DC 20001*

March 11, 2026

**<u>BY EMAIL DELIVERY</u>**

Arthur Biller, Esq.
Colorado Department of Law
1300 Broadway, 10th Floor
Denver, CO 80203
Arthur.Biller@coag.gov

      Re:    *United States v. Hewlett Packard Enterprise Co.*, No. 5:25-cv-00951-PCP
(N.D. Cal.) – Protective Order Violation

Counsel:

      The Antitrust Division is aware that on March 9, 2026, the States publicly docketed more than 3,000 pages of confidential and highly confidential information belonging to HPE, the United States, and numerous third parties in violation of the Second Amended Protective Order in this Action, ECF No. 354, and the Court's Sealing Order, ECF 224. It appears that the disclosed information was publicly available for at least ten hours and may still be available through certain services that automatically download entries from federal courts' dockets.

      Since the States' intervention in this Tunney Act proceeding, the United States has repeatedly and assiduously sought to maintain adherence to confidentiality obligations owed to third parties.[1] Besides our obligations under the Second Amended Protective Order, antitrust enforcers have a strong interest in avoiding unnecessary disclosure of competitively sensitive information provided by market participants. Improper disclosure itself risks harming competition and also compromises enforcers' ability to obtain candid assistance during investigations. In other words, when customers' and competitors' confidential information is handled improperly, as the States have done here, it hamstrings the Antitrust Division's ability to

---

[1] Plaintiff's Opp. to Mot. for Intervention (Oct. 28, 2025), ECF No. 299 at 23 (arguing against intervention because expanding the number of parties could increase the risk of inadvertent disclosure of confidential information obtained from dozens of third parties); Dec. 16, 2025 Hr'g Tr. at 11–15 (arguing that sharing pretrial disclosures with States implicates third-party information and that third parties would have to be notified regarding disclosure to States).

protect American consumers. For these reasons, the States' carelessness is especially appalling and disconcerting.

Furthermore, the States publicly disclosed confidential and highly sensitive information about the *ongoing* auctions for HPE's divestiture assets. The Antitrust Division has been working diligently to monitor this divestiture process to ensure that it maximally preserves competition. By pulling back the curtain on private bid information, the States have jeopardized the remedy at the heart of this proceeding.

At a minimum, the States must immediately comply with Paragraph 40 of the Second Amended Protective Order. This requires promptly notifying all Protected Persons whose Confidential Information or Highly Confidential Information was disclosed, providing those Protected Persons with all known relevant information concerning the nature and the circumstances of the disclosure, taking all reasonable measures to retrieve the improperly disclosed material, and taking all reasonable measures to ensure that there is no additional unauthorized disclosure of the information.

We understand that the States are in the process of complying with Paragraph 40. The Antitrust Division expects to be apprised when the States have completed these requirements and requests to be informed of any third parties who have raised concerns and any members of the press who inquire about the documents. In addition, please indicate the preventive measures that the States will take to ensure that a similar disclosure does not recur for future filings.

*/s/ Henry C. Su*
Henry C. Su
Senior Litigation Counsel
U.S. Department of Justice, Antitrust Division
450 Fifth Street, NW, Suite 4000
Washington, DC 20530
Telephone: (212) 213-2774
Fax: (202) 514-5847
henry.su@usdoj.gov

Cc:    Julie Elmer (julie.elmer@freshfields.com)
       Samuel Liversidge (sliversidge@gibsondunn.com)

2