NICHOLAS W. BROWN
Attorney General of Washington
JONATHAN A. MARK *(Admitted Pro Hac Vice)*
Antitrust Division Chief
AMY N.L. HANSON *(Admitted Pro Hac Vice)*
Senior Managing Assistant Attorney General
Antitrust Division
Washington State Office of the Attorney General
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
Email: jonathan.mark@atg.wa.gov
Email: amy.hanson@atg.wa.gov
Tel: 206-389-3806 (Mark)
Tel: 206-464-5419 (Hanson)

*Attorneys for Intervenors*

[Additional counsel listed on signature page]

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>*Plaintiff*,<br><br>vs.<br><br>HEWLETT PACKARD ENTERPRISE CO. and JUNIPER NETWORKS, INC.<br><br>*Defendants*. | CASE NO. 5:25-cv-00951-PCP<br><br>[PROPOSED] ORDER RE: ADMINISTRATIVE MOTION TO FILE UNDER SEAL CERTAIN MATERIALS FROM INTERVENORS' SUR-REPLY IN OPPOSITION TO MOTION FOR ENTRY OF FINAL JUDGMENT<br><br>Re: Dkt. Nos. 471, 474<br><br>Judge: P. Casey Pitts<br>Action Filed: January 30, 2025 |

On ____________ __, 2026, the Court considered the Administrative Motion to File Under Seal Certain Materials from Intervenors' Sur-Reply in Opposition to Motion for Entry of Final Judgment, Dkt. No. 471, and the Intervenor States' Opposition thereto, Dkt. No. 474. The compelling reasons standard applies to the Motion because the information that it seeks to keep sealed was provided for consideration on the United States' dispositive motion for entry of final

judgment in this matter. *See,* Dkt. No. 351; *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179-81 (9th Cir. 2006) ("The 'compelling reasons' standard is invoked even if the dispositive motion, or its attachments, were previously filed under seal or protective order[,]" under which the proponent of the continued seal is "required to present 'articulable facts' identifying the interests favoring continued secrecy, *and* to show that these specific interests over[come] the presumption of access by outweighing the 'public interest in understanding the judicial process.'") (internal citation omitted, emphasis in the original). This motion is resolved as follows:

1. **Settlement negotiations and related personnel process information:** The United States has not supported its request to keep the settlement negotiations and personnel process information sealed with sufficient evidence showing that compelling reasons outweigh the strong presumption in favor of access to court records. *In re Xyrem Antitrust Litig.,* 789 F. Supp. 3d 760, 764, 770, 772-73 (N.D. Cal. 2025). This is underlined by the fact that the counterparty to the settlement negotiations has not sought to seal this information. *See* Judge P. Casey Pitts, Standing Order for Civil Cases at 3 (Aug. 2024) ("Standing Order for Civil Cases") ("Frivolous, overbroad, or inadequate sealing motions risk denial, publication without further notice, or sanctions."). Where, as here, "the relief proposed is of a lesser degree than that contained in the complaint," the Senate intended that "the *public* and the court should have access to the meaningful alternatives from which the Division made its choice." S. Rep. No. 93–298 at 3 (1973), https://www.justice.gov/sites/default/files/jmd/legacy/2014/07/06/senaterept-93-298-1973.pdf (emphasis added)). "[S]ince it is the 'few' improper communications between antitrust defendants and the government that 'cast doubt on the entire enforcement process," Congress additionally required Section 16(g) disclosures as part of the Tunney Act process. *United States v. Microsoft Corp.,* 215 F. Supp. 2d 1, 18 (D.D.C. 2002) (quoting S. Rep. No. 93–298, at 7 (1973). This provision provides "affirmative legislative action supporting the fundamental principle restated by the Supreme Court . . . [that it] 'is not only important that the Government and its employees in fact avoid practicing

