UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>HEWLETT PACKARD ENTERPRISE CO., et al.,<br>Defendants. | Case No. 25-cv-00951-PCP<br>**ORDER RE SEALING MOTIONS**<br>Re: Dkt. Nos. 370, 371, 428, 438, 444, 453, 464, 465, 466, 467, 468, 469, 470, 471 |

On August 12, 2026, the Court entered its order granting the motion for entry of final judgment. Dkt. No. 482. With regard to the pending sealing motions, the Court ordered, "The pending motions to seal are denied to the extent that they seek to seal anything cited in this order." The Court now considers the various motions to seal.

All of the briefing on the motion for the entry of final judgment shall be filed in unredacted form except to the extent that the Court grants specific sealing motions herein. *See* Dkt. Nos. 351, 369, 371, 417, 436, 438-3, 450. To the extent any of the material addressed herein was already disclosed in the Court's order granting the motion for entry of final judgment, any reference to the same material in the briefing shall be filed on the public docket without redactions.

HPE moves to file under seal certain materials submitted along with its brief in support of the proposed final judgment. Dkt. No. 370. HPE acknowledges that the compelling-reasons standard applies to its motion because HPE's brief relates to the underlying merits of the Tunney Act proceedings. *See Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016). HPE argues that portions of Ash Chowdappa's deposition and John Schultz's declaration should be sealed because they contain confidential, sensitive information about HPE's business strategy and business relationships. Having reviewed the requested excerpted portions of HPE's

United States District Court
Northern District of California

United States District Court
Northern District of California

brief, the Court denies HPE's motion to file the materials under seal. The Schultz declaration provides an account of the settlement process, which was the focus of the Tunney Act proceedings. The public has a compelling interest in obtaining information about that process. And to the extent that either the Chowdappa deposition or the Schultz declaration deal with confidential business information, the information is either so general or so out of date that its potential to harm HPE's competitive position today is remote, especially as measured against the public's strong interest in accessing judicial records.

HPE also moved to consider whether another third-party Ubiquity's material should be sealed. Dkt. No. 371. HPE notes that the excerpted material arose from a civil investigative demand, and that Ubiquiti provided deposition testimony as a "non-party in the pre-complaint investigation." The excerpted deposition testimony concerns one individual's understanding of competing products in HPE's market. Given the limited relevance of the testimony to the issues presented in this matter, HPE's motion to seal is granted. Dkt. No. 371.

The interim administrative motion to file under seal HPE's opposition to the request to hold an evidentiary hearing is granted given that HPE later filed an unredacted version. Dkt. No. 428; *see also* Dkt. No. 433.

The United States and HPE move to file under seal certain Tunney Act briefing materials. Dkt. No. 444. The parties and intervenor-states stipulate that personal email addresses and personal phone numbers as well as the identities of divestiture bidders and the amounts of the bids will be sealed. *Id.* at 1–2. The Court accordingly grants the parties and intervenors' request to seal those materials. The Court also grants HPE's motion to seal to the extent that it seeks to seal competitively sensitive HPE information concerning "i) pricing and discounting, ii) forward-looking strategic planning and analyses, iii) product development plans; and iv) the ongoing bidding processes for the HPE Divestiture Assets and the AI Ops for Mist Source Code License, as those terms are defined in the Amended Proposed Final Judgment, Dkt. 311-2." *Id.* at 2. To the extent that the United States and HPE's requests in Dkt. No. 444 invoke those reasons as justifications for sealing materials, the Court grants those requests.

The United States also seeks to seal "(a) information relating to the ongoing divestiture

auctions; and (b) confidential information relating to the United States' settlement process." *Id.* at 6. The Court grants the United States's motion to seal information relating to the ongoing divestiture auctions because it concludes that concerns for competitive harm justify sealing. The Court denies the United States's motion to seal information relating to the United States's settlement process because of the high public interest in understanding how the United States came to its settlement agreement with HPE.