political justice, but it is also critical that they appear to the *public* to be avoiding it if confidence in the system of representative Government is not to be eroded to a disastrous extent.'" H. R. Rep. No. 93-1463 at 11-12 (1974), https://www.justice.gov/sites/default/files/jmd/legacy/2013/10/23/houserept-93-1463-1974.pdf. (quoting *United States Civil Serv. Comm'n v. Nat'l Ass 'n of Letter Carriers, AFL-CIO,* 413 U.S. 548, 564-66 (1973)) (emphasis added). In Tunney Act proceedings,"'[s]unlight is the best of disinfectants.' It is more sunlight that we are seeking to shed *on the methods and manner* by which we settle complex and costly antitrust suits through the consent decree process." 93 Cong. Rec. 24,599 (1973), https://www.justice.gov/sites/default/files/jmd/legacy/2013/12/31/cr-24596-606-1973.pdf (emphasis added). The Parties' reliance on precedent sealing employment records in non-Tunney Act matters where the employment records were not directly relevant to a dispositive motion is thus misplaced. Here, unsealing this information ensures the "public's understanding of the judicial process" and "confidence in the administration of justice," as it provides a "measure of accountability" for the Court in deciding whether entry of final judgment is in the public interest. *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016). The Court's rulings as to each requested redaction containing settlement negotiations and related personnel process information are as follows:

| Exhibit No.[1] | Document | Paragraph, Page /Line, or Footnote | Ruling |
|---|---|---|---|
| **Intervenors' Sur-reply in Opposition to Motion for Entry of Final Judgment, Dkt. No. 450** | | | |
| N/A | Intervenors' Sur-Reply Brief | 1:18-20 | |
| | | 1:22-24 | |
| | | 1:25-2:1 | |
| | | 2:5-10 | |
| | | 2:13-14 | |
| | | 2:18-19 | |

[1] For ease of reference, the exhibit numbering refers to the exhibit number appearing in support of Intervenors' Sur-Reply in Opposition to Motion for Entry of Final Judgment, Dkt. No. 450.

| | | | |
|---|---|---|---|
| | | 3:11<br>3:19-20<br>4:3-5<br>4:13-14 | |
| 201 | HPE-ALFORD-0000021 | -022 | |
| 202 | HPE-ALFORD-0000035 | -036 | |
| 203 | HPE-ALFORD-0000076 | -077 | |
| 204 | HPE-ALFORD-0000079 | -080 | |
| 205 | HPE-ALFORD-0000151 | -152 | |
| 206 | HPE-ALFORD-0001140 | -141 | |
| 207 | HPE-ALFORD-0001647 | -648 | |
| 208 | HPE-ALFORD-0001674 | -675 | |
| 209 | HPE-ALFORD-0001701 | -701 | |

2. **Expert information:** The Parties here fail to specify how HPE competitors will be able to "circumvent the considerable time and resources necessary for product and marketing development" to "replicate" Juniper's Mist AI Ops based upon the information they seek to keep secret in the Ranganathan Reply Declaration. *Xyrem,* 789 F. Supp. 3d at 765, 767. Far from detailed "trade secret" information that would "cause irreversible damage" from "allowing public access," this declaration merely outlines and provides high-level context necessary to understand the significance of the parts of Juniper's Mist AI Ops that are included—and excluded—from the proposed final judgment's license remedy for the competition that HPE's Juniper acquisition eliminated. *Id*. In antitrust cases like this one, sealing expert opinions that are "highly relevant to

material issues of triable fact—i.e., the extent of competition in the [relevant] market" following the settlement "agreement[] at the heart of this case" is "antithetical to the exercise of a public judicial system." *Id.* at 765-66. Unsealing this information ensures the "public's understanding of the judicial process" and "confidence in the administration of justice," as it provides a "measure of accountability" for the Court in deciding whether entry of final judgment is in the public interest. *Ctr. for Auto Safety,* 809 F.3d at 1096. The Court's rulings as to each requested redaction to the Ranganathan Reply Declaration are as follows:

| **Exhibit No.** | **Document** | **Paragraph, Page /Line, or Footnote** | **Ruling** |
|---|---|---|---|
| **Intervenors' Sur-reply in Opposition to Motion for Entry of Final Judgment, Dkt. No. 450** | | | |
| N/A | Ranganathan Reply Declaration | p. 2, heading 2 | |
| | | p. 2, ¶ 4 | |
| | | p. 2, heading 2. A. | |
| | | p. 2, ¶ 5 | |
| | | p. 3, ¶ 5 | |
| | | p. 3, ¶ 6 | |
| | | p. 4, ¶ 6 | |
| | | p. 4, heading 2. B. | |
| | | p. 4, ¶ 7 | |
| | | p. 4, ¶ 8 | |
| | | p. 5, ¶ 8 | |
| | | p. 5, ¶ 9 | |
| | | p. 5, heading 2. C. | |
| | | p. 5, ¶ 10 | |
| | | p. 6, ¶ 10 | |
| | | p. 6, ¶ 11 | |
| | | p. 6, ¶ 12 | |
| | | p. 6, ¶ 13 | |
| | | p. 7, ¶ 13 | |
| | | p. 7, ¶ 14 | |

| | | | |
|---|---|---|---|
| | | p. 7, heading 2. E. | |
| | | p. 7, ¶ 15 | |
| | | p. 8, ¶ 15 | |
| | | p. 8, ¶ 16 | |