Specifically, as to both HPE and the United States's sealing requests, Dkt. No. 444-3, the Court grants the sealing requests insofar as they relate to the divestiture auction and internal decision-making processes, strategy, and pricing, *see, e.g.*, *id.*, at 6 (Intervenors' Exhibits 63 and 64). To the extent that HPE and DOJ seek to seal any information related to settlement communications and negotiations, the motion to seal is denied. *See, e.g.*, *id.* at 3 (Intervenors' Exhibit 17). To the extent that the parties seek to file under seal documents previously sought to be filed under seal in the lead-up to trial, the motions to seal are granted. *See, e.g.*, *id.* at 12–13 (Intervenors' Exhibits, 98, 102, 104, 111, 119, 128).[1]

The motion in limine to exclude declarations and proffered testimony of the intervenor-states' proposed expert witnesses is denied because the states were permitted to offer declarations and the Court did not take expert witness testimony. Dkt. No. 453.

A series of third parties also filed motions to file documents under seal. Arista Networks; Extreme Networks; Dell'Oro Group; Cisco Systems; Commscope Holding Company, Inc.; and Gartner, Inc. move to seal various forms of confidential business information that could undermine their competitive positions or efforts. Dkt. Nos. 464, 465, 466, 467, 468, 470. Non-party Roger P. Alford moves to file under seal portions of the intervenors' opposition and sur-reply briefs as well as HPE's reply brief, which contain phone numbers and email addresses. Dkt. No. 469. These non-parties' requests to file portions of documents under seal are granted. *See* Dkt. Nos. 464, 465, 466, 467, 468, 469, 470.

[1] To the extent that Dkt. No. 438 also seeks to seal portions of the United States's reply brief and attached materials, the Court's order as to Dkt. No. 444 controls. Dkt. No. 438 is denied in its entirety.

The United States and HPE move to file under seal certain materials from the intervenors-states' sur-reply brief. Dkt. No. 471. The states agree that personal email addresses and personal phone numbers should be redacted, as well as the identities of the divestiture bidders and amounts of bids. The Court thus grants the motions to seal that specific information.

HPE also seeks to seal "i) forward-looking strategic planning and analyses, ii) product development plans; and/or iii) the ongoing bidding processes." Dkt. No. 471, at 2. The United States seeks to seal information relating to the divestiture auction and the Justice Department's "internal personnel matters and pre-decisional deliberations about this matter." *Id.* at 5. The states oppose the administrative motion to the extent they would seal information about the settlement-negotiation process, seal information from the Ranganathan reply declaration, and seal criticisms arising from the bidding process. Dkt. No. 474. As with the Court's rulings above, the Court grants the sealing requests to the extent that they pertain to confidential business considerations and the bidding process and denies the requests to the extent that they relate to the settlement-negotiation process. Specifically, the Court grants the requests to seal pages 6:25–7:3, 7:9–18, 7:24–25, 7 n.4, 8:11–14, 8:16–17, 8:24, 8:26–27, 9:5–6, 9:10–13, 9:15–16, 9:22–24, 10:2–3, 10:9–12, 10:15, 10:17–20 of the intervenors' sur-reply brief, as well as the requested portion of the Ranganathan Reply Declaration, and Exhibit 198. *See* Dkt. No. 471-3, at 1–2. The Court denies the requests to seal the remaining documents. All portions of the sur-reply brief whose sealing requests were not granted shall be filed on the public docket in unredacted form as well as Exhibits 201, 202, 203, 204, 205, 206, 207, 208, and 209. *See id.*, at 1, 3.[2]

Within 30 days from the issuance of this order, the parties and intervenor-states shall file the documents as to which the Court has denied sealing or whose sealing is permitted only in part

[2] Specifically, the request to seal portions of the intervenors' sur-reply brief spanning pages 1 through 4 are denied. *See* Dkt. No. 471-3, at 1.

on the public docket.

**IT IS SO ORDERED.**

Dated: September 28, 2026

P. Casey Pitts
United States District Judge

United States District Court
Northern District of California