3. **Auction information**: The public's interest in understanding the sufficiency of the proposed remedies for the enterprise WLAN competition HPE's Juniper acquisition eliminated also outweighs any unspecified HPE trade secret information that bidders' criticisms and other criticisms of auctioned assets could reveal. "With respect to settlement terms . . . the public interest in such materials—in the context of a case about whether the relevant settlements were anticompetitive—far outweighs the ambiguous concern that bad actors might misuse the data." *Xyrem,* 789 F. Supp. 3d at 770. "While the parties understandably wish to forestall efforts to undermine the proposed settlement," it does not warrant keeping relevant information from the public. *Id.* at 773. The public should be able to access information when trying to understand a case that would inform a factfinder whether a given fact pattern amounts to an antitrust violation. *Id.* at 768. "That third parties can use information they find in the public records of the judiciary is not, standing alone, a reason to keep that information secret." *Id.* at 768. And the mere "fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation" does not compel sealing under the compelling reasons standard. *Kamakana*, 447 F.3d at 1179 (internal quotation omitted). Unsealing this information ensures the "public's understanding of the judicial process" and "confidence in the administration of justice," as it provides a "measure of accountability" for the Court in deciding whether entry of final judgment is in the public interest. *Ctr. for Auto Safety,* 809 F.3d at 1096. The Court's rulings as to each requested redaction to the auction information are as follows:

| Exhibit No. | Document | Paragraph, Page / Line, or Footnote | Ruling |
|---|---|---|---|
| **Intervenors' Sur-reply in Opposition to Motion for Entry of Final Judgment, Dkt. No. 450** | | | |
| N/A | Intervenors' Sur-Reply Brief | 6:25-7:3 | |
| | | 7:9-15 | |
| | | 7:9-18 | |
| | | 7:24-25 | |
| | | 7: n.4 | |
| | | 8:11-14 | |
| | | 8:16-17 | |
| | | 8:24 | |
| | | 8:26-27 | |
| | | 9:5-6 | |
| | | 9:10-13 | |
| | | 9:15-16 | |
| | | 9:22-24 | |
| | | 10:2-3 | |
| | | 10:9-12 | |
| | | 10:15 | |
| | | 10:17-20 | |
| 198 | Rahim Deposition Excerpts | 20:8-13 | |
| | | 20:15-16 | |
| | | 20:19-24 | |
| | | 21:1-3 | |
| | | 21:6-7 | |
| | | 21:10-11 | |
| | | 21:15 | |
| | | 21:22-23 | |
| | | 22:1-6 | |
| | | 22:10-15 | |
| | | 22:17-25 | |
| | | 23:3-16 | |
| | | 23:20 | |
| | | 23:25-24:1 | |
| | | 24:10 | |
| | | 24:12-19 | |
| | | 24:23-25:1 | |
| | | 25:3-4 | |
| | | 25:6 | |
| | | 25:8-19 | |
| | | 25:21-22 | |
| | | 25:25-26:9 | |
| | | 26:12-21 | |
| | | 26:23 | |
| | | 27:1-3 | |

| | | | |
|---|---|---|---|
| | | 27:7-12 | |
| | | 27:20-21 | |
| | | 27:25 | |
| | | 28:2-3 | |
| | | 28:6-8 | |
| | | 28:13-16 | |
| | | 28:23-29:2 | |
| | | 29:8 | |
| | | 29:15-20 | |
| | | 29:23-24 | |
| | | 30:1-2 | |
| | | 30:4-8 | |
| | | 30:13-16 | |
| | | 30:18-24 | |
| | | 31:3 | |
| | | 31:5 | |
| | | 31:8 | |
| | | 31:10-11 | |
| | | 31:13-14 | |
| | | 31:16 | |
| | | 31:24-32:1 | |
| | | 32:6-18 | |
| | | 32:22-24 | |
| | | 33:8-9 | |
| | | 33:12-13 | |
| | | 33:17-18 | |
| | | 33:21 | |
| | | 42:3 | |
| | | 42:6-10 | |
| | | 42:13-15 | |
| | | 42:21 | |
| | | 42:24-43:3 | |
| | | 43:8-9 | |
| | | 43:17-21 | |
| | | 43:23 | |
| | | 44:1 | |
| | | 44:13-14 | |
| | | 44:17-18 | |
| | | 44:24-25 | |
| | | 45:3 | |
| | | 45:11-12 | |
| | | 45:18-21 | |
| | | 45:24-46:2 | |
| | | 46:5-6 | |
| | | 46:12-13 | |
| | | 46:23-24 | |
| | | 47:4-6 | |

| | | | |
|---|---|---|---|
| | | 47:9 | |
| | | 47:12-24 | |
| | | 48:1 | |
| | | 48:6-11 | |
| | | 48:23-24 | |
| | | 49:3 | |
| | | 66:1-3 | |
| | | 66:11 | |
| | | 66:15 | |
| | | 66:18 | |
| | | 66:20 | |
| | | 66:23 | |
| | | 67:2 | |
| | | 68:14 | |
| | | 68:17-21 | |
| | | 68:23-69:3 | |
| | | 69:7-10 | |
| | | 69:14-15 | |
| | | 69:18-21 | |
| | | 69:24 | |

**IT IS SO ORDERED.**

Dated: ______________________

______________________
P. Casey Pitts
United States District Judge

Presented by:

NICHOLAS W. BROWN
Attorney General of Washington

*/s/ Amy N. L. Hanson*[2]
AMY N.L. HANSON *(Admitted Pro Hac Vice)*
Senior Managing Assistant Attorney General
Antitrust Division
JONATHAN A. MARK *(Admitted Pro Hac Vice)*
Antitrust Division Chief
Washington State Office of the Attorney General
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
Email: amy.hanson@atg.wa.gov
Email: jonathan.mark@atg.wa.gov
Tel: 206-464-5419 (Hanson)
Tel: 206-389-3806 (Mark)

*Attorneys for State of Washington*

ROB BONTA
Attorney General of California

*/s/ Brian D. Wang*
PAULA L. BLIZZARD, Senior Assistant Attorney General (SBN 207920)
MICHAEL W. JORGENSON, Supervising Deputy Attorney General (SBN 201145)
BRIAN D. WANG, Deputy Attorney General (SBN 284490)
Office of the Attorney General
California Department of Justice
455 Golden Gate Avenue, Suite 11000
San Francisco, California 94102
(415) 510-4400
Brian.Wang@doj.ca.gov

*Attorneys for the State of California*

PHILIP J. WEISER
Attorney General

*/s/ Arthur Biller*
ARTHUR BILLER *(Admitted Pro Hac Vice)*
Senior Assistant Attorney General

BRYN A. WILLIAMS
First Assistant Attorney General (SBN 301699)
JONATHAN B. SALLET *(Admitted Pro Hac Vice)*
Special Assistant Attorney General
ROBIN ALEXANDER (*Admitted Pro Hac Vice*)
Assistant Attorney General
1300 Broadway, 10th Floor
Denver, CO 80203
Telephone: (720)508-6000
Email: Arthur.Biller@coag.gov
Bryn.Williams@coag.gov
Jon.Sallet@coag.gov
Robin.Alexander@coag.gov

*Attorneys for the State of Colorado*

WILLIAM TONG
ATTORNEY GENERAL

*/s/ Nicole Demers*
Nicole Demers (*pro hac vice application forthcoming*)
Deputy Associate Attorney General
Antitrust Section
Connecticut Office of the Attorney General
165 Capitol Ave.
Hartford, CT 06106
Tel.: (860) 808-5030
nicole.demers@ct.gov

*Attorneys for the State of Connecticut*

[2] Pursuant to L.R. 5-1(i)(3), the filer attests that each other signatory has concurred in the filing of this document and has authorized this filing.

BRIAN SCHWALB
Attorney General of the District of Columbia

*/s/ Coty Montag*
Coty Montag (SBN 255703)
Deputy Attorney General, Public Advocacy Division
Office of the Attorney General for the District of Columbia
400 6th Street NW
Washington, DC 20001
Telephone: (202) 417-5402
Coty.Montag@dc.gov

*Attorneys for the District of Columbia*

ANNE E. LOPEZ
Attorney General

*/s/ Rodney I. Kimura*
RODNEY I. KIMURA *(Admitted Pro Hac Vice)*
Deputy Attorney General
Department of the Attorney General
425 Queen Street
Honolulu, Hawaii. 96813
Telephone: (808) 586-1180
Email: Rodney.i.kimura@hawaii.gov

*Attorneys for State of Hawaii*

KWAME RAOUL
Attorney General of Illinois

*/s/ Paul J. Harper*
ELIZABETH L. MAXEINER *(Admitted Pro Hac Vice)*
Chief, Antitrust Bureau
PAUL J. HARPER *(Admitted Pro Hac Vice)*
Assistant Attorney General, Antitrust Bureau
Office of the Illinois Attorney General
115 S. LaSalle Street, 35th Floor
Chicago, Illinois 60603
773-590-7935 | elizabeth.maxeiner@ilag.gov
773-590-6837 | paul.harper@ilag.gov

*Attorneys for State of Illinois*

COMMONWEALTH OF MASSACHUSETTS
ANDREA JOY CAMPBELL
Attorney General

*/s/ Anthony W. Mariano*
Anthony W. Mariano *(Admitted Pro Hac Vice)*
Chief, Antitrust Division
Office of the Massachusetts Attorney General
One Ashburton Place, 20th Floor
Boston, MA 02108
(781) 835-7990
Anthony.Mariano@mass.gov

*Attorneys for Commonwealth of Massachusetts*

KEITH ELLISON
Attorney General

*/s/ Jon M. Woodruff*
ELIZABETH ODETTE *(Admitted Pro Hac Vice)*
Manager, Assistant Attorney General
Antitrust Division
JON M. WOODRUFF *(Admitted Pro Hac Vice)*
Assistant Attorney General
Antitrust Division
Office of the Minnesota Attorney General
445 Minnesota Street, Suite 600
Saint Paul, MN 55101
Telephone: (651) 300-7425
elizabeth.odette@ag.state.mn.us
jon.woodruff@ag.state.mn.us

*Attorneys for State of Minnesota*

LETITIA JAMES
Attorney General of the State of New York
CHRISTOPHER D'ANGELO
Chief Deputy Attorney General
Economic Justice Division

*/s/ Elinor Hoffmann*
ELINOR R. HOFFMANN *(Admitted Pro Hac Vice)*
Chief, Antitrust Bureau
AMY McFARLANE *(Admitted Pro Hac Vice)*
Deputy Bureau Chief, Antitrust Bureau
MICHAEL SCHWARTZ *(Admitted Pro Hac Vice)*
Senior Enforcement Counsel, Antitrust Bureau
New York State Office of the Attorney General

JEFF JACKSON
Attorney General of North Carolina

*/s/ Kunal J. Choksi*
Kunal Janak Choksi *(Admitted Pro Hac Vice)*
Senior Deputy Attorney General
North Carolina Department of Justice
114 W. Edenton St.
Raleigh, NC 27603
Telephone: (919) 716-6032
E-Mail: kchoksi@ncdoj.gov

*Attorneys for State of North Carolina*

JOSHUA L. KAUL
ATTORNEY GENERAL

*/s/Caitlin M. Madden*
Caitlin M. Madden *(Admitted Pro Hac Vice)*
Assistant Attorney General
Wisconsin Department of Justice
17 West Main Street
Post Office Box 7857
Madison, WI 53707-7857
(608) 267-1311
caitlin.madden@wisdoj.gov

*Attorneys for State of Wisconsin*

28 Liberty Street
New York, NY 10005
Phone: (212) 416-8269
Email: Elinor.Hoffmann@ag.ny.gov

*Attorneys for State of New York*

Dan Rayfield
Attorney General of Oregon

*/s/ Rachel K. Sowray*
Rachel K. Sowray *(Admitted Pro Hac Vice)*
Senior Assistant Attorney General
Timothy D. Smith *(Admitted Pro Hac Vice)*
Attorney-in-Charge
Economic Justice Section
Oregon Department of Justice
100 SW Market St, Portland OR 97201
503.689.0249 |
Rachel.Sowray@doj.oregon.gov
503.798.3297 | tim.smith@doj.oregon.gov

*Attorneys for State of Oregon*